**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**
www.flsb.uscourts.gov

**In re:**                                                                              Case No. 22-12790-EPK
                                                                                         Chapter 7

**EXCEL AUTO GROUP, INC.**

    **Debtor.**
_____/

**SUBPOENA FOR RULE 2004 EXAMINATION DUCES TECUM**
**(DOCUMENTS MAY BE PRODUCED IN LIEU OF APPEARANCE)**

**TO:**    **FIRST HORIZON BANK**
           **f/k/a Iberia Bank**
           **165 Madison Ave**
           **Memphis, TN 38103**

x *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **PLEASE SEE LIST OF DOCUMENTS ATTACHED HERETO AS EXHIBIT A.**

| PLACE | DATE AND TIME |
|---|---|
| Nicole Testa Mehdipour, Esquire<br>6278 N. Federal Highway, Suite 408, Fort Lauderdale, FL 33308<br>FAX: (954) 8208-0888   E-MAIL: nicolem@ntmlawfirm.com | **May 12, 2022**<br>**5:00 P.M. EST**<br>*Documents may be produced prior to this date and time.* |

*Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 12, 2022

                          CLERK OF COURT
                                                             OR

        _____                 /s/ Nicole Testa Mehdipour
        *Signature of Clerk or Deputy Clerk*           *Nicole Testa Mehdipour, Esq*.
                                                           Florida Bar No. 177271

The name, address, email address, and telephone number of the attorney representing *Nicole Testa Mehdipour, Chapter 7 Trustee*, who issues or requests this subpoena, are:  Nicole Testa Mehdipour, Esquire, LAW OFFICE OF NICOLE TESTA MEHDIPOUR, P.A.**,** 200 East Broward Blvd., Suite 1110, Fort Lauderdale, FL 33301, Tel: (954) 858-5880   Fax: (954) 208-0888, Email: Nicole.Mehdipour@ntmlawfirm.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: ***US Mail on April 12, 2022***.

☐ I returned the subpoena unexecuted because:
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: April 12, 2022

       /s/ Nicole Testa Mehdipour
*Server's signature*

Nicole Testa Mehdipour, Esquire
*Printed name and title*

6278 N. Federal Highway, Suite 408, Fort Lauderdale, FL 33308
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## DEFINITIONS:

For purposes of responding to duces tecum request for deposition, the following definitions shall apply.

A. "You" or "Yours" means Bank of America, N.A., and their respective officers, directors, managers, members, attorneys, accountants, representatives, affiliates, predecessors, successors, assigns and/or affiliated entities.

B. "Debtor" means **EXCEL AUTO GROUP, INC.** and its officers, directors, managers, members, attorneys, accountants, representatives, affiliates, predecessors, successors, assigns and/or affiliated entities.

C. "Petition" means the Chapter 7 bankruptcy petition filed on April 8, 2022, which commenced this case.

D. "Communications" shall mean every manner or means of disclosure, transfer, or exchange of information of any kind in the form of facts, ideas, inquiries, or otherwise, whether orally or by Document, whether by telephone (or any phone application), e-mail, text, facsimile, mail, computer transmission, or otherwise.

E. "Documents" each and every writing, of whatever nature, whether an original, a draft, or a copy, however produced, reproduced or stored, whether manually, mechanically, electronically, electromagnetically, or otherwise, and each and every tangible thing from which information can be processed or transcribed, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings. The "Documents" as used herein is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term. Text messages, SMS messages, and all other forms of messaging over electronic devices, including mobile telephones, are expressly included within this definition of "Documents."

F. "Person" or "Persons" means any natural person or any entity, including, without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein to any public or private company, partnership, association, or other entity include such entity's subsidiaries and affiliates, as well as the present and former directors, officers, employees, attorneys, agents and anyone acting on behalf of, at the direction of, or under the control of the entity, its subsidiaries or its affiliates.

G. "You" or "Your" means the Person or Entity to whom this subpoena is directed and: (a) for individuals, any of Your immediate family members; (b) for Entities, any Person or Persons acting in any capacity for or on Your behalf, including but not limited to partners, members, shareholders, officers, directors, employees, agents, representatives, legal counsel, financial advisors, investment bankers, or any other Person.

## INSTRUCTIONS

1. Documents and Communications requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the Document request.

2. Documents and Communications that exist in electronic form shall be produced in the Document's or Communication's native format, including (a) all versions and revisions of the Document or Communication, (b) all metadata associated with that Document or Communication, (c) all related information required to access or review that Document or Communication, and (d) Documents or Communications stored electronically shall be produced in electronic format in both native and standard production format including a load file with optical character recognition and single page tiff files. If a Document or Communication exists in both physical (i.e., "hard copy") form and electronic form, then the Document or Communication shall be produced in both forms.

3. The duty to produce Documents and Communications shall not be limited or affected by the fact that the same Document or Communication is available through another source. All Documents and Communications should be produced which are not subject to an objection and are known by, possessed by, controlled by, or available to You or Your attorneys, consultants, representatives, employees, officers, directors, partners, or agents.

4. You should construe these requests as follows: (a) the singular includes the plural and the plural includes the singular; (b) the masculine, feminine, or neuter pronoun includes the other genders; (c) the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (d) the words "any" and "all" shall include each and every; and (e) the present tense of a verb includes its past tense and vice versa.

**SUBPOENA EXHIBIT A**

**PRODUCE THE FOLLOWING DOCUMENTS:**

1. *Iberia Commercial Checking Account ending in #5669* held in the name of the Debtor, **EXCEL AUTO GROUP, INC.** for the period from April 8, 2012 through current, including:

   (i)     account statements;
   (ii)    cancelled checks (front and back);
   (iii)   deposit or withdrawal slips; and
   (iv)   wire transfer debit and credit advices for all accounts

2. *Any and all accounts* held in the name of the Debtor, **EXCEL AUTO GROUP, INC.** for the period from April 8, 2012 through current, including:

   (i)     account statements;
   (ii)    cancelled checks (front and back);
   (iii)   deposit or withdrawal slips; and
   (iv)   wire transfer debit and credit advices for all accounts

**THE TRUSTEE RESERVES THE RIGHT TO REQUEST ADDITIONAL DOCUMENTS AS THE INVESTIGATION CONTINUES.**