UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

Case No.: 22-12790-EPK
Chapter 7

Debtor.
_____/

**EMREGENCY APPLICATION FOR AUTHORIZATION TO EMPLOY
FURR AND COHEN, P.A. AS SPECIAL COUNSEL EFFECTIVE APRIL 11, 2022**

**Exigent Circumstances**

The Debtor filed a petition without schedules or statements of financial affairs. The public records, local news, and information being presented by active creditors allege either gross mismanagement or fraud in this case. Further, there have been serious allegations that several high-end motor vehicles have been transferred, voluntarily or involuntarily, and no longer remain in the Debtor's possession. The Trustee cannot wait for the Debtor to file schedules. The Trustee cannot wait to take control of the assets, including the book, records, and electronically stored information, all of which are moveable and easily transferred or destroyed. Accordingly, the Trustee respectfully requests that this Court set this Motion for hearing within two business days. Because of the allegations being made, good cause exists to shorten the time for noticing of this motion and the notice of hearing thereon pursuant to Fed. R. Bankr. P. 9006(c)(1).

Nicole Testa Mehdipour, Chapter 7 Trustee for the estate of Excell Auto Group, Inc. ("**Debtor**"), by and through undersigned counsel, submits this application (the "**Application**") seeking entry of an Order, on an interim and final basis, pursuant to § 327(a) of the Bankruptcy Code[1], Rules 2014(a), 2016, and 6003 of the Federal Rules of Bankruptcy Procedure,[2] and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court of the Southern

---

[1] 11 U.S.C. §§ 101 et seq.
[2] The Federal Rules of Bankruptcy procedure shall be cited as "Fed. R. Bankr. P. __" through this Application.

1

District of Florida (the "**Local Rules**")[3], authorizing the employment and retention of Alan R. Crane, Esq., and the law firm of Furr and Cohen, P.A. ("**Furr Cohen**") as special counsel to the Trustee. In support of this Application, Trustee respectfully represents as follows:

## I. Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Application are sections 327(a), 328(a) and 330 of the Bankruptcy Code, Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## II. Background

4. On April 8, 2022 (the "**Petition Date**"), Excell Auto Group, Inc. filed a voluntary petition for relief (the "**Petition**") under Chapter 7 of the Bankruptcy Code[4].

5. Nicole Testa Mehdipour was appointed as the Chapter 7 Trustee for the Debtors' estate (the "**Estate**").

6. The Debtor did not file any schedules or statement of financial affairs with its petition. Accordingly, the Trustee is not aware of the full extent of the assets of the Estate, including avoidance actions or other litigation, nor the creditor body.

7. In response to the Trustee's initial demand for the customary asset and banking information, on April 8, 2022, Debtor's counsel replied that there were no bank accounts in the name of the Debtor and no physical assets located anywhere.

---

[3] The Local Rules of the United States Bankruptcy Court for the Southern District of Florida shall be cited as "Local Rule _____" or "Local Rules _____" throughout this Application.
[4] 11 U.S.C. §§ 101 *et seq*.

8. Notwithstanding the misinformation and lack of disclosures by the Debtor, the Trustee through a review of public filings, information from active creditors, and local news stories requiring the Trustee to investigate possible mismanagement and fraud. Further, the Trustee is investigating the relationships, including vehicle and other business transactions, between the Debtor, its insiders and affiliates Specifically, a number of high-end motor vehicles that are no longer in the Debtor's possession, having been transferred, voluntarily or involuntarily, by the Debtor to third parties shortly before the Petition Date.

9. The Debtor was a purveyor of very high-end motor vehicles. The primary assets of the Debtor are moveable and can be transferred and secreted away with relative ease, as has been demonstrated by the current lack of possession of all such vehicles. The remaining assets would be cash which can also be transferred away with ease. For example, while visiting the Debtor's business premises, the Trustee came across an account statement for the month of March 2020, through which over $21 million was deposited and withdrawn for the month. On the petition date, the account had a negative opening value and closing value.

10. After reviewing the available facts and issues in this case, the Trustee concluded that the assistance of special counsel is necessary to enable her to discharge her statutory duties and powers under Chapter 7 of the Bankruptcy Code. Specifically, the Trustee anticipates that significant and numerous litigation claims and causes of action exist in favor of the Debtor's bankruptcy estate.

11. As a result, pursuant to Section 327(e) of the Bankruptcy Code, the Trustee seeks this Court's approval of the retention of Furr Cohen as special counsel to the Trustee, effective as of April 11, 2022, the date on which the services of Furr Cohen commenced.

**III.     Requested Relief**

12.    The Trustee has selected Furr Cohen because the partners, counsel and associates of Furr Cohen have considerable expertise in the fields of complex commercial bankruptcy proceedings, bankruptcy litigation, avoidance litigation, insolvency, reorganizations, liquidations and debtors' and creditors' rights.

13.    Accordingly, the Trustee believes that Furr Cohen is well-qualified to represent her in this case.

14.    Mr. Crane will be primarily responsible for Furr Cohen's representation of the Trustee in this matter and will utilize the assistance of other attorneys at Furr Cohen as the circumstances of the representation may require.

15.    The Trustee believes that Furr Cohen is qualified to represent her as special counsel in this Chapter 7 case in a most cost-effective, efficient, and timely manner. Subject to the control and further order of this Court, the professional services that Furr Cohen will render to the Trustee shall include, but shall not be limited to, the following:

    a.    to assist, advise and represent the Trustee in the investigation, formulation, filing, prosecution, negotiation and/or settlement of litigation, including by motion and adversary, claims and causes of action available to the Trustee and the bankruptcy estate, including, without limitation, avoidance actions under sections 542 through 550 of the Bankruptcy Code which the Trustee requests that Furr Cohen handle;

    b.    to advise and assist the Trustee in the performance of her duties under the Bankruptcy Code, including to investigate the acts, conduct, assets, liabilities and financial condition of the pre-petition Debtor and to locate and repatriate assets of the estate;

    c.    to attend meetings and negotiate with representatives of the former principals and management of the Debtor, creditors and other parties-in-interest and advise and consult on the conduct of the case to the extent requested by the Trustee;

    d.    to assist, advise and represent the Trustee in any other matter as directed by the Trustee and Trustee's proposed general counsel, Law Office of Nicole Testa Mehdipour, P.A, including but not limited to, those instances where the Trustee requires counsel to handle a specific matter or matters on behalf of the Trustee; and

   e.  appear before this Court, the District Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtor and the estate before such courts and the U.S. Trustee.

## Lack of Adverse Interests

16.  Attached as **Exhibit 1** to this Application is the *Declaration of Alan R. Crane, Esq. on Behalf of Furr and Cohen, P.A., As Proposed Special Counsel* (the "**Crane Declaration**").

17.  The Trustee discloses that based upon the information currently available to the Trustee and Furr Cohen, proposed special counsel, as set forth in the Crane Declaration, Furr Cohen represents Kenneth Goodman in matter entirely unrelated to the Debtor and this Bankruptcy Case, and Mr. Goodman may be an investor and/or creditor of the Debtor. Mr. Goodman has consented to and executed a written conflict waiver of behalf of himself and related entities with respect to Furr Cohen's proposed representation of the Trustee. Notwithstanding, in the event, and to the extent that the Trustee is involved in litigation against Mr. Goodman, the Trustee will utilize conflict counsel in regard to such litigation and Furr Cohen will not be involved.

18.  Additionally, on April 4, 2022, Robert C. Furr, Esq. and Alvin S. Goldstein, Esq. of Furr Cohen, consulted with Scott Zankl and Kirsten Zankl in the corporate capacities related to the Debtor. Furr Cohen was not retained by the Debtor. The Trustee now holds the privilege of the Debtor, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351-354, 105 S.Ct. 1986, 1992- 94, 85 L.Ed.2d 372 (1985) (holding that trustee of a corporation in bankruptcy owns, controls, and therefore has the power to waive the corporation's attorney-client privilege with respect to pre-bankruptcy communications), and no conflict-of-interest results with the representation of the Trustee. To the extent that Scott and Kirsten Zankl revealed any information related to them in their personal capacity, it was merely incident to the potential representation of the corporation. Therefore, the Court should determine that no conflict exists between the Furr Cohen and Scott and Kirsten Zankl in their individual capacities. However, to the extent that the

Court does determine that Furr Cohen has a conflict with respect to Scott and Kirsten Zankl in their individual capacities, then the Trustee will utilize conflict counsel in regard to such litigation and Furr Cohen will not be involved.

19. Accordingly, Furr Cohen's representation of the Kenneth Goodman or consultation with the Zankls presents neither an actual nor a potential conflict of interest with its proposed representation of the Trustee in this matter. Further, pursuant to section 327(e) of the Bankruptcy Code, Furr Cohen does not represent or hold any interest adverse to the Debtor, the Trustee, or to the estate with respect to the matters on which Furr Cohen is to be employed.

IV. **Basis for Requested Relief**

20. Trustee seeks entry of an order authorizing the employment and retention of Furr Cohen as special counsel pursuant to Bankruptcy Code §§ 327(e) and 330, Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

21. To the best of Trustee's knowledge, Furr Cohen and its personnel do not have any connection with, or any interest adverse to, Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, except as set forth in the Crane. Based upon the Crane Declaration, Trustee submits that Furr Cohen are "disinterested person[s]" as such term is defined in Bankruptcy Code §101(14), as modified by § 1107(b), and Fed. R. Bankr. P. 2014. As required by § 327(e) of the Bankruptcy Code, Furr Cohen neither holds or represents an interest adverse to the Trustee, the Debtor, or the Debtor's estate and has no connection to the Debtor, its creditors or related parties except as disclosed in the Crane Declaration.

22. Trustee submits that for all the reasons stated above and in the Crane Declaration, the employment and retention of Furr Cohen as special counsel is warranted.

23. Further, any delay in obtaining approval of Furr Cohen employment and retention as Special Counsel until a final hearing may be held will cause immediate and irreparable harm because the Trustee needs the assistance of Special Counsel to advance her investigation, preserve the estate, and prosecute litigation claims. Any delay in these efforts will be harmful to the estate. Moreover, there is no harm to the estate in approving this Application on an interim basis, where compensation is awarded by further order of the Court. Therefore, the Trustee seeks entry of an order, on an interim basis, approving the employment and retention of Furr Cohen as special counsel on general retainer subject 11 U.S.C. §§ 330 and 331, and scheduling a final hearing to consider this Application.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an order: (i) approving this Application, on an interim basis, and setting a hearing on final approval; (ii) approving the employment and retention of Furr Cohen as special counsel to the Trustee effective as of April 15, 2022; and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of April, 2022.

_____
Nicole Testa Mehdipour Chapter 7 Trustee
6278 North Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880
www.NTMLawFirm.com

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

Case No.: 22-12790-EPK
Chapter 7

Debtor.
_____/

**DECLARATION OF ALAN R. CRANE, ESQ. ON BEHALF
OF FURR AND COHEN, P.A., AS PROPOSED SPECIAL COUNSEL**

Alan R. Crane, Esquire makes this declaration pursuant to 28 U.S.C. § 1746 and states:

1. I am Alan R. Crane. I am an attorney and partner in the law firm of Furr and Cohen, P.A. ("**Furr Cohen**"). Furr Cohen maintains an office for the practice of law at 2255 Glades Road, Suite 419A, Boca Raton, Florida 33431. I am familiar with the matters set forth herein and make this Declaration in support of the *Application for Authorization to Employ Furr and Cohen as Special Counsel* (the "**Application**").

2. On April 8, 2022, Excell Auto Group, Inc. (the "**Debtor**"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code[1].

3. In support of the Application, I disclose the following:

    a. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

    b. In preparing this Declaration, I and others working with me on this case reviewed the docket up through the date of filing of the Application to determine the creditors, equity security holders, and other interested parties of the Debtor may be in this case, as the Debtor has not filed schedules.

---

[1] 11 U.S.C. §§ 101 *et seq.*

1

    c. Furr Cohen maintains a computerized conflicts check system. Furr Cohen has compared the information obtained by its review of the docket with the information contained in its conflicts check system. The facts stated in this Declaration as to the relationship between Furr Cohen and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check system. Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Furr Cohen to represent the Trustee in this case.

4.     Furr Cohen's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of Furr Cohen to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with Furr Cohen and in my practice of law.

5.     A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

    a. Furr Cohen has and currently represents Kenneth Goodman in matters including real estate transactions, domestic relations issues, prenuptial agreements, and other matters entirely unrelated to the Debtor or its business. Mr. Goodman may be an investor and/or creditor in the Debtor. Mr. Goodman is expected to execute a written waiver of any conflict

of interest potentially occasioned by Furr Cohen's representation of the Trustee. Further, in the event, and to the extent that the Trustee is involved in litigation against Mr. Goodman, the Trustee will utilize conflict counsel in regard to such litigation and Furr Cohen will not be involved.

b. On April 4, 2022, Robert C. Furr, Esq. and Alvin S. Goldstein, Esq. of Furr Cohen, consulted with Scott Zankl and Kirsten Zankl in the corporate capacities related to the Debtor. Furr Cohen was not retained by the Debtor. The Trustee now holds the privilege of the Debtor, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351-354, 105 S.Ct. 1986, 1992- 94, 85 L.Ed.2d 372 (1985) (holding that trustee of a corporation in bankruptcy owns, controls, and therefore has the power to waive the corporation's attorney-client privilege with respect to pre-bankruptcy communications), and no conflict-of-interest results with the representation of the Trustee. To the extent that Scott and Kirsten Zankl revealed any information related to them in their personal capacity, it was merely incident to the potential representation of the corporation. Therefore, the Court should determine that no conflict exists between the Furr Cohen and Scott and Kirsten Zankl in their individual capacities.

c. However, to the extent that the Court does determine that Furr Cohen has a conflict with respect to Scott and Kirsten Zankl in their individual capacities, then the Trustee will utilize conflict counsel in regard to such litigation and Furr Cohen will not be involved.

d. [*Reserved for additional disclosures*]

6. The Trustee and Furr Cohen are awaiting the Debtor's filing of schedules and are in the process of reviewing the books and records of the Debtor and the investigation is ongoing, and this Declaration will be supplemented if necessary.

7. Furr Cohen submits that none of the foregoing representations or connections constitutes a conflict of interest or in any way impairs its disinterestedness in these cases

8. Neither I nor Furr Cohen has or will represent any other entity in connection with this bankruptcy case or the litigation for which Furr Cohen is being retained, and neither I nor our firm will accept any fee from any other party or parties in this case, unless otherwise authorized by the Court.

9. There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by Furr Cohen nor any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

10. No attorney in our firm holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

11. No attorney in our firm is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

12. No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

13. No attorney in our firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

14. No attorney in our firm is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor, within two years before the Petition Date.

15. No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within three years before the filing of the petition.

16. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

17. The hourly rates for the attorneys at Furr Cohen range from $425 to $675 per hour. The hourly rates of Alan R. Crane, Esq. and Jason S. Rigoli, Esq., the attorneys who will primarily be working on this case, are $525 and $425, respectively. The hourly rates for the legal assistants at Furr Cohen are $175 per hour. Furr Cohen reserves the right to increase its hourly rate in accordance with its normal and customary business practices.

18. Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee (but the undersigned and many employees of Furr Cohen have personal relationships and friendships with attorneys at the Office of the United States Trustee in the Southern District of Florida), on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to these cases.

19. In an abundance of caution and in the interests of full disclosure, Furr Cohen discloses that: (a) Robert Furr ("Furr") and Marc Barmat ("Barmat"), partners of Furr Cohen are both panel Chapter 7 trustees; (b) Furr Cohen has in the past, presently, and may in the future, represent Barmat and Furr in their capacity as Chapter 7 trustee in unrelated cases. I submit that

none of the foregoing precautionary disclosures affect or impair the disinterestedness of Furr Cohen.

20. Alan R. Crane, Esq. and Furr Cohen have represented and may currently Robert C. Furr, Marc P. Barmat, and other panel trustees, as attorneys for the trustee, in other cases in the Southern District of Florida.

21. This concludes my Declaration.

### 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on April 15, 2022

_____
Alan R. Crane, Esq.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on April 15, 2022, via the Court's CM/ECF electronic mail notification system and via U.S. Mail to the Debtor and to all parties as are indicated below and on the attached mailing matrix.

/s/ Nicole Testa Mehdipour<br>
Nicole Testa Mehdipour

## *Via CM/ECF*

- **Eyal Berger**   eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Mitchell A Dinkin**   mdinkin@madlegal.net, lucyd@madlegal.net
- **David B Marks**   brett.marks@akerman.com, charlene.cerda@akerman.com
- **Nicole Testa Mehdipour**   nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
- **Nicole Testa Mehdipour**   Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com
- **James B Miller**   bkcmiami@gmail.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Jordan L Rappaport**   office@rorlawfirm.com, 1678370420@filings.docketbird.com
- **Ivan J Reich**   ireich@nasonyeager.com, msmith@nasonyeager.com
- **Bradley S Shraiberg**   bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
- **Harry Winderman**   harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

**Via U.S. Mail**
See attached mailing matrix.

1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 22-12790-EPK<br>Southern District of Florida<br>West Palm Beach<br>Fri Apr 15 10:59:23 EDT 2022 | 1001 Clint Moore, LLC<br>6560 W Rogers Circle<br>Suite B27<br>Boca Raton, FL 33487-2746 | Ally Bank Lease Trust - Assignor to Vehicle<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 |
| Auto Wholesale of Boca, LLC<br>6560 W Rogers Circle<br>Suite B27<br>Boca Raton, FL 33487-2746 | DCG 2008 Irrevocable Wealth Trust<br>c/o Ivan J. Reich<br>750 Park of Commerce Blvd, Suite 210<br>Boca Raton, FL 33487-3611 | EXCELL Auto Group, Inc.<br>1001 Clint Moore Road<br>Suite 101<br>Boca Raton, FL 33487-2830 |
| Franklin Capital Funding, LLC<br>c/o Shraiberg Page, PA<br>2385 NW Executive Center Dr., #300<br>Boca Raton, FL 33431-8530 | MMS Ultimate Services, Inc.<br>7241 Catalina Isle Drive<br>Lake Worth, FL 33467-7746 | Milco Atwater, LLC<br>c/o Eyal Berger<br>201 Las Olas Blvd #1800<br>Fort Lauderdale, FL 33301-4442 |
| Millco Atwater, LLC<br>201 E Las Olas Blvd #1800<br>Fort Lauderdale, FL 33301-4442 | Savannah Row Development Company, LLC<br>c/o M.A. Dinkin Law Firm, P.L.L.C.<br>3319 SR 7, Suite 303<br>Wellington, FL 33449-8147 | 22 Capital<br>1900 Glades Road<br>Suite 540<br>Boca Raton, FL 33431-7378 |
| AJA Realty<br>16850 Charles River Drive<br>Delray Beach, FL 33446-0010 | Alpine Business Capital<br>99 Wall Street<br>New York, NY 10005-4301 | Auto Wholesale Boca<br>6560 West Rogers Circle<br>Suite B27<br>Boca Raton, FL 33487-2746 |
| BAL Investments<br>1114 Ashton Trace<br>Atlanta, GA 30319-2681 | DCG Trust<br>c/o Kenny Goodman<br>1928 Thatch Palm Drive<br>Boca Raton, FL 33432-7457 | Ed Brown<br>152 Bears Club Drive<br>Jupiter, FL 33477-4203 |
| Get Backed<br>2101 Interstate 35<br>4th Floor<br>Austin, TX 78741-3800 | Mike Halperin<br>5820 Harrington Way<br>Boca Raton, FL 33496-2511 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Parkview<br>400 Main Street<br>Stamford, CT 06901-3000 | Prestige Luxury Motors<br>4301 Oak Circle<br>Suite 25<br>Boca Raton, FL 33431<br>Shrayber Land<br>15700 Dallas Parkway   33431-4258 | Spin Capital<br>1968 S. Coast Highway<br>Suite 5021<br>Laguna Beach, CA 92651-3681 |
| TBF<br>333 River Street<br>Hoboken, NJ 07030-5856 | TVT<br>1407 Broadway<br>New York, NY 10018-5100 | Wing Lake Capital Partners<br>32300 Northwestern Highway<br>Suite 200<br>Farmington Hills, MI 48334-1501 |
| Andrew Greenberg<br>c/o Jordan L Rappaport<br>1300 N Federal Hwy #203<br>Boca Raton, FL 33432-2848 | Edward Brown<br>c/o Eyal Berger<br>201 Las Olas Blvd #1800<br>Fort Lauderdale, FL 33301-4442 | Harry Winderman<br>Harry Winderman, ESQ.<br>2255 Glades Road<br>Suite 205e<br>Boca Raton, FL 33431-7391 |

| | | |
|---|---|---|
| John Wittig<br>c/o Eyal Berger<br>201 Las Olas Blvd #1800<br>Fort Lauderdale, FL 33301-4442 | Moshe Farache<br>c/o James B. Miller, P.A.<br>19 West Flagler St.<br>Suite 416<br>Miami, FL 33130-4419 | (p)NICOLE TEST MEHDIPOUR<br>6278 NORTH FEDERAL HIGHWAY SUITE 408<br>FORT LAUDERDALE FL 33308-1916 |
| Philip T. Gori<br>c/o Eyal Berger<br>201 Las Olas Blvd #1800<br>Fort Lauderdale, FL 33301-4442 | Richard Applegate<br>c/o Jordan L. Rappaport<br>Suite 203, Squires Building<br>1300 North Federal Highway<br>Boca Raton, FL 33432-2801 | Richard Greenberg<br>c/o Jordan L Rappaport<br>1300 N Federal Hwy #203<br>Boca Raton, FL 33432-2848 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Nicole Testa Mehdipour
United States Bankruptcy Trustee
6278 North Federal Highway Suite 408
Ft Lauderdale, FL 33308


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)West Palm Beach

End of Label Matrix
Mailable recipients    35
Bypassed recipients     1
Total                  36