

**ORDERED in the Southern District of Florida on April 18, 2022.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

                                           **Case No.: 22-12790-EPK**

**EXCELL AUTO GROUP, INC.**                    **Chapter 7**

         **Debtor.**

_____/

## AGREED ORDER GRANTING TRUSTEE'S EMERGENCY MOTION FOR TURNOVER OF ALL ASSETS, INCLUDING BOOKS, RECORDS, AND ELECTRONICALLY STORED INFORMATION OF THE DEBTOR, FROM DEBTOR, INCLUDING THROUGH ITS PRINCIPALS SCOTT ZANKL AND KRISTEN ZANKL

**THIS CAUSE** came before the Court on April 18, 2022, at 9:30 a.m. for an emergency

hearing upon the *Trustee's Emergency Motion for Turnover of All Assets, Including Books,*

*Records, and Electronically Stored Information of the Debtor, from the Debtor, Including Through*

*Its Principals Scott Zankl and Kristen Zankl* [ECF No. 20] (the "Motion") filed by the Chapter 7

Trustee, Nicole Testa Mehdipour (the "Trustee"). The Court having reviewed the Motion, having

heard the arguments of counsel, noting the agreement of the parties and having been otherwise

fully advised, it is thereupon

      **ORDERED** that:

      1.     The Motion is **GRANTED**.

      2.     All of the Debtor's officers, directors, employees, affiliates, insiders, agents,

professionals, including Scott and Kristen Zankl, who are in possession of, or have custody or

control of, any and all assets of the Debtor, are directed to immediately turn over the following

assets (or any assets in the name of the Debtor) to the Trustee or her designated agent:

    a.   books, records, electronic devices (including but not limited to cellular phones, tablets, laptops, computers, or electronically stored information of the Debtor;

    b.   list of vehicles in the name of the Debtor from 90 days pre-petition through the date of production, including last known location, keys, registrations, titles, consignment agreements, insurance policies or any other asset of the Debtor;

    c.   documents demonstrating any vehicle received for consignment or the 4 years prior to the petition through and including the date of production, including the receipt and disposition of each vehicle;

    d.   documents demonstrating the receipt of actual or constructive possession of all vehicles, regardless of whether the Debtor would assert that it had a legal or equitable interest in the vehicle, whether through purchase, consignment or other, for the 4 years prior to the petition through and including the date of production. This request requires turnover of all bills of sale, titles, registrations, deal sheets, contracts, including contracts for consignment, of any vehicle;

    e.   documents, including bank records, ledgers, canceled checks, wire transfer devices, for the 4 years prior to the petition through and including the date of production;

    f.   titles to all vehicles, regardless of whether specifically listed in the Motion;

    g.   list of all bank or deposit accounts in the name of the Debtor for the 4 years prior to the petition date, including login credentials and instructions, and wire transfer devices and key fobs;

    h.   documents demonstrating the receipt of any funds from investors, including the agreements, bank records, ledgers and any account statements for the 4 years prior

to the petition through and including the date of production;

i.  list of the names, addresses and all supporting documents for any creditor of the Debtor regardless of whether the Debtor would dispute a potential claim by the creditor;

j.  documents demonstrating any vehicle received for consignment or the 4 years prior to the petition through and including the date of production, D&O policies; all insurance contracts, investment agreements, and consignment agreements between the Debtor or an affiliate or insider of the Debtor and any third party;

k.  list of investors and lenders, the books of records documenting the receipt of funds, how the funds were expended, and a detailed accounting of transactions for all investors and lenders;

l.  state and federal tax returns for income taxes, intangible, tangible and sales taxes, for the last 4 years prior to the petition date;

m.  names of the Debtor's accountants and bookkeepers for the last 4 years;

n.  names and contact information for any insurance brokers used by the Debtor in the last 4 years;

o.  names and contact information for any attorneys employed by the Debtor for the past 4 years;

p.  list of all lawsuits filed by or against the Debtor in the past 4 years;

q.  login credentials and instructions in order for the Trustee to review the all video footage of the Debtor's premises;

r.  login credentials and instructions in order for the Trustee to immediately access any of the Debtor's electronic devices;

s.  login credentials and instructions in order to immediately access the Debtor's server as well as the contact information for any Information Technology service provider or IT employee; and

t.  All data stored electronically on any electronic devices (including, but not limited to cellular phones, tablets, laptops, computers)

3.  The Debtor, including Scott Zankl and Kristen Zankl, is directed to turn over the assets listed in **Exhibit A**.

4.  The Debtor, including Scott Zankl and Kristen Zankl, is directed to turn over the

3

assets listed in **Exhibit B**.

5.      The Debtor, including Scott Zankl and Kirsten Zankl, shall account for any of Debtor's Assets that are unable to be located and turned over, including the last known address of the asset, and provide all documentation, bills of sale, bank records, titles, and registrations.

6.      The Debtor, including Scott Zankl and Kristen Zankl, be directed to assist the Trustee in accessing the Debtor's computerized or electronically stored data.

7.      The Debtor, including Scott Zankl and Kristen Zankl, shall accompany the Trustee and her designated agent, to ***Karma of Broward***, 1717 SE 17th Street, Fort Lauderdale, FL 33316, where the Debtor shall provide immediate access in order for the Trustee to inspect and retrieve the Debtor's assets.

8.      The Debtor, including Scott Zankl and Kristen Zankl, shall accompany the Trustee and her designated agent, to ***Excell Auto Sport and Service***, 5471 N Dixie Hwy, Boca Raton, FL 33487, where the Debtor shall provide immediate access in order for the Trustee to inspect and retrieve the Debtor's assets.

9.      The Debtor, including Scott Zankl and Kristen Zankl, shall accompany the Trustee and her designated agent, to any location where the Debtor's assets are located and provide or coordinate immediate access in order for the Trustee to inspect and retrieve the Debtor's assets.

10.      If the Debtor's assets are located at or being stored at personal residence of Scott Zankl and Kristen Zankl, the Debtor shall provide immediate access in order for the Trustee to inspect and retrieve the Debtor's assets.

11.      The Debtor, including Scott Zankl and Kristen Zankl, are directed to turn over, cooperate, and assist the Trustee, her professionals and designated agents in recovering the Debtor's Assets as set forth herein, which shall begin upon entry of this Order and completed no later than April 22, 2022, unless extended by written agreement of the Trustee or Court Order.

4

12.     The Trustee shall file a Notice of Compliance or Non-Compliance by 3:00 p.m., on April 22, 2022, at which point if the Debtor has failed to comply with the terms of this Order, the Court may conduct a hearing to consider sanctions or other relief.

13.     This Order does not affect or prejudice the Trustee or any party in interest from seeking discovery, including but not limited to seeking a Rule 2004 Examination of the Debtor, its principals, and any other party that that has knowledge of the facts and circumstances of the financial affairs of this Debtor.

###

**Submitted by:**
Nicole Testa Mehdipour, Esquire
Law Office of Nicole Testa Mehdipour, PA
6278 North Federal Highway, Suite 408
Fort Lauderdale, FL 33308

*(Attorney Mehdipour shall serve a copy of the signed Order on all interested parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F)).*