**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*West Palm Beach Division*
www.flsb.uscourts.gov

In re:

**EXCELL AUTO GROUP, INC.,**            **CASE NO. 22-12790-EPK**

    Debtor.                                    Chapter 7

_____/

## NOTICE OF INTENT TO SERVE SUBPOENA

**PLEASE TAKE NOTICE** that pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Rule 2004-1 of the Local Rules for the Southern District of Florida, that FVP Opportunity Fund III, LP, a Delaware limited partnership ("FVP Fund"); FVP Investments, LLC, a Delaware limited liability company ("FVP Investments"); and FVP Servicing, LLC a Delaware limited liability company ("FVP Servicing" and together, for convenience and where the context allows or requires "FVP"), a creditor and interested party herein – through undersigned counsel – intends on serving the attached subpoena upon the chapter 7 trustee herein, Nicole Testa Mehdipour ("Trustee") on or about May 25, 2022, or as soon thereafter as service can be effected.

DATED: May 18, 2022

                                       /s/ David R. Softness
                                       David R. Softness, Esq.
                                       (FBN: 513229)
                                       **DAVID R. SOFTNESS P.A.**
                                       201 South Biscayne Boulevard
                                       Suite 2740
                                       Miami, FL  33131
                                       Tel:        305-341-3111
                                       Email:     david@softnesslaw.com

                                       *Counsel for* FVP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*West Palm Beach Division*
www.flsb.uscourts.gov

In re:

**EXCELL AUTO GROUP, INC.,**              **CASE NO. 22-12790-EPK**

      Debtor.                                              Chapter 7

_____/

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**
**For production of documents only per Rule 2004**

To:    Nicole Testa Mehdipour, Trustee
        c/o Furr & Cohen, P.A.
        2255 Glades Road
        Suite 419A
        Boca Raton, FL  33431

■  *Testimony:* **YOU ARE COMMANDED** to produce to FVP Opportunity Fund III, LP, through its counsel below, the documents to listed on the attached Rider "A" at the time, date, and place set forth below in lieu of examination under Rule 2004, Federal Rules of Bankruptcy Procedure.

| PLACE: | DATE AND TIME: |
|---|---|
| David R. Softness, P.A.<br>201 S. Biscayne Blvd, # 2740<br>Miami, FL  33131<br>*Counsel for* FVP Opportunity Fund III, LP | Friday, May 27, 2022 (or as and when documents received). |

*The deponent shall produce the documents identified in the attached request.*

■  *Production:* You, or your representatives, must produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

*Please see attached Exhibit "A." Please mail or deliver legible copies of the items to be produced to David R. Softness, P.A. by Friday, May 20, 2022 (or as and when documents received).*

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  May 18, 2022

| | |
|---|---|
| _____ <br> CLERK OF COURT | /S/ David R. Softness, Esq. <br> *David R. Softness* <br> David R. Softness, Esq. <br> Attorney's signature |

OR

The name, address, email address, and telephone number of the attorney representing Chartwell Therapeutics Licensing, LLC. who issues or requests this subpoena, is:

David R. Softness
201 S. Biscayne Blvd
Suite 2740
Miami, FL 33131
Tel: 305-341-3113
Email: david@softnesslaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____
on (date) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____    _____  on (date)
; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ \_\_\_\_\_ for travel and $ _____ for services, for a total of $ \_\_\_\_\_.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to

a subpoena is subject to a claim of privilege or of protection as trial- preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note
(2013)

- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## RIDER A

### DEFINITIONS

Unless otherwise stated below, the definitions and instructions set forth in the Federal Rules of Bankruptcy Procedure shall apply to these requests.

1) "FVP" means FVP Opportunity Fund III, LP, a Delaware limited partnership ("FVP Fund"); FVP Investments, LLC, a Delaware limited liability company ("FVP Investments"); and FVP Servicing, LLC a Delaware limited liability company ("FVP Servicing" and together, for convenience and where the context allows or requires "FVP"), its present and former parents, subsidiaries, affiliates, divisions, member, managers, officers, employees, agents, representatives, successors, assigns and/or all others who act or have acted on its behalf.

2) "Debtor" means Excell Auto Group, Inc., along with its present and former parents, subsidiaries, affiliates, divisions, members, managers, officers, employees, agents, representatives, successors, assigns and/or all others who act or have acted on its behalf.

3) "Trustee" means Nicole Testa Mehdipour, solely in her capacity as chapter 7 trustee of the estate of the Debtor.

4) The term "document[s]" means each and every writing of whatever nature, whether an original, draft or copy, produced or reproduced, and each and every tangible thing from which information can be obtained, processed or transcribed, such as tapes or other electronic data compilations. The term "document" also includes all electronically-stored information, including, but not limited to, e-mails and attachments, voice mail, instant messaging and other electronic communications, word processing documents,

text files, hard drives, removable digital media, usb thumb drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media, information contained on servers, cloud based services, file sharing services, home computers, laptops or other portable devices, smart phones, network access information, backup materials, phone systems, SMS/MMS text messages, instant messages, chat applications, social media posts, and native files and the corresponding metadata which is ordinarily maintained. **All electronic documents must be produced in their native format.**

5) The term "communication[s]" means, without limitation, any conversation, discussion, dialogue, exchange, or transfer of information, in person, by telephone, by computer, by email, in writing, or otherwise.

6) The term "concerning" means relating to, referring to, describing, evidencing and/or constituting.

7) The term "person" or "persons" means any individual, corporation, limited liability company, partnership, professional corporation, joint venture, firm, association, trust, government entity, or other entity.

8) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories and demands all information and documents that might otherwise be construed to be outside of their scope.

9) The terms "all" and "each" shall be construed as both all and each.

10) The term "any" shall mean each and every.

2

**INSTRUCTIONS**

1) These requests apply to all documents in Your possession, custody and/or control regardless of the location of such documents.

2) For purposes of these requests, production of a copy, rather than the original, of a document is acceptable provided the copy is a complete, accurate, legible and unaltered reproduction of the original and the original is made available for inspection and photocopying at a time and place mutually agreed upon by the parties' attorneys.

3) Each request seeks production of the requested document(s) in its/their entirety, including all enclosures or attachments.

4) These requests are of a continuing nature. If, after the date and time for document production as set forth above or as otherwise agreed upon, additional documents responsive to the requests set forth herein come within the possession, custody or control of You or Your counsel, such additional documents shall be produced on later than ten (10) days thereafter.

5) If no documents exist in response to a numbered request, You shall so state in writing no later than the date specified above for the production of the requested documents.

6) If any documents are kept electronically, each such document shall be provided with all its related metadata. Unless otherwise stated by Plaintiff, electronically stored information, and the corresponding metadata, shall be produced in the manner in which it is ordinarily maintained and in a reasonably usable format consistent with current discovery management platforms and technologies. If any documents are kept only in hard copy, a paper copy of each such document shall be provided.

7) If any document responsive to these requests has been destroyed, lost, discarded or otherwise disposed of, such document is to be identified as completely as possible, including, but not limited to, the following information: contents, author/participant, recipient, sender, date prepared, date sent and/or received, date of disposal, manner of disposal, person(s) last in possession of the document, and person(s) who disposed of the document.

8) All documents and other materials called for by these requests as to which You claim any privilege or statutory authority as grounds for non-production shall be listed chronologically in a privilege log, which shall be produced no later than the date specified for the production of the requested documents, or some other date mutually agreed upon, and contain the following information: (a) date; (b) title; (c) type of document (*e.g.,* memorandum, report, chart, etc.); (d) subject matter (without revealing the information as to which privilege or statutory authority is claimed); and (e) factual and legal basis for the claimed privilege, or statutory authority for the claimed ground(s) for non-production.

## **RELEVANT TIME PERIOD**

Unless otherwise indicated, the time period relevant to these requests is March 1, 2020 to the present.

## **DOCUMENT REQUESTS**

1) All documents received by you relating to bank accounts owned by or used by the Debtor or its owners.

2) All documents received by you relating to the automobiles owned or possessed by the Debtor at any time after March 1, 2020 through the present, including subsequent to filing the instant bankruptcy.

5

      3)    All documents received by you from third parties, either informally, or pursuant to 2004 notices and subpoenas issued to any party, including but not limited to the Debtor, Level One Bank, Chase Bank, and the Florida Department of Motor Vehicles.