UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.,

Case No.: 22-12790-EPK

Chapter 7

Debtor.
_____/

**NOTICE OF SERVICE OF SUBPOENA FOR
RULE 2004 EXAMINATION OF NICOLE TESTA MEHDIPOUR ("TRUSTEE")**

Chapford Specialty Finance LLC and Chapford Credit Opportunities Fund LP (collectively, ***"Chapford"***), hereby give notice of the issuance of a Subpoena for Rule 2004 Examination to Nicole Testa Mehdipour ("*Trustee*") in the form attached as **Exhibit 1**.

Dated: May 18, 2022.

/s/James C. Moon
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

***Attorneys for Chapford Specialty Finance LLC
and Chapford Credit Opportunities Fund LP***

2

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on May 18, 2022, via the Court's Notice of Electronic Filing upon Registered Users listed on the attached **Exhibit 2** and served via Regular U.S. Mail upon the parties listed on the Manual Notice List

<u>/s/James C. Moon</u><br>
James C. Moon, Esquire

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

                          Chapter 7

EXCELL AUTO GROUP, INC.,

    Debtor.                              Case No.  22-12790-EPK
_____/

### SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*
*(Documents May Be Produced In Lieu Of Appearance)*

To:    Nicole Testa Mehdipour, Trustee
        c/o Furr & Cohen, P.A.
        2255 Glades Road, Suite 419A
        Boca Raton, FL 33431

☐ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1 **regarding the topics set forth on Exhibit A of this Subpoena**.

| PLACE: | DATE AND TIME: |
|---|---|
| Meland Budwick, P.A.<br>3200 Southeast Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131 | **June 1, 2022 at 5:00 p.m. (EDT)** |

The examination will be recorded by this method: Upon oral examination before a Videographer and Notary Public or other officer authorized by law to take the depositions in the State of Florida.

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material **regarding the requests set forth on Exhibit A of this Subpoena on June 1, 2022.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: May 18, 2022.

            CLERK OF COURT                                  Attorney's Signature

      Signature of Clerk or Deputy Clerk   OR   *James. C. Moon*
      _____

Exhibit 1

The name, address, email address, and telephone number of the attorney representing Chapford Specialty Finance LLC and Chapford Credit Opportunities Fund LP (collectively, **"Chapford"**), who issues or requests this subpoena, is:

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): _____
on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

# EXHIBIT A

# DEFINITIONS

1. The term "Debtor" shall include EXCELL AUTO GROUP, INC., and/or any person acting on behalf of the Debtor, and any principal, attorney, paralegal, or other person or entity, currently or formerly employed by, retained by or affiliated with Debtor who performed services in connection with the Debtor's bankruptcy case.

2. "You" and "Your" shall mean Nicole Testa Mehdipour, Trustee.

3. "Trustee" means Nicole Testa Mehdipour, solely in her capacity as chapter 7 trustee of the estate of the Debtor.

4. "Chapford" shall mean Chapford Specialty Finance LLC and Chapford Credit Opportunities Fund LP, collectively.

5. The term "document" or "documents" shall mean any page(s) or file(s) produced manually or by a software application constituting any storage or communication of information including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, or any other data or data compilations.  A draft or non-identical copy is a separate "document" within the meaning of this term.

6. The term "communication" means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, text message, personal delivery, or otherwise.

**INSTRUCTIONS**

1. This request incorporates by reference and is governed by Bankruptcy Rules 7030 and 7034 and the Local Rule 2004-1.

2. You are to furnish all information available to you, and to Debtor's attorneys, accountants, agents or other representatives and employees, or any information subject to Debtor's custody or control, in answering the document requests herein.

3. Unless otherwise agreed, all documents produced shall be originals and in the form that they are maintained in the ordinary course of business.

4. If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

（a) the nature of the privilege which is being claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the author of the document;

(f) the addressee of the document; and

(g) where not apparent, the relationship of the author to the addressee.

5. In the event that any document called for by this schedule has been (i) destroyed, (ii) discarded, and/or (iii) removed from the requested files prior to production on grounds other than privilege, please identify the following with respect to each such document:

(a) the name and current address of the person who prepared the document and the person to whom it was addressed;

(b) any indicated or blind copies;

(c) the document's date, subject matter, number of pages, and attachments; and

(d) the person(s) who authorized and/or carried out such destruction and/or removal.

6. This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## **RELEVANT TIME PERIOD**

Unless otherwise indicated, the time period relevant to these requests is February 1, 2022 to the present.

## **DOCUMENT REQUESTS**

1. All documents received by you relating to bank accounts owned by or used by the Debtor or its owners.

2. All documents received by you relating to the automobiles owned or possessed by the Debtor at any time after February 1, 2022 through the present, including subsequent to filing the instant bankruptcy.

3. All documents received by you from third parties, either informally, or pursuant to 2004 notices and subpoenas issued to any party, including but not limited to the Debtor, Level One Bank, Chase Bank, and the Florida Department of Motor Vehicles.

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Joaquin J Alemany**  joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- **Zachary J Bancroft**  zbancroft@bakerdonelson.com, sdenny@bakerdonelson.com,bkcts@bakerdonelson.com
- **Eyal Berger**  eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Stephen C Breuer**  stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com
- **Alan R Crane**  acrane@furrcohen.com, rrivera@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com
- **Mitchell A Dinkin**  mdinkin@madlegal.net, lucyd@madlegal.net
- **Dana L Kaplan**  dana@kelleylawoffice.com, cassandra@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@kelleylawoffice.com;kelleycr75945@notify.bestcase.com;scott@kelleylawoffice.com
- **Mark A Levy**  mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com
- **James Randolph Liebler**  jrlii@lgplaw.com, mkv@lgplaw.com
- **Nathan G Mancuso**  ngm@mancuso-law.com
- **David B Marks**  brett.marks@akerman.com, charlene.cerda@akerman.com
- **Nicole Testa Mehdipour**  nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
- **Nicole Testa Mehdipour**  Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com
- **James B Miller**  bkcmiami@gmail.com
- **James C. Moon**  jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Office of the US Trustee**  USTPRegion21.MM.ECF@usdoj.gov
- **John E Page**  jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
- **Eric S Pendergraft**  ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Hampton Peterson**  legalservices@PBCTax.com
- **Jordan L Rappaport**  office@rorlawfirm.com, 1678370420@filings.docketbird.com
- **David A Ray**  dray@draypa.com, sramirez.dar@gmail.com,cm_ecf_service@ntmlawfirm.com
- **Ivan J Reich**  ireich@nasonyeager.com, msmith@nasonyeager.com
- **Jason S Rigoli**  jrigoli@furrcohen.com, rrivera@furrcohen.com;staff1@furrcohen.com
- **Harry J Ross**  hross@hjrlaw.com, jerri@hjrlaw.com

Exhibit 2

- **John D. Segaul**    john@segaul.com, court@segaulstoll.com;melissa@segaul.com;segaullawfirmpa@jubileebk.net
- **Zach B Shelomith**    zbs@lss.law, info@lss.law;zshelomith@ecf.inforuptcy.com
- **Bradley S Shraiberg**    bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
- **Eric J Silver**    esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- **David R. Softness**    david@softnesslaw.com
- **Peter D Spindel**    peterspindel@gmail.com, peterspindelcmecf@gmail.com
- **Mark E Steiner**    MES@lgplaw.com, pm@lgplaw.com
- **Aaron A Wernick**    awernick@wernicklaw.com, awernick@ecf.courtdrive.com;crubin@wernicklaw.com;dkariotis@wernicklaw.com;mlaverriere@wernicklaw.com
- **Paul E Wilson**    pwilson@paulwilsonesq.com
- **Harry Winderman**    harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
- **Thomas G Zeichman**    tzeichman@bmulaw.com, G67999@notify.cincompass.com

**Manual Notice List**

The following is the list of parties who are not on the list to receive email notice/service for this case (who therefore require manual noticing/service).

Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust
(a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T.")
c/o AIS Port
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118