UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                      Case No.: 22-12790-EPK
                                                                                   Chapter 7
EXCELL AUTO GROUP, INC.,

    Debtor.
_____/

**TRUSTEE'S MOTION TO REJECT THE LEASE OF REAL PROPERTY EFFECTIVE ON APRIL 30, 2022**

    Nicole Testa Mehdipour ("**Trustee**"), chapter 7 trustee for the estate of Excell Auto Group, Inc., by and through undersigned counsel, moves the Court pursuant to section 365 of the Bankruptcy Code[1], for entry of an order authorizing the Trustee's motion to reject the lease of real property (the "**Motion**"), located at 1001 Clint Moore Road, Boca Raton, FL 33487 ("**Leased Premises**"), between the Debtor and 1001 Clint Moore, LLC (the "**Landlord**") effective on April 30, 2022, and in support states as follows:

**I. Jurisdiction and Venue**

    1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

**II. Background**

    2.    On April 8, 2022, Excell Auto Group, Inc. (the "**Debtor**") commenced this case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

    3.    At the time of the Petition, the Debtor was the lessee under the non-residential, real property lease (the ("**Lease**") by and between Debtor and the Landlord.

---

[1] 11 U.S.C. §§ 101, *et seq.*

1

4. The Debtor ceased business operations prepetition.

5. As of April 30, 2022, the Trustee removed all estate property from the Leased Premises, ceased and surrendered the Leased Premises to the Landlord and surrendered the keys to the Landlord on May 1, 2022.

6. The Lease on its own terms expired on April 30, 2022, however, in an abundance of caution, to the extent that the estate has an interest in the Lease, the Trustee seeks to reject the lease effective as of April 30, 2022.

### III. Relief Requested

7. The Trustee seeks authority to reject the Lease as of the Petition Date, to prevent the unnecessary accrual of post-petition administrative claims, including potential liabilities arising from any third-parties access the Leased Premises and causing damage or getting injured.

8. Bankruptcy Code section 365(a) provides that a trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

9. In addition, it is well established that the standard by which a bankruptcy court gives its approval to a trustee's or debtor in possession's proposed rejection or assumption is whether said trustee/debtor uses its "sound business judgment" in determining which leases or contracts to reject or assume. *See Byrd v. Gardinier, Inc. (In re Gardinier, Inc.),* 831 F.2d 974, 976 (11th Cir.1987) ("The only limitation on the trustee's discretion [to assume or reject an executory contract] is that it is subject to court approval. However, since courts review a trustee's decision to assume or reject a contract under a traditional 'business judgment' standard, the scope of review in this area is narrow."). *See also In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005) ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that rejection will be advantageous is so manifestly unreasonable that it could not be based

on sound business judgment, but only on 'bad faith', whim, or caprice.") (internal quotations and citation omitted).

10. In the present case, the rejection of the non-residential real property lease with the Landlord is in the best interest of the estate and its creditors, as the Leased Premises cannot be used by the Trustee to generate additional recoveries for the estate and rejection reduces the potential for incurring administrative expenses thereby increasing recoveries for the estate's general unsecured creditors.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an order: (i) granting this Motion; (ii) approving the rejection of the Lease effective as of April 30, 2022; (iii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 20th day of May 2022.

> FURR AND COHEN, P.A.
> One Boca Place, Suite 419A
> 2255 Glades Road
> Boca Raton, FL 33431
> Telephone: (561) 395-0500
> Facsimile: (561) 338-7532
>
> BY:   /s/ *Alan R. Crane*
>       *Special Counsel for Trustee*
>       Alan R. Crane, Esq.
>       Florida Bar No.: 0963836
>       E-mail: acrane@furrcohen.com
>
> -and-
>
> LAW OFFICE OF
> NICOLE TESTA MEHDIPOUR, P.A.
> *Counsel for Chapter 7 Trustee*
> 6278 N. Federal Highway, Suite 408
> Fort Lauderdale, FL 33308
> Tel: (954) 858-5880 Fax: (954) 208-0888
>
> By:  /s/ *Nicole Testa Mehdipour*
>      Nicole Testa Mehdipour
>      Florida Bar No. 177271
>      Nicole.Mehdipour@ntmlawfirm.com