UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.:  22-12790-EPK
                                                          Chapter 7
EXCELL AUTO GROUP, INC.,

           Debtor.
_____/

**TRUSTEE'S EXEPEDITED MOTION COMPEL SCOTT ZANKL, IN HIS CAPACITY AS CORPORATE REPRESENTATIVE OF DEBTOR, TO APPEAR FOR RULE 2004 EXAMINATION**

**EXIGENT CIRCUMSTANCES:**  The facts and circumstances in this case are complex because of the various corporate structures of the Debtor and various related Debtor entities.  The Trustee has received numerous allegations of fraud and/or gross mismanagement of the Debtor and related entities.  These allegations have continued to increase since the beginning of the bankruptcy filing.  The Trustee has recovered sufficient books and records to commence the Rule 2004 examination of Scott Zankl, in his corporate capacity.  However, the Debtor and Scott Zankl, through its counsel, Harry Winderman, has threatened to indefinitely delay the Rule 2004 examination until such time that Scott Zankl has received enough books and records for Scott Zankl to feel it appropriate to sit for the Rule 2004 examination.  The Trustee has set Scott Zankl's Rule 2004 Examination, as representative for the Debtor, for June 6, 2022, at 9:30 am via Zoom.  The Trustee requests a hearing on or about June 1, 2022 so that Counsel for the Trustee does not waste time and estate money preparing for a Rule 2004 examination if Scott Zankl's attempt to indefinitely delay Scott Zankl's deposition is successful.

Nicole Testa Mehdipour ("**Trustee**"), Chapter 7 Trustee for the estate of Excell Auto Group, Inc., by and through undersigned counsel, moves the Court pursuant Rule 2004(c) to Compel Scott Zankl, in his capacity as corporate representative of Debtor, to Appear for Rule 2004 Examination and states as follows:

I.    **Jurisdiction and Venue**

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

**II.     Summary of Relief Sought and Summary of Grounds**

2.      The Trustee seeks to compel the attendance of Scott Zankl, as corporate representative of the Debtor, to appear for a Rule 2004 Examination on June 6, 2022, at 9:30 a.m. by Zoom.

3.      Fed. R. Bank. P. 2004(c) authorizes the attendance of an entity for examination and for the production of documents or electronically stored information in the same manner as provided in Fed. R. Bankr. P. 9016.

4.      The Trustee, through undersigned counsel, counsel for the Debtor, and Scott Zankl coordinated the date and time for the Rule 2004 Examination.

5.      However, subsequent to the coordination, Debtor's counsel, Harry Winderman, stated that absent Scott Zankl being provided sufficient records by the Trustee or Moshe Farache, then Mr. Winderman would be filing a motion for protective order.  *See* exchange of emails as composite **Exhibit A** attached and incorporated herein.

6.      The threatened delay of the Debtor's Rule 2004 Examination until such time as the Trustee turns over documents to the principal and/or obtains records from third parties is not grounds to delay Mr. Zankl's Rule 2004 Examination.

7.      The Trustee, her counsel, Mr. Winderman and Mr. Wernick, participated in a meet and confer.  Mr. Winderman, who is currently on vacation has stated that he will be filing the Motion for Protective Order upon his return from vacation, which would not allow this Court to rule on the Motion for Protective Order until after the currently agreed upon examination date.

8.      The Trustee has received and reviewed numerous allegations of fraud and gross mismanagement involving the Debtor and two related entities—Karma of Broward, Inc. and Karma of Palm Beach, Inc.   Scott Zankl was the controlling principal of all three entities and involved in other related entities.  The Trustee needs to understand the interrelationship between the entities to determine the best way to analyze the potential issues and causes of action.  The Trustee asserts that it is likely that a Rule 2004 examination, in this case, will take place over multiple days.  However, the Trustee also asserts that she has sufficient documentation to allow her to complete a full day of questions of Mr. Zankl.

9.      The Trustee will be prejudiced by delaying a Rule 2004 Examination[1] to a time in which Mr. Zankl has determined, apparently in his discretion, that the Trustee has obtained and Mr. Zankl as been provided, sufficient documentation so Mr. Zankl can feel comfortable in answering the Trustee's questions.  The Trustee anticipates numerous creditors will be seeking to take the Mr. Zankl's deposition.  Therefore, these creditors will be prejudiced as well.

10.     For the reasons set forth below, Mr. Zankl's request is not being made in good faith and is part of a pattern of delay, false statements, and obfuscation of Mr. Zankl's responsibilities in this bankruptcy proceeding whether by maliciousness or gross incompetence.

11.     Based upon the Trustee's needs for the Rule 2004 Examination testimony and the imminent threat of a motion for protective order, the Trustee was compelled to file this Motion.

III.    **Background**

12.     On April 8, 2022, Excell Auto Group, Inc. (the "**Debtor**") commenced this case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code. [ECF #1].  Only the

---

[1] On May 4, 2022, Scott Zankl sat for a limited agreed upon Rule 2004 Examination.  [ECF #61].  The agreed upon Rule 2004 Examination involved 3 specific vehicles:  one of the vehicles is titled in the name of Kristen Zankl and another vehicle was titled in the name of the father of Scott's Zankl's son's college roommate.  Therefore, the Rule 2004 Examination was taken at the request of Scott Zankl and for the benefit of his wife and their son's friend. Counsel for Mr. Zankl did not want to wait until the 341 meeting to address the issues at that time.  The Trustee accommodated Mr. Zankl's request.

petition was filed.   On April 14, 2022, the Debtor filed an amended petition signed by Scott Zankl

as General Manager of the Debtor.  [ECF #14].   On April 18, 2022, the Debtor filed its first Initial

Schedules and Statement of Financial Affairs.  [ECF #36]. On May 12, 2022, the Debtor filed its

Amended Schedules A, B, E, F, Statement of Financial Affairs [ECF #78].

13.      One of the most basic obligations of any debtor is to list the totality of its creditors.

The Debtor failed to attach a list of creditors along with the voluntary petition [ECF #1] and the

amended voluntary petition [ECF #14].  Further, in the initial schedules and the amended schedules

the Debtor lists one secured creditor, Auto Wholesale of Boca Raton.   A simple review of public

records—in particular, the Florida Secured Transaction Registry—list 22 entries of secured

creditors.   The secured creditors comprise various floor plan lenders, Merchant Cash Advance

Companies, and an entry for Franklin Capital Group, LLC, which under document number

202106787470 lists Scott Zankl and Kristen Zankl as secured creditors.  A copy of the UCC filing

of Franklin Capital Group, LLC. is attached as **Exhibit B**.  By the time that the Debtor filed its

amended schedules, numerous creditors had actually filed notices of appearances. For instance, on

April 14, 2022, Bradley Shraiberg, Esq. had filed a Notice of Appearance on behalf of Franklin

Capital Funding, LLC.  [ECF # 17 ].   A simple review of the public records for Palm Beach

County demonstrates that on July 27, 2021, Richard Applegate filed a lawsuit naming the Debtor.

A copy of the Final Judgment is attached as **Exhibit C**.  Richard Applegate had obtained a Final

Judgement in the amount of $414,848.44.  The Debtor does list the lawsuit and that Mr. Applegate

garnished the accounts of Excell, but fails to schedule Richard Applegate as a creditor.   On April

18, 2022, Zach B. Shelomith, Esq. filed a Notice of appearance on behalf of Woodside Credit,

LLC which is not listed by the Debtor as a creditor.  [ECF #37].

14.      On April 15, 2022, the Trustee frustrated with the Debtor's lack of progress on

completing schedules and providing books and records, filed *Trustee's Emergency Motion for*

*Turnover of All Assets, Including Books, Records, and Electronically Stored Information of the Debtor, From the Debtor, Including Through its Principals Scott Zankl and Kristen Zankl* [ECF # 19]. **[**the "**Turnover Motion**"] After the filing, throughout the weekend, the Trustee, her counsel and the Debtor and its counsel, negotiated an agreement on terms of the Turnover Motion.

15.        On April 18, 2022, this Court entered its *Agreed Order Granting Trustee's Emergency Motion for Turnover of All Assets, including Books, Records, and Electronically Stored Information of the Debtor, From Debtor, Including Through its Principals Scott Zankl and Kristen Zankl* [ECF #34].

16.        The Debtor began cooperating with the Trustee and her counsel.  The Trustee was able to recover assets, books, records, and most electronically stored information.   Further, Scott Zankl with his attorney, Harry Winderman, spent many hours over the span of days speaking to the Trustee and Trustee's counsel and financial advisors.  Moreover, Mr. Zankl, spent additional time, with the written permission of Mr. Winderman, speaking to the Trustee and Trustee's counsel and financial advisors without the presence of Mr. Winderman.   The Trustee is perplexed by Mr. Zankl's apparent refusal to answer questions under oath.

17.        On April 18, 2022, the Debtor filed its first Initial Schedules and Statement of Financial Affairs.  [ECF #36].  On April 19, 2022, the Debtor filed its *Notice of Compliance with Requirements for Amending Creditor Information.*  [ECF #41] and added a creditors' matrix.  On May 12, 2022, the Debtor filed its Amended Schedules A, B, E, F, and Statement of Financial Affairs [ECF #78].   The Debtor's schedules, including amendments to schedules, are incomplete, false and/or misleading.

18.        For instance, the Debtor fails to list any bank accounts on Question 3 of Schedule B; states that the Debtor had no closed bank accounts in the one year prior to the filing of the Bankruptcy; lists zero gross revenues for the Debtor in 2022 on the Statement of Financial Affairs;

lists no licenses on question 62 of the Schedule B; states that it was not holding property for another on question 21 of the Statement of Financial Affairs; states that the Debtor has an interest in Excell Auto Sport and Service, Inc. and Excell Auto Finance, LLC. on Question 25 of Schedule B; and lists no transfers outside the ordinary course of business in the 2 years prior to the filing of the bankruptcy in the Statement of Financial Affairs.

19.     The Debtor was formed on February 2, 2009. On the petition date, the Debtor was a Florida licensed Vehicle Independent Dealer. The Debtor was the tenant in leased space located at 1001 Clint Moore Road, Boca Raton ("Leased Premises"). Karma of Palm Beach, owned by one or more of the principals of the Debtor, operated out of the Lease Premises. The Trustee has not received a lease or sublease for Karma of Palm Beach. Karma of Palm Beach had vehicles, books and records, and other items of personal property stored at the Leased Premises. When the Trustee took over the location, there was little to no separation of the Debtor and Karma of Palm Beach entities. The Trustee took possession of various vehicles, for which she has now filed a notice of abandonment. Most of the vehicles were physically located at the Excell location.

20.     On December 10, 2021, Scott Zankl signed a document signing over 8 Karma brand vehicles from Excell Auto Group, Inc. to Karma of Palm Beach, Inc. A copy of the vehicle transfer document is attached at **Exhibit D**.

21.     Based upon the books and records and bank statements recovered by the Trustee, the Trustee has identified at least three bank accounts at Chase, 2 bank accounts at Bank United, one bank account at Iberia, and one bank account at Level One Bank. Just in the three Chase Bank Accounts, the Debtor made deposits totaling over $19,450,000.00 in February of 2022 and March of 2022 alone. Therefore, the statements in Schedule B and in the Statement of Financial Affairs indicating that the Debtor had no bank accounts, closed no bank accounts, and had no gross revenue for 2022 was false and/or misleading.

22.       Further, the Debtor provided no evidence to the Trustee that the Debtor actually owned an interest in Excell Auto Sport and Service, Inc. or Excell Auto Finance, LLC.  Instead, it appears that one or more of the Debtor's principals has or had an interest in each entity.

23.       As the 341 meeting was approaching, the Debtor, through its counsel, threatened to file a Motion for Protective Order unless Scott Zankl had "access to his records and electronic files at the 341" thereby attempting to delay the 341 meeting.  A copy of the chain of emails regarding the 341 meeting on May 11, 2022, through May 12, 2022, are attached as **Exhibit E**.  Because the 341 meeting was going to be held via Zoom, the Trustee gave Scott Zankl the option of testifying from the "Karma of Broward location, in front of his computer, to answer questions, the Trustee has no objection as long he identifies the document(s) he is reviewing."  Otherwise, Scott Zankl could answer questions the best could, identify the documents that would assist him in answering questions along with identifying the last known location. However, given the opportunity to testify with his documents, he chose not to do so as set forth in the May 12, 2022, email from Debtor's counsel.   A copy of the 341 transcript is ordered and will be filed with the Court upon receipt.

24.       At the 341 meeting, Scott Zankl repeatedly testified that he could not answer questions because he did not have the documents in his possession.  The Trustee asserts that Scott Zankl stated he was unable to answer questions when it would be clear that referring to a specific document was not actually necessary.

25.       The Trustee, through counsel, negotiated a date and beginning time for the Rule 2004 examination which would be via Zoon on June 6, 2022, commencing at 9:30 am.   The Trustee requested an earlier date and time, but due to the travel schedule of Debtor's counsel and a scheduling conflict, June 6, 2022, was agreed upon.   The Trustee is unwilling to wait any longer to take the Debtor's Rule 2004 examination, the demands of Scott Zankl are inappropriate, and appear to be a disingenuous delay tactic.

IV.   **Legal Basis for Relief**

26.    A Rule 2004 examination is substantially broader in scope than other rules of procedure in other litigation. Fed. R. Bankr. P. 2004.

27.    As the Honorable Judge Laurel M. Isicoff stated regarding the scope of Rule 2004 examinations:

> The Trustee must administer the assets of this estate including the resolution of all litigation matters. Universal may have information that is relevant to the relief the Trustee seeks in this adversary proceeding or with respect to the assets of the debtor generally. Indeed, contrary to assertions by Universal and Hessein, Rule 2004 does allow the Trustee to go on a general fishing expedition so long as the information sought relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate...." See *In re Wilcher*, 56 B.R. 428 (Bankr. N.D.Ill. 1985).

*In re MMH Automotive Group*, LLC, 346 B.R. 229, 233 (Bankr. S.D.Fla. 2006) (emphasis added).

28.    Further, the Debtor has an obligation to "cooperate with the trustee as necessary to enable the trustee to perform his duties" and "surrender … all books, documents, records, and papers, relating to property of the estate." 11 U.S.C. § 521(a)(3) and (4).

29.    The Trustee's duties include collecting and liquidating all asset of the estate, 11 U.S.C. § 704(a)(1), and investigating the financial condition of the Debtor.  11 U.S.C. § 704(a)(3).

30.    Part of the Debtor's duty, through its principal, is to appear at a duly scheduled Rule 2004 examination.  There is nothing in the Bankruptcy Code or the Bankruptcy Rules which allows a principal of a Debtor to dictate to the Trustee what documents the Trustee must have before the principal will sit for a Rule 2004 examination.  Further, there is nothing in the Bankruptcy Code or the Bankruptcy Rules that would allow for the principal of the Debtor to delay sitting for a Rule 2004 examination until the principal obtains documents from third parties to allow the witness to "study" or "prepare" for the examination by the Trustee.

V.    <u>**Conclusion**</u>

31.       The Rule 2004 examination should not be rescheduled absent written consent of the Trustee regardless of any scheduling issues of the Debtor, Scott Zankl or Debtor's counsel.

32.       The Trustee requests sanctions in the form of attorneys' fees and costs for bringing this Motion pursuant to Fed. Civ. P. 45, incorporated into Fed. R. Bank. P. 9016.

WHEREFORE, the Trustee requests the entry of an Order as follows:  (i) Scott Zankl be ordered to testify at a Rule 2004 Examination of the Debtor on June 6, 2022 at 9:30 am via Zoom; (ii) the Rule 2004 examination should not be permitted to be rescheduled absent written consent of the Trustee regardless of any scheduling issues of the Debtor, Scott Zankl or Debtor's counsel; (iii) the Trustee be awarded attorneys' fees and costs as sanctions; and (iv) the Court award any further relief the Court deems just and proper.

Respectfully submitted this 24th day of May 2022.

FURR AND COHEN, P.A.
One Boca Place, Suite 419A
2255 Glades Road
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY:    /s/ *Alan R. Crane*
          *Special Counsel for Trustee*
          Alan R. Crane, Esq.
          Florida Bar No.: 0963836
          E-mail: acrane@furrcohen.com

-and-

LAW OFFICE OF
NICOLE TESTA MEHDIPOUR, P.A.
*Counsel for Chapter 7 Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880 Fax: (954) 208-0888

By: */s/ Nicole Testa Mehdipour*

Nicole Testa Mehdipour
Florida Bar No. 177271
Nicole.Mehdipour@ntmlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copy of the foregoing has been served in the manner indicated this 24th day of May 2022, on the parties listed below.

BY:    /s/ *Alan R. Crane*
Alan R. Crane, Esq.

**Served via Notice of Electronic Filing:** All creditors registered with CM/ECF to receive electronic notice in this case.

**EXHIBIT "A"**

| | |
|---|---|
| **From:** | Harry Winderman |
| **To:** | Alan Crane; James R. Liebler; Aaron Wernick; David Softness; "jmcoleman@seyfarth.com" |
| **Cc:** | Jason Rigoli |
| **Subject:** | Re: Excell Auto Group |
| **Date:** | Thursday, May 19, 2022 1:01:53 PM |
| **Attachments:** | image001.png |

There is no competing claim for the camaro.  The fact that you do not know this confirms my belief that the 2004 is premature.

Sent via the Samsung Galaxy S22 Ultra 5G, an AT&T 5G smartphone
Get Outlook for Android

**From:** Alan Crane <acrane@furrcohen.com>
**Sent:** Thursday, May 19, 2022 6:54:06 PM
**To:** James R. Liebler <JRLII@lgplaw.com>; Harry Winderman <hw@whcfla.com>; Aaron Wernick <awernick@wernicklaw.com>; David Softness <david@softnesslaw.com>; 'jmcoleman@seyfarth.com' <jmcoleman@seyfarth.com>
**Cc:** Jason Rigoli <jrigoli@furrcohen.com>
**Subject:** Excell Auto Group

> CAUTION: This email originated from outside of your organization.

All

The trustee has filed a notice of abandonment of certain vehicles in her possession.  The trustee takes the position  that the vehicles are overly burdensome to the estate and the bankruptcy estate will have no further interest in the vehicles.   However, we understand that there are competing claims to the vehicles.   The trustee will not release any of the vehicles listed in her notice of abandonment absent a court order providing an appropriate authorization.

For most of you, I have communicated this position separately.   Please note that the only opposition that the trustee would have is if the motion and notice of hearing are not properly served giving notice to all potential effected parties.

Please let me know if you have any questions.

Alan



Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
Telephone: (561) 395-0500

Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com

******PLEASE NOTE CHANGE IN SUITE NO.

| | |
|---|---|
| **From:** | Harry Winderman |
| **To:** | Alan Crane; Nicole Testa Mehdipour, Esquire |
| **Subject:** | Fwd: Ch-7 22-12790-EPK Notice of Filing EXCELL Auto Group, |
| **Date:** | Wednesday, May 18, 2022 10:22:45 AM |

Next will be our demand.  There is no purpose served by your limiting access to records that FVP and other creditors will gain access.  We will be filing a request for copies.

We are also preparing our motion for protective order and this request to issue subpoena will strengthen our position.  The trustee is much better served by permitting Scott and his prior staff to have access to all bank records and the accounting software and video.

Please reconsider.

Sent via the Samsung Galaxy S22 Ultra 5G, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** FLSB_ECF_Notification@flsb.uscourts.gov <FLSB_ECF_Notification@flsb.uscourts.gov>
**Sent:** Wednesday, May 18, 2022, 3:50 PM
**To:** Courtmail@flsb.uscourts.gov <Courtmail@flsb.uscourts.gov>
**Subject:** Ch-7 22-12790-EPK Notice of Filing EXCELL Auto Group,

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from David R. Softness entered on 5/18/2022 at 9:49 AM EDT and filed on 5/18/2022
**Case Name:**      EXCELL Auto Group, Inc.
**Case Number:**      22-12790-EPK
**Document Number:** 83

**Docket Text:**
Notice of Filing *Intent to Serve Subpoena on Trustee*, Filed by Creditor FVP Investments, LLC, a Delaware limited liability company. (Softness, David)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Notice of Intent to Serve Subpoena w Subpoena.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=5/18/2022] [FileNumber=54537546-
0] [62ab0a6637c18f0b61d7f9f382ef2b35b87c34768596e5c74bf97689b1a2e09eef
47885f3e0eba6ebc1721ed8ff6f7ff07f21abf2057052795f282dc46656944]]

**22-12790-EPK Notice will be electronically mailed to:**

Joaquin J Alemany on behalf of Creditor Shrayber Land, Inc.
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Zachary J Bancroft on behalf of Creditor BAL INVESTMENTS, LLC
zbancroft@bakerdonelson.com, sdenny@bakerdonelson.com,bkcts@bakerdonelson.com

Eyal Berger, Esq. on behalf of Creditor Milco Atwater, LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Creditor Edward Brown
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Creditor John Wittig
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Creditor Philip T. Gori
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Stephen C Breuer on behalf of Creditor David Amsel
stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com

Alan R Crane on behalf of Trustee Nicole Testa Mehdipour
acrane@furrcohen.com, rrivera@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com

Mitchell A Dinkin, Esq. on behalf of Creditor Savannah Row Development Company, LLC
mdinkin@madlegal.net, lucyd@madlegal.net

Dana L Kaplan on behalf of Creditor Graves Directional Drilling Inc. a/k/a Graves Directional Inc.
dana@kelleylawoffice.com,

cassandra@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@kelleylawoffice.com;kelleycr75945@notify.bestcase.com;scott@kelleylawoffice.com

Dana L Kaplan on behalf of Creditor Steven Graves
dana@kelleylawoffice.com,
cassandra@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@kelleylawoffice.com;kelleycr75945@notify.bestcase.com;scott@kelleylawoffice.com

Mark A Levy, Esq on behalf of Creditor Chad Zakin
mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com

James Randolph Liebler on behalf of Creditor Westlake Services, LLC
jrlii@lgplaw.com, mkv@lgplaw.com

Nathan G Mancuso on behalf of Creditor Excell Auto Sport and Service, Inc.
ngm@mancuso-law.com

David B Marks on behalf of Creditor Millco Atwater, LLC
brett.marks@akerman.com, charlene.cerda@akerman.com

David B Marks on behalf of Creditor Edward Brown
brett.marks@akerman.com, charlene.cerda@akerman.com

David B Marks on behalf of Creditor John Wittig
brett.marks@akerman.com, charlene.cerda@akerman.com

David B Marks on behalf of Creditor Philip T. Gori
brett.marks@akerman.com, charlene.cerda@akerman.com

Nicole Testa Mehdipour
Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com

Nicole Testa Mehdipour on behalf of Trustee Nicole Testa Mehdipour
nicolem@ntmlawfirm.com,
cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase

Nicole Testa Mehdipour on behalf of Trustee Nicole Testa Mehdipour
Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com

James B Miller on behalf of Creditor 1001 Clint Moore, LLC
bkcmiami@gmail.com

James B Miller on behalf of Creditor Auto Wholesale of Boca, LLC
bkcmiami@gmail.com

James B Miller on behalf of Creditor MMS Ultimate Services, Inc.
bkcmiami@gmail.com

James B Miller on behalf of Creditor Moshe Farache
bkcmiami@gmail.com

James C. Moon, Esq on behalf of Creditor Chapford Credit Opportunities Fund LP
jmoon@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

James C. Moon, Esq on behalf of Creditor Chapford Specialty Finance LLC
jmoon@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

John E Page on behalf of Creditor Johnie Floyd Weems, III
jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com

Eric S Pendergraft on behalf of Creditor Johnie Floyd Weems, III
ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law

Hampton Peterson, Esq on behalf of Creditor Palm Beach County Tax Collector
legalservices@PBCTax.com

Jordan L Rappaport, Esq on behalf of Creditor Andrew Greenberg
office@rorlawfirm.com, 1678370420@filings.docketbird.com

Jordan L Rappaport, Esq on behalf of Creditor Richard Applegate
office@rorlawfirm.com, 1678370420@filings.docketbird.com

Jordan L Rappaport, Esq on behalf of Creditor Richard Greenberg
office@rorlawfirm.com, 1678370420@filings.docketbird.com

Jordan L Rappaport, Esq on behalf of Interested Party Stefano Riga
office@rorlawfirm.com, 1678370420@filings.docketbird.com

Jordan L Rappaport, Esq on behalf of Interested Party Tarek Aboualazzm

office@rorlawfirm.com, 1678370420@filings.docketbird.com

David A Ray on behalf of Trustee Nicole Testa Mehdipour
dray@draypa.com, sramirez.dar@gmail.com,cm_ecf_service@ntmlawfirm.com

Ivan J Reich, Esq on behalf of Creditor DCG 2008 Irrevocable Wealth Trust
ireich@nasonyeager.com, msmith@nasonyeager.com

Jason S Rigoli, Esq. on behalf of Trustee Nicole Testa Mehdipour
jrigoli@furrcohen.com, rrivera@furrcohen.com;staff1@furrcohen.com

Harry J Ross, Esq on behalf of Interested Party Alexey Alekseyevich Gorodova
hross@hjrlaw.com, jerri@hjrlaw.com

Harry J Ross, Esq on behalf of Interested Party Svetlana Petrovna Gorodova
hross@hjrlaw.com, jerri@hjrlaw.com

John D. Segaul on behalf of Creditor Tim Olesijuk
john@segaul.com, court@segaulstoll.com;melissa@segaul.com;segaullawfirmpa@jubileebk.net

Zach B Shelomith on behalf of Creditor Woodside Credit, LLC
zbs@lss.law, info@lss.law;zshelomith@ecf.inforuptcy.com

Bradley S Shraiberg on behalf of Creditor Franklin Capital Funding, LLC
bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Eric J Silver on behalf of Creditor BENIDT INVESTMENTS/SLINGER, LLC
esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com

David R. Softness on behalf of Creditor FVP Investments, LLC, a Delaware limited liability company
david@softnesslaw.com

David R. Softness on behalf of Creditor FVP Opportunity Fund III, LP
david@softnesslaw.com

David R. Softness on behalf of Creditor FVP Servicing, LLC a Delaware limited liability company
david@softnesslaw.com

Peter D Spindel on behalf of Creditor Tulocay Farm, Inc.
peterspindel@gmail.com, peterspindelcmecf@gmail.com

Mark E Steiner on behalf of Creditor Westlake Services, LLC
MES@lgplaw.com, pm@lgplaw.com

Aaron A Wernick on behalf of Interested Party Kristen Zankl
awernick@wernicklaw.com, awernick@ecf.courtdrive.com;crubin@wernicklaw.com;dkariotis@wernicklaw.com;mlaverriere@wernicklaw.com

Aaron A Wernick on behalf of Interested Party Scott Zankl
awernick@wernicklaw.com, awernick@ecf.courtdrive.com;crubin@wernicklaw.com;dkariotis@wernicklaw.com;mlaverriere@wernicklaw.com

Paul E Wilson on behalf of Creditor Daimler Trust
pwilson@paulwilsonesq.com

Paul E Wilson on behalf of Creditor Mercedes Benz Financial Services USA, LLC.
pwilson@paulwilsonesq.com

Harry Winderman on behalf of Debtor EXCELL Auto Group, Inc.
harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

Thomas G Zeichman on behalf of Creditor Prestige Luxury Cars, LLC
tzeichman@bmulaw.com, G67999@notify.cincompass.com

**22-12790-EPK Notice will not be electronically mailed to:**

Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T."), c/o AIS Port
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

| | |
|---|---|
| **From:** | Harry Winderman |
| **To:** | Nicole Testa Mehdipour, Esquire |
| **Cc:** | Alan Crane; Jason Rigoli |
| **Subject:** | Re: Excell auto |
| **Date:** | Tuesday, May 17, 2022 5:07:22 PM |
| **Attachments:** | image001.png |

The work in revising schedules is a direct offshoot of farache effectively destroying an opportunity to fully and completely prepare schedules.

We will see if the court let's you stand in the way of access to records that were not available to my client under the exigent circumstances.  Further you gave Scott access to records when you thought it was to your advantage.

Sent via the Samsung Galaxy S22 Ultra 5G, an AT&T 5G smartphone
Get Outlook for Android

**From:** Nicole Testa Mehdipour, Esquire <nicolem@ntmlawfirm.com>
**Sent:** Tuesday, May 17, 2022 11:02:28 PM
**To:** Harry Winderman <hw@whcfla.com>
**Cc:** Alan Crane <acrane@furrcohen.com>; Jason Rigoli <jrigoli@furrcohen.com>
**Subject:** Re: Excell auto

> **CAUTION:** This email originated from outside of your organization.

Harry,

I look forward to reading your motion and replying.  You continue to attempt to shift the debtor's burden to me as trustee. You should have advised your client that once a trustee takes possession she has zero obligation to turn over the debtor's books and records.  You did not and that is why you are in this predicament. Your failure to plan and properly advise the debtor is not going to become my emergency or issue.

I also note that you have still failed to comply with the Debtor's duties in making timely amendments as you repeatedly file Schedule A/B answering NO as to whether the debtor has any bank accounts.


Nicole Testa Mehdipour
Law Office of Nicole Testa Mehdipour, PA
(954) 858-5880 ext. 101
Sent from my iPhone


On May 17, 2022, at 4:55 PM, Harry Winderman <hw@whcfla.com> wrote:


You can be assured that the Trustee's failure to turn over information in her

possession will be featured prominently in our motion.  Due process demands that you understand the extenuating circumstances but you refuse to do so.

I will explain in our motion.  Moshe took the records and intimated the staff to leave.  If you think the lack of access to accounting records was my client's fault then you have not been fully informed.  Further the trustee has done nothing to go after farache.

Please extend the same courtesy my client has shown the trustee.

Sent via the Samsung Galaxy S22 Ultra 5G, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Alan Crane <acrane@furrcohen.com>
**Sent:** Tuesday, May 17, 2022 9:41:03 PM
**To:** Harry Winderman <hw@whcfla.com>
**Cc:** Jason Rigoli <jrigoli@furrcohen.com>; Nicole Mehdipour (Other) <nicolem@ntmlawfirm.com>
**Subject:** RE: Excell auto

CAUTION: This email originated from outside of your organization.

Mr. Winderman,
As stated, the Rule 2004 examination will be filed and set as agreed.   Your client does not get to conduct discovery in advance of the Rule 2004 examination.   Your client should have provided you with sufficient documentation to be able to accurately complete the schedules, answer questions at the 341 meeting and attend the Rule 2004 examination.  Your client's obvious failure to due the required due diligence before filing the bankruptcy will not prejudice the trustee or the creditors in taking the Rule 2004 examination.   I will remind you that we want to take the Rule 2004 examination earlier than is currently scheduled.  The only reason why we are agreeing to a delay is due to your vacation schedule.  If the Debtor seeks a protective order based upon the grounds provided to the Trustee in the email correspondence we will seek to compel and sanctions.

Alan



Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

Email: ACrane@furrcohen.com

******PLEASE NOTE CHANGE IN SUITE NO.

---

**From:** Harry Winderman <hw@whcfla.com>
**Sent:** Tuesday, May 17, 2022 3:06 PM
**To:** Alan Crane <acrane@furrcohen.com>
**Cc:** Jason Rigoli <jrigoli@furrcohen.com>; Nicole Mehdipour (Other) <nicolem@ntmlawfirm.com>
**Subject:** Re: Excell auto

You missed the point.   My client and I need adequate information.  He will not be ambushed.  Please change the date.

Sent via the Samsung Galaxy S22 Ultra 5G, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Alan Crane <acrane@furrcohen.com>
**Sent:** Tuesday, May 17, 2022 8:37:47 PM
**To:** Harry Winderman <hw@whcfla.com>
**Cc:** Jason Rigoli <jrigoli@furrcohen.com>; Nicole Mehdipour (Other) <nicolem@ntmlawfirm.com>
**Subject:** FW: Excell auto

| CAUTION: This email originated from outside of your organization. |
|---|

Harry,

We have cleared June 6th beginning at 9:30 am for Mr. Zankl's Rule 2004 Examination.  We will have sufficient documentation to adequately examine Mr. Zankl.   Further, it is not up to Mr. Zankl to decide whether the trustee has sufficient documentation.  I find it curious as to why you would think it appropriate for Mr. Zankle to seek discovery at this point.

Alan



Alan R. Crane
Attorney At Law
Furr Cohen

2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com

******PLEASE NOTE CHANGE IN SUITE NO.

**From:** Harry Winderman <hw@whcfla.com>
**Sent:** Tuesday, May 17, 2022 2:07 PM
**To:** Alan Crane <acrane@furrcohen.com>; Nicole Testa Mehdipour, Esquire <nicolem@ntmlawfirm.com>
**Cc:** Henry B. Handler <hbh@whcfla.com>; William Cornwell <wjc@whcfla.com>
**Subject:** Excell auto

Greetings

Have you had any success in obtaining access to the accounting software and the video feed?  Although i anticipated that excell would have access to these records and bank account records for excell and the two karmas this has not happened.  Further the 341 made it clear that farache stole accounting files and has information that excell is not in a position to refute.  Until we gain access to all of this information it is premature to schedule any 2004 exam.

I would very much appreciate your assistance in obtaining the above information.

Sent via the Samsung Galaxy S22 Ultra 5G, an AT&T 5G smartphone
Get Outlook for Android

 FLORIDA SECURED TRANSACTION REGISTRY



## Search Results Detail

Detail Record For: 202106787470

<< PREVIOUS    << BACK TO RESULTS    NEXT >>

| Status | Date Filed | Expires | Filings Completed Thru | Summary For Filing |
|--------|-----------|---------|------------------------|--------------------|
| FILED | 04/15/2021 | 04/15/2026 | 05/18/2022 | 202106787470 |

Filing Events                                                        Events Filed: 7

View Filing History

Secured Parties                                          Current Secured Parties: 1

**Name & Address**
FRANKLIN CAPITAL GROUP, LLC
32300 NORTHWESTERN HWY. FARMINGTON HILLS MI 48334

Debtor Parties                                            Current Debtor Parties: 1

**Name & Address**
EXCELL AUTO GROUP, INC.
1001 CLINTMOORE ROAD #101 BOCA RATON FL 33487

Document Images                                  Pages in all forms/attachments: 10

| Document Number | Type | Filing Date | Pages |
|-----------------|------|-------------|-------|
| 202106787470 | UCC1 | 04/15/2021 | 3 |

**FINANCING STATEMENT FORM**

| A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON |
|---|
| ONLINE DEPT.; 888-507-4593 |
| Email ONLINE@FICOSO.COM |

| B. SEND ACKNOWLEDGEMENT TO: |
|---|

**FILED**

2021 Apr 15 01:28 PM

****** 202106787470 ******

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

---

**1. DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (1a OR 1b) - Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| EXCELL AUTO GROUP, INC. | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS Line One | | | | |
|---|---|---|---|---|
| 1001 CLINTMOORE ROAD #101 | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| | BOCA RATON | FL | 33487 | USA |

---

**2. SECURED PARTY'S NAME**   (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (2a OR 2b)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| KRISTEN ZANKL | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS Line One | | | | |
|---|---|---|---|---|
| 16937 PIERRE CIRCLE | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| | DELRAY BEACH | FL | 33446 | USA |

---

**3. ADDITIONAL SECURED PARTY'S NAME**   (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| ZANKL | SCOTT | | |

| 3c. MAILING ADDRESS Line One | | | | |
|---|---|---|---|---|
| 16937 PIERRE CIRCLE | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| | DELRAY BEACH | FL | 33446 | USA |

---

**4. This FINANCING STATEMENT covers the following collateral:**

SEE ATTACHED EXHIBIT A

---

| 5. ALTERNATE DESIGNATION (if applicable) | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR |
|---|---|---|---|
| | ☐ AG LIEN | ☐ NON-UCC FILING | ☐ SELLER/BUYER |

---

**6. Florida DOCUMENTARY STAMP TAX** - YOU ARE REQUIRED TO CHECK **EXACTLY ONE**  BOX

☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☑ Florida Documentary Stamp Tax is not required.

---

**7. OPTIONAL FILER REFERENCE DATA**   [UCC1-671172] EXCELL AUTO

---

**STANDARD FORM - FORM UCC-1 (REV.05/2013)**      **Filing Office Copy**      **Approved by the Secretary of State, State of Florida**

**STATE OF FLORIDA UNIFORM COMMERICAL CODE**
**FINANCING STATEMENT FORM - ADDENDUM**

8. NAME OF FIRST DEBTOR (1a OR 1b) ON RELATED FINANCING STATEMENT

| 8a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| EXCELL AUTO GROUP, INC. | | | |

| 8b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

9. MISCELLANEOUS

10. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - INSERT ONLY ONE DEBTOR NAME (10a OR 10b) - Do Not Abbreviate or Combine Names

| 10a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 10b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 10c. MAILING ADDRESS Line One | | This space not available. | | | |
| MAILING ADDRESS Line Two | | CITY | STATE | POSTAL CODE | COUNTRY |

11. ADDITIONAL SECURED PARTY'S NAME or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (11a OR 11b)

| 11a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 11c. MAILING ADDRESS Line One | | This space not available. | | | |
| MAILING ADDRESS Line Two | | CITY | STATE | POSTAL CODE | COUNTRY |

12. This FINANCING STATEMENT covers ☐ timber to be cut or
☐ as-extracted collateral, or is filed as a ☐ fixture filing.

13. Description of real estate:

14. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

15. Additional collateral description:

16. Check only if applicable and check only one box.
Collateral ☐ Held in Trust
☐ Being administrated by Decendent's Personal Representative

17. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction - effective 30 years

**STANDARD FORM - FORM UCC-1 ADDENDUM (REV.05/2013)**    **Filing Office Copy**    **Approved by the Secretary of State, State of Florida**

EXHIBIT A

All Assets now owned or hereafter acquired and wherever located, including but not limited to, the following subcategories of assets:

a. Accounts, including but not limited to, credit card receivables; b. Chattel Paper; c. Inventory; d. Equipment; e. Instruments, including but not limited to, Promissory Notes; f. Investment Property; g. Documents; h. Deposit Accounts; i. Letter of Credits Rights; j. General Intangibles; k. Supporting Obligations; and l. Proceeds and Products of the foregoing.

NOTICE PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN, THE FURTHER ENCUMBERING OF WHICH MAY CONSTITUTE THE TORTIOUS INTERFERENCE WITH THE SECURED PARTY'S RIGHT BY SUCH ENCUMBRANCE IN THE EVENT THAT ANY ENTITY IS GRANTED A SECURITY INTEREST IN DEBTOR'S ACCOUNTS, CHATTEL PAPER OR GENERAL INTANGIBLES CONTRARY TO THE ABOVE, THE SECURED PARTY ASSERTS A CLAIM TO ANY PROCEEDS THEREOF RECEIVED BY SUCH ENTITY.

**EXHIBIT C**

Case 22-12790-EPK    Doc 105    Filed 05/24/22    Page 24 of 30
Filing # 142622979 E-Filed 01/25/2022 03:23:46 PM

IN THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.: 502021CA009181XXXXMB (AO)

RICHARD APPLEGATE., an individual,
     Plaintiff,

vs.

EXCELL AUTO GROUP, INC., a Florida
corporation, SCOTT ZANKL, an individual,
and KRISTEN ZANKL, an individual,
     Defendants.

_____/

**FINAL JUDGMENT**

THIS CAUSE having come before this Honorable Court on Plaintiff's Motion For Final Judgment After Default of Stipulation for Settlement, and the Court being advised in the premises, and being otherwise fully advised in its premises,

IT IS HEREBY ORDERED AND ADJUDGED AND DECREED as follows:

The Plaintiff, RICHARD APPLEGATE, whose mailing address is 1705 S. Ocean Blvd., Delray Beach, FL 33483, shall hereby recover, joint and severally, from Defendants, Excell Auto Group, Inc., whose address is 1001 Clint Moore Rd., #101, Boca Raton, FL 33487, Scott Zankl, whose address is 16937 Pierre Cir., Delray Beach, FL 33446 and Kristen Zankl, whose address is 16937 Pierre Cir., Delray Beach, FL 33446, the amount of $412,307.93 plus additional attorney's fees and costs as a result of Defendants' breach of the Stipulation for Settlement in the amounts of $2,250.00 as reasonable attorneys' fees and $290.51 for costs incurred, for a total judgment in the amount of **$414,848.44** for which let execution issue.

The Judgment shall bear interest at the rate of 4.25% per year as allowed by law from the date of entry until satisfied. The interest rate will adjust in accordance with Section 55.03, Fla. Stat.

It is further ordered and adjudged that the judgment debtors shall complete under oath Florida Rule of Civil Procedure Form 1.977(a) for the individual defendants and Form 1.977(b) for the corporate defendant (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.

Page 1 of 2

Case No. 50-2021-CA-009181-XXXX-MB

Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor(s) to complete form 1.977, including all required attachments, and serve it on the judgment creditor if the judgment creditor is not represented by an attorney.

DONE AND ORDERED in Palm Beach County, Florida.

50-2021-CA-009181-XXXX-MB    01/25/2022
James Nutt
Circuit Judge

**Copies furnished to:**
Kravit Law, P.A., 2101 NW Corporate Blvd., Suite 410, Boca Raton, FL 33431 via email to: corykravit@kravitlaw.net, kkennedy@kravitlaw.net and marie@kravitlaw.net
Excell Auto Group, INC., a Florida corporation, Scott Zankl, Registered Agent, 1001 Clint Moore Road, Suite 101, Boca Raton, FL 33487
Scott Zankl and Kristen Zankl, 16937 Pierre Circle, Delray Beach, FL 33446

NOT A CERTIFIED COPY

EXHIBIT "D"

 K A R M A | PALM BEACH

O: 561.998.5557
F: 561.998.4703
1001 Clint Moore Rd. Ste 103
Boca Raton, FL 33487

December 10, 2021

To Whom it may concern:

I, Scott Zankl, am requesting to have all the Excell Auto Group Inc. Inventory below be transferred to the Karma Palm Beach, Inc account.

| Description | Payment Information | | | | | | |
|---|---|---|---|---|---|---|---|
| | CP | Fee | Interest | Paid to Date | DD | Curtailment | Pay Off |
| VIN: 50G6E4SS9NA000066<br>2022 Karma GS 6S Blue | $102,612.35 | $475.00 | $883.50 | $6,745.65 | **12/09/2021** | | $104,070.85 |
| VIN: 50G6E4SS4NA000069<br>2022 Karma GS | $101,800.10 | $475.00 | $876.68 | $6,696.23 | **12/09/2021** | | $103,251.78 |
| VIN: 50GK43SB6LA000129<br>2020 KARMA REVERO GT Grey | $93,862.09 | $475.00 | $651.75 | $0.00 | 12/14/2021 | $5,819.85 | $95,088.84 |
| VIN: 50GK43SBXLA000070<br>2020 KARMA REVERO GT Red | $100,900.80 | $200.00 | $840.90 | $30,485.06 | 01/10/2022 | $13,653.50 | $102,041.70 |
| VIN: 50G6E4SS4MA000006<br>2021 Karma Rivero | $68,821.20 | $200.00 | $19.12 | $54,050.60 | 01/10/2022 | | $69,140.32 |
| VIN: 50G6E4SSXMA000012<br>2021 Karma Rivero | $67,021.20 | $200.00 | $18.62 | $52,507.57 | 01/10/2022 | | $67,339.82 |
| VIN: 50G6E4SSXMA000060<br>2021 Karma Rivero | $78,472.80 | $200.00 | $610.40 | $24,639.69 | 01/11/2022 | $10,619.50 | $79,383.20 |
| VIN: 50GK43SB4LA000114<br>2020 KARMA REVERO GT White | $75,327.84 | $0.00 | $523.00 | $36,991.30 | 03/11/2022 | | $75,950.84 |

Sincerely,

Scott Zankl


| | |
|---|---|
| **From:** | Harry Winderman |
| **To:** | Alan Crane; Aaron Wernick |
| **Cc:** | Nicole Mehdipour (Other); Jason Rigoli |
| **Subject:** | RE: Excell Auto Group |
| **Date:** | Thursday, May 12, 2022 10:44:23 AM |
| **Attachments:** | image001.png |

We have chosen to have scott in our offices tomorrow without documents.  The 341 will need to be either completed or continued at 2:30 tomorrow so that I can attend my granddaughter's deposition.

**Harry Winderman, Esq.**
**WEISS, HANDLER & CORNWELL, P.A.**
**2255 Glades Road, Suite 205E**
**Boca Raton, Florida 33431**
**(561) 997-9995 (Boca)**
**(561) 997-5280 (Fax)**
**HW@whcfla.com**

**CONFIDENTIALITY NOTICE: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.**

**CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.**

**From:** Alan Crane <acrane@furrcohen.com>
**Sent:** Wednesday, May 11, 2022 6:27 PM
**To:** Harry Winderman <hw@whcfla.com>; Aaron Wernick <awernick@wernicklaw.com>
**Cc:** Nicole Mehdipour (Other) <nicolem@ntmlawfirm.com>; Jason Rigoli <jrigoli@furrcohen.com>
**Subject:** RE: Excell Auto Group

| CAUTION: This email originated from outside of your organization. |
|---|

Harry and Aaron,

Usually a debtor does not have documents, other than the schedules and related filed documents, at a 341 meeting.  If Scott wants to be at Karma of Broward and, in front of his computer, to answer questions, the Trustee has no objection as long as he identifies the document(s) he is reviewing. Alternately, or in addition to, if Scott is asked a question and does not know the answer because a document is not in his possession, then he can just identify the document, to the best of his ability, and the last place he saw the document.   Everything else will wait until the Rule 2004 examination. No one is looking for Scott to guess at answers.

Please let me know if you have any questions.

Alan



Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com

******PLEASE NOTE CHANGE IN SUITE NO.

---

**From:** Harry Winderman <hw@whcfla.com>
**Sent:** Wednesday, May 11, 2022 1:25 PM
**To:** Alan Crane <acrane@furrcohen.com>; Aaron Wernick <awernick@wernicklaw.com>
**Cc:** Nicole Mehdipour (Other) <nicolem@ntmlawfirm.com>; Jason Rigoli <jrigoli@furrcohen.com>
**Subject:** RE: Excell Auto Group

Let us be clear, you have all of our records.  We do not have in our possession, custody or control the Blue Cross, the Copier contracts or life insurance information. Scott has provided to the Trustee the insurance agent's contact information and he has requested the information without response. We have sought access to Excell's files in your possession without receiving a response.

We have worked cooperatively and spent hours going over records to correct the claims for vehicles and your belief of commingling of businesses that have impeded the restructuring of Karma PB and Broward.

You have scheduled a very long 341 meeting and apparently intend to take sworn testimony from Scott without giving him access to records and his electronic files.

In addition, you want to take an additional 2004 which I again assume you will want to do without scott having access to the files and his electronic records.

You have learned how productive scott can be when given access to the records in that the Trustee abandoned the Karmas and Mokes.

You have been advised that the vehicles in Mr. Farache's possession are not owned by Excell and are therefore not estate assets yet you have refused to abandon any claim against him and will therefore permit questions at the 341 that have nothing to do with the estate.

Unless Scott can have access to his records and electronic files at the 341, I will move for a protective order and a delay in taking the 341.

Please let me know your position immediately.

**Harry Winderman, Esq.**
**WEISS, HANDLER & CORNWELL, P.A.**
**2255 Glades Road, Suite 205E**
**Boca Raton, Florida 33431**
**(561) 997-9995 (Boca)**
**(561) 997-5280 (Fax)**
**HW@whcfla.com**

**CONFIDENTIALITY NOTICE: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.**

**CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.**

**From:** Alan Crane <acrane@furrcohen.com>
**Sent:** Wednesday, May 11, 2022 12:26 PM
**To:** Harry Winderman <hw@whcfla.com>; Aaron Wernick <awernick@wernicklaw.com>
**Cc:** Nicole Mehdipour (Other) <nicolem@ntmlawfirm.com>; Jason Rigoli <jrigoli@furrcohen.com>

**Subject:** Excell Auto Group

CAUTION: This email originated from outside of your organization.

Harry,

The following documents and information are missing and needs to be resolved by noon tomorrow.

The photo identification of the corporate representative must be sent directly to Ms. Mehdipour.
The required signed ID verification form must be sent directly to Ms. Mehdipour.
The Blue Cross Blue Shield policy – health insurance should be sent to both me and Ms. Mehdipour.
The life insurance policies where Excell is either the owner or beneficiary should be sent to both me and Ms. Mehdipour.
The lease agreements with Konica Minolta for copiers/printers should be sent to both me and Ms. Mehdipour.

All of the above have been requested repeatedly.   The identification documents are required in all cases.   To be clear, the failure to provide the documents by noon tomorrow will be treated as violation of the Turnover Over order.

Alan



Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com

******PLEASE NOTE CHANGE IN SUITE NO.