UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.,

Case No. 22-12790-EPK
Chapter 7

Debtor.
_____/

**INTEGRATED VEHICLE LEASING, INC.'S VERIFIED EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW IT TO RECOVER POSSESSION OF ITS VEHICLE AND TO EXERCISE ITS RIGHTS AND REMEDIES**

**EMERGENCY HEARING REQUESTED**

Local Rule 9075-1 Statement

Integrated Vehicle Leasing, Inc. ("Integrated") owns a 2020 Mercedes Benz Sprinter 3500 (VIN # W1X5EDHY0LT020339] (the "Mercedes") that is leased to EXCELL Auto Group, Inc. (the "Debtor"). The Debtor defaulted on the lease prior to the bankruptcy. The Debtor's principal or others have concealed the location of the Mercedes from Integrated and the Chapter 7 Trustee Nicole Testa Mehdipour (the "Trustee"). The Mercedes' whereabouts are currently unknown. Integrated is tracking its location presently and requests that the Court grant it relief from the automatic stay pursuant to 11 U.S.C § 362(d)(1) and (d)(2) on an emergency basis so that when Integrated locates the Mercedes, Integrated may repossess it without further delay. Otherwise, Integrated may not be able to recover the Mercedes when it is first located and it will be further moved or concealed, and never located again. The Trustee consents to this relief. Integrated asks the Court to set this matter on its 9:30 a.m. calendar on June 1, 2022.

Integrated Vehicle Leasing, Inc. ("Integrated"), through undersigned counsel, and pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), files its Verified Emergency Motion for Relief from the Automatic Stay to Allow it to Recover Possession of Its Vehicle and to Exercise all its Rights and Remedies, and states:

1.  Integrated owns the Mercedes, the title of which is attached as Exhibit "A." On December 23, 2020, Integrated leased the Mercedes to the Debtor pursuant to the Business Open-End Motor Vehicle Lease (the "Lease") attached as Exhibit "B."

2. Prior to the Debtor's April 8, 2022 (the "Petition Date") filing of this bankruptcy, the Debtor defaulted under the Lease which permits Integrated to repossess the Mercedes, and a host of other creditor remedies. As of the Petition Date, the Debtor had failed to make 44 monthly payments. Integrated believes the current value of the Mercedes is less than the sums due under the Lease presently, which approximately is $92,558.65.

3. Upon the Petition Date, the Trustee acquired the Debtor's rights, if any, in the Lease.

4. Integrated is entitled to relief from the automatic stay to enforce its rights against the Mercedes through sale or otherwise under the Lease and applicable state law pursuant to 11 U.S.C. §362(d)(1). For cause, Integrated states that the Debtor failed to adequately protect Integrated's interest in the Mercedes by defaulting on the payments required by the Lease. The Debtor's principal or others have concealed the Mercedes' location from Integrated and from the Trustee, who as of the Petition Date was entitled to immediately receive exclusive possession.

5. Integrated is also entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) because there is no equity in the Mercedes for the benefit of the estate, and the Mercedes is not necessary for an effective reorganization as this is a chapter 7 proceeding.

6. Integrated is hot on the trail of locating the Mercedes, and asks the Court to permit it, as soon as possible, to track it down and take possession on an emergency basis.

7. The Trustee consents to this relief. Integrated asks the Court to waive the 14 day requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3). A proposed order is attached as Exhibit "C."

WHEREFORE the Integrated Vehicle Leasing, Inc. prays this Honorable Court will grant its Verified Emergency Motion for Relief from the Automatic Stay to Allow it to Recover Possession of Its Vehicle and to Exercise all its Rights and Remedies, waive the 14-day stay, and enter its order accordingly.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted this 27th day of May, 2022.

**FENDER, BOLLING, AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
Attorney for Integrated Vehicle Leasing, Inc.
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com

I, Michael Plingos, Vice President of Integrated Vehicle Leasing, Inc., state that the information contained in the foregoing Verified Emergency Motion for Relief from the Automatic Stay to Allow Integrated Vehicle Leasing to Recover Possession of Its Vehicle and to Exercise all its Rights and Remedies is true and accurate to the best of my knowledge.

Michael Plingos
Vice President, Integrated Vehicle Leasing, Inc.

State of ~~Connecticut~~ New York       :
                                        : ss.: _____ (town/city)
County of Nassau                        :

On the 27 day of May in the year 2022, before me, the undersigned officer, personally appeared ~~Mitchell Ball~~ Michael Plingos, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand.

Notary Public

Date Commission Expires: 04/05/2025

RICHARD JOSEPH WIEMER
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01WI6415974
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES 04/05/2025

2984625v1                                3

# Exhibit "A"

Mail Lien Satisfaction to: Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| W1X5EDHYOLT020339 | 2020 | MERZ | VN | 4776 | | 140842542 |

Date of Issue 01/11/2021

**Registered Owner:**
INTEGRATED VEHICLE LEASING INC
734 WALT WHITMAN RD STE 304
MELVILLE   NY 11747-2216

**Lien Release**
Interest in the described vehicle is hereby released
By _____
Title _____ COPY
Date _____

**IMPORTANT INFORMATION**
1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel: http://www.flhsmv.gov/html/titlinf.html

**Mail To:**
12/23/2020
SANTANDER BANK NA
3 HUNTINGTON QUAD STE 101 N
MELVILLE   NY 11747

001-0029240-510

---

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| W1X5EDHYOLT020339 | 2020 | MERZ | VN | 4776 | | 140842542 |

| Prev State | Color | Primary Brand | Secondary Brand | No. of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| FL | BLK | | | | PRIVATE | 12/21/2020 |

| Odometer Status or Vessel Manufacturer or OH use | Hull Material | Prop | Date of Issue |
|---|---|---|---|
| 1000 MILES   12/23/2020 ACTUAL | | | 01/11/2021 |

**Lien Release**
Interest in the described vehicle is hereby released
By _____
Title _____ COPY
Date _____

**Registered Owner**
INTEGRATED VEHICLE LEASING INC
734 WALT WHITMAN RD STE 304
MELVILLE   NY 11747-2216

**1st Lienholder**
12/23/2020
SANTANDER BANK NA
3 HUNTINGTON QUAD STE 101 N
MELVILLE   NY 11747

DIVISION OF MOTORIST SERVICES      TALLAHASSEE      FLORIDA      DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

*Robert R. Kynoch*
Robert R. Kynoch
Director

Control Number **157241274**

*Terry L. Rhodes*
Terry L. Rhodes
Executive Director

---

**TRANSFER OF TITLE BY SELLER** (This section must be completed at the time of sale.)
Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name: _____   Address: _____
Seller Must Enter Selling Price: _____   Seller Must Enter Date Sold: _____
I/We state that this ☐ 5 or ☐ 6 digit odometer now reads |_|_|_|_|_|_| X |_| (no tenths) miles, date read _____ and I hereby certify that to the best of my knowledge the odometer reading:
☐ 1. reflects ACTUAL MILEAGE.    ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS.    ☐ 3. is NOT THE ACTUAL MILEAGE.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here: _____       CO-SELLER Must Sign Here: _____
Print Here: _____                   Print Here: _____
Selling Dealer's License Number: _____   Tax No.: _____   Tax Collected: _____
Auction Name: _____                 License Number: _____

PURCHASER Must Sign Here: _____     CO-PURCHASER Must Sign Here: _____
Print Here: _____                   Print Here: _____

**NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE**

STATE OF FLORIDA

**STATE OF FLORIDA**
**DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**DIVISION OF MOTOR VEHICLES**
2900 Apalachee Parkway • Neil Kirkman Building - Tallahassee, FL 32399-0620
Notice of Sale of Motor Vehicle, Mobile Home or Vessel

Section 319.22(2), Florida Statutes, requires that the seller file a Notice of Sale with the department within 30 days after the sale or transfer of the motor vehicle, vessel or mobile home. Filing this form removes any civil liability for the operation of the sold motor vehicle, vessel or mobile home. In addition to filing this form, we suggest you keep a copy of your bill of sale (we suggest it be notarized), certificate of title or other type of transaction document showing the vehicle was sold. Complete the information below, tear the top portion of this document at the perforation and mail to the address above or submit to your local tax collector's office or license plate agency.

I have this _____ day of _____, _____, transferred by assignment of and delivered Florida Certificate of Title to:

Name: Purchaser(s) _____ Purchaser's DL/ID _____
                    First          MI              Last

Address _____ Selling Price $ _____

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Seller's Signature _____ Co-Seller's Signature _____

NOTE: THE SUBMISSION OF THIS FORM, ACCURATELY COMPLETED, TO A TAX COLLECTOR'S OFFICE, LICENSE PLATE AGENCY OR TO THE ADDRESS ABOVE WILL ALLOW THE TITLE CLERK TO UPDATE THE DMV DATABASE TO REFLECT THE TITLE RECORD AS "SOLD". HOWEVER, THE OWNERSHIP STATUS WILL NOT CHANGE UNTIL THE PURCHASER APPLIES FOR AND IS ISSUED A CERTIFICATE OF TITLE.

[Lower portion of form is heavily obscured/illegible, containing three reassignment sections for licensed dealers with fields for Selling Dealer's License No., Name, Address, Tax No., Tax Collected, Date Sold, Purchaser's Name(s), Address, odometer certification, and signature blocks.]

# Exhibit "B"

Case 22-12790-EPK Doc 117 Filed 05/27/22 Page 8 of 15

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.
DocuSign Envelope ID: 682EA8FD-4B0E-4D5C-9FFC-200D5C593544

# BUSINESS OPEN-END MOTOR VEHICLE LEASE

Lease Account No.: **17550**
Date: 12/23/2020 | 3:15 PM ES

This is a lease agreement between:

**LESSOR:**
INTEGRATED VEHICLE LEASING, INC.
734 WALT WHITMAN ROAD
Melville, NY 11747

**LESSEE:**
EXCELL AUTO GROUP, INC.
1001 CLINT MOORE ROAD
BOCA RATON, FL 33487

1. **AGREEMENT TO LEASE**
   I am leasing the Vehicle described in Item 2 below on the terms set forth in this lease for the number of months shown in Item 3.A. The lease starts on the date the Vehicle is delivered to me (which is called the "starting date" below), and continues for the number of months shown in Item 5 following the starting date, although I recognize that I will continue to be liable for any of my obligations which remain outstanding when the lease is terminated. I understand that you intend to assign and transfer this lease and Vehicle, once it is signed by you and me.

2. **DESCRIPTION OF MOTOR VEHICLE**

| YEAR | MAKE/MODEL | BODY STYLE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|---|
| 2020 | MERCEDES BENZ SPRINTER 3500 | EXECUTIVE CEO BOARDROOM BY MID WEST | W1X5EDHY0LT020339 |

3. **LEASE PAYMENTS AND CALCULATIONS**

   A. Lease term (from starting date)    **60 months**
   B. Capitalized charges:
      1. Mechanical protection plan fee    $ N/A
      2. Sales or use tax*    $ MONTHLY
      3. Other (describe: _____)    $ N/A
      4. Total (Add B1, B2 and B3)    $ N/A
   C. Estimated end of term fair market Wholesale value of vehicle    $ 101.00
   D. Base monthly rent payment    $ 2,085.36
   **E. Monthly sales or use tax    $ 145.98
   **F. Basic monthly rent payment (D plus E)    $ 2,231.34
   G. Other charges payable monthly:
      1. Insurance    $ N/A
      2. Other (describe: _____)    $ N/A
      3. Total (G1 plus G2)    $ N/A
   H. Monthly rent payment (F plus G3)    $ 2,231.34

   *NOTE - Use this Item where lessor pays the sale or use tax upon consummation of the lease and lessee elects to reimburse this obligation as part of monthly rent over the lease term.
   **NOTE - Do not include monthly sales or use tax in any state where these items are paid in full upon consummation of the lease.

4. **PAYMENTS DUE AT INCEPTION OF LEASE**
   I will pay you the following amounts when I sign this lease:
   A. Credit to initial value:    $ N/A
      1. Capitalized cost reduction    $ 22,550.00
      2. Trade-in allowance    $ N/A
      3. Total (A1 plus A2)    $ 22,550.00
   ***B. Sales or use tax    $ 1,578.50
   C. Residual value waiver fee    $ N/A
   D. Mechanical protection plan fee    $ N/A
   E. Initial Payment    $ 4,462.68
   F. Refundable security deposit    $ N/A
   G. Delivery charge    $ N/A
   H. First year license, title, inspection and registration fees    $ N/A
   I. Gap insurance waiver fee    $ N/A
   J. Other (describe: Acquisition Fee)    $ 0.00
   K. Purchase option fee    $ N/A
   L. Total payment due at inception (sum A through K)    $ 28,591.18

   ***NOTE-Sales or use tax paid at consummation of lease includes tax on Item 4A3, if applicable, and the additional tax due. Do not complete this Item if lessor pays the tax and lessee elects to reimburse this obligation as part of monthly rent over the lease term.

5. **LEASE TERM AND PAYMENT OBLIGATIONS**
   A. I will pay the initial payment of $4,462.68 on signing this lease. I will pay 58 subsequent monthly rent payments of $2,231.34 on the same day as the starting date in each succeeding month, or on such other day as you may designate. I agree to pay you monthly rent payments, and any other amounts I owe you under this lease, at your offices designated above, or if the lease and Vehicle are transferred by you, then at such place as designated by the person to whom the lease and Vehicle are transferred. I recognize that if the monthly rent payments include sales or use tax (Item 3E), it is because the state in which the Vehicle will be principally operated and/or garaged (Item 2Y) requires that such payments be made monthly; therefore, if the tax rate changes during the term of the lease, the monthly rent payments may vary to the extent of any tax increase or decrease.
   B. I agree that the monthly rent payments and other sums due under this lease shall not be subject to any defense, claim, set-off, counterclaim or recoupment whatsoever including, but not limited to, any claim I may have with respect to any insurance policy or mechanical protection plan, by reason of any damage to, loss or destruction of the Vehicle or by any interruption from any cause whatsoever (other than from your wrongful act) in the use, operation or possession of the Vehicle.

6. **PURCHASE OPTION**
   A. At the end of the term of this lease and provided I am not in default as described in Item 29, I will have the option to purchase the Vehicle from you on an "AS-IS, WHERE-IS" basis. I shall exercise this option by mailing or delivering a notice in writing which must be received by you within five (5) days after the end of the term of this lease. The purchase price will be the sum of the following: (1) A $250 purchase fee; plus (2) A $75 document processing fee; plus (3) An amount equal to the fair market wholesale value of the Vehicle at the end of the term of the lease. You and I have discussed the fair market wholesale value of the Vehicle at the end of the term of the lease and determined that it will be $101.00, the amount set forth in item 3C; plus (4) All monthly rent payments and other charges then past due, including, but not limited to, payment of any sums due under applicable law for parking violations or otherwise due; plus (5) Any official fees and taxes imposed in connection with my purchase of the Vehicle.
   I HAVE READ AND AGREE TO THE TERMS ON ALL PAGES OF THIS LEASE. THE PARTIES HAVE EXECUTED THIS LEASE THE DATE AND YEAR SET FORTH ABOVE.
   IF SALES TAX IS NOT PAID MONTHLY, FINANCED, OR PAID TO INTEGRATED VEHICLE LEASING, INC. ANY AND/OR ALL APPLICABLE TAXES & FEES TO BE THE SOLE RESPONSIBILITY OF THE LESSEE

| INTEGRATED VEHICLE LEASING, INC. | | EXCELL AUTO GROUP, INC. | |
|---|---|---|---|
| Lessor DocuSigned by: *Michael Plingos* By ADA17FF263294BD... | vice-president Title | Lessee DocuSigned by: *KRISTEN N ZANKL* By 186C4742FA374C5... | OWNER Title |

**GUARANTY**
THE PERSON SIGNING BELOW ACKNOWLEDGES RECEIVING AND READING THE CO-SIGNER NOTICE PROVIDED BY LESSOR, PRIOR TO EXECUTING THIS GUARANTY; AND IN ADDITION, ABSOLUTELY GUARANTEES AND AGREES TO BE RESPONSIBLE FOR THE FULL PAYMENT AND DUE PERFORMANCE OF THE LESSEE'S OBLIGATIONS UNDER THIS LEASE, AND SUCH GUARANTOR CONSENTS TO ANY MODIFICATION OR EXTENSION OF THIS LEASE, WAIVES NOTICE OF ALL MODIFICATIONS, EXTENSIONS AND DEFAULTS UNDER THIS LEASE, AND AGREES THAT THE TERMS AND PROVISIONS OF ITEM 30 AND ITEM 31 ARE MADE A PART OF AND INCORPORATED BY REFERENCE IN THIS GUARANTY.

SIGN HERE → *KRISTEN N ZANKL*

| Guarantor | | | |
|---|---|---|---|
| Name: KRISTEN N ZANKL 186C4742FA374C5... | Name: | Name: | |
| Address 16937 PIERCE CIRCLE | Address | Address | |
| City State Zip DELRAY BEACH, FL 33446 | City State Zip | City State Zip | |
| Area Code and Telephone # 561-289-4558 | Area Code and Telephone # | Area Code and Telephone # | |

Lessor Initials: MP    Page 1 of 5    Lessee Initials: KNZ

This retention copy was created on Dec 31, 2020 07:53:44 AM for Integrated Vehicle Leasing, Inc..

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service

  B. If a purchase option is granted to me under this lease by inserting the amount of the fair market wholesale value of the Vehicle in Item 6A(3), at the inception of this lease I will pay the purchase option fee set forth in Item 4K.
  C. Upon my exercise of the purchase option and your receipt of all amounts payable in Item 5A, I understand that you shall transfer title to the Vehicle to me, WITHOUT WARRANTY, EXPRESS OR IMPLIED OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR ANY OTHER MATTER WITH RESPECT TO THE VEHICLE, and ITS ACCESSORIES OR COMPONENTS.
  D. I ACKNOWLEDGE AND UNDERSTAND THAT THIS LEASE IS A TRUE LEASE AND THAT I WILL HAVE NO EQUITY OR OTHER OWNERSHIP RIGHTS IN THE VEHICLE AND ANY AND ALL REPLACEMENTS, PARTS OR ADDITIONS TO THE VEHICLE, UNLESS I PURCHASE THE VEHICLE BY EXERCISING THE PURCHASE OPTION PROVIDED IN THIS ITEM.

**7. LATE CHARGES**

If any monthly rent payment is not received by you within 10 days of its due date, I will pay you, on demand, a late charge of (a) **8 cents** per each dollar of that payment or (b) such lesser amount as may be provided by applicable law. As used in this lease, the words "applicable law" refer to all applicable, federal, state and local laws, rules and regulations. In addition, if I make any payment by check that is returned for any reason, I agree to pay a **$25** redeposit fee to you.

**8. INSURANCE**

  A. I understand that I am required to pay for and maintain in full force and effect during the entire term of this lease, and until I return the Vehicle to you an insurance policy providing for the following minimum coverages: (1) Public liability for bodily injury or death to any one person for **$250,000** and for any one accident for **$500,000**; Will also accept $300,000 combined single limit.
  (2) Property damage liability for **$50,000**;
  (3) Collision for the value of the Vehicle with a deductible of **$1500** or a maximum of 5% of cost of vehicle payable in cash (not to exceed $5,000 deductible) - Cannot be a replacement vehicle.
  (4) Comprehensive, including fire and theft, for the value of the Vehicle with a deductible of **$1500** or a maximum of 5% of cost of vehicle payable in cash- (not to exceed $5,000 deductible) - Cannot be a replacement vehicle
  (5) Gap insurance covering the difference between my termination liabilities (defined in Item 11 below) and the insurance proceeds you receive with respect to any insured loss covered by the insurance policy under Item 8A3 and Item 8A4.

I understand that the policy must provide you with primary coverage as an additional insured and loss payee on all coverages and cannot contain excluded driver provisions or endorsements. The insurance policy I obtain must be approved by you and must provide that you will be given at least 10 days advance written notice of any cancellation, reduction or any other material change in coverage. Both before the Vehicle is delivered to me and at any later time, I must give you whatever written proof you request showing that I have obtained the insurance required above. I understand that I will be in default under this lease if I fail to comply with any provision of an insurance policy (whether provided by you or obtained by me) including, but not limited to, non-payment of premiums or charges or providing any required notice or cooperation. In addition, I agree to pay the specified deductible limit, as indicated above, upon demand, and I will notify you immediately upon discovery of any damage to or loss of the Vehicle (whether by accident, theft, malicious mischief, vandalism, unknown origin or otherwise), and provide written notice to you, the insurance company specified in the insurance policy, and the proper governmental authority as to such event **within** 24 hours or such sooner time as may be required by either the insurance policy or applicable law. If I fail to comply with any insurance policy or to notify you and the insurance company as to any insured claim, damage or loss to or of the Vehicle and the proper governmental authority, I will pay for the cost of such damage or loss, on demand, and if such damage or loss includes physical damage to the Vehicle, such damage is to be determined in accordance with Standards for Wear And Use under Item 20. If an insurance payment for damage or loss is insufficient to cover your damage or loss (or that of any third party), then I will pay the full amount of any difference to you, on demand. If I do not obtain or maintain the insurance coverages, as required above, you may, but are not obligated to, purchase such insurance at my expense and, on demand, I shall reimburse you for the cost of such insurance and your expenses and costs in obtaining same to the extent permitted under applicable law.

  B. I hereby irrevocably appoint you as my Attorney-in-Fact to act for me with respect to any insurance policy (whether provided by you or me) and/or the mechanical protection plan obtained by me as in Item 9 below: to determine what is a reasonable sum for the settlement of any claim or suit for property damage to or loss of the Vehicle or its theft and to settle such claim or suit; to execute in my name or your name, or both, any proof of claim or loss; to receive payment and execute or endorse my name on any settlement, draft or check; and to take and apply insurance proceeds and/or sums received from the mechanical protection plan to my liability under this lease. Nothing contained in this Item shall obligate you to act for me or in my behalf at any time, and your failure to act for me at any time will not relieve me of any obligation under this lease.

**9. DEFINITIONS**

As used in this lease, the words "I", "me" or "my" refer to the lessee leasing the Vehicle, "you" or "your" refer to the lessor, "we", "our" or "us" refer to both the lessee and the lessor, and "vehicle" refers to the motor vehicle described in Item 2, above. Upon any assignment or transfer by you of this lease and Vehicle, the person to whom the transfer is made shall, in all applicable places in this lease, be considered "you"; and the reference to "person" when used in this context includes in its meaning a corporation or other entity.

**10. VEHICLE RETURN AND TERMINATION LIABILITY**

I agree to return the Vehicle to you at your address set forth above, or at the address of the person to whom you may transfer this lease and Vehicle or to such other address as you may designate, whether at the end of the lease term (regardless of whether I am granted an option and choose to purchase the Vehicle), or upon my default as described in Item 29. I also agree in that case to pay you my termination liability as determined in Item 12, 14 or 17, whichever is applicable. As used in this lease, the words "termination liability" refer to the amount of the payment I will be required to make where the lease expires at the end of the lease term, as determined in Item 12, or the amount of the payment I will be required to make where the lease terminates before the end of the lease term, as determined in Item 14 or 17. If I fail to return the Vehicle to the place you specify, I will pay you, on demand, your costs to move the Vehicle to such place, as specified in Item 29, plus a fee of **$150**.

**11. END OF TERM LIABILITY**

I agree that the estimated end of term fair market wholesale value of the Vehicle in Item 3C is based on a reasonable, good faith estimate of the value of the Vehicle at the end of the lease term, based in part, on my estimate of the miles the Vehicle will be driven as set forth in Item 18 and my compliance with Item 19, Item 20 and other provisions of this lease. I understand that I have no right to extend this lease and that if it has not been previously terminated, the lease terminates at the expiration of the term. I agree that if I have been granted a purchase option and I do not then purchase the Vehicle, my termination liability, payable to you on demand, will be the sum of:

  (A) A disposition fee of $250.00; plus $75.00 Documentation Processing Fee
  (B) Any monthly rent payments already due you which are unpaid and any other amounts arising from my failure to keep my promises under this lease including, but not limited to, any charges I may owe under Items 18, 19, 20 and 21; plus
  (C) Where the estimated end of term fair market wholesale value of the Vehicle in Item 3C exceeds the realized value of the Vehicle, as determined in Item 13, the difference ; plus
  (D) Any official fees and taxes imposed in connection with the termination of this lease.

If the realized value of the Vehicle, as determined in Item 13, exceeds the estimated end of term fair market wholesale value of the Vehicle in Item 3C, such excess shall be divided equally between us provided that I am not then in default under this lease. I will have no further liability under this lease, except for other rent or charges which are owing or I am required to pay.

**12. VEHICLE VALUATION AT END OF LEASE TERM**

  A. Upon the return of the Vehicle, whether at the end of the term of the lease or upon my default, as described in Item 29, the realized value of the Vehicle will be established for purposes of determining my termination liability. The realized value of the Vehicle shall be determined by your obtaining a written cash offer to purchase and/or to sell the Vehicle at wholesale, at such time and place, and for such price and on such terms as you may deem advisable including, but not limited to, at auction, with such offer and/or the proceeds of such sale or auction being deemed the realized value.
  B. The realized value will not include any official fees and taxes imposed upon a sale or disposition of the Vehicle, or any expenses you may incur in connection with such sale or disposition including, but not limited to, storage, repossession, repairs under Item 20 and your reasonable attorney's fees and I will be responsible for all of these costs in addition to the realized value.

**13. EARLY TERMINATION**

Lessor Initials [MP]    Page 2 of 5    Lessee Initials: X [ENZ]

Case 22-12790-EPK    Doc 117    Filed 05/27/22    Page 10 of 15
DocuSign Envelope ID: 682EA8FD-4B0E-4D5C-9FFC-200D5C593544

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

- A. I have no right to terminate this lease early. However, I understand that the lease terminates automatically without notice, at your option, in the event of my default as described in Item 29.
- B. In the event of my default, in addition to your rights and remedies provided under Item 29, I agree that my termination liability, payable to you on demand, shall be the following:
  - (1) If the Vehicle is returned or repossessed, the difference, if any, between: (a) the estimated end of term fair market wholesale value of the Vehicle in Item 3C, plus a disposition fee of **$175**, plus all monthly rent payments and other charges then past due including, but not limited to, amounts I may owe under Items 18, 19, 20, 21 and 29 and the full amount of all remaining monthly rent payments as specified in the lease term, less such part of said remaining monthly rent payments as may be allocated to unearned charges in Item 3G; and (b) the realized value of the Vehicle, as determined in Item 13, plus the following sums which have been received by you: all base monthly rent payments (Item 3D) and any security deposit (Item 4F).
  - (2) If the Vehicle is not returned or repossessed, the difference, if any, between: (a) all sums as calculated and determined in accordance with Item 14B(1)(a); and (b) all sums as calculated and determined in accordance with Item 14B(1)(b), except that when Item 14B(1)(b) is calculated, it shall not include any realized value of the Vehicle but shall include the full amount of any insurance proceeds you have received.
- C. I understand that if the sum calculated under Item 14B(1)(b) exceeds the sum calculated under Item 14B(1)(a), I will have no further liability under this lease, except for other rent or charges which are owing or I am required to pay.

**14. RESIDUAL VALUE WAIVER**

Although I am not required to do so, in lieu of my responsibility under Item 12(c), I may elect upon signing this lease, to purchase from you a residual value waiver for the fee set forth in Item 4C. If I elect to do so, and if I am not in default at the end of the term of this lease, I will not be responsible for paying any difference between the realized value of the Vehicle, as determined in Item 13, and the estimated end of term fair market wholesale value of the Vehicle in Item 3C. However, I will be responsible for paying all monthly rent payments, and other charges then past due including, but not limited to, amounts I may owe under Items 18, 19, 20 and 21.

**15. OFFICIAL FEES AND TAXES**

I agree to maintain current registration of the Vehicle and will pay when due all taxes and official fees imposed by applicable law upon the Vehicle, lease or rent, (other than your net income taxes), including personal property taxes, sales, use or operating taxes and license, title, inspection and registration fees. I understand that the charges for official fees and taxes set forth above are an estimate and if the official fees or tax rate or the method of paying such taxes changes during the term of this lease, the monthly rent payments may vary to the extent of any increase or decrease. I will reimburse you, on demand, for the full amount of fees, taxes, expenses or charges paid by you which are my obligation under the above provisions, and each time I fail to pay an official fee or tax which you pay for me, I will pay you **$50** as a processing fee.

**16. VEHICLE DAMAGE, THEFT OR DESTRUCTION**

I agree to be responsible for and bear the risk of damage, destruction, confiscation, theft, loss, conversion or abandonment of the Vehicle during the lease term and until I return the Vehicle to you and to immediately notify you, the insurance company and any proper governmental authority in the event or threat of any such happening. If the Vehicle is damaged and, in your sole opinion, it is a total loss, or the same is stolen and not recovered, or is subject to undue peril, or if any other occurrence or condition included above happens, you reserve the right to terminate this lease as of the end of the month in which such event occurs or such later date as you may determine. You will not provide a substitute vehicle. Upon such termination of this lease, my termination liability payable to you on demand, will be calculated and determined under Item 14B(2) or your actual damages under Item 29, whichever you may elect. While my termination liability shall be reduced by any insurance proceeds you receive, I also acknowledge my liability, as stated in Item 8, for any difference between my termination liability and the amount of such insurance proceeds.

**17. VEHICLE MAINTENANCE**

I agree that I am responsible to maintain the Vehicle in good working order and condition, to comply with the Vehicle manufacturer's recommendations and specifications, to pay all expenses incurred in the use and operation of the Vehicle including, but not limited to, gasoline, oil, lubrication, repairs, anti-freeze, tire rotation, storage, parking, servicing, towing, tolls and fines. I will reimburse you, on demand, for the full amount of expenses or charges paid by you which are my obligation under the above provisions, plus **$25** as a processing fee for each occasion. Unless I obtain your written consent beforehand, I will not make any changes to the Vehicle such as adding, removing or modifying any accessories, equipment or parts or painting, lettering or otherwise decorating the Vehicle. I agree that any and all parts, accessories and equipment added to the Vehicle shall become your property without any cost to you. I understand that I am obligated to add any state or federally mandated emission control, airbag or other safety or environmental protective systems to the Vehicle which are not on the Vehicle prior to delivery to me.

**18. STANDARDS FOR WEAR AND USE**

I agree that upon termination of this lease and the return of the Vehicle to you, the Vehicle will be in the same condition as delivered, subject only to the following conditions of reasonable usage: the Vehicle must be operating and in good mechanical condition, with no missing parts or equipment; a matching set of 4 tires (with a spare of the type provided by the manufacturer of the Vehicle) must be on the Vehicle with at least 25% tread remaining; no scratches, chips, rusted areas or dents over 1 inch long (or a series or combination of the foregoing extending over 1 inch); no mismatch of paint; no inoperative mechanical or electrical systems; no windows or windshields cracked, broken, scratched, pitted or chipped; no broken lenses or sealed beams; no dents in bumper over 6 inches long; no scratches through any chrome to metal over 2 inches long; no broken grills or dents in the same over 3 inches long; no broken head or tail lights; no missing moldings or dents in the same over 1 inch long; no defective emission control, environmental protective system, airbag or other safety system; and no seats, seat backs, headliner, door panels, carpets, dashboard or other decorative or protective coverings torn, burned or defaced. If the Vehicle is not returned to you in good working order in accordance with the conditions of reasonable usage stated above, I promise to pay you, on demand, the cost for such repairs, plus **$100** as a processing fee.

**19. USE AND OPERATION OF VEHICLE**

**I represent that the Vehicle will be principally operated and garaged in the State of [ FL ] or, if blank, New York and will be used by me for business purposes only.** I understand that I am responsible for the operation of the Vehicle (by myself and others) pursuant to applicable law and I will pay all fines, forfeitures or penalties incurred in connection with the use of the Vehicle, including all traffic and parking violations. I will not use or permit use of the Vehicle, as follows: for any unlawful purpose or in violation of any applicable law; in a reckless or an abusive manner; by a person not having my express written permission or a valid driver's license with at least 5 years of licensed driving experience, or one who for insurance purposes is deemed an assigned risk or one who does not exercise due care in operation; while left unattended with the ignition running or with the ignition key left in the Vehicle; by a person who has had more than 3 moving violations within 36 months prior to operating the Vehicle, or one who has ever been convicted of a felony, or any misdemeanor relating to reckless operation of a motor vehicle, or one who has had more than 2 chargeable accidents or 3 non-chargeable accidents within 36 months prior to operating the Vehicle; by a person under 21 years of age; for the transportation of persons or goods for hire; outside of the State where I represent the Vehicle is principally garaged exceeding 30 days without your prior consent; outside the United States or Canada without your prior consent; for racing or similar purposes; to teach driving for a charge; or for lease or rental to others.

**20. ASSIGNMENT**

I understand that I have no right to transfer any interest in this lease or Vehicle or to sublet or lend the Vehicle. I acknowledge that you may transfer all or any part of your interest in this lease and Vehicle, and I consent to such transfer. Upon receipt of notice of any transfer, I will make any payments due under this lease to such person as specified in the notice. I agree that all of the payments due to the person to whom you may transfer this lease and Vehicle will be free of any claims I may have against you and that I will pay all sums due under this lease, whether designated as monthly rent payments or otherwise, even though I may have a defense, claim, set-off, counterclaim or recoupment against you, the manufacturer of the Vehicle or its dealer. I acknowledge that the person to whom you may transfer this lease and Vehicle is not responsible for the performance of any of your duties under this lease unless such person expressly assumes the duties. I acknowledge that I hold the Vehicle and retain its possession for your benefit or that of the person to whom you may transfer this lease and Vehicle, and this lease is subject and subordinate to your rights or those of such person.

**21. TITLE**

This is an agreement of lease only; unless I purchase the Vehicle pursuant to an option granted under Item 6, title to the Vehicle shall remain at all times, in your name or the name of the person to whom you may transfer this lease and Vehicle, irrespective of the method of registration of the Vehicle. You may inspect the Vehicle at any reasonable time. If pursuant to applicable law this lease shall become a security agreement, you or the person to whom you may transfer this lease and Vehicle may make a filing under the appropriate title laws or Uniform

Lessor Initials: MP ──DS            Page 3 of 5            Lessee Initials: X ENE ──DS

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service
DocuSign Envelope ID: 682EA8FD-4B0E-4D5C-9FFC-200D5C593544

Commercial Code, without my signature, at my expense and the security interest then retained by you or your transferee shall include the Vehicle, lease, insurance provided under this lease whether by me or you, and the proceeds of all the foregoing.

**22. LIENS AND INDEMNITY**
A. I promise that I will not create or permit to continue any lien or encumbrance (including an attachment or levy under legal process) of any nature on this lease or Vehicle.
B. I will indemnify you and any person to whom you may transfer this lease and Vehicle against any and all losses, damages, claims and expenses, including your reasonable counsel fees, which may arise or be incurred, directly or indirectly, from the use, condition or ownership of the Vehicle or my breach of any provision of this lease. I also understand that this indemnity covers any claim made against you under the doctrine of strict liability, meaning your responsibility just by reason of being the owner of the Vehicle. The word indemnity means that I will be responsible to pay you if you are held responsible to pay another person. My obligations under this Item continue even though this lease ends or you repossess the Vehicle.

**23. SECURITY DEPOSIT**
The security deposit shown in Item 4F will not be considered as rent, will not bear interest unless otherwise required by applicable law, and will not release me from any of my obligations to you, and you may, at any time, apply the deposit to payment of my obligations to you. I understand that you will return any remaining balance of the deposit after I have paid my termination liability. If at any time, you apply any or all of the security deposit to any of my obligations to you, I will promptly deposit with you an amount equal to the amount so applied, and this new deposit shall be added to restore the security deposit to its original amount.

**24. SECURITY INTEREST**
As security for the payment of the sums due and the performance of my obligations under this lease, I give to you a security interest in: (a) the refundable security deposit, which will be returned to me after this lease is paid in full, and otherwise in accordance with Item 25; (b) any money I keep with you, with full right of set-off and I give you a continuing right to apply such money without prior notice to me to amounts due under this lease; (d) your interest in the proceeds of the insurance required by Item 8 and the proceeds of the mechanical protection plan, if purchased by me.

**25. MORE THAN ONE LESSEE**
If more than one person signs this lease as a lessee, all of such persons will be both individually and as a group responsible for the performance of the obligations under this lease. I agree that you can waive or delay enforcement of your rights as to any such person, without notice to me, and if you do so, I will not be released from my obligations. I also agree that if you release any such person, I will still be liable for such obligations, without releasing any other such persons from their obligations.

**26. LIMITATION ON LESSOR'S LIABILITY**
Neither you nor any person to whom you may transfer this lease and Vehicle shall be liable for any failure to perform any of your promises or other responsibilities under this lease due to fire or other casualty, riot, strike, labor difficulty, governmental regulation or restriction, or any cause beyond your reasonable control, or for any loss of profits or other consequential (direct or indirect) damages or inconvenience which may result to me from any damage to or defect in the Vehicle or for the time needed to repair or service the Vehicle, or for your failure or delay in delivery of the Vehicle to me after we sign this lease. Payment of monthly rent and other charges shall continue and not be reduced or delayed as a result of these matters after the starting date. You shall have no obligation to provide a replacement vehicle for any reason or at any time.

**27. DEFAULT AND REMEDIES**
A. This lease may be terminated by you, at your option, without notice, upon the occurrence of any of the following events which shall constitute a default under this lease: failure to pay as and when due, any monthly rent payment or other sum provided under this lease to be paid to you; failure to meet or perform any of my obligations under this lease or a breach of any of its terms or provisions; providing false or misleading information in my credit application; failure to provide the insurance required under Item 8, including non-payment of premiums or any required notice or cooperation under an insurance policy; appointment of a trustee or receiver for my assets; obtaining a judgment against me or an execution or attachment against my property; my refusal to accept delivery of the Vehicle; failure to pay any amount due you or any amount due for taxes, official fees, license, title, registration, inspection or other fees for the use of the Vehicle; seizure of the Vehicle by the government for violation of any applicable law; or my death or insolvency or that of any guarantor of my lease obligations or if any bankruptcy, receivership, reorganization shall be commenced".
B. Upon an event of default and termination of this lease, you may do any or all of the following without giving me advance notice: take any reasonable measures designed either to correct the default or to save yourself from loss, such as purchasing insurance to protect your interests if I fail to fulfill my obligations under Item 8, in which case I will immediately reimburse you for the costs and expenses incurred plus a processing fee of **$100**, if permitted under applicable law; terminate this lease and my right to possess and use the Vehicle; take possession of the Vehicle wherever it may be found and by any method or manner permitted by applicable law; take possession of all property found in the Vehicle on repossession and store such property on my behalf at my expense or dispose of it in accordance with applicable law; determine my termination liability as provided in Item 14, which I agree to pay immediately; and recover from me interest at the highest rate permitted under applicable law on all expenses incurred by you and on all obligations which I owe after termination of this lease. I understand that your repossession and sale of the Vehicle as provided in Item 14, shall not affect your right to recover from me any and all damages which you shall have sustained by reason of my breach of any of the terms of this lease and that the remedies provided under this lease are cumulative and in addition to any other remedies in your favor permitted by applicable law. I also agree in the event of my default to be liable for all your collection, repossession and storage costs including, but not limited to, your reasonable attorney's fees and court costs. At your option, my breach of or default under any provision of this lease or the termination of this lease, as above, (other than by due performance through the specified term of the lease) shall be considered a breach of or default under any other agreement between you and me, permitting your termination of any such agreement, and any breach of or default under such agreement shall be deemed a breach of or default under this lease.
C. Upon an event of default and termination of this lease, you may elect to recover from me, on demand, any of the following: (I) my termination liability and your repossession expenses and reasonable counsel fees; or (ii) all consequential (direct or indirect) damages resulting from, relating to, and sustained by you, from the starting date of this lease through the month of termination including, but not limited to, return of the Vehicle, overhead costs, loss of profit, loss of monthly rent payments through the balance of the lease term, depreciation in the value of the Vehicle, sums calculated as due in excess of Standards For Wear and Use in Item 20, sums calculated as due under Item 16, Item 17, Item 18, Item 19, Item 21 and your repossession expenses and reasonable counsel fees; or (iii) your liquidated damages, as follows: return of the Vehicle and/or receipt of insurance proceeds, plus the sum of all monthly rent payments and other charges then past due, from the starting date through the month of termination or the date the Vehicle is returned or repossessed by you or the date on which you receive insurance proceeds, whichever is later, plus a sum equal to **25%** of the balance of the monthly rent payments following termination or your recovery of the Vehicle or your receipt of insurance proceeds, whichever is later, and your repossession expenses and reasonable counsel fees. As to the liquidated damages, I acknowledge that at the starting date it is impossible to determine the condition of the Vehicle at termination, the effect such condition may have upon the Vehicle's market value at termination, the difficulty in determining the general market for used vehicles or the comparable cost of a new Vehicle in relation to the used Vehicle at termination, the effect of inflationary factors and/or other economic conditions from the starting date to termination, the difficulty in calculating your loss attributable to overhead in relation to the Vehicle, that the Vehicle may have accessories selected by me, suitable primarily to my needs, that other conditions may prevail in the market place after commencement and termination which may make calculation of your loss difficult, and that you engage primarily in leasing new vehicles (not used) and therefore, at termination, you will be unable to obtain a lessee for the used Vehicle and will be required to sell the Vehicle at wholesale. Under these circumstances, I acknowledge that the liquidated damages are fair and reasonable.

**28. GENERAL**
We further agree, as follows: this lease shall not become enforceable until both you and I sign this lease; this lease will be considered signed by you only after one of your officers has signed, initialed where necessary, and delivered a copy to me; your waiver or delay in requiring me to keep any of my obligations or in enforcing your rights under this lease, will not affect your ability to require me to keep the same obligations or to enforce your rights afterwards; notices under this lease must be in writing addressed to the appropriate one of us (or to the person to whom you may transfer this lease and Vehicle) at the address shown in this lease and must be mailed by U.S. Mail, first class postage prepaid, and we shall each notify the other of a change in address; you shall not be responsible for loss of or damage to my personal property in the Vehicle during or after termination of this lease; and this lease will be governed by and interpreted according to the laws of the State of New York and is binding on each of our heirs, personal representatives, successors and transferees. Upon any assignment or transfer by you of this lease and Vehicle, the person to whom the transfer is made shall, in all applicable places in this lease, be considered "you"; and the reference to "person" when used in this context includes in its meaning any entity including, but not limited to, a corporation.

**.29. LEGAL PROCEEDINGS**

Lessor Initials: MP        Page 4 of 5        Lessee Initials: KNE

This retention copy was created on Dec 31, 2020 07:53:44 AM for Integrated Vehicle Leasing, Inc..

IN CONNECTION WITH ANY ACTIONS OR PROCEEDINGS ARISING, DIRECTLY OR INDIRECTLY FROM THIS LEASE OR ANY GUARANTY OF THIS LEASE, I AND ANY GUARANTOR OF THE LEASE: CONSENT TO THE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT LOCATED WITH THE STATE OF NEW YORK, THE COUNTIES OF NEW YORK, NASSAU OR SUFFOLK, OR THE SOUTHERN OR EASTERN DISTRICTS OF THE UNITED STATES DISTRICT COURT, AND AGREE THAT ALL SUCH ACTIONS OR PROCEEDINGS SHALL BE LITIGATED ONLY IN SUCH COURTS; WAIVE PERSONAL SERVICE OF ANY LEGAL PROCESS AND CONSENT THAT SERVICE OF PROCESS MAY BE MADE BY PREPAID CERTIFIED OR REGISTERED MAIL, RETURN RECEIPT REQUESTED, AND DIRECTED TO THE ADDRESS SET FORTH IN THIS LEASE OR AS OTHERWISE SPECIFIED IN WRITING, AND SERVICE SO MADE SHALL BE COMPLETE 5 DAYS AFTER POSTING. IN ANY ACTION OR LEGAL PROCEEDING ARISING, AS ABOVE, I AND ANY GUARANTOR OF THIS LEASE WAIVE TRIAL BY JURY AND THE RIGHT TO ASSERT ANY COUNTERCLAIM OR OFFSET OF ANY NATURE AND THE SUCCESSFUL PARTY SHALL BE ENTITLED TO RECOVER ITS REASONABLE COUNSEL FEES AND THE EXPENSES OF SUCH LITIGATION. IN ANY SUCH ACTION OR LEGAL PROCEEDING, THE COURT SHALL APPLY SUCH RULE OF LAW OF THE STATE OF NEW YORK, INCLUDING ANY CONFLICTS OF LAW RULE, TOGETHER WITH THE LAW OF ANY SISTER STATE, WHICH SHALL HAVE THE EFFECT OF SUSTAINING THE VALIDITY OF ALL OF THE TERMS AND PROVISIONS OF THIS LEASE.

### 30. ENTIRE AGREEMENT
This lease comprises the entire agreement of the parties and it may not be changed except by an agreement in writing signed by or on behalf of all parties to this lease. No representation, promise, inducement or statement of intention has been made by you or on your behalf which is not embodied in this lease and you shall not be bound by or liable for any representation, promise, inducement or statement of intention not set forth in this lease. If any part of this lease is found by a court to be invalid, illegal or unenforceable, that finding will not affect the other parts of this lease, which shall continue in full force and effect as though such provision had not been set forth.

### 31. HEADINGS
The headings and captions in this lease are for convenience of reference only and are not to be interpreted as defining or limiting in any way the scope or intent of the provisions of this lease.

### 32. OCCURRENCES SUBSEQUENT TO SIGNING OF LEASE
You will not be responsible for any damages I may incur if there is any delay in delivery of the Vehicle after the lease is executed by both of us. If you are unable to obtain the Vehicle within a reasonable time after you sign and deliver this lease to me, you may return all payments which I have made and send me a letter canceling this lease, upon my receipt of such letter and my payments, this lease will be terminated and neither of us will have any further obligations under this lease.

### 33. CREDIT REPORTING
I agree that a consumer credit report may be requested periodically from one or more consumer reporting agencies (credit bureaus) and used in connection with my lease application and any update, renewal or extension of this lease. If I request, I will be informed whether any consumer report was requested and, if so, of the name and address of the consumer reporting agency that furnished the report. I agree that you may exchange credit information about me with others in connection with my lease application, my lease, and any of my obligations to you.

### 34. OBLIGATIONS SURVIVING TERMINATION
After this lease terminates for any reason whatsoever, I will continue to be obligated to you under this lease for any sums due under applicable law, whether for parking violations or otherwise and for any existing liabilities under this lease which I failed to disclose to you prior to transfer of title, if termination occurs pursuant to Item 6 or in connection with termination under any other Item of this lease.

### 35. TRADE IN VEHICLE
If I receive a trade in allowance (Item 5A2), I will be trading in to you a used motor vehicle. I warrant and represent to you that I own the trade-in vehicle free and clear of all liens and encumbrances, that the odometer reading on such vehicle is true and accurate and that I have fully complied with all applicable law in transferring the trade-in vehicle to you including, but not limited to, the Federal Truth in Mileage Act of 1986, as amended.

### 36. NEW VEHICLE WARRANTIES
I understand that you make no warranty, express or implied, of merchantability or fitness for a particular purpose or any other matter with respect to the vehicle and that the vehicle is leased "as is". if the vehicle is subject to a manufacturer's new vehicle warranty, you transfer to me all the rights and remedies you have under that warranty to the extent they are transferable. i have selected the vehicle, its accessories and components, relying solely upon the manufacturer's standard limited warranty, if available, and you are purchasing the vehicle, its accessories and components at my request.

### 37. THE ABOVE MENTIONED LESSEE AND/OR PERSON(S) DRIVING THE ABOVE MENTIONED VEHICLE(S) WILL BE RESPONSIBLE FOR ANY MOTOR VEHICLE VIOLATIONS SUCH AS BUT NOT LIMITED TO, PARKING TICKETS, EZ PASS
(TOLL VIOLATIONS) RED LIGHT CAMERA TICKETS INCURRED WHILE DRIVING THE ABOVE MENTIONED VEHICLE(S)

INITIAL [KNZ]

### 38. DELIVERY RECEIPT:
I acknowledge that I have received and examined the vehicle described at the beginning of this lease, that the vehicle is equipped as described and is in good operating order and condition and that I accept the vehicle for all purposes on this lease.
I acknowledge the vehicle leased herein is a

Used _____    New vehicle __X_____

SIGN: KRISTEN N ZANKL

### 39. CREDIT REPORT AUTHORIZATION
I hereby acknowledge that the lessor and or lender has or may make credit inquiries as stated in item 33 of this lease

SIGN: KRISTEN N ZANKL                       SIGN: _____

Lessor Initials: MP          Page 5 of 5          Lessee Initials: X KNZ

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service

This retention copy was created on Dec 31, 2020 07:53:44 AM for Integrated Vehicle Leasing, Inc..

# Exhibit "C"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

**In re:**

                                  Case No. 22-12790-EPK

**EXCELL AUTO GROUP, INC.,**        Chapter 7

       **Debtor.**
_____/

**ORDER GRANTING INTEGRATED VEHICLE LEASING, INC.'S VERIFIED EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW IT TO RECOVER POSSESSION OF ITS VEHICLE
AND TO EXERCISE ITS RIGHTS AND REMEDIES [ECF  ]**

      This cause came before the Court for a hearing in West Palm Beach, Florida at 9:30 a.m. on June 1, 2022 upon Integrated Vehicle Leasing, Inc.'s Verified Emergency Motion for Relief from the Automatic Stay to Allow it to Recover Possession of Its Vehicle and to Exercise all its

Rights and Remedies [ECF __] (the "Motion"), and the Court, having reviewed the Motion, having heard the argument of counsel, and noting that the chapter 7 trustee Nicole Mehdipour consents to such relief,

    ORDERS:

    1.    The Motion is granted.

    2.    Integrated Vehicle Leasing, Inc. is granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) to enforce all of its rights as the owner and lessor of the 2020 Mercedes Benz Sprinter 3500 (VIN# W1X5EDHY0LT020339).

    3.    Pursuant to F.R.B.P 4001(a)(3), this Order is stayed until the expiration of 14 days after the entry of the order.

###

**Submitted by:**

G. Steven Fender, Esq.
FENDER, BOLLING, & PAIVA, P.A.
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com

2