UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.,            Case No.: 22-12790-EPK

                                      Chapter 7

       Debtor.
_____/

**NOTICE OF SERVICE OF SUBPOENA FOR VIDEOTAPED
RULE 2004 EXAMINATION OF FRANCIS "FRANK" O'DONNELL**

Chapford Specialty Finance LLC and Chapford Credit Opportunities Fund LP (collectively, ***"Chapford"***), hereby give notice of the issuance of a Subpoena for Videotaped Rule 2004 Examination to Francis "Frank" O'Donnell in the form attached as **Exhibit 1**.

Dated: June 6, 2022.

                                             */s/James C. Moon*
                                             James C. Moon, Esquire
                                             Florida Bar No. 938211
                                             jmoon@melandbudwick.com
                                             MELAND BUDWICK, P.A.
                                             3200 Southeast Financial Center
                                             200 South Biscayne Boulevard
                                             Miami, Florida 33131
                                             Telephone: (305) 358-6363
                                             Facsimile: (305) 358-1221

                                             ***Attorneys for Chapford Specialty Finance LLC***
                                             ***and Chapford Credit Opportunities Fund LP***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on June 6, 2022, via the Court's Notice of Electronic Filing upon Registered Users listed on the attached **Exhibit 2** and served via Regular U.S. Mail upon the parties listed on the Manual Notice List

By: /s/*James C. Moon*
James C. Moon, Esq.
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*Counsel for Chapford Specialty Finance LLC and Chapford   Credit Opportunities Fund LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

                                                   Chapter 7

EXCELL AUTO GROUP, INC.,

      Debtor.                                     Case No.  22-12790-EPK
_____/

**SUBPOENA FOR VIDEOTAPED RULE 2004 EXAMINATION *DUCES TECUM***

To:     Francis "Frank" O'Donnell
           Chief Executive Officer
           Biltmore Consultants, LLC
           19 Town Sq. Blvd. Apt. 403
           Asheville, NC 28803

        x   *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1 **regarding the topics set forth on Exhibit A of this Subpoena**.

| PLACE: | DATE AND TIME: |
|---|---|
| **VERITEXT LEGAL SOLUTIONS** | **June 28, 2022 at 10:00 a.m. (EDT)** |

The examination will be recorded by this method: Upon oral examination before a Videographer and Notary Public or other officer authorized by law to take the depositions in the State of Florida.

    ☒  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material **regarding the requests set forth on Exhibit A of this Subpoena on June 21, 2022.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: June 6, 2022.

                    CLERK OF COURT                             Attorney's Signature

            Signature of Clerk or Deputy Clerk    OR    *James. C. Moon*

Exhibit 1

The name, address, email address, and telephone number of the attorney representing Chapford Specialty Finance LLC and Chapford Credit Opportunities Fund LP (collectively, ***"Chapford"***), who issues or requests this subpoena, is:

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): _____
on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

**EXHIBIT A**

**DEFINITIONS**

1. "<u>Bankruptcy Case</u>" shall mean the bankruptcy case filed pursuant to chapter 7 of the United States Bankruptcy Code by EXCELL AUTO GROUP, INC., Case No. 22-12790-EPK pending in the Southern District of Florida, West Palm Beach Division.

2. "<u>Chapford</u>" shall mean Chapford Specialty Finance LLC and Chapford Credit Opportunities Fund LP, collectively.

3. "<u>Communication</u>" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

4. "<u>Control</u>" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

5. "<u>Debtor</u>" shall include EXCELL AUTO GROUP, INC., and/or any person acting on behalf of the Debtor, and any principal, attorney, paralegal, or other person or entity, currently or formerly employed by, retained by or affiliated with Debtor who performed services in connection with the Debtor's bankruptcy case.

6. "<u>Document(s)</u>" or "<u>Writing(s)</u>" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, or stored on any electromagnetic storage device, or reproduced by hand, including without limitation correspondence, memoranda, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of

consultants, projections, drafts, contracts, agreements, confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, tape recordings, video cassettes and data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plans, printed materials of any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer, or represented by a computer program, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

7. "Evidencing" means having a tendency to show, prove or disprove.

8. "KPB" shall mean Karma of Palm Beach, Inc. d/b/a Karma Palm Beach.

9. "Including" shall mean including but not limited to.

10. "Materials" shall mean all "Documents", "Writings", "Agreements", and "Communications" as those terms are defined herein.

11. "Person" refers to any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust or other business enterprise, governmental body or agency, or governmental, public, legal or business entity, or group of natural persons or other entities whether *sui juris* or otherwise.

12. "Related to" or "relating to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

13. "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

14. "Trustee" means Nicole Testa Mehdipour, solely in her capacity as chapter 7 trustee of the estate of the Debtor.

15. "Vehicle" shall mean the 2019 Lamborghini Aventador, VIN: ZHWUM6ZD5KLA08766.

16. The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these requests any answer that might be deemed outside their scope by another construction.

17. "You" and "your" refers to the Person (as defined herein) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on your behalf, including your Representative (as defined below).

## INSTRUCTIONS

1. This request incorporates by reference and is governed by Bankruptcy Rules 7030 and 7034 and the Local Rule 2004-1.

2. You are to furnish all information available to you, your accountants, agents or other representatives and employees, or any information subject to your custody or control, in answering the document requests herein.

3. Unless otherwise agreed, all documents produced shall be originals and in the form that they are maintained in the ordinary course of business.

4. All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

5. As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

6. These requests encompass all documents in the responding party's custody, possession or control, whether or not such documents were prepared by or for such responding party. Where knowledge, information or documents in the responding party's possession, custody

or control are requested or inquired of, such request or inquiry includes knowledge, information or documents in the possession, custody or control of each of responding party's employees, agents, accountants, attorneys, auditors, representatives and any other individuals or entities from whom the responding party could obtain documents.

7. If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please respond as fully as otherwise possible with all nonprivileged documents in whole or part and identify the following with respect to each such document:

(a) the nature of the privilege which is being claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the author of the document;

(f) the addressee of the document; and

(g) where not apparent, the relationship of the author to the addressee.

8. If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

9. When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

10. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

11. In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person

who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

12. This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## **RELEVANT TIME PERIOD**

Unless otherwise indicated, the time period relevant to these requests is January 1, 2021, to the present.

## **DOCUMENT REQUESTS**

1. All documents or communications in your possession, custody or control related to the Vehicle.

2. All documents or communications in your possession, custody or control between you, your agents, employees or representatives and the Debtor, KPB, SCOTT THOMAS ZANKL, KRISTEN NOEL ZANKL or any agent, employee or representative of the Debtor or KPB in which the Vehicle is mentioned or referenced, including without limitation any documents or communications related to the purchase, sale, lease, transfer, transport or storage of the Vehicle.

3. All documents or communications in your possession, custody or control between you, your agents, employees or representatives and any non-debtor third party in which the Vehicle is mentioned or referenced, including without limitation any documents or communications related to the purchase, sale, lease, transfer, transport or storage of the Vehicle.

4. All documents or communications in your possession, custody or control between you, your agents, employees or representatives and Mauricio Gaudino, Johanna Gaudino and/or any agent, employee or representative of DEALER WHOLESALE GROUP LLC regarding the Vehicle.

5. All documents or communications in your possession, custody or control between you, your agents, employees or representatives and any agent, employee or representative of

LUXURY AUTO COLLECTION EAST and/ or LUXURY AUTO COLLECTION LLC regarding the Vehicle.

      6.      All documents or communications in your possession, custody or control between you, your agents, employees or representatives and any agent, employee or representative of LUXURY LEASE PARTNERS LLC regarding the Vehicle.

      7.      All documents or communications in your possession, custody or control between you, your agents, employees or representatives any agent, employee or representative of AUTO WHOLESALE OF BOCA, LLC regarding the Vehicle.

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Joaquin J Alemany**    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- **Paul A Avron**    pavron@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com;mmorgan@bergersingerman.com
- **Zachary J Bancroft**    zbancroft@bakerdonelson.com, sdenny@bakerdonelson.com,bkcts@bakerdonelson.com
- **Eyal Berger**    eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Stephen C Breuer**    stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com
- **Alan R Crane**    acrane@furrcohen.com, rrivera@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com
- **Mitchell A Dinkin**    mdinkin@madlegal.net, lucyd@madlegal.net
- **G Steven Fender**    steven.fender@fender-law.com, simone@fenderbollingpaiva.com
- **Travis A Harvey**    tharvey@bakerdonelson.com
- **Dana L Kaplan**    dana@kelleylawoffice.com, cassandra@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@kelleylawoffice.com;kelleycr75945@notify.bestcase.com;scott@kelleylawoffice.com
- **Mark A Levy**    mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com
- **James Randolph Liebler**    jrlii@lgplaw.com, mkv@lgplaw.com
- **Nathan G Mancuso**    ngm@mancuso-law.com
- **David B Marks**    brett.marks@akerman.com, charlene.cerda@akerman.com
- **Nicole Testa Mehdipour**    nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
- **Nicole Testa Mehdipour**    Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com
- **James B Miller**    bkcmiami@gmail.com
- **James C. Moon**    jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **John E Page**    jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
- **Eric S Pendergraft**    ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Hampton Peterson**    legalservices@PBCTax.com
- **Jordan L Rappaport**    office@rorlawfirm.com, 1678370420@filings.docketbird.com

Exhibit 2

- **David A Ray**     dray@draypa.com, sramirez.dar@gmail.com,cm_ecf_service@ntmlawfirm.com
- **Ivan J Reich**     ireich@nasonyeager.com, msmith@nasonyeager.com
- **Jason S Rigoli**     jrigoli@furrcohen.com, rrivera@furrcohen.com;staff1@furrcohen.com
- **Harry J Ross**     hross@hjrlaw.com, jerri@hjrlaw.com
- **John D. Segaul**     john@segaul.com, court@segaulstoll.com;melissa@segaul.com;segaullawfirmpa@jubileebk.net
- **Zach B Shelomith**     zbs@lss.law, info@lss.law;zshelomith@ecf.inforuptcy.com
- **Bradley S Shraiberg**     bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
- **Eric J Silver**     esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- **David R. Softness**     david@softnesslaw.com
- **Christian Somodevilla**     cs@lss.law, info@lss.law;cs@ecf.courtdrive.com
- **Peter D Spindel**     peterspindel@gmail.com, peterspindelcmecf@gmail.com
- **Mark E Steiner**     MES@lgplaw.com, pm@lgplaw.com
- **Aaron A Wernick**     awernick@wernicklaw.com, awernick@ecf.courtdrive.com;crubin@wernicklaw.com;dkariotis@wernicklaw.com;mlaverriere@wernicklaw.com
- **Paul E Wilson**     pwilson@paulwilsonesq.com
- **Harry Winderman**     harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
- **Thomas G Zeichman**     tzeichman@bmulaw.com, G67999@notify.cincompass.com

**Manual Notice List**

The following is the list of parties who are not on the list to receive email notice/service for this case (who therefore require manual noticing/service).

Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust
(a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T.")
c/o AIS Port
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Scott Zankl
16937 Pierre Circle
Delray Beach, FL 33446