UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

Case No.: 22-12790-EPK
Chapter 7

Debtor.
_____/

**TRUSTEE'S MEMORANDUM ON EFFECTIVE DATE
OF REJECTION OF NON-RESIDENTIAL LEASE**

Nicole Testa Mehdipour, chapter 7 trustee of the estate of Excell Auto Group, Inc., by and through undersigned counsel, files this memorandum to support the Trustee's position that the rejection of the non-residential lease with 1001 Clint Moore, LLC, should be given the effective date of April 30 or May 1, 2022, when the Trustee surrendered the leased premises to the Landlord.

1. The issue before the Court is what is the correct effective date for the Trustee's rejection of the non-residential lease with the Landlord.

2. Section 365 governs rejection and in pertinent part reads:

> (a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> ***
>
> (d)(3)(A) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(a).

3. A clear majority of courts hold that the rejection of a non-residential lease can be given retroactive effect. *See Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392

F.3d 1064 (9th Cir. 2004) (granting rejection of non-residential lease retroactive to petition date on which motion to reject was filed); *In re Joseph C. Spiess Co.*, 145 B.R. 597 (N.D. Ill. 1992) (holding the rejection date was retroactive to the filing of the motion); *In re Chi-Chi's, Inc.*, 305 B.R. 396 (Bankr. D. Del. 2004) (effective date of rejection was the date of surrender of the premises); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133 (Bankr. D. Colo. 2003) (effective date at least as early as filing of motion to reject, 365 does not prohibit retroactive application); *Thinking Machines Corp. v. Mellon Financial Services Corp. # 1 (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("[A] bankruptcy court, when principles of equity so dictate, may approve a rejection of a nonresidential lease pursuant to section 365(a) retroactive to the motion filing date *Duke Realty Ltd. P'ship v. N. Metro Mill Work Distribs. (In re Manis Lumber Co.)*, 430 B.R. 269 (Bankr. N.D. Ga. 2009) (determining that the effective date of rejection can be retroactive and the administrative rent claim arising therefrom should only be for when the estate was in possession of the property) ."); *cf. Paul Harris Stores, Inc. v. Mabel L. Salter Realty Trust*, 148 B.R. 307 (S.D. Ind. 1992) (Lease rejection becomes effective for purposes of 11 USCS § 365(d)(3) when Bankruptcy Court formally approves rejection or 60-day period lapses rather than from date when debtor first indicates to landlord clearly and unequivocally that lease is being rejected);.

   4. The analysis in *Duke Realty* is instructive to this Court based upon the facts of this Case. First, nothing under § 365 prohibits the Court from ordering that the rejection of the lease is effective retroactively. Second, the parties agree that the Trustee vacated the premises by April 30, 2022, and turned the keys to the Leased Premises over to the Landlord by May 1, 2022. Accordingly, the estate was in possession of the property no later than May 1, 2022. On April 30, 2022, the Trustee was in communication with counsel for the Landlord, notifying him that the

Trustee was vacating the Leased Premises and coordinating the delivery of the keys on May 1, 2022.

5.  It is unequivocal that the Trustee had no intention of moving back into the Leased Premises after vacating it, where the Trustee had removed the Debtor's property and was not operating the Debtor's prior business.

6.  Accordingly, the effective date of this rejection should be April 30, 2022, when the Trustee vacated the Leased Premises, but at the very latest May 1, 2022, when the keys were delivered to the Landlord.

7.  *In re CHS Electronics, Inc.*, 265 B.R. 339 (Bankr. S.D.Fla. 2001) is distinguishable from the facts of this case. In *CHS* the Debtor had vacated the premises and turned over the keys and possession to the Landlord, "who took total possession, but did so expressly without terminating the Lease, and with a full reservation of its rights." *Id*. at 341. Further, the Debtor despite the surrender the debtor had the right to sublet the premises under the lease agreement, which the debtor could have assumed and assigned. *Id*. 343.

8.  Here, the Trustee surrendered the Leased Premises to the Landlord who did not expressly state it was not terminating the Lease and the Trustee did not retain any interest in the Lease that could have been assumed.

9.  Accordingly, the rejection of the lease should be given retroactive effect to April 30, 2022, when the Trustee vacated the Leased Premises. If the vacating of the Leased Premises is not sufficient to have delivered possession of the Leased Premises to the Landlord, then May 1, 2022, should be the latest date for which the rejection of the lease should be made effective.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an order: (i) determining that the effective date of the rejection of the Lease is April 30, 2022, or, in the

alternative May 1, 2022, when the Trustee delivered the keys to the Landlord; and (ii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of June 2022.

                                                FURR AND COHEN, P.A.
*Special Counsel to the Chapter 7 Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
(561) 395-0500/Fax: 561-338-7532

By: */s/ Jason S. Rigoli*
     Jason S. Rigoli, Esq.
     Florida Bar No. 091990
     Email: jrigoli@furrcohen.com

4