UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERALE DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP INC.,                    CASE NO. 22-12790-EPK
                                           CHAPTER 7

        DEBTOR.
_____/

**LANDLORD'S MEMORANDUM ON EFFECTIVE DATE OF REJECTION OF
NONRESIDENTIAL REAL PROPERTY LEASE**

Comes Now, 1001 Clint Moore LLC ("Landlord"), by and through undersigned counsel, and files and serves the instant *Landlord's Memorandum On Effective Date Of Rejection Of Nonresidential Real Property Lease*, pursuant to this Court's Order [ECF No. 173], and states the following:

## I.  PERTINENT FACTS

1. Debtor, Excell Auto Group Inc., filed a voluntary petition [ECF No. 1] ("Petition") on the evening of Friday, April 8th, 2022 ("Petition Date"), commencing this Chapter 7 Bankruptcy Case.

2. Pre-petition, Debtor entered into a written lease (the "Lease") for non-residential real property located at 1001 Clint Moore Road, Boca Raton, FL ("Premises").

3. The Lease expires effective August 31, 2022 ("Expiration Date"). *See* ECF No.'s 95-1 and 95-2.

4. Immediately upon the filing of the Petition, the Trustee and undersigned conferred to obtain entry into the Premises in favor of the Trustee and her professionals – which was performed the morning of Saturday April 9th, 2022.

5. The Trustee thereupon immediately changed the locks to the Premises, maintaining sole possession through the evening of May 1, 2022; and, on the evening of May 1, 2022, the Trustee turned over a set of keys to the Premises to the Landlord.

6. On May 20th, 2022, after much prodding by the undersigned, the Trustee eventually filed the *Trustee's Motion To Reject The Lease Of Real Property Effective On April 30, 2022* [ECF No.20] (the "Rejection Motion").

7. The Rejection Motion seeks *nunc pro tunc* relief relating back to either April 30, 2022 (*see* para 6 of the Rejection Motion) or the Petition Date (*see* para 7 of the Rejection Motion).

8. However, despite the turning over of a set of keys to the Premises to the Landlord, the Trustee continued to use the Premises as storage for items belonging either to the Bankruptcy Estate or third parties unaffiliated with the Landlord, and requested that items remain in the Premises pending removal by third parties.

9. For example, after May 1, 2022, the Trustee had left a mustang automobile and a flat-bed truck, a pool table and basketball hoop for third parties (presumably belonging to  the Zankls (Scott and Kristin Zankl)) and other items, such as a photocopier and a water dispenser (which the Trustee advised Landlord that third parties would need to remove from the Premises) – although the only items eventually moved by a third party, to the best of Landlord's knowledge, were the mustang automobile, flat-bed truck and the basketball hoop, while the other items remained at the Premises.

10. Although the Trustee filed a Notice of Abandonment of personal property on May 2nd, 2022 [*see* ECF No. 60], the Trustee continued to avoid and delay filing an expedited or emergency motion to reject the Lease, despite requests by Landlord's counsel.

11. Since the commencement of this Case, the Court has held numerous expedited and/or emergency hearings on matters, including matters for which the Trustee sought relief. *See, e.g., Trustee's Emergency Motion For Turnover* [ECF No. 19] filed April 15, 2022 with hearing held April 18, 2022 [ECF No. 20]; *Trustee's Emergency Application to Employ Alan Crane* [ECF No. 24) filed April 15, 2022, with hearing held April

18, 2022 [ECF No. 25]; *Creditor's Expedited Motion to Compel Turnover* [ECF No. 84] filed May 18, 2022 with hearing on May 25th, 2022 [*see* ECF No. 85]; *Scott Zankl's Emergency Motion to Withdraw as Counsel* [ECF No. 87] filed May 19th, 2022, with hearing on June 1, 2022 [see ECF No. 88]; *Westlake's Expedited Motion to Compel Turnover of Vehicles* [ECF No. 92] filed May 19, 2022, with hearing set for June 1, 2022 [ECF No. 94]; *Expedited Motions to Compel Turnover of Vehicles* [*see* ECF No.'s 99 and 100] filed May 23rd, 2022, with hearings set for June 1, 2022 [*see* ECF No.'s 103 and 104]; *Trustee's Expedited Motion to Compel 2004 of Scott Zankl* [ECF No. 105] filed May 24th, 2022, with hearing set for June 1, 2022 [*see* ECF No. 108]; and, *Creditor's Emergency Motion for Relief from Stay* [ECF No. 117] filed May 27th, 2022, with hearing set for June 1, 2022 [*see* ECF No. 118].[1]

12. The Trustee not only saw no urgency for the need to reject the Lease, but also belatedly filed the Rejection Motion [ECF No. 95] on May 20th, 2022; and, then, set the matter on a non-expedited basis for a hearing on June 15th, 2022 – despite the apparent urgent nature to avoid administrative rent and the subsequent filing of another Trustee motion just days later on an emergency basis and setting hearing on the same for June 1, 2022 (*see infra*).

13. Specifically, the Trustee, just a few days later (May 24th, 2022) filed an Emergency Motion to Compel 2004 of Scott Zankl [ECF No. 105], and set the same for emergency hearing on June 1, 2022 [*see* ECF No. 108] – 14 days prior to the hearing the Trustee set for the Trustee's Rejection Motion.

14. The Landlord thereupon filed and served its limited objection [ECF No. 167] (the "Landlord Objection") to the Rejection Motion and sought to determine what the effective date of the purported rejection was to be,

---

[1] The Trustee has employed three (3) law firms to represent the Estate. *See* ECF No's 5, 21, 24, 33 and 44 (Law Office of Nicole Testa Mehdipor, P.A.; Furr & Cohen, P.A;. and, David Ray, P.A.).

given the conflicting language in the Rejection Motion and applicable law.

15. The Court conducted a hearing on the Rejection Motion on June 15th, 2022, and directed the Trustee and Landlord to file memoranda regarding the effective date of the rejection of the Lease.

16. The Trustee has filed their memorandum ("Trustee's Memo") [ECF No. 186] on June 29th, 2022; and this memorandum ("Landlord's Memo") is filed as of July 13th, 2022 per the Court's Order [ECF No. 173] and is timely.

## II.  MEMO OF LAW

17. 11 U.S.C. Sect. 365(d)(3) mandates that a trustee in a case like the matter at bar must timely perform all obligations arising after the order for relief[2] under a nonresidential lease for real property, until said lease is either rejected or assumed. *See, e.g.,* 11 U.S.C. Sect. 365(d)(3); *Super Nova 330 LLC vs Gazes*, 693 F.3d 138, 143-44 (2nd Cir. 2012); *In re CHS Electronics, Inc.*, 265 B.R. 339, 343-44 (Bankr. S.D. Fla. 2001); *In re Florida Lifestyle Apparel, Inc.*, 221 B.R. 897, 900 (Bankr. M.D. Fla. 1997).

18. Court approval is required to "reject" a nonresidential lease. *See*, 11 U.S.C. Sec. 365(d)(3); *In re Jamesway Corp.*, 179 B.R. 33 (S.D.N.Y. 1995) (majority of courts hold that effective date of rejection is date the bankruptcy court order is entered, and court approval is a condition precedent).

19. The Trustee's Memo provides a string-cite of cases to support the concept that a court exercising equitable relief under 11 U.S.C. Sec. 105(a) may allow for the *nunc pro tunc* rejection of a nonresidential real property lease; but, the Trustee's Memo provides no analysis as to how the Trustee obtains such a result – or why this Court should grant such relief.

---

[2] The filing of the Petition in this matter served as an Order for Relief. *See,* 11 U.S.C. Sec. 301(b).

20. The Landlord acknowledges case law going both ways on the issue of retroactive rejection – especially prior to the recent ruling by the United States Supreme Court in *Roman Catholic Archdiocese of San Juan Puerto Rico vs Acevedo Feliciano*, 140 S.Ct. 696 (2020).

21. In *Acevedo*, the Supreme Court appears to have rejected the entry of retroactive orders unless they are entered to "reflect the reality" of what has already occurred, and "presupposes a decree allowed, or ordered, but not tendered, through inadvertence of the court." *See id.* at 700-01.

22. In other words, the courts are not to create facts that never occurred. *See, id., quoting U.S. vs. Gillespie*, 666 F.Supp. 1137, 1139 (N.D. Ill. 1987).

23. In the matter at bar, the Court is being asked to grant relief to a time when the Court had not yet heard the matter, and the ability to reject the Lease had not taken place; after all, only the Court can determine if the Lease is rejected under the law, and the hearing on that did not take place until June 15th, 2022.

24. It is a different situation where the Court has already heard the matter, or otherwise announced a ruling and entered the proposed order later on. That is not the case at bar.

25. Therefore, the Court should not grant relation back relief to the Trustee.

26. However, assuming *arguendo* the Court is disinclined to follow the *Acevedo* ruling in this matter, then the standard of the majority of the courts is that rejection takes place upon entry of the order of rejection.

27. In cases where courts have allowed for relation back rejection, these courts had unique facts before them which equity was deemed necessary for said purposes.

28. In *Pac. Shores Dev. LLC vs At Home Corp.*, 392 F.3d 1064 (9th Cir. 2004), the court noted that the majority of bankruptcy courts authorize the rejection of a nonresidential lease of real property effective the date of entry of the order authorizing such rejection (*see id.* at 1069), and a

minority view is that the order of rejection may relate back only to the date of the filing of the motion seeking such relief (*see id.*). *See, also, Thinking Machine Corp. vs Mellon Fin. Servs. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (allowing relation back only to date of filing of motion and not prior). *But* s*ee, In re Upper Crust LLC*, 502 B.R. 1 (Bankr. D. Mass. 2013) (refusing to allow relation back rejection of lease to date property was "surrendered" to landlord).

29. Further, such relation back in the minority opinions is only after application of the equitable powers of the court. *See At Home, supra.*

30. The *At Home* court applied a four-part test to determine if equity was appropriate for rejection of a lease relating back to the date of the filing of the motion, and granted such relief where the following factors were weighed and satisfied: a) the immediate and prompt filing of the motion to reject on the same date as the filing of the petition; b) the movant's prompt action in setting the hearing on the motion as soon as possible; c) the debtor had never occupied the premises; and, d) the motivation by the landlord was to run up administrative rent. The *At Home* court thus allowed rejection to relate back to the date of the filing of the motion given these considerations. *See, id.* at 1072-1074.

31. In a case with even better facts for a trustee than the one at bar, the court in *In re Donghia, Inc.*, 2020 WL 2465503 (Bankr. D. Conn. May 12, 2020), denied relief to a trustee seeking relation back lease rejection after consideration of the *At Home* four-part test, where: a) the trustee sought rejection a month after the petition was filed and thus not "promptly" filed; b) although an expedited hearing was held on the underlying motion; c) the premises were not yet fully vacated; and, d) there was no evidence the landlord had an improper motive to avoid timely or earlier rejection. *See id* at *3.

32. Furthermore, the *Donghia* court noted that the trustee must prevail on all four of these factors, which are considered just the "starting point"

for purposes of *nunc pro tunc* relief; and, failure to satisfy any of the four factors leads to the denial of such relief. *See id.* at *4.

33. In the matter at bar, the instant Trustee: a) did not act promptly in filing the Rejection Motion; b) could have, but did not, set the Rejection Motion for expedited hearing; c) still maintained property in the Premises; and, d) did not, and cannot, show the Landlord has acted improperly in regards to the Rejection Motion. Therefore, the Trustee should be denied relation back relief, as she cannot satisfy the factors the courts consider in exercising their equitable powers under the Code.

34. Equitable powers of this Court are to be used sparingly and should be reserved for truly exceptional circumstances. *See, Donghia* at *4. This case is not one with such exceptional circumstances.

35. Given the record, the Court should deny relief to the Trustee and deem the rejection of the Lease effective the date of the Hearing, June 15th, 2022.

WHEREFORE, the Landlord requests that the Court deny any relief which relates back to the dates requested in the Rejection Motion, deems the rejection effective June 15th, 2022, and for such other and further relief deemed equitable and just.

.

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of this *Objection* (and attachments) has been served this 13th day of Juy, 2022 *via* CM/ECF Service in pdf format upon those named below and identified as CM/ECF recipients.

James B. Miller, P.A.
Landlord's Counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250
bkcmiami@gmail.com,
jbm@title11law.com


_____/S/_____
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

CM/ECF SERVICE LIST:
-Joaquin J Alemany on behalf of Creditor Shrayber Land, Inc.
joaquin.alemany@hklaw.com, jose.casal@hklaw.com
-Paul A Avron, Esq. on behalf of Interested Party Andrew Todd McNeill
pavron@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com;mmorgan
@bergersingerman.com
-Paul A Avron, Esq. on behalf of Interested Party Christopher Todd Bludworth
pavron@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com;mmorgan
@bergersingerman.com
-Zachary J Bancroft on behalf of Creditor BAL INVESTMENTS, LLC
zbancroft@bakerdonelson.com, achentnik@bakerdonelson.com,bkcts@bakerdonelson.com
-Alan Barbee abarbee@brileyfin.com
-Eyal Berger, Esq. on behalf of Creditor Milco Atwater, LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
-Eyal Berger, Esq. on behalf of Creditor Edward Brown
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
-Eyal Berger, Esq. on behalf of Creditor John Wittig
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
-Eyal Berger, Esq. on behalf of Creditor Philip T. Gori
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
-Stephen C Breuer on behalf of Creditor David Amsel
stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com
-Alan R Crane on behalf of Trustee Nicole Testa Mehdipour
acrane@furrcohen.com, rrivera@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com
-Winston I Cuenant on behalf of Creditor Frederick Hall
winston@cuenantlaw.com, drabrams620@gmail.com;cn.ecf.mail@gmail.com;info@cuenantlaw.c
om;ccyager105@gmail.com
-Mitchell A Dinkin, Esq. on behalf of Creditor Savannah Row Development Company, LLC
mdinkin@madlegal.net, lucyd@madlegal.net
-Travis A Harvey on behalf of Creditor BAL INVESTMENTS, LLC tharvey@bakerdonelson.com
-Dana L Kaplan on behalf of Creditor Graves Directional Drilling Inc. a/k/a Graves Directional Inc.
dana@kelleylawoffice.com, cassandra@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@
kelleylawoffice.com;kelleycr75945@notify.bestcase.com;scott@kelleylawoffice.com
-Dana L Kaplan on behalf of Creditor Steven Graves
dana@kelleylawoffice.com, cassandra@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@
kelleylawoffice.com;kelleycr75945@notify.bestcase.com;scott@kelleylawoffice.com
-Philip J Landau on behalf of Creditor Michael Halperin
phil@landau.law, plandau@ecf.courtdrive.com;diane@landau.law;dlocascio@ecf.courtdrive.com
-Mark A Levy, Esq on behalf of Creditor Chad Zakin mark.levy@brinkleymorgan.com,
 sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com
-James Randolph Liebler on behalf of Creditor Westlake Flooring Company, LLC
jrlii@lgplaw.com, mkv@lgplaw.com
-James Randolph Liebler on behalf of Creditor Westlake Services, LLC
jrlii@lgplaw.com, mkv@lgplaw.com
-Nathan G Mancuso on behalf of Creditor Excell Auto Sport and Service, Inc.
ngm@mancuso-law.com
-David B Marks on behalf of Creditor Millco Atwater, LLC
brett.marks@akerman.com, charlene.cerda@akerman.com
-David B Marks on behalf of Creditor Edward Brown
brett.marks@akerman.com, charlene.cerda@akerman.com
-David B Marks on behalf of Creditor John Wittig
brett.marks@akerman.com, charlene.cerda@akerman.com
-David B Marks on behalf of Creditor Philip T. Gori
brett.marks@akerman.com, charlene.cerda@akerman.com
-Nicole Testa Mehdipour Trustee@ntmlawfirm.com,
TRUSTEE_CMECF_Service@ntmlawfirm.com;

FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com
-Nicole Testa Mehdipour on behalf of Trustee Nicole Testa Mehdipour
nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
-Nicole Testa Mehdipour on behalf of Trustee Nicole Testa Mehdipour
Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com
-James B Miller on behalf of Creditor 1001 Clint Moore, LLC bkcmiami@gmail.com
-James B Miller on behalf of Creditor Auto Wholesale of Boca, LLC bkcmiami@gmail.com
-James B Miller on behalf of Creditor MMS Ultimate Services, Inc. bkcmiami@gmail.com
-James B Miller on behalf of Creditor Moshe Farache bkcmiami@gmail.com
-James C. Moon, Esq on behalf of Creditor Chapford Credit Opportunities Fund LP
jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
-James C. Moon, Esq on behalf of Creditor Chapford Specialty Finance LLC
jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
-Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
-John E Page on behalf of Creditor Edvard Dessalines jpage@slp.law,
dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
-John E Page on behalf of Creditor Johnie Floyd Weems, III jpage@slp.law,
dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
-Eric S Pendergraft on behalf of Creditor Edvard Dessalines ependergraft@slp.law,
dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
-Eric S Pendergraft on behalf of Creditor Johnie Floyd Weems, III ependergraft@slp.law,
dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
-Hampton Peterson, Esq on behalf of Creditor Palm Beach County Tax Collector
legalservices@PBCTax.com
-Jordan L Rappaport, Esq on behalf of Creditor Andrew Greenberg
office@rorlawfirm.com, 1678370420@filings.docketbird.com
- Jordan L Rappaport, Esq on behalf of Creditor Richard Applegate
office@rorlawfirm.com, 1678370420@filings.docketbird.com
-Jordan L Rappaport, Esq on behalf of Creditor Richard Greenberg
office@rorlawfirm.com, 1678370420@filings.docketbird.com
-Jordan L Rappaport, Esq on behalf of Interested Party Stefano Riga
office@rorlawfirm.com, 1678370420@filings.docketbird.com
-Jordan L Rappaport, Esq on behalf of Interested Party Tarek Aboualazzm
office@rorlawfirm.com, 1678370420@filings.docketbird.com
-David A Ray on behalf of Trustee Nicole Testa Mehdipour
dray@draypa.com, sramirez.dar@gmail.com,cm_ecf_service@ntmlawfirm.com
-Ivan J Reich, Esq on behalf of Creditor DCG 2008 Irrevocable Wealth Trust
ireich@nasonyeager.com, msmith@nasonyeager.com
-Jason S Rigoli, Esq. on behalf of Trustee Nicole Testa Mehdipour
jrigoli@furrcohen.com, rrivera@furrcohen.com;staff1@furrcohen.com
-Harry J Ross, Esq on behalf of Interested Party Alexey Alekseyevich Gorodova
hross@hjrlaw.com, jerri@hjrlaw.com
-Harry J Ross, Esq on behalf of Interested Party Svetlana Petrovna Gorodova
hross@hjrlaw.com, jerri@hjrlaw.com
-John D. Segaul on behalf of Creditor Tim Olesijuk
john@segaul.com, court@segaulstoll.com;melissa@segaul.com;segaullawfirmpa@jubileebk.net
-Zach B Shelomith on behalf of Creditor Woodside Credit, LLC
zbs@lss.law, info@lss.law;zshelomith@ecf.inforuptcy.com
-Bradley S Shraiberg on behalf of Creditor Franklin Capital Funding, LLC
bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
-Eric J Silver on behalf of Creditor BENIDT INVESTMENTS/SLINGER, LLC
esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver

@stearnsweaver.com;mfernandez@stearnsweaver.com
-David R. Softness on behalf of Creditor FVP Investments, LLC, a Delaware limited liability company david@softnesslaw.com
-David R. Softness on behalf of Creditor FVP Opportunity Fund III, LP david@softnesslaw.com
-David R. Softness on behalf of Creditor FVP Servicing, LLC a Delaware limited liability company david@softnesslaw.com
-Christian Somodevilla on behalf of Creditor Woodside Credit, LLC
cs@lss.law, info@lss.law;cs@ecf.courtdrive.com
-Peter D. Spindel on behalf of Creditor Tulocay Farm, Inc.
peterspindel@gmail.com, peterspindelcmecf@gmail.com
-Mark E Steiner on behalf of Creditor Westlake Flooring Company, LLC
MES@lgplaw.com, pm@lgplaw.com
-Mark E Steiner on behalf of Creditor Westlake Services, LLC
MES@lgplaw.com, pm@lgplaw.com
-Paul E Wilson on behalf of Creditor Daimler Trust pwilson@paulwilsonesq.com
-Paul E Wilson on behalf of Creditor Mercedes Benz Financial Services USA, LLC.
pwilson@paulwilsonesq.com
-Harry Winderman on behalf of Debtor EXCELL Auto Group, Inc.
harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
-Harry Winderman on behalf of Interested Party Karma of Broward, Inc.
harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
-Harry Winderman on behalf of Interested Party Scott Zankl
harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
-Thomas G Zeichman on behalf of Creditor Prestige Luxury Cars, LLC
tzeichman@bmulaw.com, G67999@notify.cincompass.com

## Certificate of Admission

**I HEREBY CERTIFY** that I am admitted to the Bar for the District Court in and for the Southern District of Florida; and, am duly-qualified to practice before this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted this 13th day of July, 2022.

_____/S/_____
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164