UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:

EXCELL AUTO GROUP, INC.

Case No.: 22-12790-EPK
Chapter 7

    Debtor.
_____/

## NOTICE OF INTENT TO SERVE SUBPOENA

**PLEASE TAKE NOTICE** that pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, that Graves Directional Drilling Inc. ("Graves"), by and through his undersigned counsel, intends on serving the attached subpoena upon the Chapter 7 Trustee herein, Nicole Testa Mehdipour ("Trustee") on July 25, 2022, or as soon thereafter as service can be effected.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on this the 25th day of July 2022.

Respectfully Submitted,

    KELLEY, FULTON, KAPLAN & ELLER, P.L.
    Attorneys for Creditor
    1665 Palm Beach Lakes Boulevard
    The Forum- Suite 1000
    West Palm Beach, Florida  33401
    Telephone: (561) 491-1200
    Facsimile: (561) 684-3773
    bankruptcy@kelleylawoffice.com

    By:  /s/ Craig Eller
    Craig Eller, Esq.
    Florida Bar No.: 767816

LF-84 (rev. 12/01/21)

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re Excel Auto Group, Inc.,　　　　　　　　　　Case No. 22-12790-EPK

　　　　　　Debtor　　　　　　　　　　　　　　Chapter 7
　　　　　　　　　　　　/
_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Nicole Testa Mehdipour, Trustee, c/o Furr & Cohen, P.A., 2255 Glades Rd., Suite 419A, Boca Raton, FL 33431

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

*Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination): **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| **Kelley, Fulton, Kaplan & Eller, PL**<br>**1665 Palm Beach Lakes Blvd., Ste. 1000,**<br>**West Palm Beach, FL 33401** | **August 9, 2022 by 5:00 p.m.** |

*(Description of documents, electronically stored information, or objects)*

---

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 25, 2022

　　　　　　CLERK OF COURT
　　　　　　　　　　　　　　　　　　　　OR　　　　　　　　/s/ C. Craig Eller
　　　　　　_____　　　　　　_____
　　　　　　*Signature of Clerk or Deputy Clerk*　　　　　　　　　　　　*Attorney's Signature*

---

The name, address, email address, and telephone number of the attorney representing **Graves Directional Drilling Inc.** who issues or requests this subpoena, are: **Craig Eller, Esq., Kelley, Fulton, Kaplan & Eller, PL, 1665 Palm Beach Lakes Blvd., Ste. 1000, West Palm Beach, FL 33401 celler@kelleylawoffice.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ _

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

    I declare under penalty of perjury that this information is true and correct.

Date: ..............................

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required - and also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:

EXCELL AUTO GROUP, INC.

Case No.: 22-12790-EPK
Chapter 7

Debtor.
_____/

**EXHIBIT A**

**DEFINITIONS**

1. The term "Debtor" shall include EXCELL AUTO GROUP, INC., and/or any person acting on behalf of the Debtor, and any principal, attorney, paralegal, or other person or entity, currently or formerly employed by, retained by or affiliated with Debtor who performed services in connection with the Debtor's bankruptcy case.

2. "You" and "Your" shall mean Nicole Testa Mehdipour, Trustee.

3. "Trustee" means Nicole Testa Mehdipour, solely in her capacity as chapter 7 trustee of the estate of the Debtor.

4. "Graves" shall mean Graves Directional Drilling Inc.

5. The term "document" or "documents" shall mean any page(s) or file(s) produced manually or by a software application constituting any storage or communication of information including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, or any other data or data compilations. A draft or non-identical copy is a separate "document" within the meaning of this term.

6. The term "communication" means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, text message, personal delivery, or otherwise.

**INSTRUCTIONS**

1. This request incorporates by reference and is governed by Bankruptcy Rules 7030 and 7034 and the Local Rule 2004-1.

2. You are to furnish all information available to you, and to Debtor's attorneys, accountants, agents or other representatives and employees, or any information subject to Debtor's custody or control, in answering the document requests herein.

3. Unless otherwise agreed, all documents produced shall be originals and in the form that they are maintained in the ordinary course of business.

4. If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a) the nature of the privilege which is being claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the author of the document;

(f) the addressee of the document; and

(g) where not apparent, the relationship of the author to the addressee.

5. In the event that any document called for by this schedule has been (i) destroyed, discarded, and/or (iii) removed from the requested files prior to production on grounds other than privilege, please identify the following with respect to each such document:

(a) the name and current address of the person who prepared the document and the person to whom it was addressed;

(b) any indicated or blind copies;

    (c) the document's date, subject matter, number of pages, and attachments; and

    (d) the person(s) who authorized and/or carried out such destruction and/or removal.

6.    This request is continuing, and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## RELEVANT TIME PERIOD

Unless otherwise indicated, the time period relevant to these requests is November 1, 2021, to the present.

## DOCUMENT REQUESTS

1.    All documents received by you relating to the purchase by Graves of that certain White 2012 Lamborghini Aventador bearing VIN No. ZHWUC1ZD2CLA00244.

2.    All documents from any source relating in any way to that certain White 2012 Lamborghini Aventador bearing VIN No. ZHWUC1ZD2CLA00244

3.    All documents received by you relating to the sale, by the Debtor and/or Karma Broward, Inc. and/or any other entity related to or associated with the Debtor, of that certain White 2012 Lamborghini Aventador bearing VIN No. ZHWUC1ZD2CLA00244 to Graves, including, but not limited to, contracts, title documents, title transfer documents, powers of attorney, financing documents, sale consideration/proceeds documents, Florida Department of Motor Vehicles documents, and deal jackets.

4.    All documents received by you relating to the sale, by the Debtor and/or Karma Broward, Inc. and/or any other entity related to or associated with the Debtor, of any automobile to Graves, including but not limited to, contracts, title documents, title transfer documents, powers of attorney, financing documents, sale consideration /proceeds documents, Florida Department of Motor Vehicles documents, and deal jackets.

5. All documents received by you relating to agreements and/or contracts between, on the one hand, the Debtor and/or Karma Broward, Inc., and/or any other entity related to or associated with the Debtor and, on the other hand, Graves.

6. All documents received by you containing communications by the Debtor and/or Karma Broward, Inc., and/or any other entity related to or associated with the Debtor with Graves.