UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

|  |  |
|---|---|
|  | Case No.: 22-12790-EPK |
| EXCELL AUTO GROUP, INC., | Chapter 7 |

     Debtor.

_____/

**EXPEDITED MOTION FOR AUTHORITY TO ENTER INTO AGREEMENT WITH KLDISCOVERY FOR DOCUMENT MANAGEMENT SERVICES AND TO ESTABLISH FINANCIAL PROTOCOL FOR THE TRUSTEE'S RESPONSES TO SUBPOENAS FOR ELECTRONIC INFORMATION HOSTED BY KLDISCOVERY RETROACTIVE TO AUGUST 3, 2022**

> **Basis for Expedited Relief: The Trustee is in immediate need to collect, store, maintain, and access electronically stored information to complete her investigation in this case and to respond to various subpoenas issued by creditors and third parties. The Trustee needs to pay the retainer to KLDiscovery. The Trustee requests a Hearing no later than September 30, 2022.**

Nicole Testa Mehdipour, the Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of Excell Auto Group; Inc. (the "Debtor"), by and through undersigned counsel, files this motion (the "Motion") seeking entry of an order authorizing the Trustee to enter into an agreement, retroactive to August 3, 2022, with KLDiscovery Ontrack, LLC d/b/a KLDiscovery ("KLDiscovery") for document management services in connection with anticipated extensive discovery in this case and to establish a financial protocol for the Trustee's responses to subpoenas for electronic information hosted by KLDiscovery.  In support of the Motion, the Trustee states as follows:

**JURISDICTION AND VENUE**

1.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 1334 (a) and (b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and

1409.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b).

## PROCEDURAL AND FACTUAL BACKGROUND

2.      On April 8, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

3.      The Trustee was appointed as the Chapter 7 Trustee for Debtor's Estate.

4.      Upon appointment, the Trustee proceeded to take control of the Debtor and property of the estate, which includes the Debtor's books, records, and electronically stored information ("ESI") among other information and documentation.

5.      The Court also entered the *Agreed Order Granting Trustee's Emergency Motion for Turnover of All Assets, Including Books, Records, and Electronically Stored Information of the Debtor, from Debtor, including through its Principals Scott Zankl and Kristen Zankl* [ECF No. 34].

6.      The Trustee has several CPUs, laptops, tablets, and other electronic devices in her possession on which ESI relevant to this case is currently stored.  In addition, the Trustee needs to preserve and have a central database for other cloud-based ESI pertinent to this case.

7.      The Trustee has had numerous subpoenas served upon her in this case already, to which responsive documents have been produced subject to the reservation that the Trustee has ESI that has not been reviewed and is not currently accessible.

## Relief Requested and Grounds for Relief

### A.  Retention of KLDiscovery

8.      This case will require the Trustee to maintain and review thousands of pages of documents and substantial amounts of ESI.  In order to efficiently manage information and be able to access the information in litigation, the Trustee determined that it is in the best interest of the estate to retain a third-party vendor to provide ESI management services. The Trustee and her

professionals contacted a number of vendors to obtain proposals and selected KLDiscovery who agreed to provide such services pursuant to the terms of the Letter of Engagement (the "Agreement"). A copy of the Agreement is attached hereto as **Exhibit "A"** and incorporated by reference.

9.      KLDiscovery has collected the computers, laptops, and other devices containing ESI from the Trustee or her agents, which will be hosted by KLDiscovery.  The Trustee has access to, or expects to have access to, additional ESI from additional sources and is in possession of nearly 200 boxes of documents, all of which the Trustee in her sole business judgment and without further court order, can choose to either keep separate or have collected and stored by KLDiscovery.

10.     By this Motion, the Trustee seeks authorization from this Court to enter into the Agreement with KLDiscovery under which KLDiscovery will provide document management and electronic discovery services as fully set forth in the Agreement

11.     It is necessary that the Trustee employ a firm to assist the Trustee with respect to information management services. Subject to order of this Court, KLDiscovery will provide the following services to the Trustee:

> (a) providing for storage, retrieval, and hosting services; and
>
> (b) if necessary, provide expert testimony with respect to technical processes utilized by KLDiscovery experts and analysts and/or general testimony regarding chain of custody or other matters
>
> (collectively, the "Services").

12.     The Trustee believes that it is in the best interest of the estates to retain KLDiscovery to provide the Services to the estates.

13.     Given KLDiscovery's expertise and knowledge, it is considerably more economical and efficient for the Trustee, and more beneficial to the creditors of the estates, to have

KLDiscovery handle these specialized matters on behalf of the Trustee.

14.     KLDiscovery has agreed to be compensated for the services it provides at the rates set forth in the Agreement, which requires payment be made monthly.

15.     The Trustee requests authority to pay the initial retainer of $15,000.00 from the funds in the estate's fiduciary account. Further, the Trustee requests authority to remit payment to KLDiscovery on a monthly basis, in the normal course of business without further order of the Court.

16.     No previous application for the relief sought herein has been made by the Trustee to this Court or any other court.

**B. Financial Protocols to be used when the Trustee is Responding to Subpoenas of Electronic Information Hosted by KLDiscovery**

17.     To date, the Trustee has received a number of subpoenas from third parties, which under normal circumstances would be directed at the Debtor, and in this instance request information unrelated to the Debtor or its finances, because the Debtor's former principals ran more than one business entity from the Debtor's business location.

18.     To avoid the costs of objecting to each of the subpoenas the Trustee requests a protocol be established to shift the costs to those parties issuing subpoenas which request ESI hosted by KLDiscovery in accordance with Fed. R. Civ. P. 45(d)(1).

19.     Each subpoenaing party is required to put up a retainer to be established by the Trustee, in consultation with KLDiscovery, based upon the scope and request of the information requested in the subpoena.  The retainer shall be deposited into the trust account for counsel that issued the subpoena prior to the start of any work by KLDiscovery on the response.  If a party is unrepresented, then the retainer shall be deposited into the trust account of counsel for the Trustee. Upon KLDiscovery completing its work, the retainer or portion of the retainer covering the production costs will be remitted to the Trustee.  The Trustee shall then authorize KLDiscovery to

release the information responsive to the requested subpoena.

20.     Nothing in this protocol prevents the Trustee from raising any objection to any subpoena received nor does this protocol prevent a party from seeking relief from the Court if the party issuing the subpoena does not agree with the retainer amount set by the Trustee.

21.     The Trustee may separately require a retainer and reimbursement of costs associated with research and retrieval of documents or other information not hosted by KLDiscovery.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order: (i) granting this Motion; (ii) authorizing the Trustee to employ KLDiscovery Ontrack, LLC d/b/a KLDiscovery as eDiscovery service provider retroactive to the date services were first rendered on August 3, 2022; (iii) to pay KLDiscovery a retainer of $15,000.00 from the estate's fiduciary account; (iv) to pay KLDiscovery on a monthly basis in the ordinary course without further order of this Court; (iv) to adopt the financial protocols set forth above for responses to subpoenas receive by the Trustee; and (v) for such other and further relief as the Court deems appropriate.

Respectfully submitted this 12th day of September, 2022.

**FURR AND COHEN, P.A.**
*Special Counsel for Trustee*
2255 Glades Road, Suite 419a
Boca Raton, Fl 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

By: */s/ Alan R. Crane*
Alan R. Crane
Florida Bar No.: 0963836
E-Mail: Acrane@Furrcohen.Com
Jason S. Rigoli, Esq.
Florida Bar No. 91990
E-mail: jrigoli@furrcohen.com

-and-

**LAW OFFICE OF**
**NICOLE TESTA MEHDIPOUR, P.A.**
*General Counsel for Chapter 7 Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880
Fax: (954) 208-0888

/s/ *Nicole Testa Mehdipour*
Nicole Testa Mehdipour
Florida Bar No. 177271
Email:  NicoleM@ntmlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 12th day of September, 2022, via the Court's CM/ECF electronic mail notification system and via U.S. mail, to all parties as indicated below.

/s/ Nicole Testa Mehdipour
Nicole Testa Mehdipour

***Sent via CM/ECF***

- **Joaquin J Alemany**    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- **Paul A Avron**    pavron@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com;mmorgan@bergersingerman.com
- **Zachary J Bancroft**    zbancroft@bakerdonelson.com,
  achentnik@bakerdonelson.com,bkcts@bakerdonelson.com
- **Alan Barbee**    abarbee@brileyfin.com
- **Eyal Berger**    eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Stephen C Breuer**    stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com
- **Alan R Crane**    acrane@furrcohen.com,
  rrivera@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com
- **Winston I Cuenant**    winston@cuenantlaw.com,
  drabrams620@gmail.com;cn.ecf.mail@gmail.com;info@cuenantlaw.com;ccyager105@gmail.com
- **Mitchell A Dinkin**    mdinkin@madlegal.net, lucyd@madlegal.net
- **C Craig Eller**    celler@kelleylawoffice.com,
  bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Jay L Farrow**    jay@farrowlawfirm.com
- **Michael Foster**    michael@youngfoster.com, admin@youngfoster.com
- **Travis A Harvey**    tharvey@bakerdonelson.com
- **Dana L Kaplan**    dana@kelleylawoffice.com,
  cassandra@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@kelleylawoffice.com;kelleycr75945@notify.bestcase.com;scott@kelleylawoffice.com
- **Philip J Landau**    phil@landau.law,
  plandau@ecf.courtdrive.com;diane@landau.law;dlocascio@ecf.courtdrive.com
- **Mark A Levy**    mark.levy@brinkleymorgan.com,
  sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com

- **James Randolph Liebler**    jrlii@lgplaw.com, mkv@lgplaw.com
- **Nathan G Mancuso**    ngm@mancuso-law.com
- **David B Marks**    brett.marks@akerman.com, charlene.cerda@akerman.com
- **Nicole Testa Mehdipour**    nicolem@ntmlawfirm.com,
  cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
- **Nicole Testa Mehdipour**    Trustee@ntmlawfirm.com,
  TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com
- **James B Miller**    bkcmiami@gmail.com
- **James C. Moon**    jmoon@melandbudwick.com,
  ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **John E Page**    jpage@slp.law,
  dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
- **Eric S Pendergraft**    ependergraft@slp.law,
  dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Hampton Peterson**    legalservices@PBCTax.com
- **Jordan L Rappaport**    office@rorlawfirm.com, 1678370420@filings.docketbird.com
- **David A Ray**    dray@draypa.com, sramirez.dar@gmail.com,cm_ecf_service@ntmlawfirm.com
- **Ivan J Reich**    ireich@nasonyeager.com, msmith@nasonyeager.com
- **Jason S Rigoli**    jrigoli@furrcohen.com, rrivera@furrcohen.com;staff1@furrcohen.com
- **Harry J Ross**    hross@hjrlaw.com, jerri@hjrlaw.com
- **John D. Segaul**    john@segaul.com,
  court@segaulstoll.com;melissa@segaul.com;segaullawfirmpa@jubileebk.net
- **Zach B Shelomith**    zbs@lss.law, info@lss.law;zshelomith@ecf.inforuptcy.com
- **Bradley S Shraiberg**    bss@slp.law,
  dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
- **Eric J Silver**    esilver@stearnsweaver.com,
  jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- **David R. Softness**    david@softnesslaw.com
- **Christian Somodevilla**    cs@lss.law, info@lss.law;cs@ecf.courtdrive.com
- **James B Sowka**    jsowka@seyfarth.com,
  ctholen@seyfarth.com;bankruptcydocket@seyfarth.com;3913483420@filings.docketbird.com
- **Peter D. Spindel**    peterspindel@gmail.com, peterspindelcmecf@gmail.com
- **Mark E Steiner**    MES@lgplaw.com, pm@lgplaw.com
- **Paul E Wilson**    pwilson@paulwilsonesq.com
- **Harry Winderman**    harry4334@hotmail.com,
  lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
- **Thomas G Zeichman**    tzeichman@bmulaw.com, G67999@notify.cincompass.com

### _Sent via U.S. Mail_

See attached matrix.

Label Matrix for local noticing
113C-9
Case 22-12790-EPK
Southern District of Florida
West Palm Beach
Mon Sep 12 11:57:18 EDT 2022

Luxury Lease Company LLC
210 Summit Ave,  Suite C4
Montvale, NJ 07645-1500

1001 Clint Moore, LLC
6560 W Rogers Circle
Suite B27
Boca Raton, FL 33487-2746

Ally Bank Lease Trust - Assignor to Vehicle
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Auto Wholesale of Boca, LLC
6560 W Rogers Circle
Suite B27
Boca Raton, FL 33487-2746

BAL INVESTMENTS, LLC
c/o Zachary J. Bancroft, Esq.
Baker Donelson, et al.
200 S. Orange Ave., Ste. 2900
Orlando, FL 32801-3448

BENIDT INVESTMENTS/SLINGER, LLC
c/o Eric J. Silver, Esq.
150 West Flagler Street
Suite 2200
Miami, FL 33130-1545

Chapford Credit Opportunities Fund LP
c/o James C. Moon, Esq.
Meland Budwick, P.A.
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131-5323

Chapford Specialty Finance LLC
c/o James C. Moon, Esq.
Meland Budwick, P.A.
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131-5323

Columbus Day Finance, LLC
c/o Jordan L. Rappaport, Esq
Rappaport Osborne & Rappaport, PLLC
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

DCG 2008 Irrevocable Wealth Trust
c/o Ivan J. Reich
750 Park of Commerce Blvd, Suite 210
Boca Raton, FL 33487-3611

Daimler Trust
c/o Paul Wilson
1776 N. Pine Island Rd., Suite 308
Plantation, FL 33322-5235

EXCELL Auto Group, Inc.
1001 Clint Moore Road
Suite 101
Boca Raton, FL 33487-2830

Excell Auto Sport and Service, Inc.
c/o Nathan G. Mancuso
7777 Glades Rd., Suite 100
Boca Raton, FL 33434-4150

FVP Investments, LLC, a Delaware limited lia
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
MIami, FL 33131-4332

FVP Opportunity Fund III, LP
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
Miami, FL 33131-4332

FVP Servicing, LLC a Delaware limited liabil
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
Miami, FL 33131-4332

Franklin Capital Funding, LLC
c/o Shraiberg Page, PA
2385 NW Executive Center Dr., #300
Boca Raton, FL 33431-8530

Graves Directional Drilling Inc. a/k/a Grave
c/o Kelley, Fulton, Kaplan & Eller PL
1665 Palm Beach Lakes Blvd.,Ste. 1000
West Palm Beach, FL 33401-2109

Integrated Vehicle Leasing, Inc.
c/o Moritt Hock & Hamroff LLP
Attn.: Theresa A. Driscoll, Esq.
400 Garden City Plaza
Garden City, NY 11530-3327

Karma Automotive, LLC
c/o James B. Sowka
233 South Wacker Drive,, IL 60606

Karma of Broward, Inc.
c/o Weiss Handler & Cornwell, PA
2255 Glades Road
Suite 205E
Boca Raton, FL 33431-7391

MMS Ultimate Services, Inc.
7241 Catalina Isle Drive
Lake Worth, FL 33467-7746

Mercedes Benz Financial Services USA, LLC.
14372 Heritage Parkway
Fort Worth, TX 76177-3300

Milco Atwater, LLC
c/o Eyal Berger
201 Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Millco Atwater, LLC
201 E Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Palm Beach County Tax Collector
c/o Hampton Peterson Esq
POB 3715
West Palm Beach, FL 33402-3715

Prestige Luxury Cars, LLC
c/o Thomas G. Zeichman
2385 Executive Center Drive, Suite 250
Boca Raton, FL 33431-8511

Savannah Row Development Company, LLC
c/o M.A. Dinkin Law Firm, P.L.L.C.
3319 SR 7, Suite 303
Wellington, FL 33449-8147

Shrayber Land, Inc.
c/o Joaquin J. Alemany, Esq.
HOLLAND & KNIGHT LLP
701 Brickell Ave., Suite 3300
Miami, FL 33131-2898

Tulocay Farm, Inc.
c/o Peter Spindel, Esq., P.A.
POB 835063
Miami, FL 33283-5063

Westlake Flooring Company, LLC
c/o Liebler Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL 33130-1808

Westlake Services, LLC
c/o Liebler Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL   33130-1808

Woodside Credit, LLC
c/o Zach B. Shelomith, Esq.
2699 Stirling Rd # C401
Fort Lauderdale, FL 33312-6598

1001 Clint Moore, LLC
c/o James B. Miller, P.A.
19 West Flagler Street, Suite 416
Miami, FL 33130-4419

22 Capital
1900 Glades Road
Suite 540
Boca Raton, FL 33431-7378

A&A Publishing Corp d/b/a The Boca Raton Obs
7700 Congress Avenue Ste 3115
Boca Raton, FL 33487-1357

AJA Realty
16850 Charles River Drive
Delray Beach, FL 33446-0010

AMEX TRS Co., Inc.
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Aaron Parkinson
1361 SW 21st St
Boca Raton, FL 33486-6646

Aaron Parkinson
Frederik Middleton
1361 SW 21st St
Boca Raton, FL 33486-6646

Alpine Business Capital
99 Wall Street
New York, NY 10005-4301

Auto Wholesale Boca
6560 West Rogers Circle
Suite B27
Boca Raton, FL 33487-2746

Auto Wholesale of Boca, LLC
c/o James B. Miller, P.A.
19 West Flagler Street, Suite 416
Miami, FL 33130-4419

BAL Investments
1114 Ashton Trace
Atlanta, GA 30319-2681

Chad Zakin
c/o Mark A. Levy, Esq.
Brinkley Morgan
100 SE Third Ave, 23rd Floor
Fort Lauderdale, FL 33394-0002

Chapford Specialty Finance LLC
c/o James C. Moon, Esquire
Meland Budwick, P.A.
200 S. Biscayne Blvd., Ste 3200
Miami, FL 33131-5323

DCG 2008 Irrevocable Wealth Trust
c/o Kenneth J. Goodman, as Trustee
1001 East Telecom Drive
Boca Raton, FL 33431-4422

DCG Trust
c/o Kenny Goodman
1928 Thatch Palm Drive
Boca Raton, FL 33432-7457

David Amsel
c/o Breuer Law, PLLC
6501 Congress Ave., Ste. 240
Boca Raton, FL 33487-2840

(c)EAG WHOLESALE, LLC/OLP EAG, LLC
C/O SIMON & SIGALOS, LLC
3839 NW 2ND AVE STE 100
BOCA RATON FL  33431-5862

Ed Brown
152 Bears Club Drive
Jupiter, FL 33477-4203

Edvard Dessalines
6160 Kelty Way
Lake Worth, FL 33467-6117

Edward M. Brown
c/o Brett Marks, Esquire
Akerman LLP
201 East Las Olas Blvd.
Suite 1600
Fort Lauderdale, Florida 33301-4439

FVP Opportunity Fund III LP
c/o David Softness, Esq.
201 S. Biscayne Blvd, Suite 2740
Miami, FL 33131-4332

FVP Opportunity Fund III, LP
c/o David Softness, Esq.
201 S. Biscayne Blvd.
Suite 2740
Miami, FL  33131
david@softnesslaw.com  33131-4332

Fedex Corporate Services Inc
3965 Airways Blvd, Module G, 3rd Floor
Memphis, TN 38116-5017

First Citizens Bank & Trust Comapny
PO Box 593007
San Antonio, TX 78259-0200

Franklin Capital Funding, LLC
c/o Bradley S. Shraiberg, Esq.
2385 NW Executive Center Dr., #300
Boca Raton, FL 33431-8530

Frederick Hall
200 N. Palm Ave
Indialantic, FL 32903-5051

Geoffrey Thomas Keable
Lawrence A. Caplan, P.A.
1375 Gateway Blvd
Boynton Beach, FL 33426-8304

Get Backed
2101 Interstate 35
4th Floor
Austin, TX 78741-3800

Graves Directional Drilling Inc.
c/o Kelley, Fulton, Kaplan & Eller, PL
1665 Palm Beach Lakes Blvd., Ste 1000
West Palm Beach, FL 33401-2109

Green Bucket Investments
Aaron Parkinson
6700 N Andrews Ave 3 Fl
Ft Laud., FL 33309-2204

Haley Walker
c/o Olive Judd, P.A.
2426 East Las Olas Blvd.
Fort Lauderdale, FL 33301-1573

Integrated Vehicle Leasing Inc.
Theresa A. Driscoll
Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, NY 11530-3327

Jack Brennan
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Orlando, FL 32801-2798

Jack Brennan
GrayRobison, P.A.
301 E. Pine Street, Suite 1400
Orlando, FL 32801-2741

Johnie Floyd Weems, III
1199 S. Federal Highway, Suite 423
Boca Raton, FL 33342-7335

Karma Palm Beach Inc. & Karma of Broward Inc
c/o Harry Winderman, Esq.
Weiss, Handler & Cornwell, PA
2255 Glades Road, Suite 205E
Boca Raton, FL 33431-7392

Karma of Palm Beach Inc. & Karma of Broward
c/o Harry Winderman, Esq.
Weiss, Handler & Cornwell, PA
2255 Glades Road, Suite 205E
Boca Raton, FL 33431-7392

Lillian Roberts
6360 NW 42nd Avenue
Coconut Creek, Florida 33073
Coconut Creek, FL 33073-3262

MXT Solutions, LLC
2101 Interstate 35, 4th Floor
Austin, TX 78741-3800

Mike Halperin
5820 Harrington Way
Boca Raton, FL 33496-2511

Mike Halperin
c/o Philip J. Landau, Esq.
3010 N. Military Trail, Suite 318
Boca Raton, FL 33431-6300

Millco-Atwater, LLC
c/o D. Brett Marks, Esquire
201 East Las Olas Blvd. - Suite 1800
Fort Lauderdale, Florida 33301-4442

Moshe Farache and
MMS Ultimate Services, Inc.
c/o James B. Miller, P.A.
19 West Flagler Street, Suite 416
Miami, FL 33130-4419

(c)OLP EAG, LLC
C/O SIMON & SIGALOS, LLP
3839 NW 2ND AVE STE 100
BOCA RATON FL  33431-5862

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Parkview
400 Main Street
Stamford, CT 06901-3000

(c)PEAK FINANCE, LLC
C/O SIMON & SIGALOS, LLP
3839 NW 2ND AVE STE 100
BOCA RATON FL  33431-5862

Phil Gori
195 W. Alexander Palm Road
Boca Raton, FL 33432-8602

Prestige Luxury Cars, LLC
70 SE 4TH AVE
DELRAY BEACH, FL 33483-4514

Prestige Luxury Motors
4301 Oak Circle
Suite 25
Boca Raton, FL 33431
Shrayber Land
15700 Dallas Parkway  33431-4258

Richard Applegate
c/o Jordan L. Rappaport
1300 N. Federal Hwy #203
Boca Raton, FL 33432-2848

Savannah Row
30 SE 15th Avenue
Boca Raton, FL 33432

Shrayber Land
15700 Dallas Parkway, Suite 11
Dallas, TX 75248-3306

Spin Capital
1968 S. Coast Highway
Suite 5021
Laguna Beach, CA 92651-3681

Stefano Riga
c/o Jordan L. Rappaport
1300 N. Federal Hwy Suite 203
Boca Raton, FL 33432-2848

Stephen Breuer
Breuer Law, PLLC
6501 Congress Avenue
Suite 240
Boca Raton, FL 33487-2840

TBF
333 River Street
Hoboken, NJ 07030-5856

TVT
1407 Broadway
New York, NY 10018-5100

TVT Direct Funding LLC
65 West 36th Street, Floor 12
New York, NY 10018-7935


The Gori Family  Limited Partnership
c/o D. Brett Marks, Esquire
Akerman LLP
201 East Broward Blvd.
Suite 1800
Fort Lauderdale, Florida 33301

Theresa A. Driscoll
Moritt Hock & Hamroff
400 Garden City Plaza
Garden City, NY 11530-3327

Timothy Olesijuk
c/o John D. Segaul, Esq.
300 S. Pine Island Rd #304
Plantation FL 33324-2621

United Healthcare Insurance Company
Attn CDM/Bankruptcy
185 Asylum St-03B
Hartford CT 06103-3408

Wing Lake Capital Partners
32300 Northwestern Highway
Suite 200
Farmington Hills, MI 48334-1501

Aaron Parkinson
c/o Jordan L. Rappaport Esq
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Alan Barbee
1400 Centerpark Blvd Suite 860
Suite 860
West Palm Beach, FL 33401-7421

Alexey Alekseyevich Gorodova
1100 S Miami Avenue
Apt 1210
Miami, FL 33130-4164

Andrew Greenberg
c/o Jordan L Rappaport
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Andrew Todd McNeill
c/o Paid A. Avron
201 E. Las Olas Boulevard, Suite 1500
Fort Lauderdale, FL 33301-4439

Carina Avila
DMS Inc
4701 SW 51st St
Davie, FL 33314-5503

Chad Zakin
c/o Mark A. Levy
100 SE Third Avenue, 23rd Floor
Fort Lauderdale, FL 33394-0002

Christopher Todd Bludworth
c/o Paid A. Avron
201 E. Las Olas Boulevard, Suite 1500
Fort Lauderdale, FL 33301-4439

David Amsel
c/o Breuer Law, PLLC
6501 Congress Avenue
Suite 240
Suite 240
Boca Raton, FL 33487-2840

Edvard Dessalines
c/o John E. Page
2385 NW Executive Center Dr, Suite 300
Boca Raton, FL 33431-8530

Edward Brown
c/o Eyal Berger
201 Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Frederick Hall
Cuenant & Pennington P.A.
c/o Winston Cuenant
101 NE 3rd Avenue
Suite #1500
Fort Lauderdale, FL 33301-1181

Frederick Middleton
c/o Jordan L. Rappaport Esq
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Harry Winderman
Harry Winderman, ESQ.
2255 Glades Road
Suite 205e
Boca Raton, FL 33431-7391

John Wittig
c/o Eyal Berger
201 Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Kristen Zankl
16937 Pierre Circle
Delray Beach, FL 33446-3693

Michael Halperin
c/o Philip Landau
Landau Law, PLLC
3010 N. Military Trail
Suite 318
Boca Raton, FL 33431-6300

Moshe Farache
6560 W. Rogers Circle Suit B27
Boca Raton, FL 33487-2746

(p)NICOLE TEST MEHDIPOUR
6278 NORTH FEDERAL HIGHWAY SUITE 408
FORT LAUDERDALE FL 33308-1916

Philip T. Gori
c/o Eyal Berger
201 Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Richard Applegate
c/o Jordan L. Rappaport
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, FL 33432-2801

Richard Greenberg
c/o Jordan L Rappaport
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

```
Scott Zankl                          Stefano Riga                        Steven Graves
16937 Pierre Circle                  c/o Jordan L Rappaport, Esq         c/o Kelley, Fulton, Kaplan & Eller PL
Delray Beach, FL 33446-3693          1300 N Federal Hwy, Ste 203         1665 Palm Beach Lakes Blvd., Ste. 1000
                                     Boca Raton, FL 33432-2848           West Palm Beach, FL 33401-2109


Svetlana Petrovna Gorodova           Tarek Aboualazzm                    Tim Olesijuk
1100 S Miami Avenue                  c/o Jordan L. Rappaport, Esq        c/o John D. Segaul
Apt 1210                             1300 N Federal Hwy, Ste 203         300 S. Pine Island Road, Suite 304
Miami, FL 33130-4164                 Boca Raton, FL 33432-2848           Plantation, FL 33324-2621
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Nicole Testa Mehdipour
United States Bankruptcy Trustee
6278 North Federal Highway Suite 408
Ft Lauderdale, FL 33308
```

Addresses marked (c) above for the following entity/entities were corrected as required by the USPS Locatable Address Conversion System (LACS).

```
EAG Wholesale, LLC/OLP EAG, LLC      OLP EAG, LLC                        Peak Finance, LLC
c/o Simon & Sigalos, LLC             c/o Simon & Sigalos, LLP            c/o Simon & Sigalos, LLP
3839 NW Boca Raton Blvd. #100        3839 NW Boca Raton Blvd. #100       3839 NW Boca Raton Blvd #100
Boca Raton, FL 33431                 Boca Raton, FL 33431                Boca Raton FL 33431
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)West Palm Beach                   (d)Graves Directional Drilling, Inc.   (d)Moshe Farache and MMS Ultimate Services, I
                                     c/o Kelley, Fulton, Kaplan & Eller, PL c/o James B. Miller, P.A.
                                     1665 Palm Beach Lakes Blvd., Ste 1000  19 West Flagler Street, Suite 416
                                     West Palm Beach, FL 33401-2109         Miami, FL 33130-4419


(u)Parkinson Holdings LTD            (u)Parkinson Super Pty LTD             (d)Savannah Row Development Company, LLC
c/o Aaron Parkinson                  c/o Aaron Parkinson                    c/o M.A. Dinkin Law Firm, P.L.L.C.
19 Oatland Esp, Unit 26              19 Oatland Esp, Unit 26                3319 SR 7, Suite 303
Runaway Bay QLD 4216                 Runaway Bay QLD 4216                   Wellington FL 33449-8147


(d)Shrayber Land, Inc.              (d)Woodside Credit, LLC                (u)Johnie Floyd Weems, III
c/o Joaquin J. Alemany, Esq.        c/o Zach B. Shelomith, Esq.
Holland & Knight LLP                2699 Stirling Rd # C401
701 Brickell Ave., Suite 3300      Fort Lauderdale, FL 33312-6598
Miami, FL 33131-2898
```

End of Label Matrix
Mailable recipients    125
Bypassed recipients      9
Total                  134

**EXHIBIT A**

# KLDiscovery

**Discovery Services ● US ● Statement of Work**

## Description

| | |
|---|---|
| **Document** | Statement of Work ("SOW") |
| **Region** | US |
| **Scope** | Forensics, eDiscovery, Professional Services, Pricing and Terms |

## Summary Information

| | |
|---|---|
| **Matter Name** | Excell Auto Group Bankruptcy |
| **Matter Number** | |

| | |
|---|---|
| **Client Name** | Nicole Testa Mehdipour, in her sole capacity as Chapter 7 Trustee for Excell Auto Group, Inc. |
| **Law Firm Name** | Nicole Testa Mehdipour, in her sole capacity as Chapter 7 Trustee for Excell Auto Group, Inc. |

| | |
|---|---|
| **Client #** | 5588038 |
| **SO #** | 7536470 |

| | |
|---|---|
| **Version #** | 1.0 |
| **Contract Date** | August 3, 2022 |

| | |
|---|---|
| **Submitted By** | Katie Hickey – Business Development Manager |

## Contents

| | |
|---|---|
| Contract Information | 2 |
| Project Overview | 3 |
| Pricing Standard Services | 4 |
| Terms and Conditions | 6 |
| Acceptance and Authorization | 15 |

© 2022 KLDiscovery Ontrack, LLC. This document is proprietary and confidential. It may not be distributed to any other person without prior written consent of KLDiscovery.



**Discovery Services ● US ● Statement of Work**

## Contract Information

### Client

| | |
|---|---|
| Client Name | Nicole Testa Mehdipour, in her sole capacity as Chapter 7 Trustee for Excell Auto Group, Inc. |
| Contact Name | |
| Contact Title | |
| Address | 6278 N. Federal Highway, Suite 408, Fort Lauderdale, FL 33308 |
| Phone | (954) 608-8880 |
| Email | NicoleM@ntmlawfirm.com |

### Law Firm

| | |
|---|---|
| Law Firm Name | Nicole Testa Mehdipour, in her sole capacity as Chapter 7 Trustee for Excell Auto Group, Inc. |
| Contact Name | Jason S. Rigoli, Esq. |
| Contact Title | Associate |
| Address | 2255 Glades Road, Suite 419A, Boca Raton, FL 33431 |
| Phone | 561.417.1582 |
| Email | jrigoli@furrcohen.com |

### Billing Instructions*

☐ Invoices will be sent to Law Firm (contact listed above) via email.

☒ Invoices will be sent to law firm (contact listed above) for approval and then to client (contact listed above) via email.

☐ Other.  Please provide detailed instructions below.

Accounts Payable
Contact Information
(Name, title, address,
phone, email)

Copy of Invoice goes to
(Please list email addresses)

3rd Party Submission Portal    ☒ No  ☐ Yes (please list)

Special Instructions

***Please note that in the absence of provided information, KLDiscovery will send invoices directly to the listed client contact via email.***

© 2022 KLDiscovery Ontrack, LLC.  This document is proprietary and confidential.  It may not be distributed to any other person without prior written consent of KLDiscovery.



**Discovery Services ● US ● Statement of Work**

## Project Overview

This SOW defines activities, deliverables, and pricing to meet the objectives of the Project for the Client. All work performed by KLDiscovery on this Project will be conducted either at the direction of and under the supervision of legal counsel to Client or at the sole discretion and instruction of Client.

## Project Management

The KLDiscovery Project Manager will be the primary point of contact and will be responsible to deliver results defined in the SOW. Changes to Project scope, new services and terms shall be agreed upon in a subsequent amendment, which can be either in written or email format, and the addition of services listed shall be communicated to the assigned Project Manager via email.

Until a Project Manager has been assigned by KLDiscovery, please utilize the KLDiscovery Account Manager(s) listed on page 1 as your primary contact for any changes to scope or addition of services with regard to the Project contemplated by this SOW.

## Project Parameters

The Project may include any of the services listed in the following pricing table.

© 2022 KLDiscovery Ontrack, LLC. This document is proprietary and confidential. It may not be distributed to any other person without prior written consent of KLDiscovery.

DocuSign Envelope ID: 4F6BACF3-E31F-464A-8928-0B483AB55778



Discovery Services ● US ● Statement of Work

## Pricing Standard Services

KLDiscovery's fees under this SOW will be based on the Pricing Tables provided below.

| Collections | Unit | USD | Notes |
|---|---|---|---|
| Forensic Data Collection | Hour | 250.00 | Remote and onsite collection options available for hard drives and external devices. No minimum hourly requirement for Forensic Data Collection services. |
| Forensic Analysis | Hour | 300.00 | Computer Forensic services including forensic in-lab preservation, active and recoverable deleted file listings, active and recoverable deleted email listings, internet history, removable media identification, and deliverable creation. |
| Travel Time | Hour | 50% | Travel time charged at 50% of the hourly rate for the service provided. Not to exceed $1,000 per travel day. |
| Travel Expense | Item | Cost | Travel related expenses such as hotel, transportation, and meals billed at actual cost. |
| **Processing** | **Unit** | **USD** | **Notes** |
| Selective ESI Ingestion (IN) | GB | 15.00 | Ingest, de-duplicate, and index content for keyword, date, and other Boolean/advanced filtering techniques. Identification and OCR of all non-full text documents. |
| Selective ESI Processing (OUT) | GB | 95.00 | Process data responsive to the filters applied. |
| **Hosting** | **Unit** | **USD** | **Notes** |
| Active Hosting | GB Month | 8.00 | Includes database setup, text, native & image access to data in an active state within a KLDiscovery review platform. Active hosting charges for a given month shall be based on the largest data count hosted at any given time during the calendar month being billed. |
| Nearline Hosting | GB Month | 4.00 | Includes storage with the ability to retrieve text, native & image data in a nearline state within a KLDiscovery review platform. In order for the nearline hosting rate to take effect, data must remain in nearline status continuously for at least one (1) calendar month. |
| User Access Nebula | User Month | 0.00 | Monthly user fee for Nebula Review. |
| | | | All data and each user account will remain active until such time that KLDiscovery is asked to terminate it. Hosting and User access charges are not pro-rated; therefore, requests to terminate an account must be made by close-of-business on the last business day of the month in order to avoid being billed for the following month. |
| **Analytics** | **Unit** | **USD** | **Notes** |
| KLDiscovery Analytics | File | Waived | KLDiscovery technology for advanced analytics, including predictive coding, workflow, message threading, near-duplicate detection. |
| **Productions** | **Unit** | **USD** | **Notes** |
| Native & Image Production | GB | 250.00 | Produce metadata, natives, image and extracted text in a load file format (includes endorsements/branding). *Charges will apply to any record imaged regardless of whether they are ultimately used in production. |

© 2022 KLDiscovery Ontrack, LLC. This document is proprietary and confidential. It may not be distributed to any other person without prior written consent of KLDiscovery.



**Discovery Services ● US ● Statement of Work**

| Professional Services | Unit | USD | Notes |
|---|---|---|---|
| Project Management | Hour | 195.00 | Consultative and customized support including but not limited to transmittal and analysis of electronically stored information, customized processing solutions, document review workflow design, document production query design, and quality control customization. |
| Technical Support | Hour | 175.00 | Billable operations or custom development time. Includes but not limited to processing and loading of 3rd party data into KLDiscovery review platform. Create custom load file production template or special handling for productions. Technical support for review platforms. Support time is rounded up to 6-minute increments. After hours, weekends & holidays billed at standard rate. |

| Data Management | Unit | USD | Notes |
|---|---|---|---|
| Case Disposition | Workspace < 2 TB | 450.00 | Upon case completion, the workspace will be taken down and copied to an external HDD. Includes tech time, landing media, and shipment. |
| | Workspace > 2 TB | 750.00 | |
| Offline Archive Storage | < 250 GB Month | 25.00 | Monthly storage fee for an archived database. |
| | 250 GB – 1 TB Month | 50.00 | |
| | > 1 TB Month | 75.00 | |
| Offline Restoration | < 250 GB | 500.00 | One-time fee to restore a database from archive to an active state. |
| | 250 GB – 1 TB | 1,500.00 | |
| | > 1 TB | 2,500.00 | |
| Original Media Storage | Media Month After 6 Months | 25.00 | Monthly storage fee for client media. If data is processed into a KLDiscovery review platform the first 6 months are included. |
| Media Destruction Deletion | Media | 50.00 | Provide certificate of destruction for deletion of client data from KLDiscovery servers and archive tapes. |

| Media Delivery | Unit | USD | Notes |
|---|---|---|---|
| CD DVD | CD DVD | 15.00 | CD DVD media for deliverables. |
| Flash Drive | USB | 75.00 | USB Flash Drive media for deliverables. |
| Hard Drive | HDD | 199.00 | Hard Drive media for deliverables. |
| Padlock | HDD | 299.00 | Padlock Hard Drive media for deliverables. |
| Freight | Cost | Cost | Freight charges, including postage, ground couriers, FedEx, etc. |

© 2022 KLDiscovery Ontrack, LLC. This document is proprietary and confidential. It may not be distributed to any other person without prior written consent of KLDiscovery.

DocuSign Envelope ID: 4F6BACF3-E31F-464A-8938-0B483AB55778

**KLDiscovery**    Discovery Services ● US ● Statement of Work

---

## Terms and Conditions

This Statement of Work ("SOW") dated **8/3/2022**  between KLDiscovery Ontrack, LLC d/b/a KLDiscovery ("KLDiscovery") with its principal place of business at 8201 Greensboro Drive, Suite 300, McLean, VA 22102  and **Nicole Testa Mehdipour, in her sole capacity as Chapter 7 Trustee for Excell Auto Group, Inc.**   ("Client"/ "Firm's Client"), each a ("Party") and collectively the ("Parties") governs the provision of KLDiscovery's Services as set forth herein.

1. **Definitions**

1.1. The definitions set forth below shall apply to the following terms when used in this SOW.

1.2. **"Client"** means the company and/ or legal entity referenced above and may refer to and include:

   1.2.1. **"Firm"**, the law firm serving as the Client under this SOW or the law firm serving as the contractual Client's representative under this SOW. Firm may contract with KLDiscovery to provide Services on behalf of it and Firm's Client.

   1.2.2. **"Firm's Client"**, the individual person, persons, company or other legal entity who is represented by Firm. Firm's Client may contract with KLDiscovery to provide Services on behalf of Firm and it.

1.3. **"Client Data"** means data, information or analysis recorded in permanent form, contained in physical documents or electronic media which has been provided to KLDiscovery by the Client, Users or by Firm on Client's behalf for the Project including data which has been forensically collected by KLDiscovery.

1.4. "**Client IP**" means any Client Data and any modification, re-ordering, culled or adaptation of Client Data, including any written reports or productions created by KLDiscovery relating to or derived from the Client Data.

1.5. "**Confidential Information**" means any non-public information whether or not marked with legends stating it is confidential information concerning data or materials relating to a Party's products and services, technology, information security protocols, business plans, prices, financial information, marketing plans, and other trade secret or proprietary information including Client Data, Client IP and KLD IP.

1.6. "**Document Review Project**" has the definition in Clause 3.1 below.

1.7. **"Fees"** means the sums charged and expenses incurred for access to and/or use of the Specific Services ordered under this SOW. – see pricing table.

1.8. "**Intellectual Property Rights**" means all patents, copyrights, design rights, trademarks, service marks, trade secrets, know-how, database rights and other rights in the nature of intellectual property and proprietary rights (whether registered or not) and all applications for the same which may now or in the future subsist anywhere in the world).

1.9. "**KLD IP**" means all and any Intellectual Property Rights in the provision of the Services, including the development, creation and supply of the Services, inventions, works of authorship, methodologies, processes and know-how used, to develop or that comprise the Services, together with any hardware, firmware, platforms, software and any changes, improvements, new features or functionality created or used by KLDiscovery as part of the Services.

1.10. "**Personal Data**" means all personal data identifying an individual provided to KLDiscovery by the Client in relation to the Project, including personal data hosted and processed on KLDiscovery's electronic discovery platforms, forensically collected data and images, original media stored by KLDiscovery and archived data.

1.11. "**Project**" is the purpose of the Services as set out in this SOW.

1.12. "**Request**" has the definition set out in Clause 11.4.

1.13. "**Review Platform**" has the definition set out in Clause 2.2.

---

© 2022 KLDiscovery Ontrack, LLC.  This document is proprietary and confidential.  It may not be distributed to any other person without prior written consent of KLDiscovery.



1.14.  "**Sanctions**" means sanctions administered or enforced by the US Department of the Treasury's Office of Foreign Assets Control (OFAC), US Department of State, United Nations Security Council, European Union, Her Majesty's Treasury in the United Kingdom and/or or other relevant sanctions authority.

1.15.  "**Services**" means the specific products, services, and related consulting in the areas of eDiscovery, digital forensics, document review, data recovery and information management made available by KLDiscovery to Client as specified in this SOW.

1.16.  "**Users**" means individuals who are authorized by Client to access and use the Services and who have been supplied user identification and passwords by Client (or by KLDiscovery at Client's request).

## 2.    The Services

2.1.  KLDiscovery shall make the Services available to Client and its Users pursuant to the terms of this SOW. Access to and use of the Services is granted solely to the Client stated in this SOW and shall not be shared with any third parties other than those designated by Client and approved by KLDiscovery.

2.2.  Where required, KLDiscovery shall make the appropriate Services available via a web-based platform selected by the Client (the "Review Platform") and provide Users with direct access to the Review Platform. Subject to the terms and conditions of this SOW, and during the term set forth in the SOW, KLDiscovery grants Client a limited, non-transferable, non-sublicenseable, non-exclusive license to access and use the Review Platform. The Review Platform may only be used for Client's internal business by Users. Client shall not allow any other party to access or use the Review Platform.  Client shall not, directly or indirectly, reverse engineer, disassemble, decompile, attempt to gain access to the source code of, or interfere with or attempt to interfere with the operation of, the Review Platform. Client is responsible for maintaining the confidentiality and security of all login credentials granted to Users to access and use the Review Platform and is responsible for all activities in connection with the Review Platform undertaken using the login credentials of Client's Users. KLDiscovery shall provide: (i) such assistance and access to information, data, software, documentation or other materials and personnel as are reasonably required for Client to use the Review Platform; (ii) basic technical support to ensure continuity of the Review Platform; (iii) commercially reasonable efforts to make the Review Platform available to Client 24 hours a day, 7 days a week, except for (a) planned downtime for regularly scheduled maintenance, which will be communicated to Client in advance; or (b) any circumstances beyond KLDiscovery's reasonable control including without limitation, internet service provider failures or delays.

2.3.  Client shall use the Services for internal business purposes only. Client shall not allow another party to access or use the Review Platform or other Services.  Client shall not directly or indirectly: (i) sell, resell, lease, distribute, license, or otherwise commercially exploit the Services; or (ii) tamper with the security of the Services or otherwise attempt to gain unauthorized access to or otherwise breach KLDiscovery's systems.

2.4.  Client is responsible for all activities by Client's Users and for each User's compliance with all terms and conditions of this SOW.

2.5.  In the event Client is issued or sent a remote mobile device collection kit ("RMDC") and does not return the RMDC to KLDiscovery within 60 days of receipt of the RMDC, Client shall be liable for the total cost of the RMDC, which shall be billed to Client as a line item on Client's invoice or billed at cost.

2.6.  Where Client shall provide Client Data to KLDiscovery that requires ITAR compliance, Client must provide written notice of this data type to KLDiscovery before ingestion of such Client Data into KLDiscovery's systems.

## 3.    Document Review Services

3.1.  Where the Client requests KLDiscovery to provide document review for the Project, KLDiscovery and Client shall agree in writing the qualification criteria for the document reviewers for the Project, such qualifications may include a requirement for the document reviewers to be in possession of a valid Bar license.  Once qualification criteria have been determined, KLDiscovery shall use reasonable endeavours to provide a selection of candidates for Client to choose for the Project. The Client shall select the individuals for the Project in writing (email is



**Discovery Services ● US ● Statement of Work**

sufficient). Following selection, KLDiscovery shall confirm with each document reviewer the commencement date and expected duration of the Project (the "Document Review Project"). The Client acknowledges that some or all of the chosen document reviewers may not accept the offer of a place on the Document Review Project due to factors outside KLDiscovery's control, including but not limited to delays in selection, the document reviewer accepting alternative projects with other eDiscovery providers or choosing to decline for personal reasons.

3.2.    Prior to commencement of the Document Review Project, the Client shall provide the written review protocol for the Document Review Project, which shall specify in sufficient detail the aims of the Project, document selection criteria, coding and production requirements and any other criteria to enable the document reviewers to understand the Project and the specific requirements of the Client ("Review Protocol").

3.3.    KLDiscovery's review managers shall act at all times as the liaison between the Client and the document reviewers and shall monitor the output of the document reviewers throughout the life of the Document Review Project. On request, or on pre-agreed intervals, KLDiscovery shall provide an overview of the Document Review Project and document output, including statistics or other information applicable to the performance of each document reviewer. The KLDiscovery review manager shall establish communication protocols with the Client including a Q&A document to provide additional guidance from the Client relating to the Review Protocol and overall Document Review Project. The Client can make a request to the review manager, at any time, for a replacement of any document reviewer or seek additional capacity and KLDiscovery shall use reasonable endeavours to provide further individuals for selection by the Client.

3.4.    The Client must ensure at all times that the Document Review Project is supervised by a licensed attorney with an attorney-client relationship with the ultimate end-client, or if the Client is using its in-house legal team, supervision from the General Counsel's office.

3.5.    All documents coded or reviewed by the document reviewers in the Document Review Project must be assessed or approved by the Client prior to final production, such assessment or approval may be made by a quality control process whereby a selection or proportion of documents are reviewed by the Client for accuracy as to coding by the document reviewers. In cases where the Client does not approve of any coding, KLDiscovery and Client shall agree to any remedial process to ensure coding accuracy for any subsequent assessment or review. Any complaints or objections to any of the coding performed by KLDiscovery have to be made no later than 10 (ten) days after the work was reviewed by the Client.

3.6.    The Document Review Project shall be conducted, at KLDiscovery's election, within KLDiscovery's premises or remotely by the document reviewers contracted for the Document Review Project. Where document review consultants work remotely, KLDiscovery shall ensure that all of the document reviewers have agreed to provide their services pursuant to KLDiscovery's remote working guidelines for document reviewers. In the event such remote locations and reviews are used, all Client and/or Firm confidentiality will continue to be maintained, and KLDiscovery continues to represent and warrant that it will employ appropriate technical and organizational measures to safeguard Client Data in its possession against accidental loss, damage or destruction, and will take all reasonable steps to ensure reliability of its employees or representatives who have access to such Client Data including taking all necessary steps to ensure Client Data accessed by document reviewers are accessed with secure security systems and credentials.

4.    **Conflicts and Neutral Performance of Services**

4.1.    Client understands and agrees that KLDiscovery is not a law firm, the Services do not constitute legal advice or expert opinion and Client or the Firm will remain exclusively and directly responsible for any legal opinions or legal strategy, and decisions in connection with matters for which KLDiscovery is providing Services, including the legal supervision of any document reviewers that may be contracted by KLDiscovery for the Document Review Project.

4.2.    Client acknowledges and agrees that this SOW pertains to discrete matters and does not provide a basis for precluding KLDiscovery's performance of the same or similar services to clients in the same legal or regulatory proceedings as the Client. In such instances, save in respect of any data recovery Services, KLDiscovery shall

© 2022 KLDiscovery Ontrack, LLC. This document is proprietary and confidential. It may not be distributed to any other person without prior written consent of KLDiscovery.



**Discovery Services ● US ● Statement of Work**

implement internal screening procedures to address the confidentiality concerns of all Parties involved but shall not be prohibited from accepting such matters.

4.3.    Client acknowledges and accepts that provision of accurate and full information is required to enable KLDiscovery to perform the conflict check at the commencement of the Project, save in respect of any data recovery Services, and shall provide such details on request.

5.    **Fees and Payments**

5.1.    The Fees shall be as set forth in the pricing table(s) above. The Fees do not include applicable service taxes for which Client shall be responsible. All overtime for document review shall be billed at one-and-a-half (1.5x) times the above listed rates.

5.2.    Subject to Bankruptcy Court approval, Client agrees to pay KLDiscovery all sums for provision of the Services together with any approved expenses in U.S. Dollars (USD $).  In the event that the work will be performed in another country and invoiced in local currency, an exchange rate will be agreed upon prior to KLDiscovery performing such services and shall apply to all future invoices under the SOW.  KLDiscovery will invoice Client and/or Firm on a calendar monthly basis in arrears and Client and/or Firm shall remit payment within Net 30 days from invoice date. Fees are non-refundable and based on Services purchased and not actual usage (except for Fees based on volume in the case of overage Fees).  Client expressly agrees that payment to KLDiscovery for Services rendered is not contingent on the outcome of the Project or on Firm's receipt of payment from Firm's Client.

5.3.    Client understands that, in the event of non-payment of invoices, KLDiscovery: (i) reserves the right to suspend performance of, and/or terminate, its Services, including the availability of its software and platforms at any time; and/or (ii) charge interest on late payment in the amount of 1.50% per month, or the maximum percentage allowable under state law, whichever is greater. The Client shall pay all costs of collection of unpaid debts, including, without limitation, reasonable legal fees.

5.4.    Where KLDiscovery is engaged by a Firm for Services ultimately rendered for Firm's Client and Firm's Client is not a signatory to this SOW, Firm represents that it has obtained the authority from Client to bind Client under and according to the terms of this SOW, including the terms to honor all invoices presented by KLDiscovery for work performed under this SOW.

5.5.    Firm and/or Client will notify KLDiscovery in writing of any disputed fees within ten (10) days of invoice date, otherwise KLDiscovery's invoices shall be deemed payable in full. If Firm is to submit invoices to Client on behalf of KLDiscovery, Firm has 10 days to review the invoice and advise KLDiscovery of any discrepancies, after which, Firm shall promptly submit invoices directly to Client, and shall certify upon request by KLDiscovery that the invoice has been sent. Upon notice of such disputed fees, the Parties reserve a thirty (30) day period for validation of the disputed fee or cure of any claimed and validated defect. Thereafter, the initial invoice or an updated invoice shall be issued to Client.

5.6.    In the event that the Project continues for a period longer than 12 (twelve) months following the Effective Date and for each 12 (twelve) month period thereafter, unless otherwise agreed with the Client, KLDiscovery's fees set out in the Pricing Table shall increase by the greater of: (i) 5%, or (ii) the annual % increase in the rate of CPI/RPI, in order to reflect current market conditions and inflation. Any other pricing adjustment to this SOW can be made in either a written addendum or through email approval between the Parties.

5.7.    Instructions from Client relating to Project closure shall not be processed until all outstanding invoices have been paid by Client.  In the event of any overpayment by Client and/or unallocated cash balances relating to invoices delivered by KLDiscovery, such funds can be used by KLDiscovery without limit for payment of any invoices that are due and payable by the Client.

6.    **Ownership and Proprietary Rights**

© 2022 KLDiscovery Ontrack, LLC.  This document is proprietary and confidential.  It may not be distributed to any other person without prior written consent of KLDiscovery.

9 / 15



6.1. KLDiscovery and/or its licensors own and shall retain all and any Intellectual Property Rights in the KLD IP, including without limitation, the Review Platform. Client may not at any point assert any ownership over any of the KLD IP including, without limitation, the Review Platform. Except for the limited right to use the Review Platform as specified this SOW, nothing in this Agreement shall be construed as granting Client or any third party any right, title, or interest in or to the Review Platform or any other KLD IP.

6.2. Client retains all and any intellectual property rights in Client Data and Client IP. KLDiscovery hereby assigns, including present assignment of future copyright, to Client all and any intellectual property rights in any intellectual property rights in any Client IP created through the Services and waives all moral or paternity rights that may exist in any Client IP. KLDiscovery shall only use Client Data to provide the Services to Client. Notwithstanding this, KLDiscovery may additionally use Client Data in its test environment during the term of the Agreement to assess specific features and functionality of new enhancements to the Services.

6.3. KLDiscovery represents and warrants that: (i) it owns the software and technology used in the performance of the Services including KLD IP; and/or (ii) it has all the necessary licenses or consents from the relevant licensors on such terms to enable it to perform the Services; and (iii) neither the provision of the Services nor use of any KLD IP shall infringe any third party intellectual property rights. KLDiscovery shall defend, indemnify and hold Client harmless against any and all third-party claims, resulting damages and costs, including reasonable legal fees and disbursements, resulting from a direct breach of the representations set out in this clause. If Client's use of the Review Platform or other Services is subject to legal proceedings, or if KLDiscovery reasonably believes such use could be subject to legal proceedings, KLDiscovery may choose to either modify the Review Platform or other applicable Services to be non-infringing (while substantially preserving its utility and functionality) or obtain a licence to allow for continued use of the Review Platform or other Services. If neither of these alternatives are available, KLDiscovery shall select another Review Platform and migrate Client Data to that Review Platform to ensure continuity of service to Client.

6.4. KLDiscovery will not be liable, or required to indemnify, defend or hold harmless Client, for claims based upon or arising from: (a) the use or combination of the Review Platform or other Services with software, hardware, or other materials not provided by KLDiscovery; (b) any unintended use or misuse of the Review Platform or other Services, whether or not explicitly in violation of this SOW; (c) any modification or alteration of any of the Review Platform or other Services; or (d) use of the Review Platform or other Services by anyone other than Users permitted to use the Review Platform and other Services.

6.5. No License or Immunity Unless Expressly Granted. NO LICENSE, NON-ASSERT OR IMMUNITY IS GRANTED BY EITHER PARTY HERETO TO THE OTHER PARTY, EITHER DIRECTLY OR BY IMPLICATION, ESTOPPEL OR OTHERWISE, OTHER THAN AS EXPRESSLY PROVIDED IN THIS SOW.

7. **Representations and Warranties**

7.1. Notwithstanding anything to the contrary herein, KLDiscovery shall not be responsible for delays or damage caused by Client's failure to inform KLDiscovery of special conditions attendant to forensic imaging and other Services related to the Client Data, including but not limited to: (1) failing hard drives; (2) electrical problems; or (3) encryption, drive overlay, or other impediments to access not explicitly disclosed to KLDiscovery.

7.2. KLDiscovery warrants that Services: (i) shall be performed so as to materially comply with any published specifications of this SOW if applicable; and (ii) will be performed in a professional and workmanlike manner in accordance with generally accepted industry standards.

7.3. Each Party hereby represents and warrants that it has the full right, power, and authority to enter into this SOW and perform its duties and obligations hereunder.

7.4. EXCEPT AS EXPRESSLY SET FORTH IN THIS SOW NEITHER PARTY MAKES ANY WARRANTIES OF ANY KIND, WHETHER EXPRESS, IMPLIED, STATUTORY, OR OTHERWISE, AND EACH PARTY SPECIFICALLY DISCLAIMS ALL IMPLIED WARRANTIES, INCLUDING THOSE OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND THOSE ARISING FROM USAGE OF TRADE OR COURSE OF DEALING OR PERFORMANCE TO THE MAXIMUM EXTENT

© 2022 KLDiscovery Ontrack, LLC. This document is proprietary and confidential. It may not be distributed to any other person without prior written consent of KLDiscovery.



**Discovery Services ● US ● Statement of Work**

PERMITTED BY LAW. KLDISCOVERY DOES NOT WARRANT ANY PARTICULAR RESULT OR CONCLUSION, NOR THAT ITS ANALYSIS WILL RESULT IN, OR CONTRIBUTE TO, ANY PARTICULAR DECISION IN A LEGAL PROCEEDING OR CONTROVERSY.

8.    **Term and Termination**

8.1.    This SOW shall commence on the Effective Date and continue until either terminated or until the Project has completed.  Client may terminate this SOW for its convenience by providing thirty (30) days written notice (including via email) to its designated Project Manager listed above.

8.2.    Termination for Breach. Each Party may terminate this SOW for any material breach if the breach is incapable of remedy or for any remediable breach that remains uncured for a period of five (5) days after notice from either Party to the other.  A material breach shall include failure of the Client to make payments in accordance with this SOW.

8.3.    Unless due to default by KLDiscovery, in the event of termination, Client shall pay KLDiscovery for all  Services performed up to and including the date of termination, including hosting fees plus any fees necessary to facilitate the export or return of Client Data to Client.  Hosting fees shall be charged at a full month rate for the final month of hosting irrespective of the date of termination and shall not be pro-rated.

8.4.    Upon any termination or expiration of this SOW, KLDiscovery may provide Client with continued access to the Services for a period of up to thirty (30) days to facilitate the retrieval of Client Data by Client or to enable KLDiscovery to make a final production of Client Data to Client. After such 30-day period, KLDiscovery shall have no obligation to maintain or provide access to any Client Data (except for the return of all original hardware with the data intact), but in no way shall delete any data unless the Client obtains court approval with the understanding that so long as KLDiscovery hosts or holds Client Data, Client shall be responsible for payment for such services until KLDiscovery receives approval to delete Client Data or provide further Services.

8.5.    The following sections survive any expiration or termination of this SOW: 3 - 18.

9.    **Data Privacy**

9.1.    KLDiscovery shall comply with the documented instructions of Client regarding the collection, hosting and processing of Personal Data. KLDiscovery agrees to limit the collection and use of any Personal Data disclosed hereunder except to the extent necessary to perform the Services for which it has contracted for hereunder or as otherwise agreed under this SOW.

9.2.    Client states that: (i) it has the right to disclose the Personal Data to KLDiscovery and permit KLDiscovery to collect, host, process and produce the Personal Data for the purposes set out in this SOW, or as otherwise instructed by the Client; (ii) such Personal Data is furnished for a lawful purpose and in accordance with all applicable laws including data privacy laws, regulations and company policies; and (iii) the Client has the appropriate legal basis for processing Personal Data provided to KLDiscovery, including any required permissions from individuals and/or any relevant government or regulatory body. It is acknowledged that the Client shall have sole responsibility for the accuracy, quality, integrity and reliability of any Personal Data and of the means by which it acquired such Personal Data.

9.3.    Client acknowledges that the Personal Data may be transferred, accessed, stored and processed in the United States and/or other countries in order to carry out the Services and by using the Services consents to such transfer, processing and use of Personal Data by KLDiscovery.

9.4.    KLDiscovery represents and warrants that: (i) it will employ appropriate technical and organizational measures to safeguard Personal Data in its possession against accidental loss, damage or destruction, and will take all reasonable steps to ensure such security and the reliability  of its employees or representatives who have access to such Personal Data; (ii) unless otherwise instructed by Client, it will not retain, use, or disclose any Personal Data for any purpose other than the provisioning of any Services as contracted for hereunder, deleting all copies of the Personal Data within a reasonable time after the Services end; (iii) it will comply with applicable data privacy



laws and regulations; (iv) it will not disclose Personal Data to any third party except as compelled by applicable law or regulation, or with Client or Firm's prior agreement; (v) it will provide Client with reasonable assistance in giving effect to the rights of individuals with respect to the Personal Data under applicable law or regulation; and (vi) it will make available to Client information reasonably necessary to enable Client to demonstrate compliance with applicable law or regulation, to the extent that such information is available to KLDiscovery.

10.    **Data Privacy regarding Contact Data**

10.1.    Client and/or Firm employee contact details, such as name, email address, employer information and work history with KLDiscovery shall be processed by KLDiscovery for contract administration, provision of services and for marketing purposes related to KLDiscovery's legal technology business. All processing by KLDiscovery shall be undertaken pursuant to the KLDiscovery Privacy Policy (www.kldiscovery.com/privacy-policy/).

10.2.    In the event that personal details of other individuals are provided to KLDiscovery to enable KLDiscovery to provide the Services, Client confirms that it has the appropriate legal basis to provide their personal data to KLDiscovery for this purpose. Client acknowledges that KLDiscovery shall directly confirm to such individuals within a reasonable time of receipt that KLDiscovery received their contact details from the Client.

10.3.    To the extent applicable and where Client has provided KLDiscovery written of notice of the possibility of such application, the Parties agree: (i) the provisions of this Section shall apply to Client's contact information and (ii) the Parties have read and understand the requirements of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100 et seq.

11.    **Confidentiality**

11.1.    In the performance of this SOW, the Parties will have access to Confidential Information. The Party disclosing such information under this SOW is referred to as "Disclosing Party" and the Party receiving such information is referred to as the "Receiving Party."

11.2.    Receiving Party agrees, with respect to such Confidential Information to:  (i) use such Confidential Information only for the purposes of carrying out its obligations pursuant to this SOW; (ii) to use the same methods and degree of care to prevent disclosure of such Confidential Information as it uses to prevent disclosure of its own Confidential Information but in no event less than reasonable care; and (iii) to disclose Confidential Information to its employees and/or Users only on a need-to-know basis so long as such employees and/or Users have signed confidentiality agreements with the Receiving Party containing provisions no less stringent than required in this SOW.

11.3.    Confidentiality obligations shall not apply to any information which (i) enters the public domain through no fault of Receiving Party; (ii) which was known to Receiving Party prior to receipt from Disclosing Party; (iii) which is disclosed to Receiving Party by a third party which in making such information available to Receiving Party is not in violation of any confidentiality obligation to the Disclosing Party; or (iv) which is independently developed by Receiving Party.

11.4.    In the event that Receiving Party is served with a subpoena, request for information, or documents of similar legal process ("Request"), Receiving Party will provide the Disclosing Party with prompt notice of the Request and will aid, where possible, the Disclosing Party in seeking a Protective Order or otherwise seeking to limit or protect such Confidential Information and/or documents from disclosure. Should KLDiscovery be required to respond to such Request by way of producing documents or providing testimony in connection with the Project, Client agrees to compensate KLDiscovery for all costs and expenses including reasonable attorney's fees and disbursements resulting from such action. This includes without limitation paying KLDiscovery's hourly rates for responding to discovery requests and preparing for and testifying in depositions, administrative proceedings and at trial.

11.5.    Each Party's obligation to ensure the confidentiality of Confidential Information under this SOW shall continue for a period of five (5) years, or with respect to trade secrets or Client Data, until the information is no longer deemed confidential by Disclosing Party.

© 2022 KLDiscovery Ontrack, LLC.  This document is proprietary  and confidential.  It may  not be distributed to any other person without prior written  consent of KLDiscovery.



11.6.    In addition to the foregoing, the Parties acknowledge that the Services are being performed may be for purposes of legal consultation or advice, litigation or other legal matter. Therefore, where applicable, the Parties intend that all work performed by KLDiscovery and any communications it receives from Firm or Firm's Client, or at their direction, shall be treated as confidential and protected by the attorney-client and attorney work product privileges.

12.    **Indemnity Control**

12.1.    In respect of any indemnity set out in this SOW, the Indemnified Party shall provide the Indemnifying Party with prompt written notice of any claim and shall cooperate with the Indemnifying Party in good faith and in all reasonable respects in connection with the defense of any such action at the expense of the Indemnifying Party. The Indemnifying Party shall have sole control of the defense of the claim.  The Indemnified Party may, at its option, participate in the defense in any such claim, with its separate counsel and at its own cost, and the Indemnifying Party agrees to cooperate in good faith and in all reasonable respects with such counsel.  The Indemnified Party shall not compromise or settle any claim without the prior written consent of the Indemnifying Party.  The Indemnifying Party shall have full rights to settle any claim provided that such settlement shall provide a full release of liability for the Indemnified Party.

13.    **Limitation of Liability**

13.1.    Nothing in this SOW excludes or restricts either Party's liability for gross negligence or wilful misconduct or to the extent prohibited by law.   Subject as aforesaid, in no event will either Party be liable for: (i) indirect, special, incidental, consequential, or punitive damages; and/or (ii) loss of profits, arising from the Services, whether based on contract, tort, strict liability, warranty, or other legal theory, arising out of this SOW, even if the Party suffering the loss has been advised of the possibility of such damages.

13.2.    The total liability of either Party to the other under this SOW, including in any indemnity, shall in no event exceed: (i) in respect of any claims for intellectual property infringement, breaches of data protection, or breaches of confidentiality, a total of $10,000,000  (ten million) in respect of each claim or series of related claims; or (ii) in respect of any other liability,  a total of 2 (two) x fees paid by the Client to KLDiscovery in the 12 (twelve) months prior to the claim, or $1,000,000,  whichever is greater.

14.    **Uncontrollable Circumstances**

14.1.    Except for the obligation to make payments, nonperformance of either Party shall be excused to the extent that such performance is hindered, delayed, rendered impossible, or made impracticable by: (a) the acts or omissions of the other Party; (b) flood, fire, strike, war, or riot; (c) any other cause (whether similar or dissimilar to those listed) beyond the reasonable control of that Party. Upon the occurrence of any such event(s), the Party whose performance is so affected shall notify the other Party of the nature and extent of the event(s) so that decisions to mitigate the negative effect(s) of such event(s) may be promptly made.

15.    **General**

15.1.    If any provision of this SOW is in violation of any applicable law, such provision shall to such extent be deemed null and void, and the remainder of this SOW shall remain in full force and effect.

15.2.    The failure of either Party to enforce this entire SOW or any single provision thereof at any time shall not be deemed a waiver of such provision, or any other provision, or of the right of such Party thereafter to enforce such provision in accordance with the terms of this SOW.

15.3.    Each Party is acting as an independent contractor and neither this SOW nor any subsequent executed hereto shall be construed as creating a partnership, joint venture or agency relationship among the Parties.

15.4.    Neither Party may assign this SOW or any of its rights or obligations hereunder without the express written consent of the other Party.  Notwithstanding the foregoing, either Party may assign this SOW in its entirety, without consent of the other Party, in connection with a merger, corporate re-organization, sale of substantially all of its assets or similar transaction.



**Discovery Services ● US ● Statement of Work**

15.5.   This SOW, together with the exhibits or other documents referred to herein, constitutes the entire agreement between the Parties in relation to this subject matter hereof and supersedes any prior or contemporaneous oral or written agreements. Modification of this SOW shall only be effective if in writing and signed by an authorized agent of the Parties.

15.6.   All notices and demands hereunder shall be in writing and shall be served by personal service or by mail at the address of the receiving Party as reflected on the SOW. All notices or demands by mail shall be sent by certified or registered mail, return receipt requested, or by nationally recognized private express courier, and shall be deemed to have been duly given three (3) days subsequent to being sent.

16.     **Governing Law and Dispute Resolution**

16.1.   The SOW shall be governed by the laws of the Commonwealth of Virginia. Each party, on behalf of itself and its Affiliates, further agrees that any legal suit, action or proceeding arising out of or relating to this SOW shall be commenced in the Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") and each party hereto irrevocably submits to the exclusive jurisdiction and venue of any such court in any such suit, action or proceeding. In the event of any controversy or claim between KLDiscovery and Client, each Party shall bear its own costs.

17.     **U.S. Government Restricted Rights and Sanctions**

17.1.   In the event the Federal Acquisition Regulations (FAR) or DFARS is applicable to this SOW, the Services are provided only with Restricted Rights as defined in paragraph 52.227-19 and additionally restrictions set forth in paragraph 252.227-7013(c) 252.227-7014(a)(15), and 7014(b)(3), (including any comparable or successor clause to any of the above), as applicable.

17.2.   Financial Action Task Force Reporting. The Financial Action Task Force ("FATF") is a global standard setting body for anti-money laundering and combating the financing of terrorism (AML/CFT). In order to protect the international financial system from money laundering and financing of terrorism (ML/FT) risks and to encourage greater compliance with the AML/CFT standards, the FATF identified jurisdictions that have strategic deficiencies and works with them to address those deficiencies that pose a risk to the international financial system. That list can be found at http://www.fatf-gafi.org/countries/#high-risk, and http://www.fatf-gafi.org/publications/high-risk-and-other-monitored-jurisdictions/documents/increased-monitoring-october-2021.html.

17.3.   In compliance with FATF regulations and to further its goals, KLDiscovery requires that Client notify KLDiscovery if their matter involves nations named on the FATF list or companies doing business within those nations. Client, then, agrees that if the matter or matters covered by this SOW involve nations named on the FATF list or companies doing business within those nations with regard to the matter or matters, it shall so report that to KLDiscovery, and that KLDiscovery will not engage in said matter or matters.

18.     **Sanctions Compliance**

18.1.   Client agrees to comply fully with all Sanctions laws and regulations relating to the prohibition of sales of products and services to designated states or jurisdictions, individuals or companies to assure that the review platform is not used by any individuals or companies or in any country or territory, that, is, or whose government is, the subject of Sanctions at the time of access to the review platform, or in any other manner that would result in a violation of Sanctions by any individuals or companies. By accessing and using the review platform, Client is agreeing to the foregoing and representing and warranting it is not located in, under the control of, or a national or resident of any such country on any Sanctions list.

© 2022 KLDiscovery Ontrack, LLC. This document is proprietary and confidential. It may not be distributed to any other person without prior written consent of KLDiscovery.

**KLDiscovery**

Discovery Services ● US ● Statement of Work

## Acceptance and Authorization

By signing below as an authorized representative, you authorize KLDiscovery to immediately proceed with the Project as defined under this SOW, subject to the terms of this SOW which you have read and understand.

**Law Firm**          Nicole Testa Mehdipour, in her sole capacity as Chapter 7 Trustee for Excell Auto Group, Inc.

Contact Name     Nicole Testa Mehdipour, Trustee          Title     Trustee

Signature     *Nicole Mehdipour*          Date     8/26/22

**KLDiscovery Ontrack, LLC**

Contact Name     Gideon Kaplan          Title     Counsel

Signature     DocuSigned by:
*Gideon Kaplan*
A20DB466788A468          Date     8/26/2022

© 2022 KLDiscovery Ontrack, LLC. This document is proprietary and confidential. It may not be distributed to any other person without prior written consent of KLDiscovery.



### Bankruptcy/Restructuring/Foreclosure Matter Addendum

This Bankruptcy Matter Addendum ("Addendum") is made with an effective date of August 3, 2022 ("Effective Date") by and among KLDiscovery Ontrack, LLC ("KLDiscovery") and Nicole Testa Mehdipour, in her sole capacity as Chapter 7 Trustee for Excell Auto Group, Inc. ("Client") (collectively referred to herein as the "Parties"). This Addendum amends and modifies the terms and conditions of the (SOW) (the "Agreement") dated August 3, 2022, account for the specific corporate requirements of KLDiscovery in providing services for such Matters.

WHEREAS, all capitalized terms used herein that are not otherwise specifically defined shall have the meaning given to such terms in the Agreement; and,

NOW, THEREFORE, for the good and valuable consideration, the receipt and sufficiency of which is specifically acknowledged by each party, the Parties hereby amend the Agreement as follows:

1. Fees and Payment
   a. KLDiscovery will invoice Client on a bi-weekly for managed review, and for all other services, on a calendar monthly basis in arrears and Client shall remit payment within Net 30 days from invoice date. Client and/or Client's Counsel will notify KLDiscovery in writing of any disputed fees within five (5) days of invoice date, otherwise, KLDiscovery's invoices shall be deemed payable in full. Fees are non-refundable and based on Services purchased and not actual usage (except for Fees based on volume in the case of overage Fees). Client expressly agrees that payment to KLDiscovery for Services rendered is not contingent on the outcome of the Project set out in the Agreement or on any third parties' receipt of payment from Client, including Client's Law Firm, or upon outcomes of the bankruptcy, Restructuring or Foreclosure matter.

   b. Client understands that, in the event of non-payment of invoices, as described herein, KLDiscovery: (i) reserves the right to immediately suspend performance of, and/or terminate, its Services, including the availability of its software and platforms at any time including withholding work product; (ii) charge interest on late payment in the amount of 1.50% per month, or the maximum percentage allowable under state law, whichever is greater; and/or (iii) may immediately draw from the Retained Funds (defined below) for payment of any invoice not paid within 60 days of invoice date.

2. Retainer Payment
   a. Client will pay a retainer to KLDiscovery in advance for the Services in the amount of $15,000, which may be utilized for costs associated with this project (the "Retained Funds"). The Retained Funds shall be payable within 10 (ten) days of the entry of an Order from the Bankruptcy Court. Use of the Retained Funds shall be in accordance with this Addendum.

3. Termination and Access

   a. Failure of the Client to make timely payments as required under this Addendum, under the Agreement shall be considered a material breach and shall allow KLDiscovery the right to suspend provision of Services and/or immediately terminate the project at any time without liability. In the event of such termination, Client shall be liable for all costs and services preformed up to and including the date of termination, including hosting fees plus any fees necessary to facilitate the export or return of Client Data to Client. Hosting fees shall be charged at a full month rate for the final month of hosting irrespective of the date of termination and shall not be pro-rated.



b. KLDiscovery reserves the right to suspend access to the Services and shall have no obligation to maintain or provide access to any Client Data upon any termination or expiration of the Agreement or this Addendum for failure to make timely payments; however, KLDiscovery shall not delete Client Data without Bankruptcy Court approval.

4. Indemnification and Liability
a. KLDiscovery shall not be liable for: (i) indirect, special, incidental, consequential, or punitive damages; and/or (ii) loss of profits, costs, or other fees arising from the Services, whether based on contract, tort, strict liability, warranty, or other legal theory, arising hereunder, even if the Party suffering the loss has been advised of the possibility of such damages including any losses caused by the termination or suspension of the Agreement or this Addendum by KLDiscovery due to Client's failure to make timely payments in accordance with the terms of this Addendum. With respect to any liability, the total liability of KLDiscovery to Client shall be the fees paid by Client to KLDiscovery.

5. Priority of Documentation. Any conflict, ambiguity, or inconsistency between the terms and conditions of the documentation making up this transaction shall be resolved in accordance with the following decreasing order of priority: ((1) this Addendum, (2) the SOW, and (3) the Master Agreement).

6. The Parties acknowledge that the terms and conditions of the Statement of Work and this Addendum are subject to Bankruptcy Court approval.


IN WITNESS WHEREOF, Client and KLDiscovery hereto have caused this Amendment to be executed as of the date first written above.

**Client**      **Nicole Testa Mehdipour, in her sole capacity as Chapter 7 Trustee for Excell Auto Group, Inc.**

Contact Name     Nicole Mehdipour, Trustee          Title     Trustee

Signature     _Nicole Mehdipour_          Date     8/26/22


**Vendor**      **KLDiscovery Ontrack, LLC**

Contact Name     Gideon Kaplan          Title     Commercial Counsel

Signature     _Gideon Kaplan_          Date     8/26/2022
                A20DB466788A468...