UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

Debtor.

_____/

Case No.: 22-12790-EPK
Chapter 7

**TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION
FOR ENTRY OF AN ORDER MODIFYING THE
AUTOMATIC STAY TO THE EXTENT APPLICABLE (ECF NO. 235)**

Nicole Testa Mehdipour, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of Excell Auto Group, Inc. (the "Debtor"), by and through undersigned counsel, files this response in opposition to the *Motion for Entry of an Order Modifying the Automatic Stay to the Extent Applicable* (ECF No. 235) filed by Luxury Lease Company ("LLC"), and states as follows:

1. The Motion should be denied because the relief sought would cause the estate to incur fees and costs associated with defending a claim that the Debtor is the alter ego of Karma of Palm Beach in a New Jersey state court lawsuit where the underlying issue is the priority of a lien on a vehicle, which is not property of the estate; where LLC has been ordered to turn over the vehicle to Chapford Financing; and requests for a stay pending appeal was denied by both the lower court and the appellate court.

2. Further, LLC could have filed a claim in this bankruptcy estate asserting such a claim but chose not file any claim.

1

**A. The Automatic Stay Applies Where LLC is Seeking to Assert a Claim that the Karma is the alter ego of the Debtor in New Jersey State Court Litigation Solely for the Benefit of LLC Raising a Defense in its Motion for Reconsideration**

3. The automatic stay applies to claims against the Debtor. 11 U.S.C. § 362(a). The Trustee agrees the automatic stay is not extended to protect non-debtor entities, including Karma of Palm Beach.

4. LLC's argument that the stay does not apply to the Alter-Ego Argument is misplaced. The case law cited by LLC discusses creditor "alter ego" actions against non-debtor entities to hold the non-debtor liable as the alter ego of the debtor and therefore a separate source of recovery. *See Baillie Lumber Co. v. Thompson (In re Icarus Holdings, LLC)*, 391 F.3d 1315, 1317 (11th Cir.2004) ("*Icarus I*") and *Baillie Lumber Co., LP v. Thompson (In re Icarus Holdings, LLC)*, 413 F.3d 1293, 1295 (11th Cir.2005) ("*Icarus II*").

5. The issue here does not involve a question of what constitutes property of the estate and whether a creditor's direct claims against a third-party are stayed. LLC seeks to raise a defense making the Debtor and, more specifically, the Trustee, as representative of the estate, an interested party in state court litigation in New Jersey.

6. The automatic stay most certainly applies to the relief sought by LLC.

**B. LLC's Desire to Raise a New Defense in its State Court Litigation is Not Sufficient "Cause" for Relief from the Automatic Stay Especially Where the New Jersey State Court's Ruling Could Have a Material Impact of the Trustee's Ability to Administer Assets of the Estate**

7. LLC has not established "cause," which as this Court is fully aware is determined on a case-by-case basis upon the totality of the circumstances.

8. The biggest concern for the Trustee is having a determination by a foreign court, which does not have jurisdiction over the Trustee, deciding whether Karma Palm Beach is the alter

2

ego of the Debtor which can have significant impacts on the Trustee's ability to administer assets of the estate.

9. Neither the Debtor or Trustee is a party to the New Jersey litigation, and the New Jersey Court does not have jurisdiction over either party.

10. LLC's intent that the scope of its argument is to encompass only the single transaction does not prohibit the New Jersey court from making specific findings of fact about (1) the domination of one entity over another and "(2) adherence to the fiction of separate corporate existence would perpetrate a fraud or injustice, or otherwise circumvent the law," Motion, Ex. 2, pp. 37-41, which cannot be preemptively limited by LLC and the Trustee.[1]

11. The application of collateral estoppel is not determined by the court overseeing the current litigation, the application is determined by a second court in which similar issues are raised. *Ifc Credit Corp. v. Century Realty Funds*, 2006 U.S. Dist. LEXIS 114521, *8 (M.D. Fla. Jun. 19, 2006); *United Access Techs., LLC v. CenturyTel Broadband Servs. LLC*, 778 F.3d 1327, 1334 (Fed. Cir. 2015); *Paa Mgmt. v. United States*, 817 F. Supp. 425, 426 (N.Y.S.D. 1993). The Trustee is in the process of investigating a number of different causes of action, which may or may not be adjudicated by this Court. Regardless of the tribunal, once the findings are made by the New Jersey courts, the Trustee will more likely than not have to address the applicability of collateral estoppel in the subsequent litigation.

12. Further, LLC was denied a stay pending appeal by the Superior Court of New Jersey Appellate Division, wherein the appellate court found LLC did not have a reasonable probability of success on its alter ego claim or any other claim it had raised. *See* Exhibit 1 attached hereto.

---

[1] In reviewing the Motion for Reconsideration, the Trustee has additional concerns about the applicability of the law cited by LLC and additional collateral estoppel issues that could result from findings and application of those laws by the New Jersey court.

13. The totality of the circumstances and balancing of the equities weighs heavily in favor of denying stay relief. The Trustee should not be required to allow potential findings be entered that are adverse to the estate or use the limited estate resources to appear in New Jersey Litigation which does not involve the Debtor or property of the estate.

**WHEREFORE**, the Trustee respectfully request that this Honorable Court enter an order: (i) denying LLC's Motion for Stay Relief; and (ii) granting the Trustee such other relief as this Court deems just and proper.

Respectfully submitted this 12th day of September 2022.

    FURR AND COHEN, P.A.
    *Special Counsel for Trustee*
    2255 Glades Road, Suite 419A
    Boca Raton, Fl 33431
    Telephone: (561) 395-0500
    Facsimile: (561) 338-7532

    By: */s/ Alan R. Crane*
    Alan R. Crane
    Florida Bar No.: 0963836
    E-Mail: Acrane@Furrcohen.com
    Jason S. Rigoli, Esq.
    Florida Bar No. 91990
    E-mail: jrigoli@furrcohen.com

    -and-

    **LAW OFFICE OF**
    **NICOLE TESTA MEHDIPOUR, P.A.**

    *Counsel for Chapter 7 Trustee*
    6278 N. Federal Highway, Suite 408
    Fort Lauderdale, FL 33308
    Tel: (954) 858-5880
    Fax: (954) 208-0888

    /s/ Nicole Testa Mehdipour
    Nicole Testa Mehdipour
    Florida Bar No. 177271
    Nicole.Mehdipour@ntmlawfirm.com

**EXHIBIT "1"**

ORDER ON MOTION
----------------

| | |
|---|---|
| CHAPFORD SPECIALTY FINANCE, LLC | SUPERIOR COURT OF NEW JERSEY |
| V. | APPELLATE DIVISION |
| LUXURY AUTO COLLECTION, LLC | DOCKET NO.   AM-000742-21T1 |
| A/K/A LUXURY AUTO COLLECTION | MOTION NO.   M-007106-21 |
| EAST; LUXURY LEASE PARTNERS, | BEFORE       PART M |
| LLC | JUDGES:       ALLISON E. ACCURSO |
| | ARNOLD L NATALI JR. |

| | | | |
|---|---|---|---|
| MOTION FILED: | 08/26/2022 | BY: | LUXURY LEASE COMPANY IMPROPERLY PLEAD AS LUXURY LEASE PARTNER, LLC AND SUMMIT AUTO SALES IMPROPERLY PLEAD AS LUXURY AUTO COLLECTION, LLC |
| ANSWER FILED: | 08/30/2022 | BY: | CHAPFORD SPECIALTY FINANCE, LLC |

SUBMITTED TO COURT: August 30, 2022

ORDER
-----

THIS MATTER HAVING BEEN DULY PRESENTED TO THE COURT, IT IS, ON THIS 2nd day of September, 2022, HEREBY ORDERED AS FOLLOWS:

MOTION BY    APPELLANT

MOTION FOR STAY                              DENIED

SUPPLEMENTAL: This is a dispute between a lender and an auto dealer over which has the superior right to immediate possession of a 2019 Lamborghini Aventador, a car apparently worth more than $1,000,000, currently in the Bergen County's Sheriff's impound lot.

Plaintiff Chapford Specialty Finance, LLC, provided the floor financing for the vehicle, advancing the $970,000 Excell Auto Group, Inc. used to purchase the car this past February. The parties do not

1

dispute that Chapford has a purchase money security interest in the car, evidenced by a UCC-1 Financing Statement filed with the Florida Secretary of State on February 22, 2022. There is also no dispute that Excell, now in a Chapter 7 proceeding in Florida, transferred the car to a related entity, Karma of Palm Beach, Inc., which immediately sold it to defendant Luxury Lease Company, LLC for a price of $1,100,000, which Luxury apparently paid by providing Karma a down payment of $275,000 and trading Karma another car, a 2014 McLaren valued at $1,074,255.02, resulting in a payment of $249,255.02 from Karma to Luxury and Luxury's lease of the car to Excell for a term of five years.

  Chapford filed a replevin action to recover the car based on its perfected, first-priority, purchase money security interest. Luxury counterclaimed asserting it was a good-faith purchaser for value and took title to the car free of Chapford's security interest. The case was filed in May. Although little to no discovery has apparently been conducted in New Jersey, the parties had the benefit of considerable discovery in Excell's bankruptcy and related litigation in Florida. Following full briefing, the trial court heard argument on the parties' cross-orders to show cause, granting Chapford's and denying Luxury's.

  Specifically, the court found Chapford is a secured creditor under Article 9 of the UCC with a perfected, first-priority security interest in the car, which remained intact when it was transferred to Karma and subsequently sold to Luxury. The court rejected Luxury's argument that Karma had voidable title which passed to Luxury free of Chapford's lien

under Article 2.  Guided by Article 9, the court found Luxury could not take free of Chapford's security interest pursuant to N.J.S.A. 12A:9-320, which permits a buyer in the ordinary course to take free of a security interest created by the buyer's seller, because Excell and not Karma created the security interest in the vehicle.  The court accordingly signed a writ of replevin directing the sheriff to take possession of the car and deliver it to Chapford and entered an order permitting plaintiff to thereafter sell the car as first lien holder and have the Foreign Title Unit of the New Jersey Motor Vehicle Commission issue a certificate of ownership to the buyer.

We denied Luxury's first application to enter a stay of the writ while it pursued a reconsideration motion, noting we were without jurisdiction to enter a stay to permit defendant to continue its litigation in the trial court.  Following Luxury's withdrawal of its reconsideration motion and renewal of its application for emergent relief in conjunction with a motion for leave to appeal, we granted a limited stay of the writ, permitting the sheriff to seize the car but not deliver it to plaintiff.  Instead, we directed the sheriff to securely retain the car pending disposition of the motion for emergent relief or further order of the court.

Having now studied the record on the motion, we find no basis to continue the stay pending the disposition of Luxury's motion for leave to appeal.  Luxury has not demonstrated any reasonable probability of success on its claim that Karma had voidable title, which it passed free of Chapford's lien under the Article 2 theory it presented to the

3

trial court or its new claim that N.J.S.A. 12A:9-320 permits Luxury to take title free of Chapford's security interest because Karma and Excell are considered alter egos for purposes of this transaction. We find no error in the trial court's analysis that Article 9 should control here, and declaring Excell and Karma alter egos is both entirely premature at this stage of the litigation and would appear to undermine the limitation in N.J.S.A. 12A9-320 that a buyer in the ordinary course takes free only of a security interest created by the buyer's seller. Further, Luxury has not demonstrated the equities are in its favor.

Our temporary and partial stay of the writ of replevin will dissolve at 12:00 noon on Wednesday September 7, 2022, permitting the Supreme Court a reasonable time to respond to any immediate application by Luxury for further stay relief. In the interim, the sheriff is to continue in possession of the car.

FOR THE COURT:

*Allison E. Accurso*

ALLISON E. ACCURSO, P.J.A.D.

BER-L-2856-22    BERGEN
SM