

**ORDERED in the Southern District of Florida on September 15, 2022.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:                                                   Case No. 22-12790-EPK
                                                         Chapter 7

**EXCELL AUTO GROUP, INC.,**

     Debtor.
_____/

### ORDER RE-SETTING HEARING ON
### MOTION FOR ENTRY OF AN ORDER MODIFYING THE
### AUTOMATIC STAY TO THE EXTENT APPLICABLE

This matter came before the Court for hearing on September 14, 2022, upon the *Motion for Entry of an Order Modifying the Automatic Stay to the Extent Applicable* [ECF No. 235, the "Motion"], filed by Luxury Lease Company, LLC. At the close of the hearing, the Court stated that the Motion would be denied. However, after further consideration of the Motion, the two filed responses [ECF Nos. 248, 249], and the arguments of the parties at the hearing, the Court concludes that an additional hearing is required.

Luxury Lease Company, LLC is the principal defendant in a New Jersey state court suit brought by Chapford Specialty Finance, LLC. In the Motion, Luxury Lease seeks an

order modifying the automatic stay in this case to permit Luxury Lease to argue in the New Jersey suit that Karma Palm Beach, LLC is the *alter ego* of the debtor in this case, Excell Auto Group, Inc. While the subject of the suit is a vehicle at one time owned by the debtor, the chapter 7 trustee claims no interest in the vehicle. The debtor is not a party to the New Jersey suit, nor does Chapford seek any relief against the debtor or property of this bankruptcy estate. Indeed, as the trustee concedes, the New Jersey court lacks jurisdiction over both the debtor and the trustee.

The trustee's objections assume that the bankruptcy estate would be bound by a ruling on the *alter ego* theory in the New Jersey suit and so the trustee would be required to intervene to represent the interests of the bankruptcy estate in that action. Because the New Jersey suit is a state court action, the law of New Jersey governs whether the trustee or bankruptcy estate could be bound by findings and rulings there. At the initial hearing on the Motion, no party argued the relevant New Jersey law. If New Jersey law mirrors existing federal law, given the current parties to the New Jersey suit and the relief sought therein, this bankruptcy estate would not be bound by any finding or ruling in the New Jersey suit. *See Taylor v. Sturgell,* 553 U.S. 880 (2008). If that is the case, the Court would grant the Motion.

For the foregoing reasons, the Court ORDERS and ADJUDGES as follows:

1. The *Motion for Entry of an Order Modifying the Automatic Stay to the Extent Applicable* [ECF No. 235] is re-set for hearing on September 28, 2022 at 9:30 a.m. The hearing will be held at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote

participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing.  To register, click on or enter the following registration link in a browser: https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E. If a party is unable to register online, please call Dawn Leonard, Courtroom Deputy, at 561-514-4143.  All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

2. Not later than September 21, 2022 the trustee, Luxury Lease Company, LLC, and Chapford Specialty Finance, LLC, may each file a brief, not longer than 5 pages, addressing only whether findings and rulings in the New Jersey suit could be binding on the trustee or bankruptcy estate, as non-parties, under New Jersey law.

### #

Copy to: Eric J. Silver, Esq.

*Mr. Silver shall serve a copy of this Order on all appropriate parties and file a certificate of service.*