UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                               Case No.:  22-12790-EPK
                                                     Chapter 7

EXCELL AUTO GROUP, INC.,

        Debtor.

_____/

**NOTICE OF TAKING DEPOSITION PURSUANT
TO BANKRUPTCY RULE 7030 DUCES TECUM**

NICOLE TESTA MEHDIPOUR ("**Trustee**"), Chapter 7 Trustee of the Estate of Excell Auto Group, LLC, by and through the undersigned attorney, will examine Aaron Parkinson, on **October 12, 2022**, beginning at **10:00 a.m.**  At the offices of Furr and Cohen, P.A., 2255 Glades Road, Suite 419A, Boca Raton, FL 33431.

The examination may continue from day to day until completed.   If the examinee receives this notice less than 7 days prior to the scheduled examination date (or less than 10 days if examination is taking place outside of Florida), the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is being conducted pursuant to Federal Rule of Bankruptcy Procedure 7030, which incorporates Federal Rules of Civil Procedure 30.  The scope of the examination shall be as described in Fed. R. Bankr. P. 7030.

**PLEASE TAKE FURTHER NOTICE that the Examinee shall produce the documents, electronically stored information, or objects described on the attached Exhibit A, on or before 5:00 p.m. on October 5, 2022, and must permit inspection, copying, testing, or sampling of the materials.**

1

Dated: September 15, 2022.                    FURR AND COHEN, P.A.
                                             *Special Counsel for Trustee/Plaintiff*
                                             2255 Glades Road, Suite 419A
                                             Boca Raton, FL 33431
                                             Telephone:  (561) 395-0500
                                             Facsimile:  (561) 338-7532

                                     BY: */s/ Alan R. Crane*_____
                                             Alan R. Crane
                                             Florida Bar No.: 0963836
                                             E-Mail:  acrane@furrcohen.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail on the parties listed below on this 13th day of September 2022.

                                     BY: */s/ Alan R. Crane*_____
                                             Alan R. Crane

Jordan Rappaport, Esq. (jordan@rorlaw.com) – Counsel to Aaron Parkinson

Nicole Test Mehdipour, Esq. (nicolem@ntmlawfirm.com) – Chapter 7 Trustee/Plaintiff

Court Reporters -: omctrep@aol.com

2

**EXHIBIT "A"**

I.    <u>**Instructions**</u>

A.    <u>Scope of Requests</u>: **The scope of this request is from August 1, 2013, through the date of the production.** For each Request herein, you shall produce Documents in your possession, custody, or control and within the meaning of Rule 34 of the Federal Rules of Civil Procedure. Possession, custody, or control should be construed as broadly as possible under applicable law. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All Documents produced pursuant to this request are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or from any copy or draft.

B.    <u>Lost Documents</u>: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

1.  The names of the authors of the Document;
2.  The names of the persons to whom the Documents or copies were sent;
3.  The date of the Document;
4.  The date on which the Document was received by each addressee, copyee or its recipients;
5.  A description of the nature and subject matter of the Document that is as complete as possible;
6.  The date on which the Document was lost, discarded or destroyed; and
7.  The manner in which the Document was lost, discarded or destroyed.

C.    <u>Claim of Privilege</u>: With respect to any Document that Debtor withholds under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

1.  The names of the senders of the Document;
2.  The names of the authors of the Document;
3.  The names of the persons to whom the Document or copies were sent;
4.  The job title of every person named in subparagraphs 1, 2 and 3 above;
5.  The date of the Document;
6.  The date on which the Document was received by each addressee, copyee or its recipient;

3

7.  A brief description of the nature and subject matter of the Document; and
8.  The statute, rule or decision which is claimed to give rise to the privilege.

D.    Responses: If you cannot, after exercising due diligence to secure or produce the Document(s) requested, you must identify which Request(s) that you do not have any responsive Documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), providing the identity of the person who has possession, custody, or control of the requested Document(s).

E.    Definitions: All words in this request for production shall have their plain, ordinary and common meanings unless specifically defined below in the Definition section of this Notice.

F.    Duplicate Copies: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

G.    Inclusive Construction: Generally, each request should be construed so as to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

## II.    Definitions

A.    "**Petition Date**" means April 8, 2022.

B.    "**Bankruptcy Case**" means the above captioned bankruptcy case.

C.    "**Debtor**" means Excell Auto Group, Inc., as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, attorneys or agents.

D.    "**Examinee**," "**You**," or "**Your**" Aaron Parkinson, individually, jointly, or in any other capacity, including all agent(s), affiliate(s), or any other person acting for the benefit of or on behalf of Aaron Parkinson.

E.    "**Ferrari Motorcycle**" means the black, 2014 Orange County Chopper with VIN ending 170885.

F.    "**Document(s)**" means information in all stored or communicated forms.  With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include

such items in their native electronic form unless expressly stated otherwise.  The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

G.      **"Communication(s)"** means any act or process imparting, express, or exchanging information in any manner or form.

H.      **"Person"** includes individual, partnership, corporation, trust, and any other artificial entity.

I.      The terms "**support**," "**evidence**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," and "**regarding**," in any tense, shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## DOCUMENTS REQUESTED

1.      All Documents evidencing payment of the purchase for the Ferrari Motorcycle by You.

2.      All Communications between You and the Debtor or anyone acting on behalf of the Debtor related to the Ferrari Motorcycle.

3.      All Documents related to the Ferrari Motorcycle.

4.      All Communications between You and Frederick Middleton relating to the Ferrari Motorcycle.

5.      All Communications between You and any third-party, not responsive to request numbers 2 and 4 above, relating to the Ferrari Motorcycle.

6.      All Documents related to every other transaction between You and the Debtor.

7.      All Communications relating to the Debtor in any way.

8.      All Documents supporting the Proof of Claim that You filed in this bankruptcy case.

9.      All Documents refuting any factual allegations with respect to the Trustee's position regarding the Ferrari Motorcycle.

10.     All Documents evidencing any transfer of funds or other property between You and the Debtor.

11.     All Documents evidencing any contracts between You and the Debtor.

12.     Copies of Your US Tax Returns for tax years 2014 through 2021.

13.     All Documents relating to any loans between You and the Debtor.

14.     All Documents relating to the "locator" program regarding the Debtor.

15.     All Documents relating to "Locates Investments" with the Debtor.

16.     All Documents relating to "Wholesale & Locates" with the Debtor.

17.     For any transactions, deals, loans, or other financial dealings that You had with the Debtor, provide all Documents relating money or other tangible or intangible personal property that transferred between You and the Debtor, including but not limited to Documents on how You kept track of any amounts paid, received or owed.

###