UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

Debtor.

Case No.: 22-12790-EPK
Chapter 7

_____/

### MEMORANDUM OF LAW ON COLLATERAL ESTOPPEL AND THE EFFECTS OF A STATE COURT ORDER DETERMINING WHETHER KARMA OF PALM BEACH IS THE ALTER EGO OF EXCELL AUTO GROUP, INC. UNDER NEW JERSEY LAW

Nicole Testa Mehdipour, Chapter 7 trustee (the "**Trustee**") for the estate (the "**Estate**") of Excell Auto Group, Inc., by and through undersigned counsel, files this *Memorandum of Law on Collateral Estoppel and the Effects of a State Court Order Determining whether Karma of Palm Beach is the Alter Ego of Excell Auto Group, Inc. under New Jersey Law* (the "**Memorandum**") in accordance with this Court's *Order Re-setting Hearing on Motion for Entry of an Order Modifying the Automatic Stay to the Extent Applicable* [ECF No. 252] (the "**Motion**"), and states as follows:

1. New Jersey law on collateral estoppel does not mirror federal collateral estoppel as set forth in *Taylor v. Sturgell*, 553 U.S. 880 (2008).

2. The Trustee maintains her objection to stay relief because a ruling either way by the New Jersey state court could have an adverse impact on this estate, and the Trustee should not be put in a position to use estate resources to litigate this issue in New Jersey state court concerning an action about the priority of interests in a non-estate vehicle. Under the circumstances, the Trustee cannot and does not consent to stay relief as it could be construed as consent to the underlying veil-piercing litigation proceeding, which would collaterally estop the Trustee under

1

any applicable law.  The current procedural posture of the state court litigation and the Trustee's knowledge of the proposed veil-piercing litigation could result in a subsequent court collaterally estopping the Trustee from litigating this issue on behalf of the estate, or as a defense, and precluding the Trustee from bringing litigation for the benefit of this estate and its creditors.

### A. New Jersey Collateral Estoppel

3. Under New Jersey law, the party asserting collateral estoppel must prove that:

    a. The issue to be precluded is identical to the issue decided in the prior proceeding;
    b. the issue was actually litigated in the prior proceeding;
    c. the court in the prior proceeding issued a final judgment on the merits;
    d. the determination of the issue was essential to the prior judgment; and
    e. the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding

*Allen v. V & A Bros., Inc.*, 208 N.J. 114, 137 (2011) (*citing Olivieri v. Y.M.F. Carpet, Inc.*, 186 N.J. 511, 521–522 (2006)). The New Jersey Supreme Court continued, stating the application of collateral estoppel under New Jersey law also involves the balancing of various "fairness factors." *Id*. at 138 (citations omitted).

4. If stay relief is granted and the litigation to pierce the corporate veil proceeds in New Jersey, then the first four elements of collateral estoppel will be satisfied regardless of the outcome. The only element left to be determined is privity.

5. The New Jersey Supreme Court, in *Zirger v. Gen. Accident Ins. Co.,* 144 N.J. 327, 337, 676 A.2d 1065, 1071 (1996), the New Jersey Supreme Court rejected the more traditional confines of the doctrine to cases in which the parties were the same in both actions. *Id.* at 337-338. Instead, the court adopted the "modern trend" that favors modification of the strict rule of mutuality of parties in favor of a "more pragmatic, case-by-case approach." *Id*. Under New Jersey law, there is no requirement that there be mutuality of the parties. *Id*. Instead, the New Jersey

Court stated that the to invoke collateral estoppel all that needs to be shown is that the parties are in "privity." *Id*.

6.  "Privity" under New Jersey law is intentionally vague. The New Jersey Supreme Court, stated:

> The concept of privity, as well as its parameters, are necessarily imprecise: "Privity states no reason for including or excluding one from the estoppel of a judgment. It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir.) (Goodrich, J., concurring), cert. denied, 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950). "A relationship is usually considered 'close enough' only when the party is a virtual representative of the non-party, or when the non-party actually controls the litigation." *Collins v. E.I. DuPont De Nemours & Co.*, 34 F.3d 172, 176 (3rd Cir. 1994) (applying New Jersey law); see also *Moore v. Hafeeza*, 212 N.J.Super. 399, 403-04, 515 A.2d 271 (Ch.Div.1986) ("Generally, one person is in privity with another and is bound by and entitled to the benefits of a judgment as though he was a party when there is such an identification of interest between the two as to represent the same legal right. . . .").

*Zirger* at 338-39.

7.  Under New Jersey law whether the rights of the litigants were substantially protected or adequately represented in the prior action and privity exists, appears to be when:

> A. The claim of the nonparty is based on the same transaction or occurrence,
> B. The interests of both claimants are similar and no adverse interests exist,
> C. The nonparty had notice of the earlier action, and
> D. The nonparty did or had an opportunity to participate or intervene in the earlier case.

*Moore v. Hafeeza*, 212 N.J. Super. 399, 405 (Super. Ct. 1986) (internal citations omitted)[1], *disapproved of by L.V. v. R.S.,* 347 N.J. Super. 33, 42 (Super. Ct. App. Div. 2002).

---

[1] *Moore* was disapproved of on the issue of laches, not collateral estoppel. *L.V. v. R.S.*, 347 N.J. Super. 33, 42 (Super. Ct. App. Div. 2002) ("We reversed and dismissed the complaint on the ground of laches since the passage of time and the removal of the child from the State resulted in the total absence of any contact between parent and child.").

B. **Application to the Veil Piercing Litigation in New Jersey**

8. The Chapter 7 Trustee asserts that the bankruptcy estate should not be in the position of having another court determine whether the estate's interest was "close enough" to those of Karma of Palm Beach, Inc., if it is joined in the lawsuit, or the other litigants to be in privity and collaterally estopped from defending or asserting a later veil piercing or alter ego claim.

9. Any veil piercing claim would necessarily be based upon the same transactions and occurrences.

10. Further, the Chapter 7 Trustee now has notice of the veil piercing litigation and absent this Court enforcing the automatic stay could be determined to have had an opportunity to participate or intervene.

11. The Chapter 7 Trustee asserts that the collateral estoppel under New Jersey law is much broader than a concept than it is under federal common law as set forth in *Taylor v. Sturgell*, 553 U.S. 880 (2008).

**WHEREFORE**, the Chapter 7 Trustee, Nicole Testa Mehdipour respectfully requests that this Honorable Court enter an order: (i) denying the *Motion for Entry of an Order Modifying the Automatic Stay to the Extent Applicable* [ECF No. 235]; and (ii) granting the Trustee such relief as this Court deems just and proper.

Respectfully submitted this 21st day of September 2022.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A Boca Raton, Fl 33431 Telephone: (561) 395-0500 Facsimile: (561) 338-7532

By: */s/ Alan R. Crane*
Alan R. Crane
Florida Bar No.: 0963836
E-Mail: Acrane@Furrcohen.com

Jason S. Rigoli, Esq.
Florida Bar No. 91990
E-mail: jrigoli@furrcohen.com

-and-

**LAW OFFICE OF**
**NICOLE TESTA MEHDIPOUR,**
**P.A.**
*Counsel for Chapter 7 Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880
Fax: (954) 208-0888
/s/ Nicole Testa Mehdipour
Nicole Testa Mehdipour
Florida Bar No. 177271
Nicole.Mehdipour@ntmlawfirm.com

5