## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

In re:                                                          Case No. 22-12790-EPK

EXCELL AUTO GROUP, INC.,                                        Chapter 7

      Debtor.

---

### LUXURY LEASE COMPANY'S SUPPLEMENTAL BRIEF
### IN FURTHER SUPPORT OF MOTION FOR ENTRY OF AN
### ORDER MODIFYING THE STAY TO THE EXTENT APPLICABLE

Luxury Lease Company ("LLC"), by and through undersigned counsel, pursuant to this Court's *Order Re-Setting Hearing on Motion for Entry of an Order Modifying the Stay to the Extent Applicable* [ECF No. 252], files this supplemental brief, and respectfully states as follows:

LLC adopts and incorporates the facts and arguments set forth in its *Motion for Entry of an Order Modifying the Stay to the Extent Applicable* [ECF No. 235] (the "Motion").[1] For the sake of clarity, the Motion seeks to modify the automatic stay, to the extent it applies, to permit LLC to pursue a determination in the NJ Action that non-debtor, Karma PB, is liable for the debt Excell owes to Chapford. For the reasons set forth below, any such ruling will have absolutely no impact on this estate.

While New Jersey law governing non-party preclusion does not exactly mirror federal common law, there is not much difference.[2] Issue preclusion under New Jersey law requires five elements:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated ...; (3) the court in the prior

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] Indeed, the Chief Judge for the United States District Court for the District of New Jersey concluded that "were the New Jersey Supreme Court to address the scope of privity in the context of collateral estoppel today, the Court would likely follow the lead of many other courts, including the Third Circuit and the United States Supreme Court, which have rejected the 'virtual representative' standard for assessing privity in collateral estoppel cases in favor of a significantly more narrow definition." *MSKP Oak Grove LLC v. Venuto*, 875 F.Supp.2d 426, 441 (D. N.J. 2012).

proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) <u>the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.</u>

*Allen v. V & A Bros., Inc*., 208 N.J. 114, 137, 26 A.3d, 430 (N.J. 2011) (quoting *Olivieri v. Y.M.F. Carpet, Inc*., 186 N.J. 511, 521, 897 A.2d 1003 (N.J. 2006)) (emphasis added).[3]

The narrow issue before this Court is whether the trustee or the bankruptcy estate are in privity with either LLC or Chapford in the NJ Action. The answer is unequivocally no.

New Jersey's privity standard is narrow in scope. *See Collins v. E.I. DuPont de Nemours & Co*., 34 F.3d 172 (3d Cir. 1994) (applying New Jersey law and describing "[t]he scope of privity" as "small"). In contrast to federal common law (*see Taylor v. Sturgell*, 553 U.S. 880, 893-95 and n. 8 (2008) (enumerating the six narrow exceptions and explicitly avoiding the term "privity" as a source of confusion)), the New Jersey nonparty preclusion standard turns on privity. *Zirger v. General Accident Insurance Co*., 144 N.J. 327, 338, 676 A.2d 1065 (N.J. 1996) (finding issue preclusion "to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata."); *see also Allen, supra*; *Collins, supra*. But that is where the differences end; because upon close review of the cases that have examined privity under New Jersey law, they mirror the analogous federal common law exceptions.

On privity, courts find that a "relationship is usually considered 'close enough' **only when** the party is a virtual representative of the nonparty, or when the non-party actually controls the litigation." *Collins*, 34 F.3d at 176 (emphasis added); *see also Allen*, 208 N.J. at 445 (quoting *Collins*); *see also Zirger*, 144 N.J. at 338 (quoting *Collins*); *see also In re Maxus Energy Corp*., 2019 WL 647027 at *4, Case No. 18-50489 (Bankr. D. Del. Feb. 15, 2019) (Chief Judge

---

[3] In addition, even if all factors are met, New Jersey law characterizes preclusion as an equitable doctrine that "will not be applied when it is unfair to do so." *Id*. at 138.

Sontchi) (quoting *Zirger*). Importantly, both closely track two of the narrow exceptions identified in *Taylor*.

First, although federal common law has rejected the "virtual representation" doctrine, New Jersey's standard is analogous to the following exception enumerated in *Taylor*: "…in certain limited circumstances, a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who was a party to the suit. Representative suits with preclusive effect on nonparties include properly conducted class actions, and suits brought by trustees, guardians, and other fiduciaries." 553 U.S. at 894 (citing Restatement §41) (internal citations and quotations omitted). Similarly, New Jersey's "virtual representation" standard follows the same guidance from *1 & 2 Restatement (Second) of Judgments* (1982) (the "Restatement"). *See Collins*, 34 F.3d at 177 (citing Section 41 of the Restatement as the guidance followed by N.J. Superior Courts in examining "virtual representation" privity under New Jersey non-party issue preclusion). As the *Collins* court explains, under New Jersey law "[a] pre-existing legal relationship is not only a sufficient condition for privity to exist, but it is also a necessary one." *Id* at 177 (citing *E.I.B. v. J.R.B.*, 259 N.J. 99, 611 A.2d 662, 663 (N.J. Super. 1992)). There is no distinction between federal common law and New Jersey law on parties that are "adequately represented" in the prior litigation.

Here, the Court has already concluded that this exception to nonparty preclusion does not apply. That is undoubtedly the correct result. The trustee is not virtually represented by either party to the NJ Action. There is no legal relationship between the parties. Indeed, Judge Sontchi encountered a similar issue, albeit in a different procedural context, in *Maxus, supra*, and found that there was no privity between a creditor and a trustee to support preclusion under New Jersey law. *Maxus*, 2019 WL 647027 at *5 (finding that "it is well settled that a bankruptcy trustee is

not in privity with any particular prepetition creditor for purposes of preclusion analyses."). This Court should hold similarly under these circumstances.

Turning to control, New Jersey precedent, relying again on the Restatement, illustrates "control of the litigation as having 'effective choice as to the legal theories and proofs to be advanced on behalf of the party to the action as well as control over the opportunity to obtain review.'" *Allen*, 208 N.J. at 445 (quoting Restatement § 39 at cmt. c.). Federal common law also recognizes control as an exception to non-party preclusion and relies on Section 39 of the Restatement. *Taylor*, 553 U.S. at 894. Of course, here, there is no question that neither the trustee nor the bankruptcy estate control the litigation unfolding in the NJ Action.

LLC recognizes that the trustee does not wish to consent to the relief sought and respects that decision. But her reliance on the privity standard set forth in *Moore* is misplaced. *See Memoranudm of Law* [ECF No. 260] at ¶ 7 (citing *Moore v. Hafeeza*, 212 N.J. Super. 399, 405 (Super. Ct. 1986) (internal citations omitted), *disapproved of by L.V. v. R.S.*, 347 N.J. Super. 33, 42 (Super. Ct. App. Div. 2002)). As the Third Circuit Court of Appeals noted, the standard set forth by the trustee is not the law in New Jersey:

> …this statement is in significant tension with the New Jersey cases holding that similarity of interests do not create privity. Moreover, the statement is dicta because in *Moore*, privity existed as a result of the fact that the county board of social services, which had lost a paternity suit, was the statutory representative of the mother who now wanted to sue.

*See Collins*, 34 F.3d at n. 2. Even if the *Moore* rule were the law, the trustee would not be bound by any finding in the NJ Action, either offensively or defensively.[4] As the Court noted, the trustee claims no interest in the vehicle subject of the suit. The debtor and the trustee are not

---

[4] It is worth noting here that the trustee's position is that a <u>future</u> defendant (who is not a party to the NJ Action) may argue in defense of a <u>future</u> action brought by the trustee (also not a party to the NJ Action) that Karma PB is the alter ego of the debtor. That is not within the scope of any non-party preclusion law and using the automatic stay to enjoin a non-estate creditor from arguing a claim to non-estate property is far beyond the scope of section 362 of the Bankruptcy Code.

4

parties to the NJ Action and are not subject to the NJ Court's jurisdiction. Nor does Chapford (or LLC) seek relief against the debtor or property of the bankruptcy estate. Moreover, courts typically address notice and opportunity when weighing the equitable considerations against preclusion where the five factors, including privity, have been met. *See, e.g., Allen*, 208 N.J at 138 (finding fairness factors include "adequate opportunity to obtain a full and fair adjudication in the prior action."); *see also Pace v. Kuchinsky*, 347 N.J. Super. 202, 216, 789 A.2d 162 (App. Div. 2002). Because at least two of the *Moore* factors are not met, there is no privity, and the Court need not address the equitable considerations.

Accordingly, there is no basis to find that the trustee or the bankruptcy estate will be bound by any rulings or findings in the NJ Action. And since they cannot be bound, the automatic stay is not implicated and LLC should be permitted to pursue its remedies in the NJ Action.

For all of the foregoing reasons, and those set forth in the Motion, LLC respectfully requests that the Court enter an Order granting the Motion, modifying the stay, or alternatively, finding that the stay does not apply, to allow it to proceed against Chapford in the NJ Action.

Dated: September 21, 2022.     Respectfully Submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 789-3200
Facsimile:     (305) 789-2688

By:     */s/ Eric J. Silver, Esq.*
        Eric J. Silver, Esq.
        Florida Bar No. 057262
        esilver@stearnsweaver.com

5