UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

Case No.: 22-12790-EPK
Chapter 7

Debtor.
_____/

**EMERGENCY MOTION TO COMPROMISE CONTROVERSY WITH HI BAR CAPITAL, LLC AND TO WAIVE STAY UNDER BANKRUPTCY RULE 4001 (A)(3)**

Exigent Circumstances

There is litigation pending in the Supreme Court of the State of New York, Kings County, in which Hi Bar Capital, LLC, sued the Debtor and 16 other defendants. The substance of the litigation is centered upon the same contractual relationships, transactions, and occurrences and there is currently a hearing set for October 26, 2022, in which the New York could make rulings on issues that directly impact claims of the Trustee. This Court set an emergency hearing on the Trustee's *Emergency Motion to Enforce the Automatic Stay Against Hi Bar Capital, LLC* [ECF No. 286] for October 25, 2022 at 2:30 p.m. [ECF No. 287]. This proposed settlement resolves the issues in the Emergency Motion to Enforce the Automatic Stay. Accordingly, the Trustee respectfully requests that a hearing on this Motion be set for October 25, 2022 at 2:30 p.m.

Nicole Testa Mehdipour, Chapter 7 trustee (the "**Trustee**") for the estate (the "**Estate**") of Excell Auto Group, Inc. (the "**Debtor**"), by and through undersigned counsel, files this *Emergency Motion to Compromise Controversy with Hi Bar Capital, LLC and to Waive Stay under Rule 4001(a)(3)* (the "**Motion**"), and states:

1

## JURISDICTION OF VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL AND PROCEDURAL BACKGROUND

2. Prepetition there were several contracts entered between Hi Bar Capital, LLC ("**Hi Bar**") and the Debtor along with several non-debtor related entities.

3. On January 28, 2022, Hi Bar filed a complaint in Supreme Court of the State of New York, Kings County, instituting the case *Hi Bar Capital, LLC v. Excell Auto Group, Inc., et al.*, Index No. 502846/2022 (the "**New York Litigation**"), suing on the December 19, 2021, contract.

4. The Debtor filed bankruptcy on April 8, 2022 and filed a suggestion of bankruptcy. Hi Bar has acknowledged and agreed that the claim against the Debtor is stayed by operation of 11 U.S.C. § 362.

5. The Trustee filed an *Emergency Motion to Enforce the Automatic Stay Against Hi Bar Capital, LLC* [ECF No. 286], setting forth the Trustee's reasons for enforcing the automatic stay as to the entirety of the New York Litigation. The hearing on this motion is set for October 25, 2022, at 2:30 p.m. [ECF No. 287].

6. The Trustee and Hi Bar's counsel in the New York Litigation engaged in arms' length settlement discussions ultimately agreeing to the terms set forth in this Motion and attached agreement, which are subject to this Court's approval.

7. The Trustee now seeks approval of the agreement to resolve these issues.

**TERMS OF THE SETTLEMENT**[1]

8. In order to avoid the costs of litigation, the parties have reached a compromise which resolves the dispute between the Trustee and Hi Bar. The terms of the compromise are summarized below:

   a. Hi Bar can continue with its New York Litigation against Remaining Defendants, however, the Plaintiff Parties agree and expressly and affirmatively waive any right to assert estoppel, whether offensively or defensively, against the Excell Trustee or the Excell Estate on account of any determination made in any final judgment entered in the New York Litigation or appeal therefrom.

   b. Plaintiff parties recognize that the Excell Trustee is not in privity with any of the Remaining Defendants and has not had a full and fair opportunity to litigate in the New York Litigation

   c. Hi Bar will seek a voluntary dismissal of the Debtor from the New York Litigation.

   d. The undersigned Counsel will be authorized to execute the Stipulation in New York on behalf of the Excell Trustee and the Excell Estate.

9. The parties are aware that this Settlement Agreement must be noticed to all creditors and parties in interest and must be approved by this Court. In the event that it is not approved, this Settlement Agreement shall be deemed null and void. The Parties respectfully request that the Court enter an Order approving this Settlement Agreement, and to reserve jurisdiction to enforce the terms and covenants contained therein.

**Basis for Approving the Settlement**

10. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness." *Id*. at 891 (*citing In re Teltronics Services, Inc.*, 762 F.2d

---

[1] The Motion attempts to summarize the terms of the Settlement Agreement. In the event of a conflict between the terms summarized in the Motion and the Settlement Agreement, the terms of the Settlement Agreement shall control.

185, 189 (2nd Cir. 1985); *In re W.T. Grant Company*, 699 F.2d 599, 608 (2nd Cir. 1983)). The Trustee believes that this settlement agreement complies with the legal principles relied upon within these authorities.

11. The Eleventh Circuit has held that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

    A. the probability of success in the litigation;

    B. the difficulties, if any, to be encountered in the matter of collection;

    C. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    D. the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990).

12. The proposed settlement in this case resolves a very narrow issue to allow the New York Litigation to proceed against the non-debtor parties, while preserving the claims of the bankruptcy estate.

13. The proposed settlement satisfies the four-part test set forth in *Justice Oaks II* and Fed. R. Bankr. P. 9019:

    A. <u>Probability of Success in the Litigation</u>: The parties are resolving only the narrow issue relating to estoppel. The Trustee believes she would be successful in enforcing the automatic stay, but it is not guaranteed. Hi Bar Capital has raised certain counter-arguments to the Trustee's position, which would require substantial consideration by this Court.

    B. <u>Difficulties, if any, to be Encountered in the Matter of Collection</u>: This element is not a significant factor in this Court's consideration to approve the Settlement Agreement. The Settlement Agreement is solely to allow Hi Bar to proceed with the New York Litigation against non-debtor entities, while preserving the claims of the estate by an express waiver of estoppel.

    C. <u>Complexity Expense and Delay Associated with the Litigation Involved</u>:

4

>    The application of the stay to the New York Litigation and application of the New York collateral estoppel are complex issues that would require some time and resources expended by the estate and Hi Bar. The matters have been set on an emergency basis, and although the delay would not be too significant, there could be added expense incurred by the estate in litigating these issues. If the Trustee were not successful and had to litigate in New York state court, there would be substantial delay and expense to the estate.
>
> D.  <u>Paramount Interest of Creditors and Proper Deference to Their Reasonable Views in the Premises</u>:  The Trustee believes this settlement is in the best interests of the estate and the creditors in this case by reducing the burden of the carrying costs of litigation and preserving the estate's claims.

14. Trustee has evaluated the settlement while considering all the factors required by *Justice Oaks II* and supports its approval as the proposed settlement is in compliance with those factors and within the best interest of creditors and the estate.

15. The Trustee believes that the settlement falls above the lowest point of reasonableness.

16. This Motion and proposed form of Order are being noticed to all creditors and interested parties in accordance with Fed. R. Bankr. P. 2002 and 9019 and Local Rule 2002-1 and 9013-1(D).

17. Further, the Trustee requests a waiver of the 14-day stay under Rule 4001(a)(3) to the extent necessary.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an Order,: (i) granting this Motion: (ii) compromising the controversy and approving the settlement entered into by and between the Trustee, on the one hand, and Hi Bar Capital, LLC, Yisroel Herbst, Mordi Herbst, on the other hand; (iii) waiving the 14-day stay under Bankruptcy Rule 4001(a)(3); and (iv) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 21st day of October 2022.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, Fl 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

By: */s/ Alan R. Crane*
Alan R. Crane
Florida Bar No.: 0963836
E-Mail: Acrane@Furrcohen.com
Jason S. Rigoli, Esq.
Florida Bar No. 91990
E-mail: jrigoli@furrcohen.com

-and-

**LAW OFFICE OF
NICOLE TESTA MEHDIPOUR, P.A.**

*Counsel for Chapter 7 Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880
Fax: (954) 208-0888

/s/ Nicole Testa Mehdipour
Nicole Testa Mehdipour
Florida Bar No. 177271
Nicole.Mehdipour@ntmlawfirm.com

6