## AGREEMENT REGARDING DISMISSAL OF LITIGATION AGAINST PARTY DEFENDANT EXCELL AUTO GROUP, INC.

**THIS AGREEMENT** (the "**Agreement**") is entered on as of the Effective Date (defined below), by and among Plaintiff, Hi Bar Capital, LLC ("**Plaintiff**") and each of Plaintiff's undersigned members, officers, directors, and/or employees (collectively with Plaintiff, the "**Plaintiff Parties**"), and Nicole Testa Mehdipour ("**Excell Trustee**"), in her capacity as chapter 7 trustee of the bankruptcy estate ("**Excell Estate**") of Excell Auto Group, Inc. (the "**Debtor**") (collectively, the "**Parties**"), and hereby stipulate under the following terms and conditions and agree as follows:

### RECITALS

**WHEREAS**, on January 28, 2022, Plaintiff filed a Verified Complaint against the Debtor; Karma of Palm Beach Inc.; Automotive Service Systems, Inc.; KZ Consultants, Inc.; Miss Kriss, LLC; Excell Auto Leasing Inc.; Excell Auto Wholesale Inc.; Dealer Souq USA LLC; EAG Wholesale LLC; Karma Of Broward, Inc.; Lavish Hero Fund; Karma Of Palm Beach, Inc.; Apple 3 Investments, Inc.; KZ Consultants Inc.; Excell Auto Sport And Service, Inc.; Kristin Zankl and Scott Thomas Zankl (collectively, the "**Defendants**" and each of the Defendants except for the Debtor are referred to collectively as the "**Remaining Defendants**") instituting the case *Hi Bar Capital, LLC v. Excell Auto Group, Inc., et al.*, Index No.: 502846/2022 (the "**New York Litigation**"), pending in the Supreme Court of The State of New York, County of Kings: Part DJMP (the "**New York Court**");

**WHEREAS**, on March 18, 2022, the Defendants filed an Answer and Counterclaims against the Plaintiff;

**WHEREAS**, on April 8, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code,[1] instituting the bankruptcy case styled *In re Excell Auto Group, Inc.*, Case No. 22-12790-EPK and currently pending in the West Palm Beach Division of the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**");

**WHEREAS**, Excell Trustee is serving as the duly appointed and acting chapter 7 trustee for the Excell Estate;

**WHEREAS**, pursuant to 11 U.S.C. § 362(a), the claims against the Debtor were stayed as of the Petition Date (the "**Automatic Stay**");

**WHEREAS**, the Plaintiff and Excell Trustee disagree as to scope of the application of the Automatic Stay to the New York Litigation and the Remaining Defendants;

**WHEREAS**, there is a bona fide dispute between the Parties as to their respective claims;

**WHEREAS**, the Parties participated in good faith negotiations and have reached an

---

[1] 11 U.S.C. §§ 101, *et seq.*

agreement;

**WHEREAS**, the Parties wish to set forth the terms of their agreement in this Agreement;

**NOW THEREFORE**, in consideration of the premises, and for such other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree that the forgoing recitals are true and correct statements of fact and incorporated into this Agreement, and further stipulate and agree as follows:

1. **Incorporation of Recitals.** The Parties agree that the above recitals are true and correct and are incorporated into this Agreement.

2. **Terms.**

    a. The Plaintiff Parties, whose signatures are affixed to this Agreement, expressly and affirmatively waive any right to assert estoppel, whether offensively or defensively, against Excell Trustee or the Excell Estate on account of any determination made in any final judgment entered in the New York Litigation or appeal therefrom.

    b. The Plaintiff Parties, whose signatures are affixed to this Agreement, stipulate that neither the Excell Trustee nor the Excell Estate is in privity with the Remaining Defendants and stipulate that neither the Excell Trustee nor the Excell Estate has, or will have, a full and fair opportunity to litigate in the New York Litigation. The Parties further stipulate that the New York Court does not have personal jurisdiction over the Excell Trustee or the Excell Estate and that neither the Excell Trustee nor the Excell Estate has submitted, nor by entering into this Agreement submits, themselves to the jurisdiction of the New York Court.

    c. The Plaintiff agrees to seek voluntary dismissal of the Debtor, without prejudice, as a defendant in the New York Litigation, through entry of a stipulation in the form attached hereto as Exhibit 1.

    d. The Excell Trustee agrees to seek emergency or expedited approval of this Agreement by the Bankruptcy Court.

3. **Court Approval.** The Parties agree that the occurrence of the Effective Date and the enforceability of this Agreement is subject to and conditioned upon the Bankruptcy Court entering a final, non-appealable order (in form and substance reasonably acceptable to Plaintiff) approving this Agreement (the "**Final Order**"). The Excell Trustee agrees to seek entry of such Final Order on an emergency or expedited basis. Should the Bankruptcy Court refuse to enter the Final Order, this Agreement shall be deemed null and void, including the validity of all instruments executed by any of the Parties pursuant to this Agreement.

4. **Advice of Counsel.** This Agreement was executed after arm's length negotiations between the Parties and their respective counsel (if applicable) and reflects the conclusion of the

Parties that this Agreement is in the best interests of the Parties. The Parties believe that this Agreement is in the best interests of the Parties. The Parties acknowledge that they have been represented by counsel of their own choice (or had the opportunity to do so) in the negotiations leading up to the execution of this Agreement, that they have read this Agreement, have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the agreement, and understand the terms and provisions of this Agreement. Each Party further represents that they are entering into this Agreement freely and voluntarily, relying solely upon the advice of their own counsel (if applicable), and not relying on the representation of any other Party or of counsel for any other Party. The Parties confirm by their signatures to this Agreement that they have been fully advised by independent counsel (or had the opportunity) with respect to the terms of this Agreement and execute it voluntarily and with full knowledge of its terms and conditions.

5. **No Admission.** This Agreement shall not be construed against either party as an admission of liability or concession of any matters, except as to those specific agreements contained herein. Each of the Parties understands and agrees that this Agreement and the settlement provided for herein are intended to compromise disputed claims and defenses, to avoid litigation, and that this Agreement, and the settlement provided for herein, shall not be construed or viewed as an admission by any Party of any liability or wrongdoing, such liability being expressly denied.

6. **Integration.** This Agreement represents the entire understanding and agreement between the Parties with respect to all the issues raised, or that could have been raised.

7. **Severability.** Except as otherwise set forth herein, if any clause, provision, or paragraph of this Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Agreement, and this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

8. **Attorneys' Fees.** Each Party shall bear its own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Agreement.

9. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which, when read together with the signatures of those Parties signing other counterparts, shall be deemed to be a complete and original copy. Delivery of an executed signature page to this Agreement by email (pdf) shall be effective as delivery of an originally executed signature page to this Agreement.

10. **Neutral Interpretation.** In the event a dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

11. **Authority.** Each of the Parties to this Agreement represents and warrants that it is duly authorized to execute and enter into this Settlement Agreement and that the person through whom each Party executes this Agreement is fully and duly empowered and authorized to execute it on the respective Party's behalf.

12. **Headings**. The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

13. **Effective Date.** The "**Effective Date**" is the date that the last Party signs this Agreement. This Agreement is subject to Bankruptcy Court approval and shall be deemed null and void in its entirety in the event that the Final Order has not been entered by November 11, 2022.

[Signatures on Following Page]

**IN WITNESS WHEREOF**, the Parties have each caused this Agreement to be executed by themselves or by their duly authorized representatives on the dates set forth below with a full and complete understanding of the terms hereof.

HI BAR CAPITAL, LLC

_____  Date: _____, 2022
By: Yisroel Herbst
Its: Sole Member

_____  Date: _____, 2022
Yisroel Herbst, in his capacity as sole member of Hi Bar Capital, LLC

_____  Date: _____, 2022
Mordi Herbst, in his capacity as Chief Operating Officer of Hi Bar Capital, LLC

*[signature: Nicole Testa Mehdipour]*  Date: October 21, 2022
Nicole Testa Mehdipour, in her capacity as Chapter 7 trustee for the bankruptcy estate of Excell Auto Group, Inc.

<u>Exhibit 1</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

HI BAR CAPITAL, LLC,

        *Plaintiff,*

-against-

EXCELL AUTO GROUP, INC; KARMA OF
PALM BEACH INC.; AUTOMOTIVE SERVICE
SYSTEMS, INC; KZ CONSULTANTS, INC;
MISS KRISS, LLC; EXCELL AUTO LEASING INC;
EXCELL AUTO WHOLESALE; DEALER SOUQ
USA LLC; EAG WHOLESALE LLC; KARMA OF
BROWARD, INC; LAVISH HERO FUND; KARM OF
PALM BEACH, INC; APPLE 3 INVESTMENTS, INC;
KZ CONSULTANTS INC.; EXCELL AUTO
SPORT AND SERVICE, INC.; KRISTEN ZANKL
and SCOTT THOMAS ZANKL,

        *Defendants.*

Index No.: 502846/2022

**STIPULATION TO
DISCONTINUE ACTION
WITHOUT PREJUDICE**

---

## **STIPULATION REGARDING DISCONTINUANCE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that

    (a)    the above-entitled action is hereby discontinued, without prejudice, in its entirety, and without costs to any party as against Defendant, EXCELL AUTO GROUP, INC. ("**Excell**");

    (b)    Plaintiff, HI BAR CAPITAL, LLC and each of its members, officers, directors, and/or employees (collectively, "**Plaintiff Parties**") waive any right to assert estoppel, whether offensively or defensively, against Nicole Testa Mehdipour ("**Excell Trustee**"), in her capacity as chapter 7 trustee of the bankruptcy estate ("**Excell Estate**") of Excell, and against the Excell Estate on account of any determination made in any final judgment entered in the above-entitled action or any appeal therefrom;

(c)  Neither the Excell Trustee nor the Excell Estate (i) is in privity with any of the remaining defendants in the above-entitled action, and (ii) has, or will have, a full and fair opportunity to litigate in the above-entitled action.

(d)  This Court does not have personal jurisdiction over the Excell Trustee or the Excell Estate and neither the Excell Trustee nor the Excell Estate has submitted themselves to the jurisdiction of this Court.

This Stipulation may be filed with the Clerk of the Court without further notice.

Dated: October __, 2022

| | |
|---|---|
| **WELLS LAW P.C.**<br>*Attorneys for Plaintiff Parties*<br><br>By: ___/s/ Steven W. Wells___<br>    Steven W. Wells, Esq.<br>229 Warner Road<br>Lancaster, New York 14086<br>Tel.: (716) 983-4750<br>Email: steve@wellspc.com | **FURR COHEN**<br>*Attorneys for Excell Trustee*<br><br>By: ___/s/ Alan R. Crane___<br>    Alan R. Crane, Esq.<br>2255 Glades Road, Suite 419A<br>Boca Raton, Florida 33431<br>Tel.: (561) 395-0500<br>Email: ACrane@furrcohen.com |