**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

**In Re:**

**EXCELL AUTO GROUP, INC.,**  Case No. 22-12790-EPK

    **Debtor,**  Chapter 7

_____/

**PRESTIGE LUXURY CARS, LLC JOINDER IN SUPPORT OF:**

*THE DCG 2008 IRREVOCABLE WEALTH TRUST'S MOTION PURSUANT TO 11 U.S.C. 362(A)(3) FOR (I) ENFORCEMENT OF THE AUTOMATIC STAY, (II) SANCTIONS AGAINST SCOTT AND KRISTEN ZANKL, AND THEIR COUNSEL, AND (III) CONTEMPT FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY (D.E. 308)*

    Prestige Luxury Cars, LLC ("**Prestige**"), a creditor of Excell Auto Group, Inc. ("**Debtor**"), files this joinder in *The DCG 2008 Irrevocable Wealth Trust's ("DCG") Motion Pursuant to 11 U.S.C. 362(A)(3) for (I) Enforcement of the Automatic Stay (II) Sanctions Against Scott and Kristine Zankl, and their counsel, and (III) Contempt for Willful Violation of the Automatic Stay* (D.E. 308) (the "Stay Violation Motion").

## Introduction

    Prestige adopts and incorporates into this joinder those arguments raised in the Stay Violation.

    Further, Prestige writes this joinder to advise the Court of rampant extent of the stay violation – the filing of counterclaims by the Zankls which, if the claims had any merit,[1] would belong to the Trustee of the Debtor.[2]

---

[1] Prestige does not believe the claims have any merit. Instead, these claims are both an attempt to exercise control over Excell assets and wasteful hurdles asserted by the Zankls to avoid liability.

[2] Prestige reserves the right to file its own motion seeking enforcement of the automatic stay related to conduct in the Prestige State Court Lawsuit.

1

**Brief Background**

1. Pre-Petition Prestige filed a Complaint against the Zankls and the Debtor in the 15th Judicial Circuit in and for Palm Beach County, FL (the "Prestige State Court Suit").

2. The Complaint asserts causes of action similar to those raised by DCG in the lawsuit referenced in the Stay Violation Motion. Essentially, the Debtor agreed to participate in a joint venture with Prestige in which Prestige would pay for the acquisition cost of the vehicle and then split half of the profits upon sale of the vehicle. The Zankls personally guaranteed this agreement. For a time, Prestige received funds under this agreement; however, ultimately the Debtor and the Zankls breached the agreement.

3. Like the underlying case in the Stay Violation Motion, the Zankls initially answered the Amended Complaint without asserting a counterclaim.

4. On Oct. 3, 2022, one day before asserting the counterclaim which is the subject of the Stay Violation Motion, the Zankls filed a motion to assert a counterclaim against Prestige. The counterclaim against Prestige is substantially similar to the counterclaim which is a Stay Violation Motion.[3] A copy of the *Amended Answer, Amended Affirmative Defenses, and Counterclaim to Plaintiff's Amend Complaint* filed in the Prestige State Court Lawsuit is attached hereto as **Exhibit "A."**

5. The State Court granted leave to amend to assert the counterclaim.

6. Similar to the counterclaim in the Stay Violation Motion, the Zankls seek to enrich themselves from funds paid by the Debtor as the WHEREFORE clause provides, among other things:

---

[3] Both counterclaims are 11 paragraphs and seek the same relief. The only variation being the description of the counter-defendant.

1. declaring the loans made by Plaintiff usurious, unlawful, and void and all money collected by Plaintiff be refunded, including principal, interest and other charges to Defendants/Counter Plaintiffs;

2. ordering Plaintiff/Counter Defendant to forfeit all interest and refund two times the interest collected;

3. awarding judgment for damages against Plaintiff/Counter Defendant,

4. awarding judgment for three fold damages against Plaintiff/Counter Defendant;

5. awarding judgment for punitive damages against Plaintiff/Counter Defendant,

Counterclaim at pp 9-10 of 11.[4]

       The counterclaim is clear that it is seeking to recover for the Zankls' benefit those funds paid the Debtor. The violation of the automatic stay was willful and is ongoing.

       WHEREFORE, Prestige requests that the Court grant the relief sought in the Stay Violation Motion and such other and further relief as the Court deems just.

                                   Respectfully submitted,

                                     **BEIGHLEY, MYRICK, UDELL**
                                   **& LYNNE, PA**
                                   *Counsel for Prestige Luxury Cars, LLC*
                                   2385 Executive Center Drive, Suite 250
                                   Boca Raton, FL 33431
                                   Phone: 561-549-9036
                                   Fax: 561-491-5509
                                   tzeichman@bmulaw.com

                                   By:   /s/ Thomas G. Zeichman
                                            THOMAS G. ZEICHMAN
                                            Florida Bar No. 99239

---

[4] The "Defendants/Counter Plaintiffs" as used in the counterclaim refers to the Zankls.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1st day of December, 2022, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF.

                                    By:  /s/ Thomas G. Zeichman
                                            THOMAS G. ZEICHMAN
                                            Florida Bar No. 99239