IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

PRESTIGE LUXURY CARS, LLC,

        Plaintiff,

v.

EXCELL AUTO GROUP, INC. d/b/a
EXCELL AUTO GROUP, SCOTT ZANKL,
KRISTEN ZANKL and KARMA OF
BROWARD, INC.,

        Defendants.

_____/

CASE NO. 50-2022-CA-003301-XXXXMB

DIVISION: AK

### DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AMENDED AFFIRMATIVE DEFENSES AND FILE COUNTERCLAIM

Defendants, SCOTT ZANKL and, KRISTEN ZANKL, through undersigned counsel and pursuant to Fla. R. Civ. P. 1.140 and 1.190(a), file their Motion for Leave to Amend Defendants' Answer and Affirmative Defenses and File their Counterclaim and, as grounds in support hereof, state:

1. Plaintiff filed its Amended Complaint on May 19, 2022, for various causes of action.

2. Defendants filed their Answer and Affirmative Defenses ("**Answer**") on August 15, 2022.

3. Attached hereto as **"Exhibit A"** is Defendants' proposed Amended Answer and Affirmative Defenses and Counterclaim.

4. Fla. R. Civ. P. 1.190(a) provides that leave to amend "shall be given freely when justice so requires." *See, Dryden Waterproofing, Inc. v. Bogard*, 488 So.2d 672, 673 (Fla. 4th DCA 1986) (citations omitted) (leave to amend a complaint should be freely granted when justice so requires, and it should not be denied unless the privilege has been abused). The Fourth District

explained that:

> [R]efusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.

*Hutson v. Plantation Open MRI, LLC*, 66 So. 3d 1042, 1044-45 (Fla. 4th DCA 2011) (citations and internal quotation marks omitted).

5. Indeed, when ruling on a motion for leave to amend, "all doubts should be resolved in favor of allowing an amendment." *Quality Roof Services, Inc. v. Intervest Nat. Bank*, 21 So. 3d 883, 885 (Fla. 4th DCA 2009) (granting leave to amend answer to assert additional affirmative defense). "Courts should be especially liberal when leave to amend is sought at or before a hearing on a motion for summary judgment." *Thompson v. Bank of New York*, 862 So. 2d 768, 770 (Fla. 4th DCA 2003) (citation and internal quotation marks omitted).

6. This case is not set for trial. Plaintiff will not suffer any prejudice by the Court granting leave to amend. Finally, Defendants have not abused the privilege to amend.

7. Accordingly, the Court should grant this Motion.

WHEREFORE, Defendants respectfully request that the Court grant leave for Defendants to file their Answer and grant any other relief the Court deems just and proper.

> WEISS, HANDLER & CORNWELL, PA
> *Attorneys for Defendants Scott Zankl and Kristen Zankl*
> 2255 Glades Road, Suite 205E
> Boca Raton, FL 33431
> Telephone: (561) 997-9995
>
> By: _____
> HENRY B. HANDLER, ESQ.
> Florida Bar No. 259284
> hbh@whcfla.com
> jn@whcfla.com
> filings@whcfla.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished in compliance with Fla. R. Jud. Admin. 2.516 via eService Portal to: Geoffrey Cahen, Esq., Cahen Law, *Attorneys for Plaintiff*, 1900 Glades Road, Suite 270, Boca Raton, FL 33431, geoff@cahenlaw.com, on this 3d day of October 2022.

                                        WEISS, HANDLER & CORNWELL, PA
                                        *Attorneys for Defendants Scott and Kristen Zankl*
                                        2255 Glades Road, Suite 205E
                                        Boca Raton, FL 33431
                                        Telephone: (561) 997-9995

By: _____
       HENRY B. HANDLER, ESQ.
       Florida Bar No. 259284
       hbh@whcfla.com
       jn@whcfla.com
       filings@whcfla.com
       HARRY WINDERMAN, ESQ.
       Florida Bar No. 209562
       hw@whcfla.com
       gg@whcfla.com

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

PRESTIGE LUXURY CARS, LLC,

        Plaintiff,

v.

CASE NO. 50-2022-CA-003301-XXXXMB
DIVISION: AK

EXCELL AUTO GROUP, INC. d/b/a
EXCELL AUTO GROUP, SCOTT ZANKL,
KRISTEN ZANKL and KARMA OF
BROWARD, INC.,

        Defendants.
_____/

## DEFENDANTS' AMENDED ANSWER, AMENDED AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, SCOTT ZANKL and KRISTEN ZANKL, through undersigned counsel, file this their Amended Answer, Amended Affirmative Defenses, and Counterclaim to Plaintiff's Amended Complaint and state as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.

### FACTUAL ALLEGATIONS

8. Denied.
9. Denied.

Page 1 of 11



10. Denied in that the JVA was an artifice for hiding payment of criminal usurious interest.

11. Admitted as to the amount but denied that funds were advanced for the purchase of cars.

12. Denied. The document speaks for itself and no such account was ever established because the JVA was an artifice to hide criminal usuary payments.

13. Admitted as to section 6 but denied that Defendant ever had an obligation to provide such records.

14. Admitted as to section 7 but denied that the JVA was paid any such obligation.

15. Admitted as to Scott Zankl but denied as to Kristen Zankl.

16. Admitted as to Scott Zankl but denied as to Kristen Zankl.

17. Denied. Plaintiff filed an amended UCC-1 after the loan and thereafter amended the UCC-1 which lacked consideration.

18. Denied.

19. Admitted.

20. Without knowledge.

21. Without knowledge.

22. Without knowledge.

23. Without knowledge.

24. Without knowledge.

25. Without knowledge.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Without knowledge.

30. Without knowledge.

31. Without knowledge.

32. Without knowledge.

## COUNT I
### Violation of Florida Statutes, § 68.065 (Excell)

33. Defendants reassert the answers set forth in paragraphs 1 through 32 as if fully set forth herein.

34. Without knowledge.

35. Without knowledge.

36. Without knowledge.

37. Without knowledge.

38. Without knowledge.

39. Without knowledge.

40. Without knowledge.

41. Without knowledge.

## COUNT II
### Breach of JVA (Excell)

42. Defendants reassert the answers set forth in paragraphs 1 through 32 as if fully set forth herein.

43. Without knowledge.

44. Without knowledge.

45. Without knowledge.

46. Without knowledge.

47. Without knowledge.

48. Without knowledge.

## COUNT III
## Breach of JVA (Scott and Kristen)

49. Defendants reassert the answers set forth in paragraphs 1 through 32 as if fully set forth herein.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Without knowledge.

53. Denied.

54. Denied.

55. Admitted that Scott Zankl signed the JVA but denied that Kristen Zankl signed the JVA.

56. Denied.

57. Denied.

58. Without knowledge and therefore denied.

## COUNT IV
## Foreclosure of Security Interest in the Boat (Scott and Kristen)

59. Defendants reassert the answers set forth in paragraphs 1 through 32 as if fully set forth herein.

60. Without knowledge and therefore denied.

61. Denied.

62. Denied.

63. Without knowledge.

64. Without knowledge.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied that the original UCC-1 was not specific enough in its description of collateral and the Amended UCC-1 was issued without consideration.

70. Denied.

71. Denied.

72. Denied.

## COUNT V
### Foreclosure of Security Interest in the Horses (Scott and Kristen)

73. Defendants reassert the answers set forth in paragraphs 1 through 32 as if fully set forth herein.

74. Without knowledge and therefore denied.

75. Denied.

76. Denied.

77. Without knowledge.

78. Without knowledge.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## **AFFIRMATIVE DEFENSES**

87. As a first affirmative defense, Defendants state Plaintiff is a foreign corporation and must post a bond to maintain the action.

88. As a second affirmative defense, Defendants state that Plaintiff's loan is civilly and/or criminally "USURIOUS" pursuant to Chapter 687, including § 687.02(1), §687.03, §687.04, §687.05, §687.06, §687.071, §687.08, §687.125, §687.145 and §687.146, Florida Statutes, and subject to the penalties set forth therein, including loss of interest, payment of double interest, and unenforceability of the Loan Agreement in the Florida courts. Interest charged in excess of the legal rate constitutes a usurious loan. The elements of a usurious loan are the following:

   a. A loan, either expressed or implied;

   b. An understanding that the money must be repaid;

   c. In consideration of the loan, a greater rate of interest than is allowed by law is paid or agreed to be paid by the borrower; and

   d. There is an intent to charge a usurious rate, sometimes referred to as corrupt intent.

89. As a third affirmative defense, Defendants state that the Complaint and each purported cause of action alleged in it fail to state facts sufficient to constitute a cause of action against Defendants.

WHEREFORE, Defendants, SCOTT L. ZANKL and KRISTEN ZANKL, respectfully request that the Court enter an order, as follows:

1. declaring the loans made by Counter Defendant usurious, unlawful, and void and directing all money collected by Plaintiff be refunded, including principal, interest and other charges to Counter Plaintiffs;

2. ordering Counter Defendant to forfeit all interest and refund two times the interest collected;

3. awarding judgment for damages against Counter Defendant,

4. awarding judgment for three-fold damages against Counter Defendant;

5. awarding judgment for punitive damages against Counter Defendant,

6. awarding judgment for attorney fees and litigation costs against Counter Defendant;

7. voiding all collection efforts on the usurious loans and voiding all illegal liens against real and personal property in connection with said usurious loans;

8. ordering Counter Defendant to notify all credit reporting agencies that the loans are invalid and that all reports or scores reflecting such loans be corrected;

9. granting Defendants/Counter Plaintiffs a trial by jury of all issues so triable; and

10. awarding judgment all other relief that this court deems just and proper.

## COUNTERCLAIM

Defendants/Counter Plaintiffs, SCOTT ZANKL and KRISTEN ZANKL (hereinafter collectively referred to as "**Counter Plaintiffs**") sue Plaintiff/Counter Defendant, PRESTIGE LUXURY CARS, LLC (hereinafter referred to as "**Counter Defendant**") for Abuse of Process and alleges:

1. This is an action for damages in excess of $30,000.00.

2. Counter Defendant is a Florida foreign limited liability company and is sui juris.

3. Counter Plaintiffs reside in Palm Beach County, Florida and are sui juris.

  4.  All conditions precedent have been performed or have occurred.

  5.  Counter Plaintiffs adopt the factual allegations admitted by them in their Amended Answer.

  6.  Counter Defendant is involved a usurious loan as hereinafter more thoroughly described hereinafter that are express or implied, with an understanding that the money lent shall be returned. It appears that a greater rate of interest than is allowed by law has been or is about to be paid, or was agreed to be paid. There exists an intent, a corrupt intent, to willfully and knowingly take more than the legal rate of interest for the use of the money loaned. *See, Bermil Corp. v. Sawyer*, 353 So.2d 579, 583 (Fla. 3rd DCA 1977) citing *Sharp v. Dixon*, 252 So.2d 805 (Fla. 4th DCA 1971). Furthermore, there are four requisites of a usurious transaction(s) that apply to Counter Defendant as more specifically described hereinafter of (1) there are loans express or implied; (2) an understanding between the parties that the money lent shall be returned; (3) that for such a loan(s) a greater rate of interest than is allowed by law shall paid or agreed to be paid; and (4) there is a corrupt intent to take more than the legal rate for the use of the money loaned, and Counter Defendant had and has a corrupt intent in the lender's mind to get more than legal interest for money lent on all of the usurious loans described in this pleading. *See, Dixon v. Sharp*, 276 So.2d 817, 819 (S. Ct. 1973). Counter Defendant did knowingly and willfully with a corrupt intent charge or accept more than the amount of the interest prohibited determined from all circumstances surrounding the lending transactions. The usurious lending transactions complained of are not represented by the documents attached to the Complaint but by the actions of the parties in that the documents served as a mere artifice to hide the criminally usury charged by the Counter Defendant. Pursuant to the Florida Criminal Usury statute, Chapter 687.071(7), a contract that seeks a criminally usurious rate is void, and it cannot be enforced in the courts of Florida, which

is specifically directed by the statute to refuse to enforce this illegal contract: "No extension of credit made in violation of the provisions of this section shall be an enforceable debt in the courts of this state." F.S. 687.071(7).

10. Counter Plaintiffs are obligated to pay their attorneys a reasonable fee for their services, and Counter Defendant is obligated to pay all of those attorney fees and costs incurred based upon the attorney fees clause in the documents attached to the Complaint.

11. Counter Defendants knowing that the funds advanced and the collection of criminally usurious interest filed this fake false lawsuit to improperly use the courts to obtain enforcement of criminally usurious lending contracts. This is (1) an illegal, improper, and/or perverted use of process by the Counter Defendant; (2) with an ulterior motive or purpose in exercising the illegal, improper, or perverted process which is to seek the improper favorable adjudication and enforcement of void criminally usurious lending contracts; and (3) the Counter Plaintiffs have been are being damaged as a result of Counter Defendant's Abuse of Process. *See, Valdes v. GAB Robins N. Am. Inc.,* 924 So. 2d 862 (Fla. 3d DCA 2006).

## JURY TRIAL DEMAND

Counter Plaintiffs demand trial by jury on all issues herein that are so triable.

WHEREFORE Defendants/Counter Plaintiffs respectfully request that this Court enter an Order as follows:

1. declaring the loans made by Plaintiff usurious, unlawful, and void and all money collected by Plaintiff be refunded, including principal, interest and other charges to Defendants/Counter Plaintiffs;

2. ordering Plaintiff/Counter Defendant to forfeit all interest and refund two times the interest collected;

3. awarding judgment for damages against Plaintiff/Counter Defendant,

4. awarding judgment for three fold damages against Plaintiff/Counter Defendant;

5. awarding judgment for punitive damages against Plaintiff/Counter Defendant,

6. awarding judgment for attorney fees and litigation costs against Plaintiff/Counter Defendant;

7. voiding all collection efforts on the usurious loans and voiding all illegal liens against real and personal property in connection with said usurious loans;

8. ordering Plaintiff/Counter Defendant to notify all credit reporting agencies that the loans are invalid and that all reports or scores reflecting such loans be corrected;

9. granting Defendants/Counter Plaintiffs a trial by jury of all issues so triable; and

10. awarding judgment all other relief that this court deems just and proper.

WEISS, HANDLER & CORNWELL, PA
*Attorneys for Defendants Scott Zankl and Kristen Zankl*
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Telephone: (561) 997-9995

By: _____
HENRY B. HANDLER, ESQ.
Florida Bar No. 259284
hbh@whcfla.com
jn@whcfla.com
filings@whcfla.com
HARRY WINDERMAN, ESQ.
Florida Bar No. 209562
hw@whcfla.com
gg@whcfla.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished in compliance with Fla. R. Jud. Admin. 2.516 via eService Portal to: Geoffrey Cahen, Esq., Cahen Law, *Attorneys for Plaintiff*, 1900 Glades Road, Suite 270, Boca Raton, FL 33431, geoff@cahenlaw.com, on this ____ day of October 2022.

    WEISS, HANDLER & CORNWELL, PA
*Attorneys for Defendants Scott Zankl and Kristen Zankl*
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Telephone: (561) 997-9995

By: _____
    HENRY B. HANDLER, ESQ.
    Florida Bar No. 259284
    hbh@whcfla.com
    jn@whcfla.com
    filings@whcfla.com
    HARRY WINDERMAN, ESQ.
    Florida Bar No. 209562
    hw@whcfla.com
    gg@whcfla.com