UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                        Case No.: 22-12790-EPK
                                                              Chapter 7
EXCELL AUTO GROUP, INC.,

    Debtor.
_____/

**NOTICE OF INTENT TO SERVE SUBPOENA**

PLEASE TAKE NOTICE, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1, that Nicole Testa Mehdipour, Chapter 7 Trustee, by and through undersigned counsel, intends on serving the subpoenas in the forms enclosed with this notice, on Truist Bank on December 23, 2022, or as soon thereafter as service can be effected.

                                                                         FURR AND COHEN, P.A.
                                                                         *Attorneys for Trustee*
                                                                         2255 Glades Road, Suite 419A
                                                                         Boca Raton, Florida 33431
                                                                         (561) 395-0500; (561) 338-7532 - facsimile

                                                                       By: */s/ Jason S. Rigoli*
                                                                            Alan R. Crane, Esq.
                                                                            Florida Bar No. 0963836
                                                                            E-mail: acrane@furrcohen.com
                                                                            Jason S. Rigoli, Esq.
                                                                            Florida Bar No.: 91990
                                                                            Email: jrigoli@furrcohen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, with attachments, was served on December 23, 2022, to all counsel of record registered with CM/ECF.

By: /s/ Jason S. Rigoli
      JASON S. RIGOLI

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re Excell Auto Group, Inc.  
        Debtor

Case No. 22-12790-EPK

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Truist Bank fka BB&T, 6100 Glades Road, Boca Raton, FL 33434

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE Furr and Cohen, P.A.<br>2255 Glades Road, Suite 419A<br>Boca Raton, FL 33431 | DATE AND TIME January 13, 2023 at<br>1:00 p.m. (eastern)<br><br>*Documents may be produced in lieu of appearance |
|---|---|

The examination will be recorded by this method: Court Reporter

[X] *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE Furr and Cohen, P.A.<br>2255 Glades Road, Suite 419A<br>Boca Raton, FL 33431<br>*Production can be made by electronic means | DATE AND TIME January 6, 2023 at<br>5:00 p.m. |
|---|---|

*(Description of documents, electronically stored information, or objects)*
All items identified in attached Exhibit A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/23/2022

CLERK OF COURT

                                                  OR

*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Nicole Testa Mehdipour, Chapter Trustee who issues or requests this subpoena, are:
Jason S. Rigoli, Esq., 2255 Glades Road, Suite 419A, Boca Raton, FL 33431, jrigoli@furrcohen.com; (561)395-0500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                              _____
                                                      *Server's signature*

                                              _____
                                                     *Printed name and title*

                                              _____
                                                        *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

**EXHIBIT "A"**

I. **Instructions**

    A.    <u>Time Period</u>: Unless otherwise stated herein, the time period encompassed by this Notice is from **April 8, 2012** up to and including the date of the production of the documents by you. With respect to the requests relating to any operating agreements, shareholder agreements, partnership agreements, or any other agreements or documents relating to the formations, governance, and/or operation of any entity, the time period for that request shall be from formation of the entity to the present.

    B.    <u>Duty to Supplement</u>: This Document request is continuing in nature and when new knowledge or information comes to the attention of the Debtor, the information supplied in the answers to the Document request shall be supplemented forthwith.

    C.    <u>Scope of Requests</u>: For each and every Request herein, you shall produce Documents in your possession, custody, or control within the meaning of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including but be limited to Documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All Documents produced pursuant to this request are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or from any copy or draft.

    D.    <u>Lost Documents</u>: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

1. The names of the authors of the Document;
2. The names of the persons to whom the Documents or copies were sent;
3. The date of the Document;
4. The date on which the Document was received by each addressee, copyee or its recipients;
5. A description of the nature and subject matter of the Document that is as complete as possible;
6. The date on which the Document was lost, discarded or destroyed; and
7. The manner in which the Document was lost, discarded or destroyed.

    E.    <u>Claim of Privilege</u>: With respect to any Document that Debtor withholds under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

      1. The names of the senders of the Document;
      2. The names of the authors of the Document;
      3. The names of the persons to whom the Document or copies were sent;
      4. The job title of every person named in subparagraphs 1, 2 and 3 above;
      5. The date of the Document;
      6. The date on which the Document was received by each addressee, copyee or its recipient;
      7. A brief description of the nature and subject matter of the Document; and
      8. The statute, rule or decision which is claimed to give rise to the privilege.

F.    <u>Responses</u>: If you cannot, after exercising due diligence to secure or produce the Document(s) requested, you must identify which Request(s) that you do not have any responsive Documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), providing the identity of the person who has possession, custody, or control of the requested Document(s).

G.    <u>Definitions</u>: All words in this request for production shall have their plain, ordinary and common meanings unless specifically defined below in the Definition section of this Notice.

H.    <u>Duplicate Copies</u>: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

I.    <u>Inclusive Construction</u>: Generally, each request should be construed to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

## II.    <u>Definitions</u>

A.    "**Petition Date**" means April 8, 2022.

B.    "**Bankruptcy Case**" means the above captioned bankruptcy case.

C.    "**Truist**," "**you**," or "**your**" means Truist Bank f/k/a Suntrust including all its predecessors, successors, affiliates, agents, employees, office staff, and any other person or entity acting or purporting to act on its behalf.

D.    "**Debtor**" means Excell Auto Group, Inc., FEI/EIN Number 80-0344450 as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc.

E. "**Karma of Broward**" means Karma of Broward, Inc., FEI/EIN Number 85-0531887, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Broward, Inc.

F. "**Karma of Palm Beach**" means Karma of Palm Beach, Inc., FEI/EIN Number 30-1246034, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Palm Beach, Inc.

G. "**Document(s)**" means information in all stored or communicated forms. With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise. The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

H. **"Communication(s)"** means any act or process imparting, express, or exchanging information in any manner or form.

I. "**Affiliated**" means being in close formal or informal association; related.

J. "**Affiliate(s)**" shall have the meaning ascribed in 11 U.S.C. § 101(2) (2019).

K. The terms "**support**," "**evidence**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## DOCUMENTS REQUESTED

1. All Documents and communications pertaining to each open or closed checking, savings, NOW, Time, or other deposit or checking account(s) in the name of Debtor, over which the Debtor has or had signatory authority, or to which the Debtor is otherwise associated **including, but not limited to**:

   a. Signature cards (request is from the date each account was opened);

   b. Account opening documents (request is from date each account was opened);

   c. Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened);

   d. Statements;

   e. Canceled checks;

   f. Deposit tickets;

3

      g. Items deposited;

      h. Credit and debit memos;

      i. Form 1099, 1089, or back-up withholding documents;

      j. Wire transfer memos.

2. TRUIST's Bank Secrecy Act policies and procedures for each year included in this request, including any Know Your Customer, customer identification program, customer due diligence, and enhanced due diligence policies and procedures.

3. Please produce TRUIST's policies and procedures for the loss management or fraud departments for each year covered in this request.

4. Please produce all account opening policies and procedures for TRUIST for each of the years covered by this request.

5. Please produce TRUIST's user guide for any computer generated or automated account monitoring system (such as, without limitation, Search Space or SAS), that was used to monitor accounts for suspicious activity during each of the years covered by this request.

6. Please produce all Documents that constitute, concern, refer, or relate to computer generated or automated account monitoring reports or alerts concerning Debtor or for every account held by Debtor.

7. Please produce any investigative protocol that your Bank Secrecy Act, loss management and/or fraud department investigators are required or directed to follow when investigating computer generated account monitoring system alerts.

8. Please produce all Documents that constitute, concern, refer, or relate to investigatory documents and reports prepared by TRUIST's Bank Secrecy Act, loss management and/or fraud department investigators concerning the Debtor or for every account held by the Debtor.

9. Please produce all Documents that constitute, concern, refer, or relate to internal e-mails and reports concerning the account activities for the Debtor and for every account held by the Debtor.

10. Please produce any training policies, procedures, and manuals for TRUIST employees in the Bank Secrecy Act, loss management, or fraud departments regarding the investigation of fraud, money laundering, or other suspicious activity between January 1, 2012 through April 8, 2022.

11. Please produce all Documents that constitute, concern, refer, or relate to customer due diligence involving the Debtor between the date the first account of the Debtor was opened through the present.

12. Please produce all Documents that constitute, concern, refer, or relate to transaction monitoring reports or surveillance monitoring involving the Debtor.

13. Please produce TRUIST's wire transfer policies and procedures for each of the years covered by this request.

14. Please produce TRUIST's overdraft policies and procedures for each of the years covered by this request.

15. Please produce TRUIST's uncollected funds policies and procedures for each of the years covered by this request.

16. Please produce any overdraft reports or uncollected funds reports where the Debtor was noted.

17. Please produce all documents and communications that relate in any way to the Debtor, including without limitation any background investigations, due diligence, meetings with, and description or opinion of Debtor.

18. Please produce all email communications that relate in any way to the following persons or entities:

(a) Debtor
(b) Scott Zankl
(c) Kristen Zankl

19. Please produce all documents or communication not otherwise requested that relate in any way to the Debtor

20. Please identify and produce all documents and communications related to the Debtor, and not otherwise requested, between anyone at TRUIST, and Scott Zankl, Kristen Zankl, or any other person or entity.

###