UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM PEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.                              Case No. 22-12790-EPK

　　Debtor.                                                          Chapter 7

_____/

**BRADLEY J. SKOREPA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO INITIATE QUIET TITLE ACTION AND OBTAIN TITLE DOCUMENTS FOR 2019 RANGE ROVER SPORT, VIN # SALWZ2SE8KA817050**

Interested Party, Bradley J. Skorepa ("Skorepa"), the owner of that certain vehicle, by and through undersigned counsel, and pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. 4001, hereby moves (the "Motion") the Court for entry of an Order granting relief from the automatic stay to initiate a quiet title and vehicle title transfer action for that certain vehicle and obtain clean title, and in support thereof states as follows:

**Jurisdiction, Venue, and Statutory Predicate**

1.　　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2.　　The venue for this Motion is proper before this Court pursuant to 28 U.S.C. § 1408.

3.　　 This Motion is a core proceeding pursuant 28 U.S.C. § 157(b)(2)(G).

4.　　The statutory predicate for this Motion is 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and Local Rule 4001-1.

**Relevant Background**

5.　　On April 8, 2022 (the "Petition Date"), Excell Auto Group, Inc. (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.*, (the "Bankruptcy Code") [ECF No. 1].

6. Nicole Testa Mehdipour is the Chapter 7 Trustee (the "Trustee") for Debtor's Estate [ECF No. 2].

7. Prior to the Petition Date, Skorepa purchased a 2019 Land Rover, model Range Rover Sport, VIN # SALWZ2SE8KA817050 (the "Vehicle") from Karma Broward (the "Dealership"). Skorepa and the Dealership executed that certain Purchase Agreement for the Vehicle, dated April 2, 2022 (the "Purchase Agreement"). A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit "A"**. Skorepa purchased the Vehicle for approximately $115,000.00, making a down payment in the approximate amount of $77,398.00, and financing the remaining balance. Skorepa is current and continues to make his financing payments to Bank of America.

8. Pursuant to available public records, it appears that the Debtor's lien (the "Lien") was not properly satisfied against the Vehicle notwithstanding the purchase and sale of same by Skorepa. A true and correct copy of the Vehicle Information Check identifying the Lien is attached hereto as **Exhibit "B"**. It is presumed that the Lien remains in the public record because the necessary paperwork for the release of the Lien and transfer of the title was not properly processed after Skorepa purchased the Vehicle.

9. Skorepa owns and has exclusive possession of the Vehicle. However, the Dealership did not provide Skorepa with the certificate of title to the Vehicle.[1] The Dealership did not finalize the process of submitting the required paperwork to the State of Florida (*i.e.* by submitting the Application for Certificate of Title With/Without Registration for the Vehicle) to

---

[1] On or about July 13, 2022, Skorepa, *Pro se*, filed a Complaint for Declaratory Relief against the Dealership in an effort to obtain title to the Vehicle, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, case style *Bradley J. Skorepa v. Karma Broward*, Case No. CACE22-10232. However, it appears the Complaint was never served, and no further action was taken in connection to same.

2

transfer the certificate of title in the Vehicle prior to the Petition Date. Skorepa will be unable to sell or register the Vehicle without a valid certificate of title.

10. Upon information and belief, the original certificate of title, assignment of title, and application for certificate of title with/without registration (the "Title Documents") for the Vehicle may have been in the Debtor's office and may now in the possession of the Trustee. Trustee's counsel has advised that Trustee has reviewed available records but has not identified the Title Documents. Trustee's counsel has further advised that the Trustee is in possession of 190 bankers' boxes of documents, which have not yet been thoroughly reviewed.

## Relief Requested and Basis for Relief

11. Given the inherent difficulty in searching through 190 bankers' boxes for the Title Documents, Skorepa seeks stay relief to take any and all legal action to quiet title to the Vehicle to the extent necessary to remove Debtor's Lien and obtain clean title for the Vehicle.

12. Skorepa believes that no other party has an ownership interest in the Vehicle. To the extent a third party alleges an interest in the Vehicle, any right, title, or interest in the Vehicle is inferior to Skorepa's ownership rights.

13. Skorepa purchased the Vehicle from the Dealership, as evidenced by the Purchase Agreement. Skorepa is in possession of the Vehicle.

14. However, as set forth above, the Dealership never provided the certificate of title to the Vehicle to Skorepa. Even without the certificate of title, as the exclusive possessor and controller of the Vehicle, and having paid for the vehicle, Skorepa is the owner of the Vehicle. *State Farm Mut. Auto. Ins. Co. v. Hartzog*, 917 So. 2d 363, 365 (Fla. 1st DCA 2005) ("Exclusive possession and control, taken at the time of the agreement, is a key factor in determining beneficial ownership of a vehicle, regardless of whether legal title remains in the seller's name.").

15. Possession of the certificate of title is not required to demonstrate ownership of a motor vehicle. *See In re Kirk*, 381 B.R. 800, 802 (Bankr. M.D. Fla. 2007) ("A certificate of title is not necessary for ownership of a vehicle in Florida."); *Nash Miami Motors v. Bandel*, 47 So. 2d 701, 703 (Fla. 1950) ("a registered certificate of title is not, in all cases, conclusive proof of ownership."); *Correria v. Orlando Bank & Tr. Co.*, 235 So. 2d 20, 24 (Fla. 4th DCA 1970) ("It has been settled law in this jurisdiction for many years, as well as in other jurisdictions, that the failure of the purchaser to obtain the title certificate at the time of the sale does not prevent the passage of title from the seller to the buyer."); *R. S. Evans Motors of Jacksonville, Inc. v. Hanson*, 130 So. 2d 297, 299 (Fla. 2d DCA 1961) ("the possession of personal property in good faith by a purchaser for value is … prima facie evidence of title").

16. First, Skorepa is a bona fide purchaser for value and his ownership is protected. See Fla. Stat. § 679.320(1). Skorepa purchased the Vehicle in good faith, for value, and in the ordinary course of business.

17. Second, Skorepa retained possession of the Vehicle and relied in good faith on the Dealership to perform its statutory duty to secure a proper title certificate in Skorepa's name. *Stroman v. Orlando Bank & Tr. Co.*, 239 So. 2d 621, 623 (Fla. 4th DCA 1970) (holding that purchaser and possessor of automobile, as opposed to holder of certificate of title, had superior interest in automobile "where the purchaser has received possession of the vehicle and in good faith relie[d] on the dealer to perform his statutory duty to secure a proper title certificate in the purchaser's name.").

18. Pursuant to Fla. Stat. §672.401(2), "title passes to the buyer at the time and place at which the seller completes her or his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place." *See* Fla. Stat. § 672.401(2); *see Palm Beach Auto Brokers,*

*Inc. v. DeCarlo*, 620 So. 2d 250, 252 (Fla. 4th DCA 1993) (Holding buyer was owner of vehicle without certificate of title because "[t]he contract between [seller] and [buyer] contains no explicit agreement that title would pass at a time and place other than at the time and place at which [seller] completed his performance with reference to the physical delivery of the vehicle.").

19. Here, the Dealership completed its performance with respect to the physical delivery of the goods, as Skorepa received possession of the Vehicle, despite the fact that the document of title was to be delivered later on. The Dealership's failure to provide Skorepa the certificate of title does not affect his ownership interest in the Vehicle.

20. Upon information and belief, the Trustee may have possession of the title documents to the Vehicle, but has not been able to locate the Title Documents.

21. Given the voluminous documents in the Trustee's possession, it is more efficient, expeditious, and economical to grant stay relief for the purpose of quieting title to the Vehicle and releasing the Debtor's lien on the vehicle.

22. Section 362(d)(1) of the Bankruptcy Code, provides, in pertinent part, that "[o]n request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying or condition such stay – (1) for cause, … [.]" *See* 11 U.S.C. § 362(d)(1).

23. "The Bankruptcy Code does not define the term "cause," therefore, courts must determine when relief from stay is appropriate on a case-by-case basis." *See In re Paxson Elec. Co.,* 242 B.R. 67, 70 (Bankr. M.D. Fla. 1999). "In making a determination of whether 'cause' has been shown, a court must balance the potential hardship that will be incurred by the party seeking relief if the automatic stay is not lifted, against the potential prejudice to the debtor and the debtor's estate." *Id*.

24. Here, ample cause exists to grant relief from the automatic stay. Skorepa purchased the Vehicle for good and valuable consideration, the Dealership entirely failed to secure a certificate of title for Skorepa and to initiate the release of the Debtor's Lien on the Vehicle. The Debtor will suffer no prejudice from the relief sought herein.

25. Prior to filing this Motion, undersigned conferred with Trustee's counsel, who has advised that it does not oppose stay relief.

WHEREFORE, Bradley J. Skorepa, respectfully requests that the Court enter an Order (i) granting this Motion; (ii) modifying the automatic stay provided for in 11 U.S.C. §362(a) to allow Skorepa to take any and all legal action necessary to quiet title to the Vehicle and to remove the Debtor's Lien and obtain a clean title for the Vehicle, and (iii) granting such other and further relief that is just and proper.

Dated: January 23, 2023

Respectfully Submitted,

EDELBOIM LIEBERMAN REVAH PLLC
*Attorneys for Bradley Skorepa*
Beacon Tower of Aventura
20200 W. Dixie Hwy, Suite 905
Miami, Florida 33180
Telephone: (305) 768-9909
Facsimile: (305) 928-1114
Email: brett@elrolaw.com
Email: edan@elrolaw.com

By: */s/ Brett Lieberman*
Brett Lieberman (FBN 69583)
Edan Weiner (FBN 1019408)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on January 23, 2023 via the Court's CM/EF system on all parties registered to receive electronic notice in the above-captioned case.

/s/: *Brett Lieberman*
Brett Lieberman

**Exhibit "A"**

# KARMA | BROWARD

1217 SE 17TH ST. FORT LAUDERDALE, FL 33316
OFFICE 954.900.1025   FAX 954.900.1753



KARMA
BROWARD | PALM BEACH
EXCELL AUTO GROUP

**SALES PERSON:** OLEG KOUZNETSOV    **DATE:** 4 / 2 / 2022

| | |
|---|---|
| BUYER: BRADLEY SKOREPA | DRIVER'S LICENSE NO.: S610098441856 |
| E-MAIL: | DATE OF BIRTH: 11/07/1969 |
| ADDRESS: 3013 HOLLY ST | CITY & STATE: EDGEWATER   MD   ZIP: 21037 |
| CO-BUYER: | DRIVER'S LICENSE NO.: |
| E-MAIL: | DATE OF BIRTH: |
| ADDRESS: | CITY & STATE:   ZIP: |
| HOME PHONE: | BUSINESS PHONE:   CELL PHONE: (703)655-4548 |

NEW ☐   YEAR 2019   MAKE LAND ROVER   MODEL RANGE ROVER SPORT   MILEAGE 33,845
USED ☒   COLOR ___   TRIM ___   BODY TYPE V8 SUPERCHARGED SVR
☐   ID NO. SALWZ2SE8KA817050   STOCK NO. 817050

| TRADE-IN DESCRIPTION NO. 1 | STOCK NO. | | TOTAL SELLING PRICE | $ | 115,000 | 00 |
|---|---|---|---|---|---|---|
| YEAR | MAKE | COLOR | TRADE ALLOWANCE  − | | N/A | |
| MODEL | | BODY TYPE | DIFFERENCE  = | $ | 115,000 | 00 |
| I.D. NO. | | MILEAGE | SERVICE FEES* + | | 498 | 00 |
| BALANCED OWED TO | | | SUB TOTAL | | 115,498 | 00 |
| EST. AMT OWED | | ALLOW AMT. | SALES TAX + | | 6,929 | 88 |
| TRADE-IN DESCRIPTION NO. 2 | STOCK NO. | | ESTIMATED TAG, TITLE & REG + | | 357 | 00 |
| YEAR | MAKE | COLOR | THIRD PARTY PRIVATE TAG AGENCY'S FEE + | | 134 | 00 |
| MODEL | | BODY TYPE | | | | |
| I.D. NO. | | MILEAGE | EST. BALANCE ON TRADE + | | N/A | |
| BALANCED OWED TO | | | TOTAL DELIVERY PRICE = | $ | 122,918 | 88 |
| EST. AMT OWED | | ALLOW AMT. | DEPOSIT NON-REFUNDABLE ☐ CAR IN STOCK ☐ SPECIAL ORDER   BUYER | − | 79,398 | 00 |
| TRADE-IN DESCRIPTION NO. 3 | STOCK NO. | | EXTENDED WARRANTY (taxable) + | | N/A | |
| YEAR | MAKE | COLOR | BALANCE DUE ON DELIVERY = | $ | | |
| MODEL | | BODY TYPE | AMOUNT FINANCED = | $ | 43,520 | 88 |
| I.D. NO. | | MILEAGE | | | | |
| BALANCED OWED TO | | | LIENHOLDER: BANK OF AMERICA P.O. BOX 2759 JACKSONVILLE, FL 32203 | | | |
| EST. AMT OWED | | ALLOW AMT. | | | | |

*Service Fee: This charge represents costs and profit to the seller/dealer for items such as inspecting, cleaning and adjusting new and used vehicles and preparing documents related to the sale. Also included is a full tank of gas.

**PLEASE NOTE:**
ALL CHECKS ARE MADE PAYABLE TO: KARMA BROWARD
Payment on delivery must be cash, cashiers check or money order.
CURRENT DRIVER'S LICENSE MUST BE PROVIDED BEFORE DELIVERY.
CURRENT INSURANCE MUST BE PROVIDED BEFORE DELIVERY.
Vehicle cannot be delivered without current Driver's License and Insurance.
*BALANCE OWED ON TRADE IS AN ESTIMATE. The Buyer is responsible for the difference

BUYER ☐

ESTIMATED DATE OF DELIVERY TO CUSTOMER: 4 / 2 / 2022

If this agreement and acceptance is contingent upon the arrangement of financing, then this agreement is not accepted and the transaction is not consummated until (a) approval is in writing from the Dealer and the responsible Bank or Finance Company, (b) all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and (c) purchaser(s) and Dealer have signed an Installment Sales Contract. By signing below, purchaser(s) acknowledge that they have read both sides of this agreement to purchase and hereby accept its terms and conditions.

Buyer Signature ___   Date 04/02/2022

Co-Buyer Signature ___   Date ___

Accepted By: ___   Dealer Representative

Please read additional terms and conditions on reverse side, before signing.

353567_07/23/21 M

**Exhibit "B"**

**Exhibit "B"**

# Vehicle Information Check

| Vehicle Information: | | | |
|---|---|---|---|
| Vehicle Identification Number: | SALWZ2SE8KA817050 | Year/Make: | 2019 LAND ROVER |
| Previous Title State: | FLORIDA | Registration Expiration Date: | 11/2/2022 |
| Title: | 140760690 | Title Issue Date: | 10/11/2021 |
| Title Status: | SOLD | Title Print Date: | |
| Odometer Reading/Status: | 23,746 ACTUAL MILEAGE | Odometer Date: | 8/24/2021 |
| Color: | GRAY | Vehicle Type: | AUTO |
| Net Weight: | 5,093 | Owner Information: | 1 owner |
| Electronic Title with Electronic Lien | | Salvage: | |
| Brands: | | | |

| Lien Information | | | |
|---|---|---|---|
| Name | Address | Date | Receipt Date |
| EXCELL AUTO GROUP, INC. | 1001 CLINT MOORE RD STE 101 BOCA RATON, FL 33487- 2830 | 8/24/2021 | 10/11/2021 |

**If any of the information on this record needs to be corrected**, please contact your tax collector and complete appropriate paperwork to update the record.

**If you have lost or misplaced your title** and need to apply for a duplicate, click here for the form and instructions.