# Exhibit F

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA |
| KENNETH J. GOODMAN, as Trustee of the DCG 2008 Irrevocable Wealth Trust, | CASE NO.: 50-2022-CA-005035-XXXX-MB |
| Plaintiff, |  |
| v. |  |
| SCOTT ZANKL and KRISTEN ZANKL, |  |
| Defendants._____/ |  |

## MOTION TO INTERVENE BY NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE OF THE ESTATE OF EXCELL AUTO GROUP, INC.

NICOLE TESTA MEHDIPOUR, Chapter 7 Trustee of the Estate of Excell Auto Group, Inc. (the "Chapter 7 Trustee"), through the undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.230, hereby moves to intervene in the captioned case for purposes of filing a complaint seeking equitable and legal relief arising out of the same transactions and occurrences as set forth in the pleadings currently before the Court, including, but not limited to, a determination of whether certain "Loans" (hereafter defined) as described, in part, in the certain "Loan Documents" (hereafter defined) by and between the parties constitute usurious transaction(s) as defined by Florida law. As good grounds for this motion, the Chapter 7 Trustee states as follows:

### BACKGROUND

1. On April 8, 2022, Excell Auto Group, Inc. ("Debtor") filed a petition for relief under Chapter 7 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division. The Chapter 7 Trustee was appointed thereafter.

2. Debtor held itself out, at all times material, as a seller of luxury automobiles on a retail and wholesale basis, and Debtor financed its operations by using various lenders. Plaintiff herein was one of Debtor's lenders, and Defendants were Debtor's officers, directors, owners, and guarantors.

3. More specifically, Plaintiff and Debtor were parties to at least two loan facilities known as the "Locate Program" and the "Wholesale Program" (collectively the "Loans"), which were documented by, *inter alia,* the following: (a) the *Consolidated Promissory Note (Locate Program)* dated September 18, 2019; (b) the *Profit Participation Agreement (Locate Program)* dated September 18, 2019; (c) the *Consolidated Promissory Note (Wholesale Program)* dated September 18, 2019; (d) the *Profit Participation Agreement (Wholesale Program)* dated September 18, 2019; (e) the *Amended and Restated Promissory Note (Locate Program)* dated December 5, 2019; and (f) the *Extension, Modification and Ratification Agreement (Wholesale Program)* dated November 2, 2020 (collectively the "Loan Documents").

4. As the Court is aware, Defendants have argued in this case that the Loans charged a usurious rate of interest such that any guarantees securing the Loans are invalid. Plaintiff, for his part, has sought partial summary judgment upon the validity of Plaintiffs' defense based on usury.

## THE CHAPTER 7 TRUSTEE'S INTEREST AND PREDICATE FOR RELIEF

5. Florida Rule of Civil Procedure 1.230 provides that "[a]nyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention." *See* Florida Rule of Civil Procedure 1.230. This rule has been interpreted as allowing a court discretion to permit intervention after finding that "the interest asserted is appropriate to support intervention." *See John G. Grubbs, Inc. v. Suncoast Excavating, Inc.*, 594 So.2d 346, 347 (Fla. 5th DCA 1992). The court's discretion is guided by "a number of factors, including the derivation of the interest,

any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance." *Id.*

6. Here, the Chapter 7 Trustee has an interest sufficient to support intervention. *Debtor* is identified as the borrower under the Loan Documents, and *Debtor's* funds were the source of all sums paid to Plaintiff on account of the Loans. Thus, Defendants have raised the question of usury on a derivative basis – Debtor is the primary obligor and its interest in resolution of the existence of usury relative to the Loans is likewise primary.

7. All other factors (where applicable) support permitting the Chapter 7 Trustee to intervene in this case. <u>First</u>, as noted, the Chapter 7 Trustee's interest is coextensive with that of the Debtor and, thus, superior to Defendants' interest in this case. *C.f. John G. Grubbs, Inc. v. Suncoast Excavating, Inc.*, 594 So.2d at 347. Debtor was borrower and payor, and the Chapter 7 Trustee (for the benefit of Debtor's bankruptcy estate) is owed any and all funds to be remitted under Florida law and/or the Loan Documents as a consequence of a finding that the Loans were usurious.

8. <u>Second</u>, resolution of the question of whether the Loans were usurious is of tangible (and substantial) financial interest to the Chapter 7 Trustee and the creditors for whom she labors. *C.f. John G. Grubbs, Inc. v. Suncoast Excavating, Inc.*, 594 So.2d at 347. As noted, a finding of usury will result in the return of payments made by Debtor to the Debtor's estate and, conceivably, invalidation of the Plaintiff's right to collect on the Loans. Further, the principal of the Loans exceeds $3.5 Million as reflected in proofs of claim submitted by Plaintiff in Debtor's bankruptcy predicated on the Loans/Loan Documents. Whether the Loans are usurious therefore controls the validity of the Plaintiff's proofs of claim.

9. <u>Third</u>, there is little risk of conflict or new issues being injected into this case by the Chapter 7 Trustee's intervention. *C.f. John G. Grubbs, Inc. v. Suncoast Excavating, Inc.*, 594 So.2d at 347. The question of usury has already been raised by the Defendants and Plaintiff here. The Chapter 7 Trustee simply seeks to join in the resolution of the dispute given this Court's familiarity with the issues to avoid duplicative judicial labor, and labor by the parties in another forum.

10. The Chapter 7 Trustee therefore requests that the Court enter an order substantially in the form of the draft order attached hereto as Exhibit "A," permitting her to intervene as a plaintiff in intervention in the captioned case as follows:

   a. To file a complaint in intervention within 20 days of an order granting this motion seeking equitable and legal relief arising out of the same transactions and occurrences set forth in the pleadings currently before the Court, including, but not limited to, a declaration as to whether the Loans, as shown by the Loan Documents, and elsewhere, are usurious and/or comply with the limitations prescribed in Chapter 687 of the Florida Statutes;

   b. To respond to the pleadings, motions and/or other papers of all other parties in the captioned case to the extent that such pleadings consider whether the Loans, as shown by the Loan Documents, and elsewhere, are usurious and/or comply with the limitations prescribed in Chapter 687 of the Florida Statutes;

   c. To obtain a judgment that is binding and enforceable against the parties in the captioned case as to whether the Loans, as shown by the Loan Documents, and elsewhere, are usurious and/or comply with the limitations prescribed in Chapter 687 of the Florida Statutes;

   d. To issue and respond to interrogatories, document requests, requests for admission and/or other written discovery, to take and/or participate in depositions, and to otherwise issue and/or participate in any discovery permissible under Florida Rule of Civil Procedure 1.280; and

   e. To obtain such other relief as is deemed just and proper by this Court.

11. Counsel for the Chapter 7 Trustee has conferred with counsel for the Defendants who does not object to the relief sought in this Motion. Counsel for the Chapter 7 Trustee has also conferred with counsel for the Plaintiff who objects to the relief sought in this motion.

WHEREFORE, NICOLE TESTA MEHDIPOUR, Chapter 7 Trustee of the Estate of Excell Auto Group, Inc., respectfully requests that the Court allow her to intervene in the captioned lawsuit as more fully set forth in the body of this motion and in the proposed order attached hereto as Exhibit "A."

Dated this  8th  day of December 2022.

          Respectfully submitted,

          **YOUNG FOSTER PLLC**
          *Counsel for the Chapter 7 Trustee*
          1600 South Federal Highway, Suite 570
          Pompano Beach, Florida 33062
          Telephone:   (954) 866-3570
          Facsimile:    (954) 866-3571

          By:   /s/ *Michael C. Foster, Esq.*
               Michael C. Foster, Esq.
               Florida Bar No. 0042765
               michael@youngfoster.com
               admin@youngfoster.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  8th  day of December, a true and correct copy of the foregoing document was served upon: *Ivan J. Reich, Esq.*, Counsel for Plaintiff, Nason, Yeager, Gerson, Harris & Fumero, P.A., 750 Park of Commerce Blvd., Suite 210, Boca Raton, Florida 33487, and *Harry Winderman, Esq.*, Weiss, Handler & Cornwell, P.A., Counsel for Defendants, 2255 Glades Road, Suite 205E, Boca Raton, Florida 33431, via the Florida E-Filing Portal.

          /s/ *Michael C. Foster*
          Michael C. Foster, Esq.

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA |
| KENNETH J. GOODMAN, as Trustee of the DCG 2008 Irrevocable Wealth Trust, | CASE NO.: 50-2022-CA-005035-XXXX-MB |
| Plaintiff, | |
| v. | |
| SCOTT ZANKL and KRISTEN ZANKL, | |
| Defendants._____/ | |

### ORDER GRANTING MOTION TO INTERVENE BY NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE OF THE ESTATE OF EXCELL AUTO GROUP, INC.

THIS MATTER came before the Court on December _____, 2022 on the *Motion to Intervene by Nicole Testa Mehdipour, Chapter 7 Trustee of the Estate of Excell Auto Group, Inc.* (the "Motion to Intervene"). The Court, having reviewed the pleadings and other papers of record, having heard the argument of counsel, and being otherwise advised in the premises, hereby ORDERS AND ADJUDGES as follows:

1. The Motion to Intervene is GRANTED.

2. Nicole Testa Mehdipour, Chapter 7 Trustee of the Estate of Excell Auto Group, Inc. is permitted to intervene in the captioned case as follows:

    a. To file a complaint in intervention within 20 days of this Order seeking equitable and legal relief arising out of the same transactions and occurrences set forth in the pleadings currently before the Court, including, but not limited to, a determination as to whether the Loans,[1] as shown by the Loan Documents, and elsewhere, are usurious and/or comply with the limitations prescribed in Chapter 687 of the Florida Statutes;

    b. To respond to the pleadings, motions and/or other papers of all other parties in the captioned case to the extent that such pleadings consider whether the Loans, as

---
[1] All capitalized terms have the same meaning as used in the Motion to Intervene.

  shown by the Loan Documents, and elsewhere, are usurious and/or comply with the limitations prescribed in Chapter 687 of the Florida Statutes;

c. To obtain a judgment that is binding and enforceable against the parties in the captioned case as to whether the Loans, as shown by the Loan Documents, and elsewhere, are usurious and/or comply with the limitations prescribed in Chapter 687 of the Florida Statutes;

d. To issue and respond to interrogatories, document requests, requests for admission and/or other written discovery, to take and/or participate in depositions, and to otherwise issue and/or participate in any discovery permissible under Florida Rule of Civil Procedure 1.280; and

e. To obtain such other relief as is deemed just and proper by this Court.

  **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this ___ day of December, 2022.

                                 _____
                                 Honorable Maxine Cheesman
                                 Circuit Court Judge