# Exhibit I

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| KENNETH J. GOODMAN AS TRUSTEE OF THE DCG 2008 IRREVOCABLE WEALTH TRUST, | CASE NO.: 502022CA005035XXXXMB<br><br>Division: AJ |
| Plaintiff, | |
| v. | |
| SCOTT L. ZANKL and KRISTEN ZANKL, | |
| Defendants._____/ | |

**DEFENDANTS' RENEWED MOTION TO REOPEN HEARING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT BASED UPON DEFENDANTS' DISCOVERY OF NEW EVIDENCE THAT ESTABLISHES A QUESTION OF FACT TO BE RESOLVED BY THE JURY AND NOT ON SUMMARY JUDGMENT**

COMES NOW DEFENDANTS, by and through counsel, and renews their request that this Court reopen the hearing held on October 24, 2022, to consider the attached affidavit of Defendant, SCOTT ZANKL.

1. Plaintiff's email attached hereto as part of **Exhibit "A"** which clearly appears to consider the relationship between Excell Auto Group, Inc., and the Plaintiff to be a debtor-creditor relationship and a loan with a "rate of return" that was fixed by the parties and not a profit participation arrangement where the Plaintiff would only be paid when and if there were profitable sales.

2. Notwithstanding any ruling by this Court that may prematurely preclude Defendants' opposing affidavit before discovery is complete, the Defendants, on October 15, 2022, received access to Scott Zankl's email dating back to 2018 and discovered the Plaintiff's 2018 email.
Page 1 of 2

3. Plaintiff's email is a "smoking gun" and needs to be considered as a material and controlling fact in dispute and grounds to deny Plaintiff's Motion.

4. As further grounds in support, on December 14, 2022, an Order denying Plaintiff's Motion for Summary Judgment was entered in *Interface Properties, LLC v. Karma of Palm Beach, Inc.*, Palm Beach County Circuit Court Case No. 50-2022-CA-003618-XXXXMB; said motion involved substantially similar issues as those in the instant action. *See,* Request for Judicial Notice filed December 19, 2022 (D.E. # 48).

WHEREFORE, Defendants request the Court reopen the hearing on Plaintiff's Motion for Summary Judgment to consider new evidence submitted by Defendants for Court review and grant any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished in compliance with Fla. R. Jud. Admin. 2.516 via eService Portal to all registered parties and counsel, on this 22nd day of December 2022.

    WEISS, HANDLER & CORNWELL, PA
    *Attorneys for Defendants*
    One Boca Place, Suite 205 East
    2255 Glades Road
    Boca Raton, FL 33431
    Telephone: (561) 997-9995

    By:/s/Harry Winderman
        HENRY B. HANDLER, ESQ.
        Florida Bar No. 259284
        hbh@whcfla.com
        filings@whcfla.com
        jn@whcfla.com
        HARRY WINDERMAN, ESQ.
        Florida Bar No. 209562
        dkf@whcfla.com
        gg@whcfla.com

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

KENNETH J. GOODMAN AS TRUSTEE OF THE DCG 2008 IRREVOCABLE WEALTH TRUST,

CASE NO.: 502022CA005035XXXXMB

Division: AJ

        Plaintiff,

v.

SCOTT L. ZANKL and KRISTEN ZANKL,

        Defendants.
_____/

## AFFIDAVIT OF SCOTT ZANKL

BEFORE ME, the undersigned officer duly authorized by law to take acknowledgements and administer oaths, personally appeared SCOTT ZANKL, who being first duly sworn, deposes and says:

1. I am a competent person over the age of eighteen and have knowledge of the above-captioned case and can testify thereto.

2. The information herein is based upon my personal knowledge.

3. I am the Vice President of Excell Auto Group, Inc. ("Excell").

4. Attached as **Exhibit A** is a newly discovered email from the Plaintiff dated December 2, 2018, and clearly is a smoking gun that the profits participation agreements presented to the Court were a sham and artifice to hide the usurious interest being charged. The email refers to a "note increase" and an increase in the "return, percentage wise". Excell could not control the rate of return if the transactions were in reality the purchase and sale of vehicles that were not identified at the time of the advance of funds.

5.  Further, Plaintiff compares the rate of return from his other investments and asks the Defendant to increase the rate of return on his investment because of the increase in the amount advanced.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Scott Zankl

STATE OF FLORIDA         :
                         :ss
COUNTY OF PALM BEACH     :

The foregoing was acknowledged before me by means of __✓__ physical presence or _____ online notarization, this _26_ day of October 2022, by Scott Zankl, who is personally known to me or who has _____ produced _____ as identification.



_____
Notary Public

HARRY WINDERMAN
_____
Printed Name

My commission expires:

Page 2 of 2

c. 561-756-1933

o. 561-998-5557

f. 561-998-4703

scott@excellauto.com

http://www.excellauto.com/

https://www.facebook.com/excellautogroup

http://websta.me/n/excell_auto

**From:** Kenneth Goodman <ken@interfaceproperties.com>
**Sent:** Monday, December 3, 2018 4:25 PM
**To:** Scott Zankl <scott@excellauto.com>
**Subject:** Wholesale

Scott

Leaving for NYC in the morning. Next Monday I can increase the Note from $1,350,000 to $1,700,000.

The last $300,000 piece I don't know yet. I will know more later this month.

EXHIBIT A

Can we clean up the investment car I took to Calif? I am fine with whatever you believe to be fair.

Regarding rate of return on the money invested……I am hopeful that as the Note increases the return, percentage-wise, will be the same or better. I am always balancing where to invest money—real estate, stock market, Excell. If things decline with the wholesale business(I hope not!!), I will always give you appropriate notice to reduce the Note if needed. <u>Are you still okay with that arrangement</u>?

KG

Kenneth J. Goodman

Interface Properties, LLC

1001 E. Telecom Drive

Boca Raton, FL  33431

561-989-8079(office)

561-441-4780(mobile)

www.interfaceproperties.com

3

**ORDER DENYING DEFENDANTS'**
**OCTOBER 24, 2022 HEARING (D.E. 23 & 32) ON PLAINTIFF'S MOTION FOR**

's ("Defendants" or the "Zankls")

" Hearing")

) on Plaintiff's ,

Affirmative Defense of Usury (the "Summary Judgment Motion")

,

Kenneth J. Goodman ("Goodman") as Trustee of the DCG 2008 Irrevocable Wealth Trust's (the "DCG

Trust")(collectively "Plaintiff"),



502022CA005035XXXXMB   03/19/2023
Maxine Cheesman
Circuit Judge