UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE.

EXCELL AUTO GROUP, INC.                     Case No.: 22-12790-EPK
                                            Chapter 7
Debtor.
_____/

Kenneth J. Goodman, as Trustee
of the DCG 2008 Irrevocable
Wealth Trust,

      Plaintiff,

v.
                                                 (Fla. 15th Judicial Circuit Court
                                                 (Palm Beach) Case No. 50-2022-
                                                 CA-005035-XXXX-MB)

Scott Zankl and Kristen Zankl,

      Defendants.
_____/

Nicole Testa Mehdipour,
as the Chapter 7 Trustee of                 Adv. Case No. 23-01065-EPK
Excell Auto Group, Inc.

      Plaintiff in Intervention,

v.

Kenneth J. Goodman, as Trustee
of the DCG 2008 Irrevocable
Wealth Trust, Scott Zankl and Kristen Zankl,

      Defendants in Intervention.

_____/

**<u>CREDITOR, AND DEFENDANT IN INTERVENTION, KENNETH GOODMAN, AS TRUSTEE OF THE DCG 2008 IRREVOCABLE WEALTH TRUST'S NOTICE OF FILING AND REQUEST FOR THE TAKING OF JUDICIAL NOTICE OF ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT IN PALM BEACH COUNTY CIRCUIT COURT CASE NO. 50-2022-CA-005035-XXXX-MB OF KENNETH J. GOODMAN, AS TRUSTEE OF THE DCG 2008 IRREVOCABLE WEALTH TRUST V. SCOTT ZANKL AND KRISTEN ZANKL</u>**

Creditor, and Defendant in Intervention, Kenneth J. Goodman ("Goodman"), as

Trustee of the DCG 2008 Irrevocable Wealth Trust ("DCG" or the "Trust"), by and through undersigned counsel, hereby:

(a) files the attached Order Granting DCG's Motion for Partial Summary Judgment entered on April 4, 2023 by Palm Beach Circuit Court Judge Maxine Cheesman, within the pending action on a Complaint (the "Zankl Guarantee Complaint") brought by DCG, as Plaintiff, against Debtor's non-debtor principals, Scott Zankl ("Scott") and Kristen Zankl ("Kristen") (collectively the "Zankls"), as Defendants, upon their absolute and unconditional guarantees of Debtor's obligations due and owing to the Trust, in Case No. 50-2022-Ca-005035-XXXX-MB (the "State Court Zankl Guarantee Action"),from which Nicole Testa Mehdipour, as the Chapter 7 Trustee ("Excell"s Chapter 7 Trustee") of Excell Auto Group, Inc.'s  ("Excell", "Debtor" or "Obligor") Complaint in Intervention (the "Intervention Complaint"), was removed to this Bankruptcy Court in this Adversary Case on March 24, 2023, resolving and mooting the subject matter of the Intervention Complaint that Excell's Chapter 7 Trustee sought an advisory opinion on with respect to DCG's then pending Motion for Partial Summary Judgment that at the time of the removal had not yet been decided by the Judge Cheesman, but now has been ruled upon, in favor of DCG, and against the Zankl's on their asserted usury defense, and Excell's Chapter 7 Trustee's attempts to assert usury against DCG as well, and,

(b) requests this Court to

    (i)    take judicial notice[1] of the same, and,

    (ii)    bar Excell's Chapter 7 Trustee's Intervention Complaint, and/ or any objections

---

[1] This Bankruptcy Court may, and DCG asks this Bankruptcy Court to, take judicial notice of the State Court Zankl Guarantee Action, and all of its filing and documents, including the attached Order Granting DCG's Motion for Partial Summary Judgment, under Fed. R. Evid. 201, as official actions of the judicial departments of the State of Florida, records of a court of record of the State of Florida, rules of court of the State of Florida, and are otherwise facts that are not subject to dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.

to DCG's Proofs of Claims[2] on the basis of res judicata and collateral estoppel, based upon the Excell's Chapter 7 Trustee's intervention of herself into the State Court Zankl Guarantee Action, and states that:

1. The Zankls, in the State Court Zankl Guarantee Action, filed their Answer ("Answer") and asserted their First, and only Affirmative Defense of usury (the "Usury Defense")[3], as:

> "As a first affirmative defense, Defendants state that Plaintiff's loan is civilly and/or criminally "USURIOUS" pursuant to Chapter 687, including §687.02(1), ***§687.03***, §687.04, §687.05, §687.06, §687.071, §687.08, §687.125, §687.145 and §687.146, Florida Statutes, and subject to the penalties set forth therein, including loss of interest, payment of double interest, and unenforceability of the Loan Agreement in the Florida courts. ***Interest charged in excess of the legal rate constitutes a usurious loan.***
>
> The elements of a usurious loan are the following:
>
> A. A loan, either expressed or implied;
>
> B. An understanding that the money must be repaid;
>
> C. ***In consideration of the loan, a greater rate of interest than is allowed by law is paid or agreed to be paid by the borrower;*** and,
>
> D. There is an intent to charge a usurious rate, sometimes referred to as corrupt intent."

**The Partial Summary Judgment Motion Against the Usury Defense**

2. Thereafter, on August 26, 2022, DCG, moved, in the State Zankl Guarantee Action,

---

[2] In order to, and so as to, collect upon the Principal Excell Debt Amount owing to it from Debtor, Excell, and its Chapter Bankruptcy Estate, DCG, as a creditor of Excell, exercised its exclusive right and remedy in order to do so under federal bankruptcy law, pursuant to 11 U.S.C. §501(a), and timely filed three Proofs of Claims Nos. 5, 6 & 17 (collectively "DCG's Proofs of Claims") in the Excell Bankruptcy Case, as represented by the various documents supporting the same, that were attached as exhibits to those DCG's Proofs of Claims, and were attached as composite Exhibit E to DCG's Notice of Removal.

[3] The Zankls efiled their Answer and Usury Defense in the Zankl Guarantee Action on June 16, 2022 at Efiling # 151607119. A copy of the Zankls' Answer and Usury Defense, were attached as Ex. C to DCG's Notice of Removal.

pursuant to Fla. R. Civ. P. 1.510, and Fla. Stat. §687.03(4), for partial summary judgment against the Usury Defense (the "Partial Summary Judgment Motion")[4], the hearing of which was heard on October 24, 2022 (the "Partial Summary Judgment Hearing") and at which counsel for Excell's Chapter 7 Trustee first appeared and participated[5].

3. The basis for the Partial Summary Judgment Motion was that despite Defendant, Scott's testimony at his depositions in the Excell Bankruptcy Case, and the State Court Zankl Guarantee Action, that any "profits" paid to DCG by the borrower, Excell, under the agreed upon Transaction Documents with DCG, including the Profit Participation Agreements between DCG and Excell, attached as exhibits to DCG's Proofs of Claims in the Excell Bankruptcy Case, were actually "interest" despite what any of those Loan Documents might say to the contrary, that Fla. Stat. §687.03(4)[6], nonetheless specifically exempts such payments for profits received from the calculation of interest under Florida's Usury Statute, Fla. Stat. Chapter 687, and as a matter of law[7]

---

[4] Efiled in the State Court Zankl Guarantee Action under Efiling # 156231117. A copy of the Partial Summary Judgment Motion, and the exhibits attached thereto, were attached as Ex. D to DCG's Notice of Removal.

[5] Efiled in the State Court Zankl Guarantee Action under Efiling # 159067054 & 159520211.

[6] Fla. Stat. §687.03(4), cited by the Zankls in their Usury Defense, goes on to state in pertinent that:

> "If, as provided in subsection (3), a loan, advance of money, line of credit, forbearance, or other obligation exceeds $500,000, then, for the purposes of this chapter, ***interest on*** that loan, advance of money, line of credit, forbearance, or other obligation ***shall not include*** the value of property charged, reserved, or taken as an advance or forbearance, ***the value of which substantially depends on the success of the venture in which are used the proceeds*** of that loan, advance of money, line of credit, forbearance, or other obligation. … ***[I]nterests in profits***, … are examples of the type of property the value of which ***would be excluded from calculation of interest under the preceding sentence***." (*emphasis added*).

[7] Florida's Third District Court of Appeal, in a case almost exactly on point, in *Bailey v. Harrington*, 462 So. 2d 861, 862 (Fla. 3d DCA 1985), interpreted Fla. Stat. §687.03(4), and stated in pertinent part: "The ***note in question charged an interest rate of*** 24.99% ***which was plainly not usurious as the amount of money loaned herein was in excess of $500,000***. §§ 687.03(1), 687.071, Fla. Stat. (1983). The ***profit participation provision of the loan agreement did not***, as the trial court found, ***charge any additional interest on the loan. It provided that the lender was entitled to share in 43% of the profits, if any, from the construction project which the loan financed***. ***This payment cannot constitute additional interest on the loan as it was not payable at all if no profits were realized from the project***. Indeed, no profits were realized as the project entirely failed and all agree that no payment whatever is due under the profit participation provision. ***Moreover, this profit participation provision is expressly authorized by our usury statutes as not constituting additional interest***, § 687.03(4), Fla. Stat. (1983), ***and has long been approved by well-established principles of usury law***. Schwab v. Quitoni, 362 So.2d 297 (Fla. 3d DCA 1978)." (*emphasis added*). The conclusion

4

defeats the third element of the Usury Defense that "***In consideration of the loan, a greater rate of interest than is allowed by law is paid or agreed to be paid by the borrower;*** ".

4. After the Partial Summary Judgment Hearing the State Court took the Partial Summary Judgment Motion under advisement.

5. However, while counsel for Excell's Chapter 7 Trustee attended the Partial Summary Judgment Hearing on October 24, 2022, Excell's Chapter 7 Trustee, later sought leave from the State Court, on December 8, 2022 to intervene in the State Court Zankl Guarantee Action[8], which leave was granted by way of an Order from the State Court, entered on January 29, 2023[9].

6. The Excell Chapter 7 Trustee advised the State Court that it was nothing more than a neutral observer interested in the outcome of the State Court Zankl Guarantee Action, and was merely seeking a declaratory judgment so as to be bound by the outcome in the State Court Zankl Guarantee Action, and was not merely seeking advice from the State Court. What the Excell Trustee eventually plead in the Intervention Complaint was nothing as such, and was way more than an action by a neutral observer, but rather asserted the Excell Trustee as an active participant in the State Court Zankl Guarantee Action, and taking a clear side on behalf of the Zankls in the State Court Zankl Guarantee Action.

7. On March 7, 2023, Excell's Trustee brought the Intervention Complaint against DCG and the Zankls[10], which on March 24, 2023 DCG removed alone, and not the balance of the

---

reached in *Bailey* has been cited approvingly by Florida's Fourth District Court of Appeal in *Kraft v. Mason*, 668 So. 2d 679, 684 (Fla. 4th DCA 1996), and by Florida's Fifth District Court of Appeal in *Oregrund,* 873 So. 2d at 455-57[7]. Thereafter, the conclusions on this issue reached in both *Bailey* and *Kraft* were cited approvingly by Florida's Supreme Court in *Valliappan v. Cruz*, 917 So. 2d at 259-60.

[8] D.E. 44 in the State Court Zankl Guarantee Action. A copy of the Intervention Motion was attached as Ex. F to DCG's Notice of Removal.

[9] D.E. 54 in the State Court Zankl Guarantee Action. A copy of the Intervention Order was attached as Ex. G to DCG's Notice of Removal. .

[10] D.E. 58 in the State Court Zankl Guarantee Action. A copy of the Intervention Complaint was attached as Ex. A to DCG's Notice of Removal.

State Court Zankl Guarantee Action, to this Bankruptcy Court.

8. A review of ¶¶8-11, 14-25, & 31-34 of the Intervention Complaint reads as if it is, and is nothing more than a disguised, Objection to DCG's Proofs of Claims, and an attempt by the Excell Trustee to exercise the Excell Trustee's avoidance powers under 11 U.S.C. §550 to recover the payments made by Excell to DCG under the Profit Participation Agreements, which are the subject matter of DCG's Proofs of Claims.

9. The Intervention Complaint at ¶2 seeks from the State Court "By this Complaint, the Chapter 7 Trustee seeks *<u>a determination of the parties' respective rights pursuant to the Loan Documents</u>*", which are the very Loan Documents which are the subject matter of DCG's Proofs of Claims Nos. 5 & 6.

10. The Intervention Complaint at ¶3 further seeks from the State Court

> "More specifically, and as more fully set forth herein, *<u>the Chapter 7 Trustee seeks a determination</u>*, inter alia, *<u>that the Loan Documents charge a usurious rate of interest under Florida law, such that: (1) the Loan Documents are invalid; and (2) all payments received by the DCG Trust on account of the Loan Documents must be returned to the Chapter 7 Trustee for the benefit of the estate of Excell Auto Group, Inc. ("Excell"). Further, the Chapter 7 Trustee seeks costs, interest, attorneys' fees, where provided by law, and reserves its right to seek double the amount paid in interest by Excell and/or other exemplary damages as are permitted by Florida law and where supported by the facts</u>*."

11. Furthermore in the Excell Trustee's prayer for relief she seeks

> "WHEREFORE, Plaintiff NICOLE TESTA MEHDIPOUR, Chapter 7 Trustee of the Estate of Excell Auto Group, Inc., respectfully requests that the Court: (a) *<u>Find and declare that the Loans, as reflected in the Loan Documents, charge a usurious rate of interest</u>* as more fully described herein; (b) *<u>Find and declare that the Loans are unenforceable, that the interest charged for the Loans is forfeited, that the Chapter 7 Trustee is entitled to be compensated with double the amount of interest charged, and/or that the Chapter 7 Trustee is entitled to exemplary damages in accordance with the rate charged</u>*; (c) *<u>Find and declare that the Chapter 7 Trustee is entitled her attorneys' fees and litigation costs incurred in the prosecution of this matter</u>*;"

6

12. Thereafter, and after removal of this Intervention Complaint to this Court on March 24, 2023, and before the deadline for Excell's Chapter Trustee had for filing a Motion for Remand of April 14, 2023 had expired, the Partial Summary Judgment Motion was granted by the attached Order of the State Court entered yesterday on April 4, 2023, which states in pertinent that:

> "…Defendants Scott Zankl and Kristen Zankl are the owners of Excell Auto Group, Inc. ("Excell"), a Florida Corporation involved in the transacting of high-end luxury automobiles. As a function of its business, Excell would either locate said vehicles on behalf of customers or bargain with sellers as a wholesale purchaser. On September 18, 2019, Plaintiff contracted with Excell under two promissory notes, the Wholesale Program and the Locate Program. Under the Wholesale Program, Plaintiff financed a principal loan of $1,850,000.00 to Excell, which required Excell to remit payment plus interest to Plaintiff on October 31, 2021. Under the Locate Program, Plaintiff financed a principal payment of $1,020,000.00—later advancing an additional $480,000.00—to Excell, which similarly required Excell to remit payment by a certain date. Moreover, two separate Consolidated Promissory Notes—entered contemporaneously on September 18, 2019—reflect an interest bearing on the Wholesale Program and Locate Program of 1.85%.... On May 24, 2022, Plaintiff instituted this action by the filing of its Complaint, which alleges two counts of breach of contract: Breach of the Wholesale Guaranty (Count 1) and Breach of the Locate Guaranty (Count 2). Defendant filed their "Corrected and Amended Answer and Affirmative Defenses" on December 7, 2022, which raises a single affirmative defense of usury…. As argued in the instant motion, Plaintiff seeks summary judgment on Defendants' affirmative defense of usury on the basis that the interest rates applied to the aforementioned loans were not in excess of the statutory rate. Defendants argue the interest rate applied to the promissory notes was usurious…. the record establishes that the Consolidated Promissory Notes, entered and signed by Defendants on September 18, 2019, contain an interest bearing rate of 1.85%, below the statutory usury rate proscribed in §687.03(1), Fla. Stat.….It is, hereby, ORDERED AND ADJUDGED that Plaintiff's 'Verified Motion, Pursuant to Fla. R. Civ. P. 1.510, and Fla. Stat. §687.03(4), for Summary Judgment Against Defendants, Scott Zankl and Kristen Zankl's First Affirmative Defense of Usury,' filed August 26, 2022, is GRANTED."

13. As a result of having filed the now removed Intervention Complaint, Excell's Chapter 7 Trustee should now be bound by the State Court's Order Granting Partial Summary Judgment on the Usury Defense, in this Bankruptcy Court in any claims objection and/ or adversary proceeding determining the issue of whether the Loans that comprise DCG's Proofs of Claims are usurious under Fla. Stat. §687.03(4), under principles of res judicata and collateral estoppel.

14. Excell's Chapter 7 Trustee chose to engage in forum shopping to avoid this Bankruptcy Court following, and should now be bound by, the uniform precedent on the issue, cited to the

State Court in the Partial Summary Judgment Motion, which rulings as set forth by the United States District and Bankruptcy Courts for the Southern District of Florida, at *Video Trax, Inc. v. NationsBank, N.A.*, 33 F. Supp. 2d 1041, 1055 (S.D. Fla. 1998)(J. Gold) [11]; *In re Transcapital Financial Corporation*, 433 B.R. 900, 907-909 (Bankr. S.D. Fla. 2010) (J. Cristol)[12]; and *Markwood Invs. Ltd. v. Neves (In re Neves)*, 638 B.R. 220, 233 (Bankr. S.D. Fla. 2014)(J. Isicoff)[13], have each interpreted Fla. Stat. §687.03(4) to mean that:

    (a) notes representing cumulative loans in excess of $500,000 that on their face that charge

---

[11] "***Florida courts adhere to Supreme Court precedent, and do not characterize fees received for participating in uncertain transactions as interest for purposes of usury determinations***. *See, e.g., Kraft v. Mason,* 668 So.2d 679, 684 (Fla. 4th DCA 1996). ***Repeatedly, those courts have found that an agreement to pay fees is not usurious when payment depends upon a contingency***. *See, e.g., Bailey v. Harrington,* 462 So.2d 861 (Fla. 3d DCA), *review denied,* 472 So.2d 1180 (Fla. 1985)." (*emphasis added*).

[12] "***Florida law is in accord with the basic proposition that a loan or financing agreement will not be deemed to be usurious when repayment is made subject to the occurrence of a contingency***. *See, e.g., Kraft v. Mason*, 668 So. 2d 679, 684 (Fla. 4th DCA 1996) (citing *Bailey v. Harrington*, 462 So. 2d 861 (Fla. 3d DCA 1985)) ("***A loan agreement is not usurious when payment depends upon a contingency***."); *Valliappan*, 917 So. 2d at 260 (same); *Beausejour Corp. N.V. v. Offshore Dev. Co., Inc.*, 802 F.2d 1319, 1321 (11th Cir. 1986) (citing *Britz v. Kinsvater*, 351 P.2d 986 (Ariz. 1960)) (same); *L'Arbalete*, 474 F. Supp. 2d at 1324 (same).... ***A loan agreement is not usurious when payment depends upon a contingency***. *See, e.g., Bailey v. Harrington*, 462 So.2d 861 (Fla. 3d DCA), *rev. den.*, 472 So.2d 1180 (Fla. 1985), *rev. den. sub nom*, *N-Site Associates v. Harrington,* 472 So.2d 1181 (Fla. 1985); *Schwab v. Quitoni*, 362 So.2d 297 (Fla. 3d DCA 1978). ***Here, when the loan was given, any talk of recovery was pure speculation. Quite possibly, there would be no successful recovery from the anti-trust litigation, and Mason might have collected nothing beyond the payback of the loan. This contingent nature of any "interest" to Mason makes the agreement non-usurious***. ... *Florida Statute § 687.03(4) merely provides that when a loan or financing arrangement includes as part of the consideration to the lender a transfer of property, the value of which "substantially" depends on the success of the venture being financed (e.g., stock or stock options), such property is not counted in calculating the interest on the loan. By way of example, if a lender loans a start-up company $501,000.00 with a stated interest rate of 12%, but also receives stock or stock options in the start-up venture as a part of the consideration for the financing transaction, then the stock options will not be valued in determining whether the de facto interest rate is actually greater than the stated 12% amount.* See *Bailey v. Harrington*, 462 So. 2d 861 (**loan in excess of $500,000 with stated interest rate of 24.99% was not usurious — "profit participation" given by lender as additional consideration was not counted in calculating interest under § 687.03(4)**)." (*emphasis added*).

[13] "[***U]nder Florida law, "[a] loan agreement is not usurious when payment depends upon a contingency***." *Kraft v. Mason,* 668 So.2d 679, 684 (Fla. 4th DCA 1996) (citing *Bailey v. Harrington,* 462 So.2d 861 (Fla. 3d DCA) *rev. denied* 472 So.2d 1180 (Fla.1985) ). *See also In re Transcapital Fin. Corp.,* 433 B.R. 900, 908 (Bankr.S.D.Fla.2010) ("***The fact that repayment of the loan is contingent upon the result of the horse race renders the transaction non-usurious even though the lender stands to potentially earn a 50% return in a single day***"). ***Where the lending party does not know at the outset the total amount it will receive in return for the extension of credit, the ultimate amount received is not conclusive of corrupt intent***. *Kraft,* 668 So.2d at 684. *See also Velletri v. Dixon,* 44 So.3d 187, 189 (Fla. 2d DCA 2010) ("***Whether a transaction is either civilly or criminally usurious is determined at the inception of the loan***")."(*emphasis added*).

less than the highest allowable statutory rate of interest of 24.99%[14] are plainly not usurious under Fla. Stat. §§ 687.03(1) & 687.071,

(b) profit participation provisions of loan agreements do not charge any additional interest on the loan, when they provide that the lender is entitled to share in a large percentage of the profits, if any, from the project which the loan financed since the profit participation payment cannot constitute additional interest on the loan if it was not payable at all if no profits were realized from the project.

(c) profit participation provisions are expressly authorized by Fla. Stat. §687.03(4) as not constituting additional interest, and,

(d) well-established principles of usury law provide that profit participation agreements as a matter of law are merely speculative, uncertain and/ or contingent, and as such do not constitute additional interest in determining whether an unlawful usurious rate of interest has been charged with respect to a loan made in connection with it.

15. By her Intervention Complaint, Excell's Chapter 7 Trustee chose to be bound by the State Court's ruling on the issue of whether the loans at issue were usurious, this Bankruptcy Court should honor that request and bind her to the ruling of the State Court finding those loans to not be usurious under Fla. Stat. §687.03(4).

WHEREFORE, DCG requests this Court enter an Order (i) dismissing Excell's Chapter 7 Trustee's Intervention Complaint as moot, and (ii) barring any objections to DCG's Proofs of Claims[15] on the basis of usury under the principles of res judicata and collateral estoppel, based

---

[14] The Notes, supporting DCG's Proof of Claims Nos. 5 & 6, on their face only charge an annual interest rate of 1.85%.

[15] In order to, and so as to, collect upon the Principal Excell Debt Amount owing to it from Debtor, Excell, and its Chapter Bankruptcy Estate, DCG, as a creditor of Excell, exercised its exclusive right and remedy in order to do so under federal bankruptcy law, pursuant to 11 U.S.C. §501(a), and timely filed three Proofs of Claims Nos. 5, 6 & 17 (collectively "DCG's Proofs of Claims") in the Excell Bankruptcy Case, as represented by the various documents supporting the same, that were attached as exhibits to those DCG's Proofs of Claims, and were attached as composite Exhibit E to DCG's Notice of Removal.

upon the Excell's Chapter 7 Trustee's intervention of herself into the State Court Zankl Guarantee Action, to which she bound herself to the State Court's adjudication on that issue.

Dated:  April 5, 2023  /s/ Ivan J. Reich
Ivan J. Reich (FBN:  778011)
NASON, YEAGER, GERSON, HARRIS
    & FUMERO, P.A.
750 Park of Commerce Blvd, Suite 210
Boca Raton, FL  33487
Tel:  (561) 982-7114
Fax:  (561) 982-7116
Email:  ireich@nasonyeager.com
          msmith@nasonyeager.com
*Attorneys for Creditor, and Defendant in Intervention, the DCG 2008 Irrevocable Wealth Trust*

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on this 5th day of April, 2023, a true and accurate copy of the foregoing has been furnished to the Clerk of the Court using CM/ECF electronic service.  I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and to (a) the Zankls and the Zankls' Counsel via email through the Zankls' Counsel, Harry Winderman, Esq., Weiss, Handler & Cornwell, P.A., 2255 Glades Road, Suite 205E, Boca Raton, Florida 33431, at **HW@whcfla.com**, and (b) the Excell Trustee, and the Excell Trustee's Counsel via email, Michael C. Foster, Esq., Young Foster PLLC, 1600 South Federal Highway, Suite 570 Pompano Beach, Florida 33062, at michael@youngfoster.com,

 /s/  Ivan J. Reich
*Attorneys for Creditor, and Defendant in Intervention, the DCG 2008 Irrevocable Wealth Trust*

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**Kenneth J. Goodman**, as trustee of
the DCG 2008 Irrevocable Wealth Trust,

    Plaintiff,

v.

**Scott Zankl** and **Kristen Zankl**,

    Defendants.
_____/

Civil Division: AJ
Case No.: 50-2022-CA-014037-XXXX-MB

### ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' FIRST AFFIRMATIVE DEFENSE OF USURY

THIS CAUSE comes before the Court on Plaintiff's "Verified Motion, Pursuant to Fla. R. Civ. P. 1.510, and Fla. Stat. §687.03(4), for Summary Judgment Against Defendants, Scott Zankl and Kristen Zankl's First Affirmative Defense of Usury," (D.E. 20) filed August 26, 2022. Defendants contemporaneously filed their Response in Opposition (D.E. 30) on October 11, 2022, followed by Defendants' Memorandum of Law and an Affidavit (D.E. 28). Thereafter, the Court conducted hearings on the aforementioned pleadings on October 24, 2022, and January 6, 2023. The Court has reviewed Plaintiff's Motion, Defendants' Response, the court files, the applicable law, and the arguments presented at the hearings held October 24, 2022, and January 6, 2023, and is otherwise fully informed on the premises.

#### Undisputed Facts

Defendants Scott Zankl and Kristen Zankl are the owners of Excell Auto Group, Inc. ("Excell"), a Florida Corporation involved in the transacting of high-end luxury automobiles. As a function of its business, Excell would either locate said vehicles on behalf of customers or

bargain with sellers as a wholesale purchaser. On September 18, 2019, Plaintiff contracted with Excell under two promissory notes, the Wholesale Program and the Locate Program.

Under the Wholesale Program, Plaintiff financed a principal loan of $1,850,000.00 to Excell, which required Excell to remit payment plus interest to Plaintiff on October 31, 2021. Under the Locate Program, Plaintiff financed a principal payment of $1,020,000.00—later advancing an additional $480,000.00—to Excell, which similarly required Excell to remit payment by a certain date. Moreover, two separate Consolidated Promissory Notes—entered contemporaneously on September 18, 2019—reflect an interest bearing on the Wholesale Program and Locate Program of 1.85%.

On April 8, 2022, Excell entered into Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Florida in Case No. 22-12790-EPK.

On May 24, 2022, Plaintiff instituted this action by the filing of its Complaint, which alleges two counts of breach of contract: Breach of the Wholesale Guaranty (Count 1) and Breach of the Locate Guaranty (Count 2). Defendant filed their "Corrected and Amended Answer and Affirmative Defenses" on December 7, 2022, which raises a single affirmative defense of usury. Subsequently, Plaintiff filed the instant motion, seeking summary judgment on Defendants' usury defense. Defendants responded thereafter with, among other things, an affidavit of Scott Zenkl (hereafter "Scott Zenkl's Affidavit") (D.E. 28), which purports to contain documentation in support of Defendants' usury defense.

Notably, Plaintiff requests the Court take judicial notice of an Agreed Order by the above United States Bankruptcy Court for the Southern District of Florida (D.E. 51), which directs various state court actions, including the above-styled case currently before the Court, to withdraw Scott Zenkl's Affidavit in support of Defendants' affirmative defense of usury.

2

## Summary of Arguments

As argued in the instant motion, Plaintiff seeks summary judgment on Defendants' affirmative defense of usury on the basis that the interest rates applied to the aforementioned loans were not in excess of the statutory rate. Plaintiff further directs the Court to take judicial notice of the decision by the United States Bankruptcy Court for the Southern District of Florida and disregard Defendants' usury defense.

Defendants argue the interest rate applied to the promissory notes was usurious. Absent their affirmative defense of usury, Defendants request judgment in their favor.

## Legal Standard

Summary judgment is appropriate when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Gonzalez v. J.W. Cheatham LLC*, 125 So. 3d 942, 944 (Fla. 4th DCA 2013). Under this standard, "[a] summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985). A motion for summary judgment must be based on "particular parts of materials in the record" that would be admissible at trial. Fla. R. Civ. P. 1.510(c)(1)—(2).

## Analysis

Pursuant to §687.03(1), Fla. Stat., a rate of interest higher than eighteen percent (18%) is usurious. *See* §687.071(2), Fla. Stat. (criminalizing as usury interest rates exceeding twenty-five percent). Defendants argue Plaintiff charged usurious interest rates on the parties' promissory notes and, as support for this contention, Defendants direct the Court to Scott Zenkl's Affidavit (D.E. 28), which contains various financial documentation serving as the basis for Defendants' opposition to Plaintiff's instant motion. However, the Court is unable to address Scott Zenkl's Affidavit and, by extension, the merits of Defendants' opposition to Plaintiff's instant motion. The

Agreed Order entered by the United States Bankruptcy Court for the Southern District of Florida in Case No. 22-12790-EPK on December 9, 2022, (D.E. 51) orders the following measures be taken with respect to multiple state court proceedings currently underway, including the above-styled case, specifically:

> 1. The Zankls, Karma Palm Beach, Karma Broward, and the Zankl Trust (collectively the "State Court Defendants"), by and through their counsel, shall file by Friday, December 9, 2022, (i) dismissals of all counterclaims based upon allegations of usury, (ii) amend each of the prayers for relief and wherefore clauses of each of their affirmative defenses, based upon allegations of usury against the respective Plaintiffs to read no more than "WHEREFORE, Defendant(s) demand Judgment in their favor, and against Plaintiff, on the Complaint asserted against them," and (iii) withdraw any affidavits submitted by Scott [Zankl] asserting recovery by the State Court Defendants for payments made to Plaintiffs by Debtor, Excell, in the following actions pending in the Fifteenth Judicial Circuit in and for Palm Beach County Florida (the "State Court Actions"):

Simply put, the Agreed Order directs the Court disregard Scott Zankl's Affidavit (D.E. 28).

Pursuant to §90.202(6), Fla. Stat., a court may take judicial notice of records of a court of the United States. In doing so, a court must ensure that a judicially-noticed matter "be authoritatively settled and free from doubt or uncertainty." *Makos v. Prince*, 64 So. 2d 670, 673 (Fla. 1953). The Agreed Order has been filed into the record in this case, is admissible into evidence as a public record, and may be properly judicially-noticed. *See Black Point Assets, Inc. v. Fed. Nat'l Mortg. Ass'n (Fannie Mae)*, 220 So. 3d 566, 569 (Fla. 5th DCA 2017) (finding trial court's judicial notice of federal bankruptcy records was proper). Defendants predicated their affirmative defense of usury on the aforementioned Affidavit and its exhibits attached thereto. Absent said supportive documentation, the record establishes that the Consolidated Promissory Notes, entered and signed by Defendants on September 18, 2019, contain an interest bearing rate of 1.85%, below the statutory usury rate proscribed in §687.03(1), Fla. Stat. It is, hereby,

**ORDERED AND ADJUDGED** that Plaintiff's "Verified Motion, Pursuant to Fla. R. Civ. P. 1.510, and Fla. Stat. §687.03(4), for Summary Judgment Against Defendants, Scott Zankl and Kristen Zankl's First Affirmative Defense of Usury," filed August 26, 2022, is GRANTED.

**DONE AND ORDERED** in Chambers in Palm Beach County, Florida.

502022CA005035XXXXMB    04/04/2023
Maxine Cheesman
Circuit Judge

ALL COPIES TO:

| Name | Address | Email |
| --- | --- | --- |
| HENRY BENNETT HANDLER ESQ | 2255 GLADES ROAD SUITE 205-E BOCA RATON, FL 33431 | HBH@WHCFLA.COM; filings@whcfla.com; jn@whcfla.com; hw@whcfla.com; lm@whcfla.com |
| NOAH B. TENNYSON ESQ | 3001 PGA BLVD STE 305 PALM BEACH GARDENS, FL 33410 | NTENNYSON@NASONYEAGER.COM; sjanowitz@nasonyeager.com; creyes@nasonyeager.com; ireich@nasonyeager.com; msmith@nasonyeager.com |