**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**
**www.flsb.uscourts.gov**

In re:                                               Case No. 22-12790-EPK

**EXCELL AUTO GROUP, INC.,**
                                                      Chapter  7

      Debtor.

_____/

**TRUSTEE'S MOTION TO COMPROMISE**
**CONTROVERSY BETWEEN TRUSTEE, NICOLE TESTA MEHDIPOUR,**
**FREDERICK MIDDLETON AND AARON PARKINSON**

> **ANY INTERESTED PARTY WHO FAILS TO FILE AND
> SERVE A WRITTEN RESPONSE TO THIS MOTION
> WITHIN 21 DAYS AFTER THE DATE OF SERVICE
> STATED IN THIS MOTION SHALL, PURSUANT TO
> LOCAL RULE 9013-1(D)(1), BE DEEMED TO HAVE
> CONSENTED TO THE ENTRY OF AN ORDER IN THE
> FORM ATTACHED TO THIS MOTION. ANY SCHEDULED
> HEARING MAY THEN BE CANCELLED.**

Nicole Testa Mehdipour, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of

Excell Auto Group, Inc. (the "Debtor") by and through undersigned counsel, pursuant to Federal

Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this motion (the "9019 Motion")

seeking entry of an order approving the Trustee's proposed compromise between the Trustee,

Frederick Middleton, and Aaron Parkinson, as states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 105(a), of the

Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Local Rule 9019-1.

## **Procedural and Factual Background**

4.      On April 8, 2022 (the "Petition Date"), Excell Auto Group, Inc. ("Excell Auto")
filed a voluntary petition for relief (the "Petition") under Chapter 7 of the Bankruptcy Code[1].

5.      Nicole Testa Mehdipour was appointed as the Chapter 7 Trustee for the Debtor's
estate (the "Estate").

6.      Subsequent to the Petition Date, the Trustee took possession of and secured that
certain 2014 Orange County Custom-Made Ferrari Motorcycle with VIN ending 170885, color
black (the "Ferrari Motorcycle"), which was located in the Debtor's showroom.

7.      Middleton and Parkinson asserted an ownership interest in the Ferrari Motorcycle,
filing a *Motion to Compel Turnover of OCC Custom Enzo Ferrari Themed Bike* (ECF No. 207)
(the "Turnover Motion").

8.      The Trustee asserted that Middleton and Parkinson have no interest in the Ferrari
Motorcycle and filed the Trustee's Response in Opposition to Motion to Compel Turnover of OCC
Custom Enzo Ferrari Themed Bike (ECF No. 207) [ECF No. 231] (the "Trustee's Response").

9.      The Trustee claims that the Ferrari Motorcycle is property of the bankruptcy estate
pursuant to 11 U.S.C. §§ 541 and applicable law.

10.     The Trustee disputes the allegations in the Turnover Motion and in the Trustee's
Response,  asserts that the Ferrari Motorcycle was either commissioned by and delivered to the
Debtor in July of 2014 or the Debtor was gifted the Ferrari Motorcycle with the purpose of using
the Ferrari Motorcycle as part of a raffle to raise money for breast cancer research in or November
2014; that the Ferrari Motorcycle came back into the possession of the Debtor by way of the

---

[1] 11 U.S.C. §§ 101 *et seq.*

successful bidder at the auction for resale; and that the Ferrari Motorcycle was on consignment with the Debtor at the time of the bankruptcy filing.

11.     Middleton and Parkinson dispute the allegations in the Trustee's Response.

12.     Although the Trustee asserts that the Debtor's estate could ultimately prevail in the avoidance and recovery of the Transfer, the Trustee acknowledges that there exist legal obstacles to recover any legal fees incurred by the Debtor's estate in any litigation regarding the Transfer.

13.     Accordingly, to avoid the cost and uncertainty of further litigation, and following good faith negotiations, without in any way conceding the validity or sufficiency of any claim or contention of the Trustee including any or all of the Parties, Trustee, Middleton and Parkinson negotiated a settlement that settles and compromises the dispute as set forth in the Settlement Agreement attached hereto as ***Exhibit A***.

## The Proposed Settlement Agreement[2]

14.     <u>Settlement Terms</u>   In exchange for the release described in Section 5 of this Settlement Agreement, the Parties agree as follows:

    a.   The Parties agree that the Trustee shall employ Document Management Solutions, Inc. ("<u>DMS</u>") as Auctioneer pursuant to 11 U.S.C. §327(a) and Local Rule 6005-1, in connection with a proposed sale of the Ferrari Motorcycle and file a Notice of Proposed Sale of the Ferrari Motorcycle pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 6004-1(D).

    b.   The Trustee shall sell the Ferrari Motorcycle by way of E-Bay Motor's Online Auction Sale (the "<u>Auction Sale</u>"), free and clear of all liens, claims and encumbrances, with liens, claims and encumbrances, to attach to the proceeds of the Auction Sale. The Auctioneer shall run a targeted marketing campaign through social media and through her network of potential bidders, including dealers, in order to gain maximum exposure to the market and obtain maximum recovery for the benefit of the estate and its creditors.

    c.   The Trustee shall seek court approval of the employment of DMS and the Auction Sale.

---

[2] Any discrepancy in the following recitation of the settlement terms should be resolved in favor of those in the Stipulation for Settlement.

d. The Parties further agree that compensation of the Auctioneer in connection with the Auction Sale will be ten percent (10%) return, based on the gross revenue from the sale of the Ferrari Motorcycle and costs will be reimbursed as follows: (1) storage fees in the amount of $300 per month beginning in April 2022, through approval of, and conclusion of the auction; (2) towing fees in the amount of $250.00; and (3) removal from premises/administrative fees in the amount of $ 450.00. "Net Proceeds" shall be calculated as the gross proceeds less the costs of the auction, retrieval, towing, and storage.

e. The Estate, on one hand, and Middleton and Parkinson together, on the other hand, shall split the Net Proceeds 50%-50% from the Auction Sale of the Ferrari Motorcycle (*i.e.,* the Estate shall be entitled to 50% of the Net Proceeds and Middleton and Parkinson together shall be entitled to 50% of the Net Proceeds from the Auction Sale. Upon conclusion of the Auction Sale and the clearance of readily available funds, without further order of the court, the Trustee shall be authorized to remit 50% of the Net Proceeds to Middleton and Parkinson.  As to the allocation of the 50% amount, Middleton and Parkinson shall advise the Trustee and her counsel in writing of the specific allocation as between Middleton and Parkinson, who will indemnify and hold the Trustee and her agents and attorneys, and the Estate harmless as to any liability or claims regarding instructions as to allocation.

f. Middleton and Parkinson shall be entitled to bid on the Ferrari Motorcycle at the auction; however, they are prohibited from credit bidding. In the event that Middleton and/or Parkinson, regardless of whether they bid together or individually, or through an entity,  become the successful bidder of the Auction Sale, such successful bidder shall remit the purchase price in full to the Auctioneer and all settlement terms remain applicable in that event. The Trustee shall then remit 50% of the Net Proceeds as detailed in paragraph 1(e) above.

g. As to the Turnover Motion, the Parties shall submit an Order Granting in Part and Denying in Part and incorporating the terms of the Stipulation.

h. The Settlement Agreement only addresses issues regarding the ownership, sale and disposition of proceeds from the sale of the Ferrari Motorcycle.  All other issues, claims, and causes of action, regardless of whether such issues, claims or causes of action were required or could have been raised are specifically not waived by the Settlement Agreement.

i. Middleton and Parkinson expressly waive any objection to the allowance and allocation of any administrative expense claims sought by the Trustee and the Trustee's professionals in connection with the Ferrari Motorcycle.

## **Relief Requested**

15. The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromise with Middleton and Parkinson as described above and in the attached settlement agreement to this Motion.

4

**Legal Basis and Authority for Relief**

16.     Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

17.     To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

18.     Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891.

19.     The Court must consider the following factors in determining whether to approve the settlement agreement:  (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

20.     Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's

approval of the compromise between the Trustee and Middleton and Parkinson.

21.     Although the Trustee believes that if litigated, the Debtor's estate will be successful in obtaining a substantial judgment against Middleton and Parkinson, any defenses raised could potentially limit the ultimate judgments.

22.     The collectability of any favorable judgment is unlikely to be an obstacle for the Trustee as the Trustee projects that Middleton and Parkinson have sufficient resources to satisfy any potential money judgment.  However, the Trustee asserts that the Debtor's estate may incur litigation and collection costs that may not be recoverable thereby reducing the ultimate amount available for creditors.

23.     Finally, the paramount interests of creditors is also served through this settlement as the settlement provides for the most expedient alternative to maximize the recovery to holders of allowed claims.  Any alternative to the proposed Settlement will require several months of litigation and collection upon any awarded judgment thereby substantially delaying any proposed distributions to creditors.

24.     Accordingly, the Trustee asserts that in her business judgment the settlement is well above the lowest point in the range of reasonableness and satisfies all of the *Justice Oaks* factors,

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of an order, attached hereto as ***Exhibit B***, approving the Trustee's proposed Settlement Agreement attached hereto as ***Exhibit A*** between the Trustee and Middleton and Parkinson.

Dated:  April 10, 2023

Respectfully submitted,

**LAW OFFICE OF NICOLE TESTA MEHDIPOUR, P.A.**
*Counsel for Chapter 7 Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880
Fax: (954) 208-0888

/s/ Nicole Testa Mehdipour
   Nicole Testa Mehdipour
   Florida Bar No. 177271
   Nicole.Mehdipour@ntmlawfirm.com


   -and-

FURR AND COHEN, P.A.
Special Counsel for Trustee
2255 Glades Road, Suite 419a
Boca Raton, Fl 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

By: */s/ Alan R. Crane*
Alan R. Crane
Florida Bar No.: 0963836
E-Mail: Acrane@Furrcohen.Com
Jason S. Rigoli, Esq.
Florida Bar No. 91990
E-mail: jrigoli@furrcohen.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case as indicated below and on the attached service list.

By:  */s/ Nicole Testa Mehdipour*
              Nicole Testa Mehdipour

7

*Served via CM/ECF:*

- **Joaquin J Alemany**    joaquin.alemany@hklaw.com, HAPI@HKLAW.COM
- **Eric N Assouline**    ena@assoulineberlowe.com, ah@assoulineberlowe.com
- **Paul A Avron**    pavron@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com;mmorgan@bergersingerman.com
- **Zachary J Bancroft**    zbancroft@bakerdonelson.com,
  achentnik@bakerdonelson.com,bkcts@bakerdonelson.com
- **Alan Barbee**    abarbee@brileyfin.com
- **Eyal Berger**    eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Charles Wade Bowden**    bowdenw@gtlaw.com
- **Jerrell A Breslin**    jb@jsjb.law
- **Stephen C Breuer**    stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com
- **Alan R Crane**    acrane@furrcohen.com,
  rrivera@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.
  bestcase.com
- **Winston I Cuenant**    winston@cuenantlaw.com,
  drabrams620@gmail.com;cn.ecf.mail@gmail.com;info@cuenantlaw.com;ccyager105@gmai
  l.com
- **Mitchell A Dinkin**    mdinkin@madlegal.net, lucyd@madlegal.net
- **C Craig Eller**    celler@kelleylawoffice.com,
  bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Jay L Farrow**    jay@farrowlawfirm.com
- **Michael Foster**    michael@youngfoster.com, admin@youngfoster.com
- **Travis A Harvey**    tharvey@bakerdonelson.com
- **Dana L Kaplan**    dana@kelleylawoffice.com,
  cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;kelleycr75945@notify.be
  stcase.com;scott@kelleylawoffice.com
- **Amanda Klopp**    amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Philip J Landau**    phil@landau.law,
  plandau@ecf.courtdrive.com;jessica@landau.law;diane@landau.law;dlocascio@ecf.courtdri
  ve.com
- **Dennis J LeVine**    Theresa.Byington@brockandscott.com, wbecf@brockandscott.com
- **Mark A Levy**    mark.levy@brinkleymorgan.com,
  sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com
- **Brett D Lieberman**    brett@elrolaw.com,
  eservice@elrolaw.com;tisha@elrolaw.com;edan@elrolaw.com
- **James Randolph Liebler**    jrlii@lgplaw.com, mkv@lgplaw.com
- **Nathan G Mancuso**    ngm@mancuso-law.com
- **David B Marks**    brett.marks@akerman.com, charlene.cerda@akerman.com
- **Nicole Testa Mehdipour**    nicolem@ntmlawfirm.com,
  cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.co
  m;mehdipournr85783@notify.bestcase.com
- **Nicole Testa Mehdipour**    Trustee@ntmlawfirm.com,
  TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.ne
  t;BCasey@ntmlawfirm.com
- **James B Miller**    bkcmiami@gmail.com

- **Ari Newman**    newmanar@gtlaw.com, perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **John E Page**    jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
- **Eric S Pendergraft**    ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Hampton Peterson**    legalservices@PBCTax.com
- **Jordan L Rappaport**    office@rorlawfirm.com, 1678370420@filings.docketbird.com
- **David A Ray**    dray@draypa.com, simone.draypa@gmail.com,cm_ecf_service@ntmlawfirm.com
- **Ivan J Reich**    ireich@nasonyeager.com, msmith@nasonyeager.com
- **Jason S Rigoli**    jrigoli@furrcohen.com, rrivera@furrcohen.com;staff1@furrcohen.com
- **Ezequiel Joseph Romero**    romeroe@bryancave.com, zeke.romero30@gmail.com
- **Harry J Ross**    hross@hjrlaw.com, jerri@hjrlaw.com
- **Jeffrey J Saunders**    JJS@crarybuchanan.com, rciarsolo@crarybuchanan.com;r65589@notify.bestcase.com
- **John D. Segaul**    john@segaul.com, court@segaulstoll.com;melissa@segaul.com;segaullawfirmpa@jubileebk.net
- **Zach B Shelomith**    zbs@lss.law, info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com
- **Bradley S Shraiberg**    bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
- **Eric J Silver**    esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- **David R. Softness**    david@softnesslaw.com
- **Christian Somodevilla**    cs@lss.law, info@lss.law;cs@ecf.courtdrive.com;mch@lss.law
- **James B Sowka**    jsowka@seyfarth.com, ctholen@seyfarth.com;bankruptcydocket@seyfarth.com;3913483420@filings.docketbird.com
- **Peter D. Spindel**    peterspindel@gmail.com, peterspindelcmecf@gmail.com
- **Mark E Steiner**    MES@lgplaw.com, pm@lgplaw.com
- **Gavin N Stewart**    bk@stewartlegalgroup.com
- **David M Unseth**    dmunseth@bclplaw.com
- **Paul E Wilson**    pwilson@paulwilsonesq.com
- **Harry Winderman**    harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
- **Thomas G Zeichman**    tzeichman@bmulaw.com, G67999@notify.cincompass.com


***Served Via First Class U.S. Mail***:

See attached mailing matrix.

**EXHIBIT A**
**STIPULATION FOR SETTLEMENT**

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between: Nicole Testa Mehdipour, as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the Bankruptcy Estate of Excell Auto Group, Inc. ("Excell Auto" or the "Debtor") and Frederick Middleton ("Middleton") and Aaron Parkinson ("Parkinson") (hereinafter, referred to collectively as the "Parties").

**WHEREAS,** on April 8, 2022, the Debtor filed a voluntary petition for relief under Chapter 7, title 11 of the United States Code (the "Code") in the Southern District of Florida Bankruptcy Court (the "Court"), thereby commencing the bankruptcy case under Case No. 22-12790-EPK (the "Case") and shortly thereafter, the Trustee was duly appointed as the Chapter 7 Trustee responsible for administering the Debtor's estate (the "Estate");

**WHEREAS,** subsequent to the Petition Date, the Trustee took possession of and secured that certain 2014 Orange County Custom-Made Ferrari Chopper with VIN ending 170885, color black (the "Ferrari Motorcycle"), which was located in the Debtor's showroom. *FN*

**WHEREAS,** Middleton and Parkinson asserted an ownership interest in the Ferrari Chopper, filing a *Motion to Compel Turnover of OCC Custom Enzo Ferrari Themed Bike* (ECF No. 207) (the "Turnover Motion"); *AP*

**WHEREAS,** the Trustee asserts that Middleton and Parkinson have no interest in the Ferrari Motorcycle and filed the Trustee's Response in Opposition to Motion to Compel Turnover of OCC Custom Enzo Ferrari Themed Bike (ECF No. 207) [ECF No. 231] (the "Trustee's Response");

**WHEREAS,** the Trustee disputes the allegations in the Turnover Motion;

**WHEREAS,** in the Trustee's Response, the Trustee asserts that the Ferrari Motorcycle was either commissioned by and delivered to the Debtor in July of 2014 and gifted to the Debtor;

**WHEREAS,** Middleton and Parkinson dispute the allegations in the Trustee's Response;

**WHEREAS,** the Court held a Status Conference on November 2, 2022 at 9:30 am [ECF No. 241], and was advised of the general settlement terms;

**WHEREAS,** the Court continued the Status Conference January 25, 2023 [ECF No. 302];

**WHEREAS,** following good faith negotiations, Trustee, Middleton and Parkinson desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of further litigation; and

**NOW THEREFORE,** the Parties agree as follows:

1.      Settlement Agreement Terms  The Parties agree as follows:

a.  The Parties agree that the Trustee shall employ Document Management Solutions, Inc. ("DMS") as Auctioneer pursuant to 11 U.S.C. §327(a) and Local Rule 6005-1, in connection with a proposed sale of the Ferrari Motorcycle and file a Notice of Proposed Sale of the Ferrari Motorcycle pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 6004-1(D).

b.  The Trustee shall sell the Ferrari Motorcycle by way of E-Bay Motor's Online Auction Sale (the "Auction Sale"), free and clear of all liens, claims and encumbrances, with liens, claims and encumbrances, to attach to the proceeds of the Auction Sale. The Auctioneer shall run a targeted marketing campaign through social media and through her network of potential bidders, including dealers, in order to gain maximum exposure to the market and obtain maximum recovery for the benefit of the estate and its creditors.

c.  The Trustee shall seek court approval of the employment of DMS and the Auction Sale.

d.  The Parties further agree that compensation of the Auctioneer in connection with the Auction Sale will be ten percent (10%) return, based on the gross revenue from the sale of the Ferrari Motorcycle and costs will be reimbursed as follows: (1) storage fees in the amount of $300 per month beginning in April 2022, through approval of, and conclusion of the auction; (2) towing fees in the amount of $250.00; and (3) removal from premises/administrative fees in the amount of $ 450.00. "Net Proceeds" shall be calculated as the gross proceeds less the costs of the auction, retrieval, towing, and storage.

e.  The Estate, on one hand, and Middleton and Parkinson together, on the other hand, shall split the Net Proceeds 50%-50% from the Auction Sale of the Ferrari Motorcycle (*i.e.,* the Estate shall be entitled to 50% of the Net Proceeds and Middleton and Parkinson together shall be entitled to 50% of the Net Proceeds from the Auction Sale. Upon conclusion of the Auction Sale and the clearance of readily available funds, without further order of the court, the Trustee shall be authorized to remit 50% of the Net Proceeds to Middleton and Parkinson. As to the allocation of the 50% amount, Middleton and Parkinson shall advise the Trustee and her counsel in writing of the specific allocation as between Middleton and Parkinson, who will indemnify and hold the Trustee and her agents and attorneys, and the Estate harmless as to any liability or claims regarding instructions as to allocation.

f.  Middleton and Parkinson shall be entitled to bid on the Ferrari Motorcycle at the auction; however, they are prohibited from credit bidding. In the event that Middleton and/or Parkinson, regardless of whether they bid together or individually, or through an entity,  become the successful bidder of the Auction Sale, such successful bidder shall remit the purchase price in full to the Auctioneer and all settlement terms remain applicable in that event. The Trustee shall then remit 50% of the Net Proceeds as detailed in paragraph 1(e) above.

g.  As to the Turnover Motion, the Parties shall submit an Order Granting in Part and

Denying in Part and incorporating the terms of the Stipulation.

h. The Settlement Agreement only addresses issues regarding the ownership, sale and disposition of proceeds from the sale of the Ferrari Motorcycle. All other issues, claims, and causes of action, regardless of whether such issues, claims or causes of action were required or could have been raised are specifically not waived by the Settlement Agreement.

2. <u>Waiver of Objections to Allowance of Administrative Expense Claims in Connection with the Ferrari Motorcycle.</u> Middleton and Parkinson expressly waive any objection to the allowance and allocation of any administrative expense claims sought by the Trustee and the Trustee's professionals in connection with the Ferrari Motorcycle.

3. <u>Bankruptcy Court Approval Required.</u> This Agreement is expressly conditioned upon approval of the Bankruptcy Court.

4. <u>Settlement Effective Date</u>. This Settlement Agreement shall become effective on the date when it has been duly executed by all signatories (the "<u>Settlement Effective Date</u>").

5. <u>Middleton and Parkinson Waiver of 502(h) Claim Against Debtor's Estate</u>. Middleton and Parkinson hereby waive any right it may have to file any claim against the Debtor, Estate or Trustee, in connection with the Ferrari Motorcycle pursuant to 11 U.S.C. §502(h).

6. <u>No Admission of Liability.</u> Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and is not intended to be construed as an admission of any liability by either Party.

7. <u>Entire Agreement.</u> This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

8. <u>Voluntary Act</u>. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

9. <u>Attorney Fees.</u> Each Party shall bear its own attorneys' fees and costs relating to the settlement negotiations and the negotiation and execution of this Settlement Agreement.

10. <u>Execution in Counterparts.</u> It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be

executed as of January _____, 2023.

**For Trustee:**

By: _Nicole Mehdipour_

NICOLE TESTA MEHDIPOUR, Chapter 7 Trustee

Date: _3/15/23_

AARON PARKINSON

By: _Aaron Parkinson_

Print Name:_____

Date: 3/13/2023 | 5:22 PM EDT

FREDERICK MIDDLETON
By: _____
Print Name:_____

Date: 3/14/2023 | 1:09 PM PDT

4

**EXHIBIT B**
**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**
**www.flsb.uscourts.gov**

In re:                                                     **Case No. 22-12790-EPK**

**EXCELL AUTO GROUP, INC.,**

                                                          **Chapter 7**

    Debtor.

_____/

**ORDER PURSUANT TO BANKRUPTCY RULE 9019**
**APPROVING COMPROMISE AND SETTLEMENT OF CONTROVERSY**
**BETWEEN TRUSTEE, NICOLE TESTA MEHDIPOUR,**
**FREDERICK MIDDLETON AND AARON PARKINSON**

THIS CAUSE having come before the Court upon the Chapter 7 Trustee's Motion for an

Order Pursuant to Bankruptcy Rule 9019 and Local Rule 9013-1(D) to Approve Compromise and

Settlement of Controversy Between the Chapter 7 Trustee, Frederick Middleton and Aaron

Parkinson (the "Motion") [ECF No.____]; that due and proper notice of the Motion having been

given by the Trustee in accordance with the applicable provisions of the Bankruptcy Code and the

Federal Rules of Bankruptcy Procedure, and that no further notice of the Motion is necessary; and

11

it appearing that the Trustee, Frederick Middleton and Aaron Parkinson, through counsel, have conferred and reached an agreement as to the Ferrari Motorcycle;[3] and the Court having reviewed the Motion, the terms of the Settlement and Stipulation; and the Trustee by submitting this form of order having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the Trustee, a response to the Motion, and that the form of order was attached as an exhibit to the Motion; and upon consideration of the factors set forth in *Wallis v. Justice Oaks II, Ltd.* (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990), the Court finding that the proposed Settlement is fair, reasonable, and in the best interests of the estate; and being otherwise duly advised in the premises, it is hereby:

**ORDERED THAT:**

1.      The Motion is **GRANTED**.

2.      The terms of the Stipulation attached to the Motion as ***Exhibit A*** are approved and incorporated herein in their entirety.

3.      The Trustee, Frederick Middleton and Aaron Parkinson are hereby authorized, bound by, and directed to take any and all actions to effectuate the terms of the Stipulation.

4.      The Court reserves jurisdiction to interpret and enforce the terms of the Stipulation and this Order.

###

**Submitted by:**
Nicole Testa Mehdipour Esquire
LAW OFFICE OF NICOLE TESTA MEHDIPOUR, P.A.
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308

*(Ms. Mehdipour shall serve a copy of the signed Order on all interested parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F)).*

---

[3]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion and/or the Stipulation.

Label Matrix for local noticing
113C-9
Case 22-12790-EPK
Southern District of Florida
West Palm Beach
Mon Apr 10 11:05:40 EDT 2023

Luxury Lease Company LLC
210 Summit Ave,  Suite C4
Montvale, NJ 07645-1500

1001 Clint Moore, LLC
6560 W Rogers Circle
Suite B27
Boca Raton, FL 33487-2746

Ally Bank
P.O. Box 5703
Clearwater, FL 33758-5703

Ally Bank Lease Trust - Assignor to Vehicle
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Ally Bank, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Austin Business Finance, LLC and Xan Myburgh
c/o Eric N. Assouline, Esq.
Assouline & Berlowe, P.A.
100 SE 2nd Street
Suite 3105
Miami, FL 33131-2100

Auto Wholesale of Boca, LLC
6560 W Rogers Circle
Suite B27
Boca Raton, FL 33487-2746

BAL INVESTMENTS, LLC
c/o Zachary J. Bancroft, Esq.
Baker Donelson, et al.
200 S. Orange Ave., Ste. 2900
Orlando, FL 32801-3448

BENIDT INVESTMENTS/SLINGER, LLC
c/o Eric J. Silver, Esq.
150 West Flagler Street
Suite 2200
Miami, FL 33130-1545

Chapford Credit Opportunities Fund LP
c/o Scott Rose, Esq.
201 Broad Street, Suite 500
Stamford, CT 06901-2004

Chapford Specialty Finance LLC
c/o Scott Rose, Esq.
201 Broad Street, Suite 500
Stamford, CT 06901-2004

Columbus Day Finance, LLC
c/o Jordan L. Rappaport, Esq
Rappaport Osborne & Rappaport, PLLC
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

DCG 2008 Irrevocable Wealth Trust
c/o Ivan J. Reich
750 Park of Commerce Blvd, Suite 210
Boca Raton, FL 33487-3611

Daimler Trust
c/o Paul Wilson
1776 N. Pine Island Rd., Suite 308
Plantation, FL 33322-5235

EXCELL Auto Group, Inc.
1001 Clint Moore Road
Suite 101
Boca Raton, FL 33487-2830

Excell Auto Sport and Service, Inc.
c/o Nathan G. Mancuso
7777 Glades Rd., Suite 100
Boca Raton, FL 33434-4150

FVP Investments, LLC, a Delaware limited lia
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
MIami, FL 33131-4332

FVP Opportunity Fund III, LP
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
Miami, FL 33131-4332

FVP Servicing, LLC a Delaware limited liabil
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
Miami, FL 33131-4332

Franklin Capital Funding, LLC
c/o Shraiberg Page, PA
2385 NW Executive Center Dr., #300
Boca Raton, FL 33431-8530

Graves Directional Drilling Inc. a/k/a Grave
c/o Kelley, Fulton, Kaplan & Eller PL
1665 Palm Beach Lakes Blvd.,Ste. 1000
West Palm Beach, FL 33401-2109

Hi Bar Capital, LLC
2111 57th Street
Brooklyn, NY 11204-2081

Integrated Vehicle Leasing, Inc.
c/o Moritt Hock & Hamroff LLP
Attn.: Theresa A. Driscoll, Esq.
400 Garden City Plaza
Garden City, NY 11530-3327

JPMorgan Chase Bank, N.A.
c/o Dennis J. LeVine
4919 Memorial Hwy, Ste 135
Tampa, FL 33634-7510

Karma Automotive, LLC
c/o James B. Sowka
233 South Wacker Drive,, IL 60606

Karma of Broward, Inc.
c/o Weiss Handler & Cornwell, PA
2255 Glades Road
Suite 205E
Boca Raton, FL 33431-7391

Karma of Palm Beach, Inc.
c/o Weiss, Handler & Cornwell, PA
2255 Glades Road, Suite 205E
Boca Raton, FL 33431-7391

MMS Ultimate Services, Inc.
7241 Catalina Isle Drive
Lake Worth, FL 33467-7746

Mercedes Benz Financial Services USA, LLC.
14372 Heritage Parkway
Fort Worth, TX 76177-3300

Milco Atwater, LLC
c/o Eyal Berger
201 Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Millco Atwater, LLC
201 E Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Palm Beach County Tax Collector
c/o Hampton Peterson Esq
POB 3715
West Palm Beach, FL 33402-3715


Prestige Luxury Cars, LLC
c/o Thomas G. Zeichman
2385 Executive Center Drive, Suite 250
Boca Raton, FL 33431-8511

Quad Funding Partners, LLC
Attn: Eric Nicholsberg
3303 W. Commercial Blvd #190
Fort Lauderdale, FL 33309-3412

Road Rich, LLC d/b/a Road Rich Motors
c/o Kelley, Fulton, Kaplan & Eller PL
1665 Palm Beach Lakes Blvd., Ste. 1000
West Palm Beach, FL 33401-2109


Savannah Row Development Company, LLC
c/o M.A. Dinkin Law Firm, P.L.L.C.
3319 SR 7, Suite 303
Wellington, FL 33449-8147

Shrayber Land, Inc.
c/o Joaquin J. Alemany, Esq.
HOLLAND & KNIGHT LLP
701 Brickell Ave., Suite 3300
Miami, FL 33131-2898

Tulocay Farm, Inc.
c/o Peter Spindel, Esq., P.A.
POB 835063
Miami, FL 33283-5063


United Community Bank d/b/a Seaside Bank and
Crary Buchanan, P.A.
759 SW Federal Highway
Suite 106
Stuart, FL 34994-2972

Westlake Flooring Company, LLC
c/o Liebler Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL 33130-1808

Westlake Services, LLC
c/o Liebler Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL   33130-1808


Woodside Credit, LLC
c/o Zach B. Shelomith, Esq.
2699 Stirling Rd # C401
Fort Lauderdale, FL 33312-6598

1001 Clint Moore, LLC
c/o James B. Miller, P.A.
19 West Flagler Street, Suite 416
Miami, FL 33130-4419

22 Capital
1900 Glades Road
Suite 540
Boca Raton, FL 33431-7378


A&A Publishing Corp d/b/a The Boca Raton Obs
7700 Congress Avenue Ste 3115
Boca Raton, FL 33487-1357

AJA Realty
16850 Charles River Drive
Delray Beach, FL 33446-0010

AMEX TRS Co., Inc.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701


Aaron Parkinson
1361 SW 21st St
Boca Raton, FL 33486-6646

Aaron Parkinson
Frederik Middleton
1361 SW 21st St
Boca Raton, FL 33486-6646

Alpine Business Capital
99 Wall Street
New York, NY 10005-4301


Auto Wholesale Boca
6560 West Rogers Circle
Suite B27
Boca Raton, FL 33487-2746

Auto Wholesale of Boca, LLC
c/o James B. Miller, P.A.
19 West Flagler Street, Suite 416
Miami, FL 33130-4419

BAL Investments
1114 Ashton Trace
Atlanta, GA 30319-2681


Chad Zakin
c/o Mark A. Levy, Esq.
Brinkley Morgan
100 SE Third Ave, 23rd Floor
Fort Lauderdale, FL 33394-0002

Chapford Specialty Finance LLC
c/o James C. Moon, Esquire
Meland Budwick, P.A.
200 S. Biscayne Blvd., Ste 3200
Miami, FL 33131-5323

DCG 2008 Irrevocable Wealth Trust
c/o Kenneth J. Goodman, as Trustee
1001 East Telecom Drive
Boca Raton, FL 33431-4422


DCG Trust
c/o Kenny Goodman
1928 Thatch Palm Drive
Boca Raton, FL 33432-7457

David Amsel
c/o Breuer Law, PLLC
6501 Congress Ave., Ste. 240
Boca Raton, FL 33487-2840

(c)EAG WHOLESALE, LLC/OLP EAG, LLC
C/O SIMON & SIGALOS, LLC
3839 NW 2ND AVE STE 100
BOCA RATON FL  33431-5862

Ed Brown
152 Bears Club Drive
Jupiter, FL 33477-4203

Edvard Dessalines
6160 Kelty Way
Lake Worth, FL 33467-6117

Edward M. Brown
c/o Brett Marks, Esquire
Akerman LLP
201 East Las Olas Blvd.
Suite 1600
Fort Lauderdale, Florida 33301-4439

FVP Opportunity Fund III LP
c/o David Softness, Esq.
201 S. Biscayne Blvd, Suite 2740
Miami, FL 33131-4332

FVP Opportunity Fund III, LP
c/o David Softness, Esq.
201 S. Biscayne Blvd.
Suite 2740
Miami, FL  33131
david@softnesslaw.com  33131-4332

Fedex Corporate Services Inc
3965 Airways Blvd, Module G, 3rd Floor
Memphis, TN 38116-5017

First Citizens Bank & Trust Comapny
PO Box 593007
San Antonio, TX 78259-0200

Franklin Capital Funding, LLC
c/o Bradley S. Shraiberg, Esq.
2385 NW Executive Center Dr., #300
Boca Raton, FL 33431-8530

Frederick Hall
200 N. Palm Ave
Indialantic, FL 32903-5051

Geoffrey Thomas Keable
Lawrence A. Caplan, P.A.
1375 Gateway Blvd
Boynton Beach, FL 33426-8304

Get Backed
2101 Interstate 35
4th Floor
Austin, TX 78741-3800

Graves Directional Drilling Inc.
c/o Kelley, Fulton, Kaplan & Eller, PL
1665 Palm Beach Lakes Blvd., Ste 1000
West Palm Beach, FL 33401-2109

Green Bucket Investments
Aaron Parkinson
6700 N Andrews Ave 3 Fl
Ft Laud., FL 33309-2204

Haley Walker
c/o Olive Judd, P.A.
2426 East Las Olas Blvd.
Fort Lauderdale, FL 33301-1573

IPFS Corporation
30 Montgomery Street
Suite 501
Jersey City, NJ 07302-3821

Integrated Vehicle Leasing Inc.
Theresa A. Driscoll
Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, NY 11530-3327

Jack Brennan
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Orlando, FL 32801-2798

Jack Brennan
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Orlando, FL 32801-2741

Johnie Floyd Weems, III
1199 S. Federal Highway, Suite 423
Boca Raton, FL 33432-7335

Karma Palm Beach Inc. & Karma of Broward Inc
c/o Harry Winderman, Esq.
Weiss, Handler & Cornwell, PA
2255 Glades Road, Suite 205E
Boca Raton, FL 33431-7392

Karma of Palm Beach Inc. & Karma of Broward
c/o Harry Winderman, Esq.
Weiss, Handler & Cornwell, PA
2255 Glades Road, Suite 205E
Boca Raton, FL 33431-7392

Lillian Roberts
6360 NW 42nd Avenue
Coconut Creek, Florida 33073
Coconut Creek, FL 33073-3262

MXT Solutions, LLC
2101 Interstate 35, 4th Floor
Austin, TX 78741-3800

Mike Halperin
5820 Harrington Way
Boca Raton, FL 33496-2511

Mike Halperin
c/o Philip J. Landau, Esq.
3010 N. Military Trail, Suite 318
Boca Raton, FL 33431-6300

Millco-Atwater, LLC
c/o D. Brett Marks, Esquire
201 East Las Olas Blvd. - Suite 1800
Fort Lauderdale, Florida 33301-4442

Moshe Farache and
MMS Ultimate Services, Inc.
c/o James B. Miller, P.A.
19 West Flagler Street, Suite 416
Miami, FL 33130-4419

(c)OLP EAG, LLC
C/O SIMON & SIGALOS, LLP
3839 NW 2ND AVE STE 100
BOCA RATON FL  33431-5862

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Parkview
400 Main Street
Stamford, CT 06901-3000

(c)PEAK FINANCE, LLC
C/O SIMON & SIGALOS, LLP
3839 NW 2ND AVE STE 100
BOCA RATON FL  33431-5862

Phil Gori
195 W. Alexander Palm Road
Boca Raton, FL 33432-8602

Prestige Luxury Cars, LLC
70 SE 4TH AVE
DELRAY BEACH, FL 33483-4514

Prestige Luxury Motors
4301 Oak Circle
Suite 25
Boca Raton, FL 33431
Shrayber Land
15700 Dallas Parkway  33431-4258

Richard Applegate
c/o Jordan L. Rappaport
1300 N. Federal Hwy #203
Boca Raton, FL 33432-2848

Savannah Row
30 SE 15th Avenue
Boca Raton, FL 33432

Shrayber Land
15700 Dallas Parkway, Suite 11
Dallas, TX 75248-3306

Spin Capital
1968 S. Coast Highway
Suite 5021
Laguna Beach, CA 92651-3681

Stefano Riga
c/o Jordan L. Rappaport
1300 N. Federal Hwy Suite 203
Boca Raton, FL 33432-2848

Stephen Breuer
Breuer Law, PLLC
6501 Congress Avenue
Suite 240
Boca Raton, FL 33487-2840

TBF
333 River Street
Hoboken, NJ 07030-5856

TVT
1407 Broadway
New York, NY 10018-5100

TVT Direct Funding LLC
65 West 36th Street, Floor 12
New York, NY 10018-7935

The Gori Family  Limited Partnership
c/o D. Brett Marks, Esquire
Akerman LLP
201 East Broward Blvd.
Suite 1800
Fort Lauderdale, Florida 33301

Theresa A. Driscoll
Moritt Hock & Hamroff
400 Garden City Plaza
Garden City, NY 11530-3327

Timothy Olesijuk
c/o John D. Segaul, Esq.
300 S. Pine Island Rd #304
Plantation FL 33324-2621

United Community Bank d/b/a Seaside Bank and
Crary Buchanan, P.A.
759 S.W. Federal Highway, Suite 106
Stuart, FL 34994-2972

United Healthcare Insurance Company
Attn CDM/Bankruptcy
185 Asylum St-03B
Hartford CT 06103-3408

Wing Lake Capital Partners
32300 Northwestern Highway
Suite 200
Farmington Hills, MI 48334-1501

Aaron Parkinson
c/o Jordan L. Rappaport Esq
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Alan Barbee
1400 Centerpark Blvd Suite 860
Suite 860
West Palm Beach, FL 33401-7421

Alexey Alekseyevich Gorodova
1100 S Miami Avenue
Apt 1210
Miami, FL 33130-4164

Andrew Greenberg
c/o Jordan L Rappaport
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Andrew Todd McNeill
c/o Paid A. Avron
201 E. Las Olas Boulevard, Suite 1500
Fort Lauderdale, FL 33301-4439

Bradley Skorepa
c/o Brett D. Lieberman
20200 W. Dixie Hwy, Suite 905
Miami, FL 33180-1926

C. Wade Bowden
777 S. Flagler Drive, Suite 300
West Palm Beach, FL 33401-6167

Carina Avila
DMS Inc
4701 SW 51st St
Davie, FL 33314-5503

Chad Zakin
c/o Mark A. Levy
100 SE Third Avenue, 23rd Floor
Fort Lauderdale, FL 33394-0002

Christopher Todd Bludworth
c/o Paid A. Avron
201 E. Las Olas Boulevard, Suite 1500
Fort Lauderdale, FL 33301-4439

David Amsel
c/o Breuer Law, PLLC
6501 Congress Avenue
Suite 240
Suite 240
Boca Raton, FL 33487-2840

David Unseth
211 North Broadway, Suite 3600
St. Louis, MO 63102-2726

Edvard Dessalines
c/o John E. Page
2385 NW Executive Center Dr, Suite 300
Boca Raton, FL 33431-8530

Edward Brown
c/o Eyal Berger
201 Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Frederick Hall
Cuenant & Pennington P.A.
c/o Winston Cuenant
101 NE 3rd Avenue
Suite #1500
Fort Lauderdale, FL 33301-1181

Frederick Middleton
c/o Jordan L. Rappaport Esq
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Harry Winderman
Harry Winderman, ESQ.
2255 Glades Road
Suite 205e
Boca Raton, FL 33431-7391

John Wittig
c/o Eyal Berger
201 Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Kristen Zankl
16937 Pierre Circle
Delray Beach, FL 33446-3693

Michael Halperin
c/o Philip Landau
Landau Law, PLLC
3010 N. Military Trail
Suite 318
Boca Raton, FL 33431-6300

Moshe Farache
6560 W. Rogers Circle Suit B27
Boca Raton, FL 33487-2746

(p)NICOLE TEST MEHDIPOUR
6278 NORTH FEDERAL HIGHWAY SUITE 408
FORT LAUDERDALE FL 33308-1916

Philip T. Gori
c/o Eyal Berger
201 Las Olas Blvd #1800
Fort Lauderdale, FL 33301-4442

Richard Applegate
c/o Jordan L. Rappaport
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, FL 33432-2801

Richard Greenberg
c/o Jordan L Rappaport
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Scott Zankl
16937 Pierre Circle
Delray Beach, FL 33446-3693

Stefano Riga
c/o Jordan L. Rappaport, Esq
1300 N Federal Hwy, Ste 203
Boca Raton, FL 33432-2848

Steven Graves
c/o Kelley, Fulton, Kaplan & Eller PL
1665 Palm Beach Lakes Blvd., Ste. 1000
West Palm Beach, FL 33401-2109

Svetlana Petrovna Gorodova
1100 S Miami Avenue
Apt 1210
Miami, FL 33130-4164

Tarek Aboualazzm
c/o Jordan L. Rappaport, Esq
1300 N Federal Hwy, Ste 203
Boca Raton, FL 33432-2848

Tim Olesijuk
c/o John D. Segaul
300 S. Pine Island Road, Suite 304
Plantation, FL 33324-2621

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Nicole Testa Mehdipour
United States Bankruptcy Trustee
6278 North Federal Highway Suite 408
Ft Lauderdale, FL 33308

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

```
EAG Wholesale, LLC/OLP EAG, LLC        OLP EAG, LLC                         Peak Finance, LLC
c/o Simon & Sigalos, LLC               c/o Simon & Sigalos, LLP             c/o Simon & Sigalos, LLP
3839 NW Boca Raton Blvd. #100          3839 NW Boca Raton Blvd. #100        3839 NW Boca Raton Blvd #100
Boca Raton, FL 33431                   Boca Raton, FL 33431                 Boca Raton FL 33431
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)West Palm Beach                     (d)Graves Directional Drilling, Inc.   (d)Moshe Farache and MMS Ultimate Services, I
                                       c/o Kelley, Fulton, Kaplan & Eller, PL  c/o James B. Miller, P.A.
                                       1665 Palm Beach Lakes Blvd., Ste 1000   19 West Flagler Street, Suite 416
                                       West Palm Beach, FL 33401-2109          Miami, FL 33130-4419


(u)Parkinson Holdings LTD              (u)Parkinson Super Pty LTD              (d)Savannah Row Development Company, LLC
c/o Aaron Parkinson                    c/o Aaron Parkinson                     c/o M.A. Dinkin Law Firm, P.L.L.C.
19 Oatland Esp, Unit 26                19 Oatland Esp, Unit 26                 3319 SR 7, Suite 303
Runaway Bay QLD 4216                   Runaway Bay QLD 4216                    Wellington FL 33449-8147


(d)Shrayber Land, Inc.                 (d)Woodside Credit, LLC                 (u)Johnie Floyd Weems, III
c/o Joaquin J. Alemany, Esq.           c/o Zach B. Shelomith, Esq.
Holland & Knight LLP                   2699 Stirling Rd # C401
701 Brickell Ave., Suite 3300          Fort Lauderdale, FL 33312-6598
Miami, FL 33131-2898


End of Label Matrix
Mailable recipients   139
Bypassed recipients     9
Total                 148
```