UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.,                    Case No. 22-12790-EPK
                                            Chapter 7

      Debtor.

_____/

## NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF <u>PREMISES IN A BANKRUPTCY PROCEEDING</u>

Michael Halperin, by and through undersigned counsel, hereby gives notice that pursuant to Federal Rules of Civil Procedure Rule 45(a)(4), the Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, will serve the attached subpoena upon Nicole Testa Mehdipour, as Trustee in Bankruptcy for Excell Auto Group, Inc., on April 11, 2023 or as soon thereafter as service can be effected.

## <u>ATTORNEY CERTIFICATION</u>

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on the 11th day of April 2023.

Respectfully submitted,

**LANDAU LAW, PLLC**
Counsel for Michael Halperin
3010 N. Military, Suite 318
Boca Raton, Florida 33431
Telephone: 561-443-0802
Email: phil@landau.law

By: /s/ *Philip Landau*
        Philip Landau
        Florida Bar. No. 0504017

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:

EXCEL AUTO GROUP, INC.,                           Case No.: 22-12790-EPK
                                                   Chapter 7

        Debtor.

_____/

## SUBPOENA FOR TRUSTEE RULE 2004 EXAMINATION

To:   NICOLE TESTA MEHDIPOUR, TRUSTEE
      c/o Furr & Cohen, P.A.
      2255 Glades Road, Suite 419A
      Boca Raton FL 33431

☐ *Testimony:* **Document request only**

| PLACE | DATE AND TIME |
|---|---|
| **LANDAU LAW, PLLC**<br>**ATTN:  PHILIP LANDAU**<br>**3010 N. MILITARY TRAIL, SUITE 318**<br>**BOCA RATON FL 33431** | **APRIL 25, 2023 at 5:00 p.m.** |

The examination will be recorded by this method:  **N/A**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        **SEE ATTACHED EXHIBIT A**

_____

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 11, 2023

                CLERK OF COURT

                                              OR      */s/ Philip Landau*
        _____            _____
        *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

_____

The name, address, email address, and telephone number of the attorney representing **Michael Halperin,** who issues or requests this subpoena is: **Philip Landau, Esq., 3010 N. Military Trail, Suite 318, Boca Raton FL 33431**

_____
### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

{5009 / 001 /00539336}

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms are defined as indicated:

A.      The words "**and**" and "**or**" should be construed as conjunctively or disjunctively to the extent necessary to render each Request as broad and inclusive as reasonably possible.

B.      The term "Brown" shall mean or refer to defendant Edward Brown and to any of his agents, partners, affiliates, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on his behalf.

C.      The "Brown Claim" shall mean or refer to Brown's Counterclaim and third party claim in the State Lawsuit, dated October 10, 2022.

D.      The term "Communication" means Documents transmitted through any manner or means of disclosure, transfer, or exchange of information, whether in person, by telephone, text messages, mail, electronic mail, personal delivery or otherwise.

E.      The "Complaint" shall mean or refer to the Complaint in the State Lawsuit, dated August 24, 2022.

F.      "Document" shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including, but not limited to, any printed, written, recorded, taped, **electronic**, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, video tape, audio tape, telex communications, text messages, cables, notes, notations, greeting cards, papers, newsletters, memoranda, inter-office communications, **electronic mail**,

1

releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations,  meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or unconcealed checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents. **The term "Document" also means any and all computer records, data and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files.**

       G.      "Excell" shall mean or refer to Excell Auto Group, Inc. and to its agents, partners, subsidiaries, parent companies, directors, officers, managers, affiliates, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on his behalf.

       H.      "Halperin" shall mean or refer to the Plaintiff, Michael Halperin, and to his agents, partners, subsidiaries, parent companies, directors, officers, managers, affiliates, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on his behalf.

       I.       "Ilusso" shall mean or refer to Ilusso, LLC and/or Donald Gath, and their agents, partners, subsidiaries, parent companies, directors, officers, managers, affiliates, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on his behalf.

2

J.      "Ivis" shall mean or refer to Ivis Auto Group, LLC d/b/a CarPoint Auto Group and to its agents, partners, subsidiaries, parent companies, directors, officers, managers, affiliates, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on his behalf.

K.      "Karma" refer to Karma of Palm Beach, Inc. and to its agents, partners, subsidiaries, parent companies, directors, officers, managers, affiliates, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on its behalf, including without limitation, Zankl.

L.      "Person" shall mean or refer to any individual or any legal entity or partnership, or any grouping of individuals or legal entities.

M.      "Quick Shift" shall mean or refer to Quick Shift Capital, LLC, Gavriel Green and/or Zachary Green and their agents, partners, subsidiaries, parent companies, directors, officers, managers, affiliates, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on their behalf.

N.      The words "Relate To" or "Relating To" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

O.      The State Lawsuit shall mean or refer to the lawsuit styled <u>Halperin v. Brown v. Karma of Palm Beach Inc.</u>, Case No. 50-2022-CA-008259-XXXX-MB (P.B. Cty., Fla. Cir. Ct.).

P.      The "Vehicle" shall mean or refer to the 2021 Ferrari SF90 Stradale with vehicle identification number ZFF95NLA7M0265077 that is the subject of the Complaint.

Q.      "You" and "Your" refer to Nicole Testa Mehdipour, in her role as Trustee for Excell, and to her agents, partners, subsidiaries, parent companies, directors, officers, managers,

affiliates, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on her behalf in her role as Trustee for Excell.

      R.     "Zankl" shall mean or refer to Scott Zankl and to any of his agents, partners, affiliates, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on his behalf.

      S.     The following words shall have the following meanings:

      a.   The word "all" means "any and all."

      b.   The word "any" means "any and all."

      c.   The word "including" shall mean "including but not limited to."

## DOCUMENTS REQUESTED

1. All Documents Relating To the Vehicle, including without limitation:

    a. purchase or sale of the Vehicle to or from Karma or any other Person;
    b. certificates of title;
    c. applications for title, whether in Karma's name or in someone else's name, in any state;
    d. registration of the Vehicle; and/or
    e. evidence of taxes paid.

2. All Communications Relating to the Vehicle with:

    a. Brown;
    b. Excell;
    c. Zankl;
    d. Ivis;
    e. Halperin;
    f. Quick Shift;
    g. Ilusso;
    h. any dealer in California;
    i. any dealer in Colorado;
    j. The State of Florida and any of its departments or divisions, including without limitation, its Department of Motor Vehicles.
    k. The State of California and any of its departments or divisions, including without limitation, its Department of Motor Vehicles.

4

l.  The State of Colorado and any of its departments or divisions, including without limitation, its Department of Motor Vehicles.

3.  Copies of all Documents submitted to any State Relating To an application for title or registration of the Vehicle.

4.  All Documents Relating To transfer of the Vehicle to:
    a.  Colorado;
    b.  California;
    c.  Montana; and/or
    d.  Florida

5.  All photographs, videos or any other graphic matter depicting the condition of the Vehicle at any time.

6.  All Documents, including without limitation, Communications, Relating To the $865,000 check to Halperin that is the subject of Paragraph 19 of the Complaint.

7.  All Communications with any Person Relating To Halperin.

8.  Documents sufficient to identify all vehicles in the possession of Excell or Karma that Brown drove between January 1, 2020 and the present.

9.  Documents sufficient to identify all vehicles in the possession of Excell or Karma that Brown purchased between January 1, 2020 and the present.

10. Documents Relating To Brown's allegation in Paragraph 13 of the Brown Claim that Zankl advised Brown "that he had the Vehicle . . . and offered to sell it to him."

11. All Communications Relating To the alleged agreement that is the subject of Paragraph 19 of the Brown Claim.

12. All Documents Relating To the 2019 Ferrari Pista that is the subject of Paragraph 5 of the Brown Claim, including without limitation:

    a.  any certificates of title;
    b.  any certificates of registration;
    c.  all contracts or other agreements; and/or
    d.  all Communications.

13. All Documents Relating To the financing that is the subject of Paragraph 7 of the Brown Claim, including without limitation:

5

    a.  evidence of monies paid or distributed, including without limitation, evidence of the recipient of funds;

    b.  evidence of monies repaid;

    c.  all Documents Related To the financing; and/or

    d.  all Communications Related To the financing.

14. All Documents Relating To the Bank of America account that is the subject of Paragraph 10 of the Brown Claim, including without limitation, all credits, debits, deposits, withdrawals and/or payments into or out of that account.

15. All Documents Relating To the check that is the subject of Paragraph 11 of the Brown Claim, including without limitation, any evidence that the check was negotiated or deposited.

16. All Documents Relating To Brown's allegation that "Halperin was . . . paid $429,300," including without limitation, any evidence that Halperin ever received any portion of that sum from any Person, and evidence as to what the purported $429,300 payment related.

17. All Documents Relating to Brown's allegation in Paragraph 12 of the Brown Claim that, "on or before November 2021, Halperin entrusted the Vehicle to Karma to resell."

18. To the extent not otherwise requested within these Requests, all Documents Relating To the Communication from Zankl to Brown that is the subject of Paragraph 13 of the Brown Claim.

19. All Documents Relating To the white Sf90 that is the subject of Paragraph 14 of the Brown Claim, including without limitation, evidence of all consideration that Brown paid for the white sf90, to whom it was paid, and all transaction documentation.

20. All Documentation Related To the titling of the white Sf90.

21. All Documents Relating To the December 16, 2021 agreement that is the subject of Paragraph 19 of the Brown Claim, including without limitation, all Communications Relating To that alleged agreement.

22. All Documents Relating To the $230,000 payment that is the subject of Brown's allegations in Paragraph 21 of the Brown Claim.

23. All Documents Relating To the $865,000 check that is the subject of Paragraph 23 of the Brown Claim, including without limitation, any evidence that Halperin ever possessed the referenced check, attempted to negotiate it or knew about its existence at any time prior to when it was tendered for deposit into Halperin's account.

24. All Communications Relating To the check that is alleged in Paragraph 23 of the Brown Claim.

25. All Documents Relating To the titling of the Vehicle.

26. All Documents Relating To the ownership of the Vehicle.

27. All Documents Relating to display of the Vehicle at the "Exotics on Las Olas" show in November 2021, including without limitation, all Communications.

28. All Documents Relating To the Vehicle that Karma sent to the Florida Department of Motor Vehicles.

29. All Documents Relating To taxes paid by Karma for transactions Relating To the Vehicle or the Ferrari Pista identified in Paragraph 8 of the Brown Claim.

30. All Documents Relating To taxes due or paid by any Person other than Karma Relating To the Vehicle.

31. All Documents Relating To consideration that Brown paid to Karma for the Vehicle.

32. All sworn statements, including without limitation, testimony, by Karma or Zankl, in which either Karma or Zankl provided information Relating To the Vehicle.

33.  All sworn statements, including without limitation, testimony, by Karma or Zankl, in which Karma or Zankl provided information Relating To Halperin.

34. All Documents, including without limitation, Communications, Relating To proposed or actual transactions Relating To the Vehicle with Quick Shift.

35. All Documents, including without limitation, Communications, Relating To proposed or actual transactions Relating To the Vehicle with Ilusso.

36. The originals of the Documents attached jointly hereto as **Composite Exhibit A**.

37. All Communications Relating To the Documents attached jointly hereto as **Composite Exhibit A** and/or to the transactions represented by those Documents.

38. Evidence of any consideration that Karma may claim to have paid to Halperin Related To the Vehicle, including, without limitation, any evidence that Halperin received any alleged consideration.

EXHIBIT A

 

KARMA | PALM BEACH

1001 CLINT MOORE RD. STE 103 BOCA RATON, FL 33487
FFICE 561.998.5557   FAX 561.998.4703

KARMA
BROWARD | PALM BEACH
EXCELL AUTO GROUP

## PURCHASE AGREEMENT

SALES PERSON ___SCOTT_____

DATE __12_/ _16_/ _21_

PURCHASER:    KARMA PALM BEACH
ADDRESS:      1001 CLINT MOORE RD #103
              BOCA RATON, FL 33487

OWNER/SELLER ___MICHAEL PETER HALPERIN_____

ADDRESS ___5258 PRINCETON WAY, BOCA RATON, FL 33496_____

PHONE _____  EMAIL: _____

CO-OWNER/CO-SELLER ___N/A_____

ADDRESS ___N/A_____

---

**VEHICLE DESCRIPTION:**

YEAR ____2021_____

COLOR ___BLACK_____

MAKE ___FERRARI_____

MILEAGE _____

MODEL ___SF90 STRADALE_____

VIN ___ZFF95NLA7M0265077_____

BODY TYPE ___2DR_____

PURCHASE PRICE $ ___865,000.00_____

---

IT IS AGREED THAT THE OWNER(S)/SELLER(S) WILL FURNISH KARMA PALM BEACH A FREE AND CLEAR TITLE.

_____
Karma Palm Beach

_____
Owner/Seller Signature

_____
Co-Owner/Co-Seller Signature



FORM BFA-103   TO REORDER CALL:
GREAT AMERICAN 1-800-231-0329

MICHAEL PETER HALPERIN
_____
CUSTOMER'S NAME                                    STOCK NO.

## ODOMETER DISCLOSURE STATEMENT

*Federal law (and state law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.*

I, MICHAEL PETER HALPERIN
                                                    (transferor's name, Print)

state that the odometer now reads _____ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING - ODOMETER DISCREPANCY.

| MAKE | MODEL | BODY TYPE |
|------|-------|-----------|
| FERRARI | SF90 STRADALE | 2DR |

| VEHICLE IDENTIFICATION NUMBER | YEAR |
|-------------------------------|------|
| ZFF95NLA7M0265077 | 2021 |

X _____
TRANSFEROR'S SIGNATURE

MICHAEL PETER HALPERIN
PRINTED NAME

5258 PRINCETON WAY
TRANSFEROR'S ADDRESS (STREET)

BOCA RATON, FL 33496
CITY                              STATE              ZIP CODE

12/16/2021
DATE OF STATEMENT

_____
TRANSFEREE'S SIGNATURE

KARMA PALM BEACH
PRINTED NAME

TRANSFEREE'S NAME

1001 CLINT MOORE RD STE 103
TRANSFEREE'S ADDRESS (STREET)

BOCA RATON, FL 33487
CITY                              STATE              ZIP CODE

**EXHIBIT C (page 1, cont.)**

**FAST TITLE SERVICE WALK-IN LEDGER FOR A TITLE**

| | |
|---|---|
| Date | |
| Title Number | |
| Audit Control # | |
| Batch Number | |
| Printed Name | MICHAEL PETER HALPERIN |
| Signature | |
| Address | 5258 PRINCETON WAY, BOCA RATON, FL 33496 |
| Phone Number | |
| DL Number | |
| Verified Name By ID/DL # | |

TL-46

STATE OF FLORIDA
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
DIVISION OF MOTORIST SERVICES
**SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE**
www.flhsmv.gov/offices/
**APPLICATION FOR DUPLICATE OR LOST IN TRANSIT/REASSIGNMENT FOR A
MOTOR VEHICLE, MOBILE HOME OR VESSEL TITLE CERTIFICATE**

**1    TYPE OF APPLICATION**

| VEHICLE/VESSEL DUPLICATE: (Fee Required) ☐ LOST ☐ STOLEN ☐ Damaged (Certificate of Title must be submitted) NOTE: An indication of lost, stolen or damaged is required. | VEHICLE/VESSEL LOST IN TRANSIT: NOTE: No fee required if vehicle application is made within 180 days from last title issuance date and has been lost in mailing. | VEHICLE/VESSEL DUPLICATE WITH TRANSFER: (Both parties must be present for this transaction) ☐ OR ☐ AND NOTE: When joint ownership, please indicate if "or" or "and" is to be shown on the title when issued. If neither box is checked, the title will be issued with "and". |
|---|---|---|

| OWNER'S NAME (Last, First, Middle Initial) HALPERIN, MICHAEL PETER | OWNER'S E-Mail Address | PURCHASER'S NAME (Last, First, Middle Initial) | Purchaser's E-Mail Address |
|---|---|---|---|
| CO-OWNER'S NAME (Last, First, Middle Initial) | Co-Owner's E-Mail Address | CO-PURCHASER'S NAME (Last, First, Middle Initial) | Co-Purchaser's E-Mail Address |

| OWNER'S MAILING ADDRESS 5258 PRINCETON WAY | PURCHASER'S MAILING ADDRESS |
|---|---|

| CITY BOCA RATON | STATE FL | ZIP 33496 | CITY | STATE | ZIP |
|---|---|---|---|---|---|

| CAUTION: IF ADDRESS DIFFERS FROM DMV RECORDS, ADDRESS VERIFICATION MUST BE SUBMITTED | DATE OF BIRTH | PURCHASER'S DL/ID # | CO-PURCHASER'S DL/ID # |
|---|---|---|---|

**2    APPLICATION FOR DUPLICATE IS MADE BY:**

| ☐ Owner ☐ Lienholder | DATE OF LIEN | MOTOR VEHICLE MOBILE HOME OR RECREATIONAL VEHICLE DEALER/ AUCTION LICENSE NUMBER (DEALER/AUCTION LICENSE NUMBER DOES NOT APPLY TO VESSELS: VF/1133543/1 LIENHOLDER OR DEALER/AUCTION NAME: KARMA PALM BEACH ADDRESS: 1001 CLINT MOORE RD #103    CITY: BOCA RATON    STATE: FL    ZIP: 33487 |
|---|---|---|

**3    MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIPTION**

| Vehicle/Vessel Identification Number ZFF95NLA7M0265077 | Make/Manufacturer FERRARI | Year 2021 | Body 2DR | Color BLACK | License Plate or Vessel Registration Number | Florida Title Number |
|---|---|---|---|---|---|---|

**4    VEHICLE USAGE/BRANDS**

| SHORT TERM LEASE | LONG TERM LEASE | POLICE VEHICLE | PRIVATE USE | ☐ TAXI | FLOOD |
|---|---|---|---|---|---|
| REPLICA | KIT CAR | REBUILT | ASSEMBLED FROM PARTS | | MANUFACTURER'S BUY BACK |

**5    LIENHOLDER INFORMATION:**

| If no lien, Print "None" | FEID # | DL# & Sex and Date of Birth | DMV Account # | Date of Lien | Lienholder Name |
|---|---|---|---|---|---|
| Lienholder E-Mail Address | | Lienholder Mailing Address | | City | State | Zip |

If Lienholder authorizes the Department to send title to the owner, check box and countersign. ☐

If this box is not checked, title will be mailed to the first lienholder. (DOES NOT APPLY TO VESSELS)    (Signature of Lienholders Representative)

**6    APPLICATION ATTESTMENT/SIGNATURES AND ODOMETER DECLARATION/DISCLOSURE**
WARNING: Federal and state law require that you state the mileage in connection with an application for Certificate of Title. Providing a false statement may result in fines or imprisonment.

I (WE) STATE THAT THIS ☐ 5 or ☐ 6 DIGIT ODOMETER NOW READS ☐☐☐,☐☐☐ XX (NO TENTHS) MILES,
DATE READ _____ , AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:
**CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX**
   1. REFLECTS ACTUAL MILEAGE.
   2. IS IN EXCESS OF ITS MECHANICAL LIMITS. (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
   3. IS NOT THE ACTUAL MILEAGE. WARNING – ODOMETER DISCREPANCY

☐ I CERTIFY THAT THE MOTOR VEHICLE/VESSEL DESCRIBED ABOVE WILL NOT BE OPERATED ON THE STREETS AND HIGHWAYS/WATERWAYS OF THIS STATE AND NO FLORIDA LICENSE PLATE HAS BEEN TRANSFERRED TO OR PURCHASED FOR THIS MOTOR VEHICLE.

I am/we are the owner(s), lienholder(s), and am legally authorized to apply for and receive the Duplicate Certificate of Title. I/we further agree to indemnify the Department and defend the Certificate of Title against all actions or claims by any person.
UNDER PENALTIES OF PERJURY, I/WE DECLARE THAT I/WE HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| IF APPLICABLE, I ATTEST TO HAVING ACQUIRED THE MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIBED ABOVE BY: ☐ PURCHASE ☐ GIFT ☐ INHERITANCE ☐ COURT ORDER | Date Sold | Selling Price $ |
|---|---|---|

| Signature of Purchaser: | Printed Name of Purchaser: |
|---|---|
| Signature of Co-Purchaser: | Printed Name of Co-Purchaser's: |
| Signature of Seller/ Owner/Lienholder: | Printed Name of Seller/ Owner/Lienholder: |
| Signature of Co-Owner: | Printed Name of Co-Owner: |

**7    FOR FLORIDA DMV OR TAX COLLECTOR/LICENSE PLATE AGENCY USE ONLY**

| ☐ Duplicate authorization verification completed | Signature | Printed Name | County | Agency # | Date Completed |
|---|---|---|---|---|---|

HSMV 82101 (Rev. 06/11) S    www.flhsmv.gov

STATE OF FLORIDA

DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES – DIVISION OF MOTORIST SERVICES

SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE

www.flhsmv.gov/offices/

# POWER OF ATTORNEY FOR A MOTOR VEHICLE, MOBILE HOME OR VESSEL

12/16/2021
_____
(Date)

I/We hereby name and appoint, _____, to be my/our
(Full Legibly Printed Name is Required)

lawful attorney-in-fact, to act for me/us, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my/our name and sign their name, in my/our behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me/us in as sufficient a manner as I/we myself/ourselves could do, were I/we personally present and signing the same.

With full power of substitution and revocation, I/we hereby ratify and confirm whatever my/our said attorney-in-fact may lawfully do or cause to be done in the virtue hereof.

CHECK ONE:        ☑ Motor Vehicle        ☐ Mobile Home        ☐ Vessel

| Year | Make/Manufacturer | Body Type | Title Number |
|------|-------------------|-----------|--------------|
| 2021 | FERRARI | 2DR | |

| Vehicle/Vessel Identification Number |
|--------------------------------------|
| ZFF95NLA7M0265077 |

## NOTICE TO OWNER(S):  COMPLETE THIS FORM IN ITS ENTIRETY PRIOR TO SIGNING.

UNDER PENALTIES OF PERJURY, I/WE DECLARE THAT I/WE HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

_____          MICHAEL PETER HALPERIN
(Signature of Owner "Grantor")                      (Legibly Printed Name of Owner "Grantor")

                                                                              12/19/1978
_____          _____
(Driver License, Identification Card or FEID Number for Owner)          (Date of Birth for Owner, if applicable)

5258 PRINCETON WAY              BOCA RATON              FL          33496
(Owner's Address )                      (City)                      (State)          (Zip)

_____          _____
(Signature of Co-Owner "Grantor," if applicable)          (Legibly Printed Name of Co-Owner "Grantor," if applicable)

_____          _____
(Driver License, Identification Card or FEID Number for Co-Owner)          (Date of Birth for Co-Owner, if applicable)

_____          _____
(Co-Owner's Address)                      (City)                      (State)          (Zip)

This non-secure power of attorney form may be used when an individual or entity appointed as the attorney-in-fact will be completing the odometer disclosure statement as the buyer only or the seller only.  However, this form cannot be used to allow an individual or entity (such as a dealership) to sign as both buyer and seller for the purpose of disclosing the odometer reading.  This may be accomplished only with the secure power of attorney (HSMV 82995) when:

(a)        the title is physically being held by the lienholder; or

(b)        the title is lost.

NOTE:  A licensed dealer and his/her employees are considered a single entity.

Check your local phone book government pages or visit the following website for current mailing addresses:
http://www.flhsmv.gov/offices/

HSMV 82053 (Rev. 12/11) S                      www.flhsmv.gov

STATE OF FLORIDA

DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES – DIVISION OF MOTORIST SERVICES

SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE

www.flhsmv.gov/offices/

## POWER OF ATTORNEY FOR A MOTOR VEHICLE, MOBILE HOME OR VESSEL

12/16/2021
_____
(Date)

I/We hereby name and appoint, _____, to be my/our
(Full Legibly Printed Name is Required)

lawful attorney-in-fact, to act for me/us, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my/our name and sign their name, in my/our behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me/us in as sufficient a manner as I/we myself/ourselves could do, were I/we personally present and signing the same.

With full power of substitution and revocation, I/we hereby ratify and confirm whatever my/our said attorney-in-fact may lawfully do or cause to be done in the virtue hereof.

**CHECK ONE:**    ☑ Motor Vehicle    ☐ Mobile Home    ☐ Vessel

| Year | Make/Manufacturer | Body Type | Title Number |
|------|-------------------|-----------|--------------|
| 2021 | FERRARI | 2DR | |

| Vehicle/Vessel Identification Number |
|--------------------------------------|
| ZFF95NLA7M0265077 |

**NOTICE TO OWNER(S):  COMPLETE THIS FORM IN ITS ENTIRETY PRIOR TO SIGNING.**

UNDER PENALTIES OF PERJURY, I/WE DECLARE THAT I/WE HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| | |
|---|---|
| _____ | MICHAEL PETER HALPERIN |
| (Signature of Owner "Grantor") | (Legibly Printed Name of Owner "Grantor") |
| | 12/19/1978 |
| (Driver License, Identification Card or FEID Number for Owner) | (Date of Birth for Owner, if applicable) |
| 5258 PRINCETON WAY          BOCA RATON          FL     33496 | |
| (Owner's Address )                   (City)              (State)     (Zip) | |

| | |
|---|---|
| _____ | _____ |
| (Signature of Co-Owner "Grantor," if applicable) | (Legibly Printed Name of Co-Owner "Grantor," if applicable) |
| | |
| (Driver License, Identification Card or FEID Number for Co-Owner) | (Date of Birth for Co-Owner, if applicable) |
| _____ | _____ |
| (Co-Owner's Address) | (City)              (State)     (Zip) |

This non-secure power of attorney form may be used when an individual or entity appointed as the attorney-in-fact will be completing the odometer disclosure statement as the **buyer only or the seller only**.  However, this form cannot be used to allow an individual or entity (such as a dealership) to sign as both buyer **and** seller for the purpose of disclosing the odometer reading.  This may be accomplished only with the secure power of attorney (HSMV 82995) when:

(a)     the title is physically being held by the lienholder; or
(b)     the title is lost.

NOTE:  A licensed dealer and his/her employees are considered a single entity.

Check your local phone book government pages or visit the following website for current mailing addresses:
http://www.flhsmv.gov/offices/

HSMV 82053 (Rev. 12/11) S                              www.flhsmv.gov

HSMV 82995 (REV. 10/11)S

**STATE OF FLORIDA**
**DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**DIVISION OF MOTORIST SERVICES**
2900 Apalachee Parkway – Tallahassee, 32399-0610
**MOTOR VEHICLE POWER OF ATTORNEY/ODOMETER DISCLOSURE**

(Instructions on Reverse Side)

This form may be used when title is physically held by lienholder or when the title has been lost. This form must be submitted to the state by the person exercising Powers of Attorney. Failure to do so may result in fines or imprisonment.

**VEHICLE DESCRIPTION**

| Vehicle Identification Number | Year | Make | Model | Body | Title No. |
|---|---|---|---|---|---|
| ZFF95NLA7M0265077 | 2021 | FERRARI | SF90 STRADALE | | |

**PART A. TRANSFEROR (SELLER'S) POWER OF ATTORNEY TO DISCLOSE MILEAGE.**

I/We, MICHAEL PETER HALPERIN appoint KARMA PALM BEACH INC
(Print Seller's Name)                                             (Print Name of Dealership / Business)

as of _____ as my/our attorney-in-fact with full authority to transfer title, to satisfy any lien and to disclose the mileage for the vehicle
(Date)

described above exactly as stated in the following disclosure.

WARNING: Federal law and State law require that you state the mileage in connection with transfer of ownership. Providing a false statement may result in fines or imprisonment.

I/WE STATE THAT THIS ☐ 5 DIGIT OR ☒ 6 DIGIT ODOMETER NOW READS [ ][ ][ ][ ][ ] xx (NO TENTHS) MILES,
DATE READ _____ AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:

☐ 1. REFLECTS ACTUAL MILEAGE. ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. ☐ 3. IS NOT THE ACTUAL MILEAGE.
                                                                                                          WARNING ODOMETER DISCREPANCY

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Seller's Signature _____ Seller's Printed Name MICHAEL PETER HALPERIN

Co Seller's Signature _____ Co Seller's Printed Name _____

Seller's Street Address _____ City _____ State _____ Zip _____

Purchaser's Signature _____ Purchaser's Printed Name _____

Purchaser's Dealership Name KARMA PALM BEACH INC Dealer License No. VF/1133543/L
(Print Name of Dealership / Business)

Business Address 1001 Clint Moore Rd Ste 103 City Boca Raton State FL Zip 33487

**PART B. TRANSFEREE (PURCHASER) POWER OF ATTORNEY TO REVIEW TITLE DOCUMENTS AND ACKNOWLEDGE DISCLOSURE. (PART B IS INVALID UNLESS PART A HAS BEEN COMPLETED).**

I/We, _____ appoint _____
(Print Purchaser's Name)                                             (Print Name of Dealership / Business)

as of _____ as my/our attorney-in-fact for the purpose of and with full authority to apply for title and/or registration, to file a lien and
(Date)

to disclose the mileage on the title for the vehicle described above, only if the disclosure is exactly as the disclosure completed below.

WARNING: Federal law and State law require that you state the mileage in connection with transfer of ownership. Providing a false statement may result in fines or imprisonment.

I/WE STATE THAT THIS ☐ 5 DIGIT OR ☐ 6 DIGIT ODOMETER NOW READS [ ][ ][ ][ ][ ] xx (NO TENTHS) MILES,
DATE READ _____ AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:

☐ 1. REFLECTS ACTUAL MILEAGE. ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. ☐ 3. IS NOT THE ACTUAL MILEAGE.
                                                                                                          WARNING ODOMETER DISCREPANCY

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

_____ Seller's Printed Name _____
(For Dealership / Business)                                             (For Dealership / Business)

Business Address _____ City _____ State _____ Zip _____

Purchaser's Signature _____ Purchaser's Printed Name _____

Co Purchaser's Signature _____ Co Purchaser's Printed Name _____

Purchaser's Name _____ Street Address _____

City _____ State _____ Zip _____

**PART C. CERTIFICATION BY ATTORNEY IN FACT (Person completing Part C must be the same person transferring information and signing the title).**

I, _____ hereby certify that the mileage I have disclosed on the title document is
(Print Name of Person exercising above power(s) of attorney)

consistent with that provided to me in the above power(s) of attorney. Further, upon examination of the title and any reassignment documents for the vehicle described above, the mileage disclosure I have made on the title pursuant to the power of attorney is the same or greater than that previously stated on the title reassigned documents. This certificate is not intended to create, nor does it create any new or additional liability under Federal or State law.

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Signature _____ Date _____ Printed Name _____

Street Address 1001 Clint Moore Rd Ste 103 City Boca Raton State FL Zip 33487

**ORIGINAL: DMS Copy (with Title)    GOLD COPY: Dealer/Business    YELLOW COPY: Part A Seller**



## KARMA | PALM BEACH

O: 561.998.5557
F: 561.998.4703
1001 Clint Moore Rd. Ste
Boca Raton, FL 3348

### PAYOFF AUTHORIZATION / TITLE RELEASE

Customer(s) Name: **MICHAEL PETER HALPERIN**      SS#_____

Yr/ Make/ Model: 2021 FERRARI SF90 STRADALE  VIN# **ZFF95NLA7M0265077**

Bank: **BANK OF AMERICA** _____ Phone# **800-215-6195**

Payoff Address: FL9-600-02-26, ATTN: PAYOFF PROCESSING, 9000 SOUTHSIDE BLVD, BLDG 600, JACKSONVILLE, FL 32256

Account# _____ 1975 _____  Payoff Amount: 446,647.64

Good Through: 01/05/2022 _____  Per Diem: 40.739

Spoke to: _____  Verified By: DEALERTRACK

By signing below, I understand that the above-listed payoff amount is an estimated payoff on my vehicle. If upon verification the payoff is a higher amount, I agree to pay the difference upon request. If the amount is lower than estimated, the difference will be mailed to me upon receiving the title or lien release to my vehicle.

I/we, MICHAEL PETER HALPERIN _____, hereby grant authorization to the above referenced bank and/or finance company to release the payoff information on my vehicle, and to **release the title and lien satisfaction to:**

Karma Palm Beach
1001 Clint Moore Rd Ste 101
Boca Raton, FL 33487

Customer(s) Signature: _____

Manager Signature: _____