UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRIC OF FLORIDA
West Palm Beach Division

IN RE.

EXCELL AUTO GROUP, INC.                    Case No.:  22-12790-EPK
                                           Chapter 7

Debtor.

_____/

## CREDITOR, THE DCG 2008 IRREVOCABLE WEALTH TRUST'S NOTICE OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR, EXCELL AUTO GROUP, INC., THROUGH ITS CHAPTER 7 TRUSTEE, NICOLE TESTA MEHDIPOUR, PURSUANT TO BANKRUPTCY RULE 2004, AND LOCAL RULE 2004-1

Kenneth J. Goodman ("Goodman"), an individual, who as Trustee of Creditor, the DCG 2008 Irrevocable Wealth Trust ("DCG"), by and through undersigned counsel, and pursuant to Fed. R. Bank. P. 2004, and Local Bankr. R. 2004-1, hereby requests that Debtor, Excell Auto Group, Inc. ("Debtor" or "Excell"), through Excell's Chapter 7 Trustee, Nicole Testa Mehdipour ("Excell's Trustee"), produce for inspection and copying the items and matters hereinafter set forth on attached Schedule 1 within fourteen (14) days after service hereof, to undersigned counsel for DCG, at the offices of Nason, Yeager, Gerson, Harris & Fumero, P.A., 3001 PGA Boulevard, Suite 305, Palm Beach Gardens, Florida 33410.

Dated:  May 3, 2023                */s/ Ivan J. Reich*
                                   Ivan J. Reich (FBN:  778011)
                                   NASON, YEAGER, GERSON, HARRIS
                                   & FUMERO, P.A.
                                   750 Park of Commerce Blvd, Suite 210
                                   Boca Raton, FL  33487
                                   Tel:  (561) 982-7114
                                   Fax:  (561) 982-7116
                                   Email:  ireich@nasonyeager.com
                                           msmith@nasonyeager.com
                                   *Attorneys for Creditor,*
                                   *the DCG 2008 Irrevocable Wealth Trust*

## **CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that on this 3rd day of May, 2023, a true and accurate copy of the foregoing has been furnished to the Clerk of the Court using CM/ECF electronic service.  I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via email to the Excell Trustee's special counsel, Michael Foster at michael@youngfoster.com, and via email to the Excell Trustee, Nicole Testa Mehdipour, at nicolem@ntmlawfirm.com.

 /s/  *Ivan J. Reich*                 
Attorney

## SCHEDULE 1

## DEFINITIONS

1.      "BAL" means BAL Investments, LLC, including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of its present or former managers, members, Officers, Directors, employees, agents, advisors, and attorneys.

2.      "BAL Investments Case" means Palm Beach Court Case No.: 50-2022-CA-003889-XXXXMB styled BAL v. the Zankls, and the Zankl Family 2020 Irrevocable Trust U/A July 27, 2020.

3.      "BAL's Claims" means BAL's Proofs of Claim Nos. 29, 30, 31, 32, 33 & 34 it filed on June 24, 2022 in the Excell Bankruptcy Case for $5,325,479.33, $347,500.00, $369,500.00, $587,500.00, $1,050,000.00 and $837,500.00, respectively, all of which are claimed to be secured.

4.       "Bankruptcy Code" means 11 U.S.C. §§101–1532.

5.      "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Florida.

6.      "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

7.      "Concerning" means without limitation, embodying, evidencing, mentioning, memorializing, constituting, containing, describing, reflecting, relating to, or referring to, in whole or in part, the subject matter that is identified or requested.

8.      "Creditor" has the same meaning as set forth in §101(10) of the Bankruptcy Code.

9.      "DCG" means the DCG 2008 Irrevocable Wealth Trust ("DCG"), including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of its present or former trustees, beneficiaries, employees, agents, advisors, and attorneys.

10. "DCG Case" means Palm Beach Court Case No.: 50-2022-CA-005035-XXXXMB styled DCG v. the Zankls.

11. "DCG's Proofs of Claims" means the three Proofs of Claims DCG filed in this Excell Bankruptcy Case under Claims Nos. 5, 6 & 17, in the respective amounts of the Amended Locate Principal Amount of $1,500,000, the Wholesale Principal Amount of $1,850,000, and an additional amount owing from Excell to DCG of a $220,000.00 deposit (the "Deposit Amount") that Scott, on behalf of Excell confirmed to DCG (the "Excell Acknowledgement Letter"), for a total amount due and owing from Excell to it as of the Petition Date, before calculation of interest, of $3,570,000.00 (collectively the "Principal Excell Debt Amount"), as represented by the various documents supporting the same, that were attached as exhibits to those DCG's Proofs of Claims.

12. "D.E." shall refer to the Docket Entry or ECF No. in Debtor's Bankruptcy Case or a particularly cited Palm Beach County Court case.

13. "Debtor" or "Excell" means the above-captioned Debtor, Excell Auto Group, Inc. including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of its present or former Officers, Directors, employees, agents, advisors, and attorneys.

14. The term "document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof. For the avoidance of doubt, "document" means anything which may be considered to be a document or tangible thing, and includes without limitation correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, repots and/or

4

summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail or "e-mail," instant messaging, text messages, Bloomberg and other chatrooms, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained, including without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

15.    "Excell Bankruptcy Case" means this Case No. 22-12790-EPK, in this Bankruptcy Court for the Southern District of Florida.

16.    "Excell Estate" means Excell's Chapter 7 Bankruptcy Estate.

17.    "Excell's Locate Program" means Excell's program where it buys and sells for profit high end luxury automobiles for its customers, by locating and brokering the purchase and sale of high end vehicles at Excell's customer's request in the marketplace for such types of vehicles, by selling a vehicle by locating a vehicle for its customer.

18.    "Excell's Profit Participation Agreements" means any and all profit participations that Excell had with any of its Lenders to share in profits of vehicles bought and sold by Excell through either Excell's Wholesale Program or Excell's Locate Program.

19.    "Excell's Trustee" means Excell's Chapter 7 Trustee, Nicole Testa Mehdipour.

20.    "Excell's Wholesale Program" means Excell's program where it buys and sells for profit high end luxury automobiles for its customers, by locating and brokering the purchase and sale of high end vehicles at Excell's customer's request in the marketplace for such types of

vehicles, through a wholesale purchase from dealer to dealer.

21.    "Goodman" or the "DCG Trustee" means Kenneth J. Goodman, an individual, as Trustee of DCG.

22.    "Gori Family" means The Gori Family Limited Partnership, including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of its present or former managers, members, Officers, Directors, employees, agents, advisors, and attorneys.

23.    "Gori Family Case" means Palm Beach Court Case No.: 50-2022-CA-009599-XXXXMB styled Gori Family v. the Zankls.

24.    "Gori Family's Claims" means Gori Family's Proofs of Claim Nos. 18, 19 & 20 it filed on June 22, 2022 in the Excell Bankruptcy Case for $1,800,000.00, $2,1000,000.00, & $1,500,000.00, respectively, all of which are claimed to be unsecured.

25.    "Guarantees' Proofs of Claims" collectively means the respective BAL Investments, DCG, Gori Family, Prestige, Savannah Row, and Woodside Proofs of Claims.

26.    "Identify" means to state, to the extent known (or, if not known, to so state), the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

27.    "Karma Broward" means Karma of Broward, Inc., including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of its present or former managers, members, Officers, Directors, employees, agents, advisors, and attorneys.

28.    "Karma Palm Beach" means Karma of Palm Beach, Inc., including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of its present or former managers, members, Officers, Directors, employees,

agents, advisors, and attorneys.

29.    "Kristen" means Debtor's principal, Kristen Zankl.

30.    "Lenders" means those persons, as defined herein, who have lent money to Excell and are creditors of Excell in the Excell Bankruptcy Case.

31.    "Local Rules" means the Local Rules of the United States Bankruptcy Court for the Southern District of Florida.

32.    "Palm Beach Court" means the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

33.    "Palm Beach Court Cases" or the "Zankl Guarantee Cases" collectively means the BAL Investments Case, the DCG Case, the Gori Family Case, the Prestige Case, the Savannah Row Case, and the Woodside Case, all in which the Zankls have been sued upon guarantees of debts of Debtor, Excell.

34.    "Plaintiffs' shall collectively mean the respective Plaintiffs in the Palm Beach Court Cases.

35.    "Person" means any natural person or any business, legal, or governmental entity or association.

36.    "Petition Date" means April 8, 2022, the date Debtor filed this Chapter 7 Bankruptcy Case.

37.    "Prestige" means Prestige Luxury Cars, LLC, including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of its present or former managers, members, Officers, Directors, employees, agents, advisors, and attorneys.

38.    "Prestige Case" means Palm Beach Court Case No.: 50-2022-CA-003301-XXXXMB styled Prestige  v. Excell, the Zankls, and Karma Broward.

39.    "Prestige's Claim" means Prestige's Proof of Claim No. 7 it filed on May 30, 2022 in the Excell Bankruptcy Case for $1,320,000.00, of which $440,000.00 is claimed to be secured.

40.    "Savannah Row" means Savannah Row Development Company, LLC, including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of its present or former managers, members, Officers, Directors, employees, agents, advisors, and attorneys.

41.    "Savannah Row Case" means Palm Beach Court Case No.: 50-2022-CA-003547-XXXXMB styled Savannah Row v. the Zankls.

42.    "Savannah Row's Claim" means Savannah Row's Proof of Claim No. 15 it filed on June 15, 2022 in the Excell Bankruptcy Case for $1,407,708.76 claimed to be unsecured.

43.    "Scott" means Debtor's principal, Scott Zankl.

44.    "Scott's Affidavits" means collectively all of those Affidavits of Scott filed in any of the Palm Beach County Cases, or in Excell's Bankruptcy Case.

45.    "Status Report" means any Status Reports that Debtor provided to any of its lenders who participated in any Profit Participation Agreements with Excell through either of Excell's Wholesale Program or Excell's Locate Program.

46.    "Time Period" means unless otherwise indicated, from and after the first time a loan was made by Excell with any particular lender who is currently a creditor of Excell, to and including the present.

47.    "Woodside" means Woodside Credit LLC, including its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of its present or former managers, members, Officers, Directors, employees, agents, advisors, and attorneys.

48.    "Woodside Case" means Palm Beach Court Case No.: 50-2022-CA-004086-

XXXXMB styled Woodside v. the Zankls, Karma Palm Beach and Karma Broward.

49.    "Woodside's Claim" means Woodside's Proof of Claim No. 51 it filed on June 27, 2022 in the Excell Bankruptcy Case for $1,211,066.68 claimed to be unsecured.

50.    "Zankls" means Scott and Kristen collectively.

51.    "Zankls' BAL Investments Usury Defense" means the Zankls' Answer and Affirmative Defense of Usury at D.E. 28 Efiled on December 7, 2022 at Efiling # 162589232 in the BAL Investments Case.

52.    "Zankls' Counsel" collectively means Harry Winderman, and the law firm of Weiss & Handler.

53.    "Zankls' DCG Usury Defense" means the Zankls' Answer and Affirmative Defense of Usury Efiled on June 16, 2022 at Efiling # 151607119 in the DCG Case.

54.    "Zankls' Gori Family Usury Defense" means the Zankls' Answer and Affirmative Defense of Usury at D.E. 20 Efiled on December 7, 2022 at Efiling # 162589746 in the Gori Family Case.

55.    "Zankls' Prestige Usury Defense" means the Zankls' Answer and Affirmative Defense of Usury at D.E. 28 Efiled on August 15, 2022 at Efiling # 155293615 in the Prestige Case.

56.    "Zankls' Savannah Row Usury Defense" means the Zankls' Answer and Affirmative Defense of Usury at D.E. 15 Efiled on November 11, 2022 at Efiling # 161066619 in the Savannah Row Case.

57.    "Zankls' Woodside Usury Defense" means the Zankls' Answer and Affirmative Defense of Usury at D.E. 175 Efiled on December 7, 2022 at Efiling # 162591710 in the Woodside Case.

58.    "Zankls' Usury Defenses" collectively means the Zankls' respective BAL

Investments, DCG, Gori Family, Prestige, Savannah Row, and Woodside Usury Defenses.

59.     The following rules of construction apply to these Requests: (1) the terms "all" and "each" shall be construed as all and each; (2) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of their scope; and (3) the use of the singular form of any word includes the plural and vice versa.

60.     Capitalized terms not defined herein shall have the meaning ascribed to them in the respective pleadings filed by DCG in this Excell Bankruptcy Case, and the DCG Case, as applicable.

61.     All words, terms and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used herein.

## INSTRUCTIONS

1.      Unless otherwise indicated, all documents shall be produced for the Time Period, including any documents having an earlier origin and in use during the relevant time period.

2.      The obligation to produce documents responsive to these Requests shall be continuing in nature, and Excell's Trustee is required promptly to produce any document requested herein that she locates or obtains after responding to these Requests, up to the conclusion of the proceedings herein.

3.      Where an objection is made to any document request, the objection shall state with specificity all grounds for objection.

4.      Where a claim of privilege is asserted in objecting to the production of any document and a document called for by this Request is withheld on the basis of such assertion, the objecting party shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. In addition, the objecting party shall provide the following information with respect to any document so withheld: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

5.      In the event that any document called for has been lost, destroyed, discarded, or otherwise disposed of, identify the document by identifying: (i) its author or preparer; (ii) all Persons to whom distributed or shown; (iii) the date; (iv) the subject matter; (v) any attachments or appendices; (vi) the date, manner, and reason for destruction or other disposition; (vii) the

person authorizing destruction or other disposition; (viii) the document request or requests to which the document is responsive.

6.    Produce all responsive documents as they are kept in the usual course of business, or organize and label them to correspond with the Request to which they are responsive.

## DOCUMENT REQUESTS

1.      All documents of Excell in the Excell Trustee's possession or control, that Kristen executed on Excell's behalf.

2.      All documents of Excell in the Excell Trustee's possession or control, that Scott or anyone else executed on Kristen's behalf.

3.      All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting any payments made by Excell to either of the Zankls, Karma Broward and/ or Karma Palm Beach, within 4 years of the Petition Date.

4.      All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting any payments made by Excell to anyone, that was made on behalf, or for the benefit, of either of the Zankls, Karma Broward and/ or Karma Palm Beach, within 4 years of the Petition Date.

5.      All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting the Zankl's collective Usury Defenses in the Palm Beach Court Cases.

6.      All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting Scott's testimony, affidavits and written discovery responses filed by him, or in his and his wife's behalf, in any of the Palm Beach Court Cases, and by him in this Excell Bankruptcy Case, that any "profits" paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, were actually "interest".

7.      All documents of Excell in the Excell Trustee's possession or control, reflecting

upon, demonstrating, concerning, or supporting that Scott, on behalf of Excell had an agreement either individually, or collectively, with any of Excell's Lenders that any "profits" paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, were actually "interest".

8.      All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting that the automobiles bought and sold by Scott, on behalf of Excell, under either of Excell's Wholesale and Locate Programs, were not actually bought and sold by Excell, upon which profit payments were paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements.

9.      All transcripts of depositions, 341 creditors' meetings, sworn statements, video statements, recorded statements, of either of the Zankls, or any other employees of Excell, or any of Excell's Lenders, collectively or individually, that are in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting Scott's testimony, affidavits and written discovery responses filed by him, or in his and his wife's behalf, in the Palm Beach Court Cases, and by him in this Excell Bankruptcy Case, that any "profits" paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, were actually "interest".

14

10.     All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting the indication by the Excell Trustee in her Interim Report (D.E. 386 @ pg. 4) to the Bankruptcy Court filed in the Excell Bankruptcy Case that any "profits" paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, were actually "interest" charged at a usurious rate.

11.     All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting, despite what any of transaction or loan documents that Plaintiffs had with Excell as reflected in their respective Palm Beach County Cases and/ or Guarantees' Proofs of Claims, might say to the contrary, that any "profits" paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, were actually "interest" charged at a usurious rate.

12.     All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting, that any "profits" paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, were actually "interest" charged at a usurious rate,

notwithstanding that Fla. Stat. §687.03(4), and the case law interpreting the same, specifically exempts such payments for profits received from the calculation of interest under Florida's Usury Statute, Fla. Stat. Chapter 687.

13.      All documents of Excell in the Excell Trustee's possession or control, that is not barred by the parol evidence rule, reflecting upon, demonstrating, concerning, or supporting, that any "profits" paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, were actually "interest" charged at a usurious rate.

14.      All documents of Excell in the Excell Trustee's possession or control, that is not barred by usury savings clauses of the respective transaction documents, reflecting upon, demonstrating, concerning, or supporting, that any "profits" paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, were actually "interest" charged at a usurious rate.

15.      All documents of Excell in the Excell Trustee's possession or control, that is not barred by any merger or integration clauses of the respective transaction documents, reflecting upon, demonstrating, concerning, or supporting, that any "profits" paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, were actually "interest" charged at a usurious rate.

16.     All tax returns and other IRS forms of Excell in the Excell Trustee's possession or control reflecting upon, demonstrating, concerning, or supporting, any "interest" that was paid by the borrower, Excell, to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements.

17.     All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting any payments made by Excell to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, within 90 days of the Petition Date.

18.     All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting any payments made by Excell to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, within 90 days of the Petition Date, that were not paid by Excell in the ordinary course of Excell's business.

19.     All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting any payments made by Excell to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of

Excell's Profit Participation Agreements, within 90 days of the Petition Date, that were not paid by Excell in the ordinary course of Excell's business with that particular Plaintiff, Creditor or Lender.

20.    All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting any payments made by Excell to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, within 90 days of the Petition Date, that were not a contemporaneous exchange for new value to Excell by that Plaintiff, Creditor, or Lender.

21.    All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting any payments made by Excell to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, within 90 days of the Petition Date, that did not comprise subsequent new value to Excell by that Plaintiff, Creditor, or Lender.

22.    All documents of Excell in the Excell Trustee's possession or control, reflecting upon, demonstrating, concerning, or supporting any payments made by Excell to any of the respective Plaintiffs, Creditors, or Lenders, under any of Excell's agreed upon transaction documents with those Lenders as reflected in their respective Palm Beach County Cases, and their respective Guarantees' Proofs of Claims filed in this Excell Bankruptcy Case, including any of Excell's Profit Participation Agreements, within 4 years of the Petition Date, that did not constitute an exchange for reasonably equivalent value.