UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                      Case No.:  22-12790-EPK
                                                            Chapter 7
EXCELL AUTO GROUP, INC.,

        Debtor.

_____/

**TRUSTEE'S NOTICE OF FILING UNSWORN DECLARATION OF EDWARD BROWN
IN <u>SUPPORT OF MOTION TO COMPROMISE CONTROVERSY</u>**

        Nicole Testa Mehdipour ("**Trustee**"), Chapter 7 Trustee for the estate of Excell Auto

Group, Inc., by and through undersigned counsel, hereby files the unsworn declaration of Ed

Brown in Support of Motion to Compromise Controversy attached.

        Respectfully submitted this 8th day of May 2022.

                                        FURR AND COHEN, P.A.
                                        One Boca Place, Suite 419A
                                        2255 Glades Road
                                        Boca Raton, FL 33431
                                        Telephone: (561) 395-0500
                                        Facsimile: (561) 338-7532

                                        BY:    /s/ *Alan R. Crane*
                                                *Special Counsel for Trustee*
                                                Alan R. Crane, Esq.
                                                Florida Bar No.: 0963836
                                                E-mail: acrane@furrcohen.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

                                    Case No.: 22-12790-EPK

EXCELL AUTO GROUP, INC.                 Chapter 7

         Excell.

_____/

### <u>Declaration of Edward Brown</u>

1.       My name is Edward Brown.  I am over the age of eighteen years old and am competent to testify.

2.       All statements in this Declaration are based on my personal knowledge.

3.       If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge.

4.       Prior to January 7, 2019, I made several unsecured loans to Excell Auto Group, Inc. ("**Excell**"), in excess of $1.3 million dollars, with the intention that the funds be used to pay off other lenders to Excell.

5.       On January 7, 2019, I made an unsecured loan of $3,000,000 to Excell ("**$3MM Loan**").  The $3MM Loan was made to Excell on an informal basis without written documentation or a specific term for repayment.

6.       In 2020, Excell was sued by its secured lender, Seaside National Bank & Trust ("**Seaside**").  At such time, the $3MM Loan had not yet been repaid by Excell.

7.       As of the end of 2020, Excell also owed me at least $3,900,000 from the sale of my vehicles, including a Ferrari LaFerrari Aperta, for which Excell had not yet paid me.

8.      I agreed to make yet another loan to Excell.  On February 12, 2021, Excell along with its principals, Scott Zankl and Kristen Zankl, entered into an agreement (the "**Loan Agreement**") wherein I loaned Excell an additional $10,000,000 ("**$10MM Loan**"), to be repaid within two years at 5% interest, and provided the terms for repayment of the principal of the $3MM Loan.  A portion of the $10MM Loan was used to fully repay Seaside. A copy of the Loan Agreement is annexed to my Proof of Claim #9-2.

9.      Under the Loan Agreement, I was permitted to file a UCC-1 with respect to Excell's assets, but did not do so.

10.      In connection with the Loan Agreement, Kristen Zankl executed an Assignment of Stock ("**Assignment**") to transfer 49 of the 100 shares of Excell to me. A copy of the Assignment is annexed to my Proof of Claim #9-2.

11.      After the execution of the Loan Agreement, and in accordance with the repayment schedule established therein, I received payments totaling $854,994.00.  Of this amount, $101,666.00 were made within the 90 days prior to the Petition Date, and $813,328 were made within the one-year period prior to the Petition Date

12.      As of the Petition Date, I had not attempted to transfer or assign any interest granted by the Assignment.

13.      As of the Petition Date, I had not been fully repaid either the $3MM Loan or the $10MM Loan.  I incurred further damages as described in my Proof of Claim #9-2, which claim is for a sum in excess of $16 million.

14.      I was never an officer or director of Excell.

2

15. I did not participate in the management, control, or operations of Excell, did not have access to any books, records, accounts, or bank statements of Excell, and prior to April 1, 2022, I did not have knowledge of the liabilities of Excell beyond the loans that I had made to Excell.

16. At no point in time did I have a controlling interest in any of the following entities: Excell, Karma of Palm Beach, Inc., Karma of Broward, Inc., Excell Auto Finance, LLC, Excell Auto Leasing, LLC, Excell Auto Sport and Service, LLC, Excell Auto Sports and Service, Inc., SH Parent, Inc., DBA Parallel Brands, and Graner Platzek & Allison, P.A.

17. I am a director of Selfless Love Foundation, Inc., a Florida not for profit corporation ("**Selfless Love**") devoted to the improvement of the foster care system.

18. My wife and I paid the purchase price of 2021 Aero Build LLC custom-made trailer, VIN No. A49UIE615MN143050 (the "**Trailer**") for Selfless Love to use in promotion of a children's book, and its charitable endeavors.

19. I produced proof of purchase to the Trustee for the custom Trailer by payments made in 2020 and 2021 directly to the manufacturer, Aero Build, LLC.

20. Prior to the Petition Date, the Trailer was last seen on Excell's lot because Selfless Love intended to sell the Trailer to Excell. However, Excell did not pay Selfless Love (or me or my wife) the purchase price for the Trailer.

21. In May 2019, I made an initial investment in SH Parent, Inc. dba. Parallel ("**Parallel**") in the amount of $5 million for which I was awarded 114,600 shares of Series D Preferred Stock. In June 2020, I was granted additional shares of Series A Preferred Stock of SH Parent, Inc. dba. Parallel (collectively with the Series D Preferred Stock, the "**Parallel Preferred Stock**").

3

22.     I have reviewed the Settlement Agreement and Release ("**Agreement**") between me and the Trustee, and the Bar Order annexed as Exhibit A to the Agreement.  Without the Bar Order, there would be no settlement between me and the Trustee because I would not agree to any of the terms of the Agreement.  The Bar Order is integral to the Agreement, and absent the Bar Order, there would be no settlement.

### 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____.


_____
Edward Brown

4