UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

Case No.: 22-12790-EPK
Chapter 7

Debtor.
_____/

**DECLARATION OF CHAPTER 7 TRUSTEE NICOLE TESTA MEHDIPOUR IN SUPPORT OF THE MOTION TO COMPROMISE WITH EDWARD BROWN AND FOR ENTRY OF A BAR ORDER [ECF NO. 378]**

Nicole Testa Mehdipour, chapter 7 trustee of the estate of Excell Auto Group, Inc., makes this declaration pursuant to 28 U.S.C. § 1746 and states:

1. My name is Nicole Testa Mehdipour. I am the duly appointed and acting Chapter 7 trustee for the Bankruptcy estate of Excell Auto Group, Inc. ("**Excell**"), Case No. 22-12790-EPK, currently pending in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division.

2. The statements set forth in this Declaration are based upon my own personal knowledge or review of the Debtor's documents and electronically stored information (ESI) in my possession, documents and ESI obtained through discovery or voluntary turnover in this case, and information obtained from my professionals.

3. I am making this Declaration in support of the *Motion to Compromise with Edward Brown and for Entry of a Bar Order* [ECF No. 378] ("**Motion to Compromise**") and ask that this Court grant the Motion to Compromise, including entry of the Bar Order

1

4.  In my capacity as Trustee, my professionals and I have taken possession of the Debtor's books and records, including ESI and paper files, which have been maintained in our possession since the beginning of the case.

5.  My professionals and I have issued subpoenas to various third parties, including banking institutions, in connection with this bankruptcy case.

6.  In addition to the documents identified above, my professionals and I received documentation from Mr. Brown to support his defenses to any potential claims and causes of action against the Released Brown Parties, which we have reviewed in connection with entering this Settlement Agreement.

I.  **The Deposition of Scott Zankl**

7.  During the pendency of this Bankruptcy Case, my counsel took a 2004 Examination of Scott Zankl on June 6, 2022. I attended this 2004 examination. During that 2004 Examination, Mr. Zankl stated that Mr. Brown became a shareholder as a result of the loan he made to Debtor in 2021 in the amount of $10 million. The Debtor only made principal and interest payments on the loan. The loan was not fully paid back. At no time did Mr. Brown receive a distribution on account of his ownership interest.

II.  **Deposition of Moshe Farache in the Auto Wholesale of Boca, LLC, Bankruptcy Case**

8.  In connection with a contested matter in the related bankruptcy case, In re Auto Wholesale of Boca, LLC, Case No. 22-15627-EPK, in which I as Trustee of Excell am participating as a creditor and interested party, my counsel deposed Moshe Farache, the principal of Auto Wholesale of Boca, LLC, who supports my position in this Case by testifying that Mr. Brown was a "[g]reat guy, can't say one word bad, just a great guy." I was present at the deposition of Mr. Farache.

2

### III. Edward Brown was an Innocent Shareholder in Excell Auto Group, Inc., Was Not an Officer or Director, was Not in Management or Control of Excell, and Did Not Participate in the Day-to-Day Operations of Excell

9. My professionals and I have reviewed the Loan Agreement in connection with the $10MM Loan, as defined in the Motion to Compromise. According to the Loan Agreement, Mr. Brown was assigned 49% of the common stock in Excell. The 49% interest was vested in Mr. Brown until the $10MM Loan was repaid in full, at which time, Mr. Brown's ownership interest was reduced to 20%. During the time Mr. Brown was 49% owner of Excell and the $10MM Loan was outstanding, Mr. Brown was not entitled to any distributions.

10. There were no terms in the Loan Agreement installing Mr. Brown as an officer or director of Excell, nor did the Loan Agreement grant Mr. Brown with any management or control of Excell.

11. My professionals and I have reviewed a substantial number of documents and ESI beyond the Loan Agreement, including text messages between the Zankls and Mr. Brown, and nothing indicates that Mr. Brown was: (i) an officer or director of Excell; (ii) was in management or control of Excell; or (iii) participated in the day-to-day operations of Excell.

12. In connection with the negotiations of the Settlement Agreement before the Court, it was expressly represented to me and my professionals that Mr. Brown never served as an officer or director of Excell, that Mr. Brown was not in management or control of Excell, and that Mr. Brown did not participate in the day-to-day operations of Excell.

### IV. The $10MM Loan

13. My professionals have reviewed the bank records of Excell, which have been produced in response to subpoenas to banking institutions and the bank records provided by Mr. Brown and have identified and traced the flow of monies paid by Mr. Brown to or on behalf of Excell that make up the $10MM principal balance due under the Loan Agreement.

14. My professionals and I have reviewed the Loan Agreement and note that the terms of the Loan Agreement are traditional in that the $10MM Loan was to be repaid on the terms set forth in the Loan Agreement. The $10MM Loan carried a specific rate of interest and repayment was not contingent upon the success or failure of Excell nor was the repayment of any portion of the $10MM Loan contingent upon the success or failure of the sale of any vehicle.

V. **Potential Chapter 5 Causes of Action and Defenses**

15. My professionals have reviewed the books and records for chapter 5 causes of action and identified only $813,328.00 in potential preferential payments made within the 1-year preceding the Petition Date.

16. My professionals have reviewed the documents provided by Mr. Brown's counsel in connection with negotiating this Settlement which substantiate the defenses of ordinary course and new value, among others, to the potential preferential transfer causes of action.

VI. **Potential Non-Chapter 5 Causes of Action Against Mr. Brown, Likelihood of Success, and Offset**

17. As set forth above, based upon the review of documents and ESI by me and my professionals, it does not appear that Mr. Brown served as: (i) an officer or director of Excell; (ii) was in management or control of Excell; or (iii) participated in the day-to-day operations of Excell.

18. Therefore, any potential non-Chapter 5 causes of action would be extremely difficult to assert and provide limited prospects of recovery.

19. Furthermore, any judgment that is obtained against Mr. Brown would be subject to offset against Mr. Brown's $16,895,318.87 claim asserted against the Excell bankruptcy estate at Proof of Claim 9-2.

VII. **The Settlement Should be Approved under *Justice Oaks* and Bar Order Entered Pursuant to *Munford*** 

20. As set forth in the Motion to Compromise, the *Justice Oaks* factors applicable to settlements under Fed. R. Bankr. P. 9019 in this circuit are satisfied. The probability of success in the litigation against the Brown Released Parties is questionable at best. Collection of any non-chapter 5 judgment is remote, because Mr. Brown has an over $16.8 million claim in the estate against which any judgment would be offset. Litigation of non-chapter 5 causes of action are extremely complex both factually and legally and would take substantial time and expense. The paramount interest of creditors in this case is to increase their recovery, which this settlement does through recovery of money, including $600,000 in cash, plus any recovery from Mr. Brown's interest in Parallel, and the reduction of litigation expenses and the subordination of Mr. Brown's $16.8 million claim which substantially increases any potential dividend to the remaining non-subordinated general unsecured creditors.

21. Likewise, there is substantial support for the entry of a bar order in connection with this settlement. The *Munford* factors applicable in this Circuit are satisfied. (I) the settlement furthers the long-standing policy of encouraging pretrial settlement; (ii) the cost of litigation would be very burdensome to this estate; (iii) the Bar Order is integral to this settlement agreement; (iv) the claims being barred are interrelated claims that only I could bring on behalf of the Excell bankruptcy estate; (v) no parties have provided evidence to support any claims against the Brown Released Parties; (vi) the litigation against the Brow Released Parties is complex, and (vii) the expense of litigation to be borne by the estate and its creditors would only have a deleterious effect unless any judgment far exceeded the $16.8 million claim of Mr. Brown.

## VIII. Trustee's Request for Specific Findings of Fact Regarding Mr. Brown

22. For the same reasons set forth above, the Trustee requests that this Court make the following finding with respect to Mr. Brown:

23. Mr. Brown was an innocent shareholder of Excell Auto Group, Inc.

24. Mr. Brown was not an officer or director of Excell Auto Group, Inc.

25. Mr. Brown did not participate in the management or control of Excell Auto Group, Inc.

26. Mr. Brown did not participate in the day-to-day operations of Excell Auto Group, Inc.

### 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on May 8, 2023.

Nicole Mehdipour<br>
Nicole Testa Mehdipour, Chapter 7 trustee<br>
For the estate of Excell Auto Group, Inc.

**Signature:** *Nicole Mehdipour*

**Email:** nicolem@ntmlawfirm.com

# Declaration of N. Mehdipour re Brown Settlement (filing)

Final Audit Report                                                                 2023-05-09

| | |
|---|---|
| Created: | 2023-05-08 |
| By: | Jason Rigoli (jrigoli@furrcohen.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAtCViDA7VWoFb9Cl1-AUf9iR4z3wYjryU |

## "Declaration of N. Mehdipour re Brown Settlement (filing)" History

- 📄 Document created by Jason Rigoli (jrigoli@furrcohen.com)
  2023-05-08 - 11:41:12 PM GMT- IP address: 73.124.72.151

- ✉️ Document emailed to Nicole Mehdipour (nicolem@ntmlawfirm.com) for signature
  2023-05-08 - 11:41:46 PM GMT

- 📄 Email viewed by Nicole Mehdipour (nicolem@ntmlawfirm.com)
  2023-05-09 - 0:48:36 AM GMT- IP address: 174.211.173.191

- ✍️ Document e-signed by Nicole Mehdipour (nicolem@ntmlawfirm.com)
  Signature Date: 2023-05-09 - 0:51:28 AM GMT - Time Source: server- IP address: 174.211.173.191

- ✅ Agreement completed.
  2023-05-09 - 0:51:28 AM GMT

**Adobe Acrobat Sign**