UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No.:  22-12790-EPK
                                                                Chapter 7
EXCELL AUTO GROUP, INC.,

    Debtor.
_____/

**TRUSTEE'S NOTICE OF FILING REDLINED**
**VERSION OF PROPOSED BAR ORDER**

    Nicole Testa Mehdipour ("**Trustee**"), Chapter 7 Trustee for the estate of Excell Auto Group, Inc., by and through undersigned counsel, hereby files the attached redlined version of the proposed Bar Order

    Respectfully submitted this 9th day of May 2023.

                                             FURR AND COHEN, P.A.
                                             One Boca Place, Suite 419A
                                             2255 Glades Road
                                             Boca Raton, FL 33431
                                             Telephone: (561) 395-0500
                                             Facsimile: (561) 338-7532

                                    BY:   /s/ *Alan R. Crane*
                                             *Special Counsel for Trustee*
                                             Alan R. Crane, Esq.
                                             Florida Bar No.: 0963836
                                             E-mail: acrane@furrcohen.com

1

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.

    Debtor.

_____

Case No. 22-12790-EPK

Chapter 7

**BAR ORDER PURSUANT TO SETTLEMENT AGREEMENT BETWEEN
TRUSTEE NICOLE TESTA MEHDIPOUR AND EDWARD BROWN**

**THIS MATTER** came before the Court at a duly noticed hearing on _____, 2023 at ____ a.m./p.m. ("Hearing") upon the *Trustee's Motion to Compromise Controversy With Edward Brown and for Entry of a Bar Order* [ECF No.___] (the "Motion"). The Court, having (i) reviewed and considered the Motion and the Settlement Agreement and Release (the "Settlement Agreement") between Nicole Testa Mehdipour, Chapter 7 Trustee (the "Trustee") for the Estate of Excell Auto Group, Inc. ("Estate") on the one hand and Edward Brown ("Brown"), (ii) taken notice of the status of these proceedings and litigation involving the Trustee, (iii) heard

69921893;1

the evidentiary proffer and testimony of the Trustee and Brown, (iv) approved the Settlement Agreement by entry a separate order [ECF ___], and (v) been duly advised in the premises, and it appearing the relief requested in the Motion is reasonable and in the best interests of the Debtor's bankruptcy estate, finds that good cause exists to grant the relief requested in the Motion, including the entry of this Bar Order.[1]  Therefore, the Court makes the following findings of fact and conclusions of law in support of the Court granting the Motion and approving the Bar Order[2]:

## FACTUAL FINDINGS

A.    On April 8, 2022 (the "Petition Date"), Excell Auto Group, Inc. (the "Debtor" or "Excell") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, instituting the above-captioned bankruptcy case.

B.    Nicole Testa Mehdipour was duly appointed and is the permanent Chapter 7 trustee for the bankruptcy estate of Excell Auto Group, Inc.

C.    The Trustee and her professionals have been investigating numerous claims, causes of action, other potential assets to recover for administration in this estate, including against Brown and the Brown Released Parties, as defined herein.

D.    On February 12, 2021, Debtor entered into a loan agreement with Brown (the "Loan Agreement"), through which Excell borrowed $10,000,000 from Brown and agreed to the terms of repayment of a pre-existing $3,000,000 loan from Brown.

E.    Pursuant to the terms of the Loan Agreement, Kristen Zankl assigned 49% of her

---

[1] All capitalized terms not defined in this Order shall have the meaning ascribed in the Settlement Agreement.  To the extent the defined meanings differ, the definitions in the Settlement Agreement shall control.

[2] To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed and such finding made applicable in this Order, and to the extent any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed and such finding made applicable in this Order.

interest in Excell as collateral to the loan "which shall remain vested in Brown until the Loan is repaid." Further, pursuant to the Loan Agreement, Brown would not receive any distributions during the time that Brown held a vested interest in Excell. Upon the repayment of the loan, Brown's interest would be reduced to a 20% vested interest and "[a]t the time Brown becomes vested in Excell, he begin to receive distributions from Excell."

F.  Brown was never a director or officer of Excell. Brown did not participate in the management, control, or operations of Excell, did not have access to any books, records, accounts, or bank statements of Excell, and did not have knowledge of the liabilities of Excell beyond the loans that Brown made to Excell. At no point in time, did Brown have a controlling interest in Excell or the Excluded Entities referenced in the Motion and Settlement Agreement.

G.  The Trustee has reviewed the facts supporting the Brown Amended Claim and acknowledges that Brown has suffered in excess of $16,000,000 in monetary damages as a result of the Debtor's and its agents' pre-petition acts.

H.  Based upon the information provided to the Trustee, the Trustee believes that Mr. Brown was an innocent shareholder of the Debtor.

I.  The Trustee believes that the only exposure the Brown Released Parties have to non-Chapter 5 claims related to the Debtor's estate, or claims against it, including any potential claims for alter ego liability, piercing of the corporate veil, mere instrumentality, breach of fiduciary duty, are claims that could only be brought by the Trustee on behalf of the Bankruptcy Estate.

J.  Brown has asserted a claim in excess of $16,000,000 in the Bankruptcy Case, and to the extent the Trustee successfully avoids and recovers any preference payments, that claim could increase.

K.	Further, to the extent that the Trustee was successful in litigating against Brown, the damages could be offset against Mr. Brown's claim such that there would be no cash recovery to the Estate.

L.	The possibility of a long, complicated, and expensive trial is likely based on the difficult factual and legal issues, the significant number of creditors involved, and in light of the history of related litigation involving the Estate.  The litigation would incur substantial administrative expense claims.

M.	The Bar Order requested is integral to the Settlement Agreement, as Brown would not have entered into the Settlement Agreement without entry of the Bar Order.

N.	Brown conditioned the Settlement Agreement on this Court entering this Bar Order.

O.	Brown is unwilling to pay any of the settlement sums without assurance that the Brown Released Parties will be protected from further claims.

P.	Based on the above factors, the Court finds that the Bar Order is essential for a litigation settlement agreement.

## CONCLUSIONS OF LAW

Q.	The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

R.	Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

S.	Due and proper notice of the Motion and Hearing was given to the parties required under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

T.	The Trustee seeks entry of the Bar Order pursuant to approval of the Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.  Rule 9019(a) provides that,

after notice and a hearing, a court may approve a proposed settlement of a claim.

U. The decision of whether or not to approve a compromise is within the sound discretion of the court. *In re Chira*, 367 B.R. 888, 896 (S.D. Fla. 2007) citing *In re Air Safety Intern., L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988).

V. As part and parcel of the Settlement Agreement, the Trustee seeks the entry of a bar order enjoining any party from suing the Brown Released Parties from any matter arising from or relating to claims against the Estate or the Debtor, in accordance with the authority granted the Bankruptcy Court.

W. This Court has the inherent power under the Bankruptcy Code, including section 105(a), to issue any order necessary or appropriate to carry out the provisions of Title 11. *Munford v. Munford, Inc.* (*In re Munford*), 97 F.3d 449, 454 (11th Cir. 1996) (finding bankruptcy court had authority under section 105(a) to enter order barring claims against certain defendants).

X. The Eleventh Circuit concluded that (i) public policy favors settlements; (ii) the cost of litigation can be burdensome to a bankruptcy estate, and (iii) "bar orders pay an integral role in facilitating settlements." *Munford*, 97 F.3d at 455; *accord In re S & I Invs.*, 421 B.R. 569, 583–586 (Bankr. S.D. Fla. 2009).

Y. In this case, the Trustee has testified that the Bar Order is an essential and critical element of the Settlement Agreement and the willingness of Brown to pay $600,000 to the Estate, provide litigation funding of an additional $200,000 to the Trustee, and convey all claims and stock that Brown has of SH Parent, Inc., DBA Parallel Brands, any of its present or former officers, and any of its present or former directors, arising from Brown's acquisition of equity in SH Parent, Inc., DBA Parallel Brands. The Settlement Agreement expressly provides that without a bar order,

it is ineffective and void. The Trustee has further testified that without a bar order, Brown would not have had entered into the Settlement Agreement.

   Z. A bar order is consistent with the pronouncement of the Eleventh Circuit in *Munford* and *In re U.S. Oil and Gas Litigation*, 967 F.2d 489 (11th Cir. 1992), and therefore, entry of a bar order is proper pursuant to 11 U.S.C. § 105(a) and the inherent powers of this Court.

   AA. The Court specifically concludes that the Settlement Agreement, generally, and the Bar Order, specifically: (i) is integrally related to the Trustee's potential claims against the Brown Released Parties; (ii) is adequately interrelated to those claims that any party may have against the Brown Released Parties; (iii) is a critical and required term of the Settlement Agreement; (v) is necessary to achieve the complete resolution of the issues contained in the Settlement Agreement, without which the settling parties would not proceed with the Settlement Agreement; and (vi) is fair and equitable under the circumstances. The result of the Bar Order is that the largest creditor of the Estate, Brown, will provide funds and assets to satisfy claims of other estate unsecured creditors while subordinating his own claim, and funding litigation claims to potentially marshal further assets for the estate. Brown would not otherwise agree to do so given the possibility of future litigation among the vast pool of creditors. The settlement maximizes the recovery for the estate creditors in the most efficient manner, and the bar order is therefore fair and equitable under the circumstances.

   BB. For the avoidance of doubt, and in light of the decisions of the Eleventh Circuit in *Munford* and *U.S. Oil and Gas,* as adopted by this Court in *In re S & I Invs.,* the Court finds that it has subject matter jurisdiction to enjoin claims against Brown and the Brown Released Parties, because such claims (i) are interrelated with claims which have been or could be asserted by the Trustee, and (ii) impact the administration of the Debtor's bankruptcy estate.

**BASED UPON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED as follows:**

1. The Motion is **GRANTED,** and the Court hereby enters a bar order pursuant to the Settlement Agreement.

2. Upon receipt by the Trustee of the Settlement Payment (as defined in the Settlement Agreement), all Barred Persons are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting, either derivatively or on behalf of themselves, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, any actions, cause and causes of action, Claims, counterclaims, cross-claims, suits, proceedings, or demands, for damages, punitive damages, costs, expenses, attorneys' fees, and all liabilities whatsoever, of every kind and nature, whether known or unknown, suspected or unsuspected accrued or unaccrued, in law, equity or otherwise, which the Barred Persons ever had, against the Brown Released Parties arising out of, connected with, or in any way related to the Debtor and the Bankruptcy Main Case.  The Barred Claims include all Claims that any Barred Person has against the Brown Released Parties based on any legal theory or potential liability arising from Brown's ownership interest in Excell, including claims for alter ego liability, piercing of the corporate veil, mere instrumentality, breach of fiduciary duty, or any other theory of imposition of liability for the corporate debts of Excell premised upon Brown's ownership interest.  The Barred Claims specifically exclude any *in rem* claims for relief that any Person or Entity, other than Excell, the Estate, or the Excell Trustee, may have against the following vehicles in Brown's possession: a 2021 Cullinan VIN SLATV8C09MU204097, a 2021 Lamborghini Urus Mansory Edition VIN#ZPBUA1ZL1MLA12270, a 2021 Ferrari Roma VIN#ZFF98RNA3M0263662, and a black

Ferrari Stradale Sf90 VIN# ZFF95NLA7MO265077 (the "Stradale"); and/or (b) any *in personam* claims as alleged or could be alleged in the pending case styled as *Michael Halperin v. Edward Brown*, Case No. 50-2022-CA-008259-XXX-MB in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County (the "Halperin SF90 Claim") for relief relating to the Stradale that any Person or Entity, other than Excell, the Estate, a third party claiming through Excell, or the Excell Trustee, may have.  For avoidance of any doubt, the Bar Order shall not preclude any *in personam* claims against the Brown Released Parties for any claims whatsoever related to or arising from Brown's acquisition of possession or control of the Stradale from any person or entity other than the Debtor or Brown's acts or omissions relating to the Stradale following such acquisition of possession or control.

3. The scope of the bar order set forth in Paragraph 2 is limited to those claims against the Brown Released Parties arising from their connection, involvement, or interest with Debtor, and is not intended to bar third party claims against the Brown Released Parties arising out of matters completely unrelated to the Brown Released Parties' involvement with Debtor.

4. The following definitions apply to the provisions of this Order barring claims as set forth below; any capitalized terms used herein that are not defined herein shall have the meanings ascribed to them in the Settlement Agreement between the Trustee and Brown:

> (i) "Barred Person" means any Person or Entity that holds, may hold, or purports to hold a Claim or other debt or liability or an Interest or other right, against, in, arising out of, or in any way relating to Debtor Excell Auto Group, Inc. or its Bankruptcy Estate, whether that Person or Entity filed a proof of claim or otherwise, except that such term shall not include the

        Securities and Exchange Commission, or any other governmental entity or agency.

(ii)    "Claim" means any "claim" defined in section 101(5) of the Bankruptcy Code and any other actions, causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, losses, costs, expenses, attorneys fees, and demands or liabilities.

(iii)    "Entity" has the definition set forth in section 101(15) of the Bankruptcy Code.

(iv)    "Interest" means any share of common stock, preferred stock, or other instrument evidencing an ownership interest of the Debtor, whether or not transferable, issued, or outstanding, and any option, warrant, or right, contractual or otherwise, to acquire any such interest of Debtor.

(v)    "Person" has the definition set forth in section 101(41) of the Bankruptcy Code.

(vi)    "Brown Released Parties" means Edward Brown, his wife, Ashley Brown, the Edward M. Brown Revocable Trust (the "Trust"), or any entity in which Brown, his wife, or the Trust had, have, or will have a Controlling Interest except the Excluded Entities.

(vii)    Excluded Entities has the meaning defined in the Settlement Agreement and includes Excell, Karma of Palm Beach, Inc., or Karma of Broward, Inc., Excell Auto Finance, LLC nka Columbus Day Finance, LLC, Excell Auto Leasing, LLC, Excell Auto Sport and Service, LLC, Excell Auto Sports

and Service, Inc., SH Parent, Inc., DBA Parallel Brands, and Graner Platzek & Allison, P.A.

(viii) Controlling Interest shall mean an ownership interest that under the corporate governance of the business entity provides the owner with the legal capacity to: (i) unilaterally appoint or terminate any officer or director; (ii) convey substantially all of the assets of the business entity; or (iii) make any operational business decision on behalf of the business entity.

(ix) At no time did Brown have a controlling interest in the Excluded Entities.

5. The Court retains jurisdiction regarding the interpretation, effectuation, and enforcement of the terms and conditions of this Order.

###

Submitted by: