

**ORDERED in the Southern District of Florida on May 19, 2023.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.

      Debtor.

Case No. 22-12790-EPK

Chapter 7

_____

**ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY**
**WITH EDWARD BROWN AND FOR ENTRY OF A BAR ORDER (ECF NO. 378)**

      **THIS MATTER** came before the Court at a duly noticed hearing on May 10, 2023 at

10:30 a.m. ("Hearing") upon the *Motion to Compromise Controversy With Edward Brown and*

*for Entry of a Bar Order* [ECF No. 378] (the "Motion"). The Court, having (i) reviewed and

considered the Motion and the Settlement Agreement and Release (the "Settlement Agreement")

between Nicole Testa Mehdipour, Chapter 7 Trustee (the "Trustee") for the Estate of Excell Auto

Group, Inc. ("Estate"), and Edward Brown ("Brown"), (ii) taken judicial notice of the status of

these proceedings and litigation involving the Trustee or related to the Debtor, pursuant to the

*Request for Judicial Notice of Documents to Be Used in Support of Motion to Compromise*

*Controversy with Edward Brown and for Entry of Bar Order* [ECF No. 391], (iii) considered the testimony of the Trustee and Brown, through their declarations [ECF Nos. 392 and 393] that were accepted into evidence without objection, with no party requesting to cross-examine either witness and no-rebuttal evidence having been introduced, (iv) heard no objection from any interested party to the relief requested, (v) been advised that 14 creditors, as represented by counsel for Brown, affirmatively supported the Motion, and (vi) been otherwise fully advised, and it appearing the relief requested in the Motion is reasonable and in the best interests of the Debtor's bankruptcy estate, finds that good cause exists to grant the relief requested in the Motion.[1]  Therefore, the Court makes the following findings of fact and conclusions of law in support of the Court granting the Motion and approving the Settlement Agreement[2]:

## **FACTUAL FINDINGS**

A.      On April 8, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, instituting the above-captioned bankruptcy case.

B.      Nicole Testa Mehdipour was duly appointed and is the permanent Chapter 7 trustee for the bankruptcy estate of Excell Auto Group, Inc. (the "Debtor" or "Excell").

C.      The Trustee and her professionals have been investigating numerous claims, causes of action, other potential assets to recover for administration in this estate, including against Brown and the Brown Released Parties.

D.      On February 12, 2021, the Debtor entered into a loan agreement with Brown (the

---

[1] All capitalized terms not defined in this Order shall have the meaning ascribed in the Settlement Agreement.  To the extent the defined meanings differ, the definitions in the Settlement Agreement shall control.

[2] To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed and such finding made applicable in this Order, and to the extent any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed and such finding made applicable in this Order.

"Loan Agreement"), through which Excell borrowed $10,000,000 from Brown and agreed to the terms of repayment of a pre-existing $3,000,000 loan from Brown.

E.      Pursuant to the terms of the Loan Agreement, Kristen Zankl assigned 49% of her interest in Excell as collateral to the loan "which shall remain vested in Brown until the Loan is repaid."  Further, pursuant to the Loan Agreement, Brown would not receive any distributions during the time that Brown held a vested interest in Excell.  Upon the repayment of the loan, Brown's interest would be reduced to a 20% vested interest and "[a]t the time Brown becomes vested in Excell, he will begin to receive distributions from Excell according to such interest."

F.      Brown never served as a a director or officer of Excell.  Brown did not participate in the management, control, or operations of Excell, did not have access to any books, records, accounts, or bank statements of Excell, and did not have knowledge of the liabilities of Excell beyond the loans that Brown made to Excell.

G.      The Trustee has asserted that Brown and Selfless Love Foundation, Inc., a Florida not for profit corporation ("Selfless Love") of which Brown is a director, received certain prepetition preferential payments pursuant to the Loan Agreement in the one-year period prior to the commencement of the Debtor's bankruptcy case.

H.      Brown and Selfless Love have asserted defenses to the preference payments, including ordinary course of business for all the loan payments made pursuant to the schedule provided in the Loan Agreement.

I.      The Trustee believes that the only exposure the Brown Released Parties have to non-Chapter 5 claims related to the Debtor's estate, or claims against it, including any potential claims for alter ego liability, piercing of the corporate veil, mere instrumentality, breach of fiduciary duty, are claims that could only be brought by the Trustee on behalf of the bankruptcy

estate of Excell.  However, based upon the information provided to the Trustee, the Trustee believes that Brown was an innocent shareholder of the Debtor. The Trustee is not aware of any basis for bankruptcy estate of Excell  or any other party to pursue a derivative claim against Brown.

J.      Pursuant to the Settlement Agreement, and the unrebutted testimony of both the Trustee and Brown, the Court hereby finds that Brown was an innocent shareholder of the Debtor.

K.      The Trustee has reviewed the facts supporting the Brown Amended Claim and does not dispute that Brown has suffered in excess of $16,000,000 in monetary damages as a result of the Debtor's and its agents' pre-petition acts.

L.      Brown has asserted a claim in excess of $16,000,000 in the Bankruptcy Case, and to the extent the Trustee successfully avoids and recovers any preference payments, that claim could increase.

M.      Further, to the extent that the Trustee was successful in litigating against Brown, the damages could be offset against Brown's claim such that there would be no cash recovery to the Estate.

N.      The possibility of a long, complicated, and expensive trial is likely, based on the difficult factual and legal issues, the significant number of creditors involved, and in light of the history of related litigation involving the bankruptcy estate of Excell.  The litigation would incur substantial administrative expense claims.

O.      The Bar Order requested is integral to the Settlement Agreement, as Brown would not have entered into the Settlement Agreement without entry of the Bar Order.  Brown is unwilling to pay any of the settlement sums without assurance that the Brown Released Parties will be protected from further claims relating to the Debtor or the Estate.

## **CONCLUSIONS OF LAW**

P.     The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

Q.     Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

R.     The statutory and legal predicates for the relief granted herein are sections 105(a), Bankruptcy Rule 9019(a) and Local Rule 9019(A).

S.     Due and proper notice of the Motion and Hearing was given to the parties required under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

T.     The Trustee seeks entry of the Bar Order pursuant to approval of the Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.  Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim.

U.     The decision of whether or not to approve a compromise is within the sound discretion of the court.  *In re Chira*, 367 B.R. 888, 896 (S.D. Fla. 2007) (citing *In re Air Safety Intern., L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005)); *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988).

V.     A compromise or settlement under Bankruptcy Rule 9019 must be fair, equitable, reasonable, and in the interests of the debtor's estate.  *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968); *In re Se.Banking Corp.,* 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004).  A proposed settlement will be approved unless it "fall[s] below the lowest point in the range of reasonableness."  *See, e.g., Martin v. Pahiakos (In re Martin),* 407 F.3d 1272, 1275 (11th Cir. 2007); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  In considering a proposed settlement, the bankruptcy court "may give weight to the trustee's informed judgment that a compromise is fair and equitable."  *In re S & I Investments,*

421 B.R. 569, 584 (Bankr. S.D. Fla. 2009).

W.    Courts in the Eleventh Circuit also consider the following factors: (i) the probability of success in litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience, and delay attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Wallace v. Justice Oaks II, Ltd. (In re Justice Oaks, II, Ltd.),* 898 F.2d 1544, 1459 (11th Cir. 1990).

X.    "[P]ublic policy strongly favors pretrial settlement in all types of litigation because such cases, depending on their complexity, 'can occupy a court's docket for years on end, depleting the resources of parties and the taxpayers while rendering meaningful relief increasingly elusive.'" *Shearson Lehman Brothers, Inc. v. Munford, Inc. (In re Munford, Inc.)*, 97 F.3d 449, 455 (11th Cir. 1996) (quoting *U.S. Oil & Gas v. Wolfson,* 967 F.2d 489, 493 (11th Cir. 1992)).

Y.    Based on the findings of fact set forth herein, the Court concludes that the arguments, representations, proffers, and other evidence introduced in support of the Motion and at the Hearing support and warrant the conclusions of law that the Settlement Agreement meets the standard set out in *In re Justice Oaks II, Ltd.*, 898 F.2d at 1549, and otherwise falls well above the lowest point in the range of reasonableness, as follows:

        a.    <u>Probability of Success</u>.  The Court finds that the probability of success on the litigation against Brown and the Brown Released Parties is questionable. Brown and Selfless Love have asserted defenses to the preference payments, including ordinary course of business for all the loan payments made pursuant to the schedule provided in the Loan Agreement.  The Trustee has reviewed potential claims related to Brown's interest in Excell by virtue of the Assignment, any alleged ownership or control of Excell (including alter ego, piercing the corporate veil, and breach of fiduciary duty), and claims unrelated to Chapter 5 claims.  The evidence provided to the Trustee that Brown was not an officer or director of the Debtor and did not participate in the management or control of the Debtor is unrebutted. Brown did not have access to the basic books and records of Excell, nor

ability to hire or fire employees, access bank accounts or bank statements, or any ability to control the operational or management functions of Excell.

b. <u>Difficulties in Collection</u>. Any judgment against Brown and the Brown Released Parties may ultimately be collectible, however, Brown has also filed a proof of claim in excess of $16,000,000, against which any non-Chapter 5 judgment may ultimately be offset.

c. <u>Complexity of the Litigation</u>. The Chapter 5 litigation is not overly complex. The legal and factual issues are straightforward. Notwithstanding, Brown would put forth a vigorous defense and has substantiated his position in connection with the settlement negotiations. Any non-chapter 5 causes of action would involve complex legal and factual analysis. Any adversary proceeding brought by the Trustee against the Brown Released Parties would be vigorously contested and will cause substantial delay in any potential recovery.

d. <u>Paramount Interest of the Creditors</u>. The Court finds that the settlement is in the paramount interest of creditors because the proposed Settlement Payment coupled with the Litigation Funding, the payment of the sale proceeds of the Parallel Preferred Stock, and consensual subordination of the Brown Amended Claim projects to fund a distribution of undisputed allowed claims with a substantially greater distribution upon the prosecution of the Brown Funded Claims and liquidation of the Parallel Preferred Stock.

Z. The Court thereby finds that Settlement Agreement takes into account the relative probabilities of success on the Parties' claims, as well as the costs and expenses to be incurred by the Parties from pursuit of further litigation and proposes a global resolution of all claims that the Parties have determined to be fair, equitable, reasonable, and in the best interests of the estate.

AA. The Settlement Agreement is the result of arms-length negotiations between the Trustee and Brown, and the Court finds that the Trustee and Brown have acted in good faith in negotiating and entering into the Settlement Agreement.

BB. Based on her reasoned business judgment, the Trustee has made a determination that the Settlement Agreement provides a certain and prompt recovery for creditors and she recommends its approval. The Court further finds that entry into the Settlement Agreement is a proper exercise of the Trustee's sound business judgment.

**BASED UPON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED as follows:**

1.      The Motion is **GRANTED.**

2.      The Settlement Agreement is hereby **APPROVED**.

3.      No objections to the Motion have been asserted by any interested party.  Any objections that could have been asserted by any party are expressly **OVERRULED**.

4.      The Court finds that entry of the requested Bar Order is appropriate in order to achieve the finality and repose that is contemplated as a term of the proposed settlement and that good cause therefore exists for the entry of this Order, and that this Order is fair and equitable. *See In re U.S. Oil & Gas Litigation*, 967 F.2d 489, 495-496 (11th Cir. 1992); *In re Munford, Inc.*, 97 F.3d 449, 454-455 (11th Cir. 1996); *In Re Centro Grp., LLC*, No. 21-11364, 2021 WL 5158001 (11th Cir. Nov. 5, 2021); and *Brophy v. Salkin*, 550 B.R. 595 (S.D. Fla. 2015).

5.      Each and every term and condition of the Settlement Agreement is approved, incorporated and adopted herein.

6.      The Bar Order request is approved to the extent set forth by separate Order of this Court in the *Bar Order Pursuant to Settlement Agreement Between Trustee Nicole Testa Mehdipour and Edward Brown*.

7.      Brown shall make a lump-sum settlement payment to the Trustee, on behalf of the Excell estate, in the amount of $600,000.00 (Six Hundred Thousand Dollars) within 7 days of this Order and the Bar Order becoming final and non-appealable.  Payment shall be delivered in the manner specified in the Settlement Agreement.

8.      Brown shall convey to the Trustee on behalf of the Excell estate: (i) all claims and causes of action that Brown has against SH Parent, Inc., d/b/a Parallel Brands, any of its present

or former officers, and any of its present or former directors, arising from Brown's acquisition of equity in SH Parent, Inc. d/b/a Parallel Brands: and (ii) any after-tax net proceeds realized by Brown from the sale of Brown's equity in SH Parent, Inc., d/b/a Parallel Brands to by Brown from the sale of Brown's equity in SH Parent, Inc. d/b/a Parallel Brands to be sold by Brown in a time and manner consented to in writing by the Trustee to be completed within a time specified in writing by the Trustee ("the Parallel Sale Deadline"). Upon the liquidation of any asset pursuant to this paragraph, the funds shall be transmitted to the Trustee in the same manner as the Settlement Payment.

9.      The Amended Claim of Edward Brown (Claim No. 9-2) (the "Amended Brown Claim") is allowed in the amount of $16,895,318.87.   The Amended Brown Claim shall be subordinated to all timely filed unsecured claims and shall only receive a distribution after all timely unsecured claims have been paid in full.

10.      The provisions of the Settlement Agreement with respect to Litigation Funding for Brown Funded Claims, including the provisions regarding Special Counsel are approved.

11.      Brown shall receive an allowed administrative expense claim for any Litigation Funding actually funded by Brown to the Debtor's Estate pursuant to the Settlement Agreement (the "Brown Administrative Claim").   The Brown Administrative Claim shall be satisfied solely from the proceeds of the Brown Funded Claims.

12.      The Trustee's agreement to disclaim any right, title, or interest in the Trailer and turn the Trailer over to Selfless Love is approved. The disclaimer shall constitute an abandonment of the Estate's interest in the Trailer. The Trustee made no representations or warranties to Selfless Love regarding the Trailer.

13.     This Order shall be interpreted as broadly as possible so as to effectuate the purposes stated herein.

14.     Subject to the terms and conditions of the Settlement Agreement, the Trustee is authorized to take any and all action necessary to consummate the Settlement Agreement.

15.     The Court reserves sole and exclusive jurisdiction to interpret and enforce the terms of this Order and the Settlement Agreement between the parties and to enter further orders as necessary to implement the Settlement Agreement.

###

Submitted by:
Alan R. Crane, Esq.
Furr and Cohen, P.A.
2255 Glades Rd, Suite 419A
Boca Raton, FL 33431
Tel: (561)395-0500/Fax: (561) 338-7532
acrane@furrcohen.com

*Copy furnished to Attorney Crane, who shall serve a Copy of the Order on all interested parties and file a certificate of service thereon.*