UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

                                      Case No.: 22-12790-EPK

EXCELL AUTO GROUP, INC.                   Chapter 7

        Debtor.

_____/

## MOTION TO COMPEL PRODUCTION AND FOR CONTEMPT

       Nicole Testa Mehdipour ("**Trustee**"), Chapter 7 trustee in the above captioned bankruptcy case, pursuant to Fed. R. Bankr. P. 2004(c), 9016, and Local Rules 2004-1, 7026-1, and 9016-1, and respectfully states as follows:

       1.      The Trustee has now sent four subpoenas to American Express, to which American Express has not produced any responsive documents.

### I.    The First Set of Subpoenas

       2.      On or about Jun 30, 2022, the Trustee served Rule 2004 Subpoenas on American Express Company and American Express Travel Related Services[1].  *See* **Exhibit No. 1**.

       3.      American Express shortly thereafter requested 60-days to respond to the subpoenas.

       4.      Both subpoenas include the same 3 requests, namely all documents and communications pertaining to each open or closed account(s) in the names of the Debtor, Karma of Palm Beach, or Karma of Broward, along with subsets of examples which includes statements. The Time period for the requests were April 8, 2018 through the date of production.  *See* Ex. 1, pp. 4 and 12[2], Instructions, ¶ A.

---

[1] American Express Company and American Express Travel Related Services are collectively referred to as American Express.
[2] The page number referenced here is the ECF Page No. at the top of each page.

5.      On August 31, 2022, American Express sent a letter stating that Subpoenas 1 and 2 contained insufficient information for American Express to process the request. *See* **Exhibit 2**.

6.      Counsel for the Trustee tried calling the number provided by American Express which brings callers to an automated system and generally allows you to leave a message.  Counsel for the Trustee also sent multiple e-mails with additional information to American Express to assist in getting American Express additional information necessary to process the request.

7.      On December 14, 2022, counsel for the Trustee received production from American Express, which totaled 20 pages of documents that all related to a merchant account.  American Express's response provides four alternative theories of why documents may not have been produced without explaining that any of these theories is applicable. *See* **Exhibit 3**.

8.      American Express filed Proof of Claim No. 1 in this bankruptcy case 17-days after the Petition was filed.  Despite being able to identify the Debtor and its account to file its Proof of Claim, American Express has not produced a single statement in response to Subpoena 1 or 2.

## II.      The Second Set of Subpoenas

9.      In an effort to avoid filing this Motion, the Trustee prepare and served two new subpoenas on American Express.  Subpoenas 3 and 4 are attached as **Exhibit 4**.

10.     Subpoenas 3 and 4 were signed and dated June 8, 2023, and called for production on June 23, 2023.  Ex. 4, pp. 2 and 9.

11.     The Trustee this time, requested information from all accounts based upon 3 separate social security numbers, which numbers were provided in full to American Express.

12.     On June 26, 2023, 3-days after the documents were to be produced American Express sent a letter to counsel stating that it would take 60-days for American Express to respond.

13.     On July 5, 2023, counsel sent an email to American Express notifying American Express of upcoming depositions and requesting a fast turn around time.  American Express did not respond.

14.     At the very latest, that put production due on August 28, 2023. No production or other response has been received by the Trustee or counsel.

15.     On September 7, 2023, counsel for the Trustee called the toll-free phone number provided by American Express but could not leave a message because the mailbox was full.

16.     As of the filing of this Motion American Express has not provided any documentation with respect to any credit card or other account that any of these entities have with American Express beyond what is included in Exhibit 3.  Notwithstanding the lack of production, American Express was able to file Proof of Claim No. 1 in the above captioned bankruptcy case. Accordingly, American Express must have some documents to support their claim, which would also be responsive to the request for production in the 2004 Subpoenas.

**Basis for Relief Sought**

17.     Fed. R. Bankr. P. 2004(c) authorizes the Court to compel the examinee to produce documents and ESI in the manner provided for in Fed. R. Bankr. P. 9016, which incorporates without modification Fed. R. Civ. P. 45.

18.     Fed. R. Civ. P. 45(g) authorizes the Court to hold the examinee "who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

19.     American Express has failed to comply with its duties set forth in Fed. R. Bankr. P. 2004, Fed. R. Civ. P. 45(e), by failing to adequately respond to the requests set forth in the Subpoenas.

20.     Accordingly, the Trustee requests that this Court enter an order: (i) compelling American Express to produce all documents responsive to the subpoenas within 7-days of the entry of the Order Granting this Motion; (ii) holding American Express in contempt for failing to adequately respond to the subpoenas; and (iii) awarding sanctions against American Express for its failure to produce or adequately respond.

### Certification under Fed. R. Civ. P. 37 and Local Rule 7026

21.     Counsel for the Trustee has made multiple attempts to communicate with American Express to resolve this matter before filing the Motion.

22.     The phone number provided by American Express in its response brings the caller to automated system that does not allow the caller to speak to a representative to discuss the subpoena and production.

23.     Undersigned counsel e-mails American Express' Subpoena Response Unit on January 10, 2023, February 2, 2023, and April 14, 2023. Seeking an explanation or to coordinate a call with American Express.

24.     Undersigned counsel did receive a call back to the January 10, 2023, e-mail for clarification of the issues, but never received any follow up thereafter.

25.     On April 14, 2023, undersigned counsel call a third-party attorney that undersigned counsel is dealing with in an unrelated bankruptcy case and who regularly represents American Express and asked if he could assist in facilitating a response from American Express. Undersigned Counsel then forwarded his latest e-mail communication to the third-party attorney who stated he would forward this message on to a person he works with directly which may facilitate a response.

4

26.     On July 5, 2023, counsel sent an email to American Express notifying American Express of upcoming depositions and requesting a fast turnaround time.  American Express did not respond.

27.     On September 7, 2023, counsel for the Trustee called the toll-free phone number provided by American Express but could not leave a message because the mailbox was full.

28.     Undersigned counsel has still not received any response from American Express.

29.     Undersigned counsel has acted in good-faith and attempted to resolve this dispute without Court intervention.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an order: (i) granting this Motion; (ii) compelling American Express to produce all documents responsive to the four subpoenas within 14-days of the entry of the Order Granting this Motion; (iii) holding American Express in contempt for failing to adequately respond to the subpoenas; (iv) awarding sanctions against American Express for its failure to produce or adequately respond; and (v) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of September 2023.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, Fl 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

By: */s/ Jason S. Rigoli*
Alan R. Crane
Florida Bar No.: 0963836
E-Mail: Acrane@Furrcohen.com
Jason S. Rigoli, Esq.
Florida Bar No. 91990
E-mail: jrigoli@furrcohen.com

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.:  22-12790-EPK
                                                          Chapter 7
EXCELL AUTO GROUP, INC.,

     Debtor.
_____/

### <u>NOTICE OF INTENT TO SERVE SUBPOENA</u>

     PLEASE TAKE NOTICE, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, that Nicole Testa Mehdipour, Trustee, chapter 7 trustee, by and through undersigned counsel, intends on serving the subpoena in the form enclosed with this notice on American Express Company and American Express Travel Related Services Company, Inc., on May 26, 2022, or as soon thereafter as service can be effected.

FURR AND COHEN, P.A.
*Attorneys for Chapter 7 Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
(561) 395-0500/Fax: 561-338-7532

By: */s/ Jason S. Rigoli*_____
     Jason S. Rigoli, Esq.
     Florida Bar No. 091990
     Email: jrigoli@furrcohen.com

```
┌─────────────────┐
│   EXHIBIT       │
│      1          │
└─────────────────┘
```

1

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re  Excell Auto Group, Inc.‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌        Case No.  22-12790-EPK‌‌‌‌‌‌‌
                    Debtor

                                        Chapter  7‌‌‌‌‌

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  American Express Company, C T Corporation, Registered Agent, 1200 South Pine Island Road, Plantation, FL 33324
            *(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE  Furr and Cohen, P.A. | DATE AND TIME  June 10, 2022 at |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 | *Documents may be produced in lieu of appearance |

The examination will be recorded by this method:  Court Reporter‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌

[X] *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE  Furr and Cohen, P.A. | DATE AND TIME June 10, 2022 at |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 | |

*(Description of documents, electronically stored information, or objects)*
All items identified in attached Exhibit A

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/26/2022‌‌‌‌

        CLERK OF COURT

                                        OR

‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌                    ‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Nicole Testa Mehdipour, Trustee‌‌‌‌‌‌‌‌‌‌ who issues or requests this subpoena, are:
Jason S. Rigoli, Esq., Furr and Cohen, P.A., 2255 Glades Road, #419A, Boca Raton, FL 33431, jrigoli@furrcohen.com, 561-395-0500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                  _____
                                                                *Server's signature*


                                                  _____
                                                                *Printed name and title*


                                                  _____
                                                                *Server's address*


Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

**EXHIBIT "A"**

## I.    Instructions

A.    Time Period: Unless otherwise stated herein, the time period encompassed by this Notice is from **April 8, 2018** up to an including the date of the production of the documents by you.  With respect to the requests relating to any operating agreements, shareholder agreements, partnership agreements, or any other agreements or documents relating to the formations, governance, and/or operation of any entity, the time period for that request shall be from formation of the entity to the present.

B.    Duty to Supplement: This Document request is continuing in nature and when new knowledge or information comes to the attention of the Debtor, the information supplied in the answers to the Document request shall be supplemented forthwith.

C.    Scope of Requests: For each and every Request herein, you shall produce Documents in your possession, custody, or control within the meaning of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including but be limited to Documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All Documents produced pursuant to this request are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or from any copy or draft.

D.    Lost Documents: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

1.    The names of the authors of the Document;
2.    The names of the persons to whom the Documents or copies were sent;
3.    The date of the Document;
4.    The date on which the Document was received by each addressee, copyee or its recipients;
5.    A description of the nature and subject matter of the Document that is as complete as possible;
6.    The date on which the Document was lost, discarded or destroyed; and
7.    The manner in which the Document was lost, discarded or destroyed.

E.    Claim of Privilege: With respect to any Document that Debtor withholds under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

1

1. The names of the senders of the Document;
2. The names of the authors of the Document;
3. The names of the persons to whom the Document or copies were sent;
4. The job title of every person named in subparagraphs 1, 2 and 3 above;
5. The date of the Document;
6. The date on which the Document was received by each addressee, copyee or its recipient;
7. A brief description of the nature and subject matter of the Document; and
8. The statute, rule or decision which is claimed to give rise to the privilege.

F.    <u>Responses</u>: If you cannot, after exercising due diligence to secure or produce the Document(s) requested, you must identify which Request(s) that you do not have any responsive Documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), providing the identity of the person who has possession, custody, or control of the requested Document(s).

G.    <u>Definitions</u>: All words in this request for production shall have their plain, ordinary and common meanings unless specifically defined below in the Definition section of this Notice.

H.    <u>Duplicate Copies</u>: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

I.    <u>Inclusive Construction</u>: Generally, each request should be construed to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

**II.    <u>Definitions</u>**

A.    "**Petition Date**" means April 8, 2022.

B.    "**Bankruptcy Case**" means the above captioned bankruptcy case.

C.    "**Debtor**" means Excell Auto Group, Inc., as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc.

D.    "**Karma of Broward**" means Karma of Broward, Inc., FEI/EIN Number 85-0531887, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Broward, Inc.

2

E.    "**Karma of Palm Beach**" means Karma of Palm Beach, Inc., FEI/EIN Number 30-1246034, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Palm Beach, Inc.

F.    "**Document(s)**" means information in all stored or communicated forms.  With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise.  The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

G.    "**Communication(s)**" means any act or process imparting, express, or exchanging information in any manner or form.

H.    "**Affiliated**" means being in close formal or informal association; related.

I.    "**Affiliate(s)**" shall have the meaning ascribed in 11 U.S.C. § 101(2) (2019).

J.    The terms "**support**," "**evidence**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## DOCUMENTS REQUESTED

1.    All Documents and communications pertaining to each open or closed account(s) in the name of Debtor, over which the Debtor has or had signatory authority, or to which the Debtor is otherwise associated **including, but not limited to**:

   a.    Signature cards (request is from the date each account was opened);

   b.    Account opening documents (request is from date each account was opened);

   c.    Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

   d.    Statements;

2.    All Documents and communications pertaining to each open or closed account(s) in the name of Karma of Broward, over which the Karma of Broward has or had signatory authority, or to which the Karma of Broward is otherwise associated **including, but not limited to**:

   a.    Signature cards (request is from the date each account was opened);

   b.    Account opening documents (request is from date each account was opened);

   c.    Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

3

      d.  Statements;

3.     All Documents and communications pertaining to each open or closed account(s) in the name of Karma of Palm Beach, over which the Karma of Palm Beach has or had signatory authority, or to which the Karma of Palm Beach is otherwise associated **<u>including, but not limited to</u>**:

      a.  Signature cards (request is from the date each account was opened);

      b.  Account opening documents (request is from date each account was opened);

      c.  Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

      d.  Statements;

###

4

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re Excell Auto Group, Inc.

Debtor

Case No. 22-12790-EPK

Chapter 7

### SUBPOENA FOR RULE 2004 EXAMINATION

American Express Travel Related Services Company, Inc., C T Corporation, Registered Agent, 1200 South Pine Island Road,
To: Plantation, FL 33324

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE Furr and Cohen, P.A. | DATE AND TIME June 10, 2022 at |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 | *Documents may be produced in lieu of appearance |

The examination will be recorded by this method:  Court Reporter

[X] *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE  Furr and Cohen, P.A. | DATE AND TIME June 10, 2022 at |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 | |

*(Description of documents, electronically stored information, or objects)*
All items identified in attached Exhibit A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/26/2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Nicole Testa Mehdipour, Trustee           who issues or requests this subpoena, are:
Jason S. Rigoli, Esq., Furr and Cohen, P.A., 2255 Glades Road, #419A, Boca Raton, FL 33431, jrigoli@furrcohen.com, 561-395-0500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT "A"**

## I.    <u>Instructions</u>

A.    <u>Time Period</u>: Unless otherwise stated herein, the time period encompassed by this Notice is from **<u>April 8, 2018</u>** up to an including the date of the production of the documents by you.  With respect to the requests relating to any operating agreements, shareholder agreements, partnership agreements, or any other agreements or documents relating to the formations, governance, and/or operation of any entity, the time period for that request shall be from formation of the entity to the present.

B.    <u>Duty to Supplement</u>: This Document request is continuing in nature and when new knowledge or information comes to the attention of the Debtor, the information supplied in the answers to the Document request shall be supplemented forthwith.

C.    <u>Scope of Requests</u>: For each and every Request herein, you shall produce Documents in your possession, custody, or control within the meaning of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including but be limited to Documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All Documents produced pursuant to this request are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or from any copy or draft.

D.    <u>Lost Documents</u>: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

1. The names of the authors of the Document;
2. The names of the persons to whom the Documents or copies were sent;
3. The date of the Document;
4. The date on which the Document was received by each addressee, copyee or its recipients;
5. A description of the nature and subject matter of the Document that is as complete as possible;
6. The date on which the Document was lost, discarded or destroyed; and
7. The manner in which the Document was lost, discarded or destroyed.

E.    <u>Claim of Privilege</u>: With respect to any Document that Debtor withholds under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

1

1. The names of the senders of the Document;
2. The names of the authors of the Document;
3. The names of the persons to whom the Document or copies were sent;
4. The job title of every person named in subparagraphs 1, 2 and 3 above;
5. The date of the Document;
6. The date on which the Document was received by each addressee, copyee or its recipient;
7. A brief description of the nature and subject matter of the Document; and
8. The statute, rule or decision which is claimed to give rise to the privilege.

F.    <u>Responses</u>: If you cannot, after exercising due diligence to secure or produce the Document(s) requested, you must identify which Request(s) that you do not have any responsive Documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), providing the identity of the person who has possession, custody, or control of the requested Document(s).

G.    <u>Definitions</u>: All words in this request for production shall have their plain, ordinary and common meanings unless specifically defined below in the Definition section of this Notice.

H.    <u>Duplicate Copies</u>: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

I.    <u>Inclusive Construction</u>: Generally, each request should be construed to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

**II.    <u>Definitions</u>**

A.    "**Petition Date**" means April 8, 2022.

B.    "**Bankruptcy Case**" means the above captioned bankruptcy case.

C.    "**Debtor**" means Excell Auto Group, Inc., as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc.

D.    "**Karma of Broward**" means Karma of Broward, Inc., FEI/EIN Number 85-0531887, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Broward, Inc.

2

E.    "**Karma of Palm Beach**" means Karma of Palm Beach, Inc., FEI/EIN Number 30-1246034, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Palm Beach, Inc.

F.    "**Document(s)**" means information in all stored or communicated forms.  With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise.  The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

G.    "**Communication(s)**" means any act or process imparting, express, or exchanging information in any manner or form.

H.    "**Affiliated**" means being in close formal or informal association; related.

I.    "**Affiliate(s)**" shall have the meaning ascribed in 11 U.S.C. § 101(2) (2019).

J.    The terms "**support**," "**evidence**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## DOCUMENTS REQUESTED

1.    All Documents and communications pertaining to each open or closed account(s) in the name of Debtor, over which the Debtor has or had signatory authority, or to which the Debtor is otherwise associated **including, but not limited to**:

    a.   Signature cards (request is from the date each account was opened);

    b.   Account opening documents (request is from date each account was opened);

    c.   Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

    d.   Statements;

2.    All Documents and communications pertaining to each open or closed account(s) in the name of Karma of Broward, over which the Karma of Broward has or had signatory authority, or to which the Karma of Broward is otherwise associated **including, but not limited to**:

    a.   Signature cards (request is from the date each account was opened);

    b.   Account opening documents (request is from date each account was opened);

    c.   Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

3

        d.  Statements;

3.     All Documents and communications pertaining to each open or closed account(s) in the name of Karma of Palm Beach, over which the Karma of Palm Beach has or had signatory authority, or to which the Karma of Palm Beach is otherwise associated **including, but not limited to**:

        a.  Signature cards (request is from the date each account was opened);

        b.  Account opening documents (request is from date each account was opened);

        c.  Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

        d.  Statements;

### ###

4



Please Direct All Correspondence to:
American Express
Attn: Subpoena Response Unit
43 Butterfield Circle
El Paso, TX 79906

August 31, 2022

Furr and Cohen PA
Jason Rigoli
2255 Glades Rd #4 19A
Boca Raton FL 33431

**Re: Excell Auto Group Inc**
**Case No: 2212790EPK**
**American Express File No: CI-01FRM7**

Dear Jason Rigoli:

We are writing to inform you that we are unable to comply with the above referenced subpoena because it contained insufficient or incomplete information for Karma of Broward et al. We could not process your request for the following reason(s):

- ☒ The full account number was not provided.
- ☒ The full Social Security number was not provided.
- ☐ The account number provided is invalid.
- ☐ The name(s) and account number(s) provided do not match.
- ☐ The Social Security number provided was not found in our database.
- ☐ The name provided was not found in our database.
- ☐ The attachment or rider was not provided.
- ☒ The information provided is insufficient to conduct a search in our database.
- ☐ The name and Social Security number provided do not match.

To provide this information, or if you have any questions, please contact us using the details below and reference the above American Express file number. We are available to assist you Monday through Friday from 9:00 am to 4:00 pm Eastern Time.

Sincerely,

American Express Subpoena Response Unit
Ph: 1-888-257-7775
Fax: (772) 360-4756
Email: amexsru@aexp.com

**EXHIBIT**

**2**



Please Direct All Correspondence to:
American Express
Attn: Subpoena Response Unit
43 Butterfield Circle
El Paso, TX 79906

December 14, 2022

Jason Rigoli
Furr and Cohen PA
2255 Glades Rd. #4 19A
Boca Raton FL 33431

**RE: Excell Auto Group Inc**
**Case No: 2212790EPK**
**American Express File No: CI-01FRM7**

Dear Jason Rigoli:

We've enclosed the electronic delivery of documents kept in the ordinary course of business responsive to your legal request. The electronic files are formatted with Adobe Acrobat and are encrypted to Read and Print only. A password to open the electronic files will be sent to you separately.

If we haven't provided any statements or documents that you requested, it's because of one or more of the following:

- There was no activity during those months.
- We were unable to locate any associated documents.
- The documents fall outside of our record retention period.
- The documents will be delivered from a 3rd party. Any additional documents will be sent separately as soon as they are available.

**Instructions to Open and View Electronic Files:**

1.   Download Adobe Acrobat Reader to open and view the electronic files.

2.   Enter the password provided to you in a separate mailing to open and view the electronic files.

```
EXHIBIT
3
```



3.  Click the Bookmark ▮▮ (i.e. Card Statements, Correspondence) to open and view the selected document(s).

- Card Statements: Statements will be formatted as Statements – last six digits of account number. For example, a statement generated for account ending in 123456 will show as Statements - 123456.

- Correspondence: Correspondence will be formatted as Corres - last six digits of the account number. For example, correspondence for account ending in 123456 will show as Corres – 123456.

If you have any questions, please feel free to contact us by email at amexsru@aexp.com and reference the Case Number CI-01FRM7 in the subject line or you can also reach out to us at 1-888-257-7775. We are available to assist you Monday through Friday from 9:00 am to 4:00 pm Eastern Time.

Sincerely,

American Express Subpoena Response Unit

**Note to Third Party Issuer of Subpoena**
This subpoena fulfillment package may contain either an encrypted USB flash drive or a password letter. It is intended only for the use of the individual or entity which requested it and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient of the subpoena fulfillment package, please do not disseminate, distribute or copy its content, by email or otherwise. Instead, please notify us immediately by email at **amexsru@aexp.com** and also by telephone (you may call us at 1-888-257-7775). Please reference the American Express file number and the case style. We will promptly send you a pre-paid UPS package for the return of the USB only. We also ask that you please destroy the password letter associated with the USB if you received that also. Thank you.



Please Direct All Correspondence to:
American Express
Attn. Subpoena Response Unit
43 Butterfield Circle
El Paso, TX 79906

December 14, 2022

Jason Rigoli
Furr and Cohen PA
2255 Glades Rd. #4 19A
Boca Raton FL 33431

**RE: Excell Auto Group Inc**
**Case No: 2212790EPK**
**American Express File No: CI-01FRM7**

Dear Jason Rigoli:

We are writing to inform you that a merchant account(s) referenced in the case number above is not managed by American Express. Consequently, we have no responsive documents. In an effort to assist you, please direct your request to:

FISERV
6902 Pine Street
Omaha, NE 68106

Stripe Inc
3180 18th Street. Suite 100
San Francisco, CA 94110

TSYS Merchant Solutions LLC
8320 South Hardy Drive
Tempe, AZ 85284

Paymentech LLC
4 Northeastern Boulevard
Salem, OR 03079

If you have any questions. please feel free to contact us at the number listed below and reference the above American Express file number. We are available to assist you Monday through Friday from 9:00 am to 4:00 pm Eastern Time.

Sincerely,

American Express Subpoena Response Unit
Ph: 1-888-257-7775   Fax: (772) 360-4756   Email: AmexSRU@aexp.com



Please Direct All Correspondence to:
American Express
Attn: Subpoena Response Unit
43 Butterfield Circle
El Paso. TX 79906

December 14, 2022

Jason Rigoli
Furr and Cohen PA
2255 Glades Rd. #4 19A
Boca Raton FL 33431

**RE: Excell Auto Group Inc**
**Case No: 2212790EPK**
**American Express File No: CI-01FRM7**

Dear Jason Rigoli:

We are writing to inform you that we have completed fulfillment of your subpoena request and your documents will be delivered electronically via USB device. The password below can be used to access the electronic file(s).

Password: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Instructions to Open and View Electronic Files**

1.  Download Adobe Acrobat Reader to open and view the electronic files.

2.  Enter the password provided to you to open and view the electronic files.



3. Click the Bookmark ▮ (i.e. Statements. Correspondence.) to open and view the selected document(s).

- Statements: Statements will be formatted as Statements – the full account number. For example. a statement generated for account 1234567890 will show as Statements-1234567890.

- Correspondence: Correspondence will be formatted as Correspondence – the full account number. For example. correspondence for account 1234567890 will show as Correspondence – 1234567890.

If you have any questions. please feel free to contact us by email at amexsru @ aexp.com and reference the above internal file number. We are available to assist you Monday through Friday from 9:00 am to 4:00 pm. Eastern Time.

Sincerely.

American Express Subpoena Response Unit

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

SPS#708
JS
2160PH
07-01-22

In re Excell Auto Group, Inc.
        Debtor

Case No. 22-12790-EPK

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: American Express Company, C T Corporation, Registered Agent, 1200 South Pine Island Road, Plantation, FL 33324

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE Furr and Cohen, P.A. | DATE AND TIME July 14, 2022 at |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 | *Documents may be produced in lieu of appearance |

The examination will be recorded by this method: Court Reporter

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE Furr and Cohen, P.A. | DATE AND TIME July 14,2022 at |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 | |

*(Description of documents, electronically stored information, or objects)*
All items identified in attached Exhibit A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/30/2022

**CLERK OF COURT**

OR

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Nicole Testa Mehdipour, Trustee_____ who issues or requests this subpoena, are:
Jason S. Rigoli, Esq., Furr and Cohen, P.A., 2255 Glades Road, #419A, Boca Raton, FL 33431, jrigoli@furrcohen.com, 561-395-0500

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

**EXHIBIT "A"**

## I.     Instructions

A.     Time Period: Unless otherwise stated herein, the time period encompassed by this Notice is from **April 8, 2018** up to an including the date of the production of the documents by you.  With respect to the requests relating to any operating agreements, shareholder agreements, partnership agreements, or any other agreements or documents relating to the formations, governance, and/or operation of any entity, the time period for that request shall be from formation of the entity to the present.

B.     Duty to Supplement: This Document request is continuing in nature and when new knowledge or information comes to the attention of the Debtor, the information supplied in the answers to the Document request shall be supplemented forthwith.

C.     Scope of Requests: For each and every Request herein, you shall produce Documents in your possession, custody, or control within the meaning of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including but be limited to Documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All Documents produced pursuant to this request are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or from any copy or draft.

D.     Lost Documents: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

1. The names of the authors of the Document;
2. The names of the persons to whom the Documents or copies were sent;
3. The date of the Document;
4. The date on which the Document was received by each addressee, copyee or its recipients;
5. A description of the nature and subject matter of the Document that is as complete as possible;
6. The date on which the Document was lost, discarded or destroyed; and
7. The manner in which the Document was lost, discarded or destroyed.

E.     Claim of Privilege: With respect to any Document that Debtor withholds under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

1

1. The names of the senders of the Document;
2. The names of the authors of the Document;
3. The names of the persons to whom the Document or copies were sent;
4. The job title of every person named in subparagraphs 1, 2 and 3 above;
5. The date of the Document;
6. The date on which the Document was received by each addressee, copyee or its recipient;
7. A brief description of the nature and subject matter of the Document; and
8. The statute, rule or decision which is claimed to give rise to the privilege.

F.      <u>Responses</u>: If you cannot, after exercising due diligence to secure or produce the Document(s) requested, you must identify which Request(s) that you do not have any responsive Documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), providing the identity of the person who has possession, custody, or control of the requested Document(s).

G.      <u>Definitions</u>: All words in this request for production shall have their plain, ordinary and common meanings unless specifically defined below in the Definition section of this Notice.

H.      <u>Duplicate Copies</u>: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

I.      <u>Inclusive Construction</u>: Generally, each request should be construed to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

## II.   <u>Definitions</u>

A.      **"Petition Date"** means April 8, 2022.

B.      **"Bankruptcy Case"** means the above captioned bankruptcy case.

C.      **"Debtor"** means Excell Auto Group, Inc., as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc.

D.      **"Karma of Broward"** means Karma of Broward, Inc., FEI/EIN Number 85-0531887, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Broward, Inc.

2

E.     **"Karma of Palm Beach"** means Karma of Palm Beach, Inc., FEI/EIN Number 30-1246034, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Palm Beach, Inc.

F.     **"Document(s)"** means information in all stored or communicated forms.  With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise.  The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

G.     **"Communication(s)"** means any act or process imparting, express, or exchanging information in any manner or form.

H.     "**Affiliated**" means being in close formal or informal association; related.

I.     "**Affiliate(s)**" shall have the meaning ascribed in 11 U.S.C. § 101(2) (2019).

J.     The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## DOCUMENTS REQUESTED

1.     All Documents and communications pertaining to each open or closed account(s) in the name of Debtor, over which the Debtor has or had signatory authority, or to which the Debtor is otherwise associated **including, but not limited to**:

     a.  Signature cards (request is from the date each account was opened);

     b.  Account opening documents (request is from date each account was opened);

     c.  Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

     d.  Statements;

2.     All Documents and communications pertaining to each open or closed account(s) in the name of Karma of Broward, over which the Karma of Broward has or had signatory authority, or to which the Karma of Broward is otherwise associated **including, but not limited to**:

     a.  Signature cards (request is from the date each account was opened);

     b.  Account opening documents (request is from date each account was opened);

     c.  Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

3

      d.  Statements;

    3.     All Documents and communications pertaining to each open or closed account(s) in the name of Karma of Palm Beach, over which the Karma of Palm Beach has or had signatory authority, or to which the Karma of Palm Beach is otherwise associated **including, but not limited to**:

      a.  Signature cards (request is from the date each account was opened);

      b.  Account opening documents (request is from date each account was opened);

      c.  Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

      d.  Statements;

###

CI-01FRM7   AMEX000005

SICPC   CORPORATE PURCHASING CARD CHARACTERISTICS   W-ACO3-11 12/14/22
S/E NUMBER: 4 09 96 2703 6      ADDRESS TYPE:
NAME1: EXCELL AUTO GROUP        NAME2 : EXCELL AUTO GROUP
ADDR1: 1001 CLINT MOORE RD      ADDR2 : SUITE 101
CITY : BOCA RATON       ST/ZIP: FL 33487
PHONE: 5619985557

FEDERAL TAX ID: 800344450
D&B DUNS ID  : 012708260
PURCHSE CARD  : 02  PUR CD, CLIENT'S REQ, ADD DATA CAPTURED
SIC CODE    : 5511  NEW AND USED CAR DEALERS
OWNER TYPE CD : 19  SMALLBUSINESS-CL
CORP STATUS CD: D   CORPORATION PRIVATE

---

SISTT       PRIMARY CHARACTERISTICS        W-ACO3-11 12/14/22
S/E NUMBER: 4 09 96 2703 6  ADDRESS TYPE: 01
CASE INFO AVAILABLE      SOURCE DESCRIPT:
   PHYSICAL ADDRESS:       CHECK ADDRESS:
EXCELL AUTO GROUP          EXCELL AUTO GROUP INC
EXCELL AUTO GROUP          EXCELL AUTO GROUP INC
1001 CLINT MOORE RD        1001 CLINT MOORE RD # 101
SUITE 101              BOCA RATON
BOCA RATON             FL        33487-2830
FL          33487
PHONE: 5619985557         PHONE:
CORRESPONDENCE ADDR : Y   HIERARCHY CODE: S S/E   T/M NUMBER: 02BZ
OPEN DATE: 07 01 09  STATUS: CANCELLED REASON: 88 ZERO VOLUM DATE : 03 28 22
XREF  :    AFFIL :    XREF :     AFFIL:
OLD/NEW ACCOUNT NO:          PAY OPTION    : 1  INDIV. PAY-LO
CONTROL CENTER  : 03 SROC      HOLD FROM/TO DATE : 04 13 22
PROCESS OPTION  : 01 PROC ALL FIN   ADJUST PROCESS CD : 00  NOT-PRESENT
HOLD CHECK    : 15 ACH RESERVE HLD  SERVICES INDIC  : Y
FLOOR LIMIT/CURR : 0     001  A/P DEBIT BAL DATE:
AUTH SIGN 1: KRISTEN ZANKI      AUTH SIGN 2:

---

SUDEM      SUBMISSION MONITOR DEMOGRAPHICS UPDATE    W-ACO3-11 12/14/22
S/E NUMBER: 4 09 96 2703 6  SOURCE CODE:
   PHYSICAL ADDRESS:          OWNER INFORMATION:
EXCELL AUTO GROUP          A/S 1 : KRISTEN ZANKI
EXCELL AUTO GROUP          TITLE : CONTROLLER
1001 CLINT MOORE RD        ADDRES:
SUITE 101           CITY :
BOCA RATON          ST/ZIP:      -

CI-01FRM7  AMEX000006

FL   33487                PHONE: 0000000000

PHONE: 5619985557                A/S 1 SS#: 217805588

FAX #:        EXT:        A/S 1 CM#: 371567271193004

EST: 07 / 09  TIME W/ OWNER: 00 / 01   CONTACT: SCOTT ZANKI

OPEN DATE: 07/01/09  STATUS: CANCELLED  REASON: 88 ZERO VOLUM DATE : 03/28/22

MAIL ORDER   : 000 %          XREF :        AFFIL:

SITE INSPECTION: N          A/S 2 NAME:

SEASONAL MM-MM : 01 - 12          A/S 2 SS# :

AVERAGE ROC  :        A02/19/22 A/S 2 CM# :

EST AMEX VOL :        A02/19/22     BANK INFORMATION:

PAY FREQUENCY : 23 NEXT DAY PAY     ACT NM:

HOLD CHECK   : 15 ACH RESERVE HLD   BNK NM: BANK OF AMERICA

A/P DEB BAL DTE:  / /          BNK BR:

TIME W/ VISA/MC:  /          CTY/ST:

Our Records Indicate the Following Bank Account Information:

Merchant Account: EXCELL AUTO GROUP
Bank Name:  BANK OF AMERICA, N.A.
Routing Number: 063100277
Account Number: ██████6581

```
------- ------- --- ----   GROSS  OPTIMA        ADVICE   AMOUNT   --- ---- ----- --- OPTIMA ---
PAYEE *  PAYEE *  SYS  CARD          DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT


    7036*      0201 031112  800.00   23.12  776.73 031A8109   776.73 0 0131 0501 00685802 02 031104112  1
        A  AX    0.00   0.00              0131 000    0.00    0.00  0
REVISION DATE  : 03/02/2019             AXP RESTRICTED
AP 1112                  SROC ACCOUNTS PAYABLE - U S DOLLAR                      PAGE 38009
FOR MONTH 02/19              MONTHLY PAID LISTING                         RUN: 03/02/19


        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR    ------- -------      DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR ------- CHGS
------- ------- --- ----   GROSS  OPTIMA        ADVICE   AMOUNT   --- ---- ----- --- OPTIMA ---
PAYEE *  PAYEE *  SYS  CARD          DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT


    7036*      0204 033112  900.00   26.01  873.84 033A9333   873.84 0 0202 0501 00205955 02 033104112  1
        A  AX    0.00   0.00              0202 000    0.00    0.00  0
        0218 047112 10167.10  293.83  9872.97 047A8640   9872.97 0 0216 0501 00194923 02 047104112  2
        A  AX    0.00   0.00              0216 000    0.00    0.00  0
        0220 050112  2150.00   62.14  2087.71 050A6936   2087.71 0 0219 0501 00100854 02 050104112  1
        A  AX    0.00   0.00              0219 000    0.00    0.00  0
        0227 057112  46.10   1.33   44.62 057A7392   44.62 0 0226 0501 00900019 02 057104112  1
        A  AX    0.00   0.00              0226 000    0.00    0.00  0

AP 1112                  SROC ACCOUNTS PAYABLE - U S DOLLAR                      PAGE 112822
FOR MONTH 01/19              MONTHLY PAID LISTING                         RUN: 02/02/19


        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR    ------- -------      DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR ------- CHGS
------- ------- --- ----   GROSS  OPTIMA        ADVICE   AMOUNT   --- ---- ----- --- OPTIMA ---
PAYEE *  PAYEE *  SYS  CARD          DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT


    7036*      0109 008112  500.00   14.45  485.40 008A7404   485.40 0 0108 0501 00370217 02 008104112  1
        A  AX    0.00   0.00              0108 000    0.00    0.00  0
        0128 026112  6000.00  187.85  5811.85 026A8616   5811.85 0 0126 0501 00154660 02 026104112  3
        A  AX    0.00   0.00              0126 000    0.00    0.00  0
        0131 030112 30000.00  867.00 29132.85 030A7480  29132.85 0 0130 0501 00950486 02 030104112  1
        A  AX    0.00   0.00              0130 000    0.00    0.00  0

AP 1112                  SROC ACCOUNTS PAYABLE - U S DOLLAR                      PAGE 120367
FOR MONTH 12/18              MONTHLY PAID LISTING                         RUN: 01/05/19


        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR    ------- -------      DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR ------- CHGS
------- ------- --- ----   GROSS  OPTIMA        ADVICE   AMOUNT   --- ---- ----- --- OPTIMA ---
PAYEE *  PAYEE *  SYS  CARD          DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT


    7036*      1208 341112  2000.00   57.80  1942.05 341A8031   1942.05 0 1207 0501 00161222 02 341104112  1
```

```
        A  AX      0.00    0.00                    1207 000    0.00    0.00  0
        1210 343112  5500.00  158.95  5340.75 342A8897  15051.60 0 1208 0501 00086929 02 343104112  2
        A  AX      0.00    0.00                    1209 000    0.00    0.00  0
        1210 342112  10000.00  289.00  9710.85 342A8897  15051.60 0 1208 0501 00234153 02 342104112  1
        A  AX      0.00    0.00                    1208 000    0.00    0.00  0
        1213 346112  5000.00- 144.50  5144.65- 346A7945   5144.65- 0 1212 0501 00643637 02 346104112  2
        A  AX      0.00    0.00                    1212 000    0.00    0.00  0
        1221 354112  1519.00   43.90  1474.95 354A8157  3669.70- 0 1220 0501 00219509 02 354104112  1
        A  AX      0.00    0.00                    1220 000    0.00    0.00  0
        1221 000000  5000.00- 144.50  5144.65- 354A8157   3669.70- 0 1220 0000 00000000 03 353000000  0
        A  AX      0.00    0.00                    1212        0.00    0.00  0
        1222 000000  3481.00- 188.40  3669.70- 355A8169  24278.41 0 1221 0000 00000000 03 354000000  0
        A  AX      0.00    0.00                    1212        0.00    0.00  0
        1222 355112  28780.00  831.74  27948.11 355A8169  24278.41 0 1221 0501 00153214 02 355104112  1
        A  AX      0.00    0.00                    1221 000    0.00    0.00  0
        1224 356112  1314.72   38.00  1276.57 356A8824  1276.57 0 1222 0501 00227765 02 356104112  1
        A  AX      0.00    0.00                    1222 000    0.00    0.00  0
        1228 361112  7000.00-   0.00  7000.00- 361A6635  7000.00- 0 1227 0501 00174799 02 361104112  2
        A  AX      0.00    0.00                    1227 000    0.00    0.00  0
        1231 000000  7000.00-   0.00  7000.00- 363A8354  2710.85 0 1229 0000 00000000 03 362000000  0
        A  AX      0.00    0.00                    1227        0.00    0.00  0
        1231 363112  10000.00  289.00  9710.85 363A8354  2710.85 0 1229 0501 00122837 02 363104112  1
        A  AX      0.00    0.00                    1229 000    0.00    0.00  0
```

AP 1112                SROC ACCOUNTS PAYABLE - U S DOLLAR                    PAGE 81607
FOR MONTH 11/18             MONTHLY PAID LISTING                            RUN: 12/08/18

```
        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/ CHECKS/ CHK PROC BATCH      CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  ------- -------        DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------ --- ----  GROSS  OPTIMA      ADVICE  AMOUNT   --- ---- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS  CARD      DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT
```

```
7036*      1103 306112  500.00   14.45   485.40 306A8341   485.40 0 1102 0501 00903323 02 306104112  1
        A  AX      0.00    0.00                    1102 000    0.00    0.00  0
        1105 307112  3000.00   86.70  2913.15 307A9574  2913.15 0 1103 0501 00169795 02 307104112  1
        A  AX      0.00    0.00                    1103 000    0.00    0.00  0
        1110 313112  300.00    8.67   291.18 313A7966   291.18 0 1109 0501 00146859 02 313104112  1
        A  AX      0.00    0.00                    1109 000    0.00    0.00  0
        1112 314112  5000.00  144.50  4855.35 314A8951  4855.35 0 1110 0501 00782541 02 314104112  1
        A  AX      0.00    0.00                    1110 000    0.00    0.00  0
        1119 321112  7169.78  207.21  6962.27 321A8872  6962.27 0 1117 0501 00227551 02 321104112  2
        A  AX      0.00    0.00                    1117 000    0.00    0.00  0
        1122 325112  6822.15  197.16  6624.54 325A8028  6624.54 0 1121 0501 00017284 02 325104112  3
        A  AX      0.00    0.00                    1121 000    0.00    0.00  0
```
REVISION DATE  : 12/08/2018            AXP RESTRICTED
AP 1112                SROC ACCOUNTS PAYABLE - U S DOLLAR                    PAGE 81608
FOR MONTH 11/18             MONTHLY PAID LISTING                            RUN: 12/08/18

CI-01FRM7 AMEX000014

# To Assist in Identifying Pertinent Information on Statement

| Amex Deposit Date | Amount Submitted To Amex | Amex Fee | Net Amount | Amex Rec'd Date | Deposit Amount | Internal # to Reflect Trans. *** | Processor Code | Number of Trans. in Batch |
|---|---|---|---|---|---|---|---|---|
| 0204 031038 | 1058.22 | 30.69 | 1027.53 | 032A3396 " | 1027.53 | 0 0201 0501 00662682 | 02 031013038 | 2 |
| A AX | 0.00 | 0.00 | | 0131 000 | 0.00 | 0.00 0 | | |

** If number contains a letter, then ACH deposit was made to merchant
If only numbers are listed, then check was sent to merchant address

*** If internal number is 0501 this reflects transactions sent from the merchant to American Express for payment
All other codes listed are adjustments made by American Express i.e., chargebacks, fees, etc.

Additional codes:

0560 – Chargeback

0564 – Chargeback

0566 – Internal Adjustment

0846 – Fees

0999 – Discount fee for merchants on Pay in Gross

OSMR – Reserve funds held/released

OPMR – Reserve funds held/released

OLHR – Legal Holds funds held

OLHU – Legal Holds funds released

OMFH – Merchant Finance hold back

```
        PAY SUM   ORIG SOC  DISCOUNT    NET   CHECK#/  CHECKS/ CHK PROC BATCH      CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  ------- -------      DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----   GROSS  OPTIMA     ADVICE  AMOUNT   --- --- ---- --- OPTIMA ---
PAYEE * PAYEE *  SYS CARD       DIVIDEND             SE BUS  BLCD SERV FEE   GROSS   OPT
```

7036*      0801 212112  200.00    5.78  194.07 212A8867   194.07 0 0731 0501 00520933 02 212104112  1
      A  AX    0.00   0.00            0731 000   0.00    0.00  0
      0802 213112  143.10   4.14  138.81 213A9446  138.81 0 0801 0501 00126193 02 213104112  1
      A  AX    0.00   0.00            0801 000   0.00    0.00  0
      0815 226112  500.00  14.45  485.40 226A8984  485.40 0 0814 0501 00015287 02 226104112  1
      A  AX    0.00   0.00            0814 000   0.00    0.00  0
      0824 235112 5445.00 157.36 5287.34 235A9138 5287.34 0 0823 0501 00553278 02 235104112  2
      A  AX    0.00   0.00            0823 000   0.00    0.00  0
      0830 241112 15300.00 442.17 14857.68 241A8942 14857.68 0 0829 0501 00097920 02 241104112  1
      A  AX    0.00   0.00            0829 000   0.00    0.00  0

AP 1112　　　　　SROC ACCOUNTS PAYABLE - U S DOLLAR　　　　　　PAGE 240335

FOR MONTH 07/19　　　　　MONTHLY PAID LISTING　　　　　　RUN: 08/03/19

```
        PAY SUM   ORIG SOC  DISCOUNT    NET   CHECK#/  CHECKS/ CHK PROC BATCH      CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  ------- -------      DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----   GROSS  OPTIMA     ADVICE  AMOUNT   --- --- ---- --- OPTIMA ---
PAYEE * PAYEE *  SYS CARD       DIVIDEND             SE BUS  BLCD SERV FEE   GROSS   OPT
```

7036*      0701 180112 22100.00  638.69 21461.16 180A8249  21461.16 0 0629 0501 00242216 02 180104112  1
      A  AX    0.00   0.00            0629 000   0.00    0.00  0
      0704 184112  500.00  14.45  485.40 184A8986  485.40 0 0703 0501 00135007 02 184104112  1
      A  AX    0.00   0.00            0703 000   0.00    0.00  0
      0705 185112 4240.00 122.54 4117.01 185A8422 4117.01 0 0704 0501 00338441 02 185104112  3
      A  AX    0.00   0.00            0704 000   0.00    0.00  0
      0708 187112 6000.00 173.40 5826.45 187A7971 5826.45 0 0706 0501 00003593 02 187104112  1
      A  AX    0.00   0.00            0706 000   0.00    0.00  0
      0711 191112 1000.00  28.90  970.95 191A8606  970.95 0 0710 0501 00028850 02 191104112  1
      A  AX    0.00   0.00            0710 000   0.00    0.00  0
      0713 193112  200.00    5.78  194.07 193A8579  194.07 0 0712 0501 00146833 02 193104112  1
      A  AX    0.00   0.00            0712 000   0.00    0.00  0
      0717 197112 1000.00-   0.00 1000.00- 197A8377 1000.00- 0 0716 0501 00336821 02 197104112  1
      A  AX    0.00   0.00            0716 000   0.00    0.00  0
      0718 198112 2500.00-   0.00 2500.00- 198A8503 2500.00- 0 0717 0501 00433735 02 198104112  1
      A  AX    0.00   0.00            0717 000   0.00    0.00  0
      0724 204112  424.00  12.25  411.60 204A8033  411.60 0 0723 0501 00022367 02 204104112  1
      A  AX    0.00   0.00            0723 000   0.00    0.00  0
      0725 205112  500.00  14.45  485.40 205A8367  485.40 0 0724 0501 00497773 02 205104112  1
      A  AX    0.00   0.00            0724 000   0.00    0.00  0

```
         0726 206112  8000.00   231.20  7768.65 206A8471   7768.65 0 0725 0501 00134291 02 206104112  1
    A  AX    0.00   0.00                  0725 000   0.00    0.00  0
         0727 207112  4436.35-   16.29  4452.94- 207A8612   4452.94- 0 0726 0501 00002824 02 207104112  3
    A  AX    0.00   0.00                  0726 000   0.00    0.00  0
```

AP 1112                    SROC ACCOUNTS PAYABLE - U S DOLLAR                    PAGE 150830
FOR MONTH 06/19                    MONTHLY PAID LISTING                    RUN: 07/06/19

```
         PAY SUM   ORIG SOC  DISCOUNT   NET   CHECK#/  CHECKS/ CHK PROC BATCH      CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR   -------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------  --- ----   GROSS  OPTIMA      ADVICE  AMOUNT   --- ---- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD      DIVIDEND              SE BUS BLCD SERV FEE   GROSS  OPT
```

```
27036*      0610 160112  1500.00   43.35  1456.50 159A8305   1456.50 0 0608 0501 00973584 02 160104112  1
    A  AX    0.00   0.00                  0609 000   0.00    0.00  0
         0615 165112  274.90    7.94   266.66 165A7704   266.66 0 0614 0501 00139995 02 165104112  2
    A  AX    0.00   0.00                  0614 000   0.00    0.00  0
         0622 172112  5000.00   144.50  4855.35 172A7599   4855.3S 0 0621 0501 00221729 02 172104112  1
    A  AX    0.00   0.00                  0621 000   0.00    0.00  0
         0628 178112  3701.00   251.46  3449.24 178A7594   3449.24 0 0627 0501 00000774 02 178104112  4
    A  AX    0.00   0.00                  0627 000   0.00    0.00  0
```

AP 1112                    SROC ACCOUNTS PAYABLE - U S DOLLAR                    PAGE 202082
FOR MONTH 05/19                    MONTHLY PAID LISTING                    RUN: 06/08/19

```
         PAY SUM   ORIG SOC  DISCOUNT   NET   CHECK#/  CHECKS/ CHK PROC BATCH      CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR   -------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------  --- ----   GROSS  OPTIMA      ADVICE  AMOUNT   --- ---- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD      DIVIDEND              SE BUS BLCD SERV FEE   GROSS  OPT
```

```
7036*      0501 120112  222.50    6.43   215.92 120A8064   215.92 0 0430 0501 00001557 02 120104112  1
    A  AX    0.00   0.00                  0430 000   0.00    0.00  0
         0502 121112  1064.80   30.77  1033.58 121A7862   1033.58 0 0501 0501 00278608 02 121104112  3
    A  AX    0.00   0.00                  0501 000   0.00    0.00  0
         0503 122112  220.00    6.36   213.34 122A8482   213.34 0 0502 0501 00190190 02 122104112  2
    A  AX    0.00   0.00                  0502 000   0.00    0.00  0
         0506 124112  1000.00   28.90   970.95 124A8629   970.95 0 0504 0501 00418218 02 124104112  1
    A  AX    0.00   0.00                  0504 000   0.00    0.00  0
         0509 128112  300.00    8.67   291.18 128A7805   291.18 0 0508 0501 00041434 02 128104112  1
    A  AX    0.00   0.00                  0508 000   0.00    0.00  0
         0511 130112  7200.00   208.08  6991.77 130A7601   6991.77 0 0510 0501 00157242 02 130104112  1
    A  AX    0.00   0.00                  0510 000   0.00    0.00  0
         0520 138112  1631.78   47.16  1584.47 138A8510   1584.47 0 0518 0501 00233672 02 138104112  1
    A  AX    0.00   0.00                  0518 000   0.00    0.00  0
         0522 141112  5000.00   144.50  4855.35 141A7423   4855.3S 0 0521 0501 00997192 02 141104112  1
    A  AX    0.00   0.00                  0521 000   0.00    0.00  0
         0530 149112  5000.00-   0.00  5000.00- 149A7350   5000.00- 0 0529 0501 00505249 02 149104112  1
```

CI-01FRM7  AMEX000011

```
          A  AX      0.00   0.00                    0529 000   0.00    0.00  0
```

AP 1112                    SROC ACCOUNTS PAYABLE - U S DOLLAR                    PAGE 178908
FOR MONTH 04/19                  MONTHLY PAID LISTING                            RUN: 05/04/19

```
        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  --------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR --------- CHGS
------- ------- --- ----   GROSS  OPTIMA      ADVICE  AMOUNT   ---- ----- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD        DIVIDEND                  SE BUS BLCD SERV FEE  GROSS  OPT
```

███7036*    0405 094112  1023.53   29.58   993.80  094A7950   993.80 0 0404 0501 00145248 02 094104112  1
          A  AX      0.00   0.00                    0404 000   0.00    0.00  0
            0415 103112  7045.00  203.60  6841.25  103A8764   6841.25 0 0413 0501 00211693 02 103104112  1
      `     A  AX      0.00   0.00                    0413 000   0.00    0.00  0
            0419 108112  3000.00   86.70  2913.15  108A7840   2913.15 0 0418 0501 00120159 02 108104112  1
          A  AX      0.00   0.00                    0418 000   0.00    0.00  0

AP 1112                    SROC ACCOUNTS PAYABLE - U S DOLLAR                    PAGE 146202
FOR MONTH 03/19                  MONTHLY PAID LISTING                            RUN: 04/06/19

```
        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  --------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----   GROSS  OPTIMA      ADVICE  AMOUNT   ---- ----- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD        DIVIDEND                  SE BUS BLCD SERV FEE  GROSS  OPT
```

██████7036*    0302 060112  2500.00   72.25  2427.60  060A8109   2427.60 0 0301 0501 00258289 02 060104112  1
          A  AX      0.00   0.00                    0301 000   0.00    0.00  0
            0304 062112  5000.00  144.50  4855.35  061A9406   4855.35 0 0302 0501 00557232 02 062104112  1
          A  AX      0.00   0.00                    0303 000   0.00    0.00  0
            0309 067112  5000.00-   0.00  5000.00- 067A7802   5000.00- 0 0308 0501 00215324 02 067104112  1
      `     A  AX      0.00   0.00                    0308 000   0.00    0.00  0
            0311 000000  5000.00-   0.00  5000.00- 068A8706   7624.15 0 0309 0000 00000000 03 067000000  0
          A  AX      0.00   0.00                    0308        0.00    0.00  0
            0311 068112  13000.00  375.70  12624.15 068A8706   7624.15 0 0309 0501 00626014 02 068104112  1
          A  AX      0.00   0.00                    0309 000   0.00    0.00  0
            0316 074112  2000.00   57.80  1942.05  074A7891   1942.05 0 0315 0501 00191974 02 074104112  1
          A  AX      0.00   0.00                    0315 000   0.00    0.00  0
            0328 086112  2000.00-   0.00  2000.00- 086A7733   2000.00- 0 0327 0501 00074758 02 086104112  1
          A  AX      0.00   0.00                    0327 000   0.00    0.00  0
            0329 000000  2000.00-   0.00  2000.00- 087A7796   2000.00- 0 0328 0000 00000000 03 086000000  0
          A  AX      0.00   0.00                    0327        0.00    0.00  0

AP 1112                    SROC ACCOUNTS PAYABLE - U S DOLLAR                    PAGE 38008
FOR MONTH 02/19                  MONTHLY PAID LISTING                            RUN: 03/02/19

```
        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  --------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
```

```
          PAY SUM   ORIG SOC  DISCOUNT    NET   CHECK#/  CHECKS/CHK PROC BATCH     CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR   -------  -------        DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------  --- ----    GROSS  OPTIMA       ADVICE  AMOUNT   --- ---- ----  --- OPTIMA ---
PAYEE * PAYEE *  SYS CARD         DIVIDEND                    SE BUS BLCD SERV FEE   GROSS   OPT
```

```
▓7036*      1130 333112  2200.00    63.58  2136.27  333A8030   2136.27 0 1129 0501 00603699 02 333104112  1
          A  AX    0.00    0.00           1129 000    0.00    0.00 0
```

```
 AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR                 PAGE 181445
 FOR MONTH 10/18              MONTHLY PAID LISTING                    RUN: 11/03/18
```

```
          PAY SUM   ORIG SOC  DISCOUNT    NET   CHECK#/  CHECKS/CHK PROC BATCH     CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR   -------  -------        DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------  --- ----    GROSS  OPTIMA       ADVICE  AMOUNT   --- ---- ----  --- OPTIMA ---
PAYEE * PAYEE *  SYS CARD         DIVIDEND                    SE BUS BLCD SERV FEE   GROSS   OPT
```

```
▓7036*      1001 272112   500.00    14.45   485.40  272A9545    485.40 0 0929 0501 00060202 02 272104112  1
          A  AX    0.00    0.00           0929 000    0.00    0.00 0
          1004 276112  1500.00    43.35  1456.50  276A8923   1456.50 0 1003 0501 00406235 02 276104112  1
          A  AX    0.00    0.00           1003 000    0.00    0.00 0
          1008 279112   800.00    23.12   776.73  279A9357    776.73 0 1006 0501 00405497 02 279104112  1
          A  AX    0.00    0.00           1006 000    0.00    0.00 0
          1012 284112   600.00    17.34   582.51  284A8142    582.51 0 1011 0501 00008725 02 284104112  1
          A  AX    0.00    0.00           1011 000    0.00    0.00 0
          1015 286112  5000.00   144.50  4855.35  286A9247   4855.35 0 1013 0501 00268511 02 286104112  1
          A  AX    0.00    0.00           1013 000    0.00    0.00 0
          1024 296112   500.00    14.45   485.40  296A7814    485.40 0 1023 0501 00828439 02 296104112  1
          A  AX    0.00    0.00           1023 000    0.00    0.00 0
          1027 299112  2000.00    57.80  1942.05  299A8306   1942.05 0 1026 0501 00109690 02 299104112  1
          A  AX    0.00    0.00           1026 000    0.00    0.00 0
```

```
 AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR                 PAGE 65825
 FOR MONTH 09/18              MONTHLY PAID LISTING                    RUN: 10/06/18
```

```
          PAY SUM   ORIG SOC  DISCOUNT    NET   CHECK#/  CHECKS/CHK PROC BATCH     CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR   -------  -------        DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------  --- ----    GROSS  OPTIMA       ADVICE  AMOUNT   --- ---- ----  --- OPTIMA ---
PAYEE * PAYEE *  SYS CARD         DIVIDEND                    SE BUS BLCD SERV FEE   GROSS   OPT
```

```
▓7036*      0901 243112    80.98     2.34    78.49  243A9411     78.49 0 0831 0501 00036432 02 243104112  1
          A  AX    0.00    0.00           0831 000    0.00    0.00 0
          0907 249112   471.70    13.63   457.92  249A8550    457.92 0 0906 0501 00892417 02 249104112  1
          A  AX    0.00    0.00           0906 000    0.00    0.00 0
          0910 251112   500.00    14.45   485.40  251A9532    485.40 0 0908 0501 00241671 02 251104112  1
          A  AX    0.00    0.00           0908 000    0.00    0.00 0
          0913 255112   500.00    14.45   485.40  255A8106    485.40 0 0912 0501 00887698 02 255104112  1
```

```
              A  AX    0.00    0.00              0912 000    0.00    0.00  0
              0919 261112  499.50   14.44   484.91 261A7678   484.91 0 0918 0501 00773709 02 261104112  1
              A  AX    0.00    0.00              0918 000    0.00    0.00  0
              0920 262112  300.00    8.67   291.18 262A8222   291.18 0 0919 0501 00249075 02 262104112  1
              A  AX    0.00    0.00              0919 000    0.00    0.00  0
              0921 263112  2000.00   57.80  1941.90 263A8191  1941.90 0 0920 0501 00951858 02 263104112  2
         ✎    A  AX    0.00    0.00              0920 000    0.00    0.00  0
              0922 264112  10000.00 289.00  9710.85 264A8380  9710.85 0 0921 0501 00043020 02 264104112  1
              A  AX    0.00    0.00              0921 000    0.00    0.00  0
              0926 268112  2500.00   72.25  2427.45 268A7888  2427.45 0 0925 0501 00028579 02 268104112  2
              A  AX    0.00    0.00              0925 000    0.00    0.00  0
              0928 270112  1915.00   55.34  1859.51 270A8412  1859.51 0 0927 0501 00037419 02 270104112  1
              A  AX    0.00    0.00              0927 000    0.00    0.00  0
```

AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR                    PAGE 159841
FOR MONTH 08/18              MONTHLY PAID LISTING                    RUN: 09/08/18

```
    ⁎,   PAY SUM   ORIG SOC  DISCOUNT    NET  CHECK#/  CHECKS/ CHK PROC BATCH      CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR   --------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----   GROSS  OPTIMA        ADVICE  AMOUNT   --- ---- ------  --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD       DIVIDEND              SE BUS BLCD SERV FEE   GROSS  OPT
```

```
●    ▬7036*     0813 223112  28267.00  816.92  27449.63 223A9583  27449.63 0 0811 0501 00109133 02 223104112  3
          A  AX    0.00    0.00              0811 000    0.00    0.00  0
          0816 227112  500.00   14.45   485.40 227A8753   485.40 0 0815 0501 00985041 02 227104112  1
          A  AX    0.00    0.00              0815 000    0.00    0.00  0
          0820 230112   30.00    0.87    28.98 230A9662    28.98 0 0818 0501 00432741 02 230104112  1
          A  AX    0.00    0.00              0818 000    0.00    0.00  0
          0827 237112  5000.00  144.50  4855.35 237A9512  4855.35 0 0825 0501 00063204 02 237104112  1
          A  AX    0.00    0.00              0825 000    0.00    0.00  0
          0831 242112  10238.38 295.89  9942.19 242A8708  9942.19 0 0830 0501 00983537 02 242104112  2
          A  AX    0.00    0.00              0830 000    0.00    0.00  0
```

AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR                    PAGE 137273
FOR MONTH 07/18              MONTHLY PAID LISTING                    RUN: 08/04/18

```
     PAY SUM   ORIG SOC  DISCOUNT    NET  CHECK#/  CHECKS/ CHK PROC BATCH      CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR   -------- -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----   GROSS  OPTIMA        ADVICE  AMOUNT   --- ---- ------  --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD       DIVIDEND              SE BUS BLCD SERV FEE   GROSS  OPT
```

```
▬▬▬7036*     0705 185112  5000.00  144.50  4855.35 185A8992  77865.78 0 0704 0501 00841197 02 185104112  1
          A  AX    0.00    0.00              0704 000    0.00    0.00  0
          0705 898622  73010.43    0.00 73010.43 185A8992  77865.78 0 0704 0SMR 00000000 02 184000009  1
          A  AX    0.00    0.00              0703 761    0.00    0.00  0
          0714 194112  256.65    7.42   248.93 194A8890   248.93 0 0713 0501 00542817 02 194104112  2
          A  AX    0.00    0.00              0713 000    0.00    0.00  0
```

CI-01FRM7  AMEX000016

```
0721 201112  2402.26   69.43  2332.68 201A8769   2332.68 0 0720 0501 00123943 02 201104112  1
     A  AX    0.00   0.00                0720 000    0.00    0.00  0
0723 202112  1000.00   28.90  970.80 202A9453   970.80 0 0721 0501 00984585 02 202104112  2
     A  AX    0.00   0.00                0721 000    0.00    0.00  0
```
REVISION DATE  : 08/04/2018              AXP RESTRICTED
AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR              PAGE 137274
FOR MONTH 07/18          MONTHLY PAID LISTING              RUN: 08/04/18

```
        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR   -------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----   GROSS  OPTIMA     ADVICE  AMOUNT  --- ---- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD      DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT
```

*******7036*      0728 208112  1766.35   51.05  1715.15 208A9066   1715.15 0 0727 0501 00964987 02 208104112  1
          A  AX    0.00   0.00                0727 000    0.00    0.00  0

AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR              PAGE 116902
FOR MONTH 06/18          MONTHLY PAID LISTING              RUN: 07/07/18

```
        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR   -------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----   GROSS  OPTIMA     ADVICE  AMOUNT  --- ---- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD      DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT
```

*******7036*      0601 151112  4500.00   130.05  4369.65 151A9402   4369.65 0 0531 0501 00769631 02 151104112  2
          A  AX    0.00   0.00                0531 000    0.00    0.00  0
0604 153112  1000.00   28.90  970.95 153A9977   970.95 0 0602 0501 00220829 02 153104112  1
     A  AX    0.00   0.00                0602 000    0.00    0.00  0
0608 158112  4000.00   115.60  3884.25 158A8873   3884.25 0 0607 0501 00326303 02 158104112  1
     A  AX    0.00   0.00                0607 000    0.00    0.00  0
0622 172112  10000.00   289.00  9710.85 172A8824   9710.85 0 0621 0501 00880649 02 172104112  1
     A  AX    0.00   0.00                0621 000    0.00    0.00  0
0625 175112  270.00   7.80  262.05 174A9533   262.05 0 0623 0501 00912385 02 175104112  1
     A  AX    0.00   0.00                0624 000    0.00    0.00  0
0630 180112  75183.38  2172.80  73010.43 180B1784   0.00 0 0629 0501 00033855 02 180104112  1
     A  AX    0.00   0.00                0629 000    0.00    0.00  0
0630 000000  73010.43-   0.00  73010.43- 180B1784   0.00 8 0629 0SMR 00000000 03 180000000  1
     A  AX    0.00   0.00                0629 000   730.10    0.00  0
REVISION DATE  : 07/07/2018              AXP RESTRICTED
AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR              PAGE 116903
FOR MONTH 06/18          MONTHLY PAID LISTING              RUN: 07/07/18
```

```
        PAY SUM   ORIG SOC  DISCOUNT   NET  CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT   DATE NBR   -------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----   GROSS  OPTIMA     ADVICE  AMOUNT  --- ---- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD      DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT
```

```
AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR              PAGE 144903
FOR MONTH 05/18              MONTHLY PAID LISTING                    RUN: 06/02/18


          PAY SUM    ORIG SOC  DISCOUNT    NET  CHECK#/  CHECKS/ CHK PROC BATCH   CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  -------  -------     DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----  GROSS  OPTIMA    ADVICE  AMOUNT   --- ---- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD       DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT
```

7036*      0504 123112 10000.00-   0.00  10000.00- 123A9443  10000.00- 0 0503 0501 00224709 02 123104112  1
     A  AX    0.00   0.00              0503 000    0.00    0.00  0
           0505 124112  5000.00   144.50  4855.35 124A9061  5144.65- 0 0504 0501 00843571 02 124104112  1
     A  AX    0.00   0.00              0504 000    0.00    0.00  0
           0505 000000 10000.00-   0.00  10000.00- 124A9061  5144.65- 0 0504 0000 00000000 03 123000000  0
     A  AX    0.00   0.00              0503      0.00    0.00  0
REVISION DATE  : 06/02/2018           AXP RESTRICTED

```
AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR              PAGE 144904
FOR MONTH 05/18              MONTHLY PAID LISTING                    RUN: 06/02/18


          PAY SUM    ORIG SOC  DISCOUNT    NET  CHECK#/  CHECKS/ CHK PROC BATCH   CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  -------  -------     DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----  GROSS  OPTIMA    ADVICE  AMOUNT   --- ---- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD       DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT
```

7036*      0507 125112  1491.00   43.09  1447.76 125A9934  3696.89- 0 0505 0501 00921302 02 125104112  1
     *  A  AX    0.00   0.00              0505 000    0.00    0.00  0
           0507 000000  5000.00-  144.50  5144.65- 125A9934  3696.89- 0 0505 0000 00000000 03 124000000  0
     A  AX    0.00   0.00              0503      0.00    0.00  0
           0510 129112   217.51-  138.21  355.67- 129A8916  4052.76- 0 0509 0501 00763372 02 129104112  2
     A  AX    0.00   0.00              0509 000    0.00    0.00  0
           0510 000000  3509.00-  187.59  3696.89- 129A8916  4052.76- 0 0509 0000 00000000 03 128000000  0
     A  AX    0.00   0.00              0503      0.00    0.00  0
           0524 143112  1000.00   28.90  970.95 143A8725  3081.81- 0 0523 0501 00787016 02 143104112  1
     A  AX    0.00   0.00              0523 000    0.00    0.00  0
           0524 000000  3726.51-  325.80  4052.76- 143A8725  3081.81- 0 0523 0000 00000000 03 142000000  0
     A  AX    0.00   0.00              0503      0.00    0.00  0
           0528 000000  2726.51-  354.70  3081.81- 146A9746  47036.07 0 0526 0000 00000000 03 145000000  0
     A  AX    0.00   0.00              0503      0.00    0.00  0
           0528 146112 51609.85  1491.52 50117.88 146A9746  47036.07 0 0526 0501 00524378 02 146104112  3
     A  AX    0.00   0.00              0526 000    0.00    0.00  0


AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR              PAGE 52847
FOR MONTH 04/18              MONTHLY PAID LISTING                    RUN: 05/05/18


          PAY SUM    ORIG SOC  DISCOUNT    NET  CHECK#/  CHECKS/ CHK PROC BATCH   CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  -------  -------     DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR -------- CHGS
------- ------- --- ----  GROSS  OPTIMA    ADVICE  AMOUNT   --- ---- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD       DIVIDEND              SE BUS BLCD SERV FEE  GROSS  OPT
```

CI-01FRM7  AMEX000018

```
7036*       0402 090112  5000.00-    0.00   5000.00- 090M1045   5000.00- 0 0331 0501 00895550 02 090104112  1
        A  AX    0.00    0.00                0331 000    0.00    0.00  0
        0404 000000    0.00    0.00    0.00 093M3162    0.00 0 0403 0999 00000000 02 090999999  1
        A  AX    0.00    0.00                0331       0.00    0.00  0
        0404 000000    0.00    0.00    0.00 093M3162    0.00 0 0403 0999 00000000 02 088999999  1
        A  AX    0.00    0.00                0329       0.00    0.00  0
        0404 775711  5000.00-    0.00   5000.00- 093A8252   5000.00- 0 0403 0567 00000000 02 092000009  1
   -4   A  AX    0.00    0.00                0402 785    0.00    0.00  0
        0405 000000  5000.00-    0.00   5000.00- 094A9165  10000.00- 0 0404 0000 00000000 03 093000000  0
        A  AX    0.00    0.00                0403       0.00    0.00  0
        0405 777063  5000.00-    0.00   5000.00- 094A9165  10000.00- 0 0404 0567 00000000 02 093000009  1
        A  AX    0.00    0.00                0403 785    0.00    0.00  0
        0410 000000  10000.00-   0.00  10000.00- 099A6155  10000.00- 0 0409 0000 00000000 03 097000000  0
        A  AX    0.00    0.00                0403       0.00    0.00  0
        0411 100112  10000.00   289.00  9710.85 100A8302   9710.85 0 0410 0501 00738969 02 100104112  1
        A  AX    0.00    0.00                0410 000    0.00    0.00  0
        0413 102112  6398.00   184.90  6212.95 102A8837   3787.05- 0 0412 0501 00354459 02 102104112  1
        A  AX    0.00    0.00                0412 000    0.00    0.00  0
        0413 787670  10000.00-   0.00  10000.00- 102A8837   3787.05- 0 0412 0567 00000000 02 101000009  1
        A  AX    0.00    0.00                0411 785    0.00    0.00  0
        0419 108112  1971.59    56.98  1914.46 108A8587   1872.59- 0 0418 0501 00761333 02 108104112  1
        A  AX    0.00    0.00                0418 000    0.00    0.00  0
   '.   0419 000000  3602.00-  184.90  3787.05- 108A8587   1872.59- 0 0418 0000 00000000 03 107000000  0
        A  AX    0.00    0.00                0412       0.00    0.00  0
        0424 000000  1872.59    0.00  1872.59 113A6205    0.00 0 0423 0839 00000000 02 111000797  1
        A  AX    0.00    0.00                0421 000    0.00    0.00  0
        0424 000000  1630.41-  241.88  1872.59- 113A6205    0.00 0 0423 0000 00000000 03 111000000  0
        A  AX    0.00    0.00                0412       0.00    0.00  0
REVISION DATE  : 05/05/2018              AXP RESTRICTED
AP 1112              SROC ACCOUNTS PAYABLE - U S DOLLAR                PAGE 52848
FOR MONTH 04/18            MONTHLY PAID LISTING                RUN: 05/05/18


        PAY SUM   ORIG SOC  DISCOUNT   NET   CHECK#/  CHECKS/ CHK PROC BATCH    CAP TRACK ID NUM
ACCOUNT ACCOUNT  DATE NBR  -------  -------       DRAFT#/  DRCT DB GRP DATE NUM  MAGSEQ CTR --------- CHGS
------- ------  --- ----   GROSS  OPTIMA      ADVICE  AMOUNT   ---- ----- ----- --- OPTIMA ----
PAYEE * PAYEE *  SYS CARD      DIVIDEND            SE BUS BLCD SERV FEE  GROSS  OPT


7036*       0425 114112   400.00    11.56   388.29 114A8324    388.29 0 0424 0501 00689563 02 114104112  1
        A  AX    0.00    0.00                0424 000    0.00    0.00  0
        0426 810389  1914.46    0.00  1914.46 115A8688  16480.81 0 0425 0567 00000000 02 114000009  1
        A  AX    0.00    0.00                0424 738    0.00    0.00  0
        0426 115112  15000.00   433.50  14566.35 115A8688  16480.81 0 0425 0501 00744875 02 115104112  1
        A  AX    0.00    0.00                0425 000    0.00    0.00  0
```

CORRECTED (if checked)

| FILER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | FILER'S TIN 13-3133497 | OMB No. 1545-2205 | **Payment Card and Third Party Network Transactions** |
|---|---|---|---|
| American Express Travel Related Services 18850 North 56th Street MC: 75-01-07 Phoenix, AZ 85054 | PAYEE'S TIN 800344450 | **2018** Form 1099-K | |

| | | | |
|---|---|---|---|
| | 1a Gross amount of payment card/third party network transactions $ 406946.41 | 1b Card Not Present transactions $ 282452.13 | |
| 1 (800) 528-5200 | 2 Merchant category code 5511 | 3 Number of payment transactions 81 | 4 Federal income tax withheld $ |
| Check to indicate if FILER is a (an): | Check to indicate transactions reported are: | 5a January $ | 5b February $ 6784.07 | **Copy B** |
| Payment settlement entity (PSE) [X]  Payment card [X] | | | |
| Electronic Payment Facilitator (EPF)/Other third party [ ]  Third party network [ ] | 5c March $ 34322.56 | 5d April $ 33769.59 | **For Payee** |
| PAYEE'S name | 5e May $ 68383.34 | 5f June $ 90453.38 | This is important tax information and is being furnished to the IRS. If you are required to file a |
| EXCELL AUTO GROUP 1001 CLINT MOORE RD # 101 BOCA RATON, FL 33487-2830 | 5g July $ 10425.26 | 5h August $ 44116.36 | return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| | 5i September $ 19186.20 | 5j October $ 10400.00 | |
| | 5k November $ 24991.93 | 5l December $ 64113.72 | |
| | 6 State | 7 State identification no. | 8 State income tax withheld $ |

| Account number (see instructions) ●●●●●7036 | PSE'S name and telephone number | |
|---|---|---|

Form **1099-K**        (Keep for your records)        www.irs.gov/Form1099K        Department of the Treasury - Internal Revenue Service

## Instructions for Payee - 1099-K (2018)

You have received this form because you have either: (a) accepted payment cards for payments, or (b) received payments through a third party network that exceeded $20,000 in gross total reportable transactions and the aggregate number of those transactions exceeded 200 for the calendar year. Merchant acquirers and third party settlement organizations, as payment settlement entities (PSE), must report the proceeds of payment card and third party network transactions made to you on Form 1099-K under Internal Revenue Code section 6050W. The PSE may have contracted with an electronic payment facilitator (EPF) or other third party payer to make payments to you.

If you have questions about the amount reported on this form, contact the FILER whose information is shown in the upper left corner on the front of this form. If you do not recognize the FILER shown in the upper left corner of this form, contact the PSE whose name and phone number are shown in the lower left corner of the form above your account number.

See the separate instructions for your income tax return for using the information reported on this form.

**Payee's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your TIN (social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN)). However, the issuer has reported your complete TIN to the IRS.

**Account number.** May show an account number or other unique number the PSE assigned to distinguish your account.

**Box 1a.** Shows the aggregate gross amount of payment card/third party network transactions made to you through the PSE during the calendar year.

**Box 1b.** Shows the aggregate gross amount of all reportable payment transactions made to you through the PSE during the calendar year where the card was not present at the time of the transaction or the card number was keyed into the terminal. Typically, this relates to online sales, phone sales, or catalogue sales. If the box for third party network is checked, or if these are third party network transactions, card not present transactions will not be reported.

**Box 2.** Shows the merchant category code used for payment card/third party network transactions (if available) reported on this form.

**Box 3.** Shows the number of payment transactions (not including refund transactions) processed through the payment card/third party network.

**Box 4.** Shows backup withholding. Generally, a payer must backup withhold if you did not furnish your taxpayer identification number (TIN) or you did not furnish the correct TIN to the payer. See Form W-9, Request for Taxpayer Identification Number and Certification, and Pub. 505. Include this amount on your income tax return as tax withheld.

**Boxes 5a–5l.** Shows the gross amount of payment card/third party network transactions made to you for each month of the calendar year.

**Boxes 6–8.** Shows state and local income tax withheld from the payments.

**Future developments.** For the latest information about developments related to Form 1099-K and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form1099K.

CORRECTED (if checked)

| FILER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | FILER'S TIN 13-3133497 | OMB No. 1545-2205 | **Payment Card and Third Party Network Transactions** |
|---|---|---|---|
| American Express Travel Related Services 18850 North 56th Street MC: 75-01-07 Phoenix, AZ 85054 | PAYEE'S TIN 800344450 | **2018** Form 1099-K | |

| | | | |
|---|---|---|---|
| | 1a Gross amount of payment card/third party network transactions $ 406946.41 | 1b Card Not Present transactions $ 282452.13 | |
| 1 (800) 528-5200 | 2 Merchant category code 5511 | 3 Number of payment transactions 81 | 4 Federal income tax withheld $ |
| Check to indicate if FILER is a (an): | Check to indicate transactions reported are: | 5a January $ | 5b February $ 6784.07 | **Copy 2** |
| Payment settlement entity (PSE) [X]  Payment card [X] | | | |
| Electronic Payment Facilitator (EPF)/Other third party [ ]  Third party network [ ] | 5c March $ 34322.56 | 5d April $ 33769.59 | To be filed with the recipient's state income tax return, when required. |
| PAYEE'S name | 5e May $ 68383.34 | 5f June $ 90453.38 | |
| EXCELL AUTO GROUP 1001 CLINT MOORE RD # 101 BOCA RATON, FL 33487-2830 | 5g July $ 10425.26 | 5h August $ 44116.36 | |
| | 5i September $ 19186.20 | 5j October $ 10400.00 | |
| | 5k November $ 24991.93 | 5l December $ 64113.72 | |
| | 6 State | 7 State identification no. | 8 State income tax withheld $ |

| Account number (see instructions) ●●●●●7036 | PSE'S name and telephone number | CI-01FRM7  AMEX000020 |
|---|---|---|

Form **1099-K**        www.irs.gov/Form1099K        Department of the Treasury - Internal Revenue Service

CORRECTED (if checked)

| FILER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | | |
|---|---|---|---|
| American Express Travel Related Services<br>18850 North 56th Street<br>MC: 75-01-07<br>Phoenix, AZ 85054<br>1 (800) 528-5200 | | | |

| | FILER'S TIN<br>13-3133497 | OMB No. 1545-2205<br>**2019**<br>Form 1099-K | **Payment Card and Third Party Network Transactions** |
|---|---|---|---|
| | PAYEE'S TIN<br>800344450 | | |
| | 1a Gross amount of payment card/third party network transactions<br>$ 181862.46 | 1b Card Not Present transactions<br>$ 96565.76 | |
| | 2 Merchant category code<br>5511 | 3 Number of payment transactions<br>53 | 4 Federal income tax withheld<br>$ |

| Check to indicate if FILER is a (an):<br>Payment settlement entity (PSE) [X]<br>Electronic Payment Facilitator (EPF)/Other third party [ ] | Check to indicate transactions reported are:<br>Payment card [X]<br>Third party network [ ] |
|---|---|

| 5a January<br>$ 37800.00 | 5b February<br>$ 13263.20 | **Copy B** |
|---|---|---|
| 5c March<br>$ 22500.00 | 5d April<br>$ 11291.03 | **For Payee** |
| 5e May<br>$ 16416.58 | 5f June<br>$ 37575.90 | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| 5g July<br>$ 21627.65 | 5h August<br>$ 21388.10 | |
| 5i September<br>$ | 5j October<br>$ | |
| 5k November<br>$ | 5l December<br>$ | |
| 6 State | 7 State identification no. | 8 State income tax withheld<br>$ |

PAYEE'S name
EXCELL AUTO GROUP
1001 CLINT MOORE RD # 101
BOCA RATON, FL 33487-2830

| Account number (see instructions)<br>▇▇7036 | PSE'S name and telephone number |
|---|---|

Form **1099-K** (Keep for your records) www.irs.gov/Form1099K Department of the Treasury - Internal Revenue Service

## Instructions for Payee - 1099-K (2019)

You have received this form because you have either (a) accepted payment cards for payments, or (b) received payments through a third party network that exceeded $20,000 in gross total reportable transactions and the aggregate number of those transactions exceeded 200 for the calendar year. Merchant acquirers and third party settlement organizations, as payment settlement entities (PSEs), must report the proceeds of payment card and third party network transactions made to you on Form 1099-K under Internal Revenue Code section 6050W. The PSE may have contracted with an electronic payment facilitator (EPF) or other third party payer to make payments to you.

If you have questions about the amounts reported on this form, contact the FILER whose information is shown in the upper left corner on the front of this form. If you do not recognize the FILER shown in the upper left corner of the form, contact the PSE whose name and phone number are shown in the lower left corner of the form above your account number.

See the separate instructions for your income tax return for using the information reported on this form.

**Payee's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your TIN (social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN)). However, the issuer has reported your complete TIN to the IRS.
**Account number.** May show an account number or other unique number the PSE assigned to distinguish your account.
Box 1a. Shows the aggregate gross amount of payment card/third party

network transactions made to you through the PSE during the calendar year.
**Box 1b.** Shows the aggregate gross amount of all reportable payment transactions made to you through the PSE during the calendar year where the card was not present at the time of the transaction or the card number was keyed into the terminal. Typically, this relates to online sales, phone sales, or catalogue sales. If the box for third party network is checked, or if these are third party network transactions, Card Not Present transactions will not be reported.
**Box 2.** Shows the merchant category code used for payment card/ third party network transactions (if available) reported on this form.
**Box 3.** Shows the number of payment transactions (not including refund transactions) processed through the payment card/third party network.
**Box 4.** Shows backup withholding. Generally, a payer must backup withhold if you did not furnish your TIN or you did not furnish the correct TIN to the payer. See Form W-9, Request for Taxpayer Identification Number and Certification, and Pub. 505. Include this amount on your income tax return as tax withheld.
**Boxes 5a–5l.** Shows the gross amount of payment card/third party network transactions made to you for each month of the calendar year.
**Boxes 6–8.** Shows state and local income tax withheld from the payments.
**Future developments.** For the latest information about developments related to Form 1099-K and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/Form1099K.*

---

CORRECTED (if checked)

| FILER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | | |
|---|---|---|---|
| American Express Travel Related Services<br>18850 North 56th Street<br>MC: 75-01-07<br>Phoenix, AZ 85054<br>1 (800) 528-5200 | | | |

| | FILER'S TIN<br>13-3133497 | OMB No. 1545-2205<br>**2019**<br>Form 1099-K | **Payment Card and Third Party Network Transactions** |
|---|---|---|---|
| | PAYEE'S TIN<br>800344450 | | |
| | 1a Gross amount of payment card/third party network transactions<br>$ 181862.46 | 1b Card Not Present transactions<br>$ 96565.76 | |
| | 2 Merchant category code<br>5511 | 3 Number of payment transactions<br>53 | 4 Federal income tax withheld<br>$ |

| Check to indicate if FILER is a (an):<br>Payment settlement entity (PSE) [X]<br>Electronic Payment Facilitator (EPF)/Other third party [ ] | Check to indicate transactions reported are:<br>Payment card [X]<br>Third party network [ ] |
|---|---|

| 5a January<br>$ 37800.00 | 5b February<br>$ 13263.20 | **Copy 2** |
|---|---|---|
| 5c March<br>$ 22500.00 | 5d April<br>$ 11291.03 | To be filed with the recipient's state income tax return, when required. |
| 5e May<br>$ 16416.58 | 5f June<br>$ 37575.90 | |
| 5g July<br>$ 21627.65 | 5h August<br>$ 21388.10 | |
| 5i September<br>$ | 5j October<br>$ | |
| 5k November<br>$ | 5l December<br>$ | |
| 6 State | 7 State identification no. | 8 State income tax withheld<br>$ |

PAYEE'S name
EXCELL AUTO GROUP
1001 CLINT MOORE RD # 101
BOCA RATON, FL 33487-2830

| Account number (see instructions)<br>▇▇7036 | PSE'S name and telephone number |
|---|---|

CI-01FRM7 AMEX000021

Form **1099-K** www.irs.gov/Form1099K Department of the Treasury - Internal Revenue Service

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Case No.:  22-12790-EPK
                                                    Chapter 7
EXCELL AUTO GROUP, INC.,

        Debtor.
_____/

### <u>NOTICE OF INTENT TO SERVE SUBPOENA</u>

PLEASE TAKE NOTICE, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, made applicable to this proceeding pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure, and Local Rule 2004-1, that Nicole Testa Mehdipour, Trustee, chapter 7

trustee, by and through undersigned counsel, intends on serving the subpoena in the form enclosed

with this notice on American Express Company and American Express Travel Related Services

Company, Inc., on June 8, 2023, or as soon thereafter as service can be effected.

                                        FURR AND COHEN, P.A.
                                        *Attorneys for Chapter 7 Trustee*
                                        2255 Glades Road, Suite 419A
                                        Boca Raton, FL 33431
                                        (561) 395-0500/Fax: 561-338-7532

                                        By: */s/ Jason S. Rigoli*
                                              Jason S. Rigoli, Esq.
                                              Florida Bar No. 091990
                                              Email: jrigoli@furrcohen.com

---

**EXHIBIT
4**

---

1

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re Excell Auto Group, Inc.
_____
                    Debtor

Case No. 22-12790-EPK_____

Chapter _7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: American Express Company, c/o C T Corporation, Registered Agent, 1200 South Pine Island Road, Plantation, FL 33324
_____
*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE Furr and Cohen, P.A. | DATE AND TIME June 23, 2023 at |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 | *Documents may be produced in lieu of appearance |

The examination will be recorded by this method:  Court Reporter
_____

[X] *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE   Furr and Cohen, P.A. | DATE AND TIME June 23, 2023 at |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 | |

*(Description of documents, electronically stored information, or objects)*
All items identified in attached Exhibit A
_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/8/2023

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Nicole Testa Mehdipour, Trustee_____ who issues or requests this subpoena, are:
Jason S. Rigoli, Esq., Furr and Cohen, P.A., 2255 Glades Road, #419A, Boca Raton, FL 33431, jrigoli@furrcohen.com, 561-395-0500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT "A"**

## I.    <u>Instructions</u>

A.    <u>Time Period</u>: Unless otherwise stated herein, the time period encompassed by this Notice is from **<u>April 8, 2018</u>** up to an including the date of the production of the documents by you. With respect to the requests relating to any operating agreements, shareholder agreements, partnership agreements, or any other agreements or documents relating to the formations, governance, and/or operation of any entity, the time period for that request shall be from formation of the entity to the present.

B.    <u>Duty to Supplement</u>: This Document request is continuing in nature and when new knowledge or information comes to the attention of the Debtor, the information supplied in the answers to the Document request shall be supplemented forthwith.

C.    <u>Scope of Requests</u>: For each and every Request herein, you shall produce Documents in your possession, custody, or control within the meaning of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including but be limited to Documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All Documents produced pursuant to this request are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or from any copy or draft.

D.    <u>Lost Documents</u>: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

1. The names of the authors of the Document;
2. The names of the persons to whom the Documents or copies were sent;
3. The date of the Document;
4. The date on which the Document was received by each addressee, copyee or its recipients;
5. A description of the nature and subject matter of the Document that is as complete as possible;
6. The date on which the Document was lost, discarded or destroyed; and
7. The manner in which the Document was lost, discarded or destroyed.

E.    <u>Claim of Privilege</u>: With respect to any Document that Debtor withholds under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

1. The names of the senders of the Document;
2. The names of the authors of the Document;
3. The names of the persons to whom the Document or copies were sent;
4. The job title of every person named in subparagraphs 1, 2 and 3 above;
5. The date of the Document;
6. The date on which the Document was received by each addressee, copyee or its recipient;
7. A brief description of the nature and subject matter of the Document; and
8. The statute, rule or decision which is claimed to give rise to the privilege.

F.    <u>Responses</u>: If you cannot, after exercising due diligence to secure or produce the Document(s) requested, you must identify which Request(s) that you do not have any responsive Documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), providing the identity of the person who has possession, custody, or control of the requested Document(s).

G.    <u>Definitions</u>: All words in this request for production shall have their plain, ordinary and common meanings unless specifically defined below in the Definition section of this Notice.

H.    <u>Duplicate Copies</u>: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

I.    <u>Inclusive Construction</u>: Generally, each request should be construed to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

## II.    <u>Definitions</u>

A.    "**Petition Date**" means April 8, 2022.

B.    "**Bankruptcy Case**" means the above captioned bankruptcy case.

C.    "**Debtor**" means Excell Auto Group, Inc., as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc.

D.    "**Karma of Broward**" means Karma of Broward, Inc., FEI/EIN Number 85-0531887, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Broward, Inc.

2

E.    "**Karma of Palm Beach**" means Karma of Palm Beach, Inc., FEI/EIN Number 30-1246034, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Palm Beach, Inc.

F.    "**Document(s)**" means information in all stored or communicated forms.  With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise.  The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

G.    "**Communication(s)**" means any act or process imparting, express, or exchanging information in any manner or form.

H.    "**Affiliated**" means being in close formal or informal association; related.

I.    "**Affiliate(s)**" shall have the meaning ascribed in 11 U.S.C. § 101(2) (2019).

J.    The terms "**support**," "**evidence**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## DOCUMENTS REQUESTED

1.    All Documents and communications pertaining to each open or closed account(s) associated with the S.S. ▮▮▮-3960 **including, but not limited to**:

    a.    Signature cards (request is from the date each account was opened);

    b.    Account opening documents (request is from date each account was opened);

    c.    Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

    d.    Statements;

2.    All Documents and communications pertaining to each open or closed account(s) associated with the S.S. ▮▮▮-5588 **including, but not limited to**:

    a.    Signature cards (request is from the date each account was opened);

    b.    Account opening documents (request is from date each account was opened);

    c.    Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

    d.    Statements;

3.     All Documents and communications pertaining to each open or closed account(s) associated with the S.S. ███-0985 **<u>including, but not limited to</u>**:

   a.  Signature cards (request is from the date each account was opened);

   b.  Account opening documents (request is from date each account was opened);

   c.  Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

   d.  Statements;

###

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re _Excell Auto Group, Inc._           Case No. _22-12790-EPK_
       Debtor

Chapter _7_

## SUBPOENA FOR RULE 2004 EXAMINATION

American Express Travel Related Services Company, c/o C T Corporation, Registered Agent, 1200 South Pine Island Road,
To: _Plantation, FL 33324_

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE Furr and Cohen, P.A.<br>2255 Glades Road, Suite 419A<br>Boca Raton, FL 33431 | DATE AND TIME June 23, 2023 at<br>5:00 p.m. (eastern)<br>*Documents may be produced in lieu of appearance |
|---|---|

The examination will be recorded by this method: _Court Reporter_

[X] *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE Furr and Cohen, P.A.<br>2255 Glades Road, Suite 419A<br>Boca Raton, FL 33431 | DATE AND TIME June 23, 2023 at<br>5:00 p.m. (eastern) |
|---|---|

*(Description of documents, electronically stored information, or objects)*
All items identified in attached Exhibit A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _6/8/2023_

         CLERK OF COURT
                                 OR

       _Signature of Clerk or Deputy Clerk_               _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Nicole Testa Mehdipour, Trustee_ who issues or requests this subpoena, are:
Jason S. Rigoli, Esq., Furr and Cohen, P.A., 2255 Glades Road, #419A, Boca Raton, FL 33431, jrigoli@furrcohen.com, 561-395-0500

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

 

                                       _____
                                             *Server's signature*

                                       _____
                                          *Printed name and title*

                                        _____
                                          *Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

**EXHIBIT "A"**

## I.    Instructions

A.    Time Period: Unless otherwise stated herein, the time period encompassed by this Notice is from **April 8, 2018** up to an including the date of the production of the documents by you.  With respect to the requests relating to any operating agreements, shareholder agreements, partnership agreements, or any other agreements or documents relating to the formations, governance, and/or operation of any entity, the time period for that request shall be from formation of the entity to the present.

B.    Duty to Supplement: This Document request is continuing in nature and when new knowledge or information comes to the attention of the Debtor, the information supplied in the answers to the Document request shall be supplemented forthwith.

C.    Scope of Requests: For each and every Request herein, you shall produce Documents in your possession, custody, or control within the meaning of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including but be limited to Documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All Documents produced pursuant to this request are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or from any copy or draft.

D.    Lost Documents: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

1. The names of the authors of the Document;
2. The names of the persons to whom the Documents or copies were sent;
3. The date of the Document;
4. The date on which the Document was received by each addressee, copyee or its recipients;
5. A description of the nature and subject matter of the Document that is as complete as possible;
6. The date on which the Document was lost, discarded or destroyed; and
7. The manner in which the Document was lost, discarded or destroyed.

E.    Claim of Privilege: With respect to any Document that Debtor withholds under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

      1.  The names of the senders of the Document;
      2.  The names of the authors of the Document;
      3.  The names of the persons to whom the Document or copies were sent;
      4.  The job title of every person named in subparagraphs 1, 2 and 3 above;
      5.  The date of the Document;
      6.  The date on which the Document was received by each addressee, copyee or its recipient;
      7.  A brief description of the nature and subject matter of the Document; and
      8.  The statute, rule or decision which is claimed to give rise to the privilege.

F.     <u>Responses</u>: If you cannot, after exercising due diligence to secure or produce the Document(s) requested, you must identify which Request(s) that you do not have any responsive Documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), providing the identity of the person who has possession, custody, or control of the requested Document(s).

G.     <u>Definitions</u>: All words in this request for production shall have their plain, ordinary and common meanings unless specifically defined below in the Definition section of this Notice.

H.     <u>Duplicate Copies</u>: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

I.     <u>Inclusive Construction</u>: Generally, each request should be construed to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

## II.   <u>Definitions</u>

A.     "**Petition Date**" means April 8, 2022.

B.     "**Bankruptcy Case**" means the above captioned bankruptcy case.

C.     "**Debtor**" means Excell Auto Group, Inc., as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc.

D.     "**Karma of Broward**" means Karma of Broward, Inc., FEI/EIN Number 85-0531887, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Broward, Inc.

2

E.    "**Karma of Palm Beach**" means Karma of Palm Beach, Inc., FEI/EIN Number 30-1246034, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Palm Beach, Inc.

F.    "**Document(s)**" means information in all stored or communicated forms.  With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise.  The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

G.    "**Communication(s)**" means any act or process imparting, express, or exchanging information in any manner or form.

H.    "**Affiliated**" means being in close formal or informal association; related.

I.    "**Affiliate(s)**" shall have the meaning ascribed in 11 U.S.C. § 101(2) (2019).

J.    The terms "**support**," "**evidence**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## DOCUMENTS REQUESTED

1.    All Documents and communications pertaining to each open or closed account(s) associated with the S.S. ███-3960 **including, but not limited to**:

    a.    Signature cards (request is from the date each account was opened);

    b.    Account opening documents (request is from date each account was opened);

    c.    Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

    d.    Statements;

2.    All Documents and communications pertaining to each open or closed account(s) associated with the S.S. ███-5588 **including, but not limited to**:

    a.    Signature cards (request is from the date each account was opened);

    b.    Account opening documents (request is from date each account was opened);

    c.    Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

    d.    Statements;

3

     3.     All Documents and communications pertaining to each open or closed account(s) associated with the S.S. ███-0985 **<u>including, but not limited to</u>**:

     a.  Signature cards (request is from the date each account was opened);

     b.  Account opening documents (request is from date each account was opened);

     c.  Corporate board authorization minutes or partnership resolutions (request is from before the date any such account was opened); and

     d.  Statements;

###