**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.,

    Debtor.
_____/

Case No. 22-12790-BKC-EPK
Chapter 7

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING SALE OF ORANGE COUNTY CUSTOM FERRARI MOTORCYCLE; (II) APPROVING BIDDING PROCEDURES AND FORM AND MANNER OF NOTICES OF SALE; (III) APPROVING TRUSTEE'S RETENTION OF DOCUMENT MANAGEMENT SOLUTIONS, INC.; AND (IV) APPROVING SALE OF ESTATE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(B) AND (F)**

NICOLE TESTA MEHDIPOUR, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of EXCELL AUTO GROUP, INC. (the "Debtor" or "Excell"), by and through undersigned counsel, hereby files pursuant to 11 U.S.C. §§105 and §363, Rules 2002, 6004 of the Federal Rules of Bankruptcy Procedure, Local Rules 2002-1, 6004-1, and the Court's *Order Pursuant to Bankruptcy Rule 9019 Approving Compromise and Settlement of Controversy Between Trustee, Nicole Testa Mehdipour, Frederick Middleton and Aaron Parkinson* dated May 8, 2023 [ECF No. 387], moves for the entry of an Order granting the relief described herein. In support of the Motion, the Trustee respectfully states as follows:

**I.    BACKGROUND**

1.    The Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of Title 11 of the Bankruptcy Code on August 8, 2022 [ECF No. 1] and Nicole Testa Mehdipour was duly appointed as the Chapter 7 Trustee in the case [ECF No. 2].

2.    On May 8, 2023, this Court approved a settlement and compromise between the

Trustee, Frederick Middleton and Aaron Parkinson [ECF No. 387]. By this Motion, the Trustee seeks authority to sell the following:

**2014 ORANGE COUNTY CUSTOM-MADE FERRARI MOTORCYCLE
WITH VIN ENDING 170885, COLOR BLACK**

(the "Ferrari Motorcycle").

3. The Trustee believes that the highest and best value for the Ferrari Motorcycle will be generated pursuant to an E-Bay Motor's Online Auction Sale (the "Auction Sale") and that such auction is in the best interest of the estate. Simultaneously with the filing of this Motion, the Trustee seeks to employ Carina Avila of Document Management Solutions, Inc. ("DMS") (the "Auctioneer"), as auctioneer to auction the Ferrari Motorcycle online. The sale will be "as-is," "where-is," "what is", without any warranties of any nature, free and clear of all liens, claims, encumbrances and interests. The Trustee is unaware of any liens, claims or encumbrances on the Ferrari Motorcycle; however, the Trustee is seeking approval of a form of notice detailed herein, which will maximize exposure to the market as well as any unknown creditors.

## II. PROPOSED SALE, BIDDING AND SALES PROCESS

### A. *Terms of the Proposed Auction Sale*

4. The Trustee intends to sell the Ferrari Motorcycle through the auction process described in this Motion and in compliance with Auctioneer's policies and procedures and the Agreement, and consistent with the due process requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. The terns of the proposed auction sale are as follows:

**Seller**: Nicole Testa Mehdipour, Chapter 7 Trustee for In re Ex cell Auto Group, Inc.
**Auctioneer**: Document Management Solutions, Inc.
**Auctioneer Fees and Costs**: detailed herein.
**Location of Auction**: E-Bay Motor's Online Auction Sale

### B. *Sale Process and Bidding Procedures*

5. The Trustee seeks to implement the following time frame for the proposed auction sale process: (a) the Trustee seeks to close on the sale of the Vehicles within ten (10) days of the conclusion of the Auction; (b) the Trustee will accept the highest bid at the auction, subject to final confirnation by the Trustee; and (c) any objections to the sale must be in writing, filed with the Clerk of the Bankruptcy Court, and served upon Nicole Testa Mehdipour, the Chapter 7 Trustee.

6. The Trustee seeks approval of the following auction and bidding procedures:

**Auction Sale Terms**: The terms and procedures for the Auction shall comply with the Auctioneer's terms and conditions set forth in the Auctioneer's website and as follows: (a) the highest bidder shall be required to pay by cash or cashier's check, and the sale shall be final; (b) the sale shall also be subject to any other terms and conditions as announced by the Auctioneer at the Auction; and (c) the Auction proceeds shall be held in trust by the Auctioneer, in accordance with applicable law, and remitted to the estate within two (2) weeks of the Auction.

**Marketing**: The Auctioneer shall run a targeted marketing campaign through social media and through her network of potential bidders, including dealers, in order to gain maximum exposure to the market and obtain maximum recovery for the benefit of the estate and its creditors.

**Auctioneer's Fee and Costs**: ten percent (10%) return, based on the gross revenue from the sale of the Ferrari Motorcycle. Auctioneer will be reimbursed as follows: (a) storage fees in the amount of $300 per month beginning in April 2022, through approval of, and conclusion of the Auction Sale; (b) towing fees in the amount of $250.00; (c) removal from premises/administrative fees in the amount of $450.00; and (d) marketing costs will not exceed the amount of $650.

**Final Trustee Confirmation:** The Trustee reserves the right in her sole discretion to determine the highest and best bid and any sales price is subject to final confirmation by the Trustee.

**Free and Clear Conveyance and No Representations and Warranties.** The sale of Ferrari Motorcycle shall be "as is" "where is" "what is", with all faults, without any representations or warranties whatsoever, and free and clear of all interests, liens, claims (as defined by 11 U.S.C. § 101(5)), encumbrances, mortgages, security interests, charges, debts, liabilities, obligations, interests, commitments, responsibilities and/or obligations of any kind whatsoever, direct or indirect, absolute or contingent, matured or unmatured, whether accrued, vested or otherwise, known or unknown, foreseen or unseen (collectively "Liens and Interests"), with Liens and Interests, if any, to attach to the proceeds of the sale pursuant to 11 U.S.C. § 363(f).

**THE FERRARI MOTORCYCLE IS SOLD AS ARTWORK -THERE IS NO VIN OR TITLE.**

**Allocation of Net Sale Proceeds**:   The Estate, on one hand, and Middleton and Parkinson together, on the other hand, shall split the Net Proceeds 50%-50% from the Auction Sale of the Ferrari Motorcycle (i.e., the Estate shall be entitled to 50% of the Net Proceeds and Middleton and Parkinson together shall be entitled to 50% of the Net Proceeds from the Auction Sale. Upon conclusion of the Auction Sale and the clearance of readily available funds, without further order of the court, the Trustee shall be authorized to remit 50% of the Net Proceeds to Middleton and Parkinson. As to the allocation of the 50% amount, Middleton and Parkinson shall advise the Trustee and her counsel in writing of the specific allocation as between Middleton and Parkinson, who will indemnify and hold the Trustee and her agents and attorneys, and the Estate harmless as to any liability or claims regarding instructions as to allocation.

    C.  *Form and Manner of Notice*

7.    Fed. R. Bankr. P. 2002(c)(1) provides that the notice of the proposed sale of assets is to include a general description of the assets, the time and place of any public sale, the terms and conditions of any private sale and the time fixed for filing objections. This motion satisfies Fed. R. Bankr. P. 2002(c)(1).

8.    The Notice shall state, in part:

> **THE FERRARI MOTORCYCLE IS REPRESENTED TO THE TRUSTEE AS ARTWORK AND NO VIN NUMBER, REGISTRATION OR TITLE WILL BE PROVIDED.  THE FERRARI MOTORCYCLE IS NOT INTENDED FOR STREET USE IN ITS CURRENT CONDITION**

9.    In addition to the Auctioneer's marketing, the Trustee intends to provide notice of the Auction, through a separate Notice of Sale, to all parties on the Creditor Matrix in this case, all parties in interest, as well as all parties whom have filed a notice of appearance in this case and any other parties that have made offers or expressed interest in the Ferrari Motorcycle.

Additionally, the Trustee seeks approval of the additional form and manner of notice by publication to unknown creditors pursuant to Fed. R. Bankr. P. 9008. The Trustee submits that notice by publication in the following industry advertisements would yield maximum exposure,

not only to potential bidders, but is sufficient to provide notice of the proposed auction sale to unknown creditors and potential third parties claiming any right, title, or interest to the Ferrari Motorcycle:

| Publication | Cost |
| --- | --- |
| *https://www.motorcycle.com/classifieds/motorcycle-classifieds.html* | $20.00 cost for a 30-day listing. |
| *www.cycletrader.com/sell-motorcycles* | $39.95 cost for a 6-week listing. |

"Whenever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications. Fed. R. Bankr. P. 9008. Therefore, the Notice of Auction shall provide, in part, as follows:

> **ANY PARTY CLAIMING A LIEN OR AN OWNERSHIP INTEREST IN THE FERRARI MOTORCYCLE MUST PROVIDE WRITTEN NOTICE TO THE TRUSTEE AND FILE AN OBJECTION TO SALE ON THE BANKRUPTCY COURT DOCKET 2 BUSINESS DAYS PRIOR TO THE AUCTION OR ANY LIEN OR OWNERSHIP INTEREST SHALL BE DEEMED WAIVED AND EXTINGUISHED**

### III.    RELIEF REQUESTED

***A. The Bankruptcy Code Authorizes a Trustee to Sell the Ferrari Motorcycle Outside the Ordinary Course of Business***

10.     The Trustee requests that the Court approve the sale of the Ferrari Motorcycle pursuant to the proposed auction sale process, pursuant to 11 U.S.C. § 363(f), free and clear of any and all liens, claims and encumbrances, upon the terms set forth above.

11.     Section 363(b)(1) of the Bankruptcy Code authorizes a Trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate" after notice and a hearing. 11 U.S.C. §§ 363(b)(1), 704(a)(1). The standard applicable to a motion under § 363(b)(1) of the Bankruptcy Code is whether the proposed sale serves a sound business purpose. *In re BDK Health*

*Management*, 1998 WL 34188241, *5 (Bankr. M.D. Fla. 1998). Courts have held that this standard is satisfied where: (1) there is no improper or bad faith motive, (2) the price is fair and the negotiations or bidding occurred at arm's length, (3) there has been adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. *In re Gulf States Steel Inc. of Alabama*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002).

12. In the instant case, the Trustee submits that the most important consideration in assessing the Trustee's business judgment is the consequences to the estate, creditors, and other parties in interest. Under the circumstances, there is no better alternative to maximize value for the benefit of the estate and its creditors.

### B. The Proposed Auction Sale of the Ferrari Motorcycle will be Free and Clear of Liens, Claims, Interests, or Encumbrances

13. This Court has the statutory authority to approve the proposed Auction sale free and clear of liens, claims, interests, or encumbrances pursuant to § 363(f) of the Bankruptcy Code if:

> (i) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (ii) each entity holding a lien, claim or interest consents;
> (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (iv) such interest is in bona fide dispute, or
> (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

See 11 U.S.C. § 363(f); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (section 363(f) is written in the disjunctive; the court may approve a sale "free and clear" provided at least one of the subsections is met"). The only parties to have come forward claiming an interest in the Ferrari Motorcycle are Parkinson and Middleton, who have consented to the Proposed Auction Sale, pursuant to the terms set forth herein.[1] The Trustee does not know of any other party that has or

---

[1] This Motion is filed pursuant to, and the terms detailed herein, comply with the Court-approved settlement as between Parkinson and Middleton. *See* ECF 387.

could claim an interest in the Ferrari Motorcycle that are not being provide with mail notice of this Motion.  However, in an abundance of caution, the Trustee is seeking to provide additional notice through publication pursuant to Fed. R. Bankr. P. 2002(l) and 9008 as a supplement to the notice to potential unknown interest holders.

### C. The Successful Bidder is Entitled to the Protections Pursuant to §363(m) because the Auction Sale is in Good Faith

14. While the Bankruptcy Code does not define "good faith," "[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 147 (3d Cir. 1986) (citations omitted). This is an arm's length transaction so that the Buyer should be deemed a bona fide purchaser and afforded the protections under 11 U.S.C. § 363(m). Additionally, an online auction offers increased and maximum exposure to potential bidders from all across the country and world.

15. The Trustee believes that, absent evidence of any collusion, the Successful Bidder or Backup Bidder, as the case may be, for the Ferrari Motorcycle, deserves the protections afforded by Bankruptcy Code § 363(m) faith purchaser(s)" under § 363(m) of the Bankruptcy Code and that Buyers are entitled to all the benefits and protection of a good faith purchaser under § 363(m) of the Bankruptcy Code.

### D. Trustee's Proposed Notice to Creditors and Unknown Interest Holders is Reasonable and Provides Adequate Due Process

16. The Trustee submits the procedures, as more fully described herein, for notice to creditors, interested parties, and potential purchasers satisfy the requirements of the Bankruptcy Code, pursuant to Fed. R. Bankr. P. 2002, 6004, 9008 and 9014.

17. The proposed publication provides adequate Due Process protections for unknown interest holders.

18. The Trustee believes that the proposed auction sale is in the best interest of the estate and would ask the Court to enter an order approving the proposed auction sale, and to authorize the Trustee to sell the Ferrari Motorcycle free and clear of liens, claims, encumbrances, and interests.

### E. Waiver of 14-Day Stay Pursuant to Fed. R. Bankr. P. 6004(h) and 6066(d) Is Appropriate

19. The Trustee requests that this Court waive the 14-day stay of the Order granting this Motion pursuant to Fed. R. Bankr. P. 6004(h).

## IV. APPLICATION TO RETAIN DOCUMENT MANAGEMENT SOLUTIONS, INC. AS AUCTIONEER

20. The Trustee, pursuant to pursuant to 11 U.S.C. §327(a), Local Rule 6005-1 and the Court's *Order Pursuant to Bankruptcy Rule 9019 Approving Compromise and Settlement of Controversy Between Trustee, Nicole Testa Mehdipour, Frederick Middleton and Aaron Parkinson* dated May 8, 2023 [ECF No. 387], seeks the entry of an Order approving the employment of DMS, in connection of the proposed Auction Sale of the Ferrari Motorcycle, subject to the terms and conditions herein.

21. The Trustee believes that the highest and best value for the Ferrari Motorcycle will be generated pursuant to an E-Bay Motor's Online Auction Sale and that such auction is in the best interest of the estate.

22. The proposed Auctioneer is disinterested within the meaning of 11 U.S.C. §101(14) and §327(a), pursuant to the Affidavit of Auctioneer, attached hereto as part of ***Composite Exhibit A***.

23. The Auctioneer is licensed and bonded as an auctioneer and is authorized to conduct auctions in the State of Florida pursuant to Florida Statues §468.381 et.seq. or §468.387 for out-of-state auctioneers. In addition, Auctioneer has obtained an annual blanket bond of $200,0000.00 for each instance which is in place and is greater than the revenues expected to be generated by the proposed auction of the property or combination of auctions. The bond is issued by a surety company approved by the Department of the Treasury, and the bond is in favor of the United States of America. A copy of the license and bond are attached to the Affidavit of Auctioneer as part of ***Composite Exhibit A***.

24. The Trustee is seeking to employ the Auctioneer on the following terms:

> **Auctioneer's Fees and Costs**: ten percent (10%) return, based on the gross revenue from the sale of the Ferrari Motorcycle
> **Auctioneer's Costs**: Auctioneer will be reimbursed as follows:
>
> (a) storage fees in the amount of $300 per month beginning in April 2022, through approval of, and conclusion of the Auction Sale;
> (b) towing fees in the amount of $250.00;
> (c) removal from premises/administrative fees in the amount of $450.00; and
> (d) marketing costs will not exceed the amount of $650.

25. In order to gain maximum exposure to the market and obtain maximum recovery for the benefit of the estate and its creditors, the Auctioneer shall run a targeted marketing campaign through social media through her network of potential bidders, including dealers.

26. The Trustee will serve copies of this Motion and Order granting this motion in accordance with Bankruptcy Rules 6004(a)(2) and 2002(a)(2) and (c)(1), and Local Rule 6005-1(E). Additionally, pursuant to Bankruptcy Rule 2002(l) and 9008, the Trustee will serve by notice by publication in order to supplement the service.

27. Upon completion of the auction, the Auctioneer will file a report summarizing the results of the auction and stating the fees and expenses which will be paid to Auctioneer in

accordance with the Order approving the retention. The report shall be served only on the U.S. Trustee, the Trustee and any other interest party who specifically requests a copy. The fees and expenses will be paid without the necessity of further notice or hearing unless any party in interest files an objection within fourteen (14) days from the filing of the report.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court enter an Order: (a) granting this Motion; (b) authorizing the Trustee to sell the Ferrari Motorcycle pursuant to the proposed auction sale and bidding procedures set forth herein; (c) approving the proposed auction sale and bidding procedures set forth herein; (d) approving the retention of Document Management Solutions, Inc.; (e) approving the sale free and clear of all liens, claims, encumbrances. and interests with any liens, claims, encumbrances, or interests attaching to the net sale proceeds; (f) approving the manner of form of notice; (g) finding that the Successful Bidder is a bona fide purchaser entitled to the protections under 11 U.S.C. § 363(m); (h) waiving the 14-day stay under Fed R. Bankr. P. 6004(h); (i) make a finding that notice of publication in the manner described in this Motion provides adequate Due Process protections to terminate the rights of unknown interest holders in the Ferrari Motorcycle; and (j) awarding any further relief this Court deems just and proper.

Respectfully submitted this 8th day of September, 2023.

**LAW OFFICE OF NICOLE TESTA MEHDIPOUR, P.A.**
*General Counsel for Chapter 7 Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880
Fax: (954) 208-0888
/s/ Nicole Testa Mehdipour
Nicole Testa Mehdipour
Florida Bar No. 177271
Nicole.Mehdipour@ntmlawfirm.com

**COMPOSITE EXHIBIT A**

**EXHIBIT A**
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:                                              Case No.: 22-12790-EPK
EXCELL AUTO GROUP INC.                              Chapter 7
Debtor.
_____/

**AFFIDAVIT OF CARINA AVILA**
**FOR DOCUMENT MANAGEMENT SOLUTIONS, INC. AS PROPOSED AUCTIONEER**

STATE OF FLORIDA      )
COUNTY OF BROWARD     )

BEFORE ME, the undersigned authority, this date did personally appear, Document Management Solutions, Inc., who being duly sworn under Oath, deposes and states:

1. I submit this Affidavit in support of the *Chapter 7 Trustee's Ex Parte Application to Employ Document Management Solutions, Inc. as Auctioneer* (the "Application"). I have read the Application and affirm all factual statements made therein as true, accurate and correct.

2. DMS is licensed and bonded as an auctioneer and is authorized to conduct auctions in the State of Florida pursuant to Florida Statues §468.381 et seq. or §468.387 for out-of-state auctioneers.

3. In addition, I have obtained an annual blanket bond of $200,000 which is in place and is greater than the revenues expected to be generated by the proposed auction of the property or combination of auctions. The bond is issued by a surety company approved by the Department of the Treasury, and the bond is in favor of the United States of America. Copies are attached. True copies are the license and bond are attached hereto.

4. I have no connections to the Debtor, the estate, the Trustee (other than serving as auctioneer in unrelated cases) or the U.S. Trustee, and am a disinterested person as required by 11 U.S.C. §327(a).

5. I understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation as deemed appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

**FURTHER AFFIANT SAYETH NAUGHT**

_/s/ Carina Avila_

**CARINA AVILA**, for
**Document Management Solutions, Inc.**
The foregoing instrument was acknowledged before me this Sept day of 8th, 2023.

_____
Notary Public, State of Florida

My Commission Expires:



Notary Public State of Florida
Lilibeth Cedeno
My Commission
HH 184572
Exp. 8/12/2025

Ron DeSantis, Governor

Julie I. Brown, Secretary

# STATE OF FLORIDA
# DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION

# FLORIDA BOARD OF AUCTIONEERS

THE AUCTION BUSINESS HEREIN IS LICENSED UNDER THE
PROVISIONS OF CHAPTER 468, FLORIDA STATUTES

# DOCUMENT MANAGEMENT SOLUTIONS, INC.

DMS, INC.
4701   SW 51 STREET

DAVIE            FL 33314

**LICENSE NUMBER: AB3922**

**EXPIRATION DATE:  NOVEMBER 30, 2023**

Always verify licenses online at MyFloridaLicense.com



Do not alter this document in any form.

This is your license. It is unlawful for anyone other than the licensee to use this document.

## Western Surety Company

### VERIFICATION CERTIFICATE
TO VERIFY THAT A CONTINUOUS FORM OF
BOND OR POLICY HAS NOT BEEN CANCELLED

This is to certify that the Dishonest/Fidelity Bond No. **61158326**, in the amount of **$200,000** issued by **Western Surety Company**, as Surety and on behalf of **Document Management Solutions, Inc., located at 4701 SW 51st Street, Davie, FL 33314**, as Principal, and effective September 01, 2011 is a continuous instrument covering an indefinite term, is now in full force and effect and has been renewed for an additional one year term beginning on September 01, 2022. This bond will continue in full force and effect until cancelled or terminated.

**Signed,** sealed and dated this **12th** day of **July, 2022**.

**Western Surety Company**

_Clinton J, Diers, Attorney-in-Fact_