UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                    Case No.: 22-12790-EPK
                                                                          Chapter 7

EXCELL AUTO GROUP, INC.,

                      Debtor.
_____/

## NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, that Nicole Testa Mehdipour, Trustee, chapter 7 trustee, by and through undersigned counsel, intends on serving the subpoenas in the forms enclosed with this notice on TBF Group Limited Liability Company on September 29, 2023, or as soon thereafter as service can be effected.

> FURR AND COHEN, P.A.
> *Attorneys for Chapter 7 Trustee*
> 2255 Glades Road, Suite 419A
> Boca Raton, FL 33431
> Telephone: 561-395-0500
> Facsimile: 561-338-7532
>
> By: */s/ Jason S. Rigoli*
> Jason S. Rigoli, Esq.
> Florida Bar No. 091990
> Email: jrigoli@furrcohen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this bankruptcy case, including counsel for the Debtor, Scott and Kristen Zankl, Karma of Palm Beach, and Karma of Broward.

Dated: September 29, 2023

                                        By */s/ Jason S. Rigoli*
                                        Jason S. Rigoli

1

# UNITED STATES BANKRUPTCY COURT
### Southern District of Florida

In re  Excell Auto Group, Inc.

Debtor

Case No.  22-12790-EPK

Chapter  7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Corporate Representative for TBF Group Limited Liability Company, 333 River Street, Hoboken, NJ 07030

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE   Furr and Cohen, P.A. | DATE AND TIME   October 23, 2023 at |
|---|---|
| 2255 Glades Road, Suite 419A | 10:00 a.m. (eastern) |
| Boca Raton, FL 33431 (via remote video conference) | |

The examination will be recorded by this method: Court Reporter

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE  Furr and Cohen, P.A. | DATE AND TIME  October 16, 2023 by |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 (delivery to be agreed upon by parties) | |

*(Description of documents, electronically stored information, or objects)*
See Exhibit A to the Notice of 2004 Examination included with this Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/29/2023

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

/s/Jason S. Rigoli
FBN 91990

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Nicole Testa Mehdipour, Chapter 7 Trustee who issues or requests this subpoena, are:
Jason S. Rigoli, Esq., 2255 Glades Road, Suite 419A, Boca Raton, FL 33431, jrigoli@furrcohen.com, (561)395-0500

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                _____
                                                                *Server's signature*


                                                _____
                                                                *Printed name and title*


                                                _____
                                                                *Server's address*


Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

                                           Case No.: 22-12790-EPK

EXCELL AUTO GROUP, INC.                  Chapter 7

Debtor.
_____/

## NOTICE OF 2004 EXAMINATION

Nicole Testa Mehdipour, Trustee in Bankruptcy for EXCELL AUTO GROUP, INC., by and through undersigned counsel, will examine Corporate Representative for TBF Group Limited Liability Company, 333 River Street, Hoboken, NJ 07030, under oath on **October 23, 2023 at 10:00 a.m. (eastern)**, at the law offices of **Furr and Cohen, P.A., 2255 Glades Road, Suite 419A, Boca Raton, Florida 33431**.

**BECAUSE THE EXAMINATION IS BEING TAKEN USING WEB/VIDEO CONFERENCING TECHNOLOGY, IT MAY BE POSSIBLE FOR ALL PARTIES TO PARTICIPATE REMOTELY WITHOUT GOING TO THIS LOCATION.**

**If you wish to attend remotely via Zoom videoconferencing or WebEx, you will need a desktop computer or laptop with a webcam in order to be seen, speakers to hear the other parties connected and a microphone to be heard.**

**For security reasons, the information necessary to connect to the examination will be separately provided to you prior to the examination date.**

The examination may continue from day to day until completed. If the examinee receives this notice less than fourteen (14) days prior to the scheduled examination date the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1 and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in FRBP 2004. Pursuant to Local Rule 2004-1 no order shall be necessary. [If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

**IT IS THE DEPONENT'S RESPONSIBILITY TO PROVIDE AND PAY FOR A TRANSLATOR IF ONE IS NEEDED AT THIS DEPOSITION.**

**The examinee is further requested to produce to undersigned counsel all responsive documents and communications described on the attached Exhibit "A" no later than October 16, 2023 by 5:00 p.m. Please contact the undersigned counsel's office beforehand to advise us if you are going to hand deliver documents so that we can make arrangements to allow you to access the office with security.**

## PRODUCTION OF ELECTRONIC DOCUMENTS

**PLEASE DO NOT SEND DOCUMENTS BY EMAIL. We would ask that any electronic documents be produced on a flashdrive or external harddrive in pdf format. Alternatively, you may contact undersigned counsel at least one business day before documents are due for us to send you an invitation to upload documents on a secure network.**

**All interested parties that plan on attending the examination should contact undersigned counsel's office to confirm that the examination is going forward on the scheduled date and time before attending as the date and time may change.**

**EXHIBIT "A"**

I.        **Instructions**

A.        <u>Time Period</u>: Unless otherwise stated herein, the time period encompassed by this Notice is from **<u>April 8, 2018</u>** up to an including the date of the production of the documents by You.  With respect to the requests relating to any operating agreements, shareholder agreements, partnership agreements, or any other agreements or documents relating to the formations, governance, and/or operation of any entity, the time period for that request shall be from formation of the entity to the present.

B.        <u>Duty to Supplement</u>: This Document request is continuing in nature and when new knowledge or information comes to the attention of the Debtor, the information supplied in the answers to the Document request shall be supplemented forthwith.

C.        <u>Scope of Requests</u>: For each and every Request herein, You shall produce Documents or Communications in your possession, custody, or control within the meaning of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including but be limited to Documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.

D.        <u>Production</u>. Subject to paragraph E, below, all Documents or Communications produced pursuant to this request are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document or Communication, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or Communications or from any copy or draft.

E.        <u>Production of Electronically Stored Information</u>.  Electronically stored information ("ESI") should be produced in searchable portable document format ("PDF") or native format, along with all metadata from each.

F.        <u>Lost Documents</u>: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

1.   The names of the authors of the Document;
2.   The names of the persons to whom the Documents or copies were sent;
3.   The date of the Document;
4.   The date on which the Document was received by each addressee, copyee or its recipients;
5.   A description of the nature and subject matter of the

Document that is as complete as possible;

6. The date on which the Document was lost, discarded or destroyed; and
7. The manner in which the Document was lost, discarded or destroyed.

G.    <u>Claim of Privilege</u>: With respect to any Document that Debtor <u>withholds</u> under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

1. The names of the senders of the Document;
2. The names of the authors of the Document;
3. The names of the persons to whom the Document or copies were sent;
4. The job title of every person named in subparagraphs 1, 2 and 3 above;
5. The date of the Document;
6. The date on which the Document was received by each addressee, copyee or its recipient;
7. A brief description of the nature and subject matter of the Document; and
8. The statute, rule or decision which is claimed to give rise to the privilege.

H.    <u>Responses</u>: If you cannot, after exercising due diligence to secure or produce the Document(s) requested, you must identify which Request(s) that you do not have any responsive Documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), providing the identity of the person who has possession, custody, or control of the requested Document(s).

I.    <u>Definitions</u>: All words in this request for production shall have their plain, ordinary and common meanings unless specifically defined below in the Definition section of this Notice.

J.    <u>Duplicate Copies</u>: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

K.    <u>Inclusive Construction</u>: Generally, each request should be construed to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

## II.    Definitions

A.    "**Petition Date**" means April 8, 2022.

B.    "**Bankruptcy Case**" means the above captioned bankruptcy case.

C.    "**Debtor**" means Excell Auto Group, Inc., as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, attorneys or agents.

D.    "**Karma of Broward**" means Karma of Broward, Inc., FEI/EIN Number 85-0531887, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Broward, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, attorneys or agents.

E.    "**Karma of Palm Beach**" means Karma of Palm Beach, Inc., FEI/EIN Number 30-1246034, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Palm Beach, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, attorneys or agents.

F.    "**Examinee**," "**You**," or "**Your**" means TBF Group Limited Liability Company, , or any other name, including all parent(s), subsidiary(ies), officer(s), agent(s), affiliate(s), predecessor(s), successor(s), as well as any other person acting for the benefit of or on behalf of TBF Group Limited Liability Company.

G.    "**Document(s)**" means information in all stored or communicated forms. With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise. The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Bankruptcy Procedure.

H.    "**Communication(s)**" means any act or process imparting, express, or exchanging information in any manner or form.

I.    "**Affiliated**" means being in close formal or informal association; related.

J.    "**Affiliate(s)**" shall have the meaning ascribed in 11 U.S.C. § 101(2) (2019).

K.    "**Avoidance action**" means any claim or cause of action that could be brought under 11 U.S.C. §§ 544, 547, 548, 549, or 550, or any applicable law (i.e., uniform fraudulent transfer act, uniform avoidable transfer act).

L.    "**Merchant**" means any counter-party to any agreement with You.

M.    The terms "**support**," "**evidence**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth,

5

constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## **DOCUMENTS REQUESTED**

1.      Copies of all advertisements or marketing materials you published or had published for the period beginning 60 days prior to the date you first transacted business with the Debtor through the petition date.

2.      All Documents and Communications evidencing how You were introduced to the Debtor, including documents or communications between You and any third-party(ies).

3.      All Documents and Communications evidencing how You learned of the Debtor, including documents or communications between You and any third-party(ies).

4.      All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and the Debtor. All Documents evidencing all Your past and present officers, directors, owners, and any person that was in Management or Control of You from April of 2018 through the date of production.

5.      All Documents evidencing any person that provided money or other property which were directly or indirectly used by You to fund any agreement(s) between you and the Debtor.

6.      All Documents setting forth Your internal procedures and/or decision-making process(es) for funding any transaction.

7.      All Documents You received from the Debtor prior to entering into each agreement between You and the Debtor.

8.      All Documents and Communications relating to your decision to enter and fund each agreement between You and the Debtor.

9.      All Documents evidencing any person that received funds or property, directly or indirectly, from any funds or other property You received from the Debtor.

10.     All Communications between You and the Debtor, including but not limited to text messages or email communications.

11.     All Documents evidencing the receipt of money by You from the Debtor including Documents evidencing the basis for receipt of such money.

12.     All Documents necessary to provide a complete accounting of all money sent to or on behalf of the Debtor or received by you from or on behalf of the Debtor.

13.     All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and the Debtor.

14.    All detailed general ledgers reflecting activity or transactions between You and the Debtor.

15.    All Documents evidencing your rate of return, IRR, or other measure of financial performance on each transaction with the Debtor.

16.    All financial statements, including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements and footnotes and income tax returns, with all attachments, for You during the Time Period

17.    A listing of all collateral to which you allege Your loan secured against the Debtor's assets.

18.    All Documents relating to all collateral to which You allege Your loan secured against the Debtor's assets.

19.    A listing of all assets, including accounts receivable, You assert were purchased by You from the Debtor.

20.    All Documents relating to all assets, including accounts receivable, You assert were purchased by You from the Debtor.

21.    All opinion letters issued to You or on your behalf regarding whether any relationship between You and the Debtor or any other entity was or was not usurious.

22.    Copies of all pleadings and substantive motions filed by you or against you, by any party where usury was raised as a claim or defense.

23.    If such lawsuits exist, then all correspondence between plaintiff and defendants and all expert reports that were exchanged regardless of whether prepared by the plaintiff or defendant and regardless of whether filed with court or entered into evidence.

24.    All Documents evidencing any defenses you may have to any avoidance action.

25.    All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and Karma Broward.

26.    All Communications between You and Karma Broward, including but not limited to text messages or email communications.

27.    All Documents evidencing the receipt of money by You from Karma Broward including Documents evidencing the basis for receipt of such money.

28.    All Documents necessary to provide a complete accounting of all money sent to or on behalf of Karma Broward or received by you from or on behalf of Karma Broward.

29.    All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and Karma Broward.

30.     All detailed general ledgers reflecting activity or transactions between You and Karma Broward.

31.     All Documents evidencing your rate of return, IRR, or other measure of financial performance on each transaction with Karma Broward.

32.     All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and Karma Palm Beach.

33.     All Communications between You and Karma Palm Beach, including but not limited to text messages or email communications.

34.     All Documents evidencing the receipt of money by You from Karma Palm Beach including Documents evidencing the basis for receipt of such money.

35.     All Documents necessary to provide a complete accounting of all money sent to or on behalf of Karma Palm Beach or received by you from or on behalf of Karma Palm Beach.

36.     All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. evidencing transactions between You and Karma Palm Beach.

37.     All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and Karma Palm Beach.

38.     All detailed general ledgers reflecting activity or transactions between You and Karma Palm Beach.

39.     All Documents evidencing your rate of return, IRR, or other measure of financial performance on each transaction with the Debtor.

40.     All Documents received at the email address of admin@tbfgrp.com from April of 2018 through the date of this notice.

41.     All Documents between You and any Merchant received at the email address of admin@tbfgrp.com from April of 2018 through the date of this notice.

42.     All Documents evidencing any adjustments to any Merchant's Remittance, as defined in any Receivables Purchase Agreements, given to any Merchant from April of 2018 through the date of this notice.

43.     All Documents, pleadings, and final orders, including judgments, entered for or against You in which a Receivables Purchase Agreement or similar Merchant Cash Advance agreement was being enforced by You against a Merchant.

44.     All Documents, pleadings. and final orders, including judgments, entered for or against You in which You were being sued by a Merchant in which Receivables Purchase Agreement or similar Merchant Cash Advance agreement was raised or otherwise discussed in any Pleading or Order.

45.    All Documents You received from any state or federal agency investigating Your business practices.

46.    All Documents You provided to any state or federal agency investigating Your business practices.

###

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re Excell Auto Group, Inc. _____                Case No. 22-12790-EPK _____

Debtor

Chapter 7 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Corporate Representative for TBF Group Limited Liability Company, 1011 41 Street, Brooklyn, NY 11219

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE  Furr and Cohen, P.A. | DATE AND TIME   October 23, 2023 at |
|---|---|
| 2255 Glades Road, Suite 419A | 10:00 a.m. (eastern) |
| Boca Raton, FL 33431 (via remote video conference) | |

The examination will be recorded by this method: Court Reporter _____

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE  Furr and Cohen, P.A. | DATE AND TIME   October 16, 2023 by |
|---|---|
| 2255 Glades Road, Suite 419A | 5:00 p.m. (eastern) |
| Boca Raton, FL 33431 (delivery to be agreed upon by parties) | |

*(Description of documents, electronically stored information, or objects)*

See Exhibit A to the Notice of 2004 Examination included with this Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/29/2023

|  CLERK OF COURT | | /s/Jason S. Rigoli |
|---|---|---|
| | OR | FBN 91990 |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, email address, and telephone number of the attorney representing *(name of party)* Nicole Testa Mehdipour, Chapter 7 Trustee who issues or requests this subpoena, are:

Jason S. Rigoli, Esq., 2255 Glades Road, Suite 419A, Boca Raton, FL 33431, jrigoli@furrcohen.com, (561)395-0500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

                                   Case No.: 22-12790-EPK

EXCELL AUTO GROUP, INC.                Chapter 7

Debtor.

_____/

### NOTICE OF 2004 EXAMINATION

Nicole Testa Mehdipour, Trustee in Bankruptcy for EXCELL AUTO GROUP, INC., by

and through undersigned counsel, will examine Corporate Representative for TBF Group Limited

Liability Company, 1011 41 Street, Brooklyn, NY 11219, under oath on **October 23, 2023 at**

**10:00 a.m. (eastern)**, at the law offices of **Furr and Cohen, P.A., 2255 Glades Road, Suite 419A,**

**Boca Raton, Florida 33431**.

**BECAUSE THE EXAMINATION IS BEING TAKEN USING WEB/VIDEO**

**CONFERENCING TECHNOLOGY, IT MAY BE POSSIBLE FOR ALL PARTIES TO**

**PARTICIPATE REMOTELY WITHOUT GOING TO THIS LOCATION.**

**If you wish to attend remotely via Zoom videoconferencing or WebEx, you will need**

**a desktop computer or laptop with a webcam in order to be seen, speakers to hear the other**

**parties connected and a microphone to be heard.**

**For security reasons, the information necessary to connect to the examination will be**

**separately provided to you prior to the examination date.**

The examination may continue from day to day until completed. If the examinee receives

this notice less than fourteen (14) days prior to the scheduled examination date the examination

will be rescheduled upon timely request to a mutually agreeable time.

1

The examination is pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1 and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in FRBP 2004. Pursuant to Local Rule 2004-1 no order shall be necessary. [If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

**IT IS THE DEPONENT'S RESPONSIBILITY TO PROVIDE AND PAY FOR A TRANSLATOR IF ONE IS NEEDED AT THIS DEPOSITION.**

**The examinee is further requested to produce to undersigned counsel all responsive documents and communications described on the attached Exhibit "A" no later than October 16, 2023 by 5:00 p.m. Please contact the undersigned counsel's office beforehand to advise us if you are going to hand deliver documents so that we can make arrangements to allow you to access the office with security.**

**PRODUCTION OF ELECTRONIC DOCUMENTS**

**PLEASE DO NOT SEND DOCUMENTS BY EMAIL. We would ask that any electronic documents be produced on a flashdrive or external harddrive in pdf format. Alternatively, you may contact undersigned counsel at least one business day before documents are due for us to send you an invitation to upload documents on a secure network.**

**All interested parties that plan on attending the examination should contact undersigned counsel's office to confirm that the examination is going forward on the scheduled date and time before attending as the date and time may change.**

**EXHIBIT "A"**

I.      **Instructions**

A.      Time Period: Unless otherwise stated herein, the time period encompassed by this Notice is from **April 8, 2018** up to an including the date of the production of the documents by You. With respect to the requests relating to any operating agreements, shareholder agreements, partnership agreements, or any other agreements or documents relating to the formations, governance, and/or operation of any entity, the time period for that request shall be from formation of the entity to the present.

B.      Duty to Supplement: This Document request is continuing in nature and when new knowledge or information comes to the attention of the Debtor, the information supplied in the answers to the Document request shall be supplemented forthwith.

C.      Scope of Requests: For each and every Request herein, You shall produce Documents or Communications in your possession, custody, or control within the meaning of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including but be limited to Documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.

D.      Production. Subject to paragraph E, below, all Documents or Communications produced pursuant to this request are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document or Communication, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or Communications or from any copy or draft.

E.      Production of Electronically Stored Information. Electronically stored information ("ESI") should be produced in searchable portable document format ("PDF") or native format, along with all metadata from each.

F.      Lost Documents: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

1.  The names of the authors of the Document;
2.  The names of the persons to whom the Documents or copies were sent;
3.  The date of the Document;
4.  The date on which the Document was received by each addressee, copyee or its recipients;
5.  A description of the nature and subject matter of the

3

Document that is as complete as possible;

6. The date on which the Document was lost, discarded or destroyed; and
7. The manner in which the Document was lost, discarded or destroyed.

G. <u>Claim of Privilege</u>: With respect to any Document that Debtor <u>withholds</u> under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

1. The names of the senders of the Document;
2. The names of the authors of the Document;
3. The names of the persons to whom the Document or copies were sent;
4. The job title of every person named in subparagraphs 1, 2 and 3 above;
5. The date of the Document;
6. The date on which the Document was received by each addressee, copyee or its recipient;
7. A brief description of the nature and subject matter of the Document; and
8. The statute, rule or decision which is claimed to give rise to the privilege.

H. <u>Responses</u>: If you cannot, after exercising due diligence to secure or produce the Document(s) requested, you must identify which Request(s) that you do not have any responsive Documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the Document(s), providing the identity of the person who has possession, custody, or control of the requested Document(s).

I. <u>Definitions</u>: All words in this request for production shall have their plain, ordinary and common meanings unless specifically defined below in the Definition section of this Notice.

J. <u>Duplicate Copies</u>: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

K. <u>Inclusive Construction</u>: Generally, each request should be construed to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

4

II.    **Definitions**

A.      "**Petition Date**" means April 8, 2022.

B.      "**Bankruptcy Case**" means the above captioned bankruptcy case.

C.      "**Debtor**" means Excell Auto Group, Inc., as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, attorneys or agents.

D.      "**Karma of Broward**" means Karma of Broward, Inc., FEI/EIN Number 85-0531887, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Broward, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, attorneys or agents.

E.      "**Karma of Palm Beach**" means Karma of Palm Beach, Inc., FEI/EIN Number 30-1246034, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Palm Beach, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, attorneys or agents.

F.      "**Examinee**," "**You**," or "**Your**" means TBF Group Limited Liability Company, , or any other name, including all parent(s), subsidiary(ies), officer(s), agent(s), affiliate(s), predecessor(s), successor(s), as well as any other person acting for the benefit of or on behalf of TBF Group Limited Liability Company.

G.      "**Document(s)**" means information in all stored or communicated forms. With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise. The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Bankruptcy Procedure.

H.      "**Communication(s)**" means any act or process imparting, express, or exchanging information in any manner or form.

I.      "**Affiliated**" means being in close formal or informal association; related.

J.      "**Affiliate(s)**" shall have the meaning ascribed in 11 U.S.C. § 101(2) (2019).

K.      "**Avoidance action**" means any claim or cause of action that could be brought under 11 U.S.C. §§ 544, 547, 548, 549, or 550, or any applicable law (i.e., uniform fraudulent transfer act, uniform avoidable transfer act).

L.      "**Merchant**" means any counter-party to any agreement with You.

M.      The terms "**support**," "**evidence**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth,

constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## **DOCUMENTS REQUESTED**

1.      Copies of all advertisements or marketing materials you published or had published for the period beginning 60 days prior to the date you first transacted business with the Debtor through the petition date.

2.      All Documents and Communications evidencing how You were introduced to the Debtor, including documents or communications between You and any third-party(ies).

3.      All Documents and Communications evidencing how You learned of the Debtor, including documents or communications between You and any third-party(ies).

4.      All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and the Debtor. All Documents evidencing all Your past and present officers, directors, owners, and any person that was in Management or Control of You from April of 2018 through the date of production.

5.      All Documents evidencing any person that provided money or other property which were directly or indirectly used by You to fund any agreement(s) between you and the Debtor.

6.      All Documents setting forth Your internal procedures and/or decision-making process(es) for funding any transaction.

7.      All Documents You received from the Debtor prior to entering into each agreement between You and the Debtor.

8.      All Documents and Communications relating to your decision to enter and fund each agreement between You and the Debtor.

9.      All Documents evidencing any person that received funds or property, directly or indirectly, from any funds or other property You received from the Debtor.

10.      All Communications between You and the Debtor, including but not limited to text messages or email communications.

11.      All Documents evidencing the receipt of money by You from the Debtor including Documents evidencing the basis for receipt of such money.

12.      All Documents necessary to provide a complete accounting of all money sent to or on behalf of the Debtor or received by you from or on behalf of the Debtor.

13.      All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and the Debtor.

6

14.     All detailed general ledgers reflecting activity or transactions between You and the Debtor.

15.     All Documents evidencing your rate of return, IRR, or other measure of financial performance on each transaction with the Debtor.

16.     All financial statements, including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements and footnotes and income tax returns, with all attachments, for You during the Time Period

17.     A listing of all collateral to which you allege Your loan secured against the Debtor's assets.

18.     All Documents relating to all collateral to which You allege Your loan secured against the Debtor's assets.

19.     A listing of all assets, including accounts receivable, You assert were purchased by You from the Debtor.

20.     All Documents relating to all assets, including accounts receivable, You assert were purchased by You from the Debtor.

21.     All opinion letters issued to You or on your behalf regarding whether any relationship between You and the Debtor or any other entity was or was not usurious.

22.     Copies of all pleadings and substantive motions filed by you or against you, by any party where usury was raised as a claim or defense.

23.     If such lawsuits exist, then all correspondence between plaintiff and defendants and all expert reports that were exchanged regardless of whether prepared by the plaintiff or defendant and regardless of whether filed with court or entered into evidence.

24.     All Documents evidencing any defenses you may have to any avoidance action.

25.     All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and Karma Broward.

26.     All Communications between You and Karma Broward, including but not limited to text messages or email communications.

27.     All Documents evidencing the receipt of money by You from Karma Broward including Documents evidencing the basis for receipt of such money.

28.     All Documents necessary to provide a complete accounting of all money sent to or on behalf of Karma Broward or received by you from or on behalf of Karma Broward.

29.     All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and Karma Broward.

30.    All detailed general ledgers reflecting activity or transactions between You and Karma Broward.

31.    All Documents evidencing your rate of return, IRR, or other measure of financial performance on each transaction with Karma Broward.

32.    All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and Karma Palm Beach.

33.    All Communications between You and Karma Palm Beach, including but not limited to text messages or email communications.

34.    All Documents evidencing the receipt of money by You from Karma Palm Beach including Documents evidencing the basis for receipt of such money.

35.    All Documents necessary to provide a complete accounting of all money sent to or on behalf of Karma Palm Beach or received by you from or on behalf of Karma Palm Beach.

36.    All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. evidencing transactions between You and Karma Palm Beach.

37.    All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and Karma Palm Beach.

38.    All detailed general ledgers reflecting activity or transactions between You and Karma Palm Beach.

39.    All Documents evidencing your rate of return, IRR, or other measure of financial performance on each transaction with the Debtor.

40.    All Documents received at the email address of admin@tbfgrp.com from April of 2018 through the date of this notice.

41.    All Documents between You and any Merchant received at the email address of admin@tbfgrp.com from April of 2018 through the date of this notice.

42.    All Documents evidencing any adjustments to any Merchant's Remittance, as defined in any Receivables Purchase Agreements, given to any Merchant from April of 2018 through the date of this notice.

43.    All Documents, pleadings, and final orders, including judgments, entered for or against You in which a Receivables Purchase Agreement or similar Merchant Cash Advance agreement was being enforced by You against a Merchant.

44.    All Documents, pleadings. and final orders, including judgments, entered for or against You in which You were being sued by a Merchant in which Receivables Purchase Agreement or similar Merchant Cash Advance agreement was raised or otherwise discussed in any Pleading or Order.

45.    All Documents You received from any state or federal agency investigating Your business practices.

46.    All Documents You provided to any state or federal agency investigating Your business practices.

###