**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re Excell Auto Group, Inc. | Chapter 7 |
| Debtor. | Case No. 22-12790-EPK |

**FRANKLIN CAPITAL FUNDING, LLC'S OBJECTION TO**
**TRUSTEE'S APPLICATION TO EMPLOY YOUNG FOSTER PLLC**

Franklin Capital Funding, LLC ("**FCF**") files this objection to *The Chapter 7 Trustee's Application for Approval of Modified Employment of Young Foster PLLC as Special Litigation Counsel Retroactive to December 10, 2025* (the "**Application**").

**Background**

1.     FCF is one of the only secured creditors and the largest prepetition lender in this case, holding a claim for $5,860,512.75 based on a promissory note extended to the Debtor in 2021. Claim 44-1.

2.     The Application seeks to employ Michael C. Foster, Esq. of Young Foster PLLC as special litigation counsel retroactive to December 10, 2025, or over six months in the past.

3.     The trustee already employs her own firm as general counsel in this case [DE 21] and the firm of Furr Cohen, P.A. as special litigation counsel. [DE 44]. Furr Cohen is employed on an hourly basis and has pursued so much litigation that it has been awarded $2,395,036.67 in fees and costs to date [DE 472, 932, 1014]. Its fourth interim request for an additional award of $1,072,772.07 is currently pending before the Court. [DE 1134]. If granted, Furr Cohen will have been awarded $3,467,808.74 for its litigation efforts in this case.

4.     Young Foster is also already employed by the trustee in this case. It was originally employed as conflicts counsel to pursue claims against Kenneth Goodman and the DCG 2008 Irrevocable Wealth Trust. [DE 226, 228]. To date, it has been awarded $324,713.76 in fees and

1

costs. [DE 470, 1015]. Its third interim fee application is currently pending before the Court seeking an additional $101,062.06 for its work in 2025 and for the first quarter of 2026 [DE 1137], bringing its total proposed compensation to date to $425,775.82.

5.     Despite the voluminous amount of litigation that Young Foster has apparently participated in as conflicts counsel, no actual litigation against Kenneth Goodman or the DCG trust has been initiated to date.

6.     The purpose of the Application is to expand Young Foster's original employment to allow it to

> participate in certain pending adversary litigation styled *Nicole Testa Mehdipour, Chapter 7 Trustee v. Thomas U. Graner, Esq., et al.*; Adversary Number 25-01357-EPK (the "Graner Adversary"), to participate in such other proceedings as may require a jury trial, and to act as counsel in any further matters in which the Furr and Cohen, P.A. identifies a conflict.

App. ¶ 3. Notably, the Graner Adversary was initiated on October 27, 2025, with Young Foster listed as lead counsel. Graner Adv. DE 1 (Complaint signed by Young Foster and Furr Cohen).

7.     The Application does not explain why retroactive employment is necessary, nor does it explain why the retroactive date of December 10, 2025 was chosen.

### Argument

**A. Young Foster's Employment is Duplicative and Unnecessary**

8.     Section 330 of the Bankruptcy Code precludes compensation "for unnecessary duplication of services." 11 U.S.C. § 330(a)(4)(A)(i). This bar dictates that "services by debtor's counsel not be duplicative of services rendered by the Trustee" and, by extension, other attorneys for the trustee. *In re Pine Valley Mach., Inc.*, 172 B.R. 481, 488 (Bankr. D. Mass. 1994). Similarly, compensation for services is appropriate only if "all of the services rendered by that counsel in the case have been rendered in good faith and have not obstructed or impeded administration of the

estate." *Id.* After all, "it would be ironic to compensate counsel for services incident to a transition of that counsel's own making." *Id.* at 488–89.

9.      Section 327(a) requires counsel to obtain an order authorizing its retention before undertaking work on behalf of the estate. *In re Florida Brethren Homes, Inc.*, 92 B.R. 536, 537 (Bankr. S.D. Fla. 1988) (Britton, J.) "[I]t has always been clear that non-compliance [with section 327] generally leads to forfeiture of compensation even to those professionals who in good faith furnished valuable services to the estate." *Id.* The Bankruptcy Court for the District of New Mexico put it succinctly:

> The services for which compensation is requested should be performed pursuant to appropriate authority under the Code and in accordance with an order of the court. ***Otherwise, the person rendering such services may be considered an officious intermeddler or a gratuitous volunteer.***

*In re Hungry Horse, LLC*, No. 16-11222 t11, 2018 WL 3655382, at *6 (Bankr. D.N.M. July 31, 2018) (quoting 4 Collier on Bankruptcy ¶ 327.03[2][c]) (emphasis added).

10.     In this case, Young Foster was not authorized to participate in the Graner Adversary from the outset because its original retention was solely to pursue claims against Kenneth Goodman and the DCG trust. When Young Foster initiated the Graner Adversary, it did so without a court order, rendering it "an officious intermeddler or a gratuitous volunteer." *Id.* The primary reason proffered for Young Foster's proposed modified employment is to allow it to complete the Graner Adversary—an adversary it should not have initiated in the first place. It would be ironic to allow Young Foster to profit from its noncompliance with the Bankruptcy Code and Bankruptcy Rules when the need for Young Foster's employment is "of that counsel's own making." *In re Pine Valley*, 172 B.R. at 489.

11.     The additional reasons offered by the trustee in the Application for the need to employ Young Foster are simply inadequate. While the defendants in the Graner Adversary have

requested a jury trial, that case is a long way from trial, the trustee having only recently served her initial disclosures. [DE 22 in Graner Adversary]. The district court has already entered an order in the case preliminarily denying the defendants' motion to withdraw the reference to conduct a jury trial in the district court. [DE 23 in Graner Adversary]. If the other cases in this bankruptcy are any indication, there is a very good chance that the Graner Adversary will settle as have the bulk of the other adversaries in this case. Moreover, Furr Cohen has proven capable of trying cases in these proceedings, having tried adversary proceeding 23-01132 all the way through a bench trial and submission of a 100-page post-trial brief. [DE 477 in AP 23-01132]. There is no reason to think Furr Cohen cannot also handle a jury trial in bankruptcy court. If a jury trial becomes likely that requires specialized jury trial counsel, the trustee can seek such counsel at that time.

12.     Finally, the Application's general reference to employing Young Foster "to act as counsel in any further matters in which Furr and Cohen, P.A. identifies a conflict," App. ¶ 3, is not grounds to modify Young Foster's employment. The proceedings in this bankruptcy to date indicate that the limited conflict for which Young Foster was originally employed never required litigation. There is no reason to believe that any further conflicts will arise that require a third law firm in the case. If a true conflict occurs, the trustee can always renew her application.

13.     In sum, Young Foster's own improper actions of initiating the Graner Adversary without authority under section 327 to do so necessitated the belated filing of the instant Application. The Court should not indulge these procedural improprieties. The Application should be denied, and Young Foster's employment should remain limited to pursuing claims against Kenneth Goodman and the DCG trust—claims that to date have not required actual litigation.

**B.  The Application Fails to Justify Retroactive Retention.**

14. Generally, applications for employment under section 327(a) must be sought prior to initiating work as an estate professional. *See In re Florida Brethren Homes*, 92 B.R. at 537 (denying retroactive application filed eight days late). Although retroactive approval is permitted "in rare or exceptional circumstances," those circumstances are limited to where the attorney "has performed valuable services for the debtor's estate that have increased the common funds available for distribution to the creditors and those services were performed under the eye of the court itself." *Id.* (internal quotations and punctuation omitted). Where a professional seeks approval of retroactive employment, it must specifically apply for retroactive approval with a supporting "statement of the existence of extraordinary circumstances which would justify retroactive approval." *In re Southern Tier Energy Prods., Inc.*, 109 B.R. 96, 100 (Bankr. M.D. Pa. 1989).

15. In this case, the Application is by its own admission nearly six months late, having been filed on May 5, 2026 to retroactively approve employment since December 10, 2025. The proposed retroactive employment date of December 10, 2025 is completely arbitrary and is not tethered to any date in the Graner Adversary, which was initiated on October 27, 2025. Indeed, the Application does not even make any attempts to explain why retroactive retention is necessary or appropriate—let alone what "extraordinary circumstances" exist to justify it. The Application also does not explain why the retroactive date of December 10, 2025 was chosen.

16. It appears likely that the real impetus for the instant Application was FCF filing its *Omnibus Objection to Interim Fee Applications* [DE 1151], in which FCF objected to Young Foster's third interim fee application on the basis that only 17 time entries were for work Young Foster was authorized to perform—everything else was work unrelated to any conflict. *Id.* pp. 8–9. Rather than address the glaring problem with Young Foster's fee application, the trustee—with Young Foster's assistance—is attempting a six-month-late end run by retroactively employing

Young Foster to perform the work it was never authorized to perform. The Court should reject the trustee's abuse of the Bankruptcy Code and Bankruptcy Rules.

## Conclusion

17.     For the foregoing reasons, FCF respectfully requests that the Court deny the Application.

## Certificate of Service

18.     Undersigned counsel certifies that he caused a copy of this document to be served on all parties listed on the electronic service list via notice of electronic filing on the date indicated below including to Nicole Mehdipour, Nicole.Mehdipour@ntmlawfirm.com, Michael Foster, michael@youngfoster.com, karin@youngfoster.com, and Alan Crane, acrane@furrcohen.com

Date: May 12, 2026

By: /s/ *Theodore Sandler*
Theodore Sandler, Esq.
Fla. Bar No. 1015927
tsandler@sandlerlawpa.com
**SANDLER LAW**
1728 NE Miami Gardens Dr. #1224
North Miami Beach, FL 33179
T/F: (305) 570-0534

*Counsel for Franklin Capital Funding, LLC and*
*Franklin Capital Group, LLC*