**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re Excell Auto Group, Inc. | Chapter 7 |
| Debtor. | Case No. 22-12790-EPK |

**FRANKLIN CAPITAL FUNDING, LLC'S MOTION TO CONTINUE
MAY 20, 2026 HEARINGS AND TO SET FOR EVIDENTIARY HEARING**

Franklin Capital Funding, LLC ("**FCF**") files this motion to continue the hearings set for May 20, 2026 on the *Third Interim Application for Compensation and Reimbursement of Expenses for Michael Foster* [DE 1137], *Third Interim Application for Compensation for Nicole Testa Mehdipour* [DE 1138], and *Application to Employ Michael C. Foster as Counsel* [DE 1145] (collectively, the "**Motions**") to a date no earlier than June 30, 2026 and to set the matters for evidentiary hearing.

1.      The Motions are currently set for non-evidentiary hearings on May 20, 2026 at 10:00 A.M. [DE 1140, 1141, 1146].

2.      FCF filed objections to the Motions arguing that the trustee's fee request is for services for which she cannot be compensated under section 327 and that Young Foster's fee request is for services for which it was not retained to provide under section 327. [DE 1151]. FCF objected to the trustee's application to employ Young Foster on the basis that the employment is duplicative of the other two law firms already employed in this case and that retroactive employment is not warranted. [DE 1152].

3.      FCF submits that its objections to the trustee's and Young Foster's fee requests as well as to Young Foster's retention application require an evidentiary hearing to demonstrate to the Court why the Motions should be denied. To that end, FCF intends to take limited discovery in connection with the fee requests and retention application to inquire into the reasonableness of

the requested fees and the need for Young Foster's employment. FCF therefore requests that the Court continue the May 20, 2026 hearing on the Motions to a date no earlier than June 30, 2026 to facilitate enough time for discovery and to set the Motions for evidentiary hearing.

4.      FCF objected to Furr Cohen's fourth interim fee application [DE 1134] as well, which is also set to be heard on May 20, 2026 [DE 1136]. FCF's primary objection is that Furr Cohen's total compensation should be reduced based on the total fee request versus recovery obtained in the application period or that the holdback should be increased from 25% to 50% until a hearing on final fee applications at which time FCF can present objections to specific entries. FCF's current objection to Furr Cohen's compensation request can therefore likely be resolved at the motion calendar hearing on May 20, 2026. FCF therefore does not request an evidentiary hearing on Furr Cohen's interim fee application. This does not hold for the other Motions, where FCF's objection is that little to no compensation is appropriate and that the request to employ Young Foster should be denied outright.

## Conclusion

5.      For the foregoing reasons, FCF respectfully requests that the Court continue the hearings on the Motion to a date no earlier than June 30, 2026 and set the Motions for an evidentiary hearing.

## Certificate of Conferral

6.      Undersigned counsel conferred with counsel to the trustee and her professionals, Alan Crane, via email on May 4, 5, and 11, 2026, and by telephone on May 4, 2026. The trustee and her professionals oppose the relief sought in this Motion.

**Certificate of Service**

7.       Undersigned counsel certifies that he caused a copy of this document to be served on all parties listed on the electronic service list via notice of electronic filing on the date indicated below including to Nicole Mehdipour, Nicole.Mehdipour@ntmlawfirm.com, Michael Foster, michael@youngfoster.com, karin@youngfoster.com, and Alan Crane, acrane@furrcohen.com

Date: May 12, 2026

By: /s/ *Theodore Sandler*
Theodore Sandler, Esq.
Fla. Bar No. 1015927
tsandler@sandlerlawpa.com
**SANDLER LAW**
1728 NE Miami Gardens Dr. #1224
North Miami Beach, FL 33179
T/F: (305) 570-0534

*Counsel for Franklin Capital Funding, LLC and*
*Franklin Capital Group, LLC*