UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

                                               Case No. 22-12790-EPK

EXCELL AUTO GROUP, INC.,                   Chapter 7

            Debtor.

_____/

## RESPONSE IN OPPOSITION TO FRANKLIN CAPITAL FUNDING, LLC'S OMNIBUS OBJECTION TO INTERIM FEE APPLICATIONS

The Law Office of Nicole Testa Mehdipour, P.A. ("**Mehdipour Firm**"), Young Foster PLLC ("**YoungFoster**"), and Furr Cohen, P.A., ("**FurrCohen**") by and through undersigned counsel, files this response in opposition to *Franklin Capital Funding, LLC's Omnibus Objection to Interim Fee Applications* [ECF No. 1151] ("**Objection**") and respectfully states:

### PRELIMINARY STATEMENT

The Objection filed by Franklin Capital Funding, LLC ("**FCF**") is flawed and FCF's position is contradicted by the record and by the cases FCF cites. The Objection should be overruled for the following reasons:

(a) **Results.** The estate has produced over $9.6 million in cumulative recoveries, as more fully set forth below, against $94.3 million in asserted claims and reduced the unsubordinated general unsecured claims pool by approximately $39.5 million through the cooperative work of the Trustee and her professionals over four years.

(b) **Increased Holdbacks-$1.514M:** The 25% holdback is itself a voluntary increase from the prior 20%, agreed by the four professionals at the U.S. Trustee's request. Approximately $1.514 million would be held back across all professionals, with the current Applications comprising $456,136.38 of those holdbacks.

(c) **Existing safeguards:** These are interim Fee Applications; the Court is not making a final compensation determination at this stage; and all of FCF's objections are expressly preserved for the final fee application.

(d) **Mehdipour Firm Application.** This Court authorized the Mehdipour Firm to serve as general counsel under § 327(d) [ECF No. 21] and subsequently approved the joint structure with Furr Cohen's retention [ECF No. 44, ¶ 2(d)]. The

Application separates legal services from trustee duties at pages 6-7. ***Exhibit A***, attached hereto, records 154.8 hours of § 704 trustee duties at zero. FCF nevertheless attacks the joint structure as "unnecessary duplication," identifies 3.0 of the 556.7 hours billed, omits the complete time descriptions of those entries, and asks for a "substantial" reduction across the entire Application.

(e) **YoungFoster Application**: YoungFoster was retained as special conflict litigation counsel on a general retainer and to the extent any question exists as to scope, YoungFoster has filed a supplemental application to clarify, set for hearing on May 20, 2026.

(f) **FurrCohen Application:**  During the course of this case, FurrCohen in coordination with the other law firms, produced approximately $9.6 million in settlements, including funds collected, defendants on approved payment plans, and a collectible judgment against the IRS. This Court approved a $525,000 settlement, including a payment plan, last week. In addition, FurrCohen, in coordination with the other law firms, reduced claims by more than $21 million.

For each of these reasons, the fees and expenses sought in the four pending Fee Applications 1 are reasonable and necessary under 11 U.S.C. §§ 330 and 331, and the Objection should be overruled.

## BACKGROUND

### A.    Estate Recoveries

1.     Over the past four years, the Trustee, with the assistance of her professionals, has administered a complex corporate Chapter 7 case in which more than $94.3 million in claims were asserted against an estate that began with almost no liquid assets. Those efforts have produced approximately $9.6 million in cash recoveries and reduced the unsubordinated general unsecured claims pool by approximately $39.5 million. The Trustee completed an eight-day trial in *Mehdipour v. Hi Bar Capital*, which is now under advisement.  The Trustee also tried *Mehdipour*

---

[1] The fee applications were filed as follows: Third Application for Interim Compensation for Alan Barbee, Financial Advisor, Period: 1/1/2025 to 3/31/2026, Fee: $349,465.02, Expenses: $6,299.09. Filed by Accountant Alan Barbee [ECF No. 1132]; Fourth Application for Interim Compensation for Alan R Crane, Attorney-Trustee, Period: 1/1/2025 to 12/31/2025, Fee: $1,052,125.50, Expenses: $20,579.57. Filed by Attorney Alan R Crane [ECF No. 1134] (**the "FurrCohen Application");** Third *Interim* Application for Compensation *and Reimbursement of Expenses* for Michael Foster, Attorney-Trustee, Period: 1/1/2025 to 3/31/2026, Fee: $99,922.50, Expenses: $1139.56. Filed by Attorney Michael Foster [ECF No. 1137] (the "**YoungFoster Application**"); Third *Interim* Application for Compensation for Nicole Testa Mehdipour, Attorney-Trustee, Period: 1/1/2025 to 3/3/2026, Fee: $323,032.50, Expenses: $471.43. Filed by Attorney Nicole Testa Mehdipour [ECF No. 1138] (the "**Mehdipour Firm Application**") (collectively the "**Fee Applications**").

*v. Go Fund Advance* and is awaiting entry of judgments exceeding $1.6 million against the liable defendants. The Trustee obtained a final, non-appealable judgment against the IRS of $571,668.93. Finally, the Trustee preserved substantial additional claims through tolling agreements and a pending FINRA arbitration. FCF's Objection asks the Court to evaluate the Fee Applications with a snapshot: the estate's cash on hand as of the date the Objection was filed. That is not the test and FCF instead asks the Court to ignore the record.

2.      As of May 14, 2026, total recoveries by the Mehdipour Firm, YoungFoster, and FurrCohen were $8,129,387.85. Approved settlements add another $930,000.00. A $571,668.93 judgment is in place against the United States Government (IRS). The amount recovered and reasonably expected to be recovered totals $9,631,056.78.[2]

### B.      Significant Reduction in Claims

3.      The unsubordinated general unsecured claims pool has been reduced by approximately $39,465,020.98 in this case.[3] This amount does not account for additional claims that remain subject to ongoing review and objection, including claims filed under tolling agreements, claims filed without supporting documentation, secured only claims, claims arising from lending that may be subject to objection on usury or related grounds, and claims that on their face are against Karma of Palm Beach or Karma of Broward rather than the Debtor.  That figure also does not account for FCF's claim, which presents a duplicative filing of its $5,860,512.75 claim, among other issues the Trustee continues to evaluate.

---

[2] This does not account for any amounts expected to be collected under the judgment in the Go Fund adversary, claims against parties on Tolling Agreements, or the adversary against Hi Bar, et al.

[3] This includes the following reductions: (i) $14.9 million through just the settlement with the Faraches; (ii) $3,767,479.33 as a result of the settlement reached with Bal Investments; (iii) $893,614.02 by the settlement with Libertas Funding, LLC, et al.; (iv) $1,407,708.76 as a result of the settlement with Savannah Row; (v) $1,100,900.00 as a result of a settlement reached with MXT Solutions, LLC; (vi) $500,000.00 claim as a result of a settlement with Lillian Roberts;  and (vii) a subordination of $16,895,318.87 through a settlement with Ed Brown.

C.      **The FCF Objection**

4.      FCF challenges the aggregate fees in this now four-year-old bankruptcy case. These amounts include all amounts previously awarded in this case, on an interim basis to the estate's attorney professionals.  The Court is not, however, considering final approval of those prior awards at this time and all objections are preserved for such final approval. The proper inquiry is narrower: whether the fees sought in each pending Application are reasonable and necessary for the work performed during the specific Application Period.  The fees and expenses sought by the Mehdipour Firm, YoungFoster, and FurrCohen are reasonable and necessary under §§ 330 and 331.

5.      FCF was represented by prior counsel throughout the prior interim fee application proceedings and made no objection to those applications, the employment of the professionals, or the holdback structure that has been in place since the case began.

6.      FCF asks the Court to increase the holdback from 25% to 50%, even though the professionals already increased the holdback from 20% to 25%.  After conferring with the U.S. Trustee, the Trustee agreed to a 25% holdback for the Fee Applications. Approximately $1.514 million will be withheld across all four professionals and is more than sufficient cushion. In the present Applications, the holdback amounts account for $456,136.38 of the total.  FCF identifies no basis for further doubling.

7.      For the reasons set forth below, the Court should respectfully overrule the Objection and approve the Fee Applications as filed.

## LEGAL ANALYSIS AND ARGUMENT

A.      **FCF's Objection to the Mehdipour Firm Application Should be Overruled**

8.      FCF's objection to the Mehdipour Firm Application rests on two claims: (i) that the

Mehdipour Firm's work is "unnecessary duplication of services," Objection p. 8, ¶ 15; and (ii) that the Mehdipour Firm's services should be compensable under 11 U.S.C. § 326 as trustee duties, not under §§ 330 and 331 as legal services.

9.     This case was filed on April 8, 2022.  On April 12, 2022, an application to employ Nicole Testa Mehdipour of Law Office of Nicole Testa Mehdipour, P.A. ("**Mehdipour Firm**") was filed [ECF No. 5] and approved April 15, 2022, without objection [ECF No. 21].  FCF did not object, and the retention order became final years ago.

10.     Before reaching FCF's lead authority, the argument fails under the plain language of §§ 327(d) and 328(b).  First, 11 U.S.C. § 327 (d) provides that the court "may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate."  The Court authorized such retention by Order dated April 14, 2022.  Second, 11 U.S.C. §328(b) limits compensation for the trustee's services as an attorney or accountant "only to the extent that the trustee performed services as attorney or accountant…and not for the performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate."

11.     The Mehdipour Firm maintained separate time records when the work was performed.  Its contemporaneous time records distinguish trustee duties accounted for under the § 326 commission schedule from legal services compensable under §§ 327, 330, and 331. The Mehdipour Firm recognized the dual capacity in its Application, which contains an express dual capacity acknowledgement, which FCF fails to cite. *See* Mehdipour Firm Application at 6.  In that regard, the Trustee maintained the time records hereto attached as *Exhibit A*, which reflect 154.8 hours of § 704 trustee duties that are expressly and properly excluded from the Mehdipour Firm Application, billed at $0, and subject to compensation under 11 U.S.C. §326.  The administrative

duties consist of banking review and reconciliation, receipt and deposit of estate funds, approval of vendor invoices, attendance at Judicial Settlement Conferences and trials (as a party), execution of settlement and tolling agreements, monthly administrative case review,[4] which fall under §704 and outside §330 compensation.

12.     The Mehdipour Firm's review, revision, and approval of special counsel's work product is itself legal work, which requires legal training and judgment.  The Mehdipour Firm revised discovery responses in Mehdipour v. Libertas Funding, reviewed the draft 9019 motion in Libertas, and revised the JSC statement in Mehdipour v. Advanced Genetics Solutions.  These are co-counsel tasks compensable under §§ 330 and 331. By contrast, the Trustee's distinct §704 oversight duties are reflected in *Exhibit A* at zero and are compensated under the § 326 commission schedule.

13.     Once General Counsel was in place, FurrCohen's retention was authorized by this Court "to assist, advise and represent the Trustee in any other matter as directed by the Trustee and **Trustee's proposed general counsel**, Law Office of Nicole Testa Mehdipour, PA." (emphasis added). The Court approved a structure in which FurrCohen took direction from both the Trustee and the Mehdipour Firm as general counsel. The retention structure contemplated legal oversight by general counsel from the outset. FCF did not object to the employment. Instead, from the time FCF's prior counsel entered the case until the MCA lawsuits were filed, FCF encouraged FurrCohen and the Mehdipour Firm to commence lawsuits against the MCA companies.

14.     FCF misinterprets the case on which it primarily relies, *In re Stevens*, 407 B.R. 303 (Bankr. N.D. Ill. 2009), as though it holds that when a trustee retains special counsel, general

---

[4] It is impractical to capture all of the time expended as a trustee under § 704, which further includes securing premises and potential assets, general correspondence with inquiring parties, telephone calls, conferring with potential creditors, among other things.

counsel is thereby precluded from working on the same litigation or matter on which special counsel was retained. *See Objection*, pp. 4-8, ¶¶ 9- 15. FCF's interpretation is incorrect. It is also inconsistent with the terms of the court-approved retention, which authorized and recognized General Counsel's role. The Mehdipour Firm, FurrCohen, and YoungFoster have worked together on this case for over four years and have produced excellent results.

15. In the early days of this case, the Mehdipour Firm and FurrCohen jointly met with Harry Winderman, counsel for the Debtor, and Scott Zankl, the Debtor's principal, and conducted several interviews. The two firms also informally interviewed creditors and other interested parties.

16. The Mehdipour Firm and FurrCohen worked together to analyze the legal issues in the case. The two firms identified causes of action and potential targets. They examined the relationships among the Debtor, Karma of Palm Beach, Karma of Broward, and the Zankls. That analysis led to the theory that the Debtor was operated as a Ponzi or similar scheme with private lenders and Merchant Cash Advance lenders engaged in usurious lending. That work led to causes of action, settlements, and lawsuits against the Debtor's numerous Merchant Cash Advance lenders and private lenders under theories of usury, federal civil RICO, Florida Civil Remedies for Criminal Practices Act claims, constructive and actual (Ponzi) fraud claims. The Mehdipour Firm and FurrCohen further collaborated on Rule 2004 examination strategy, including the identification of targets and the conduct of the examinations; the factual record supporting the Trustee's pre-suit and adversary claims against the private lenders, as well as the Ponzi-related issues, was developed in large part through those examinations. The two firms worked jointly on document and data acquisition strategy, including the mirror imaging of cell phones for Scott and Kristen Zankl. The Mehdipour Firm participated in the Rule 2004 examinations, formulation of settlements, claim reductions, and recoveries that flowed from them in each instance as general

counsel, not as trustee. The Mehdipour Firm's fees and costs are reasonable and necessary under §§ 330 and 331.

17.     A non-attorney trustee could not have addressed the complex legal issues in this case, including usury, federal civil RICO, choice-of-law analysis, the interaction between arbitration provisions and void agreements, Ponzi scheme analysis, collateral estoppel and res judicata across related proceedings, and the analysis of substantive consolidation on the facts presented. Engagement of general counsel was and remains appropriate.

18.     Notwithstanding FCF's request to "disallow the bulk of fees sought in the Mehdipour Firm Application because they are duplicative…," FCF identifies six specific time entries in the Mehdipour Firm Application:

| *FCF's Objection* | *Mehdipour Firm Application* |
|---|---|
| 1/7/2025 ("respond to messages with special counsel"), [.3] | Legal review of/respond to messages with special counsel (A. Crane) re Holand Automotive JSC, pretrial issues, continuance.  .3 |
| 1/8/2025 ("respond to correspondence re finalizing the Bal Settlement"); [.4] | Review/revise Response to Libertas First Set of Requests for Admission; legal review of/respond to related correspondence with special counsel (A. Crane and J. Rigoli) re Mehdipour v. Libertas Funding.  .4 |
| 1/10/2025 ("respond to related correspondence with special counsel"), [1.0] | Review/revise Libertas discovery responses (Defendants' First RFP); legal review of/respond to related correspondence with special counsel (A. Crane) re Mehdipour v. Libertas Funding.    1.0 |
| "revise Response to Libertas First Set of Requests for Admission," Tr. App. p. 15 1/8/2025, [.4] | Legal review of/respond to correspondence re finalizing the Bal Settlement.   .4 |
| to "revise Libertas 9019," id. p. 24 8/20/2025, [.5] | Legal review of fully executed Libertas Settlement Agreement and draft 9019 Motion.  .5 |
| to "revise JSC Statement re Podgurski," id. p. 24 8/21/2025 [.4] | Review/revise JSC Statement re Podgurski/von Anhalt (Advanced Genetics); legal review of/respond to related correspondence with special counsel (J. Rigoli) and B. Casey re Mehdipour v. Advanced Genetics Solutions.  .4 |

*Compare* Objection p. 6, ¶¶ 12 and 13 with the Mehdipour Firm Application [pp. 15 and 24].

19.     The six entries total 3.0 hours, out of the 556.7 hours reflected in the Mehdipour Firm Application. *See* ECF No. 1138 at pp. 15 and 24.  FCF partially quotes each entry and conveniently leaves out language which clearly demonstrates the legal nature. FCF does not

demonstrate that any of those entries, or any other entry in the Mehdipour Firm Application, are duplicative of work performed by FurrCohen or YoungFoster.

20. FCF separately argues that the Trustee's services should be compensable only under § 326, not §§ 330 and 331. See Objection, pp. 7-8, ¶¶ 14-15. That argument has already been addressed above: § 328(b) draws the line and *Exhibit A* demonstrates further compliance. *Stevens* itself confirms the analysis. FCF identifies no entry in the Mehdipour Firm Application that falls within any of those § 704 categories. The work for which the Application seeks compensation is legal work; the § 704 work the Trustee performed is captured in *Exhibit A* and billed at zero, exactly as § 328(b) requires.

21. Accordingly, FCF's objection to the Mehdipour Firm Application should be overruled.

**B.      FCF's Objection to the YoungFoster Application Should be Overruled**

22. FCF's objection to the YoungFoster Application is misguided. First, nothing in 11 U.S.C. § 327 limits the number of professionals, including attorneys, a trustee can retain. *See* 11 U.S.C. § 327. In fact, § 327(a) expressly authorizes a trustee to "employ one or more attorneys…"

23. The *Florida Brethren Homes* opinion on which FCF relies is not binding and has minimal analysis. *See* 92 B.R. 536. In *Florida Brethren Homes*, Judge Britton cited, in part, to *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir.) (en banc), *cert. denied*, 396 U.S. 823, 90 S. Ct. 66, 24 L. Ed. 2d 74 (1969), as a basis for denying compensation prior to the accountant's employment. *See* 92 B.R. at 537. In *Hydrocarbon Chemicals*, counsel seeking compensation never sought to be employed by the bankruptcy estate. *See* 411 F.2d at 205-206.

24. That is not the case here. YoungFoster was retained by this estate in 2022. To the extent the scope needs to be clarified, YoungFoster has sought to modify the scope of its

employment through *The Chapter 7 Trustee's Application for Approval of Modified Employment of Young Foster PLLC as Special Litigation Counsel Retroactive to December 10, 2025* [ECF No. 1145], which is set for hearing on May 20, 2026, at the same time as the YoungFoster Application [ECF No. 1146].

25.     The more appropriate analysis interpreting the interplay between 11 U.S.C. §§ 327, 330, and 331, can be found in *In re Benitez*, Case No. ----, 2020 Bankr. LEXIS 661 (Bankr. E.D.N.Y. Mar. 13, 2020), where Judge Grossman held that:

> [N]either the Code nor the Rules preclude an award of "reasonable compensation" or reimbursement for "actual, necessary expenses" pursuant to section 330 for services rendered prior to an order approving retention of the professional. The only temporal requirement in the Code and Rules is that a professional must have been retained pursuant to section 327 to successfully obtain a court award of compensation.  Simply stated, a professional must be retained as required by the statute, but once having been retained, the bankruptcy court is free to compensate him for services rendered to the estate at any time, pre and post-court approval, in accordance with section 330 of the Code.

2020 Bankr. LEXIS 661 at *3-4.

26.     In this case YoungFoster has been employed by the estate.  The scope of the services to be provided is the only item in question and a separate application to clarify or modify has been filed.  Upon approval of the modified application, the Court unequivocally has the authority to award the requested interim compensation to YoungFoster under 11 U.S.C. §§ 330 and 331.

27.     YoungFoster's fees and costs are reasonable and necessary under §§ 330 and 331. FCF has not raised any other objection to any specific fees and costs sought by YoungFoster.

28.     The concerns the statutory and procedural rules protect against, as identified by Judge Britton in *Florida Brethren Homes*, "furnish[ing] a safeguard against burdening the estate with expensive duplication of services and against a conflict of interest," do not exist in this case

as there is no argument regarding duplication of services, and YoungFoster has made the requisite disclosure that no conflicts exist. 92 B.R. at 537.

29.     YoungFoster was brought in to assist with potential conflicts.  On August 16, 2022, YoungFoster filed its application for employment as special conflict litigation counsel with an effective date of August 1, 2022.  [ECF 226].  The application was approved on August 19, 2022. [ECF 228].  FCF did not object, and the retention order became final years ago. At the time of the YoungFoster application, the most likely target was Kenney Goodman, the DCG 2008 Irrevocable Wealth Trust, and related parties ("**DCG Parties**").  There is a question as to whether the Order Approving YoungFoster's application strictly limits the employment to the DCG Parties.  Most of the time that YoungFoster spent in this case was related to the DCG Parties, including potential claims of usury under Florida law, claims under the Civil Remedies for Criminal Practices Act, and claims based upon Debtor's Ponzi-like scheme.  However, the case against Thomas Graner and his law firm includes claims for legal malpractice; the Thomas Graner case and Holand Automotive case involve jury trials.  The attorneys at FurrCohen and the Mehdipour Firm do not have experience in legal malpractice claims or experience conducting a jury trial; however, YoungFoster does have the relevant experience in both legal malpractice and jury trials. Another conflict issue has recently arisen, which will be explained during the hearing, that necessitates a clarification, or expansion of YoungFoster's employment, based upon a conflict that FurrCohen will have as to another target.

30.     Accordingly, FCF's Objection to the YoungFoster Application should be overruled.

**C.      FCF's Objection to the FurrCohen Application Should be Overruled**

31.     FCF's objection to the FurrCohen Applications is premised solely upon FCF's belief that the services provided have not been "reasonable or beneficial to the estate," or, in other

words "the amount involved and the results obtained."

32.     FurrCohen's work was performed within the structure this Court approved at the outset of the case: FurrCohen as special counsel prosecuting adversary litigation; the Mehdipour Firm as general counsel providing legal direction and co-counsel support; and YoungFoster as special conflict counsel. The recoveries during the Application Period follow from that division of labor.

33.     During the one-year period covered by the Furr Application, claims that FurrCohen prosecuted as special counsel, in coordination with the other firms, were resolved, resulting in the estate receiving or being entitled to receive approximately $3,659,750.00 and reducing the unsubordinated general unsecured claims pool by more than $21 million.

34.     FCF's premise is based on an incomplete and inaccurate record.  During the Application Period, FurrCohen actively prosecuted multiple adversary proceedings, with co-counsel support from the Mehdipour Firm on legal strategy and pleading review, in matters involving substantial motion practice and filings by pro se parties. The trial team prepared for what was scheduled to be a 5-day trial in *Mehdipour v. Go Fund Advance, LLC*, et al. in November 2025, before the government shutdown caused the trial to be rescheduled. The trial team also prepared for and completed an 8-day trial in *Mehdipour v. Hi Bar Capital, LLC, et al.*, which ran from January 29, 2026 through February 6, 2026.

35.     FCF misreads the case. The work for which FurrCohen seeks compensation in the Furr Application has not always resulted in a recovery by the estate *during* the applicable period, but the work was reasonable and necessary, and even where a recovery was not obtained in the applicable period, FurrCohen's work laid the groundwork for future recoveries.

36.     The work performed by FurrCohen was also necessary to take two adversary

proceedings to trial. The total damages sought in the Go Fund and Hi Bar adversary proceedings are more than $10 million in aggregate.  The claims against the Go Fund defendants have gone to trial, the Trustee was successful, and final judgments of more than $1.6 million should be entered against each of the remaining named defendants.  The Hi Bar trial was also completed, and post-trial briefing should be completed on May 28th.

37.     Further, as part of its objection to the Furr Application, FCF uses the aggregate amount of fees sought by *all professionals*, including GlassRatner to which FCF does not object, which cover varying application periods,[5] as a basis for comparing the amount sought versus the results obtained rather than the actual amounts sought by FurrCohen. *See* Objection, p. 11, ¶ 21. The actual amounts recovered during FurrCohen's application period are a return of 3 to 1. Further, FurrCohen has voluntarily reduced the amount of fees sought by $40,000.00, and as noted agreed to a 25% holdback for this fee application along with all other professionals in this case.

38.     Taken as a whole, the amounts sought in the Furr Application are reasonable compared to the results obtained.

39.     Accordingly, FCF's objection to the Furr Application should be overruled.

**D.     Additional Considerations in Favor of Overruling Objections and Awarding the Fees and Costs Sought in the Fee Applications**

40.     The amount on hand has increased to $3,406,543.82. An IRS Judgment of $571,668.93 is expected to be collected shortly. Approved settlement installments totaling $930,000.00 are being collected.  *See **Exhibit B***.  Thus, the total recoveries and collections amount to over $9.6 million. In addition, judgments against the Go Fund Defendants exceeding $1.6

---

[5] The Furr Application is January 1, 2025 through December 31, 2025, while the Mehdipour Firm Application, YoungFoster Application, and GlassRatner Application run from January 1, 2025 through March 31, 2026.

million will be entered in short order, and the parties are awaiting a ruling in the Hi Bar adversary proceeding.

41.     As alternative relief, FCF asks the Court to double the holdback applied to these Fee Applications from the agreed 25% to 50%. The request should be denied. The 25% holdback applied to the present Applications is itself an increase, requested by the United States Trustee and agreed by the four professionals. *See **Exhibit C.*** The purpose of the increased holdback is to provide safeguards for final review at the end of the case.

42.     There are already more than adequate protections built in, with $456,136.38 being withheld from the four professionals in the present Application Period at the agreed and increased 25% percentage, and approximately $1.514 million to have been held back cumulatively across all interim periods. The Court retains the authority to review fees at the time of the final fee applications, with all FCF objections preserved, and the U.S. Trustee will continue its oversight.

43.     Doubling the holdback would not add meaningful protection. It would withhold compensation from the professionals whose work has produced recoveries from which any creditor distribution will be paid. FCF identifies no basis warranting 50% and its request should be denied.

44.     For the foregoing reasons, the Objection should be overruled.

**WHEREFORE,** the Law Office of Nicole Testa Mehdipour, P.A., Young Foster PLLC, and Furr Cohen, P.A. respectfully request that this Court enter an Order: (i) overruling Franklin Capital Funding, LLC's Omnibus Objection [ECF No. 1151]; (ii) approving the Mehdipour Firm Application [ECF No. 1138], the YoungFoster Application [ECF No. 1137], and the FurrCohen Application [ECF No. 1134] as filed and awarding the fees and expenses sought therein, subject to the agreed 25% holdback; (iii) authorizing payment of the approved amounts in accordance with

the terms of each Application; and (iv) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 17th day of May, 2026.

| | |
|---|---|
| **LAW OFFICE OF**<br>**NICOLE TESTA MEHDIPOUR, P.A.**<br>*General Counsel for Chapter 7 Trustee*<br>6278 N. Federal Highway, Suite 408<br>Fort Lauderdale, FL 33308<br>Tel: (954) 858-5880  Fax: (954) 208-0888 | **FURR AND COHEN, P.A.**<br>*Special Counsel for Trustee*<br>2255 Glades Road, Suite 419a<br>Boca Raton, Fl 33431<br>Telephone: (561) 395-0500<br>Facsimile: (561) 338-7532 |
| By: /s/ Nicole Testa Mehdipour<br>   Nicole Testa Mehdipour<br>   Florida Bar No. 177271<br>   NicoleM@ntmlawfirm.com | By: */s/ Alan R. Crane*<br>   Alan R. Crane<br>   Florida Bar No.: 0963836<br>   E-Mail: Acrane@Furrcohen.com<br>   Jason S. Rigoli, Esq.<br>   Florida Bar No. 91990<br>   E-mail: jrigoli@furrcohen.com |
| **YOUNG FOSTER PLLC**<br>*Special Conflict Litigation Counsel*<br>*for the Chapter 7 Trustee*<br>2400 E Commercial Blvd, Suite 723<br>Fort Lauderdale, Florida 33308<br>Telephone: (954) 866-3570<br>Facsimile:  (954) 866-3571 | |
| By: /s/ Michael C. Foster, Esq.<br>   Michael C. Foster, Esq.<br>   Florida Bar No. 0042765<br>   michael@youngfoster.com | |

**EXHIBIT A**

**Time Records for Trustee Duties**



**INVOICE**

Date: 05/11/2026
Due Upon Receipt

Nicole Testa Mehdipour, Trustee
6278 N. Federal Highway, Suite 408
Fort Lauderdale, Florida 33308

## NTM-TR_EXCELL AUTO GROUP, INC_22-12790-EPK
*TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN)*
*1/1/2025 - 3/31/2026*

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 01/06/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review calender to provide availabilty for attendance at JSC. | 0.20 | $0.00 | $0.00 |
| Service | 01/07/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute BAL settlement. | 0.20 | $0.00 | $0.00 |
| Service | 01/08/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to payments, related emails. | 0.20 | $0.00 | $0.00 |
| Service | 01/10/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 01/13/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve monthly invoice from KLDiscovery for payment; sign check. | 0.20 | $0.00 | $0.00 |
| Service | 01/14/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit wire; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 01/23/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.10 | $0.00 | $0.00 |
| Service | 01/31/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 02/03/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 02/04/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 02/11/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 02/12/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute Acknoweldgment letter (IRS). | 0.20 | $0.00 | $0.00 |
| Service | 02/18/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 02/25/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC - Excell Auto Group, Inc. - Case No. 22-12790-EPK (with Prestige) | 6.00 | $0.00 | $0.00 |
| Service | 02/28/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly | 0.40 | $0.00 | $0.00 |

administrative case review.

| | | | | | |
|---|---|---|---|---|---|
| Service | 03/04/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC-Excel Auto Group, Inc - Case No. 22-12790 - EPK (with Schiff Entities) | 6.00 | $0.00 | $0.00 |
| Service | 03/05/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 03/07/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 03/10/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 03/13/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review orders, approve and sign fee checks; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 03/19/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 03/20/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC - Excell Auto Group, Inc - Case No. 22-12790 - EPK and Mehdipour v. Go Fund Advance, et al - Case No. 24-1194 - EPK | 6.00 | $0.00 | $0.00 |
| Service | 03/21/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to administrative expenses. | 0.40 | $0.00 | $0.00 |
| Service | 03/20/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for W-9. | 0.20 | $0.00 | $0.00 |
| Service | 03/24/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to administrative expenses. | 0.40 | $0.00 | $0.00 |
| Service | 03/24/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): File Ex Parte Motion for Payment of Administrative Expenses to Mediator. | 0.20 | $0.00 | $0.00 |
| Service | 03/25/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 03/25/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review order, approve and sign check for mediator; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 03/26/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to administrative expenses. | 0.40 | $0.00 | $0.00 |
| Service | 03/26/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to administrative expenses. | 0.40 | $0.00 | $0.00 |
| Service | 03/27/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to Report of Auction. | 0.30 | $0.00 | $0.00 |
| Service | 03/30/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 04/02/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 04/07/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 04/09/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend mediation (DCG). | 5.50 | $0.00 | $0.00 |
| Service | 04/11/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review order, approve and sign checks for DMS; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 04/17/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve | 0.20 | $0.00 | $0.00 |

monthly invoice from KLDiscovery for payment; sign check.

| Service | 04/23/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review orders, approve and sign fee checks; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 04/27/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 04/29/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review calender to provide availabilty for attendance at JSC. | 0.20 | $0.00 | $0.00 |
| Service | 04/29/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC - Excell Auto Group, Inc. - Case No. 22-12790 - EPK (with Savannah Row Development Company, LLC and Steven Gelb) | 6.00 | $0.00 | $0.00 |
| Service | 04/30/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review of case (adminsitrative) for interim reporting. | 1.50 | $0.00 | $0.00 |
| Service | 05/08/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 05/09/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review calender to provide availabilty for attendance at JSC. | 0.20 | $0.00 | $0.00 |
| Service | 05/09/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review orders, approve and sign fee checks; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 05/13/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 05/15/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 05/23/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 05/23/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute Answers to Interrogatories (Go Fund) | 0.20 | $0.00 | $0.00 |
| Service | 05/28/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC - Mehdipour v. Holand Automotive USA, Inc. - Case No. 24-01253-EPK | 6.00 | $0.00 | $0.00 |
| Service | 05/30/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 05/30/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review order, approve and sign check for mediator; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 06/03/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC - Excell adv. Advanced Genetic Solutions | 6.00 | $0.00 | $0.00 |
| Service | 06/03/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 06/05/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review orders, approve and sign fee checks; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 06/07/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review calender to provide availabilty for attendance at JSC. | 0.20 | $0.00 | $0.00 |
| Service | 06/17/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve numerous invoices from KLDiscovery for payment; sign checks. | 0.70 | $0.00 | $0.00 |
| Service | 06/19/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 06/19/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute | 0.20 | $0.00 | $0.00 |

Savannah Row settlement.

| | | | | | |
|---|---|---|---|---|---|
| Service | 06/26/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review orders, approve and sign fee checks; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 06/27/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): File Ex Parte Motion for Payment of Estate's Portion of Administrative Expense for Mediation | 0.20 | $0.00 | $0.00 |
| Service | 06/27/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to administrative expenses. | 0.30 | $0.00 | $0.00 |
| Service | 06/30/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 07/01/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to administrative expenses. | 0.30 | $0.00 | $0.00 |
| Service | 07/02/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 07/02/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 07/09/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute Milco tolling agreement. | 0.20 | $0.00 | $0.00 |
| Service | 07/21/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve monthly invoice from KLDiscovery for payment; sign check. | 0.20 | $0.00 | $0.00 |
| Service | 07/23/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 07/25/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 07/28/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 07/29/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review orders, approve and sign fee checks; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 07/31/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 08/01/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 08/01/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 08/06/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execte DCG Goodman Tolling Agreement. | 0.20 | $0.00 | $0.00 |
| Service | 08/08/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute Mark Simms employment documents. | 0.20 | $0.00 | $0.00 |
| Service | 08/11/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 08/12/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 08/12/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve monthly invoice from KLDiscovery for payment; sign check. | 0.20 | $0.00 | $0.00 |
| Service | 08/13/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review orders, | 0.40 | $0.00 | $0.00 |

approve and sign fee checks; update financial file.

| Service | 08/14/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC-EXCELL Auto Group, Inc. - Case No. 22-12790 - EPK (Moshe Farache et al.) | 6.00 | $0.00 | $0.00 |
|---------|------------|------------------------------------------------------------------------|------|-------|-------|
| Service | 08/18/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Response email to H. Feinman. | 0.30 | $0.00 | $0.00 |
| Service | 08/20/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute Libertas settlement. | 0.20 | $0.00 | $0.00 |
| Service | 08/22/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review calender to provide availabilty for attendance at JSC. | 0.20 | $0.00 | $0.00 |
| Service | 08/28/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review calender to provide availabilty for attendance at JSC. | 0.20 | $0.00 | $0.00 |
| Service | 08/30/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 09/02/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Emails fromto H. Feinman. | 0.40 | $0.00 | $0.00 |
| Service | 09/03/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 09/08/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 09/11/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC - EXCELL Auto Group, Inc. - Case No. 22-12790 (with Farache entities) | 6.00 | $0.00 | $0.00 |
| Service | 09/15/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC Excell Auto Group, Inc - Case No. 22-12790-EPK (with Graner entities) | 6.00 | $0.00 | $0.00 |
| Service | 09/15/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 09/15/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review mail correspondence. | 0.30 | $0.00 | $0.00 |
| Service | 09/15/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receive, review and execute 2024 Form 1120S; mail K1s; fax Request for Prompt Determination to IRS. | 0.60 | $0.00 | $0.00 |
| Service | 09/15/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review orders, approve and sign fee checks; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 09/16/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review orders, approve and sign fee checks; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 09/19/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review calender to provide availabilty for attendance at JSC. | 0.20 | $0.00 | $0.00 |
| Service | 09/22/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC Excell Auto Group, Inc - Case No. 22-12790-EPK (with Graner entities - cont.) | 6.00 | $0.00 | $0.00 |
| Service | 09/22/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve monthly invoice from KLDiscovery for payment; sign check. | 0.20 | $0.00 | $0.00 |
| Service | 09/29/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 09/29/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 09/30/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 10/01/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 10/03/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 10/09/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Advanced Genetics: execution of settlement agreement. | 0.30 | $0.00 | $0.00 |
| Service | 10/09/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute von Anhalt settlement. | 0.20 | $0.00 | $0.00 |
| Service | 10/10/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Advanced Genetics: execution of settlement agreement. | 0.30 | $0.00 | $0.00 |
| Service | 10/21/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 10/28/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve monthly invoice from KLDiscovery for payment; sign check. | 0.20 | $0.00 | $0.00 |
| Service | 10/30/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 11/06/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 11/06/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 11/06/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 11/09/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 11/10/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute Farache Release and FedEx to M. Lessne. | 0.30 | $0.00 | $0.00 |
| Service | 11/17/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 11/17/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monitor change in fiduciary bank and wire into new account. | 0.20 | $0.00 | $0.00 |
| Service | 11/18/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attend JSC - Excell Auto Group, Inc - Case No. 22-12790-EPK and Mehdipour v. Alpine Business Capital, LLC et al - Case No. 24-01238-EPK | 6.00 | $0.00 | $0.00 |
| Service | 11/24/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 11/25/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 12/02/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 12/04/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |

| Service | 12/04/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
|---|---|---|---|---|---|
| Service | 12/05/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute Alpine Settlement Agreement. | 0.20 | $0.00 | $0.00 |
| Service | 12/08/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 12/29/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 12/30/2025 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve monthly invoice from KLDiscovery for payment; sign check. | 0.20 | $0.00 | $0.00 |
| Service | 01/05/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 01/08/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 01/09/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 01/27/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve monthly invoice from KLDiscovery for payment; sign check. | 0.20 | $0.00 | $0.00 |
| Service | 01/28/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 01/29/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Travel to/attend trial in Hi Bar/Spin Capital adversary. | 7.00 | $0.00 | $0.00 |
| Service | 01/30/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Travel to/attend trial in Hi Bar/Spin Capital adversary. | 7.00 | $0.00 | $0.00 |
| Service | 02/02/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Travel to/attend trial in Hi Bar/Spin Capital adversary. | 7.00 | $0.00 | $0.00 |
| Service | 02/03/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Travel to/attend trial in Hi Bar/Spin Capital adversary. | 7.00 | $0.00 | $0.00 |
| Service | 02/04/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Travel to/attend trial in Hi Bar/Spin Capital adversary. | 7.00 | $0.00 | $0.00 |
| Service | 02/06/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Travel to/attend trial in Hi Bar/Spin Capital adversary. | 4.00 | $0.00 | $0.00 |
| Service | 02/07/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
| Service | 02/09/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 02/09/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 02/09/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 02/14/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 02/20/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve monthly invoice from KLDiscovery for payment; sign check. | 0.20 | $0.00 | $0.00 |
| Service | 02/28/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly | 0.40 | $0.00 | $0.00 |

administrative case review.

| Service | 03/05/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Administrative banking review (trustee); reconcilation of bank account. | 0.40 | $0.00 | $0.00 |
|---------|------------|------|------|------|------|
| Service | 03/09/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |
| Service | 03/19/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review/approve monthly invoice from KLDiscovery for payment; sign check. | 0.20 | $0.00 | $0.00 |
| Service | 03/26/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Attention to request for wire instructions. | 0.20 | $0.00 | $0.00 |
| Service | 03/27/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Execute Modified employment app for Young Foster. | 0.20 | $0.00 | $0.00 |
| Service | 03/28/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt/deposit funds.; update financial file. | 0.30 | $0.00 | $0.00 |
| Service | 03/28/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Monthly administrative case review. | 0.40 | $0.00 | $0.00 |
| Service | 03/30/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Review of case (adminsitrative) for interim reporting. | 0.50 | $0.00 | $0.00 |
| Service | 03/30/2026 | TRUSTEE ADMIN - NON-BILLABLE (TRST ADMIN): Receipt deposit wire; update financial file. | 0.40 | $0.00 | $0.00 |

| Time Keeper | Position | Quantity | Rate | Total |
|-------------|----------|----------|------|-------|
| Nicole Testa Mehdipour | Nicole Testa Mehdipour, Trustee | 154.8 | $0.00 | $0.00 |
| | | | **Subtotal** | **$0.00** |
| | | | **Total** | **$0.00** |

**NOTE:  This invoice reflects non-billable trustee administrative time expended by the Trustee in this matter, distinct from the legal services rendered by general counsel, and for which no compensation is sought beyond the statutory commission under 11 U.S.C. § 326.**

## EXHIBIT B

## SUMMARY OF RECOVERIES TO THE ESTATE

**I.   CUMULATIVE RECOVERIES TO DATE**

| | |
|---|---|
| Total recoveries to the estate per Trustee's Form 2 through 5/14/2026 | **$8,129,387.85** |

**II.   PENDING RECOVERIES: ANTICIPATED IN 2026**

**A.  *IRS Judgment Proceeds***

| | |
|---|---|
| Mehdipour v. United States (In re Excell Auto Group), Adv. Pro. No. 24-01039-EPK. Judgment in Favor of Plaintiff entered [ECF 1039 docket]; receipt anticipated within approximately two months; post judgment interest accruing. | **$571,668.93** |

**B.  *Court-Approved Settlements: Remaining Balances Due Under 9019 Orders***

| Settlement | 9019 Mtn / Order ECF | Remaining |
|---|---|---|
| BAL Investments | 937 / 964 | **$125,000.00** |
| Savannah Row / Gelb | 1053 / 1070 | **$150,000.00** |
| Alpine Business Capital | 1115 / 1118 | **$50,000.00** |
| Podgurski / von Anhalt | 1105 / 1112 | **$90,000.00** |
| Funders App | 1148 / 1153 | **$525,000.00** |
| **Subtotal: Approved Settlement Remaining Balances** | | **$930,000.00** |

**III.   TOTAL RECOVERIES (CUMULATIVE + PENDING IN 2026)**

| | |
|---|---|
| Cumulative recoveries through 5/14/2026 (Section I) | $8,129,387.85 |
| IRS judgment proceeds anticipated 2026 (Section II.A) | $571,668.93 |
| Court-approved settlement remaining balances (Section II.B) | $930,000.00 |
| **TOTAL RECOVERIES**[6] | **$9,631,056.78** |

---

[6] This Exhibit summarizes recoveries only. It does not include the additional value conferred on the estate through (i) significant claim reductions during the Application Period; (ii) the portfolio of executed tolling agreements preserving multi-million-dollar claims; (iii) the pending post-trial ruling in Mehdipour v. Hi Bar Capital, LLC et al., Adv. Pro. No. 23-01132-EPK; and (iv) the FINRA arbitration against Merrill Lynch.

## EXHIBIT C

### Schedule of Interim Holdbacks

**Part A: Cumulative Holdbacks (1st and 2nd Interim Periods)**

| Professional | Holdback 20% |
|---|---|
| Law Office of Nicole Testa Mehdipour, P.A. | $155,751.80 |
| Young Foster PLLC | $80,062.00 |
| Furr Cohen, P.A. | $562,326.25 |
| GlassRatner | $259,972.55 |
| **TOTAL** | **$1,058,112.60** |

**Part B: Third Interim Fee Applications (Currently Pending)**

| Professional | Holdback 25% |
|---|---|
| Law Office of Nicole Testa Mehdipour, P.A. | $80,758.12 |
| Young Foster PLLC | $24,980.63 |
| Furr Cohen, P.A. | $263,031.38 |
| GlassRatner | $87,366.25 |
| **TOTAL (Third Interim)** | **$456,136.38** |

**Part C: Cumulative Holdbacks (All Interim Periods)**

| Professional | Total Holdback |
|---|---|
| Law Office of Nicole Testa Mehdipour, P.A. | $236,509.92 |
| Young Foster PLLC | $105,042.63 |
| Furr Cohen, P.A. | $825,357.63 |
| GlassRatner | $347,338.80 |
| **TOTAL (Third Interim)** | **$1,514,248.98** |