UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                  CASE NO. 22-12790-EPK

EXCELL AUTO GROUP, INC.,                                Chapter 7

      Debtor.

_____/

**SUMMARY OF FIRST INTERIM APPLICATION OF BERGER SINGERMAN LLP, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE TRUSTEE, FOR THE PERIOD FROM FEBRUARY 25, 2024 THROUGH MARCH 31, 2026**

| | | |
|---|---|---|
| 1. | Name of Applicant: | Berger Singerman LLP |
| 2. | Role of Applicant | Special Counsel to Nicole Testa Mehdipour, Chapter 7 Trustee |
| 3. | Name of Certifying Professional | Nicolette C. Vilmos |
| 4. | Date case filed: | April 8, 2022 |
| 5. | Date of Order Approving Employment | April 18, 2024, effective as of February 25, 2024 [Dkt. No. 754] |
| **IF INTERIM APPLICATION, COMPLETE 6, 7 and 8 BELOW:** | | |
| 6. | Period for this Application: | February 25, 2024 through March 31, 2026 |
| 7. | Amount of Compensation Sought: | $175,814.50[1] |
| 8. | Amount of Expense Reimbursement: | $53.74[2] |
| **IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:** | | |

---

[1] Of this amount, the sum of (i) $69,791.50 represents fees incurred by the Applicant relating to the investigation and pursuit of claims or causes of action against various financial institutions (the "Non-Brown Funded Claims"), which fees, if approved, are to be funded by the Debtor's estate; and (ii) $106,023.00 represents fees incurred by the Applicant relating to the investigation and pursuit of claims or causes of action identified by Edward Brown against various third parties (collectively, the "Brown Funded Claims"). Edward Brown has agreed to provide Litigation Funding (see Dkt. No. 378, p. 22 ¶ 6(f)) with respect to fees incurred relating to the Brown Funded Claims.

[2] Of this amount, the sum of (i) $32.54 represents expenses incurred by the Applicant relating to the investigation and pursuit of the Non-Brown Funded Claims, which expenses, if approved, are to be funded by the Debtor's estate; and (ii) $21.20 represents expenses incurred by the Applicant relating to the investigation and pursuit of claims or causes of action relating to the Brown Funded Claims, which expenses, if approved, are to be funded by the Litigation Funding provided by Edward Brown.

| 9. | Total Amount of Compensation Sought During Case: | N/A |
|---|---|---|
| 10. | Total Amount of Expense Reimbursement Sought During Case | N/A |
| 11 | Amount of Original Retainer(s).  Please disclose both Fee Retainer and Cost Retainer if such a Retainer has been received: | N/A |
| 12. | Current Balance of Retainer(s) remaining | N/A |
| 13. | Last month operating report filed (Month/Year and ECF No.) | N/A |
| 14. | If case is Chapter 11, current funds in the Chapter 11 estate | N/A |
| 15 | If case is Chapter 7, current funds held by Chapter 7 Trustee | $2,087,981.01 (Debtor's estate)<br>$   200,000.00 (Paid by Edward Brown for Litigation Claims) |

2

35935980-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                      CASE NO. 22-12790-EPK

EXCELL AUTO GROUP, INC.,                                    Chapter 7

     Debtor.

_____/

**FIRST INTERIM APPLICATION OF BERGER SINGERMAN LLP,
FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
SPECIAL COUNSEL TO THE TRUSTEE FOR THE PERIOD
FROM FEBRUARY 25, 2024 THROUGH MARCH 31, 2026**

Berger Singerman LLP (the "Applicant", as special counsel to the chapter 7 trustee, Nicole Testa Mehdipour (the "Trustee") of the estate of Excell Auto Group, Inc. (the "Debtor"), hereby files its *First Interim Application of Berger Singerman LLP, for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Trustee for the Period From February 25, 2024 Through March 31, 2026* (the "Application"), for professional services rendered and expenses incurred by the Applicant during the period from February 25, 2024 through March 31, 2026 (the "Application Period"). In support thereof, the Applicant states:

I.       **RETENTION OF THE APPLICANT, DISCLOSURE OF COMPENSATION
         AND REQUESTED AWARD**

On April 9, 2024, the Trustee filed *Trustee's Expedited Application for Approval of Employment of Jordi Guso and the Law Firm of Berger Singerman LLP, as Special Counsel to Nicole Testa Mehdipour, Chapter 7 Trustee, Effective as of February 25, 2024* (the "Retention Application") [Dkt. No. 751], requesting approval of the employment of the Applicant as special counsel to the Trustee, effective as of February 25, 2024, to investigate, and, if appropriate, pursue claims or causes of action of the Debtor's estate (the "Estate") against certain potential targets (including, without limitation, certain claims under chapter 5 of Title 11 of the United States Code)

3

35935980-1

(collectively, the "Litigation Claims").  As set forth in the Retention Application, included in the Litigation Claims are the Brown Funded Claims (as defined above and in paragraph 6(f) of the Settlement Agreement and Release between the Trustee and Edward Brown found at Dkt. No. 378, and approved by this Court at Dkt. No. 402), for which Mr. Brown agreed to provide Litigation Funding [see Dkt. No. 378, p. 22, ¶ 6(f)].  For the Brown Funded Claims, Berger Singerman agreed to maintain separate billing records to ensure the Litigation Funding is applied only to the fees and costs incurred in connection with the Brown Funded Claims.

On April 18, 2024, the Court entered an *Order Approving Trustee's Expedited Application for Approval of Employment of Jordi Guso and the Law Firm of Berger Singerman LLP, as Special Counsel to Nicole Testa Mehdipour, Chapter 7 Trustee, Effective as of February 25, 2024* [Dkt. No. 754], thereby approving the employment of the Applicant as special counsel to the Trustee, effective as of February 25, 2024.

The Applicant submits this Application, pursuant to Sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure and the Guidelines (as such term is defined in the Certification hereinbelow).  The Applicant requests a first interim award of legal fees and the reimbursement of expenses incurred by the Applicant, as special litigation counsel to the Trustee, in the amount of **$175,868.24** comprised of: (a) **$175,814.50** for services rendered during the Application Period, and (b) **$53.74** as reimbursement of expenses for the actual and necessary expenses incurred by the Applicant during the Application Period.

Of the **$175,814.50** in fees incurred during the Application Period, the sum of (i) **$69,791.50** represents fees incurred by the Applicant relating to the Non-Brown Funded Claims, which fees, if approved, are to be paid by the Estate; and (ii) **$106,023.00** represents fees incurred by the Applicant relating to the investigation and pursuit of the Brown Funded Claims, which fees, if approved, are to be paid by the Litigation Funding provided by Edward Brown.

35935980-1

In addition, of the **$53.74** in expenses incurred during the Application Period, the sum of (i) **$32.54** represents expenses incurred by the Applicant relating to the Non-Brown Funded Claims, which expenses, if approved, are to be paid by the Estate; and (ii) **$21.20** represents expenses incurred by the Applicant relating to the investigation and pursuit of the Brown Funded Claims, which expenses, if approved, are to be paid by the Litigation Funding provided by Edward Brown.

This request is the Applicant's first interim application to the Court for compensation and reimbursement of expenses for services rendered as special counsel to the Trustee.   No understanding exists between the Applicant and any other person for the sharing of compensation sought by the Applicant, except among the partners and associates of the Applicant.

In accordance with the Guidelines,[3] the following exhibits are annexed to this Application:

| | |
|---|---|
| **Exhibit 1 :** | Summary of Professional Time during the Application Period With Respect to the Applicant's Fees Incurred Relating to the Non-Brown Funded Claims |
| **Exhibit 2:** | Summary of Professional Time during the Application Period With Respect to the Applicant's Fees Incurred Relating to the Brown Funded Claims |
| **Exhibit 3:** | Summary and Breakdown of Requested Reimbursement of Expenses and Disbursements during the Application Period With Respect to the Applicant's Expenses Incurred Relating to the Non-Brown Funded Claims |
| **Exhibit 4:** | Summary and Breakdown of Requested Reimbursement of Expenses and Disbursements during the Application Period With Respect to the Applicant's Expenses Incurred Relating to the Brown Funded Claims |
| **Exhibit 5:** | Detailed Description of the Services Rendered and Expenses and Disbursements During the Case, With Respect to the Non-Brown Funded Claims |
| **Exhibit 6:** | Detailed Description of the Services Rendered and Expenses and Disbursements During the Case, With Respect to the Brown Funded Claims |

The Applicant has not attached a Fee Application Summary Chart to this Application, as

---

[3] The Applicant has not arranged its time entries into project categories, as required by the Guidelines, as the Applicant was retained as special counsel to the Trustee solely to assist the Trustee with the investigation and, if appropriate, pursuit of claims or causes of action of the Estate against certain potential targets.

5

there have been no prior applications for compensation and reimbursement of expenses filed in this case by the Applicant.

The Applicant has expended a total of **252.70** hours during the Application Period in rendering necessary and beneficial legal services to the Trustee, of which 107.50 hours represents work performed relating to the Non-Brown Funded Claims, and 145.20 hours represents work performed relating to the Brown Funded Claims.

**Exhibit 1** contains a list of the Applicant's professionals and paraprofessionals who have provided services to the Trustee during the Application Period with respect to the Non-Brown Funded Claims, which reflects the hourly rates charged by each and a summary of time expended by each.

**Exhibit 2** contains a list of the Applicant's professionals and paraprofessionals who have provided services to the Trustee during the Application Period with respect to the Brown Funded Claims, which reflects the hourly rates charged by each and a summary of time expended by each.

**Exhibit 3**  contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, on behalf of the Trustee, during the Application Period with respect to the Non-Brown Funded Claims, for which the Applicant seeks reimbursement in accordance with Section 330(a)(2) of the Bankruptcy Code, the Bankruptcy Rules and the Guidelines. The expenses and disbursements summarized in Exhibit 3 are those which the Applicant typically would invoice to its non-bankruptcy clients.

**Exhibit 4**  contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, on behalf of the Trustee, during the Application Period with respect to the Brown Funded Claims, for which the Applicant seeks reimbursement in accordance with Section 330(a)(2) of the Bankruptcy Code, the Bankruptcy Rules and the Guidelines. The expenses and disbursements summarized in Exhibit 4 are those which the Applicant typically would invoice to its non-bankruptcy clients.

35935980-1

**Exhibit 5** contains: (i) a daily description of the services rendered and the hours expended by the various attorneys and paralegals, if any, of the Applicant who performed services during the Application Period with respect to the Non-Brown Funded Claims; and (ii) a detailed schedule listing of the expenses and disbursements for which the Applicant seeks reimbursement. The Applicant has prepared Exhibit 5 based on, among other things, contemporaneous daily time records maintained by the Applicant's attorneys and paraprofessionals, if any, who rendered services in this case.

**Exhibit 6** contains: (i) a daily description of the services rendered and the hours expended by the various attorneys and paralegals, if any, of the Applicant who performed services during the Application Period with respect to the Brown Funded Claims; and (ii) a detailed schedule listing of the expenses and disbursements for which the Applicant seeks reimbursement. The Applicant has prepared Exhibit 6 based on, among other things, contemporaneous daily time records maintained by the Applicant's attorneys and paraprofessionals, if any, who rendered services in this case.

## DESCRIPTION OF SERVICES

### Non-Brown Funded Claims

During the Application Period, the Applicant participated in strategy discussions with the Trustee and the Trustee's special counsel, Furr and Cohen, P.A. regarding the investigation and pursuit of third-party claims.  The Applicant reviewed and analyzed various documents and assisted with the preparation of subpoenas upon various financial institutions, including, but not limited to, JPMorgan Chase, TD Bank, First Horizon Bank, Truist Bank, BankUnited, United Community Bank, Bank of America, N.A., Merrill Lynch, and Level One Bank.  The Applicant reviewed documents produced in response to the subpoenas by First Horizon Bank, JPMorgan Chase and Truist and conducted discussions regarding same.   The Applicant assisted with the preparation of an extensive analysis of the documents produced, and reviewed and analyzed

7

35935980-1

various pleadings and transcripts of Rule 2004 examinations, in order to evaluate potential bank-related claims.  The Applicant assisted with the preparation of complaints and conducted research regarding various legal theories. The Applicant participated in calls with representatives of various banks with respect to documents produced, and discussed the preparation of confidentiality agreements with various financial institutions.

Applicant expended a total of **107.50** hours in this category and is requesting **$69,791.50** for the services rendered in this category.

### **Brown-Funded Claims**

During the Application Period, the Applicant assisted with the preparation of the Retention Application, declaration in support of the Applicant's retention, and a proposed order approving the Retention Application, and prepared for and attended a hearing on April 17, 2024 to consider the retention of the Applicant as special counsel to the Trustee.  The Applicant conducted numerous discussions relating to the investigation and pursuit of the Brown-Funded Claims, conducted research regarding various issues, and participated in calls with the Trustee and the Trustee's special counsel, Furr and Cohen, P.A. regarding same.  The Applicant gathered and reviewed various documents, participated in discussions relating to the preparation of discovery requests, and prepared for and attended the deposition of Scott Zankl held on June 5, 7, 18, and 19, 2024. The Applicant provided status updates to the Trustee regarding the deposition of Mr. Zankl, reviewed and analyzed documents produced, including transcripts of the June depositions, conducted discussions with the Trustee regarding various issues, and assisted with the preparation of a complaint against Scott and Kristen Zankl (the "Zankls") seeking the avoidance of fraudulent transfers.  The Applicant participated in settlement discussions, and assisted with the preparation of tolling agreements with the Zankls.

8

Applicant expended a total of **145.20** hours in this category and is requesting **$106,023.00** for the services rendered in this category.

### EVALUATION OF SERVICES RENDERED

This Application has presented a summary of the nature and extent of the professional services the Applicant has rendered in connection with its representation as special counsel to the Trustee for which the Applicant seeks compensation. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent. A mere reading of the time summary annexed hereto alone cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with this Chapter 7 case.

Section 330(a)(1) of the Bankruptcy Code authorizes the Court to award reasonable compensation for actual, necessary, services rendered by attorneys and paraprofessionals employed by a trustee. *See* 11 U.S.C. § 330(a)(1). In turn, section 331 provides that the Court is authorized to allow disbursement of fees and expenses under § 330 on an interim basis. See 11 U.S.C. § 331. Courts in the Eleventh Circuit have determined "reasonableness" with reference to the 12 factors[4] originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).[5] *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 877-878 (11th Cir. 1990); *In re Warner,* 141 B.R. 762, 765 (M.D. Fla. 1992); *In re Blue Stone Real Estate*, 487 B.R. 573, 576 (Bankr. M.D. Fla. 2013). However, given the 1994 and 2005 amendments to section 330 of the Bankruptcy Code, some of the *Johnson* factors are now

---

[4]   The 12 factors set forth in *Johnson* are: (1) the time and labor required; (2) the novelty and difficulty of the legal questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion from other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson* 488 F.2d at 717-719.

[5]   The Eleventh Circuit has adopted as binding precedent all cases decided by the former Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner* v. *Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

9

subsumed or overlapped by the statute. *See Blue Stone Real Estate*, 487 B.R. at 576. Specifically, section 330(a)(3) sets forth a list of factors as follows:

(a)     The time spent on such services;

(b)     The rates charged for such services;

(c)     Whether the services were necessary to the administration or, or beneficial at the time at which the services were rendered toward the completion of the case;

(d)     Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)     With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field;

(f)     Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than Chapter 11 Cases.

Based on the standards set forth in Section 330 of the Bankruptcy Code, the *Johnson* factors, relevant practice and case law in the Eleventh Circuit, the Applicant believes that the fair and reasonable value of its services rendered during the Application Period is **$175,814.50** for **252.70** hours worked, plus the Applicant incurred actual and reasonable expenses necessary to perform its services in the amount of **$53.74** during the Application Period, particularly considering the nature, extent, and the value of such services, taking into account all relevant factors.

In addition, the Applicant notes that the services rendered herein were "reasonably likely to benefit" the Debtor's Estate at the time the services were rendered. Accordingly, under the "reasonable at the time" standard, the fees and costs sought herein should be approved. *In re Woerner,* 783 F.3d 266 (5th Cir. 2015) (collecting cases).

A.     **The Time Spent on Such Services**.

The foregoing summary, together with the exhibits attached hereto, details the time and extent of the professional services rendered by the Applicant for the benefit of the Debtor's Estate

10

35935980-1

during the Application Period. The total number of hours expended, 252.70, reveals the time devoted to this matter by the Applicant with respect to the legal issues which have arisen in this case during the Application Period.

**B.      The Rates Charged For Such Services.**

The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community. The hourly rates charged by the Applicant as set forth in the Exhibits to this fee application range from $625.00 to $900.00 per hour for attorneys, and $295.00 to $325.00 per hour for paraprofessionals, which is customary for professionals and paraprofessionals in the Southern District of Florida of similar skill and experience.

**C.      Whether the Services Were Necessary to the Administration of, or Beneficial at the Time at Which the Services Were Rendered Toward the Completion of the Case.**

In rendering services to the Trustee, the Applicant demonstrated substantial legal skill and expertise in the areas of bankruptcy and related litigation.

**D.      Whether the Services Were Performed Within a Reasonable Amount of Time Commensurate With the Complexity, Importance and Nature of the Problem, Issue or Task Addressed.**

The Applicant has devoted substantial time in the representation of the Trustee as more fully appears in this Application, as well as on the exhibits to this Application.  The fees requested by the Applicant, **$175,814.50**, reflect an hourly rate of **$695.74** for **252.70** hours of service. Considering the results obtained, particularly in light of the complexity of the issues addressed during the period covered by this Application, this rate is entirely reasonable.

35935980-1

E. **With Respect to a Professional Person, Whether the Person is Board Certified or Otherwise Has Demonstrated Skill and Expertise in the Bankruptcy Field.**

The Applicant is an established law firm and its members and associates working on this case are experienced in matters of this kind and well known to this Court. The Applicant enjoys a fine reputation and has demonstrated substantial ability in the fields of bankruptcy and related litigation.

F. **Whether the Compensation is Reasonable Based on the Customary Compensation Charged by Comparably Skilled Practitioners in Cases Other Than Cases Under Chapter 11.**

The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community. As set forth above, the hourly rates charged by the Applicant as set forth in the exhibits to this Application range from $625.00 to $900.00 per hour for attorneys and $295.00 to $325.00 per hour for paraprofessionals, throughout the Application Period, which is customary for professionals and paraprofessionals in the Southern District of Florida of similar skill and experience.

G. **Other Factors**

   1. <u>Novelty and Difficulty of Questions Presented.</u>

The issues that have arisen in this case during the Application Period have demanded a high level of skill. During the Application Period, the Applicant worked, at times, under time constraints to obtain the various benefit for the Debtor's Estate (as detailed in the attached statement of services).

   2. <u>Preclusion from Other Employment by Attorney Due to Acceptance of Case.</u>

The Applicant has devoted substantial time in the representation of the Trustee as more fully appears on the exhibits to the Application. The Applicant is aware of no other specific employment that was precluded as a result of the Applicant accepting this case, but had the

12

35935980-1

Applicant not accepted this employment, the time spent in this case would have been spent on other matters that would pay an hourly compensation on a current basis.

3.    Whether the Fee is Fixed or Contingent.

The Applicant's compensation in this matter is subject to the approval of the Court and is, therefore, contingent. The Court should consider this factor, which militates in favor of a fee award in the amount requested. The amount requested is consistent with, or lower than, the fee that the Applicant would charge its clients in other non-contingent, bankruptcy and commercial cases.

4.    Time Limitations Imposed by the Client or Other Circumstances.

The circumstances of this case occasionally imposed serious time constraints on the Applicant due to the necessity for rapid resolution of, or responses to, significant issues.

5.    "Undesirability" of Case.

This case was not undesirable.   The Applicant is privileged to have the opportunity to represent the Trustee and to appear before the Court in this case.

6.    Nature and Length of Professional Relationship with Client.

Besides the representation of the Trustee in this Chapter 7 case, the Applicant has not previously represented the Trustee in other matters.

7.    Awards in Similar Cases.

The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity.

**CONCLUSION & PRAYER FOR RELIEF**

**WHEREFORE**, the Applicant respectfully requests the Court to enter an order (a) awarding the Applicant, on an interim basis, the sum of (i) **$175,814.50** as compensation for services rendered to the Trustee during the Application Period, and (ii) **$53.74** as reimbursement for actual and necessary expenses incurred during the course of the Applicant's representation of the Trustee during the Application Period, and (b) authorizing and directing (i) the Trustee to pay

13

35935980-1

the Applicant, upon entry of an Order awarding the fees and expenses requested in this Application, fees in the amount of **$69,791.50** and expenses in the amount of **$32.54**, for a total payment of **$69,824.04** with respect to the fees and expenses incurred relating to the Non-Brown Funded Claims, and (ii) Edward Brown to pay the Applicant, upon entry of an Order awarding the fees and expenses requested in this Application, fees in the amount of **$106,023.00** and expenses in the amount of **$21.20**, for a total payment of **$106,044.20**, with respect to the fees and expenses incurred relating to the Brown Funded Claims; and (c) granting such other and further relief as the Court deems appropriate.

Dated:  July 9, 2026                        Respectfully submitted,

BERGER SINGERMAN LLP
*Special Counsel to the Trustee*
1450 Brickell Avenue, Suite 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:    */s/ Nicolette C. Vilmos*
  Jordi Guso
  Florida Bar No. 0863580
  jguso@bergersingerman.com
  Nicolette C. Vilmos
  Florida Bar No. 0469051
  nvilmos@bergersingerman.com
  Erin M. Hoskins
  Florida Bar No. 1003283
  ehoskins@bergersingerman.com

14

35935980-1

## Certification

1.      I have been designated by Berger Singerman LLP ("Applicant") as the professional with responsibility in this case for compliance with the current U.S. Department of Justice, Executive Office for United States Trustee's Guidelines for Reviewing the Application for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for professionals in the Southern District of Florida bankruptcy cases (the "Guidelines").

2.      I have read Applicant's application for compensation and reimbursement of costs (the "Application").

3.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the Guidelines.

4.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

5.      Except to the extent that fees or disbursements are prohibited or restricted by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients.

6.      In providing a reimbursable service or disbursement (other than time charged for paraprofessionals and professionals), Applicant does not make a profit on that service or disbursement (except to the extent that any such profit is included within the permitted allowable amounts set forth in the Guidelines for photocopies and facsimile transmission).

7.      In charging for a particular service or disbursement, Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for reproductions and facsimile transmission).

35935980-1

8. In seeking reimbursement for a service which Applicant justifiably purchased or contracted for from a third party, Applicant is requesting reimbursement only for the amount billed to Applicant by the third-party vendor and paid by Applicant to such vendor.

9. The Debtor's counsel, the Chapter 7 Trustee, the U.S. Trustee will receive, simultaneously with the filing of the Application with the Court, a complete electronic copy of the Application (including all relevant exhibits).  A complete copy of the Application (including all relevant exhibits) was also served by first class, U.S. Mail upon the Debtor

10. The following are the variances with the provisions of the Guidelines, the date of the specific Court approval of such departure, and the justification for the departure:  None

**I HEREBY CERTIFY** that the foregoing is true and correct.

Dated: July 9, 2026

BERGER SINGERMAN LLP
*Special Counsel to the Trustee*
1450 Brickell Avenue, Suite 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: *    /s/ Nicolette C. Vilmos*
      Jordi Guso
      Florida Bar No. 0863580
      jguso@bergersingerman.com
      Nicolette C. Vilmos
      Florida Bar No. 0469051
      nvilmos@bergersingerman.com
      Erin M. Hoskins
      Florida Bar No. 1003283
      ehoskins@bergersingerman.com

35935980-1

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 9, 2026, a true and correct copy of the foregoing was

served by (i) electronic transmission through the Court's CM/ECF system upon all parties on the

attached CM/ECF Service list; and (ii) first class, U.S. Mail to all parties listed below.


By:  <u>*/s/ Nicolette C. Vilmos*    </u>
                Nicolette C. Vilmos

Excell Auto Group, Inc.
Attn.: Kristen Zankl, President
16937 Pierre Circle
Delray Beach, FL 33446

35935980-1

**CM/ECF SERVICE LIST**

- **Eric N Assouline**   ena@assoulineberlowe.com, ah@assoulineberlowe.com
- **Paul A Avron**   pavron@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com
- **Michael R. Bakst**   efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;mbrennan@lippes.com;mbird@lippes.com;jrosaECF@lippes.com;alopezECF@lippes.com;EBakstECF@lippes.com;MBakstECF@lippes.com
- **Zachary J Bancroft**   zbancroft@bakerdonelson.com, achentnik@bakerdonelson.com,bkcts@bakerdonelson.com
- **Alan Barbee**   abarbee@brileyfin.com
- **Marc P Barmat**   mbarmat@furrcohen.com, yfernandez@furrcohen.com;staff1@furrcohen.com;barmatmr84158@notify.bestcase.com
- **Gary A Barnes**   gbarnes@bakerdonelson.com, mparris@bakerdonelson.com
- **Eyal Berger**   eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Oliver M Birman**   obirman@pbyalaw.com, eserviceftl@pbyalaw.com
- **Charles Wade Bowden**   bowdenw@gtlaw.com, charles-bowden-2484@ecf.pacerpro.com,Tina.Chalkley@gtlaw.com
- **Jerrell A Breslin**   jb@jsjb.law, eservice@jsjb.law
- **Stephen C Breuer**   stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com,mia@breuer.law
- **Melissa A. Campbell**   mcampbell@bakerdonelson.com, achentnik@bakerdonelson.com;kwilliams@bakerdonelson.com;bkcts@bakerdonelson.com
- **Rilyn A Carnahan**   rcarnahan@lippes.com, efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1094@gmlaw.com;melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3186@gmlaw.com;rilyn_carnahan@yahoo.com;rcarnahan@lippes.com;mbird@lippes.com;rcarnahanECF@l
- **Stanley Quinn Casey**   scasey@sqcaseylaw.com
- **Marko F Cerenko**   mcerenko@klugerkaplan.com, cgarcia@klugerkaplan.com
- **Carmen Contreras-Martinez**   carmen.contreras-martinez@saul.com, aida.mclaughlin@saul.com;litigationdocketing@saul.com
- **Nicolette Corso-Vilmos**   nvilmos@bergersingerman.com, efile@bergersingerman.com;efile@ecf.courtdrive.com;fsellers@bergersingerman.com;efile@ecf.courtdrive.com
- **Alan R Crane**   acrane@furrcohen.com, yfernandez@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com;paralegal@furrcohen.com;paralegal2@furrcohen.com
- **Jonathan T Crane**   jcrane@furrcohen.com, staff1@furrcohen.com;yfernandez@furrcohen.com;ltitus@furrcohen.com;crane.jonathan t.b105357@notify.bestcase.com;shurayt@furrcohen.com;paralegal2@furrcohen.com
- **Winston I Cuenant**   winston@cuenantlaw.com, drabrams620@gmail.com;cn.ecf.mail@gmail.com;info@cuenantlaw.com;jessica.cuenant@gmail.com
- **Marcelo Diaz-Cortes**   md@lklsg.com, ame@lklsg.com
- **Mitchell A Dinkin**   mdinkin@madlegal.net, lucyd@madlegal.net
- **John D Eaton**   jeaton@shawde-eaton.com, sduquesnay@shawde-eaton.com

18

35935980-1

- **C Craig Eller**    celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Jay L Farrow**    Jay.Farrow@counselorlawfirm.com
- **G Steven Fender**    steven.fender@fender-law.com, simone@fenderbollingpaiva.com
- **Michael Foster**    michael@youngfoster.com, karin@youngfoster.com
- **Thomas Joseph Francella**    TFrancella@raineslaw.com, thomas-francella-jr-0613@ecf.pacerpro.com;sshidner@raineslaw.com
- **Charles P Gourlis**    cgourlis@letolawfirm.com, kzelaya@letolawfirm.com;LLFpleadings@ecf.courtdrive.com
- **Karen Ann Green**    ANHSOrlans@InfoEx.com
- **Robert Charles Harris**    rharris@bcrhllp.com
- **Travis A Harvey**    tharvey@butler.legal
- **Rachel Iacangelo**    rachel.e.iacangelo@usdoj.gov, southern.taxcivil@usdoj.gov
- **Dana L Kaplan**    dana@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;sarah@kelleylawoffice.com;laurie@kelleylawoffice.com
- **Amanda Klopp**    amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Philip J Landau**    plandau@landau.law, plandau@ecf.courtdrive.com;dlocascio@landau.law;dlocascio@ecf.courtdrive.com
- **Dennis J LeVine**    Theresa.Byington@brockandscott.com, wbecf@brockandscott.com
- **Thomas R. Lehman**    trl@lklsg.com, ame@lklsg.com
- **Michael D Lessne**    mlessne@lessnehoffman.law, mlessne@ecf.courtdrive.com
- **Matthew P. Leto**    mleto@letolawfirm.com, kzelaya@letolawfirm.com,LLFpleadings@ecf.courtdrive.com
- **Mark A Levy**    mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com
- **Brett D Lieberman**    brett@elrolaw.com, eservice@elrolaw.com;tisha@elbizlaw.com;virginia@elbizlaw.com;denissis@elbizlaw.com
- **James Randolph Liebler**    jrlii@lgplaw.com, mkv@lgplaw.com;de@lgplaw.com
- **Nathan G Mancuso**    ngm@mancuso-law.com
- **David B Marks**    brett.marks@akerman.com, charlene.cerda@akerman.com
- **Nicole Testa Mehdipour**    nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
- **Nicole Testa Mehdipour**    Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com
- **Lance Bergmann Melamud**    LMelamud@grsm.com, aruff@grsm.com
- **James B Miller**    bkcmiami@gmail.com
- **Ari Newman**    newmanar@gtlaw.com, perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Leslie S. Osborne**    office@rorlawfirm.com, 4275819420@filings.docketbird.com
- **John E Page**    jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com;mortman@slp.law

35935980-1

- **Eric S Pendergraft**    ependergraft@slp.law, dwoodall@slp.law;mortman@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Hampton Peterson**    legalservices@PBCTax.com
- **Lauren G Raines**    lraines@bradley.com, jbrandt@bradley.com;lauren-raines-3944@ecf.pacerpro.com
- **Jordan L Rappaport**    office@rorlawfirm.com, 1678370420@filings.docketbird.com
- **David A Ray**    dray@draypa.com, simone.draypa@gmail.com,cm_ecf_service@ntmlawfirm.com
- **Patricia A Redmond**    predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com;dhalperin@stearnsweaver.com;lcruz@stearnsweaver.com
- **Ivan J Reich**    ireich@nasonyeager.com, llavender@nasonyeager.com;raldama@nasonyeager.com;jheredia@nasonyeager.com
- **Ricardo A Reyes**    rar@tobinreyes.com, rreid@tobinreyes.com;eservice@tobinreyes.com;mhorton@tobinreyes.com
- **Jason S Rigoli**    jrigoli@furrcohen.com, yfernandez@furrcohen.com;staff1@furrcohen.com;ltitus@furrcohen.com;shurayt@furrcohen.com;paralegal@furrcohen.com;paralegal2@furrcohen.com
- **Harry J Ross**    hross@hjrlaw.com, paralegal@hjrlaw.com
- **Luis Salazar**    lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;JCeide@coleschotz.com;LLorenzo@coleschotz.com;Aleesin@coleschotz.com;DFernandez@coleschotz.com;EVazquez@coleschotz.com
- **Theodore Sandler**    tsandler@sandlerlawpa.com
- **Jeffrey J Saunders**    JJS@crarybuchanan.com, rciarsolo@crarybuchanan.com;r65589@notify.bestcase.com
- **John D. Segaul**    john@segaul.com, melissa@segaul.com;segaullawfirmpa@jubileebk.net
- **Zach B Shelomith**    zbs@shelomith.law, info@shelomith.law;alt@shelomith.law;Shelomith.ZachB.B105131@notify.bestcase.com;zshelomith@ecf.inforuptcy.com
- **Avi C. Shoham**    avi@egozilaw.com
- **Eric J Silver**    esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- **David R Softness**    david@softnesslaw.com
- **Christian Somodevilla**    Christian.Somodevilla@usdoj.gov, shannon.patterson@usdoj.gov;bridgett.moore@usdoj.gov
- **James B Sowka**    jsowka@seyfarth.com, ctholen@seyfarth.com;bankruptcydocket@seyfarth.com;3913483420@filings.docketbird.com
- **Peter D. Spindel**    peterspindel@gmail.com, peterspindelcmecf@gmail.com
- **Mark E Steiner**    MES@lgplaw.com, pm@lgplaw.com
- **Gavin N Stewart**    bk@stewartlegalgroup.com
- **Steven D Weber**    steve@weberlawpa.com, service@weberlawpa.com
- **Paul E Wilson**    pwilson@paulwilsonesq.com
- **Thomas G Zeichman**    Tom@Zeichmanlaw.com, g67999@notify.cincompass.com;zeichman.thomasb@notify.bestcase.com

20

**EXHIBIT 1 - FIRST APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF BERGER SINGERMAN LLP**
**February 25, 2024 through March 31, 2026**

**(Non-Brown Funded Claims)**

**Professional and Paraprofessional Time**

**Excell Auto Group, Inc.**
**Case No. 22-12790-EPK**

| Partners, Associates | Year Licensed | Total Hours | Rate | Total Fees |
|---|---|---|---|---|
| Jordi Guso | 1990 | 2.50 | $ 825.00 | $ 2,062.50 |
| Nicolette C. Vilmos | 2001 | 60.80 | $ 750.00 | $ 45,600.00 |
| Erin M. Hoskins | 2017 | 25.90 | $ 625.00 | $ 16,187.50 |
| **Paraprofessionals** | | | | |
| Kerry L. Burns | | 18.10 | $ 325.00 | $ 5,882.50 |
| Charles M. Gantz | | 0.20 | $ 295.00 | $ 59.00 |
| **TOTAL** | | **107.50** | | **$ 69,791.50** |

**EXHIBIT 2 - FIRST APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF BERGER SINGERMAN LLP**
**February 25, 2024 through March 31, 2026**

**(Brown Funded Claims)**

**Professional and Paraprofessional Time**

**Excell Auto Group, Inc.**
**Case No. 22-12790-EPK**

| Partners, Associates | Year Licensed | Total Hours | Rate | | Total Fees | |
|---|---|---|---|---|---|---|
| Jordi Guso | 1990 | 2.30 | $ | 825.00 | $ | 1,897.50 |
| Nicolette C. Vilmos | 2001 | 98.10 | $ | 750.00 | $ | 73,575.00 |
| Nicolette C. Vilmos | 2001 | 17.30 | $ | 825.00 | $ | 14,272.50 |
| Nicolette C. Vilmos | 2001 | 0.30 | $ | 900.00 | $ | 270.00 |
| Erin M. Hoskins | 2017 | 4.70 | $ | 625.00 | $ | 2,937.50 |
| Erin M. Hoskins | 2017 | 16.10 | $ | 675.00 | $ | 10,867.50 |
| Erin M. Hoskins | 2017 | 0.30 | $ | 735.00 | $ | 220.50 |
| **Paraprofessionals** | | | | | | |
| Kerry L. Burns | | 6.10 | $ | 325.00 | $ | 1,982.50 |
| **TOTAL** | | **145.20** | | | $ | **106,023.00** |

| | **EXHIBIT 3 - FIRST APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF BERGER SINGERMAN LLP**<br>**February 25, 2024 through March 31, 2026**<br><br>**(NON-BROWN FUNDED CLAIMS)**<br><br>**Excell Auto Group, Inc.**<br>**Case No. 22-12790-EPK**<br><br>**EXPENSE SUMMARY** | | |
|---|---|---|---|
| 1 | **Filing Fees** | | $0.00 |
| 2 | **Mediation Fees** | | $0.00 |
| 3 | **Process Service Fees** | | $0.00 |
| 4 | **Service Fees** | | $0.00 |
| 5 | **Deposition Services** | | $0.00 |
| 6 | **Court Reporter Fees and Transcripts** | | $0.00 |
| | a) Attendance Fees | | |
| | b) Transcripts | | |
| 7 | **Lien and Title Searches** | | $0.00 |
| 8 | **Photocopies** | | $4.95 |
| | a) In-house Copies @ $.15 each | | |
| 9 | **Postage** | | $9.49 |
| 10 | **Overnight Delivery Charges** | | $0.00 |
| 11 | **Outside Professional Services** | | $0.00 |
| 12 | **Outside Courier/Messenger Service** | | $0.00 |
| | a) Courier | | |
| 13 | **Fax Transmissions ($1/page)** | | $0.00 |
| 14 | **Computerized Research** | | $18.10 |
| | a) Pacer | $18.10 | |
| | b) Lexis | | |
| | c) Westlaw | | |
| 15 | **Travel Expenses** | | $0.00 |
| 16 | **Telephone Charges** | | $0.00 |
| | a) Regular Long Distance Telephone Calls | | |
| 17 | **Other Permissible Expenses** | | |
| | **TOTAL EXPENSE REIMBURSEMENT** | | **$32.54** |

| | EXHIBIT 4 - FIRST APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF BERGER SINGERMAN LLP February 25, 2024 through March 31, 2026 (BROWN FUNDED CLAIMS) Excell Auto Group, Inc. Case No.  22-12790-EPK EXPENSE SUMMARY | | |
|---|---|---|---|
| 1 | **Filing Fees** | | $0.00 |
| 2 | **Mediation Fees** | | $0.00 |
| 3 | **Process Service Fees** | | $0.00 |
| 4 | **Service Fees** | | $0.00 |
| 5 | **Deposition Services** | | $0.00 |
| 6 | **Court Reporter Fees and Transcripts** | | $0.00 |
| | a)  Attendance Fees | | |
| | b)  Transcripts | | |
| 7 | **Lien and Title Searches** | | $0.00 |
| 8 | **Photocopies** | | $21.00 |
| | a)  In-house Copies @ $.15 each | | |
| 9 | **Postage** | | $0.00 |
| 10 | **Overnight Delivery Charges** | | $0.00 |
| 11 | **Outside Professional Services** | | $0.00 |
| 12 | **Outside Courier/Messenger Service** | | $0.00 |
| | a)  Courier | | |
| 13 | **Fax Transmissions ($1/page)** | | $0.00 |
| 14 | **Computerized Research** | | $0.20 |
| | a)  Pacer | $0.20 | |
| | b)  Lexis | | |
| | c)  Westlaw | | |
| 15 | **Travel Expenses** | | $0.00 |
| 16 | **Telephone Charges** | | $0.00 |
| | a)  Regular Long Distance Telephone Calls | | |
| 17 | **Other Permissible Expenses** | | |
| | **TOTAL EXPENSE REIMBURSEMENT** | | **$21.20** |

# EXHIBIT 5

MEHDIPOUR,  NICOLE

PAGE: 3
MATTER ID: 33906-0001

## ≡ BERGER SINGERMAN

201 E. LAS OLAS BLVD. SUITE 1500
FORT LAUDERDALE, FLORIDA 33301
T: (954) 525-9900   F: (954) 523-2872
WWW.BERGERSINGERMAN.COM
EIN# 45-3121429

NICOLE MEHDIPOUR, CHAPTER 7 TRUSTEE
FOR THE ESTATE OF EXCELL AUTO GROUP INC.          INVOICE DATE: May 6, 2026
C/O LAW OFFICE OF NICOLE TESTA                     INVOICE NO. 307515
MEHDIPOUR, P.A.
6728 N. FEDERAL HIGHWAY, SUITE 408
FT. LAUDERDALE, FL  33308

SPECIAL COUNSEL TO NICOLE TESTA MEHDIPOUR, CH. 7          MATTER ID: 33906-0001
TRUSTEE FOR THE BANKRUPTCY ESTATE OF EXCELL
AUTO GROUP, INC.

**PROFESSIONAL LEGAL SERVICES RENDERED THROUGH: March 31, 2026**

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 03/12/24 | JG | CALL WITH TRUSTEE'S COUNSEL RE: POTENTIAL CLAIMS AGAINST THIRD PARTIES. | 0.50 |
| 03/13/24 | NCV | CONFERENCE REGARDING VARIOUS CLAIMS (.5); STRATEGY REGARDING VARIOUS CLAIMS (.5). | 1.00 |
| 03/18/24 | JG | REVIEW OF TRANSCRIPT OF RULING DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT AGAINST MCAS. | 0.60 |
| 04/01/24 | NCV | FINALIZE APPLICATION FOR APPROVAL OF BERGER SINGERMAN'S EMPLOYMENT | 0.20 |
| 04/18/24 | JG | CONFERENCE WITH A. CRANE AND DISCOVERY TEAM RE BANK PRODUCTION. | 0.50 |
| 04/18/24 | NCV | ONBOARDING CALL (.3); RELATED STRATEGY (.2) | 0.50 |
| 04/19/24 | KLB | DOWNLOAD DOCUMENTS RECEIVED FROM J. RIGOLI AND ORGANIZE SAME | 0.50 |
| 04/22/24 | NCV | STRATEGY DISCUSSIONS REGARDING ESTATE CLAIMS | 0.30 |
| 04/22/24 | NCV | LITIGATION STRATEGY REGARDING DISCOVERY FROM BANKS | 0.50 |
| 04/23/24 | KLB | REVIEW EMAIL FROM N. VILMOS REGARDING SUBPOENAS AND REVIEW PRIOR ISSUED SUBPOENAS UPON FINANCIAL INSTITUTIONS | 0.20 |

MEHDIPOUR, NICOLE

PAGE: 4
MATTER ID: 33906-0001

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 04/23/24 | KLB | REVIEW EMAIL FROM N. VILMOS AND PREPARE INITIAL DRAFTS OF NINE SUBPOENAS TO BE SERVED UPON FINANCIAL INSTITUTIONS (2.1); CONDUCT RESEARCH TO LOCATE REGISTERED AGENT INFORMATION FOR SERVICE OF SUBPOENAS (.6) | 2.70 |
| 05/06/24 | JG | REVIEW AND REVISE SUBPOENAS TO BANKS; MEMO FROM AND TO N. VILMOS RE SAME. | 0.60 |
| 05/07/24 | JG | FINALIZE THIRD PARTY SUBPOENAS TO BANKS. | 0.30 |
| 05/31/24 | NCV | RESPOND TO CORRESPONDENCE REGARDING SUBPOENAS | 0.20 |
| 06/06/24 | KLB | PREPARE CHART OF SUBPOENAS SENT TO FINANCIAL INSTITUTIONS AND EMAILS TO M. VILMOS | 0.90 |
| 06/07/24 | CMG | OBTAIN RECORDS RELATED TO FIRST HORIZON DOCUMENT PRODUCTION AND PLACE ONTO FIRM NETWORK AS REQUESTED BY CASE TEAM | 0.20 |
| 06/11/24 | KLB | EMAILS FROM N. VILMOS REGARDING RESEARCH REGARDING ADVERSARY PROCEEDING FILED AGAINST LAMBORGHINI OF THE PALM BEACHES AND REVIEW DOCKET (.2); GATHER INFORMATION REGARDING ADVERSARY PROCEEDINGS FILED BY TRUSTEE AND EMAILS TO AND FROM N. VILMOS (.2) | 0.40 |
| 06/24/24 | KLB | EMAILS FROM AND TO N. VILMOS REGARDING PRODUCTION OF DOCUMENTS, ORGANIZATION OF SAME, ETC. FROM FINANCIAL INSTITUTIONS | 0.20 |
| 06/25/24 | KLB | EMAILS TO A. CRANE REGARDING PRODUCTION OF DOCUMENTS AND PREPARE SHAREFILE LINK TO DOCUMENTS PRODUCED BY FIRST HORIZON AND JPMORGAN CHASE AND FORWARD SAME TO A. CRANE (.3); REVIEW DOCUMENTS PRODUCED, PREPARE SUMMARY OF SAME, AND EMAILS TO N. VILMOS (1.4) | 1.70 |
| 07/22/24 | KLB | REVIEW EMAIL FROM N. VILMOS AND R. CARNAHAN REGARDING DOCUMENTS PRODUCED BY JPMORGAN CHASE AND PREPARE LINK TO DOCUMENTS PRODUCED (.2); EMAILS TO AND FROM R. CARNAHAN (.1) | 0.30 |
| 07/22/24 | NCV | CONTINUED REVIEW AND ANALYSIS OF INFORMATION REGARDING BANK RELATED CLAIMS | 1.50 |
| 07/23/24 | KLB | EMAILS FROM N. VILMOS REGARDING PRODUCTION FROM TD BANK AND TRUIST BANK (.1).; EMAILLS TO COUNSEL FOR TD AND EMAILS TO REPRESENTATIVES OF TRUIST REGARDING STATUS OF PRODUCTION OF DOCUMENTS (.2) | 0.30 |

MEHDIPOUR,  NICOLE                                                       PAGE: 5
                                                                MATTER ID: 33906-0001

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 07/23/24 | KLB | REVIEW EMAIL FROM TRUIST REGARDING STATUS OF DOCUMENT PRODUCTION, AND UPDATE SUBPOENA TRACKER REGARDING SAME; EMAILS TO AND FROM N. VILMOS | 0.30 |
| 07/23/24 | NCV | STRATEGY REGARDING CLAIM INVESTIGATIONS (.4); CONFERENCE REGARDING CLAIM INVESTIGATIONS (.4) | 0.80 |
| 07/31/24 | NCV | PHONE CONFERENCE WITH TD BANK REGARDING SUBPOENA AND CONFIDENTIALITY AGREEMENT | 0.40 |
| 07/31/24 | NCV | CONFERENCE WITH BANK REGARDING SUBPOENA AND PRODUCTION (.8); RELATED STRATEGY (.5) | 1.30 |
| 09/12/24 | NCV | CONTINUE ANALYSIS OF DATA PRODUCED, TRANSCRIPTS, EVIDENCE, PLEADINGS, ANCILLARY LAWSUITS TO DETERMINE POSSIBLE CLAIMS (2.0); CONTINUED PREPARATION OF DRAFT COMPLAINT (1.4) | 3.40 |
| 09/17/24 | NCV | CONTINUE ANALYSIS OF DATA PRODUCED, TRANSCRIPTS, EVIDENCE, PLEADINGS, ANCILLARY LAWSUITS TO DETERMINE POSSIBLE CLAIMS (1.8); CONTINUED PREPARATION OF DRAFT COMPLAINT (1.3) | 3.10 |
| 09/18/24 | KLB | REVIEW AND RESPOND TO EMAILS FROM N. VILMOS REGARDING SUBPOENAS AND DOCUMENTS PRODUCED (.2); EMAILS TO COUNSEL FOR TRUIST REGARDING PRODUCTION (.1) | 0.30 |
| 09/18/24 | KLB | EMAILS TO D. VELASQUEZ OF TRUIST REGARDING PRODUCTION OF DOCUMENTS AND RESPONSE TO SUBPOENA AND EMAILS TO N. VILMOS REGARDING SAME | 0.30 |
| 09/19/24 | KLB | CONDUCT RESEARCH AND GATHER INFORMATION FOR LEGAL DEPARTMENTS OF LEVEL ONE BANK, BANK UNITED, BANK OF AMERICA, UNITED COMMUNITY BANK AND MERRILL LYNCH (.6); TELEPHONE CALLS TO EACH LEGAL DEPARTMENT REGARDING STATUS OF DOCUMENT PRODUCTION FOR SUBPOENAS ISSUED AND SERVED IN MAY 2024 (.8); EMAILS TO AND FROM N. VILMOS AND UPDATE SUBPOENA TRACKER (.5) | 1.90 |
| 09/20/24 | KLB | TELEPHONE CONFERENCE WITH LEGAL DEPARTMENT OF BANK OF AMERICA REGARDING DOCUMENT PRODUCTION, ETC.; REVIEW LETTER FROM BANK OF AMERICA REGARDING DOCUMENT PRODUCTION AND EMAILS TO N. VILMOS | 0.20 |
| 09/20/24 | KLB | EMAILS REGARDING DOCUMENTS FOR REVIEW IN NEBULA DATABASE AND DISCUSSIONS WITH E. | 0.20 |

MEHDIPOUR,  NICOLE

PAGE: 6

MATTER ID: 33906-0001

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| | | HOSKINS | |
| 09/20/24 | KLB | TELEPHONE CALLS TO VARIOUS FINANCIAL INSTITUTIONS REGARDING SUBPOENAS AND EMAILS REGARDING SAME (.4); DISCUSSIONS WITH E. HOSKINS REGARDING REVIEW OF DOCUMENTS AND STATUS OF SUBPOENAS ISSUED AND SERVED ON MAY 7, 2024 (.2); UPDATE SUBPOENA TRACKER CHART AND CIRCULATE TO TEAM (.4); CONDUCT RESEARCH AND GATHER FORMS OF MOTION TO EXTEND TIME TO FILE AVOIDANCE ACTIONS AND EMAILS TO E. HOSKINS (.2) | 1.20 |
| 09/20/24 | EMH | DISCUSSION WITH N. VILMOS ABOUT THE STATUS OF THE CASE AND NEXT STEPS (.3); DISCUSSION WITH K. BURNS ABOUT THE STATUS OF THE SUBPOENA RESPONSES (.4). | 0.70 |
| 09/20/24 | NCV | CONTINUE ANALYSIS OF DATA PRODUCED, TRANSCRIPTS, EVIDENCE, PLEADINGS, ANCILLARY LAWSUITS TO DETERMINE POSSIBLE CLAIMS (2.4); CONTINUED PREPARATION OF DRAFT COMPLAINT (1.7) | 4.10 |
| 09/23/24 | KLB | TELEPHONE CONFERENCE WITH BANKUNITED REPRESENTATIVE REGARDING STATUS OF PRODUCTION AND UPDATE SUBPOENA TRACKER (.2); DISCUSSIONS WITH ATTORNEY Z. ROSENBERG OF BANKUNITED REGARDING SUBPOENA, PRODUCTION, ETC.; REVIEW FOLLOW UP EMAILS REGARDING NEW SUBPOENA AND SEARCH TERMS, ETC. NEEDED (.4) | 0.60 |
| 09/24/24 | KLB | PREPARE SUBPOENA TO BANK UNITED AND TELEPHONE CALL TO Z. ROSENBERG AT BANK UNITED (.4); PREPARE NOTICE OF RULE 2004 EXAMINATION OF BANK UNITED AND EMAILS TO N. VILMOS AND E. HOSKINS REGARDING SAME (.4) | 0.80 |
| 09/24/24 | KLB | REVIEW EMAIL FROM AND TELEPHONE CALL TO REPRESENTATIVE OF UNITED COMMUNITY BANK REGARDING SUBPOENA AND PREPARE NEW SUBPOENA TO SAME (.4); PREPARE NOTICE OF RULE 2004 EXAMINATION AND EMAILS TO N. VILMOS AND E. HOSKINS (.3) | 0.70 |
| 09/24/24 | KLB | FINALIZE, FORMAT AND E-FILE NOTICE OF TAKING 2004 EXAMINATION OF UNITED COMMUNITY BANK AND FINALIZE, FORMAT AND E-FILE NOTICE OF TAKING 2004 EXAMINATION OF BANKUNITED, N.A. (.4); EMAILS TO AND FROM LEGAL DEPARTMENT OF UNITED COMMUNITY BANK AND EMAILS TO Z. ROSENBERG OF BANKUNITED, N.A. (.1) | 0.50 |
| 09/24/24 | EMH | REVIEW NEW SUBPOENAS FOR BANKUNITED AND | 0.40 |

MEHDIPOUR, NICOLE

PAGE: 7
MATTER ID: 33906-0001

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| | | UNITED COMMUNITY BANK (.2); MEMOS WITH K. BURNS ABOUT THE NEW SUBPOENAS (.2). | |
| 09/25/24 | NCV | ATTEND HEARING | 0.20 |
| 09/25/24 | NCV | CONTINUE ANALYSIS OF DATA PRODUCED, TRANSCRIPTS, EVIDENCE, PLEADINGS, ANCILLARY LAWSUITS TO DETERMINE POSSIBLE CLAIMS (1.7); CONTINUED PREPARATION OF DRAFT COMPLAINT (1.2) | 2.90 |
| 09/26/24 | KLB | MULTIPLE TELEPHONE CONFERENCES WITH JPMORGAN CHASE REPRESENTATIVES REGARDING DOCUMENT PRODUCTION AND REVIEW CORRESPONDENCE FROM JPMORGAN CHASE REGARDING SAME (.4); DISCUSSIONS WITH N. VILMOS REGARDING PRODUCTION OF DOCUMENTS FROM JPMORGAN CHASE (.1) | 0.50 |
| 09/26/24 | EMH | DISCUSSION WITH N. VILMOS ABOUT THE BANK ISSUES AND HOW TO PROCEED WITH THE REVIEW (.4); DISCUSSION WITH A. CRANE AND J. RIGOLI ABOUT THE POSSIBLE LITIGATION (.8); DISCUSSION WITH N. VILMOS ABOUT THE MEMO ON THE BANK LITIGATION (.2); BEGIN REVIEWING THE TRUSTEE'S DOCUMENTS (.9); DISCUSSION WITH J. GUSO AND N. VILMOS ABOUT THE BANK LITIGATION (.3). | 2.60 |
| 09/26/24 | NCV | CONTINUED REVIEW OF DOCUMENTS IN ORDER TO ANALYZE POSSIBLE CLAIMS | 1.50 |
| 09/27/24 | KLB | TELEPHONE CALLS TO JPMORGAN CHASE LEGAL DEPARTMENT AND TO MERRILL LYNCH LEGAL DEPARTMENT REGARDING SUBPOENAS AND EMAILS TO MERRILL LYNCH LEGAL PROCESSING DEPARTMENT REGARDING SUBPOENA | 0.70 |
| 09/27/24 | KLB | EMAILS FROM N. VILMOS AND A. CRANE REGARDING SERVICE UPON BANKS OF MOTION TO EXTEND TIME TO FILE AVOIDANCE ACTIONS (.1); GATHER SERVICE ADDRESSES, LEGAL DEPARTMENT AND COUNSEL CONTACT INFORMATION FOR VARIOUS FINANCIAL INSTITUTIONS AND EMAILS TO A. CRANE (.2) | 0.30 |
| 09/27/24 | EMH | CONTINUE REVIEWING TRUSTEE'S DOCUMENTS (1.4). | 1.40 |
| 09/30/24 | KLB | TELEPHONE CONFERENCE WITH JPMORGAN CHASE REPRESENTATIVE REGARDING PRODUCTION OF DOCUMENTS AND EMAILS TO AND FROM N. VILMOS (.2); TELEPHONE CALL TO TRUIST LEGAL DEPARTMENT AND REVIEW EMAIL RESPONSE FROM SAME REGARDING PRODUCTION OF DOCUMENTS (.2); UPDATE SUBPOENA TRACKER (.4) | 0.80 |
| 10/01/24 | KLB | EMAILS FROM BANK UNITED AND EMAILS TO N. | 0.20 |

MEHDIPOUR, NICOLE                                                              PAGE: 8
                                                                  MATTER ID: 33906-0001


**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| | | VILMOS AND E. HOSKINS REGARDING REQUEST FOR KEYWORDS AND EMAIL ADDRESSES TO ASSIST IN SEARCH | |
| 10/01/24 | KLB | REVIEW EMAIL FROM TRUIST AND CONDUCT RESEARCH REGARDING ADDITIONAL INFORMATION FOR M. FARASCH (.2); EMAILS TO TRUIST REPRESENTATIVE (.1) | 0.30 |
| 10/01/24 | KLB | DOWNLOAD AND ORGANIZE DOCUMENTS PRODUCED BY JPMORGAN CHASE AND EMAILS TO N. VILMOS (.3); DOWNLOAD AND ORGANIZE DOCUMENTS PRODUCED BY TRUIST AND EMAILS TO N. VILMOS AND E.HOSLINS (.2) | 0.50 |
| 10/01/24 | KLB | EMAILS TO MERRILL LYNCH REGARDING STATUS OF PRODUCTION AND UPDATE SUBPOENA TRACKER | 0.10 |
| 10/01/24 | EMH | DISCUSSION WITH A. CRANE ABOUT THE BANK LITIGATION (.3); CONTINUE DOCUMENT REVIEW (1.2); MEMOS WITH K. BURNS AND N. VILMOS ABOUT EMAIL ADDRESSES AND SEARCH TERMS FOR THE BANK SUBPOENAS (.2). | 1.70 |
| 10/01/24 | NCV | CONTINUED ANALYSIS REGARDING CLAIMS (1.6); CONFERENCES REGARDING CLAIMS (1.0) | 2.60 |
| 10/02/24 | KLB | EMAILS TO BANKUNITED LEGAL PROCESSING DEPARTMENT REGARDING KEYWORDS AND EMAIL ADDRESSES NEEDED FOR SEARCHES | 0.10 |
| 10/02/24 | KLB | REVIEW MESSAGE FROM COUNSEL TO MERRILL LYNCH REGARDING SUBPOENA AND DISCUSSIONS WITH E. HOSKINS REGARDING STATUS (.2); EMAILS TO AND FROM COUNSEL FOR MERRILL LYNCH REGARDING KEYWORDS AND EMAIL ADDRESSES (.1) | 0.30 |
| 10/02/24 | EMH | EMAILS AND DISCUSSION WITH K. BURNS ABOUT THE MERRILL LYNCH RESPONSE TO THE SUBPOENA (.2); DISCUSSION WITH N. VILMOS ABOUT THE WITHDRAWAL OF THE MOTION TO EXTEND TIME (.1). | 0.30 |
| 10/03/24 | EMH | CONTINUE REVIEWING DOCUMENTS (3.2); EMAILS WITH N. VILMOS ABOUT THE MERRILL LYNCH EMPLOYEES (.1). | 3.30 |
| 10/04/24 | KLB | EMAILS TO COUNSEL FOR MERRILL LYNCH WITH NAMES OF CUSTODIANS TO ASSIST IN SEARCH OF RECORDS | 0.10 |
| 10/04/24 | EMH | MEMOS WITH A. CRANE ABOUT THE CUSTODIANS AT MERRILL LYNCH (.1); MEMOS WITH K. BURNS ABOUT THE MERRILL LYNCH CUSTODIANS (.1); DISCUSSION WITH N. VILMOS AND J. GUSO ABOUT THE POSSIBLE BANK LITIGATION (.3); DISCUSSION WITH N. VILMOS | 3.00 |

MEHDIPOUR, NICOLE

PAGE: 9
MATTER ID: 33906-0001

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| | | ABOUT DOCUMENT REVIEW (.4); REVIEW THE DEPOSITION TESTIMONY OF M. MILLER (.7); CONTINUE REVIEWING DOCUMENTS (1.3); EMAILS WITH A. CRANE ABOUT ADDITIONAL DEPOSITION TRANSCRIPTS (.1). | |
| 10/04/24 | NCV | FURTHER REVIEW AND ANALYSIS OF DOCUMENTS (3.0); LEGAL JURISPRUDENCE AND RELATED STRATEGY (2.4); PREPARE MEMORANDUM REGARDING SAME (1.8) | 7.20 |
| 10/04/24 | NCV | CONTINUED ANALYSIS OF CLAIMS (1.2); REVIEW AND ANALYZE DOCUMENTS AND CASE LAW AND REVIEW DEPOSITION TRANSCRIPT (1.9) | 3.10 |
| 10/05/24 | EMH | RESEARCH LEGAL DECISIONS ADDRESSING THE ELEMENTS REQUIRED FOR HOLDING A BANK LIABLE FOR A PONZI SCHEME OR CHECK KITING (3.2); EMAILS WITH A. CRANE ABOUT THE M. HALPERIN DEPOSITION (.1). | 3.30 |
| 10/05/24 | NCV | FURTHER REVIEW AND ANALYSIS OF DOCUMENTS (2.3); LEGAL JURISPRUDENCE AND RELATED STRATEGY (1.9); PREPARE MEMORANDUM REGARDING SAME (1.4) | 5.60 |
| 10/06/24 | EMH | CONTINUE REVIEWING DOCUMENTS RELATED TO THE BANK TRANSACTIONS (2.7); REVIEW THE DEPOSITION TRANSCRIPT OF M. HALPERIN (.8). | 3.50 |
| 10/06/24 | NCV | CONTINUED ANALYSIS OF CLAIMS (1.9); REVIEW AND ANALYZE DOCUMENTS AND CASE LAW AND REVIEW DEPOSITION TRANSCRIPTS (3.0) | 4.90 |
| 10/07/24 | EMH | CONTINUE REVIEWING DOCUMENTS FROM THE BANKS (4.2); EMAILS WITH N. VILMOS ABOUT THE BANK ISSUES (.1); EMAILS WITH A. CRANE ABOUT THE BANK ISSUES (.1):; MEETING WITH N. VILMOS ABOUT THE POSSIBLE BANK LITIGATION (.4); MEETING WITH A. CRANE ABOUT THE POSSIBLE BANK LITIGATION (.3): REVIEW AND REVISE THE MEMO ABOUT THE BANK LITIGATION (.1); EMAILS WITH N. VILMOS ABOUT THE MEMO (.1); EMAILS WITH K. BURNS ABOUT THE BANK SUBPOENAS (.1). | 5.40 |
| 10/07/24 | NCV | FURTHER REVIEW AND ANALYSIS OF DOCUMENTS PRODUCED (2.5); LEGAL JURISPRUDENCE AND RELATED STRATEGY (2.1); PREPARE MEMORANDUM REGARDING SAME (1.5) | 6.10 |
| 10/07/24 | NCV | CONTINUED ANALYSIS OF CLAIMS (1.5); REVIEW AND ANALYZE DOCUMENTS AND CASE LAW AND REVIEW DEPOSITIONS TRANSCRIPTS (2.2); PREPARE MEMORANDUM REGARDING SAME (1.5) | 5.20 |

MEHDIPOUR, NICOLE

PAGE: 10
MATTER ID: 33906-0001

### F E E S

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 10/08/24 | EMH | REVIEW BANKS' REPORTING REQUIREMENTS (.1); MEMOS WITH J. GUSO ABOUT THE REPORTING REQUIREMENTS AND CIVIL LIABILITY (.1); DISCUSSION WITH N. VILMOS ABOUT THE MEMO (.1). | 0.30 |
| 10/08/24 | NCV | CONTINUED ANALYSIS OF CLAIMS (1.2); REVIEW AND ANALYZE DOCUMENTS AND CASE LAW AND REVIEW DEPOSITION TRANSCRIPTS (1.8); FINALIZE MEMORANDUM REGARDING SAME (1.2) | 4.20 |

**Total Hours:** **107.50**

**Total Fees:** **69,791.50**

### F E E   S U M M A R Y

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Kerry L. Burns | 18.10 | 325.00 | 5,882.50 |
| Charles M. Gantz | 0.20 | 295.00 | 59.00 |
| Jordi Guso | 2.50 | 825.00 | 2,062.50 |
| Erin M. Hoskins | 25.90 | 625.00 | 16,187.50 |
| Nicolette C. Vilmos | 60.80 | 750.00 | 45,600.00 |
| **Total** | **107.50** | | **$69,791.50** |

### E X P E N S E S

| Date | Description | Amount |
|---|---|---|
| | PACER CHARGE | 18.10 |
| | POSTAGE | 9.49 |
| | REPRODUCTION | 4.95 |
| | **Total Expenses** | **$32.54** |

**CURRENT BALANCE DUE**               **$69,824.04**

# EXHIBIT 6

MEHDIPOUR,  NICOLE                                                                      PAGE: 3
                                                                                        MATTER ID: 33906-0002

### BERGER SINGERMAN

201 E. LAS OLAS BLVD. SUITE 1500
FORT LAUDERDALE, FLORIDA 33301
T: (954) 525-9900   F: (954) 523-2872
WWW.BERGERSINGERMAN.COM
EIN# 45-3121429

NICOLE MEHDIPOUR, CHAPTER 7 TRUSTEE
FOR THE ESTATE OF EXCELL AUTO GROUP INC.          INVOICE DATE: May 6, 2026
C/O LAW OFFICE OF NICOLE TESTA                    INVOICE NO. 307516
MEHDIPOUR, P.A.
6278 N FEDERAL HWY,  STE 408
FT LAURDERDALE, FL  33308

INVESTIGATION AND PURSUIT OF CLAIMS AND CAUSES          MATTER ID: 33906-0002
OF ACTION AGAINST VARIOUS THIRD PARTIES (THE
"BROWN FUNDED CLAIMS")

---

**PROFESSIONAL LEGAL SERVICES RENDERED THROUGH: March 31, 2026**

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 03/13/24 | KLB | EMAILS FROM N. VILMOS AND J. GUSO REGARDING RETENTION AS SPECIAL COUNSEL AND REVIEW EMAILS FROM J. RIGOLI REGARDING SAME (.2); INITIAL PREPARATION OF APPLICATION FOR APPROVAL OF EMPLOYMENT OF BERGER SINGERMAN (.8); REVIEW CONFLICT CHECK RESULTS AND DRAFT DECLARATION OF J. GUSO IN SUPPORT OF BERGER SINGERMAN'S RETENTION (.8) | 1.80 |
| 03/13/24 | KLB | INITIAL PREPARATION OF PROPOSED ORDER APPROVING EMPLOYMENT OF BERGER SINGERMAN AS SPECIAL COUNSEL TO THE TRUSTEE AND EMAILS TO J. GUSO | 0.60 |
| 03/18/24 | JG | REVIEW OF DRAFT RETENTION APPLICATION AND SUPPORTING DECLARATION; MEMO TO TRUSTEE TEAM RE SAME. | 0.30 |
| 03/20/24 | KLB | REVIEW EMAILS REGARDING SUPPLEMENTAL CONFLICT CHECK AND REVISE DECLARATION OF J. GUSO IN SUPPORT OF APPLICATION TO EMPLOY BERGER SINGERMAN AS SPECIAL COUNSEL TO THE TRUSTEE | 0.30 |
| 03/25/24 | KLB | EMAILS REGARDING FILING OF APPLICATION TO EMPLOY BERGER SINGERMAN; EMAILS REGARDING DECLARATION OF J. GUSO | 0.20 |

MEHDIPOUR, NICOLE

PAGE: 4
MATTER ID: 33906-0002

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 03/25/24 | KLB | REVIEW EMAILS REGARDING EMPLOYMENT OF BERGER SINGERMAN AND REVISE PROPOSED ORDER APPROVING EMPLOYMENT | 0.20 |
| 04/01/24 | KLB | REVISE APPLICATION FOR APPROVAL OF BERGER SINGERMAN'S EMPLOYMENT AND EMAILS TO TEAM (.2); REVISE AND FINALIZE PROPOSED ORDER APPROVING EMPLOYMENT AND REVISE AND FINALIZE DECLARATION OF J. GUSO IN SUPPORT OF BERGER SINGERMAN'S RETENTION; EMAILS TO TRUSTEE AND COUNSEL (.3) | 0.50 |
| 04/10/24 | KLB | EMAILS REGARDING UPCOMING EXPEDITED HEARING ON APPLICATION TO EMPLOY BERGER SINGERMAN AS SPECIAL COUNSEL TO THE TRUSTEE AND REVIEW DOCKET; ARRANGE FOR ATTENDANCE AT HEARING FOR N. VILMOS | 0.20 |
| 04/16/24 | KLB | GATHER PLEADINGS FOR APRIL 17, 2024, HEARING AND PREPARE E-BINDER FOR SAME | 0.50 |
| 04/16/24 | KLB | EMAILS FROM AND TO N. MEHDIPOUR REGARDING SERVICE OF NOTICE OF HEARING AND EMAILS TO SAME | 0.10 |
| 04/17/24 | NCV | ATTEND HEARING | 0.30 |
| 04/17/24 | NCV | STRATEGY REGARDING CLAIMS AND LITIGATION | 0.90 |
| 04/18/24 | NCV | CORRESPONDENCE TO COUNSEL TO SET UP CALL REGARDING CLAIMS | 0.10 |
| 04/18/24 | NCV | DISCUSSION REGARDING POSSIBLE CAUSES OF ACTION | 0.30 |
| 04/19/24 | KLB | REVIEW EMAILS FROM N. VILMOS AND DOWNLOAD COMPLAINT AND EXHIBITS FROM BROWARD COUNTY STATE COURT CASE (.30); EMAILS TO N. VILMOS AND J. GUSO WITH SAME (.1) | 0.40 |
| 04/22/24 | JG | CONFERENCE WITH E. BERGER AND A. CRANE RE PROSECUTION OF BROWN FUNDED CLAIMS; JOINT INTEREST AGREEMENT. | 0.50 |
| 04/22/24 | KLB | ATTEND CALL WITH J. GUSO, N. VILMOS, E. BERGER AND A. CRANE TO DISCUSS DISCOVERY, COMMENCEMENT OF AVOIDANCE ACTIONS, ETC. | 0.80 |
| 04/22/24 | NCV | STRATEGY REGARDING VARIOUS CLAIMS | 0.90 |
| 04/22/24 | NCV | STRATEGY CALL REGARDING LITIGATION | 0.50 |
| 05/13/24 | NCV | CORRESPONDENCE WITH MR. LEVINE (.2); CONFERENCE WITH MR. LEVINE (.4) | 0.60 |
| 06/05/24 | NCV | ATTEND DEPOSITION OF SCOTT ZANKL AS PART OF | 6.00 |

MEHDIPOUR, NICOLE                                                    PAGE: 5
                                                    MATTER ID: 33906-0002


**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| | | KARMA BROWARD LAWSUIT | |
| 06/05/24 | NCV | ATTEND DEPOSITION OF SCOTT ZANKL | 7.00 |
| 06/07/24 | NCV | CONTINUED DEPOSITION OF SCOTT ZANKL | 7.00 |
| 06/10/24 | NCV | STRATEGY REGARDING CAUSES OF ACTION AND ZANKL DEPOSITION | 1.00 |
| 06/10/24 | NCV | UPDATE TRUSTEE REGARDING DEPOSITION ATTENDANCE | 0.20 |
| 06/10/24 | NCV | PHONE CONFERENCE REGARDING LITIGATION (.3); STRATEGY REGARDING LITIGATION (.3) | 0.60 |
| 06/18/24 | NCV | ATTENDING CONTINUED DEPOSITION OF SCOTT ZANKL | 7.00 |
| 06/19/24 | NCV | CONTINUED DEPOSITION OF SCOTT ZANKL | 7.00 |
| 07/10/24 | NCV | CORRESPONDENCE REGARDING THIRD PARTY INDIVIDUAL CLAIMS | 0.20 |
| 07/15/24 | NCV | CONTINUED RESEARCH AND STRATEGY REGARDING POSSIBLE FRAUDULENT TRANSFER CLAIMS (.5); REVIEWING AND ANALYZING DOCUMENTS PRODUCED, TRANSCRIPTS AND VARIOUS PLEADINGS (.8) | 1.30 |
| 07/15/24 | NCV | CONTINUED RESEARCH AND STRATEGY REGARDING POSSIBLE FRAUDULENT TRANSFER CLAIMS (.6); REVIEWING AND ANALYZING DOCUMENTS PRODUCED, TRANSCRIPTS AND VARIOUS PLEADINGS (.7); RESEARCH REGARDING BANK, CHECK KITING SCHEME AND OTHER FRAUDULENT ACTIVITIES (.6) | 1.90 |
| 07/16/24 | NCV | CONTINUED RESEARCH AND STRATEGY REGARDING POSSIBLE FRAUDULENT TRANSFER CLAIMS (.7); REVIEWING AND ANALYZING DOCUMENTS PRODUCED, TRANSCRIPTS AND VARIOUS PLEADINGS (.7); RESEARCH REGARDING BANK, CHECK KITING SCHEME AND OTHER FRAUDULENT ACTIVITIES (.6) | 2.00 |
| 07/17/24 | NCV | CONTINUED RESEARCH AND STRATEGY REGARDING POSSIBLE FRAUDULENT TRANSFER CLAIMS (.8); REVIEWING AND ANALYZING DOCUMENTS PRODUCED, TRANSCRIPTS AND VARIOUS PLEADINGS (1.2) | 2.00 |
| 07/17/24 | NCV | CONTINUED RESEARCH AND STRATEGY REGARDING POSSIBLE FRAUDULENT TRANSFER CLAIMS (1.0); REVIEWING AND ANALYZING DOCUMENTS PRODUCED, TRANSCRIPTS AND VARIOUS PLEADINGS (1.1); RESEARCH REGARDING BANK, CHECK KITING SCHEME AND OTHER FRAUDULENT ACTIVITIES (1.0) | 3.10 |

MEHDIPOUR, NICOLE                                                    PAGE: 6
                                                                    MATTER ID: 33906-0002

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 07/18/24 | NCV | CONTINUED RESEARCH AND STRATEGY REGARDING POSSIBLE FRAUDULENT TRANSFER CLAIMS (.7); REVIEWING AND ANALYZING DOCUMENTS PRODUCED, TRANSCRIPTS AND VARIOUS PLEADINGS (1.2) | 1.90 |
| 07/18/24 | NCV | CONTINUED RESEARCH AND STRATEGY REGARDING POSSIBLE FRAUDULENT TRANSFER CLAIMS (1.2); REVIEWING AND ANALYZING DOCUMENTS PRODUCED, TRANSCRIPTS AND VARIOUS PLEADINGS (1.2); RESEARCH REGARDING BANK, CHECK KITING SCHEME AND OTHER FRAUDULENT ACTIVITIES (1.2) | 3.60 |
| 07/19/24 | NCV | CONTINUED RESEARCH AND STRATEGY REGARDING POSSIBLE FRAUDULENT TRANSFER CLAIMS (1.5); REVIEWING AND ANALYZING DOCUMENTS PRODUCED, TRANSCRIPTS AND VARIOUS PLEADINGS (1.5); RESEARCH REGARDING BANK, CHECK KITING SCHEME AND OTHER FRAUDULENT ACTIVITIES (1.5) | 4.50 |
| 07/19/24 | NCV | CONTINUED RESEARCH AND STRATEGY REGARDING POSSIBLE FRAUDULENT TRANSFER CLAIMS (.8); REVIEWING AND ANALYZING DOCUMENTS PRODUCED, TRANSCRIPTS AND VARIOUS PLEADINGS (1.3) | 2.10 |
| 07/22/24 | KLB | EMAILS FROM F. SELLERS REGARDING RESEARCH REQUESTS AND CONDUCT RESEARCH TO LOCATE BANKRUPTCY FILINGS FOR SCOTT AND KRISTEN ZANKL (.2); REVIEW CASE FILINGS AGAINST THEM FILED WITH PALM BEACH CIRCUIT COURT AND EMAILS TO N. VILMOS AND F. SELLERS REGARDING SAME (.3) | 0.50 |
| 07/22/24 | NCV | CONTINUED REVIEW OF PLEADINGS AND DOCUMENTS FOR ANALYSIS OF CLAIMS AGAINST INDIVIDUALS | 3.10 |
| 07/23/24 | JG | CONFERENCE W. N. VILMOS AND FURR & COHEN TEAM RE LITIGATION. | 1.00 |
| 07/23/24 | NCV | CONFERENCE REGARDING CLAIM INVESTIGATION (.2); STRATEGY REGARDING CLAIM INVESTIGATION (.3) | 0.50 |
| 07/23/24 | NCV | CONTINUED REVIEW OF PLEADINGS AND DOCUMENTS FOR ANALYSIS OF CLAIMS AGAINST INDIVIDUALS | 1.50 |
| 07/24/24 | NCV | CONTINUED REVIEW OF PLEADINGS AND DOCUMENTS FOR ANALYSIS OF CLAIMS AGAINST INDIVIDUALS | 2.10 |
| 07/30/24 | NCV | STRATEGY CALL REGARDING THIRD PARTY INDIVIDUAL CLAIMS (1.6); REVIEW OF INFORMATION | 4.10 |

MEHDIPOUR, NICOLE                                                    PAGE: 7
                                                                    MATTER ID: 33906-0002


**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| | | REGARDING THIRD PARTY INDIVIDUAL CLAIMS (2.5) | |
| 09/09/24 | NCV | ANALYZE EVIDENCE, TRANSCRIPTS AND PLEADINGS (1.3); PREPARE COMPLAINT FOR FRAUDULENT TRANSFERS (1.9) | 3.20 |
| 09/10/24 | NCV | ANALYZE EVIDENCE, TRANSCRIPTS AND PLEADINGS (1.6); PREPARE COMPLAINT FOR FRAUDULENT TRANSFERS (2.5) | 4.10 |
| 09/12/24 | NCV | ANALYZE EVIDENCE, TRANSCRIPTS AND PLEADINGS (1.3); PREPARE COMPLAINT FOR FRAUDULENT TRANSFERS (2.0) | 3.30 |
| 09/13/24 | NCV | ANALYZE EVIDENCE, TRANSCRIPTS AND PLEADINGS (1.7); PREPARE COMPLAINT FOR FRAUDULENT TRANSFERS (2.5) | 4.20 |
| 09/23/24 | EMH | DISCUSSION WITH TRUSTEE'S COUNSEL ABOUT THE EXTENSION HEARING AND NEXT STEPS (.4). | 0.40 |
| 09/25/24 | EMH | REVIEW THE DRAFT COMPLAINT AGAINST THE ZANKLS (2.1); BEGIN REVIEWING THE DEBTOR'S DOCUMENTS (.7); MEMOS TO N. VILMOS ABOUT THE ZANKL COMPLAINT (.1); EMAILS WITH N. VILMOS ABOUT MEETINGS WITH OTHER PARTIES TO DISCUSS POSSIBLE ADDITIONAL LITIGATION (.1); EMAILS WITH N. VILMOS ABOUT THE ISSUES WITH THE BANKS (.1). | 3.10 |
| 09/25/24 | NCV | ATTEND HEARING | 0.20 |
| 09/26/24 | JG | REVIEW OF FIRST DRAFT OF COMPLAINT; CALL WITH N. VILMOS RE SAME. | 0.50 |
| 09/26/24 | EMH | MEET WITH B. RILEY ADVISERS TO DISCUSS THE FRAUDULENT TRANSFER AMOUNTS (.5); EMAILS WITH E. BERGER ABOUT A MEETING TO DISCUSS LITIGATION (.1). | 0.60 |
| 09/26/24 | NCV | CONFERENCES REGARDING TRANSFERS TO TARGETS | 1.10 |
| 09/27/24 | NCV | CORRESPONDENCE REGARDING CLAIMS AND TRANSFERS (.2); STRATEGY REGARDING CLAIMS AND TRANSFERS (.4) | 0.60 |
| 10/17/24 | NCV | CONTINUED PREPARATION OF COMPLAINT AGAINST ZANKLS (1.5); REVIEW OF DOCUMENTS (.8) | 2.30 |
| 12/03/24 | EMH | MEMOS TO/FROM N. VILMOS ABOUT REVISING THE COMPLAINT (.1); MEMOS FROM TRUSTEE ABOUT THE INFORMATION NEEDED FOR THE COMPLAINT REVISIONS AND A NEW TOLLING AGREEMENT (.2). | 0.30 |
| 12/03/24 | NCV | CONTINUED REVIEW AND PREPARATION OF COMPLAINT FOR TRANSFERS (1.5); REVIEW OF EVIDENTIARY SUPPORT (.8) | 2.30 |

MEHDIPOUR, NICOLE                                                      PAGE: 8
                                                          MATTER ID: 33906-0002


**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 12/04/24 | NCV | CONTINUED REVIEW AND PREPARATION OF COMPLAINT FOR TRANSFERS (2.3); REVIEW OF EVIDENTIARY SUPPORT (1.2) | 3.50 |
| 12/13/24 | EMH | REVIEW CLAIMS FILED AND DOCKET TO DETERMINE IF THE IRS IS A CREDITOR IN THE BANKRUPTCY CASE, AND MEMOS TO/FROM N. VILMOS ABOUT THE SAME (.3). | 0.30 |
| 01/13/25 | EMH | REVIEW DRAFT COMPLAINT AND THE FINANCIAL SUMMARIES AND MEMO TO N. VILMOS ABOUT REVISIONS TO THE COMPLAINT (.5). | 0.50 |
| 01/14/25 | EMH | MEMO FROM N. VILMOS ABOUT REVISIONS TO THE COMPLAINT (.1). | 0.10 |
| 01/21/25 | EMH | REVISE THE COMPLAINT AGAINST THE ZANKLS AND MEMO TO N. VILMOS ABOUT THE SAME (1.0). | 1.00 |
| 01/29/25 | EMH | MEMOS TO/FROM N. VILMOS ABOUT THE COMPLAINT AGAINST THE ZANKLS (.1). | 0.10 |
| 01/30/25 | EMH | FINALIZE THE COMPLAINT AGAINST THE ZANKLS (1.5); MEMOS TO/FROM N. VILMOS ABOUT THE FINAL COMPLAINT REVISIONS (.2); MEMO TO A. CRANE AND J. RIGOLI ABOUT THE COMPLAINT (.1); MEMOS TO/FROM N. VILMOS ABOUT THE ZANKL TRANSACTIONS (.1). | 1.90 |
| 01/30/25 | NCV | REVIEW AND REVISE COMPLAINT (1.5); STRATEGY REGARDING SAME (.6) | 2.10 |
| 01/31/25 | EMH | MEMOS TO/FROM K. BURNS ABOUT THE TOLLING AGREEMENT (.1); MEMOS TO/FROM N. VILMOS ABOUT THE ZANKL COMPLAINT (.1); MEMO TO TRUSTEE'S COUNSEL ABOUT THE ZANKL COMPLAINT (.1). | 0.30 |
| 02/03/25 | EMH | MEMOS TO/FROM N. VILMOS ABOUT THE ZANKL COMPLAINT (.1); MEMOS TO FROM A. CRANE ABOUT THE ZANKL COMPLAINT (.1); MEETING WITH A. CRANE AND J. RIGOLI TO DISCUSS CLAIMS AGAINST THE ZANKLS AND FOLLOW-UP MEMO TO N. VILMOS (.8). | 1.00 |
| 02/04/25 | NCV | CONFERENCE REGARDING CLAIMS (.1); STRATEGY REGARDING CLAIMS (.2) | 0.30 |
| 02/05/25 | EMH | DISCUSSION WITH N. VILMOS ABOUT THE COMPLAINT AND THE TOLLING AGREEMENT (.4); MEMO TO A. CRANE AND J. RIGOLI REGARDING THE COMPLAINT REVISIONS (.1); MEMOS TO/FROM K. BURNS ABOUT THE COMPLAINT AND THE TOLLING AGREEMENT (.2); MEMO TO A. BARBEE ABOUT THE COMPLAINT (.1). | 0.80 |

MEHDIPOUR,  NICOLE

PAGE: 9
MATTER ID: 33906-0002

**F E E S**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 02/18/25 | EMH | REVISE THE COMPLAINT AGAINST THE ZANKLS TO INCLUDE ADDITIONAL COUNTS AND MEMO TO N. VILMOS ABOUT THE SAME (2.2). | 2.20 |
| 02/25/25 | NCV | REVIEW AND REVISE COMPLAINT (1.1); RELATED STRATEGY (.4) | 1.50 |
| 03/05/25 | EMH | REVIEW AND ANALYZE THE CURRENT DRAFT OF THE COMPLAINT IN PREPARATION FOR SENDING IT TO A. CRANE AND J. RIGOLI (.2); MEMOS TO/FROM A. CRANE AND J. RIGOLI ABOUT THE REVISIONS TO THE COMPLAINT (.3). | 0.50 |
| 04/02/25 | EMH | MEMOS TO/FROM N. VILMOS ABOUT A CONSENT JUDGMENT AGAINST THE ZANKLS (.1). | 0.10 |
| 04/07/25 | EMH | MEMOS TO/FROM N. VILMOS REGARDING THE DRAFT COMPLAINT AND CONSENT JUDGMENT (.2). | 0.20 |
| 04/10/25 | EMH | PREPARE INITIAL DRAFT OF A CONSENT JUDGMENT AGAINST THE ZANKLS (.8). | 0.80 |
| 04/25/25 | NCV | REVIEW PROPOSED CONSENT JUDGMENT | 0.40 |
| 04/30/25 | EMH | MEMOS TO/FROM N. VILMOS ABOUT THE CONSENT JUDGEMENT AND REVIEW OF THE CONSENT JUDGMENT (.3). | 0.30 |
| 05/01/25 | EMH | MEMO FROM N. VILMOS ABOUT THE PROPOSED CONSENT JUDGMENT (.1); MEMO TO A. CRANE AND J. RIGOLI ABOUT THE PROPOSED CONSENT JUDGMENT (.1). | 0.20 |
| 05/14/25 | NCV | RESEARCH LEGAL JURISPRUDENCE FOR VIABILITY FOR CAUSES OF ACTION PURSUANT TO 11 U.S.C. § 523(A)(19), 11 U.S.C. § 523(A)(2)(A),U.S.C. § 523(A)(4), U.S.C. § 523(A)(6) (1.9); REVISING COMPLAINT REGARDING SAME TO ADD CAUSES OF ACTION (1.3) | 3.20 |
| 05/15/25 | EMH | MEETING WITH A. CRANE AND J. RIGOLI ABOUT THE STATUS OF THE COMPLAINT AND THE BANKRUPTCY CASE (.3). | 0.30 |
| 05/15/25 | NCV | CONFERENCE REGARDING ADVERSARY STATUS AND TOLLING AGREEMENT | 0.50 |
| 05/15/25 | NCV | RESEARCH LEGAL JURISPRUDENCE FOR VIABILITY FOR CAUSES OF ACTION PURSUANT TO 11 U.S.C. § 523(A)(19), 11 U.S.C. § 523(A)(2)(A),U.S.C. § 523(A)(4), U.S.C. § 523(A)(6) (1.5); REVISING COMPLAINT REGARDING SAME TO ADD CAUSES OF ACTION (1.1) | 2.60 |
| 05/19/25 | EMH | RESEARCH DISCHARGEABILITY OF SECURITIES VIOLATIONS AND MEMO TO N. VILMOS ABOUT THE SAME (.4). | 0.40 |

MEHDIPOUR,  NICOLE

PAGE: 10
MATTER ID: 33906-0002

## F E E S

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 05/19/25 | NCV | RESEARCH LEGAL JURISPRUDENCE REGARDING POSSIBLE CAUSES OF ACTION UNDER 11 U.S.C. § 523(A)(19) INCLUDING SECTION 10(B) OF THE SECURITIES EXCHANGE ACT AND RULE 10B-5 AND FLORIDA STATUTES §§ 517.301 AND 517.07; 11 U.S.C. § 523(A)(2)(A); U.S.C. § 523(A)(4) AND  U.S.C. § 523(A)(6) (3.3); PREPARING CAUSES OF ACTION UNDER CODE SECTIONS IN DRAFT COMPLAINT (2.2) | 5.50 |
| 06/02/25 | EMH | ANALYZE THE DRAFT COMPLAINT AND CONSIDER THE ADDITIONAL CLAIMS RELATED TO SECURITIES VIOLATIONS (.3). | 0.30 |
| 06/03/25 | EMH | RESEARCH LEGAL AUTHORITY ON SECURITIES VIOLATION CLAIMS AND MEMO TO N. VILMOS ABOUT THE SAME (3.6). | 3.60 |
| 06/04/25 | EMH | REVISE THE COMPLAINT TO INCLUDE CLAIMS FOR SECURITIES FRAUD AND MEMO TO A. CRANE AND J. RIGOLI ABOUT THE SAME (1.2). | 1.20 |
| 06/04/25 | NCV | REVISIONS TO DRAFT COMPLAINT (.5); PROPOSED STRATEGY (.3) | 0.80 |
| 07/14/25 | EMH | MEMOS TO/FROM N. VILMOS ABOUT THE TOLLING AGREEMENT (.1); FOLLOW-UP MEMO TO A. CRANE AND J. RIGOLI ABOUT THE STATUS OF THE TOLLING AGREEMENT (.1). | 0.20 |
| 07/15/25 | EMH | MEMOS TO/FROM J. RIGOLI ABOUT THE TOLLING AGREEMENT EXTENSION (.1). | 0.10 |
| 12/19/25 | NCV | CORRESPONDENCE REGARDING SETTLEMENT AND CLAIMS | 0.40 |
| 01/22/26 | NCV | CORRESPONDENCE REGARDING TOLLING AGREEMENT AND FILING OF COMPLAINT | 0.30 |
| 01/23/26 | EMH | MEMOS TO/FROM J. RIGOLI ABOUT THE NEW TOLLING AGREEMENT AND FOLLOW-UP MEMOS TO J. ZAMORA REGARDING THE TOLLING AGREEMENT (.3). | 0.30 |

**Total Hours:** 145.20

**Total Fees:** 106,023.00

## F E E  S U M M A R Y

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Kerry L. Burns | 6.10 | 325.00 | 1,982.50 |
| Jordi Guso | 2.30 | 825.00 | 1,897.50 |

MEHDIPOUR,  NICOLE

PAGE: 11
MATTER ID: 33906-0002

## FEE SUMMARY

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Erin M. Hoskins | 4.70 | 625.00 | 2,937.50 |
| Erin M. Hoskins | 16.10 | 675.00 | 10,867.50 |
| Erin M. Hoskins | 0.30 | 735.00 | 220.50 |
| Nicolette C. Vilmos | 98.10 | 750.00 | 73,575.00 |
| Nicolette C. Vilmos | 17.30 | 825.00 | 14,272.50 |
| Nicolette C. Vilmos | 0.30 | 900.00 | 270.00 |
| **Total** | **145.20** | | **$106,023.00** |

## EXPENSES

| Date | Description | Amount |
|---|---|---|
| | PACER CHARGE | 0.20 |
| | REPRODUCTION | 21.00 |
| | **Total Expenses** | **$21.20** |

**CURRENT BALANCE DUE**          **$106,044.20**