UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE: Case No. 22-12790-EPK

EXCELL AUTO GROUP, INC. Chapter 7

Debtor.
_______________________________/

**TRUSTEE'S APPLICATION FOR EMPLOYMENT OF GARY F. SEITZ AND THE LAW FIRM OF GELLERT SEITZ BUSENKELL & BROWN, LLC, AS SPECIAL COUNSEL TO NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE, EFFECTIVE AS OF AUGUST 18, 2026**

Nicole Testa Mehdipour, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Excell Auto Group, Inc. (the "Debtor"), files this application (the "Application") pursuant to 11 U.S.C. §§ 105(a), 327(e) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016, seeking approval of the employment of Gary F. Seitz ("Seitz") and the law firm of Gellert Seitz Busenkell & Brown, LLC ("GSBB"), pursuant to the Retainer Agreement attached as **Exhibit A,** as special counsel to the Trustee, effective as of August 18, 2026, and states:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 327(e) and 328(a).

## Background

4. On April 8, 2022 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5. On April 8, 2022, the Office of the United States Trustee appointed Nicole Testa Mehdipour, as the chapter 7 Trustee.

**Relief Requested and Basis Therefor**

6. By this Application, the Trustee seeks to employ GSBB as special counsel to the Trustee, to represent and act as local counsel in the Chapter 11 bankruptcy Case of Avrumi "Josh" Lubin ("Lubin"), Case No. 3:26bk-17342-EJO, pending in the United States Bankruptcy Court for the District of New Jersey (Trenton).

7. Lubin is a defendant in the adversary proceeding styled *Mehdipour v. Hi Bar Capital, LLC et al.*, Adv. Pro. No. 23-01132-EPK, pending before this Court. This Court conducted a 6-day trial in this adversary proceeding. The parties have submitted their post-petition briefs as directed by the Court. All that remains is the Court to rule.

8. Local Rule 9010-1(b) requires local counsel for pro hac appearances by counsel not admitted to practice in New Jersey bankruptcy court. D.N.J. LBR 9010-1(b). The Trustee requires local counsel to assist her and special counsel to appear and represent this bankruptcy estate's interests in Lubin's bankruptcy case.

9. The services to be provided by GSBB will not be duplicative of the services provided by the General Counsel or any Special Counsel previously retained by the Trustee and approved by this Court.

10. The Trustee believes the employment of GSBB is necessary and in the best interests of the Estate.

11. The Trustee has selected GSBB because it is qualified to act as special counsel to the Trustee in connection with Lubin's bankruptcy as Mr. Seitz is a seasoned and highly respected bankruptcy attorney, licensed to practice in New Jersey, and serves as a Chapter 7 panel trustee in

the eastern District of Pennsylvania. Accordingly, GSBB is well qualified to act as special counsel to the Trustee and the Estate in this case with respect to Lubin's bankruptcy.

12. Bankruptcy Code § 327(e) provides that a trustee, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

13. Bankruptcy Code § 328(a) provides that a trustee, subject to Court approval:

> [May] employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

14. As set forth in the *Declaration of Gary F. Seitz on Behalf of Gellert Seitz Busenkell & Brown, LLC, as Proposed Special Counsel to Nicole Testa Mehdipour, Chapter 7 Trustee, Effective as of July __, 2026* (the "<u>Seitz Declaration</u>"), annexed hereto as **<u>Exhibit B,</u>** and to the best of the Trustee's knowledge, GSBB does not represent or hold any interests that are adverse to the Estate with respect to the matter on which GSBB is to be employed.

15. The professional fees and costs incurred by GSBB in the course of its representation as special counsel to the Trustee in this case will be billed on an hourly basis and subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Bankruptcy Rules 2014 and 2016.

16. The current hourly rates for the attorneys at GSSB range from $300.00 to $700.00. The current hourly rate of Gary Seitz, the partner who will be principally responsible for GSSB's representation of the Trustee, is $600.00. The current hourly rates for the legal assistants and

paralegals at GSSB range from $100.00 to $225.00. GSSB typically adjusts its hourly rates annually on January 1st.

17. GSBB will apply for compensation and reimbursement of costs, pursuant to sections 330 and 331 of the Bankruptcy Code, for services rendered and costs incurred during its representation of the Chapter 7 Trustee in this case.

18. The Trustee submits that for the reasons set forth herein and in the Simms Declaration, the employment and retention of GSBB as special counsel to the Trustee is warranted.

**WHEREFORE**, the Trustee respectfully request that the Court enter an order, in the form attached hereto as **Exhibit C** (i) approving the Trustee's employment of GSBB, P.C. as special counsel to the Trustee, effective as of April 17, 2025, and (ii) granting any other relief as this Court deems appropriate.

Dated: September 1, 2026

Respectfully submitted,

GRAYROBINSON, P.A.
*Attorneys for Trustee*
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
Telephone: 561-368-3808
Facsimile: 561-368-4008

By: */s/ Jason S. Rigoli*
JASON S. RIGOLI, ESQ.
Florida Bar No. 91990
E-Mail: jason.rigoli@gray-robinson.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on September 1, 2026, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List.

By: /s/ *Jason S. Rigoli*
Jason S. Rigoli

EXHIBIT "A"

GSBB ATTORNEYS

Gary F. Seitz
gseitz@gsbblaw.com
215-238-0011

July 22, 2026

By Email To:

Nicole Testa Mehdipour, Chapter 7 Trustee of Excell Auto Group,
Inc. 6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
[nicolem@ntmlawfirm.com]

RE: In re Avrumi "Josh" Lubin
USBC NJ Case No. 26-17342-EJO

Dear Ms. Mehdipour:

We are pleased that you, solely in your capacity as Chapter 7 Trustee of Excell Auto Group, Inc. ("Client" ) have asked Gellert Seitz Busenkell & Brown, LLC ("GSBB" or the "Firm") to serve as legal counsel in connection with the matter described below. This letter (the "Agreement") sets forth the terms of that engagement. We understand that we will be acting as local counsel with your special counsel Furr Cohen as lead counsel and that our retention is subject to bankruptcy court approval.

1. Scope of Engagement

GSBB will represent Client in its capacity as creditor of Avrumi "Josh" Lubin ("Debtor"). We are being engaged to advise and represent the Client in connection with a bankruptcy proceeding and any other related matters through compromise, litigation or appeal of the claim and creditors' rights in the United States Bankruptcy Court for the District of New Jersey (the "Engagement").

This Agreement governs the Engagement only. It does not cover, and GSBB undertakes no obligation to provide advice with respect to, any other matter, including without limitation litigation in any other forum, tax advice, regulatory matters before any agency, or any dispute between Client and parties other than Debtor, unless and until the scope of the Engagement is expanded by separate written agreement of the parties.

2. Statutory Basis and Court Approval of Retention

This Engagement is undertaken pursuant to 11 U.S.C. § 327(a), and Client's retention of GSBB is subject to approval by the United States Bankruptcy Court in which Client's case as Chapter 7 Trustee of Excell Auto Group, Inc. is pending (Case No. # 9:22-bk-12790, U.S. Bankruptcy Court for the Southern District of Florida, the “Excell Case”). GSBB will prepare, and Client will file, an application for authority to retain GSBB as counsel to the Trustee for the limited purpose described in Section 1 above, together with a verified statement under Federal Rule of Bankruptcy Procedure 2014(a) in the form described in Section 9 below.

GSBB's role is confined to acting as local counsel to Furr Cohen, special counsel to the Trustee, in connection with the Engagement. GSBB and Furr Cohen will coordinate to avoid duplication of effort as described in Section 3, with Furr Cohen serving as lead counsel on substantive strategy and GSBB providing local counsel services (including compliance with local rules and practice before the United States Bankruptcy Court for the District of New Jersey).

Nothing in this Agreement authorizes GSBB to act on Client's behalf in the Excell Case generally, or in any capacity other than as local counsel in connection with the Engagement, absent a separate written agreement and, where required, separate court approval.

3. Staffing

Gary Seitz will oversee this matter. He may be assisted by other GSBB attorneys and paralegals as appropriate to staff the matter efficiently. GSBB will use reasonable efforts to keep staffing efficient and to avoid unnecessary duplication of effort.

4. Fees

Subject to Bankruptcy Court approval, our fees will be based on the hourly billing rate for each attorney and paralegal devoting time to this matter, billed in tenths of an hour. Our billing rates range from $300 to $700 per hour for attorneys and from $100 to $225 per hour for paralegals and legal assistants. Mr. Seitz's hourly rate is $600.00. These rates are subject to periodic adjustment, typically on an annual basis, upon notice to Client.

Time is recorded in tenth-of-an-hour (six-minute) increments for all professional services, including telephone calls, correspondence (including email), document review and drafting, research, and travel. GSBB reserves the right to bill travel time

at a reduced rate, to be agreed with Client in advance of any travel reasonably anticipated to be material.

5. Costs and Expenses

In addition to fees for professional services, subject to Bankruptcy Court approval, we will invoice for reasonable out-of-pocket costs and expenses incurred in connection with the Engagement, including but not limited to: court filing fees; service of process costs; transcript and court reporter fees; fees of any receiver, expert, or consultant retained with Client's prior approval; computerized research charges; copying, printing, and document production costs; and postage, courier, and delivery charges. GSBB will not incur extraordinary expenses (e.g., engagement of experts or consultants) without Client's prior approval, except in circumstances requiring immediate action to protect Client's interests.

6. Advance Fee Deposit (Retainer)

No retainer is sought in connection with this retention.

7. Billing and Payment

GSBB will render invoices as requested by Client, reflecting fees for professional services rendered and costs incurred during the preceding period. We understand that invoices are subject to Bankruptcy Court approval which will be obtained by Client.

8. Use Of E-Mail and Other Technology

To maximize efficiency in connection with the Case, GSBB intends to use state-of-the-art communications devices (e.g., email, document transfer by computer, cellular telephones, and facsimile transfers). The use of such devices under current technology may place Client's confidences and privileges at risk. However, we believe the effectiveness involved in the use of these devices outweighs the risk of accidental disclosure. By utilizing our services, you consent to the use of these devices.

GSBB may use artificial intelligence, including generative artificial intelligence (collectively, “AI”), for client work to enhance and streamline certain aspects of our services. The use of AI carries some degree of risk, including the risk of errors in AI-generated content. However, we have implemented guidelines and policies to safeguard against these risks, and our attorneys maintain oversight over AI-generated outputs. Accordingly, we believe, and by utilizing our services you agree,

that the benefits of using AI outweigh the related risks, and you consent to our use of AI.

9. Conflicts of Interest, Disinterestedness, and Rule 2014 Disclosure

GSBB has performed a review of its current and former client relationships and is not aware of any conflict of interest that would preclude this Engagement. To the best of GSBB's knowledge, GSBB (i) does not hold or represent an interest adverse to the estate in the Excell Case, (ii) is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and (iii) has no connection with the Debtor, Client, creditors of the Debtor or the Excell estate, the United States Trustee or any person employed by the Office of the United States Trustee, or any other party in interest, or their respective attorneys or accountants, except as will be disclosed in the verified statement described below.

Prior to or concurrently with the filing of the application to retain GSBB, GSBB will submit a verified statement pursuant to Federal Rule of Bankruptcy Procedure 2014(a), disclosing all of GSBB's connections with the Debtor, Client, creditors, the United States Trustee, and other parties in interest known to GSBB after reasonable inquiry. GSBB will supplement that statement promptly if it discovers additional connections requiring disclosure during the course of the Engagement.

If, during the course of the Engagement, GSBB determines that it holds or has acquired an interest adverse to the estate, or that it is no longer a disinterested person, GSBB will promptly disclose that fact to Client and to the Court and will take such action as the Bankruptcy Rules and applicable law require, which may include withdrawal from the Engagement.

10. Termination

Client may terminate this Engagement at any time, with or without cause, upon written notice to GSBB. GSBB may withdraw from the Engagement upon reasonable notice and as permitted by applicable rules of professional conduct, and, where applicable, subject to any required court approval.

11. Files and Records

Upon conclusion of the Engagement, GSBB will, upon request, return Client's original documents and provide copies of the substantive work product in GSBB's file.

12. Governing Law; Entire Agreement

Except for matters of retention and compensation pursuant to the practice of the Bankruptcy Court for the Southern District of Florida, this Agreement shall be governed by, and construed in accordance with, the laws of the State of New Jersey, without regard to conflict of laws principles. This Agreement constitutes the entire agreement between Client and GSBB with respect to the Engagement and supersedes all prior discussions or understandings, written or oral, relating to its subject matter. This Agreement may be amended only in writing signed by both parties.

Please indicate Client's agreement to the foregoing by signing and returning the enclosed copy of this letter. We look forward to working with you on this matter.

Sincerely,

GELLERT SEITZ BUSENKELL & BROWN, LLC

By:________________________________________
Gary F. Seitz, Atty IDs. PA 52865, NJ 050041988
DE 4457

Client

By: __________________________________ Date: ______
Nicole Testa Mehdipour, Solely in my Capacity as
Chapter 7 Trustee of Excell Auto Group, Inc.

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE: Case No. 22-12790-EPK

EXCELL AUTO GROUP, INC., Chapter 7

Debtor.
_______________________________________/

**DECLARATION OF GARY F. SEITZ ON BEHALF OF GELLERT SEITZ BUSENKELL & BROWN, LLC, AS PROPOSED SPECIAL COUNSEL TO NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE**

1. I am Gary F. Seitz. I am an attorney and a member of the law firm of Gellert Seitz Busenkell & Brown, LLC ("GSBB"). GSBB maintains offices for the practice of law at 1201 N. Orange Street, Suite 300, Wilmington, DE 19801 and 901 Market Street, Suite 3020, Philadelphia, PA 19107. I am familiar with the matters set forth herein and make this Declaration in support of the *Trustee's Application for Approval of Employment of Gary F. Seitz and Gellert Seitz Busenkell & Brown, LLC, as Special Counsel to Nicole Testa Mehdipour, Chapter 7 Trustee, Effective as of July __, 2026* (the "Application").

2. In support of the Application, I disclose the following:

(a) Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

(b) In preparing this Declaration, I and others working with me on this case reviewed a list of potential litigation targets and other potentially interested parties provided by Furr and Cohen, P.A., special counsel to the Trustee that are adverse to the Trustee and the Estate[1] (collectively, the "Potential Adverse Parties") with respect to the mattes for which GSBB is proposed to be retained by the Trustee, Nicole Testa Mehdipour. I caused GSBB to compare the

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

foregoing information with the information contained in our law firm's client and adverse party conflict check index system. This Declaration is made in support of the Application which is made pursuant to 11 U.S.C. § 327(e), which requires that the proposed retention of special counsel be in the best interests of the Estate and that proposed special counsel does not represent or hold any interest adverse to the Debtor or the Estate with respect to the matter on which such counsel is to be employed. The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Trustee, the Debtor, the Potential Adverse Parties, are based on the results of my review of our firm's conflict check system. Specifically, I have caused to be (i) conducted a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b) and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtor, the Trustee, and Potential Adverse Parties. Based upon such a search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of GSBB, as explained below.

3. GSBB's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4. A search of our firm's conflicts check system revealed no matters that impair my or our firm's disinterestedness or constitutes any conflict of interest.

5. GSBB does not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matters on which GSBB is to be employed.

6. The professional fees and costs incurred by GSBB in the course of its representation as special counsel to the Trustee in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Bankruptcy Rules 2014 and 2016.

7. The current hourly rates for the attorneys at GSSB range from $300.00 to $700.00. The current hourly rate of Gary Seitz, the partner who will be principally responsible for GSSB's representation of the Trustee, is $600.00. The current hourly rates for the legal assistants and paralegals at GSSB range from $100.00 to $225.00. GSSB typically adjusts its hourly rates annually on January 1st.

8. There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by GSBB nor any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

9. Except as otherwise set forth herein, no attorney in the firm has any other connections with the Trustee, Debtor, United States Trustee or any employee of that office or any other parties in interest.

10. No attorney in our firm holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

11. No attorney in our firm is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

12. No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

13. No attorney in our firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

14. No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

15. No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the filing of the petition.

16. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

17. Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtor, the Trustee, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

18. This concludes my Declaration.

**<u>28 U.S.C § 1746 Declaration</u>**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on August 13, 2026.

Gary F. Seitz

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE: Case No. 22-12790-EPK

EXCELL AUTO GROUP, INC. Chapter 7

Debtor.
________________________________/

**ORDER APPROVING TRUSTEE'S APPLICATION FOR EMPLOYMENT OF GARY F. SEITZ AND THE LAW FIRM OF GELLERT SEITZ BUSENKELL & BROWN, LLC, AS SPECIAL COUNSEL TO NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE, EFFECTIVE AS OF AUGUST 18, 2026**

THIS CASE having come before the Court for hearing on __________, 2026, at ___ a.m., in West Palm Beach, Florida, upon the *Trustee's Application for Employment of Gary F. Seitz and the Law Firm of Gellert Seitz Busenkell & Brown, LLC, as Special Counsel to Nicole Testa Mehdipour, Chapter 7 Trustee, Effective as of August 18, 2026* [Dkt. No. ____] (the "**Application**"), filed by Nicole Testa Mehdipour, Chapter 7 trustee, seeking to approve the employment and retention of Gary F. Seitz, Esq. and Gellert Seitz Busenkell & Brown, LLC, as special counsel in this Chapter 7 case. Upon the representation that Special Counsel holds no

interest adverse to the Debtor or the estate in the matters upon which they are engaged, that Special Counsel is disinterested as required by 11 U.S.C. § 327(a), and have disclosed any connections with the parties set forth in Rule 2014 of the Federal Rules of Bankruptcy Procedure, and that their employment is necessary and would be in the best interests of the estate, and having heard argument of counsel and being otherwise fully advised, it is

**ORDERED** that

1. The Application is **APPROVED**.

2. The Trustee is authorized to employ and retain Mark Simms, Esq. and Simms Law, P.C. as special counsel in this Chapter 7 case for the Trustee, *effective as of August 18, 2026*, to represent the Trustee and act as local counsel in connection with the bankruptcy case styled In re Avrumi "Josh" Lubin, Case No. 3:26bk-17342-EJO, pending in the United States Bankruptcy Court for the District of New Jersey (Trenton), on an hourly basis as stated in the Retainer' Agreement which is attached as **Exhibit A** to the Application, and subject to applications filed pursuant to 11 U.S.C. §§ 330 and 331.

###

**Submitted by:**

GrayRobinson, P.A.
Jason S. Rigoli, Esq.
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
Telephone: 561-368-3808
Facsimile: 561-368-4008
E-Mail: jason.rigoli@gray-robinson.com

*Attorney Jason S. Rigoli is directed to serve copies of this Order on all parties listed below via the manner stated and file a Certificate of Service.*