**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re: Case No.: 22-12790-EPK

**EXCELL AUTO GROUP, INC.,** Chapter 7

Debtor.

______________________________________/

**EXPEDITED APPLICATION BY TRUSTEE FOR APPROVAL OF EMPLOYMENT AND SUBSTITUTION OF COUNSEL EFFECTIVE AS OF AUGUST 3, 2026**

**EXPEDITED HEARING REQUESTED**

**EXIGENT CIRCUMSTANCES: ON SEPTEMBER 4, 2026, IN THE HI BAR ADVERSARY, THIS COURT REQUIRED APPLICANTS TO RE-BRIEF THE POST-TRIAL BRIEFS AND THE TRUSTEE IS REQUIRED TO OBTAIN STAY RELIEF AS SOON AS POSSIBLE IN THE AVRUMI "JOSH" LUBIN BANKRUPTCY. BASED UPON A REQUEST BY THE OFFICE OF THE UNITED STATES TRUSTEE, THE APPLICANTS ARE REQUESTING A HEARING ON THE ISSUES. THE APPLICANTS ARE REQUESTING A HEARING WITHIN 7 DAYS OF THE FILING OF THIS APPLICATION.**

Nicole Testa Mehdipour, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Excell Auto Group, Inc. (the "Debtor"), files this application (the "Application") pursuant to 11 U.S.C. §§ 105(a), 327(e), and 328(a) and Fed. R. Bankr. P. 2014(a) and Local Rules 2014-1 and 9013-4, seeking approval of the employment of Alan R. Crane ("Crane") and the law firm of GrayRobinson, P.A. ("GR") who shall be substituted in as special counsel to the Trustee, effective as of August 3, 2026, with Furr and Cohen, P.A. being relieved of all further responsibility and respectfully states:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 327(e) and 328(a).

**Background**

4. On April 8, 2022, this case was filed by Debtor filing a voluntary petition under Chapter 7 of the Bankruptcy Code.[1] Dkt. No. 1.

5. On April 8, 2022, the Office of the United States Trustee appointed Nicole Testa Mehdipour as the chapter 7 Trustee.

6. The Trustee then filed her *Emergency Application for Authorization to Employ Furr and Cohen, P.A. as Special Counsel Effective April 11, 2022* [Dkt. No. 24], which was approved by this Court [Dkt. No. 44] on April 19, 2022, effective as of April 11, 2022.

7. When the Court approved the application, Crane was employed by Furr and Cohen, P.A. As of August 3, 2026, undersigned counsel and the remaining attorneys at Furr and Cohen, P.A. moved to GR.

8. Undersigned counsel has been actively representing the Trustee and this estate as special counsel in this case for over four years, which includes analyzing the complex financial structure of the Debtor, filing numerous adversary proceedings, including trials in two, participating in substantial settlement negotiations, etc. Consequently, undersigned counsel has extensive knowledge of the facts and procedural posture of the case.

**Relief Requested and Basis Therefor**

9. By this Application, the Trustee seeks to employ GR as special counsel to the Trustee, to continue providing the services for which Furr and Cohen, P.A. was employed [Dkt. No. 44], including the investigation, prosecution, and settlement of litigation claims and causes of action on behalf of the Estate.

1 11 U.S.C. §§ 101, *et seq*.

10. The services to be provided by GR will not be duplicative of the services provided by Furr and Cohen, P.A., as GR is to be substituted in for Furr and Cohen, P.A., effective August 3, 2026, with approval of this Application.

11. The Trustee believes the employment of GR is necessary and in the best interests of the Estate.

12. The Trustee has selected GR because it is qualified to act as special counsel to the Trustee in this Chapter 7 bankruptcy case. Crane and GR have substantial experience and expertise in bankruptcy cases in Florida and throughout the United States, including, specifically, with respect to representing trustees and other fiduciaries and administering cases such as this bankruptcy case. Accordingly, GR is well qualified to act as special counsel to the Trustee and the Estate in this case.

13. Bankruptcy Code § 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

14. Bankruptcy Code § 328(a) provides that a trustee, subject to Court approval:

> [May] employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

15. As set forth in the *Declaration of Alan R. Crane on Behalf of GrayRobinson, P.A., as Proposed Special Counsel to Nicole Testa Mehdipour, Chapter 7 Trustee* (the "Crane

Declaration"), attached hereto as **Exhibit 1,** neither the Trustee nor GR believe that any disclosures affect or impair GR's ability to serve as special counsel to the Trustee in this case.

16. As set forth in the Crane Declaration, and to the best of the Trustee's knowledge, GR does not represent or hold any interests that are adverse to the Estate with respect to the matter on which GR is to be employed.

17. GR will apply for compensation and reimbursement of costs, pursuant to sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred during its representation of the Chapter 7 Trustee in this case. The current hourly rate for Alan R. Crane, Shareholder with GR, who will be primarily responsible for representing the Trustee is $700.00 per hour. There is no written retainer agreement between the Trustee and GR.

18. The Trustee submits that for the reasons set forth herein and in the Crane Declaration, the employment and retention of GR as special counsel to the Trustee is warranted.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, in the form attached hereto as **Exhibit 2**: (i) approving the Trustee's employment of GrayRobinson, P.A. as special counsel to the Trustee, effective as of August 3, 2026, to represent the Trustee on a general retainer, pursuant to 11 U.S.C. §§ 327(e) and 330; (ii) substituting GrayRobinson, P.A. in place of any employment of Furr and Cohen, P.A., which shall be deemed substituted out of this case with no further responsibility as counsel as of August 3, 2026; and (iii) granting any other relief as this Court deems appropriate.

Dated: September 15, 2026

Respectfully submitted,

GRAYROBINSON, P.A.
*Proposed Special Counsel for Chapter 7 Trustee*
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
Telephone: (561) 368-3808
Facsimile: (561) 368-4008

By: /s/ *Alan R. Crane*
Alan R. Crane
Florida Bar No. 963836
Alan.Crane@gray-robinson.com