**ORDERED in the Southern District of Florida on October 19, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

Debtor.

Case No. 22-12790-EPK

Chapter 7

# BAR ORDER PURSUANT TO SETTLEMENT AGREEMENT BETWEEN (I) NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE, AND (II) GSS EQUITY, LLC, YITCHOK "ISAAC" WEISS, AND ABRAHAM GRUNHUT

**THIS CASE** came before the Court at a duly noticed hearing on October 14, 2026 at 10:30 a.m. ("Hearing") upon the *Trustee's Motion to Compromise Controversy with GSS Equity, LLC, Yitzchok "Isaac" Weiss, and Abraham Grunhut and for Entry of a Bar Order* [Dkt. No. 1181] (the "Motion"). The Court has (i) reviewed and considered the Motion and the Settlement Agreement and Release (the "Settlement Agreement") between Nicole Testa Mehdipour, Chapter 7 Trustee (the "Trustee") for the Estate of Excell Auto Group, Inc. ("Estate") on the one hand, and GSS Equity,

LLC ("GSS"), Yitzchok Weiss a/k/a Isaac Weiss ("Weiss"), and Abraham Grunhut a/k/a Abe Grenhut ("Grunhut" and collectively, "Settling Defendants"), (ii) taken notice of the status of these proceedings and litigation involving the Trustee, (iii) heard the evidentiary proffer and testimony of the Trustee and Settling Defendants, (iv) approved the Settlement Agreement by entry a separate order [Dkt. No. 1195], and (v) is otherwise duly advised. The relief requested in the Motion is reasonable and in the best interests of the Debtor's bankruptcy estate and the Court finds that good cause exists to grant the relief requested in the Motion, including the entry of this Bar Order.[1] Therefore, the Court makes the following findings of fact and conclusions of law in support of the Court granting the Motion and approving the Bar Order[2]:

## FACTUAL FINDINGS

A. On April 8, 2022 (the "Petition Date"), Excell Auto Group, Inc. (the "Debtor" or "Excell") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, instituting the above-captioned bankruptcy case.

B. Nicole Testa Mehdipour was duly appointed and is the permanent Chapter 7 trustee for the bankruptcy estate of Excell Auto Group, Inc.

C. The Trustee and her professionals have investigated numerous claims,

---

[1] All capitalized terms not defined in this Order shall have the meaning ascribed in the Settlement Agreement. To the extent the defined meanings differ, the definitions in the Settlement Agreement control.

[2] To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed and such finding made applicable in this Order, and to the extent any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed and such finding made applicable in this Order.

causes of action, other potential assets to recover for administration in this estate, including the claims against the Settling Defendants, which the Trustee asserted in the adversary complaint filed in the adversary proceeding styled *Mehdipour, Chapter 7 Trustee, v. Go Fund Advance, LLC, et al.*, Adv. Pro. No. 24-01194-EPK, pending before this Court ("Adversary Proceeding").

D. On April 20, 2026, the Court held a one day trial in the Adversary Proceeding and ruled in favor of the Trustee and against the Settling Defendants.

E. Counsel for the Trustee then submitted their declarations in support of the attorneys' fees and costs being sought and a 21-day period to challenge the fees began to run.

F. On June 17, 2026, Weiss and Grunhut filed a *Motion to Quash and Dismiss for Insufficient Service of Process* [Dkt. No. 197] in the Adversary Proceeding.

G. On August 10, 2026, the Bankruptcy Court entered its *Order Denying Defendants' Motion to Dismiss for Insufficient Service of Process and Motion to Quash Service of Process* [Dkt. No. 208] in the Adversary Proceeding

H. Settling Defendants will not have a claim in the Bankruptcy Case on account of the settlement.

I. The Bar Order requested is narrowly tailored and directed only at the co-defendants in the Adversary Proceeding.

J. Based on the above factors, the Court finds that the Bar Order is an essential component of this Settlement Agreement.

## CONCLUSIONS OF LAW

K. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

L. Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

M. Due and proper notice of the Motion and Hearing was given to the parties required under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

N. The Trustee seeks entry of the Bar Order pursuant to approval of the Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim.

O. The decision of whether or not to approve a compromise is within the sound discretion of the court. *In re Chira*, 367 B.R. 888, 896 (S.D. Fla. 2007) (*citing In re Air Safety Intern., L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988)).

P. As part and parcel of the Settlement Agreement, the Trustee seeks the entry of a bar order enjoining any defendant in the Adversary Proceeding from suing GSS Equity, Grunhut, and Weiss, and each of them, including their attorneys at Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. for any claims to recover any amounts recovered by the Trustee in the Adversary Proceeding, including but not limited to claims for contribution or indemnification, to the broadest and fullest

extent permitted by law, in accordance with the authority granted the Bankruptcy Court.

Q. This Court has the inherent power under the Bankruptcy Code, including section 105(a), to issue any order necessary or appropriate to carry out the provisions of Title 11. *Munford v. Munford, Inc.* (*In re Munford*), 97 F.3d 449, 454 (11th Cir. 1996) (finding bankruptcy court had authority under section 105(a) to enter order barring claims against certain defendants).

R. The Eleventh Circuit concluded that (i) public policy favors settlements; (ii) the cost of litigation can be burdensome to a bankruptcy estate, and (iii) "bar orders pay an integral role in facilitating settlements." *Munford*, 97 F.3d at 455; *accord In re S & I Invs.*, 421 B.R. 569, 583–586 (Bankr. S.D. Fla. 2009).

S. In this case, the Trustee has testified that the Bar Order is an essential component of the Settlement Agreement and of the willingness of Settling Defendants to pay $850,000 to the Estate. The Trustee has further testified that the Settling Defendants have requested the entry of a bar order as an important element of entering into the Settlement Agreement.

T. A bar order is consistent with the pronouncement of the Eleventh Circuit in *Munford* and *In re U.S. Oil and Gas Litigation*, 967 F.2d 489 (11th Cir. 1992), and therefore, entry of a bar order is proper pursuant to 11 U.S.C. § 105(a) and the inherent powers of this Court.

U. The Court specifically concludes that the Settlement Agreement, generally, and the Bar Order, specifically: (i) is integrally related to the Trustee's

potential claims against the Settling Defendants; (ii) is adequately interrelated to those claims that any party may have against the Settling Defendants; (iii) is an essential term of the Settlement Agreement; (iv) is necessary to achieve the complete resolution of the issues contained in the Settlement Agreement; and (v) is fair and equitable under the circumstances. The result of the Bar Order is that the Estate will receive $850,000.00 immediately without any further challenges to the judgment to be entered in the Adversary Proceeding. The settlement maximizes the recovery for the estate creditors in the most efficient manner, forecloses a narrow group from pursuing a narrow set of claims, and the bar order is therefore fair and equitable under the circumstances.

V. For the avoidance of doubt, and in light of the decisions of the Eleventh Circuit in *Munford* and *U.S. Oil and Gas,* as adopted by this Court in *In re S & I Invs.,* the Court finds that it has subject matter jurisdiction to enjoin claims against the Settling Defendants, because such claims (i) are interrelated with claims which have been or could be asserted by the Trustee, and (ii) impact the administration of the Debtor's bankruptcy estate.

**BASED UPON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED as follows:**

1. The Motion is **GRANTED,** and the Court hereby enters a bar order pursuant to the Settlement Agreement.

2. Upon receipt by the Trustee of the Settlement Amount (as defined in the Settlement Agreement), all Barred Persons are hereby permanently barred, enjoined,

and restrained from commencing, prosecuting, continuing, or asserting, either derivatively or on behalf of themselves, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, any actions, cause and causes of action, Claims, counterclaims, cross-claims, suits, proceedings, or demands, for damages, punitive damages, costs, expenses, attorneys' fees, and all liabilities whatsoever, of every kind and nature, whether known or unknown, suspected or unsuspected accrued or unaccrued, in law, equity or otherwise, which the Barred Persons ever had, against the Settling Defendants arising out of, connected with, or in any way related to the claims or transactions that are the subject of the Adversary Proceeding, including but not limited to claims of contribution or indemnification.

3. The scope of the bar order set forth in Paragraph 2 is limited to those claims against the Settling Defendants arising from their connection, involvement, or interest the claims or transactions that are the subject of the Adversary Proceeding, and is not intended to bar third party claims against the Settling Defendants arising out of matters completely unrelated to the Adversary Proceeding.

4. The following definitions apply to the provisions of this Order barring claims as set forth below; any capitalized terms used herein that are not defined herein shall have the meanings ascribed to them in the Settlement Agreement between the Trustee and Settling Defendants:

(i) "Barred Person" means Go Fund Advance, LLC; Hartford Receivables LLC; Joseph Kroen; Yisroel Getter; Fundura Capital

Partners, LLC; Funding 123, LLC; Merchant Capital, LLC; Hartford Receivables Company; Fundura Capital Group, LLC: Yitzchok Wolf; Jonathan Braun; Alt Capital Source, LLC; Tailored Fund Cap, LLC: Matrix Advance, LLC; MapCap Funding, LLC; MapCap Advance LLC; Quick Capital LLC; Bridge Funding Cap LLC; and/or Yosef Brezel.

(ii) "Claim" means any "claim" defined in section 101(5) of the Bankruptcy Code and any other actions, causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, losses, costs, expenses, attorneys fees, and demands or liabilities arising from or related to the claims or transaction that is the subject of the Adversary Proceeding.

(iii) "Settling Defendants" means GSS Equity, LLC, Yitzchok Weiss a/k/a Isaac Weiss, and Abraham Grunhut a/k/a Abe Grenhut.

5. The Court retains jurisdiction regarding the interpretation, effectuation, and enforcement of the terms and conditions of this Order.

###

**Submitted by:**
Jason S. Rigoli, Esq.
GRAY ROBINSON, P.A.
*Special Counsel for Chapter 7 Trustee*
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
Tel: (561) 368-3808/ Fax: (561) 368-4008
Jason.Rigoli@gray-robinson.com

*Jason S. Rigoli is directed to serve copies of this order on all interested parties and file a certificate of service with the Court*