**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

**In Re:**

**Case No.: 22-12790-EPK**
**Chapter 7**

**EXCELL AUTO GROUP, INC.,**

**Debtor.**
________________________________________/

**MOTION TO COMPROMISE CONTROVERSY WITH**
**MILLCO-ATWATER, LLC AND NICHOLAS STRATIGAKES**

**Under Local Rule 9013-3(b), the relief requested herein may be granted without further motion, notice, or hearing if no written response or objection is filed and served within 21 days after service of this motion.**

Nicole Testa Mehdipour (the "**Trustee**"), Chapter 7 trustee in the above captioned bankruptcy case (the "**Bankruptcy Case**"), pursuant to § 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), moves this Court (the "**Motion**") for entry of an Order authorizing and approving the settlement agreement (the "**Settlement Agreement**"), a true and correct copy of which is attached as **Exhibit A**, by and among the Trustee, Millco-Atwater, LLC ("**Millco**"), and Nicholas Stratigakes ("**Stratigakes**", and together with Millco, the "**Settling Parties**"), and in support states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Pertinent Pre-Petition Events

2. Prior to the Petition Date (as defined below), the Settling Parties participated in programs offered by Excell Auto Group, Inc. (the "**Debtor**") referred to as the "Locate" or "Wholesale" programs. Under these programs, the Settling Parties advanced funds to the Debtor based upon the Debtor's representation that a specific vehicle had been pre-sold to a retail customer at an agreed price, that the Debtor could acquire the vehicle for less, and that the funds received on account of the transaction would be split between the Debtor and the Settling Parties approximately two to four weeks after the transaction.

3. The Debtor's books, records, and bank statements reflect that, during the four years preceding the Petition Date, the Debtor transferred $49,741,194.00 to Millco and $1,384,068.90 to Stratigakes (collectively, the "**Transfers**").

4. Robert Miller is a manager of Millco and a business partner of Stratigakes. Miller did not receive any of the Transfers in his individual capacity. Miller is a party to the mutual releases set forth in Section 4 of the Settlement Agreement.

### B. The Bankruptcy Filing and Pertinent Post-Petition Events

5. On April 8, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, instituting the above-captioned bankruptcy case.

6. Nicole Testa Mehdipour was duly appointed and is the permanent Chapter 7 trustee for the bankruptcy estate of Excell Auto Group, Inc. (the "**Estate**").

7. On June 13, 2022, Millco filed Proof of Claim No. 11-1, asserting an unsecured claim against the Estate in the amount of $2,842,000.00, and Proof of Claim No. 12-1, asserting

an unsecured claim against the Estate in the amount of $1,690,000.00 (collectively, the "**Proofs of Claim**"). Stratigakes has not filed a proof of claim.

8. The Trustee asserts that the Transfers are avoidable and recoverable under 11 U.S.C. §§ 544, 547, 548, and 550 and Chapter 726, Florida Statutes, on the theory that the Debtor was operated as a Ponzi scheme (collectively, the "**Estate Claims**").

9. The Settling Parties dispute the Estate Claims and contend, among other things, that they received the Transfers in good faith and for value, that they are net losers with respect to the Debtor's operations, and that they had no actual or constructive knowledge of any fraudulent purpose.

10. The Trustee and the Settling Parties have entered into successive tolling agreements since March 30, 2024, which have tolled the applicable time limitations and permitted the parties to engage in good-faith settlement discussions.

11. The Trustee and the Settling Parties have reached a settlement, the terms of which are set forth in the Settlement Agreement attached as **Exhibit A**.

## TERMS OF THE SETTLEMENT[1]

12. In order to avoid the costs and uncertainties of litigation, the Trustee and the Settling Parties have reached a settlement which resolves all disputes between them. The material terms are summarized below.

[1] The Motion attempts to summarize the terms of the Settlement Agreement. In the event of a conflict between the terms summarized in the Motion and the Settlement Agreement, the terms of the Settlement Agreement shall control.

13. **Settlement Consideration.**

a. Within ten (10) business days after the order approving this Motion becomes final and non-appealable, Millco and/or Stratigakes shall file a notice withdrawing the Proofs of Claim (and any amendments) with prejudice, and shall take any further action reasonably necessary to ensure the Proofs of Claim are expunged from the claims register and receive no distribution from the Estate.

b. The Settling Parties represent and acknowledge that the Proofs of Claim are the only claims that have been filed or asserted by the Settling Parties against the Debtor or the Estate.

c. The Settling Parties agree that they shall not file any further proof of claim or request for payment of any kind against the Estate, and any such claim is waived and shall be disallowed.

d. The Trustee, the Estate, the Settling Parties, and Robert Miller shall exchange mutual releases, as more fully set forth in Section 4 of the Settlement Agreement. The Trustee's release of present and former members, managers, officers, directors, employees, agents, and representatives of Millco, Stratigakes, and Robert Miller is limited to claims arising out of or relating to Millco's, Stratigakes's, or Robert Miller's dealings or transactions with the Debtor, including the Transfers and the Estate Claims. Claims against any such person in any other capacity, including, without limitation, claims arising from any separate transaction, any separate proof of claim, and any avoidance or recovery claim on transfers other than the Transfers, are expressly preserved.

e. No monetary payment shall be made by the Settling Parties to the Trustee or the Estate. The consideration consists of the withdrawal of the Proofs of Claim with prejudice, the Settling Parties' waiver of any further claim against the Estate, and the mutual releases.

14. The parties are aware that the Settlement Agreement must be noticed to all creditors and parties-in-interest and must be approved by the Bankruptcy Court. In the event that the Settlement Agreement is not approved, it shall be deemed null and void. The parties request that the Bankruptcy Court enter an Order approving this Motion, including the Settlement Agreement, and reserve jurisdiction to enforce the terms and covenants contained therein.

## BASIS FOR APPROVING THE SETTLEMENT

15. The legal principles to be applied in evaluating a proposed settlement have been enunciated within the Southern District of Florida in *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr.

S.D. Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness." *Id.* at 891 (*citing In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985); *In re W.T. Grant Company*, 699 F.2d 599, 608 (2d Cir. 1983)). The Trustee believes that this Settlement Agreement complies with the legal principles set forth in these authorities.

16. The Eleventh Circuit has held that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

A. the probability of success in the litigation;

B. the difficulties, if any, to be encountered in the matter of collection;

C. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

D. the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990).

17. The proposed settlement satisfies the four-part test set forth in *Justice Oaks II* and Federal Rule of Bankruptcy Procedure 9019.

**A. <u>Probability of Success in the Litigation</u>**

18. The Trustee asserts that the Estate has colorable claims against the Settling Parties arising from their participation in the Debtor's Locate and Wholesale programs, including avoidance and recovery claims under 11 U.S.C. §§ 544, 547, 548, and 550 and Chapter 726, Florida Statutes, predicated upon the theory that the Debtor was operated as a Ponzi scheme.

19. The Settling Parties have raised substantial defenses, including that they received the Transfers in good faith and for value, that they are net losers under any alleged Ponzi theory, and that the Trustee cannot establish that the Debtor was, in fact, operated as a Ponzi scheme.

20. The Trustee believes she would have a good-faith basis to pursue the Estate Claims. However, success is not a foregone conclusion. The litigation presents material risks, including the risk that the Settling Parties would prevail on a good-faith transferee defense under 11 U.S.C. § 548(c) or on net-loser grounds. The Trustee has not initiated an adversary proceeding, and prosecution of such a proceeding would require substantial time, expert testimony, and expense.

21. Through this settlement, the Trustee secures the withdrawal of the Proofs of Claim with prejudice and the Settling Parties' waiver of any further proof of claim or request for payment against the Estate. This reduces the pool of unsecured claims against the Estate by $4,532,000.00 without expending further estate resources on uncertain and expensive litigation.

22. Accordingly, the Trustee believes that the first prong of *Justice Oaks II* is satisfied.

**B. <u>Difficulties, if any, to be Encountered in the Matter of Collection</u>**

23. Millco and Stratigakes are located in Illinois. Any action to recover the Transfers would require the Trustee to **litigate in Illinois or to** domesticate any judgment obtained in this District in Illinois before enforcement. Even if the Trustee were to prevail at trial, the Estate would face material uncertainties concerning collection, including the costs of domestication, Illinois enforcement proceedings, likely legal challenges, and appeals. Any collection effort would entail additional legal expense for the Estate with no assurance of meaningful recovery.

24. Accordingly, the Trustee finds this *Justice Oaks II* factor significant.

**C. <u>Complexity, Expense and Delay Associated with the Litigation</u>**

25. The litigation contemplated by the Estate Claims would be factually and legally complex. The claims rest on a Ponzi scheme theory that would require expert testimony, extensive

document discovery, and depositions of multiple witnesses, many of whom are located in Illinois. The Settling Parties have asserted substantive defenses they would vigorously pursue at trial.

26. Because Millco and Stratigakes are located in Illinois, prosecution of the Estate Claims would require the Trustee to retain Illinois counsel, incur travel expense, and conduct discovery and depositions out of state. These costs are in addition to the expense of expert witnesses and document review.

27. The Estate Claims would also likely be tried to a jury. The Settling Parties have a Seventh Amendment right to a jury trial on the Trustee's legal claims for money damages, and absent the Settling Parties' express consent, the Bankruptcy Court cannot conduct the jury trial. *See* 28 U.S.C. § 157(e). Although the estate has jury trial expertise through Special Counsel, Michael Foster, the proceeding would require attendant jury selection, trial graphics, jury instructions, and deliberation delay. A jury trial adds significant expense, length, and unpredictability to the proceeding beyond what a bench trial would entail, and would be followed by the real possibility of appeal.

28. Accordingly, the Trustee believes this third *Justice Oaks II* factor weighs in favor of approving the settlement.

### D. **<u>Paramount Interest of Creditors and Proper Deference to Their Reasonable Views in the Premises</u>**

29. The Trustee believes this settlement is in the best interests of the Estate and its creditors. The withdrawal of the Proofs of Claim with prejudice eliminates $4,532,000.00 in unsecured claims against the Estate. That reduction is significant consideration. It will materially increase the pro rata distribution to every other unsecured creditor in this case. The settlement also

secures the Settling Parties' waiver of any further proof of claim or request for payment, which eliminates the risk of a late-filed or amended claim and the attendant claim-objection litigation that would otherwise be required to resolve the claims. The settlement brings finality to a complex and uncertain dispute, and avoids the substantial administrative expense that further litigation would impose on the Estate, including the costs of Illinois counsel, out-of-state collection described above, and claim objection litigation.

30. The Trustee engaged in a rigorous analysis of the viability of the claims against the Settling Parties and thereafter engaged in negotiations extending over multiple tolling periods. During the negotiations, the Trustee attempted to obtain cash consideration as part of the settlement, but those efforts were unsuccessful due to the strength of the Settling Parties' defenses and difficulties that would be encountered in collection. More specifically, the Settling Parties are located in Illinois; the Estate Claims would be tried to a jury; the Settling Parties have raised substantial (and viable) good-faith transferee and net-loser defenses that would require full factual development and expert testimony to overcome; and material concerns exist regarding the Settling Parties' ability to satisfy any judgment that might ultimately be obtained. Taking these specific circumstances together, the Trustee's business judgment is that the certain and immediate elimination of $4,532,000.00 in filed unsecured claims and the waiver of any further claim or request for payment represent the maximum reasonably attainable benefit to the Estate under the facts presented, without exposing the Estate to the significant cost, delay, and uncertainty of further litigation.

31. The Trustee has evaluated the settlement, while considering all the factors required by *Justice Oaks II*, and supports its approval by the Bankruptcy Court as the proposed settlement satisfies those factors and is within the best interest of creditors and the Estate.

32. The Trustee believes that the settlement falls above the lowest point of reasonableness.

33. This Motion and proposed form of Order are being noticed to all creditors and interested parties in accordance with Fed. R. Bankr. P. 2002 and 9019 and Local Rule 9013-3(b).

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order substantially in the form attached hereto as ***Exhibit B***: (i) granting this Motion; (ii) compromising the controversy and approving the settlement entered into by and among the Trustee and the Settling Parties; and (iii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 5th day of November, 2026.

**LAW OFFICE OF**
**NICOLE TESTA MEHDIPOUR, P.A.**
*Counsel for Chapter 7 Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880/Fax: (954) 208-0888

BY: *<u>/s/ Nicole Testa Mehdipour</u>*
Nicole Testa Mehdipour
Florida Bar No. 177271
nicolem@ntmlawfirm.com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on November 5, 2026, via the Court's CM/ECF electronic mail notification system, via e-mail, and via U.S. Mail to the Debtor and to all parties as are indicated below, in accordance with the Order Limiting Notice [ECF No. 760].

*/s/ Nicole Testa Mehdipour*
Nicole Testa Mehdipour

***Served via CM/ECF***

- **Eric N Assouline** ena@assoulineberlowe.com, ah@assoulineberlowe.com
- **Paul A Avron** pavron@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com
- **Michael R. Bakst** efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;mbrennan@lippes.com;mbird@lippes.com;jrosaECF@lippes.com;alopezECF@lippes.com;EBakstECF@lippes.com;MBakstECF@lippes.com
- **Zachary J Bancroft** zbancroft@bakerdonelson.com, achentnik@bakerdonelson.com,bkcts@bakerdonelson.com
- **Alan Barbee** abarbee@glassratner.com
- **Marc P Barmat** mbarmat@slp.law, mbarmat@slp.law;dwoodall@slp.law;pmouton@slp.law;mortman@slp.law
- **Gary A Barnes** gbarnes@bakerdonelson.com, mparris@bakerdonelson.com
- **Eyal Berger** eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Oliver M Birman** obirman@pbyalaw.com, eserviceftl@pbyalaw.com
- **Charles Wade Bowden** bowdenw@gtlaw.com, charles-bowden-2484@ecf.pacerpro.com,Tina.Chalkley@gtlaw.com
- **Jerrell A Breslin** Jerry@Breslin.Law, Eservice@Breslin.Law
- **Stephen C Breuer** stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com,mia@breuer.law
- **Melissa A. Campbell** mcampbell@bakerdonelson.com, achentnik@bakerdonelson.com;kwilliams@bakerdonelson.com;bkcts@bakerdonelson.com
- **Rilyn A Carnahan** rcarnahan@lippes.com, efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1094@gmlaw.com;melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3186@gmlaw.com;rilyn_carnahan@yahoo.com;rcarnahan@lippes.com;mbird@lippes.com;rcarnahanECF@l
- **Stanley Quinn Casey** scasey@sqcaseylaw.com
- **Marko F Cerenko** mcerenko@klugerkaplan.com, cgarcia@klugerkaplan.com
- **Carmen Contreras-Martinez** carmen.contreras-martinez@saul.com, aida.mclaughlin@saul.com;litigationdocketing@saul.com
- **Nicolette Corso-Vilmos** nvilmos@bergersingerman.com, efile@bergersingerman.com;efile@ecf.courtdrive.com;fsellers@bergersingerman.com;efile@ecf.courtdrive.com;AFarrington@bergersingerman.com;pcastro@bergersingerman.com
- **Alan R Crane** alan.crane@gray-robinson.com, yesenia.fernandezvivas@gray-robinson.com;glenda.gutstein@gray-robinson.com;alan-crane-

6498@ecf.pacerpro.com;sheree.hurayt@gray-robinson.com;5353572420@filings.docketbird.com;susan.massinger@gray-robinson.com

- **Jonathan T Crane** jonathan.crane@gray-robinson.com, jonathan.crane@gray-robinson.com;yesenia.fernandezvivas@gray-robinson.com;4053367420@filings.docketbird.com;Susan.Massinger@gray-robinson.com
- **Winston I Cuenant** winston@cuenantlaw.com, drabrams620@gmail.com;cn.ecf.mail@gmail.com;info@cuenantlaw.com;jessica.cuenant@gmail.com
- **Marcelo Diaz-Cortes** md@lklsg.com, tms@lklsg.com
- **Mitchell Andrew Dinkin** mdinkin@madlegal.net, lucyd@madlegal.net
- **John D Eaton** jeaton@shawde-eaton.com, sduquesnay@shawde-eaton.com
- **C Craig Eller** celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Jay L Farrow** Jay.Farrow@counselorlawfirm.com
- **G Steven Fender** steven@fenderbollingpaiva.com, simone@fenderbollingpaiva.com
- **Michael Foster** michael@youngfoster.com, karin@youngfoster.com
- **Thomas Joseph Francella** TFrancella@raineslaw.com, thomas-francella-jr-0613@ecf.pacerpro.com;sshidner@raineslaw.com
- **Charles P Gourlis** cgourlis@letolawfirm.com, kzelaya@letolawfirm.com;LLFpleadings@ecf.courtdrive.com
- **Karen Ann Green** ANHSOrlans@InfoEx.com
- **Robert Charles Harris** rharris@bcrhllp.com
- **Travis A Harvey** tharvey@butler.legal
- **Rachel Iacangelo** rachel.e.iacangelo@usdoj.gov, southern.taxcivil@usdoj.gov
- **Dana L Kaplan** dana@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;sarah@kelleylawoffice.com;laurie@kelleylawoffice.com
- **Amanda Klopp** amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Philip J Landau** plandau@landau.law, plandau@ecf.courtdrive.com;dlocascio@landau.law;dlocascio@ecf.courtdrive.com
- **Dennis J LeVine** Theresa.Byington@brockandscott.com, wbecf@brockandscott.com
- **Thomas R. Lehman** trl@lklsg.com, ame@lklsg.com
- **Michael D Lessne** mlessne@lessnehoffman.law, mlessne@ecf.courtdrive.com;lnegron@lessnehoffman.law
- **Matthew P. Leto** mleto@letolawfirm.com, kzelaya@letolawfirm.com,LLFpleadings@ecf.courtdrive.com
- **Mark A Levy** mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com
- **Brett D Lieberman** brett@elrolaw.com, eservice@elrolaw.com;tisha@elbizlaw.com;virginia@elbizlaw.com;denissis@elbizlaw.com
- **James Randolph Liebler** jrlii@lgplaw.com, mkv@lgplaw.com;de@lgplaw.com
- **Nathan G Mancuso** ngm@mancuso-law.com
- **David B Marks** brett.marks@akerman.com, charlene.cerda@akerman.com
- **Nicole Testa Mehdipour** nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
- **Nicole Testa Mehdipour** Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com

- **Lance Bergmann Melamud** LMelamud@grsm.com, aruff@grsm.com
- **James B Miller** bkcmiami@gmail.com
- **Ari Newman** newmanar@gtlaw.com, Melissa.DeLaTorre@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **Leslie S. Osborne** office@rorlawfirm.com, 4275819420@filings.docketbird.com
- **John E Page** jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com;mortman@slp.law
- **Eric S Pendergraft** ependergraft@slp.law, dwoodall@slp.law;mortman@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Hampton Peterson** legalservices@PBCTax.com
- **Lauren G Raines** lraines@bradley.com, jbrandt@bradley.com;lauren-raines-3944@ecf.pacerpro.com
- **Jordan L Rappaport** office@rorlawfirm.com, 1678370420@filings.docketbird.com
- **David A Ray** dray@draypa.com, simone.draypa@gmail.com,cm_ecf_service@ntmlawfirm.com
- **Patricia A Redmond** predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com;dhalperin@stearnsweaver.com;lcruz@stearnsweaver.com
- **Ivan J Reich** ireich@nasonyeager.com, etorres@nasonyeager.com;jheredia@nasonyeager.com;llavander@nasonyeager.com
- **Ricardo A Reyes** rar@tobinreyes.com, rreid@tobinreyes.com;eservice@tobinreyes.com;mhorton@tobinreyes.com
- **Jason S Rigoli** Jason.Rigoli@gray-robinson.com, Yesenia.FernandezVivas@gray-robinson.com;Sheree.Hurayt@gray-robinson.com;Glenda.Gutstein@gray-robinson.com
- **Harry J Ross** hross@hjrlaw.com, paralegal@hjrlaw.com
- **Luis Salazar** lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;JCeide@coleschotz.com;Alee-sin@coleschotz.com;DFernandez@coleschotz.com
- **Theodore Sandler** tsandler@sandlerlawpa.com
- **Jeffrey J Saunders** JJS@crarybuchanan.com, rciarsolo@crarybuchanan.com;r65589@notify.bestcase.com
- **John D. Segaul** john@segaul.com, melissa@segaul.com;segaullawfirmpa@jubileebk.net
- **Zach B Shelomith** zbs@shelomith.law, info@shelomith.law;alt@shelomith.law;agp@shelomith.law;drp@shelomith.law;mpc@shelomith.law;Shelomith.ZachB.B105131@notify.bestcase.com;zshelomith@ecf.inforuptcy.com
- **Avi C. Shoham** avi@egozilaw.com
- **Eric J Silver** esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- **David R Softness** david@softnesslaw.com
- **Christian Somodevilla** Christian.Somodevilla@usdoj.gov, shannon.patterson@usdoj.gov;bridgett.moore@usdoj.gov
- **James B Sowka** jsowka@seyfarth.com, ctholen@seyfarth.com;bankruptcydocket@seyfarth.com;3913483420@filings.docketbird.com
- **Peter D. Spindel** peterspindel@gmail.com, peterspindelcmecf@gmail.com
- **Mark E Steiner** MES@lgplaw.com, pm@lgplaw.com
- **Gavin N Stewart** bk@stewartlegalgroup.com

- **Toni Townsend** toni.townsend@mccalla.com, mccallaecf@ecf.courtdrive.com
- **Steven D Weber** steve@weberlawpa.com, service@weberlawpa.com
- **Paul E Wilson** pwilson@paulwilsonesq.com
- **Thomas G Zeichman** tom@zeichmanlaw.com, g67999@notify.cincompass.com;zeichman.thomasb@notify.bestcase.com;cseaton@zeichmanlaw.com

***Served via E-Mail***

| | |
|---|---|
| AMEX TRS Co., Inc.<br>c/o Becket and Lee LLP | proofofclaim@becket-lee.com |
| Fedex Corporate Services Inc | bankruptcy@fedex.com |
| Geoffrey Thomas Keable | lacaplanlaw@bellsouth.net |
| Chapford Specialty Finance LLC | jmoon@melandbudwick.com |
| A&A Publishing Corp<br>d/b/a The Boca Raton Observer | ralph@bocaratonobserver.com |
| Haley Walker | cpetersen@olivejudd.com |
| First Citizens Bank & Trust Company | staceyrgray@aol.com |
| Jack Brennan | jack.brennan@gray-robinson.com |
| United Healthcare Insurance Company | jayson_ronning@uhc.com |
| Lillian Roberts | lileroberts@gmail.com |
| IPFS Corporation | lisa.chandler@ipfs.com |

***Served via First Class U.S. Mail***

Robert Miller
5215 Old Orchard Rd
Ste 130
Skokie, IL 60077

Franklin Capital Funding, LLC
c/o Patrick R. Dorsey, Esq.
Shraiberg Page, P.A.
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33431

Edward Brown
c/o David B. Marks, Esq.
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301

Michael Halperin
c/o Philip Landau, Esq.
Landau Law, PLLC
3010 N. Military Trail, Suite 318
Boca Raton, FL 33431-6300

BAL Investments, LLC
Melissa A. Campbell, Esq.
200 S. Orange Ave., Suite 2900
Orlando, FL 32801

EAG Wholesale, LLC/OLP EAG, LLC
c/o Simon & Sigalos, LLC
3839 NW 2nd Avenue, Suite 100
Boca Raton, FL 33431-5862

Millco Atwater, LLC
c/o David B. Marks, Esq.
Akerman LLP

The Gori Family Limited Partnership
c/o D. Brett Marks, Esq.
Akerman LLP

201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301

Green Bucket Investments
Aaron Parkinson
6700 N. Andrews Avenue, 3rd Floor
Fort Lauderdale, FL 33309-2204

Edvard Dessalines
c/o Eric S. Pendergraft, Esq.
Shraiberg Page P.A.
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33431

Aaron Parkinson
c/o Jordan Rappaport, Esq.
Rappaport Osborne & Rappaport, PLLC
1300 N. Federal Highway
Boca Raton, FL 33432

Savannah Row Development Company, LLC
Thomas R. Lehman, Esq.
100 S.E. 2nd Street - 36th Floor
Miami, FL 33131

Woodside Credit, LLC
c/o Zach B. Shelomith, Esq.
2699 Stirling Road, Suite C401
Fort Lauderdale, FL 33312-6598

Chapford Specialty Finance LLC
c/o James C. Moon, Esq.
Meland Budwick, P.A.
200 S. Biscayne Blvd., Suite 3200
Miami, FL 33131-5323

Prestige Luxury Cars, LLC
c/o Thomas G. Zeichman, Esq.
2385 Executive Center Drive, Suite 250
Boca Raton, FL 33431-8511

Prestige Luxury Cars, LLC
c/o Thomas G. Zeichman, Esq.
2385 Executive Center Dr., Suite 250
Boca Raton, FL 33431-8511

Edward Brown
c/o Amanda Klopp, Esq.
Akerman LLP
777 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401

201 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301

DCG 2008 Irrevocable Wealth Trust
c/o Ivan J. Reich, Esq.
750 Park of Commerce Blvd., Suite 210
Boca Raton, FL 33487-3611

Peak Finance, LLC
c/o Simon & Sigalos, LLP
3839 NW 2nd Avenue, Suite 100
Boca Raton, FL 33431-5862

Shrayber Land, Inc.
c/o Salazar Law
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

MXT Solutions, LLC
c/o Eric Assouline, Esq.
100 SE 2nd St., Suite 3105
Miami, FL 33131

TVT Direct Funding LLC
65 West 36th Street, 12th Floor
New York, NY 10018-7935

Johnie Floyd Weems, III
c/o Eric S. Pendergraft, Esq.
Shraiberg Page P.A.
2385 N.W. Executive Center Dr., Suite 300
Boca Raton, FL 33431

Edward Brown
c/o Eyal Berger, Esq.
Akerman LLP
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301-4442

TVT Direct Funding LLC
65 West 36th Street, 12th Floor
New York, NY 10018-7935

Millco Atwater, LLC
c/o Eyal Berger, Esq.
Akerman LLP
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301

Millco Atwater, LLC
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301-4442

Savannah Row Development Company, LLC
c/o M.A. Dinkin Law Firm, P.L.L.C.
3319 SR 7, Suite 303
Wellington FL 33449-8147

Millco Atwater, LLC
c/o Amanda Klopp, Esq.
Akerman LLP
777 South Flagler Dr., Suite 1100
West Palm Beach, FL 33401

MXT Solutions, LLC
2101 Interstate 35, 4th Floor
Austin, TX 78741-3800

DCG 2008 Irrevocable Wealth Trust
c/o Kenneth J. Goodman, as Trustee
1001 East Telecom Drive
Boca Raton, FL 33431-4422

Edvard Dessalines
c/o John E. Page, Esq.
Shraiberg Page P.A.
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33431-8530

Edvard Dessalines
6160 Kelty Way
Lake Worth, FL 33467-6117

BAL Investments, LLC
c/o Zachary J. Bancroft, Esq.
Baker Donelson, et al.
200 S. Orange Ave., Suite 2900
Orlando, FL 32801-3448

BAL Investments, LLC
1114 Ashton Trace
Atlanta, GA 30319-2681

Mike Halperin
5820 Harrington Way
Boca Raton, FL 33496-2511

BAL Investments, LLC
Travis A. Harvey, Esq.
400 N. Ashley Dr., Suite 2300
Tampa, FL 33602

Johnie Floyd Weems, III
c/o John E. Page, Esq.
Shraiberg Page, P.A.
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33431

Johnie Floyd Weems, III
1199 S. Federal Highway, Suite 423
Boca Raton, FL 33432-7335

Shrayber Land, Inc.
15700 Dallas Parkway, Suite 11
Dallas, TX 75248-3306

Shrayber Land, Inc.
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Franklin Capital Funding, LLC
c/o Bradley S. Shraiberg, Esq.
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33431-8530

Shrayber Land, Inc.
c/o Joaquin J. Alemany, Esq.
Holland & Knight, LLP
701 Brickell Ave., Suite 3300
Miami, FL 33131-2898

Aaron Parkinson
c/o Frederik Middleton
1361 SW 21st Street
Boca Raton, FL 33486-6646

Aaron Parkinson
1361 SW 21st Street
Boca Raton, FL 33486-6646

IPFS Corporation
30 Montgomery Street, Suite 501
Jersey City, NJ 07302-3821

Woodside Credit, LLC
c/o Christian Somodevilla, Esq.
2 S. Biscayne Blvd., Suite 2200
Miami, FL 33131

Excell Auto Group, Inc.
c/o Kristen Zankl
16937 Pierre Circle
Delray Beach, FL 33446-3693

Scott Zankl
16937 Pierre Circle
Delray Beach, FL 33446-3693

Kristen Zankl
16937 Pierre Circle
Delray Beach, FL 33446-3693

Nicholas Stratigakes
c/o D. Brett Marks, Esq.
Akerman LLP
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301-4442

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

**In re:** **Case No.: 22-12790-EPK**
**Chapter 7**

**EXCELL AUTO GROUP, INC.,**

**Debtor.**
_________________________________/

**SETTLEMENT AGREEMENT AND COMPROMISE OF CONTROVERSY**

**THIS SETTLEMENT AGREEMENT** (this "**Settlement Agreement**" or "**Agreement**") is entered on the Effective Date (as defined below), by and among: (i) **Nicole Testa Mehdipour** ("**Trustee**"), chapter 7 trustee of the estate of Excell Auto Group, Inc.; and (ii) Millco-Atwater, LLC ("**Millco**"), and Nicholas Stratigakes ("**Stratigakes**"). Collectively, the Trustee, Millco and Stratigakes are referred to as the "**Parties**" and each may be referred to as a "**Party**." The Parties hereby stipulate under the following terms and conditions and agree as follows:

**RECITALS**

**WHEREAS**, on April 8, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code,[1] instituting the case styled *In re Excell Auto Group, Inc.*, Case No. 22-12790-EPK (the "**Bankruptcy Case**"), which is currently pending in the West Palm Beach Division of the United States Bankruptcy Court for the Southern District of Florida ("**Bankruptcy Court**").

**WHEREAS**, Nicole Testa Mehdipour was appointed chapter 7 trustee and the § 341 Meeting of Creditors was held and concluded and Nicole Testa Mehdipour is the permanent chapter 7 trustee of this estate (the "**Estate**");

**WHEREAS**, on June 13, 2022, Millco-Atwater, LLC filed in the Bankruptcy Case (i) Proof of Claim No. 11-1, asserting an unsecured claim against the Debtor's estate in the amount of $2,842,000.00, and (ii) Proof of Claim No. 12-1, asserting an unsecured claim against the Debtor's estate in the amount of $1,690,000.00 (collectively, the "**Proofs of Claim**");

[1] 11 U.S.C. §§ 101, *et seq.*

**WHEREAS**, the Debtor's books, records, and bank statements reflect that, during the four years preceding the Petition Date, the Debtor transferred $49,741,194.00 to Millco Atwater LLC ("**Millco Atwater**") and $1,384,068.90 to Nicholas Stratigakes ("**Stratigakes**," and together with Millco Atwater, the "**Settling Parties**") (collectively, the "**Transfers**");

**WHEREAS**, the Trustee asserts that the Transfers are avoidable and recoverable under sections 544, 547, 548, and 550 of the Bankruptcy Code and Chapter 726, Florida Statutes, and that the Debtor was operated as a Ponzi scheme (collectively, the "**Estate Claims**");

**WHEREAS**, the Settling Parties dispute the Estate Claims in their entirety and contend, among other things, that they received the Transfers in good faith and for value and are net losers with respect to the Debtor's operations, and deny any actual or constructive knowledge of any fraudulent purpose;

**WHEREAS**, the Parties wish to avoid the expense, delay, and uncertainty of litigation and have determined that it is in their respective best interests to resolve, fully and finally, all disputes among them relating to the Estate Claims, without any admission of liability or wrongdoing by any Party;

**WHEREAS**, there is a bona fide dispute between the Parties as to their respective claims;

**WHEREAS**, in order to avoid the costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they have now set forth in in this Agreement;

**NOW THEREFORE**, in consideration of the premises, and for such other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree that the foregoing recitals are true and correct statements of fact and incorporated into this Agreement, and further stipulate and agree as follows:

1. **Incorporation of Recitals.** The Parties agree that the above recitals are true and correct and are incorporated into this Agreement.

2. **Settlement Consideration.**

   a. Within ten (10) business days after the entry of the Approval Order, Millco-Atwater, LLC and/or Stratigakes shall file a notice withdrawing Proof of Claim Nos. 11-1 and 12-1, and any amendments, with prejudice, and shall take any further action reasonably necessary to ensure that all of their Proofs of Claim are expunged from the claims register and receive no distribution from the estate.

   b. Millco-Atwater, LLC and Stratigakes represent and acknowledge that the claims referenced in paragraph 2(a) are the only claims that have been filed or asserted by the Settling Parties against the Debtor or the Debtor's estate.

c. The Settling Parties agree that they shall not file any further proof of claim or request for payment of any kind against the Debtor's estate, and that any such claim is hereby waived and shall be disallowed.

d. In consideration of the Settling Parties' withdrawal of the Proofs of Claim and their waiver and release of the Released Estate Claims as set forth in paragraphs 2(a) through 2(c) and in the releases below, the Trustee agrees to the covenants and forbearance set forth herein; and in consideration of the Trustee's covenants and forbearance, the Settling Parties agree to the foregoing obligations and the releases below. The Parties acknowledge that these mutual promises constitute adequate and sufficient consideration for this Agreement.

e. The Parties agree to the releases set forth herein.

3. **Bankruptcy Court Approval.** The Parties agree that the enforceability of this Agreement is subject to and conditioned upon the Bankruptcy Court entering a final, non-appealable order approving the Parties' Agreement set forth herein (the "**Approval Order**"). The Trustee agrees to file a Rule 9019 motion to approve this Agreement as required by the Court (the "**9019 Motion**") and to obtain such Approval Order. For purposes of this Settlement Agreement, the term "Approval Order" means an order entered by the Bankruptcy Court, the implementation, operation, or effect of which has not been stayed and as to which order (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing or writ of certiorari has expired and as to which no appeal or petition for review or rehearing or certiorari has been taken and is pending. Should the Bankruptcy Court deny approval of the settlement contained within this Agreement, this Agreement shall be deemed null and void, including the validity of all instruments executed by any of the Parties pursuant to this Agreement.

4. **Releases.** In exchange for the consideration identified above and the performance of the obligations undertaken by this Agreement, the Parties, and each of them, agree to the following:

a. **Trustee's Release of Millco-Atwater, LLC, Nicholas Stratigakes, and Robert Miller.** Except for the obligations contained in this Agreement, and upon the Approval Order becoming final and non-appealable, the Trustee on behalf of the Estate absolutely, forever, and fully, generally and specifically, remises, releases, acquits, and discharges **Millco-Atwater, LLC, Nicholas Stratigakes, and Robert Miller,** and their present and former members, managers, officers, directors, employees, agents, representatives, estates, heirs, personal representatives, and executors (the "**Millco/Stratigakes Parties**") from any and all claims, demands, obligations, losses, actions, causes of action, damages, suits, debts, covenants, contracts, controversies, agreements, promises, claims, penalties, costs, expenses, attorneys' fees, and liabilities, whether known or unknown, suspected or unsuspected, fixed or contingent, matured or unmatured, with respect to, pertaining to, or arising from any matters, acts, omissions, events,

conduct, agreements, contracts, or occurrences from the beginning of time through the Effective Date, including, but not limited to, any claims asserted or that could have been asserted against the Millco/Stratigakes Parties by the Debtor, the Trustee or the Estate at any time prior to the execution of this Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Bankruptcy Case or any associated adversary proceeding, including, but not limited to, causes of action under Chapter 5 or any other chapter of the United States Bankruptcy Code, and any other claims and causes of action by or on behalf of the Debtor, the Trustee, the Estate, or that the Trustee has standing to pursue on behalf of the Estate. The Trustee acknowledges that she or her attorneys may hereafter discover facts different from or in addition to the facts that they now know or believe to be true as to the subject matter of this Agreement, that it is the Trustee's intention to hereby fully and finally release the claims set forth in this paragraph, and that notwithstanding the discovery of any such different or additional facts, omissions, events, conduct, agreements, contracts, or occurrences at any time from the beginning of time through the Effective Date of this Agreement, including, without limiting the generality of the foregoing provisions, any and all causes of action, claims, or remedies referred to or based upon facts that could have been brought by the Debtor, the Trustee, or the Estate. Notwithstanding the foregoing, the release granted in this paragraph to any present or former member, manager, officer, director, employee, agent, or representative of Millco-Atwater, LLC, Nicholas Stratigakes, or Robert Miller (each, a "Related Person") is expressly limited to claims and causes of action against such Related Person that arise out of or relate to Millco-Atwater, LLC's, Nicholas Stratigakes's, or Robert Miller's dealings or transactions with the Debtor, including the Transfers and the Estate Claims. Nothing in this Agreement releases, waives, discharges, or impairs any claim, cause of action, right, or remedy of the Trustee, the Estate, or the Debtor against any Related Person in any other capacity, including, without limitation: (i) claims arising from any separate transaction, transfer, loan, advance, or other dealing between such Related Person (individually or on behalf of any entity other than Millco-Atwater, LLC) and the Debtor; (ii) any proof of claim filed or assertable by such Related Person against the Estate; and (iii) any avoidance or recovery claim against such Related Person under Chapter 5 of the Bankruptcy Code or Chapter 726, Florida Statutes, with respect to transfers other than the Transfers.

b. **<u>Millco-Atwater, LLC's, Nicholas Stratigakes', and Robert Miller's Release of Trustee and Estate</u>.** Except for the obligations contained in this Agreement, and upon the entry of the Approval Order, Millco-Atwater, LLC, Nicholas Stratigakes, and Robert Miller, including their agents, associates, independent contractors, consultants, employees, employers, directors, officers, shareholders, partners, members, joint ventures, subsidiaries, parent companies and parent entities, successors or predecessor companies, entities, estates, representatives, administrators,

attorneys, accountants, insurers, heirs, executors and assigns (collectively, the "**Millco/Stratigakes Releasors**") hereby absolutely, forever, and fully, generally and specifically, release and discharge Trustee, including her attorneys, accountants, estates, executors, administrators, successors in interest and assigns in their capacity as such, and the Estate (collectively, the "**Trustee Affiliated Parties**," and together with the **Millco/ Stratigakes Parties**, the "**Affiliated Parties**") from any and all claims, whether allegedly due or owing in the past, present or future and whether based upon contract, tort, statute or any other legal or equitable theory of recovery, and whether known or unknown, suspected or unsuspected, fixed or contingent, matured or unmatured, with respect to, pertaining to, or arising from any matters, acts, omissions, events, conduct, agreements, contracts, or occurrences from the beginning of time through the Effective Date between and among the Trustee or the Estate and the Millco/Stratigakes Releasors.

5. **<u>Notices</u>.** All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

**Counsel**
**For Millco-Atwater, LLC**
**and Nicholas Stratigakes:**

D. Brett Marks, Esquire Akerman LLP
201 E. Las Olas Blvd. Ste 1800 Fort
Lauderdale, FL 33301-4442

**Robert Miller:**

5215 Old Orchard Rd
Ste 130
Skokie, IL 60077

**Trustee/Counsel:**

Nicole Testa Mehdipour, Esquire
6278 North Federal Highway,
Suite 408 Fort Lauderdale, FL
33308
nicolem@ntmlawfirm.com

6. **<u>Advice of Counsel</u>.** This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel (if applicable) and reflects the conclusion of the Parties that this Agreement is in the best interests of the Parties. The Parties acknowledge that they have been represented by counsel of their own choice (or had the opportunity to do so) in the negotiations leading up to the execution of this Agreement,

that they have read this Agreement, have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the agreement, and understand the terms and provisions of this Agreement. Each Party further represents that they are entering into this Agreement freely and voluntarily, relying solely upon the advice of their own counsel (if applicable), and not relying on the representation of any other Party or of counsel for any other Party. The Parties confirm by their signatures to this Agreement that they have been fully advised by independent counsel (or had the opportunity) with respect to the terms of this Agreement and execute it voluntarily and with full knowledge of its terms and conditions.

7. **No Admission.** This Agreement shall not be construed against either party as an admission of liability, wrongdoing, or concession of any matters. Instead, the Parties are entering into this Settlement Agreement, all in an effort to avoid the time, expense and uncertainty associated with litigation Each of the Parties understands and agrees that this Agreement and the settlement provided for herein are intended to compromise disputed claims and defenses, to avoid litigation, and that this Agreement, and the settlement provided for herein, shall not be construed or viewed as an admission by any Party of any liability or wrongdoing, such liability being expressly denied.

8. **Integration.** This Agreement represents the entire understanding and agreement between the parties hereto with respect to subject matter hereof. The Parties acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Agreement are, upon the execution and delivery of this Agreement, superseded, null and void.

9. **Severability.** Except as otherwise set forth herein, if any clause, provision, or paragraph of this Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Agreement, and this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

10. **Choice of Law.** This Agreement is made and entered into within and shall be governed and controlled by, construed, interpreted and enforced in accordance with the laws of the State of Florida, to the extent state law is applicable, and the United States Bankruptcy Code, without regard to Florida's choice of law rules.

11. **Enforcement and Retention of Jurisdiction.** Each of the Parties may enforce this Agreement as a valid contract and may obtain any lawful remedy including injunctive relief enforcing the Agreement. Each of the Parties irrevocably agrees that the Bankruptcy Court has sole and exclusive jurisdiction over the enforcement and interpretation of this Agreement and shall retain sole and exclusive personal and subject matter jurisdiction to interpret, enforce and implement the terms of this Agreement and resolve any and all disputes between the Parties regarding the Agreement.

12. **Amendments.** No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless made in writing, signed by the party to be charged

and then only to the extent as set forth in such written waiver, modification, or amendment.

13. **Attorneys' Fees.** Each Party shall bear its own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Agreement. In the event of any litigation to enforce this Agreement, the prevailing party, as determined by a court of competent jurisdiction, shall be entitled to all fees, costs and expenses incurred by the prevailing party in connection with the enforcement and litigation of this Agreement if breached by any Party, including, but not limited to, all reasonable related attorneys' fees, court costs and expert witness fees, whether incurred prior to litigation, during litigation or post-litigation and including bankruptcy, mediation, appeal, or arbitration proceedings.

14. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which, when read together with the signatures of those Parties signing other counterparts, shall be deemed to be a complete and original copy. Delivery of an executed signature page to this Agreement by email (pdf) shall be effective as delivery of an originally executed signature page to this Agreement.

15. **Neutral Interpretation.** In the event a dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

16. **Authority.** Each of the Parties to this Agreement represents and warrants that it is duly authorized to execute and enter into this Settlement Agreement and that the person through whom each Party executes this Agreement is fully and duly empowered and authorized to execute it on the respective Party's behalf.

17. **No Third-Party Beneficiaries.** Nothing in this Agreement, express or implied, is intended or shall be construed to confer upon, or give to, any entity other than the Parties hereto and their respective successors, Affiliated Parties, and assigns, any right, remedy or claim under or by reason of this Agreement or any covenant, condition or stipulation hereof, and the covenants, stipulations and agreements contained in this Agreement are and shall be for the sole and exclusive benefit of the Parties hereto and their respective Affiliated Parties. It is expressly understood between the Parties that nothing in this Agreement is intended to in any way prejudice or limit any Party's ability to pursue any claims available to her or it against any other persons or entities, and that no release or waiver provided in this Agreement shall be construed to release or waive any such claims except as to those Parties and their respective Affiliated Parties. Except as provided in this Agreement, the Parties reserve all rights to pursue claims against any parties other than the Parties and their respective Affiliated Parties, including, without limitation, claims for fraudulent transfer, preferential transfer, or any other claims available to the Trustee under bankruptcy law or state law. Nothing in this Settlement Agreement shall be construed to release or waive any claims

or defenses that the Settling Parties may have against any non-party to this Agreement other than the Affiliated Parties under applicable bankruptcy or non-bankruptcy law.

18. **Headings.** The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

19. **Effective Date.** This Agreement shall become effective on the date that the last Party signs this Agreement (the "**Effective Date**").

**IN WITNESS WHEREOF**, the Parties, have each caused this Agreement to be executed by themselves or by their duly authorized representatives on the dates set forth below with a full and complete understanding of the terms hereof.

| | |
|---|---|
| By: ______<br>Nicole Testa Mehdipour, Trustee of the estate of Excell Auto Group, Inc.<br><br>Date: 10/13/26 | ______<br>By: Millco-Atwater, LLC<br><br>______<br>Authorized representative<br><br>Date: 10/15/26 |
| | By: ______<br>Nicholas Stratigakes, individually<br><br>Date: 10/15/26 |
| | By: ______<br>Robert Miller, individually<br><br>Date: 10/15/2026 |

**EXHIBIT B**
**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

**In Re:** **Case No.: 22-12790-EPK**
**Chapter 7**

**EXCELL AUTO GROUP, INC.,**

**Debtor.**
______________________________________/

**ORDER GRANTING MOTION TO COMPROMISE CONTROVERSY WITH MILLCO-ATWATER, LLC AND NICHOLAS STRATIGAKES**

THIS MATTER came before the Court without a hearing upon the *Motion to Compromise Controversy with Millco-Atwater, LLC and Nicholas Stratigakes* [ECF No. ____] (the "**Motion**"), filed by Nicole Testa Mehdipour, Chapter 7 Trustee. The movant by submitting this form of order has represented that the motion was served on all required parties; the 21-day response time provided by Local Rule 9013-3(b) has expired; no one has filed, or served on the movant, a

response to the motion; and this form of order was attached as an exhibit to the motion. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The terms of the Settlement Agreement as set forth in the executed written settlement agreement attached as **Exhibit A** to the Motion are **APPROVED** in their entirety and incorporated into this Order by reference.

3. Nothing in this Order shall be construed to modify or amend the terms of the settlement as memorialized in the Settlement Agreement.

4. The Court reserves jurisdiction to enforce the terms of this Order and the Settlement Agreement.

###

*Submitted by:*
Nicole Testa Mehdipour, Esquire
***LAW OFFICE OF NICOLE TESTA MEHDIPOUR, P.A.***
6278 North Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Dir: (954) 302-5937
Fax: (954) 208-0888
E-mail: nicole.mehdipour@ntmlawfirm.com

*(Nicole Testa Mehdipour, Esquire must serve a copy of this order on all parties entitled to notice thereof and file a certificate of service as required by Local Rule 9036-2.)*