**ORDERED in the Southern District of Florida on November 24, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

Debtor.
_______________________________/

Case No. 22-12790-EPK

Chapter 7

**ORDER APPOINTING SETTLEMENT JUDGE**

Pursuant to 28 U.S.C. § 651 and Local Rule 9019-2(c)(2), the parties to a pre-suit dispute have requested the appointment of a settlement judge to preside over a judicial settlement conference. Accordingly, it is

**ORDERED** that:

1. United States Bankruptcy Judge Paul G. Hyman, Jr. (the "Settlement Judge") is appointed as a settlement judge to assist in resolving disputes between or among (i) Nicole Testa Mehdipour, Chapter 7 trustee, on the one hand, and (ii) Miles Early, Jane Early, Early Florida Investments Inc., MMS Ultimate Services, Inc., and Restoration Management 2013, Inc., on the other hand. The Settlement Judge may add or drop parties that must participate in the settlement process. Each party added to the settlement process by the Settlement Judge is also bound by the terms of this Order. Each party is authorized and directed to take all

steps necessary or appropriate regarding scheduling, preparing, and participating in settlement conferences with the Settlement Judge.

2. To schedule a settlement conference, the parties are directed to follow the procedures on the Settlement Judge's webpage: https://www.flsb.uscourts.gov/judges/judge-paul-g-hyman-jr-recall. The Settlement Judge will enter a *Notice to Parties Participating in Judicial Settlement Conference*. The parties are bound by all provisions of that notice, which is incorporated in full in this Order.

3. The appointment of the Settlement Judge and related processes **DO NOT DELAY OR STAY** any otherwise applicable discovery deadlines, pretrial hearing dates, briefing schedules, or trial schedules, unless separately ordered by this Court.

4. Fed. R. Bankr. P. 7016, incorporating Fed. R. Civ. P. 16(c)(2)(I), applies to all matters that are the subject of this Order.[1] The appointment of the Settlement Judge is an assignment of the subject matters by the presiding judge to the Settlement Judge solely for the purpose of convening "pretrial conferences" with a goal to reach a settlement. The Settlement Judge is appointed because of their judicial position as a United States Bankruptcy Judge and acts in such capacity. By serving as a settlement judge, the Settlement Judge performs judicial duties.[2] Accordingly, the Settlement Judge and all judiciary employees assisting the Settlement Judge have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections accorded to a United States Bankruptcy Judge and to judiciary employees, regarding any matters arising from or related to the Settlement Judge's role as settlement judge.

5. By participating in the settlement process, all parties automatically:

   a. waive and are unable to assert against the Settlement Judge or any judiciary employees assisting with the settlement process any claims or causes of action that arise from or relate to the settlement process; and

   b. waive and are unable to seek to compel from the Settlement Judge or from any judiciary employees assisting with the settlement process any oral or written testimony, document production (including, without limitation, regarding any records, reports, summaries, notes, communications, or other documents received or made by the Settlement Judge or any judiciary employees

[1] *See* Fed. R. Bankr. P. 9014(c); Local Rule 9014-1(b).
[2] *See* Local Rule 7016-1, 9014-1(b), 9019-2(d).

while serving in such capacity), or other participation whatsoever in any judicial, arbitral, or other proceeding of any kind.

The Settlement Judge may, in the Settlement Judge's sole discretion, require that the parties sign an agreement memorializing the above understandings, among other provisions, before agreeing to serve as a settlement judge.

6. Pursuant to 28 U.S.C. § 652(d), all documents created for the settlement process and statements by the parties, attorneys, the Settlement Judge, any judiciary employees, or other participants that are presented or made during the settlement process will in all respects be privileged, not reported, not recorded, not placed into evidence, not made known to the Court, and not construed for any purpose as an admission. Notwithstanding the foregoing, with the consent of all parties to a judicial settlement conference, the Settlement Judge may memorialize the resolution at a judicial settlement conference using the recording capabilities of a video communications platform or other recording medium.

7. No party is bound by any statement made or act taken during the settlement process unless a settlement is reached by the parties. If a settlement is reached, the settlement terms must be reduced to writing or memorialized using the recording capabilities of a video communications platform or other recording medium.

8. The Court has and retains exclusive jurisdiction and power regarding all matters arising from or related to this Order and the Settlement Judge's role as settlement judge.

###

Submitted by:

Jason S. Rigoli, Esq.
GrayRobinson, P.A.
2255 Glades Road, Suite, 301E
Boca Raton, FL 33431
(561) 368-3808
Jason.Rigoli@gray-robinson.com

*Jason S. Rigoli must serve a copy of this order on all parties required to participate in the judicial settlement conference and must file a certificate of service if required by Local Rule 9036-2.*