**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:** **Case No: 22-12790-EPK**
**Chapter 7**

**EXCELL AUTO GROUP, LLC,**

**Debtor(s).**
_______________________________________/

**NOTICE TO PARTIES PARTICIPATING IN**
**JUDICIAL SETTLEMENT CONFERENCE**

**JASON S. RIGOLI, ESQ** SHALL SERVE A COPY OF THIS NOTICE ON ALL COUNSEL WHO ARE NOT RECIPIENTS OF THIS NOTICE VIA CM/ECF, AND SHALL FILE A CERTIFICATE OF SERVICE OF THE SAME.

**COUNSEL FOR EACH PARTY SHALL DELIVER A COPY OF THIS NOTICE TO THEIR CLIENT AND CLIENT REPRESENTATIVE**

You are receiving this Notice because you or a party you represent agreed to participate in a judicial Settlement Conference. The presiding judge in the above captioned matter (the "Presiding Judge") may have entered an order directing you and other parties to attempt to negotiate a settlement of disputes arising in or related to the above captioned matter. You and the other parties selected the Hon. Paul G. Hyman, United States Bankruptcy Judge, to assist you in settlement negotiations.

**BY ATTENDING AND/OR PARTICIPATING IN THE PRE-SETTLEMENT CONFERENCE CALL AND THE SETTLEMENT CONFERENCE, IN ADDITION TO ANY ORDER ENTERED IN THE ABOVE CAPTIONED MATTER GOVERNING THE SETTLEMENT CONFERENCE, EACH PARTY AND EACH PARTY'S REPRESENTATIVES, AGENTS AND ADVISORS, ARE ADVISED AND AGREE AS FOLLOWS**:

1. **Failure to Comply. The failure to completely comply with any requirement provided in this notice shall result in cancellation of the Pre-Settlement Conference Call and the Settlement Conference, and shall result in an award of attorney's fees.**

2. **Good Faith Attempt to Settle**. The parties agree and consent that all disputes between them, whether or not arising in the above captioned matter, will be addressed as part of the Settlement Conference. Each party shall make a good faith attempt to negotiate a global settlement of the disputes arising among the

parties involved in the Settlement Conference.

3. **<u>Conduct of Settlement Conference; Role of Judge Hyman as Settlement Judge</u>**. Judge Hyman is not the Presiding Judge in this matter. While Judge Hyman is acting in his official capacity as a Bankruptcy Judge while assisting the parties, he will have no involvement whatsoever in deciding any issue in the above captioned matter addressed in the Settlement Conference. Judge Hyman's role is to facilitate the settlement discussions among the parties in an attempt to assist the parties in reaching a global settlement of their disputes and, if this is not possible, to assist in narrowing the issues for hearing before the Presiding Judge. The Settlement Conference will be conducted in confidence, and no transcript, audio or video recording, or formal record will be made unless you are notified otherwise. Only Judge Hyman as Settlement Judge, the Court's staff, the parties, and the parties' representatives, attorneys and advisors will be permitted to be present in the Zoom conference during the Settlement Conference. While Judge Hyman typically conducts a Settlement Conference in the same manner as a mediation, the Settlement Conference differs from a traditional mediation in that Judge Hyman, as Settlement Judge, may provide his personal views on the claims and positions of the parties. Any settlement agreement reached as a result of the Settlement Conference will be a consensual agreement entered into by the parties voluntarily. It is not possible to accurately estimate how long a Settlement Conference will last. However, all attorneys and party representatives shall be in attendance without any interruptions from the start of the Settlement Conference until 6:00 p.m., unless Judge Hyman otherwise agrees.

4. **<u>Authority to Execute Agreement</u>**. Each of the individuals who is a party or who appears on behalf of any party represents and warrants that he or she has full power and authority to execute this Agreement on behalf of the Party on whose behalf he or she participated or appeared.

5. **<u>Using Zoom Communications, Inc.</u>** Unless the parties are noticed otherwise at the Pre-Settlement Conference Call, both the Pre-Settlement Conference Call and the Settlement Conference will be conducted using Zoom Communications, Inc.

   **All participants must register for a Zoom account (participants may choose to either enter into the offered Free Trial or purchase a paid account) no later than five (5) working days prior to the date set for the Pre-Settlement Conference Call. When registering for Zoom, the parties must ensure their full legal name appears on the video. Zoom invitations will be sent out to all participating parties.** It is possible that the Pre-Settlement Conference Call or the Settlement Conference will be continued. If Judge Hyman advises you that the Settlement Conference is in person, all other provisions of this notice shall be effective.

6. **<u>Pre-Settlement Conference Call via Zoom</u>**. Judge Hyman finds that a Pre-

Settlement Conference Call with **just counsel** is productive and expedites the conference at the outset. The Pre-Settlement Conference Call will be held, unless the parties are noticed otherwise:

**Date:** **December 4, 2026**
**Time:** **2:00 pm**
**Location:** video conference only using Zoom Communications, Inc.

Contact Dawn Leonard, Courtroom Deputy, at (561) 514-4143 or email at pgh_jsc@flsb.uscourts.gov with any questions.

Generally, the Pre-Settlement Conference Call will take the place of opening statements. Therefore, the attorneys should plan on the call taking one hour, and the lead attorney who shall appear for the client at the Settlement Conference must appear at the Pre-Settlement Conference Call and be prepared to answer any question and discuss any aspect of the case or their client's legal or factual assertions.

7. **Scheduling the Judicial Settlement Conference. At the Pre-Settlement Conference Call, Judge Hyman will schedule the judicial Settlement Conference. The judicial Settlement Conference will commence within 60 days after the Pre-Settlement Conference Call. Before attending the Pre-Settlement Conference Call, counsel must consult with their clients and opposing counsel to determine possible dates within that timeframe in which they wish and are able to conduct the judicial Settlement Conference. Counsel must come to the Pre-Settlement Conference Call prepared to schedule the judicial Settlement Conference.**

8. **Pre-Settlement Conference Demand and Offer**. The Settlement Conference is more likely to be productive if the parties exchange written settlement proposals prior to the conference. Accordingly, unless Judge Hyman agrees otherwise, **at least seven (7) days prior to the Pre-Settlement Conference Call**, **counsel for the plaintiff/movant** shall submit to counsel for the defendant/respondent a written settlement demand, including an itemization of damages (if appropriate) and a brief explanation as to why such a settlement is appropriate. **No later than four (4) days prior to the Pre-Settlement Conference Call, counsel for the defendant/respondent** shall submit to counsel for the plaintiff/movant a written settlement offer with a brief explanation as to why such a settlement is appropriate. **If there are more than two parties**, each party shall deliver a settlement demand or offer as appropriate under the circumstances. All parties shall e-mail Judge Hyman any oral or written settlement proposal exchanged pursuant to this paragraph.

None of the foregoing documents shall be filed in the above captioned matter or otherwise made a part of the record in such matter. On occasion, this process leads directly to settlement.

9. **Settlement Conference Statements and Supporting Documents**. Judge Hyman finds that Settlement Conference Statements are instructive and allow time spent during the conference to be more constructive. Each party shall prepare and exchange a Settlement Conference Statement setting forth the relevant positions of the party concerning factual issues, issues of law, and relief sought including damages (if appropriate).

   a. **Confidentiality**. All parties should be aware that neither the contents of the Settlement Conference Statements nor any portions thereof will be treated as confidential within the context of the Settlement Conference process. (Federal Rule of Evidence 408 and Florida Statute Chapter 44 will govern the confidentiality of Settlement Conference Statements after the Settlement Conference.) Judge Hyman may hold private sessions with one Party at a time. These private sessions or "caucuses" are designed to improve Judge Hyman's understanding of the Party's position. Information gained through the caucus may be disclosed by Judge Hyman to any other Party unless the Party disclosing such information instructs Judge Hyman not to disclose such information to another Party or Parties.

   b. **Content of Settlement Conference Statements**. The Settlement Conference Statements should include at a minimum: (i) a short concise statement of the relevant facts not in dispute; (ii) a short statement of the facts that are subject to dispute; (iii) the operative law(s) that you believe are at issue; (iv) the strengths and weaknesses of your case and anything that may inhibit or prevent a settlement being reached by the parties. However, please do not include string cites or citations of basic well established case law. Additionally, if there are any operative pleadings of record, please provide the docket entry numbers for review online via CM/ECF. For any online pleadings that you cite, you must also include a docket entry for any countervailing pleadings on the same issue. The Settlement Conference Statements shall set out the settlement negotiation history of the matter including any specific demands and offers previously conveyed and any demands and offers conveyed as a result of this notice.

   c. **Format of Settlement Conference Statements**. The Settlement Conference Statements shall be submitted in pdf format, be typed in 14-point Times New Roman font, shall be double-spaced, and **shall not exceed fifteen (15) pages in length with each page being numbered, inclusive of any court opinions and supporting documents.** Judge Hyman will not read Settlement Conference Statements that fail to conform to these requirements.

   d. **Submission of Settlement Conference Statements. No later than 5:00 p.m. on November 27, 2026, the parties shall e-mail the Settlement Conference Statements to Judge Hyman at paul_hyman@flsb.uscourts.gov** and copy pgh_jsc@flsb.uscourts.gov and

simultaneously provide copies to all counsel of record involved in the Settlement Conference. For those submitting a joint statement, please indicate all counsel who will be joining in. None of the foregoing documents shall be filed in the above-captioned matter or otherwise made a part of the record in such matter. Failure to timely supply Judge Hyman with the requested Settlement Conference Statements will result in cancelation of the Settlement Conference. Judge Hyman will promptly report any such failure (including the identity of the relevant party or parties) to the Presiding Judge and recommend that the Presiding Judge award to any complying parties their attorney fees and expenses should the Settlement Conference be canceled as a result of the failure of any party to comply with this paragraph.

e. **Multiple Attorneys or Firms.** If multiple attorneys or firms represent the same client and/or are co-counsel for a particular client, each attorney MUST either file a separate Settlement Conference Statement or be listed as an attorney in the signature space of the Settlement Conference Statement for the client if they wish to participate in the Pre-Settlement Conference Call, the Settlement Conference, or the Settlement Conference process.

10. **Attendance of Parties Required**. Each party shall attend the Settlement Conference Call only by Zoom as stated in this Notice, or through a duly authorized representative with complete authority to negotiate and execute a settlement agreement in such person's discretion.

**JUDGE HYMAN DOES NOT ALLOW ANY PERSON TO APPEAR BY TELEPHONE EXCEPT IN EXTRAORDINARY CIRCUMSTANCES, EVEN IF TELEPHONE PARTICIPATION IS APPROVED BY THE PRESIDING JUDGE.**

**NO PARTY IS ENTITLED TO HAVE ANOTHER PERSON APPEAR INSTEAD OF THE PARTY UNDER A POWER OF ATTORNEY, UNLESS EXPRESSLY PERMITTED BY JUDGE HYMAN, WHICH WILL NOT BE GRANTED EXCEPT IN EXCEPTIONAL CIRCUMSTANCES SUCH AS WHEN THE PARTY IS INCAPACITATED.**

If the party is an individual, that person must attend the Settlement Conference.

If the party is a corporate, government, or other organizational entity, the party must have a person attend who is fully authorized to negotiate and execute a settlement agreement on the party's behalf.

Without limiting the foregoing, if a party is a defendant/respondent, the party's representative must have final settlement authority to commit the

organization to pay, in the representative's own discretion, a settlement amount up to the plaintiff/movant's prayer for relief. Without limiting the foregoing, if a party is a plaintiff/movant, the party's representative must have final authority, in the representative's own discretion, to authorize dismissal of the matter with prejudice, or to accept a settlement amount equal to the defendant/respondent's last offer.

If a party to the Settlement Conference is a public entity, including a federal agency or an entity required to conduct its business pursuant to Chapter 286, Florida Statutes, that party shall be deemed to appear at the Settlement Conference by the presence of a representative, via Zoom, with full authority to settle on behalf of the entity.

Any insurance company that is a party or that is contractually required to defend or to pay damages (if any) assessed within its policy limits in the matter to be addressed during the Settlement Conference must be present through a duly authorized representative, appearing via Zoom, with final settlement authority to commit the company to pay, in the representative's own discretion, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. The parties and their counsel are responsible for timely advising any involved non-party insurance company of the requirements of this notice.

The purpose of these requirements is to have in attendance a representative for each party who has the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to reach settlement during the conference without consulting someone else who is not present. Having a party with authority available by telephone is **<u>not</u>** an acceptable alternative as it is impossible for a party who is not present to appreciate the negotiation process and the reasons that may justify a change in one's perspective toward settlement. In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with these requirements, said counsel shall immediately discuss the circumstance with opposing counsel to resolve the issue well before the Settlement Conference. Counsel shall request a teleconference with Judge Hyman and all parties and counsel of record involved in the Settlement Conference by contacting Dawn Leonard, at (561) 514-4143, if such circumstances exist.

If any required person described above fails to attend the Settlement Conference, the Settlement Conference will be canceled or rescheduled. <u>Judge Hyman will promptly report such facts (including the identity of the person or persons) to the Presiding Judge and recommend that the Presiding Judge assess costs and expenses, and additional sanctions, against any non-complying party, attorney, or both.</u>

11. **<u>Confidentiality</u>**. Consistent with Federal Rule of Evidence 408 and Florida Statute Chapter 44, the content of and the discussions occurring during the

Settlement Conference are to be kept confidential. All persons involved in the Settlement Conference will keep confidential and not use for any collateral or ulterior purpose:

a. any views expressed or suggestions or proposals for settlement made by a party in the course of the Settlement Conference;

b. any views expressed or suggestions or proposals for settlement made by Judge Hyman in the course of the Settlement Conference;

c. the fact that a party had or had not been willing to accept a proposal for settlement made during the Settlement Conference; and

d. all information (whether oral or in writing) produced for or arising in relation to the Settlement Conference, unless such information is otherwise discoverable under applicable rules of evidence.

All attorney work product relating to the Settlement Conference (including anything stored electronically) and any other information produced for, or arising in relation to, the Settlement Conference shall be privileged, and shall not be admissible as evidence or discoverable in any legal proceedings except (i) as directly necessary to implement and enforce any settlement agreement resulting from the Settlement Conference, and (ii) as provided in this notice.

All documents used or created in the Settlement Conference (the "Settlement Conference Documents") are not to be used by any party or their respective representatives in any legal proceedings save for such documents that are/were in the possession or custody of such party prior to the Settlement Conference or are obtained by such party legitimately other than through the Settlement Conference process. In respect of the Settlement Conference Documents, any existing restrictions on the use of such documents and/or any prevailing law, rule or court order applicable to such documents, are to remain in effect. The Settlement Conference is not to be taken as waiving or in any way affecting any such restriction, law, rule or court order unless expressly agreed to in writing by the relevant party or parties.

Written materials submitted to Judge Hyman and Judge Hyman's notes will be destroyed after the conclusion of the Settlement Conference.

The parties will not call Judge Hyman (or the Court's staff) as a witness, consultant, arbitrator, or expert in any proceedings in relation to the disputes presented as part of the Settlement Conference. **The parties are encouraged to consult with counsel regarding the foregoing agreements relating to confidentiality and admissibility. Judge Hyman does not provide legal advice to the parties, and the parties are not entitled to rely upon anything Judge Hyman says during the Settlement Conference as legal**

**advice. Judge Hyman makes no representation regarding the enforceability of the provisions of this notice among the parties.**

12. **<u>Potential Questions to be Addressed During Pre-Settlement Conference Call and/or the Settlement Conference</u>**. The parties should review the following questions well prior to the Pre-Settlement Conference Call and the Settlement Conference, and be prepared to discuss each topic at the Pre-Settlement Conference Call and the Settlement Conference. This is not intended to be an exhaustive list of potential topics for discussion.

a. Which facts are disputed and which facts are not disputed?

b. What issues need to be resolved, whether or not before the Presiding Judge?

c. What legal arguments support your position? What case law can you cite to support your argument?

d. Do you understand the opposing party's view of the case? Do you dispute their factual assertions? What are their legal arguments? What cases support their position?

e. What remedies are available through litigation or otherwise?

f. Is there the possibility for a creative resolution of the dispute, not otherwise available through decision by the Presiding Judge?

g. Do you have adequate information and/or documents to discuss settlement? If not, how will you obtain sufficient information and/or documents to make a meaningful settlement discussion possible?

h. Are there outstanding liens? Do we need to include a representative of the lien holder?

i. What are the alleged damages and how were they calculated?

j. Is any party seeking relief other than monetary damages?

k. Are there collectability issues in this matter?

l. Are there any issues that will inhibit or prevent the parties from reaching a settlement?

13. **<u>Involvement of Clients</u>**. For many clients, this will be the first time they participate in a court supervised Settlement Conference. Therefore, counsel shall provide a copy of this Notice to each client and client representative and shall discuss the issues addressed herein with their clients prior to the Settlement

Conference.

14. **Settlement Agreement**. The parties are responsible for drafting the final, negotiated settlement agreement, if any. If there is a dispute concerning the terms or interpretation of any settlement agreement or term sheet, the parties shall schedule a continued Settlement Conference with Judge Hyman in order to resolve such dispute prior to litigating the dispute before the Presiding Judge. All attorneys and party representatives who appeared at the initial Settlement Conference must appear at this continued Settlement Conference, unless Judge Hyman otherwise agrees.

The parties agree to abide by any settlement and to effect the terms thereof reached through the Settlement Conference. Any settlement agreement entered into as a result of the Settlement Conference may be subject to review and approval by the Presiding Judge.

15. **Reporting by Judge Hyman**. Judge Hyman will report to the Presiding Judge, orally or in writing, only:

a. that the parties did or did not reach settlement and the general extent of the settlement if one was reached;

b. if and when the Settlement Conference is continued;

c. any facts relevant to a party's failure to comply with the requirements of this Notice; and

d. any act that would potentially constitute an act of bad faith during the Settlement Conference.

16. **Waiver of Claims**. By participating in this settlement process, the parties agree for the benefit of themselves and Judge Hyman as Settlement Judge that:

a. The parties shall not make any claim against Judge Hyman or the Court's staff for any matter in connection with or in relation to the Settlement Conference, the assistance provided by Judge Hyman, or the disputes between the parties;

b. Judge Hyman and the Court's staff will not be liable to the parties for any act or omission in connection with his assistance provided as Settlement Judge; and

c. The attorneys and parties are not relying on any statements made by Judge Hyman in deciding to or not to agree to settle the disputes between the parties.

d. By attending and/or participating in the Settlement Conference, the parties each hereby waive and release Judge Hyman from any and all claims or causes of action of any kind or nature whatsoever now existing, previously existing, arising during the Settlement Conference or which may arise at any time hereafter, whether known or unknown, for all matters and things arising from, relating to, or in any way in connection with the Settlement Conference (the "Waived and Released Matters"), and further covenant not to file or pursue an action, proceeding, motion, pleading, or claim against Judge Hyman for any of the Waived and Released Matters. The foregoing waiver and release encompasses all matters, actions, inaction, and conduct from the beginning of time through the date the Settlement Conference concludes, and all matters, actions, inaction, and conduct at any time in the future related to the Settlement Conference. Further, the foregoing waiver and release also encompasses, without limitation, any claimed negligence, breach of duty, conflict, or misconduct on the part of Judge Hyman.

17. **Exclusive Venue and Jurisdiction, and Waiver of Right to Appeal.** Exclusive venue and jurisdiction for any action, proceeding, litigation or pursuit of any claims or causes of action for any Waived and Released Matters shall be in a court of competent jurisdiction located in Palm Beach County, Florida. The Parties agree not to assert any claim in any other forum except a court of competent jurisdiction located in Palm Beach County, Florida. The Parties waive any right to assert any claim against Judge Hyman in any other forum, waive any right to a trial by jury, as provided below, and the right to appeal the decision of the court of competent jurisdiction located in Palm Beach County, Florida concerning or related to the Settlement Conference, and waive the right to have any other court determine such issues related to the Settlement Conference, or concerning this Agreement.

18. **Waiver of Jury Trial**. **THE PARTIES WAIVE TRIAL BY JURY IN RESPECT OF ANY CLAIM, COUNTERCLAIM, DISPUTE, OR ACTION AGAINST JUDGE HYMAN ARISING OUT OF, RELATED, OR PERTAINING TO THE SETTLEMENT CONFERENCE OR ANY OF THE WAIVED AND RELEASED MATTERS. THIS WAIVER IS KNOWINGLY, WILLINGLY, AND VOLUNTARILY MADE AND EACH PARTY REPRESENTS THAT NO REPRESENTATIONS OF ANY KIND HAVE BEEN MADE BY ANY PERSON OR ENTITY TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR JUDGE HYMAN TO CONTINUE IN HIS ROLE AS THE SETTLEMENT JUDGE FOR THE SETTLEMENT CONFERENCE. JUDGE HYMAN IS HEREBY AUTHORIZED TO FILE A COPY OF THIS SECTION IN ANY ACTION OR PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER OF JURY TRIAL. EACH PARTY HAS BEEN REPRESENTED**

**BY INDEPENDENT LEGAL COUNSEL AND HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH ITS COUNSEL.**

19. **Acknowledgement of Judicial Immunity.** By attending and/or participating in the Settlement Conference, the parties further agree that Judge Hyman, in conducting the Settlement Conference and all matters in connection therewith or related to the Settlement Conference, is acting as a judge in his official capacity and is carrying out his official duties as a judge in conducting and/or participating in the Settlement Conference and shall be entitled to absolute Judicial Immunity for the Waived and Released Matters. Further, even if it were to be determined at any time that Judge Hyman is not acting in his official capacity and/or carrying out his official duties as a judge, the parties nonetheless each agree that he shall nonetheless be entitled to be treated as though he has absolute Judicial Immunity should any claims or causes of action be made or pursued against him with regard to the Waived and Released Matters. The Parties each understand and agree that Judge Hyman cannot require any Party to enter into a settlement or other agreement, and that any settlement or other agreement that may be entered into in or as a result of the Settlement Conference is entered into by each Party of their own free will after or based upon legal advice of their own attorneys and not based on any statements made by Judge Hyman. During and between settlement sessions and before completing a settlement agreement, the Parties are encouraged to consult with their attorneys regarding their legal rights and obligations.

20. **Indemnity, Hold Harmless Agreement, and Attorney's Fees**. By attending and/or participating in the Settlement Conference, each party, severally and not jointly, agrees to and hereby indemnifies and holds Judge Hyman harmless in respect of any claims, including attorney's fees, costs or damages, made by such party against Judge Hyman relating to any alleged act, omission, or conduct of Judge Hyman with respect to the Waived and Released Matters. Any Party asserting a claim against Judge Hyman concerning or related to the Settlement Conference will pay Judge Hyman's attorneys' fees, costs, and expenses regardless of the outcome of such litigation concerning such claim.

21. **Termination by Judge Hyman as Settlement Judge**. If any party does not agree to all provisions of this Notice, such party shall advise Judge Hyman prior to the commencement of the Settlement Conference, in writing, and Judge Hyman will withdraw as proposed Settlement Judge in this matter.

**By attending and/or participating in the Settlement Conference, each party and each party's representatives, agents, and advisers, agree to be bound by all terms of this Notice as if this Notice were an agreement signed by each such person or entity. Failure to comply with any requirement provided for in this Notice may result in appropriate sanctions being issued by the Presiding Judge or Judge Hyman.**

Hon. Paul G. Hyman
United States Bankruptcy Judge